# ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CONNECTU LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-1923(DPW) |
| | ) | |
| v. | ) | |
| | ) | |
| MARK ZUCKERBERG, EDUARDO | ) | **JURY TRIAL DEMANDED** |
| SAVERIN, DUSTIN MOSKOVITZ, | ) | |
| ANDREW MCCOLLUM, CHRISTOPHER | ) | |
| HUGHES, AND THE FACEBOOK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff ConnectU LLC, f/k/a Harvard Connection ("ConnectU" or "Plaintiff"), by its

undersigned attorneys, alleges as follows based on its own knowledge with respect to its own

acts, and on information and belief as to all other allegations:

## NATURE OF THE ACTION

1.      This is a civil action for copyright infringement, breach of contract,

misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, unfair business

practices, intentional interference with prospective business advantage, breach of duty of good

faith and fair dealing, and fraud arising out of Defendants' Mark Zuckerberg, Eduardo Saverin,

Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFaceBook Inc.'s

("Defendants") unauthorized use of Plaintiff's source code and confidential business plans, and

usurpation of business opportunity.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501 (b) and 28 U.S.C. § 1331.  Jurisdiction over the state and common law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

3.      This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).  Plaintiff's claims arise in this District.  Upon information and belief, a substantial portion of Defendants' business and the specific activity about which Plaintiff complains have taken place and are continuing to take place in this District.

## THE PARTIES

4.      Plaintiff ConnectU LLC is a limited liability corporation of the State of Delaware with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 06830.

5.      Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York.

6.      Defendant Eduardo Saverin is an individual with a place of residence in the State of Florida.

7.      Defendant Dustin Moskovitz is an individual with a place of residence in the State of Florida.

8.      Defendant Andrew McCollum is an individual with a place of residence in the State of Idaho.

9.      Defendant Christopher Hughes is an individual with a place of residence in the State of North Carolina.

10.      Defendant TheFaceBook, Inc. is a corporation of the State of Delaware.

## FACTS

11.    Plaintiff's founders, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra, were classmates who together attended Harvard University, graduating in June 2004.

12.    In December 2002, the Winklevosses and Narendra began to develop a business plan for a new type of website. This website would allow students and alumni of a college or university to create a network specific to that institution, and give the students and alumni a place to meet, exchange information, discuss employment prospects, and serve as an on-line dating service. Initially, ConnectU was to serve the Harvard University community. Once established at Harvard, ConnectU intended to expand to other institutions.

13.    Plaintiff's business model, which was based on advertising revenue, had a significant chance of financial success because the users, well educated students and alumni, are an attractive demographic for many advertisers.

14.    ConnectU's founders hired fellow Harvard students to develop the software necessary for the website to function (the "Harvard Connection Code"). After the first programmer hired by Plaintiff graduated, ConnectU hired a second programmer, Victor Gao. In November 2003, Plaintiff engaged Defendant Mark Zuckerberg to work with Mr. Gao to complete the Harvard Connection Code for the website. So that Defendant Zuckerberg could complete the Harvard Connection Code, he was given the source code that ConnectU had developed to date.

15.    On numerous occasions, both orally and in writing, Plaintiff stressed to Zuckerberg that the Harvard Connection Code needed to be completed as soon as possible because Plaintiff's founders wanted to launch their website before their June 2004 graduation. Defendant Zuckerberg always assured Plaintiff that he was using his best efforts to complete the project and ready the website for market.

16.     In addition to writing the software for the ConnectU website, Defendant
Zuckerberg was involved with website development. In that capacity, he was entrusted with
Plaintiff's business management information and procedures, including descriptions of the
website's business model, various functionality and content concepts, and the type of
information that would be collected from users. Such information and procedures were
confidential at the time, and constituted Plaintiff's trade secrets. Zuckerberg understood that this
business management information and procedures were secret and agreed to keep them
confidential. Zuckerberg also understood that it was important to the success of ConnectU's
business model to make the website operational before the end of the school year and before any
competitor did so. With respect to Internet websites, the first to capture a market has a
substantial advantage.

17.     Zuckerberg agreed to develop the Harvard Connection Code in exchange for a
monetary interest in Plaintiff, as well as the ability to identify and highlight his contribution to
prospective employers.

18.     Defendant Zuckerberg's pledges of commitment to Plaintiff, his acceptance of the
Harvard Connection Code, his work on such code and the website, his access to and acceptance
of ConnectU's proprietary and confidential business management information and procedures,
his understanding that he would be compensated when the website was successful, and his ability
to highlight his work on the site to potential employers, created an actual or implied contract, a
duty of good faith and fair dealing, and a fiduciary relationship between Defendant Zuckerberg
and ConnectU.

19.     On January 8, 2004, Defendant Zuckerberg sent an email to Cameron
Winklevoss, confirming that Zuckerberg would complete and deliver the promised source code.

A mere three days later, January 11, 2004, without providing the promised code, Zuckerberg registered the domain name "TheFaceBook.com." On February 4, 2004, using Plaintiff's confidential business plans and the Harvard Connection Code provided by Plaintiffs, Defendants launched a directly competitive website, TheFaceBook.com. This launch usurped Plaintiff's valuable business opportunity. A few days later, Zuckerberg boasted to the press that he had completed and launched TheFaceBook.com website in one week. Defendants used the Harvard Connection Code in connection with TheFaceBook.com.

20.    Plaintiff was surprised by Zuckerberg's launch of a competing website while working for ConnectU. Plaintiff hired a programmer to develop entirely new software and launched ConnectU.com on May 21, 2004, almost four months after the launch of TheFaceBook.com.

21.    Defendant Zuckerberg shared Plaintiff's confidential business information and the Harvard Connection Code with Defendants Saverin, Moskovitz, McCollum, and Hughes, who knowingly used, and continue to use, Plaintiff's confidential business plans and the Harvard Connection Code to develop, launch, and/or maintain TheFaceBook.com website.

22.    Defendants' unlawful use of Plaintiff's Harvard Connection Code and proprietary business plans and procedures allowed TheFaceBook.com to come to market first, thereby obtaining press coverage and users/members that would otherwise have benefited Plaintiff.

23.    Defendants' market advantage, directly and proximately resulting from Defendant Zuckerberg's breach of contract, misappropriation of trade secrets, breach of fiduciary duty, breach of duty of good faith and fair dealing, and fraud, and Defendants' copyright infringement, unjust enrichment, unfair business practices, and intentional interference with prospective business advantage, usurped ConnectU's market share and related business opportunities.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement
### 17 U.S.C. § 101 et seq.

24.     Plaintiff repeats and realleges each and every allegation set forth in this

Complaint.

25.     Plaintiff is an owner of the copyright covering the Harvard Connection Code.

26.     Without Plaintiff's permission, Defendants copied copyrighted subject matter of

ConnectU's Harvard Connection Code and created a derivative work thereof.  This unauthorized

derivative work is or was copied and used by Defendants in connection with the

TheFaceBook.com website.  Defendants may have infringed Plaintiff's copyrights in additional

ways.

27.     Defendants' actions as described above constitute copyright infringement of the

Harvard Connection Code.  The original certificate of registration for the software is attached

hereto as Ex. A.  This registration is *prima facie* evidence of the validity of the copyright and of

the facts stated in the certificate.  The Harvard Connection Code constitutes copyrightable

subject manner.

28.     The actions of Defendants described above have at all times relevant to this action

been willful and/or knowing.

29.     As a direct and proximate result of the actions of Defendants alleged above,

ConnectU has been irreparably injured and has suffered monetary damages in an as yet

undetermined amount.

## SECOND CLAIM FOR RELIEF
### Misappropriation of Trade Secrets
### Massachusetts G.L. ch. 266, § 30 (4)

30.     Plaintiff repeats and realleges each and every allegation set forth in this

Complaint.

-6-

31.    Plaintiff took appropriate steps to maintain the secrecy of its business management information and procedures.

32.    Plaintiff's business management information and procedures were valuable to Plaintiff and to Defendants.

33.    Plaintiff expended significant effort in both time and money to develop its business management information and procedures.

34.    Plaintiff's business management information and procedures were not easily acquired or duplicated by others.

35.    Defendant Zuckerberg's actions as described above constitute misappropriation of Plaintiff's trade secrets, namely its business management information and procedures.

36.    The actions of Defendant Zuckerberg described above have at all times relevant to this action been willful and/or knowing.

37.    As a direct and proximate result of the actions of Defendant Zuckerberg alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

**THIRD CLAIM FOR RELIEF**
**Breach of Contract**

38.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

39.    Defendant Zuckerberg's actions as described above constitute breach of actual or implied contract under Massachusetts law.

40.    The actions of Defendant Zuckerberg described above have at all times relevant to this action been willful and/or knowing.

41.     As a direct and proximate result of the actions of Defendant Zuckerberg alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing

42.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

43.     The actual or implied contract between Defendant Zuckerberg and ConnectU contains an implied covenant of good faith and fair dealing under Massachusetts law.  Defendant Zuckerberg breached that covenant.

44.     The actions of Defendant Zuckerberg described above have at all times relevant to this action been willful and/or knowing.

45.     As a direct and proximate result of the actions of Defendant Zuckerberg alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## FIFTH CLAIM FOR RELIEF
### Breach of Massachusetts Unfair Trade Practices Statute
### Mass. G.L. ch. 93A

46.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

47.     At all relevant times, Defendants Zuckerberg, Moskovitz, McCollum, and Hughes were engaged in trade or commerce within the meaning of M.G.L. ch. 93A, § 1.

48.     The actions of Defendants Zuckerberg, Moskovitz, McCollum, and Hughes described above constitute unfair or deceptive acts or practices in the conduct of trade or commerce within the meaning of M.G.L. ch. 93A, § 2.

49.    Pursuant to M.G.L. ch 93A, § 9, Plaintiff's counsel sent written demands for relief to each of Defendants Zuckerberg, Moskovitz, McCollum, and Hughes. Copies of these letters are attached hereto as Ex. B. Each letter identified the claimant and reasonably described the unfair and deceptive acts or practices complained of and the injury suffered by Plaintiff. Defendants Zuckerberg, Moskovitz, McCollum, and Hughes have each failed to respond to Plaintiff's written demands with a reasonable settlement offer within 30 days. Defendants' Zuckerberg, Moskovitz, McCollum, and Hughes' refusal to grant relief upon demand was made in bad faith with knowledge that the acts and practices complained of violate M.G.L. ch. 93A, § 2.

50.    The actions of Defendants Zuckerberg, Moskovitz, McCollum, and Hughes described above have at all times relevant to this action been willful and/or knowing.

51.    As a direct and proximate result of the actions of Defendants Zuckerberg, Moskovitz, McCollum, and Hughes alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## SIXTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty

52.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

53.    Plaintiff reposed, and Defendant Zuckerberg knowingly accepted, Plaintiff's trust and confidence regarding Plaintiff's business plans. Zuckerberg owed a fiduciary duty to Plaintiff.

54.    Plaintiff relied on Zuckerberg to act in the best interests of ConnectU LLC and Zuckerberg had full knowledge of Plaintiff's reliance.

55.    Zuckerberg manipulated that reliance for his own personal gain and the gain of all of the Defendants.

56.    Defendant Zuckerberg's actions amounted to a course of conduct designed to harm ConnectU LLC.

57.    Defendant Zuckerberg's actions constitute breach of fiduciary duty.

58.    The actions of Defendant Zuckerberg described above have at all times relevant to this action been willful and/or knowing.

59.    As a direct and proximate result of the actions of Defendant Zuckerberg alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment

60.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

61.    As a result of Defendants' actions as described above, Defendants have been enriched at the expense of Plaintiff.

62.    As a result  of Defendants' actions as described above, Plaintiff has been deprived of a valuable benefit.

63.    Defendants  cannot establish any justification for their unjust enrichment at the expense of Plaintiff.

64.    The actions of Defendants described above have at all times relevant to this action been willful and/or knowing.

65.    As a direct and proximate result of the actions of Defendants alleged above,

ConnectU has been irreparably injured and has suffered monetary damages in an as yet

undetermined amount.

## EIGHTH CLAIM FOR RELIEF
### Intentional Interference with Prospective Contractual and Advantageous Business Relations

66.    Plaintiff repeats and realleges each and every allegation set forth in this

Complaint.

67.    Defendants have purposely and wrongfully caused website users and advertisers

to refrain from entering into contracts and other business relations with ConnectU and have

usurped such business opportunities.

68.    The actions of Defendants described above have at all times relevant to this action

been willful and/or knowing.

69.    As a direct and proximate result of the actions of Defendants alleged above,

ConnectU has been irreparably injured and has suffered monetary damages in an as yet

undetermined amount.

## NINTH CLAIM FOR RELIEF
### Fraud

70.    Plaintiff repeats and realleges each and every allegation set forth in this

Complaint.

71.    Defendant Zuckerberg knowingly made a false statement of intention when he

agreed to create and provide source code to ConnectU on January 8, 2004.  Zuckerberg never

intended to provide the code and instead intended to breach his promise at the time the promise

was made.

-11-

72.    Defendant Zuckerberg made the false statement with the intent to induce Plaintiff to act in reliance on the statement.

73.    Plaintiff reasonably relied on Zuckerberg's statement.

74.    Plaintiff's reliance resulted in Plaintiff's detriment.

75.    The actions of Defendant Zuckerberg described above have at all times relevant to this action been willful and/or knowing.

76.    As a direct and proximate result of the actions of Defendant Zuckerberg alleged above, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## REQUEST FOR RELIEF

Wherefore, Plaintiff ConnectU LLC requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A.    An injunction preliminarily and permanently enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

> (1)    From operating the website TheFaceBook.com, or any variation of that website under a different domain name or URL;
>
> (2)    From using the Harvard Connection Code, or any code or software derived therefrom;

       (3)     From using the confidential business information and procedures obtained by Defendants as a result of Defendant Zuckerberg's association with Plaintiff;

    B.     An Order directing Defendants to destroy all computer programs, business plans, and any other materials and things, whether printed or electronic, that consist of or contain the Harvard Connection Code or Plaintiff's business plans and procedures;

    C.     An Order holding Defendants jointly and severally liable for copyright infringement, breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing, and fraud, and directing Defendants to pay Plaintiff damages, including but not limited to direct, consequential, indirect, compensatory, and punitive damages;

    D.     An Order directing Defendants to pay to Plaintiff its actual damages, Defendants' profits associated with Defendants' use of Plaintiff's source code, and Defendants' profits resulting from Defendant Zuckerberg's breach of contract, misappropriation of trade secrets, breach of fiduciary duty, breach of duty of good faith and fair dealing, and fraud and Defendants' copyright infringement, unjust enrichment, unfair business practices, and intentional interference with prospective business advantage;

    E.     An Order holding Defendants Zuckerberg, Moskovitz, McCollum, and Hughes jointly and severally liable for unfair business practices under Mass. G.L. ch. 93A, and directing Defendants Zuckerberg, Moskovitz, McCollum, and Hughes to pay statutory damages and to treble such damages pursuant to Mass. G.L. ch. 93A;

    F.     An Order directing Defendants to pay Plaintiff's attorneys' fees and costs associated with this action; and

G.    Other relief as the Court may deem appropriate.

Dated: October 28, 2004                Respectfully submitted,

Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com


John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C.  20005-3315
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC