IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>                    Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                  Counterclaimants,<br><br>     v.<br><br>CONNECTU LLC,<br><br>                  Counterdefendant,<br><br>     and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA<br><br>     Additional defendants on counterclaims. | CIVIL ACTION NO. 1:04-cv-11923<br><br>**JURY TRIAL DEMANDED** |

### COUNTERCLAIM DEFENDANTS' REPLY TO COUNTERCLAIMS OF <u>THEFACEBOOK, INC. AND MARK ZUCKERBERG</u>

Counterclaim Defendants ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (referred to herein collectively as "Counterclaim Defendants"), by and through their undersigned counsel, reply as follows to the Counterclaims asserted in this action by TheFacebook, Inc. and Mark Zuckerberg (referred to herein collectively as "Counterclaimants"), based on knowledge as to their own acts, and based upon information and belief as to all other acts. The numbered

paragraphs 1- 52 set forth in this reply correspond and reply directly to the numbered paragraphs 1- 52 set forth in the "Counterclaims of Mark Zuckerberg and TheFaceBook, Inc., and Jury Demand" section of the "Answer of All Defendants to First Amended Complaint, Counterclaims of Mark Zuckerberg and TheFacebook, Inc., and Jury Demand" (see pages 12-25), filed November 18, 2004 (referred to herein collectively as the "Counterclaims").

Counterclaim Defendants demand a jury trial on all counterclaims asserted in this action, to the full extent that such claims are so triable.

1. Counterclaim Defendants admit that this Court has subject matter jurisdiction, personal jurisdiction, and venue with respect to the Counterclaims at this time, and otherwise deny the allegations set forth in paragraph 1 of the Counterclaims.

2. Counterclaim Defendants admit that Zuckerberg (either alone or with other persons) created the Internet website now known as "thefacebook.com" by violating Plaintiff ConnectU LLC's (referred to herein as "Plaintiff") rights, as set forth in the First Amended Complaint, and possibly in other ways to be revealed in discovery in this action. Counterclaim Defendants further admit that in furtherance of such violations of Plaintiff's rights, Zuckerberg became a founder of TheFacebook, Inc., but Counterclaim Defendants lack information sufficient to form a belief as to whether Zuckerberg is the sole founder of TheFacebook, Inc., and therefore deny the remaining allegations of paragraph 2.

3.  Counterclaim Defendants admit that as a result of the unlawful acts and/or omissions of the Defendants named in this action (referred to herein as "Defendants"), as set forth in the First Amended Complaint, thefacebook.com website receives revenues from entities that pay to advertise on the website. Counterclaim Defendants lack information sufficient to form a belief as to the truth and/or accuracy of, and therefore deny, the remaining allegations of paragraph 3.

4.  Denied.

5.  Denied.

6.  Counterclaim Defendant Divya Narendra admits that he is a resident of the State of New York.

7.  Counterclaim Defendants admit that ConnectU LLC is a limited liability corporation of the State of Delaware, owns the Internet website located at www.connectu.com, and is the Plaintiff in this action. Counterclaim Defendants deny all other allegations of paragraph 7.

8.  Counterclaim Defendants admit that they engaged Zuckerberg as set forth in the First Amended Complaint at least in part because of his alleged computer programming abilities, and that Zuckerberg (either alone or with other persons) created the Internet website now known as "thefacebook.com" by violating Plaintiff's rights, as set forth in the First Amended Complaint, and possibly in other ways to be revealed in discovery in this action.

>Counterclaim Defendants further admit that in furtherance of such violations of Plaintiff's rights, Zuckerberg became a founder of TheFacebook, Inc., but Counterclaim Defendants lack information sufficient to form a belief as to whether Zuckerberg is the sole founder of TheFacebook, Inc., and therefore deny that Zuckerberg is the sole founder of TheFacebook. Inc.  Counterclaim Defendants admit that Zuckerberg worked on an Internet website called facemash.com.   Counterclaim Defendants specifically deny, or lack information sufficient to form a belief as to the truth and/or accuracy of, and therefore deny, the remaining allegations of paragraph 8.

9.  Counterclaim Defendants admit that Counterclaim Defendant Narendra sent Zuckerberg an email on or about November 3, 2003, asking if Zuckerberg would like to be a part of the enterprise developing the website that later became known as www.connectu.com, which Counterclaim Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra were then developing, and that such website was known at that time as "HarvardConnection."   Counterclaim Defendants lack information sufficient to form a belief as to the truth and/or accuracy of, and therefore deny, the remaining allegations of paragraph 9.

10. Counterclaim Defendants admit that Counterclaim Defendants Cameron Winklevoss, Tyler Winklevoss, and/or Divya Narendra asked Zuckerberg to participate in the development of the HarvardConnection website, and that Zuckerberg agreed to do so.  Counterclaim Defendants deny the remaining allegations of paragraph 10.

11. Denied.

12. Counterclaim Defendants admit that part of the original business plan and intended functionality of the HarvardConnection website was to serve college and/or university communities as a comprehensive informational and social directory tool for students, enabling students to share information about themselves with their classmates, to facilitate dating, personal and professional networking, and other activities on and in connection with college campuses and/or among college students and/or staff, and that the business plan for such website at the time Zuckerberg was engaged was to make such functionality available to the students and/or staff of colleges and/or universities, and that such business plans and intended functionality were communicated to Zuckerberg at or about the time he was engaged, as set forth in the First Amended Complaint. Counterclaim Defendants deny the remaining allegations of paragraph 12.

13. Denied.

14. Counterclaim Defendants admit that Cameron Winklevoss repeatedly requested that Zuckerberg perform the work Zuckerberg promised and agreed to perform, as set forth in the First Amended Complaint, and that such work be completed quickly, and that at some point in time Zuckerberg ceased working on the HarvardConnection website. Counterclaim Defendants deny the remaining allegations of paragraph 14.

15. Counterclaim Defendants admit that, after meeting with Cameron Winklevoss, and in furtherance of his violations of Plaintiff's rights, Zuckerberg developed a website that became known as "thefacebook.com", and that, in usurpation of Plaintiff's rights, such website serves college and/or university communities as a comprehensive informational and social directory tool for students, enabling students to share information about themselves with their classmates, to facilitate dating, personal and professional networking, and other activities on and in connection with college campuses and/or among college students and/or staff.  Counterclaim Defendants deny the remaining allegations of paragraph 15.

16. Counterclaim Defendants admit that the "thefacebook.com" website went live on or about February 4, 2004, that on or about February 10, 2004 Cameron Winklevoss sent Zuckerberg an email demanding that he cease and desist from expanding and/or updating thefacebook.com website, and that on or about February 12, 2004 Zuckerberg responded by email, refusing to cease and desist and improperly denying any wrongdoing.  Counterclaim Defendants deny the remaining allegations of paragraph 16.

17. Counterclaim Defendants admit that the connectu.com website first went live on or about May 21, 2004.  Counterclaim Defendants deny the remaining allegations of paragraph 17.

18. Counterclaim Defendants state without admitting any allegations set forth in the Counterclaims that any publications or Internet websites or links that

contain statements regarding the facts underlying this action speak for themselves and, to the extent such publications or websites accurately report any actual statements made by Counterclaim Defendants, they are true and accurate and are not wrongful in any way. Counterclaim Defendants deny the truth and/or accuracy of any statements set forth in any publications or Internet websites or links regarding the facts underlying this action that do not accurately report any actual statements made by Counterclaim Defendants. Counterclaim Defendants deny the remaining allegations of paragraph 18.

First Counterclaim
Alleged Interference With Prospective Business Relations
(Asserted by All Counterclaimants Against All Counterclaim Defendants)

19. Counterclaim Defendants repeat paragraphs 1-18, *supra*.

20. Counterclaim Defendants admit that as a result of the unlawful acts and/or omissions of the Defendants, as set forth in the First Amended Complaint, thefacebook.com website receives revenues from entities that pay to advertise on the website. Counterclaim Defendants lack information sufficient to form a belief as to the truth and/or accuracy of, and therefore deny, the remaining allegations of paragraph 20.

21. Counterclaim Defendants admit that as a result of the unlawful acts and/or omissions of the Defendants, as set forth in the First Amended Complaint, thefacebook.com website receives revenues from entities that pay to advertise on the website. Counterclaim Defendants lack information sufficient

to form a belief as to the truth and/or accuracy of, and therefore deny, the allegations of paragraph 21.

22. Denied.

23. Denied.

24. Denied.

Second Counterclaim
Alleged False Advertising in Alleged Violation of
The Lanham Act, 15 U.S.C. Section 1125(a)
(Asserted by TheFacebook, Inc. Against ConnectU LLC)

25. Counterclaim Defendants repeat paragraphs 1-24, *supra*.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Third Counterclaim
Alleged False Advertising in Alleged Violation of
California Business and Professions Code Section 17500 *et seq.*
(Asserted by TheFacebook, Inc. Against ConnectU LLC)

30. Counterclaim Defendants repeat paragraphs 1-29, *supra*.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### Fourth Counterclaim
### Alleged Business Defamation
### (Asserted by TheFacebook, Inc. Against All Counterclaim Defendants)

36. Counterclaim Defendants repeat paragraphs 1-35, *supra*.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### Fifth Counterclaim
### Alleged Defamation
### (Asserted by Zuckerberg Against All Counterclaim Defendants)

41. Counterclaim Defendants repeat paragraphs 1-40, *supra*.

42. Denied.

43. Denied.

44. Denied.

### Sixth Counterclaim
### Alleged Unfair Trade Practices in Alleged Violation of
### Massachusetts General Laws Chapter 93A, § 11
### (Asserted by TheFacebook, Inc. Against ConnectU LLC)

45. Counterclaim Defendants repeat paragraphs 1-44, *supra*.

46. Counterclaim Defendant ConnectU L.L.C. admits that it lawfully engages in trade and/or commerce. Counterclaim Defendant ConnectU L.L.C. also admits that TheFaceBook, Inc. unlawfully engages in trade and/or commerce. Counterclaim Defendants otherwise deny the allegations of paragraph 46.

47. Denied.

48. Denied.

49. Denied.

Seventh Counterclaim
Alleged Unfair Competition in Alleged Violation of
California Business and Professions Code Section 17200 *et seq.*
<u>(Asserted by TheFacebook, Inc. Against ConnectU L.L.C.)</u>

50. Counterclaim Defendants repeat paragraphs 1-49, *supra*.

51. Denied.

52. Denied.

Wherefore, Counterclaim Defendants deny that Counterclaimants are entitled to any of the remedies requested in the "Prayer" set forth in the Counterclaims.

Dated: February 7, 2005                          Respectfully submitted,

/s/ Jonathan M. Gelchinsky
Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com


John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

john.hornick@finnegan.com
margaret.esquenet@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants