IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>       Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>  and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

## JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), the parties hereby submit the following statement:

I. Proposed Agenda for Scheduling Conference

The parties propose that the discovery plan and dates set forth in this statement serve as the agenda for the March 24, 2005 Scheduling Conference.

II.     Proposed Discovery Plan and Schedule

1.      No changes should be made in the timing, form, or requirements for disclosure under Federal Rules of Civil Procedure 26(a). Initial disclosures under Fed. R. Civ. P. 26(a) shall be exchanged not later than April 7, 2005.

2.      Discovery is expected to be needed on all of the claims and defenses set forth, respectively, in the Complaint, Answer, and counterclaims. The parties propose that discovery should not be conducted in phases, and propose that fact discovery shall close on December 15, 2005, except for Requests for Admissions and contention interrogatories. For the purposes of other deadlines within this Schedule, the close of fact discovery shall mean December 15, 2005, notwithstanding the additional time allowed for Requests for Admissions and contention interrogatories. With the exception of Requests for Admissions and contention interrogatories, the parties propose that all discovery requests must be served and all depositions must be scheduled so that all responses are due and all depositions are completed by the close of fact discovery. Requests for Admissions and contention interrogatories may be served no later than fourteen (14) calendar days after the close of fact discovery, and responses thereto shall be due thirty (30) calendar days after service thereof.

3.      The parties propose that discovery should not be limited, except for the limitations imposed by the Federal Rules of Civil Procedure and the Local Rules. However, the parties agree that the number of depositions that each side may take without leave of Court, as specified by Fed. R. Civ. P. 30(a)(2)(A) and D. Mass L.R. 26.1(C), should be modified as follows: Each side may take up to a total of twelve (12) depositions, with each notice served pursuant to Fed. R. Civ. P. 30(b)(6) to be counted as one (1) deposition. The parties agree that any deposition may be videotaped, that videotaped depositions may submitted into evidence to

the same extent that written deposition transcripts may be submitted into evidence, and that each party shall bear the cost of paying the videographer for copies of deposition videotapes.

4. The parties do not at this time propose any orders that should be entered by the Court under Fed. R. Civ. P. 26(c). However, the parties plan to file a Stipulated Protective Order for the Court's approval, intended to protect each party's confidential information, prior to the exchange of any documents or information that either party views as confidential.

5. The parties propose that the Court enter the following orders under Fed. R. Civ. P. 16(b) and (c):

   a. the deadline to join parties shall be sixty (60) calendar days before the close of fact discovery;

   b. the deadline to amend the pleadings shall be sixty (60) calendar days before the close of fact discovery;

   c. nondispositive motions, except trial-related motions, shall be filed no later than sixty (60) calendar days after the close of fact discovery;

   d. summary judgment motions and other dispositive motions, except trial-related motions, shall be filed no later than seventy-five (75) calendar days after the close of fact discovery; oppositions thereto shall be due thirty (30) calendar days later; and replies to oppositions shall be due twenty-one (21) calendar days later; and

   e. the final pre-trial conference shall be held on May 16, 2006 and trial shall begin on or after June 6, 2006, in the Court's discretion.

6. The parties estimate the trial will take five to seven court days.

7. The parties propose that the Plaintiff and Counterclaimants will identify their expert witnesses and produce initial expert witness reports no later than 45 calendar days before the close of fact discovery. The parties further propose that the Defendants and Counterclaim Defendants will identify their expert witnesses and produce initial expert witness reports no later than 15 calendar days before the close of fact discovery. The parties shall exchange rebuttal

reports no later than 14 calendar days after the close of fact discovery. Expert depositions may commence after the exchange of rebuttal reports and must be completed no later than 60 calendar days after the close of fact discovery. The Plaintiff's and Counterclaimants' initial expert report(s) shall address their claims and the Defendants' and Counterclaim Defendants' initial expert report(s) shall address their defenses. The rebuttal expert reports shall address the opposing party's (parties') initial expert report(s).

      8.      The parties do not consent to having the case tried by a magistrate at this time.

      9.      Plaintiff's certification pursuant to Local Rule 16.1 (D)(3) is attached hereto as Exhibit A.

      10.     Counterclaim Defendants' certifications pursuant to Local Rule 16.1 (D)(3) are attached hereto as Exhibit B.

      11.     Defendants' certifications pursuant to Local Rule 16.1 (D)(3) are attached hereto as Exhibit C.

By: /s/ Daniel K. Hampton

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Robert P. Hawk
HELLER EHRMAN WHITE &
  McCAULIFFE, LLP
2775 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 324-7165

DATED: March 17, 2005

By: /s/

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

DATED: March 16, 2005

SO ORDERED:

_____
Judge Douglas P. Woodlock

Dated: _____