**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>                      Defendants.<br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                      Counterclaimants,<br><br>    v.<br><br>CONNECTU LLC,<br><br>                      Counterdefendant,<br><br>    and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                      Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 |

**Plaintiff's Motion to Compel the Production
of Mirror Images of Defendants' Hard Drives
and Other Electronic Memory Devices
<u>and Documents Created After May 21, 2004</u>**

For the reasons fully set forth in the accompanying memorandum, Plaintiff hereby moves for an order compelling Defendants to produce the following documents and things, which Defendants refuse to produce:

1.    As requested by Plaintiff's Production Request Nos. 116-123, mirror images of all computer hard drives and other electronic memory devices (including backup disks, CDs, DVDs, tapes, flash memory cards, USB drives, zip drives, etc.) used by any of

Defendants from and including October 2003 to the present, including any crashed hard drives or other electronic memory devices, so that Plaintiff's expert can forensically examine such images (and crashed devices) to attempt to find and recover the following, which Defendants claim do not exist, and to determine if any of the following were deleted (and the ascertainable details of such deletions):

    a.    the computer programming code for the Harvard Connection website and any related code and database definitions provided to Mr. Zuckerberg in November 2003;

    b.    the computer programming code for the Harvard Connection website and any related code and database definitions written by Mr. Zuckerberg from November 2003 through January 2004;

    c.    all versions of the computer programming code for thefacebook.com website and any related code and database definitions from the time prior to the website's February 4, 2004 launch, the uncorrupted code (and any related code and database definitions) from the time of launch, and the uncorrupted code (and any related code and database definitions) from the time of launch through October 2004;

    d.    the computer programming code and any related code and database definitions for Mr. Zuckerberg's facemash website;

    e.    the computer programming code and any related code and database definitions for Mr. Zuckerberg's coursematch website; and

    f.    Mr. Zuckerberg's online journal relating to the facemash website.[1]

---

[1] For the reasons set forth in the accompanying memorandum, Plaintiff also asks that the order directly cover such code and the facemash online journal identified in 1. a-f above (as sought by Plaintiff's Production Request Nos. 30, 35, 36, 48, 49, 52-54, 64-66, and 68), in the event that such items are found in the process of responding to this motion, or later.

2.      As requested by Plaintiff's Production Request Nos. 63, 67, and 129-139, documents responsive to such requests created on or after May 21, 2004.

### CERTIFICATION UNDER L.R. 7.1(A)(2) and 37.1(B)

Plaintiff's counsel hereby certifies under L.R. 7.1(A)(2) and 37.1(B) that counsel for the parties conferred in good faith by telephone discovery conference on July 13, 14, 18, and 26, 2005, for a total of about seven hours, to attempt to resolve or narrow these issues, but were unable to resolve the issues covered by this motion. Defendants Thefacebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes were represented during the conference by Monte Cooper and Joshua Walker of the Orrick, Herrington law firm, Defendant Eduardo Saverin was represented by Robert Hawk and Bhanu Sadasivan of the Heller Ehrman law firm and Dan Hampton of the Holland & Knight law firm, and Plaintiff was represented by John Hornick and Troy Grabow of the Finnegan law firm (although some of these counsel may not have been present for the entire discovery conference).

The parties discussed and Plaintiff believes the parties reached agreement on Plaintiff's Request Nos. 38, 42-46 (in part), 60, 83, 85-89, 90-95, 98-101, 102-104 (in part), 105-110, 113, 125, and 169 (Defendants agreed to produce documents, if they exist, or confirmed that responsive documents do not exist); the parties may have resolved Request Nos. 70-71, 96, and 102-104 (in part) (Defendants are "leaning toward" producing responsive documents); and did not reach agreement on Plaintiff's requests covered by this motion (see ¶ 1 and 2, *supra,* and footnote 1) and Plaintiff's Request Nos. 18-21, 23-29, 69, 124, 126-128, 140-142, 155, 157, 161, 163, 165-168, and 170 (as to which Plaintiff may not need to move to compel if this motion is successful); and 34, 42-46 (in part), 84, and 111 (which Plaintiff may cover in one or

more additional motions to compel). The parties reached agreement on all of Defendants' discovery requests to Plaintiff.[2]

### REQUEST FOR ORAL ARGUMENT

Plaintiff believes oral argument may assist the Court, and wishes to be heard on these issues.

### PROPOSED ORDER

A proposed Order is submitted with this motion as Exhibit A.

Respectfully submitted,

DATED: July 28, 2005

/s/ Jonathan M. Gelchinsky

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:   (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Plaintiff and Counterclaim Defendants

---

[2] The parties have not yet discussed the sufficiency of Defendants' interrogatory answers or of the documents they agreed to produce and have produced to date.