**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>　　　　　　Defendants.<br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>　　　　　　Counterclaimants,<br><br>　　v.<br><br>CONNECTU LLC,<br><br>　　　　　　Counterdefendant,<br><br>　　and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>　　Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 |

**<u>ORDER</u>**

For the reasons fully set forth in Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and accompanying memorandum, Defendants are hereby ordered to produce the following documents and things:

1.　　As requested by Plaintiff's Production Request Nos. 116-123, Defendants shall permit Plaintiff's expert to make mirror images of all computer hard drives and

other electronic memory devices (including backup disks, CDs, DVDs, tapes, flash memory cards, USB drives, zip drives, etc.) used by any of Defendants from and including October 2003 to the present, including any crashed hard drives or other electronic memory devices, so that Plaintiff's expert can forensically examine such images (and crashed devices) to attempt to find and recover only the following, which Defendants claim do not exist, and to determine if any of the following were deleted (and the ascertainable details of such deletions):

    a.    the computer programming code for the Harvard Connection website and any related code and database definitions provided to Mr. Zuckerberg in November 2003;

    b.    the computer programming code for the Harvard Connection website and any related code and database definitions written by Mr. Zuckerberg from November 2003 through January 2004;

    c.    all versions of the computer programming code for thefacebook.com website and any related code and database definitions from the time prior to the website's February 4, 2004 launch, the uncorrupted code (and any related code and database definitions) from the time of launch, and the uncorrupted code (and any related code and database definitions) from the time of launch through October 2004;

    d.    the computer programming code and any related code and database definitions for Mr. Zuckerberg's facemash website;

    e.    The computer programming code and any related code and database definitions for Mr. Zuckerberg's coursematch website; and

    f.    Mr. Zuckerberg's online journal relating to the facemash website.

Plaintiff's expert, who shall act as an officer of this Court, shall arrange to make such mirror images at a time and place that minimize the inconvenience to Defendants and interference with the business of Thefacebook, Inc. and thefacebook.com website or its hosting companies, but in any event no later than _____, 2005.  Plaintiff's

expert shall prepare a detailed report of his work and shall provide such report and the results of his forensic examination (including copies of items 1.a-f above, if he finds them, a determination if any such code or the online journal were deleted, and the ascertainable details of such deletions) to Plaintiff's counsel, who shall then provide copies to Defendants' counsel and the Court. Plaintiff's counsel shall not have access to the electronic memory devices produced by Defendants for mirror imaging, or to the mirror images. Plaintiff's expert shall maintain such mirror images securely, until such time as this Court orders their further disposition. Plaintiff's expert may use assistants who have signed the Protective Order entered by this Court. Such assistants shall be subject to this Order to the same extent as Plaintiff's expert.

2. As requested by Plaintiff's Production Request Nos. 30, 35, 36, 48, 49, 52-54, 64-66, and 68, the documents and things identified in 1.a-f above if Defendants locate them; and

3. As requested by Plaintiff's Production Request Nos. 63, 67, and 129-139, documents responsive to such requests created on or after May 21, 2004, no later than \_\_\_\_\_, 2005.

SO ORDERED.

_____
Douglas P. Woodlock
U.S. District Court Judge