# EXHIBIT 17

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                              Plaintiff,<br><br>     v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>                              Defendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |

| |
|---|
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                              Counterclaimants,<br><br>     v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                              Counterdefendants. |

## DEFENDANTS AND COUNTERCLAIMANTS' RESPONSES TO PLAINTIFF AND COUNTERDEFENDANTS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Defendants and counterclaimants Mark Zuckerberg and TheFacebook, Inc., and Defendants Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes (collectively "Defendants") hereby respond to requests for the production of documents and things ("Request") by Plaintiff and Counterclaimant Defendant ConnectU

LLC and additional Counterclaim Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively "Plaintiff").

## GENERAL RESPONSES AND OBJECTIONS

1.      Defendants have not yet completed investigation and discovery or preparation for trial. It is anticipated that further discovery, independent investigation, legal research, expert consultation and analysis will supply additional facts and documents, add meaning to known fact and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses offered at this time

The following responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts that Defendants may later develop. Accordingly, Defendants reserve the right to change any and all responses given below as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses below are made in a good faith effort to supply as much factual information as is presently known, but should in no way be used to the prejudice of Defendants in relation to further discovery, research, or analysis.

2.      Defendants object to the Request to the extent it seeks information which is not within Defendants' current knowledge, is a matter of public record, is within the files and/or particular knowledge of Plaintiff and/or its agents, or is otherwise equally available to Plaintiff.

3.      A statement herein agreeing to produce responsive documents does not mean that responsive documents necessarily exist in the possession, custody, or control of Defendants.

4.      To the extent Defendants object to a request as vague and ambiguous such that Defendants are required to speculate on the scope of the request in the context of this action, Defendants may nonetheless respond to such request, giving it a reasonable

2

interpretation, provided, however, that Defendants shall not be deemed bound by any inconsistent interpretation applied by Plaintiff. Further, Defendants' determination or failure to determine that information may or may not be responsive to a specific request shall not be deemed in any manner an admission by Defendants, and Defendants shall not be deemed bound by any inconsistent interpretation applied by Plaintiff.

5. Defendants object generally to Plaintiff's Requests to the extent that they seek (a) documents protected by the attorney-client privilege; (b) documents prepared in anticipation of litigation or for trial; (c) confidential records or proprietary information; and/or (d) documents otherwise not discoverable within the meaning of Fed. R. Civ. P. 26 and/or 34.

## SPECIFIC RESPONSES

### Request for Production No. 1

All email(s) and other communications between Mark Zuckerberg and Divya Narendra relating in any way to the website that was to be known as "Harvard Connection" or "HarvardConnection" (as referred to in paragraph 9 of Defendants' counterclaims set forth in the Answer to First Amended Complaint, Counterclaim of Mark Zuckerberg and Thefacebook, Inc., and Jury Demand, hereinafter referred to Defendants' "Answer").

### Response to Request for Production No. 1

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 2

All email(s) and other communications between Mark Zuckerberg and Cameron Winklevoss relating in any way to the website that was to be known as Harvard

Connection, including but not limited to the emails "exchanged between Zuckerberg and Cameron Winklevoss" referred to in paragraph 19 of Defendants' Answer.

**Response to Request for Production No. 2**

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 3**

All email(s) and other communications between Mark Zuckerberg and Tyler Winklevoss relating in any way to the website that was to be known as Harvard Connection.

**Response to Request for Production No. 3**

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 4**

All email(s) and other communications between Mark Zuckerberg and Victor Gao relating in any way to the website that was to be known as Harvard Connection.

**Response to Request for Production No. 4**

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

4

### Request for Production No. 5

All email(s) and other communications between Mark Zuckerberg and Sanjay Mavinkurve relating in any way to the website that was to be known as Harvard Connection.

### Response to Request for Production No. 5

Without waiving the general objections set forth above, Defendants respond as follows: Defendants have no documents responsive to this request.

### Request for Production No. 6

All email(s) and other communications between Mark Zuckerberg and Joseph Jackson relating in any way to the website that was to be known as Harvard Connection.

### Response to Request for Production No. 6

Without waiving the general objections set forth above, Defendants respond as follows: Defendants have no documents responsive to this request.

### Request for Production No. 7

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website that was to be known as Harvard Connection.

### Response to Request for Production No. 7

Defendants object to this request as overbroad, including as to time period. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' responses to Requests 1 through 4. Defendants will produce non-privileged responsive

documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 8

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website that was to be known as ConnectU.

## Response to Request for Production No. 8

Defendants object to this request as overbroad, including as to time period, and vague in its use of the term "website that was to be known as ConnectU." Defendants also object to this request as argumentative and inaccurate to the extent that it implies that Plaintiff had communicated with Mr. Zuckerberg during the time he worked on the proposed Harvard Connection website that Plaintiff intended to rename that site ConnectU, or to create an additional site named ConnectU. Defendants further object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants additionally object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 9

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Mark Zuckerberg received or possesses a copy.

6

### Response to Request for Production No. 9

Defendants object to this request as overbroad, including as to time period. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to their responses to Requests 1 through 4 and 7. Further answering, Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 10

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Eduardo Saverin received or possesses a copy.

### Response to Request for Production No. 10

Defendants object to this request as overbroad, including as to time period. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 11

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Dustin Moskovitz received or possesses a copy.

### Response to Request for Production No. 11

Defendants object to this request as overbroad, including as to time period. Without waiving the general objections set forth above and subject to the specific objection stated

herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 12

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Andrew McCollum received or possesses a copy.

## Response to Request for Production No. 12

Defendants object to this request as overbroad, including as to time period.  Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 13

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Christopher Hughes received or possesses a copy.

## Response to Request for Production No. 13

Defendants object to this request as overbroad, including as to time period.  Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

8

### Request for Production No. 14

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Thefacebook, Inc. received or possesses a copy.

### Response to Request for Production No. 14

Defendants object to this request as overbroad, including as to time period.  Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 15

All email(s) and other communications between Mark Zuckerberg and Divya Narendra relating in any way to the website that became known as thefacebook.com.

### Response to Request for Production No. 15

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 16

All email(s) and other communications between Mark Zuckerberg and Cameron Winklevoss relating in any way to the website that became known as thefacebook.com.

### Response to Request for Production No. 16

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 17

All email(s) and other communications between Mark Zuckerberg and Tyler Winklevoss relating in any way to the website that became known as thefacebook.com.

### Response to Request for Production No. 17

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 18

All email(s) and other communications between Mark Zuckerberg and Eduardo Saverin relating in any way to the website that became known as thefacebook.com.

### Response to Request for Production No. 18

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce

10

non-privileged responsive documents created on or before May 21, 2004, the launch date of ConnectU, to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 19**

All email(s) and other communications between Mark Zuckerberg and Dustin Moskovitz relating in any way to the website that became known as thefacebook.com.

**Response to Request for Production No. 19**

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents created on or before May 21, 2004, the launch date of ConnectU, to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 20**

All email(s) and other communications between Mark Zuckerberg and Andrew McCollum relating in any way to the website that became known as thefacebook.com.

**Response to Request for Production No. 20**

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to

11

the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents created on or before May 21, 2004, the launch date of ConnectU, to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 21

All email(s) and other communications between Mark Zuckerberg and Christopher Hughes relating in any way to the website that became known as thefacebook.com.

### Response to Request for Production No. 21

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents created on or before May 21, 2004, the launch date of ConnectU, to the extent such documents exist in their possession and are located by a reasonable search.

12

## Request for Production No. 22

All email(s) and other communications between Mark Zuckerberg and Jonathan Abrams relating in any way to the website that became known as thefacebook.com.

## Response to Request for Production No. 22

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

## Request for Production No. 23

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website that became known as thefacebook.com.

## Response to Request for Production No. 23

Defendants object to this request as overbroad, including as to time period, and as unduly burdensome. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, trade secret, and/or privileged information. Defendants will not agree to produce privileged information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' responses to Requests 15 through 21.

13

Further answering, Defendants will produce non-privileged responsive documents created on or before May 21, 2004, the launch date of ConnectU, to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 24**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Mark Zuckerberg received or possesses a copy.

**Response to Request for Production No. 24**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' responses to Requests 15 through 21.

**Request for Production No. 25**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Eduardo Saverin received or possesses a copy.

**Response to Request for Production No. 25**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this

14

action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 18.

**Request for Production No. 26**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Dustin Moskovitz received or possesses a copy.

**Response to Request for Production No. 26**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 19.

**Request for Production No. 27**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Andrew McCollum received or possesses a copy.

15

**Response to Request for Production No. 27**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 20.

**Request for Production No. 28**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Christopher Hughes received or possesses a copy.

**Response to Request for Production No. 28**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 21.

16

## Request for Production No. 29

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Thefacebook, Inc. received or possesses a copy.

## Response to Request for Production No. 29

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 23 through 28.

## Request for Production No. 30

All documents relating in any way to facemash, facemash.com, and/or www.facemash.com, as referred to in paragraph 8 of the counterclaims set forth in Defendants' Answer.

## Response to Request for Production No. 30

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades

17

Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged emails relating to facemash to the extent such documents exist in their possession and are located by a reasonable search. The code for facemash was lost when the hard drive of Mr. Zuckerberg's computer malfunctioned.

**Request for Production No. 31**

All email(s) written or sent by Mr. Zuckerberg to any person apologizing for facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (attached as Exhibit A hereto).

**Response to Request for Production No. 31**

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 30. Further answering, Defendants will produce non-privileged letters or emails authored by Mark Zuckerberg relating to facemash to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 32

All email(s) written or sent by Mr. Zuckerberg to friends to show them facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (attached as Exhibit A hereto).

## Response to Request for Production No. 32

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 30. Further answering, Defendants will produce non-privileged letters or emails authored by Mark Zuckerberg relating to facemash to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 33

Mr. Zuckerberg's apology letter relating to facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (attached as Exhibit A hereto).

## Response to Request for Production No. 33

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades

Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Request 30. Further answering, Defendants will produce non-privileged letters or emails authored by Mark Zuckerberg relating to facemash to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 34

All documents relating in any way to any disciplinary inquiry or investigation, and/or disciplinary action, taken by Harvard University against Mark Zuckerberg relating to facemash, facemash.com, and/or www.facemash.com.

## Response to Request for Production No. 34

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 35

Mr. Zuckerberg's on-line journal relating to facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (attached as Exhibit A hereto).

## Response to Request for Production No. 35

Defendants object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

## Request for Production No. 36

All documents relating in any way to Coursematch or Coursematch.com, as referred to in paragraph 8 of the counterclaims set forth in Defendants' Answer.

## Response to Request for Production No. 36

Defendants object to this request as overbroad, including as to time period. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants will produce non-privileged emails relating to Coursematch to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 37

Any and all paper or electronic calendars kept by Mark Zuckerberg from October 1, 2003 to the present.

## Response to Request for Production No. 37

Defendants object to this request as overboard as to time period, invasive of Defendants' privacy, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

21

**Request for Production No. 38**

Any and all paper or electronic calendars kept by Eduardo Saverin from October 1, 2003 to the present.

**Response to Request for Production No. 38**

Defendants object to this request as overboard as to time period, invasive of Defendants' privacy, and seeking irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 39**

Any and all paper or electronic calendars kept by Dustin Moskovitz from October 1, 2003 to the present.

**Response to Request for Production No. 39**

Defendants object to this request as overboard as to time period, invasive of Defendants' privacy, and seeking irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 40**

Any and all paper or electronic calendars kept by Andrew McCollum from October 1, 2003 to the present.

### Response to Request for Production No. 40

Defendants object to this request as overboard as to time period, invasive of Defendants' privacy, and seeking irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

### Request for Production No. 41

Any and all paper or electronic calendars kept by Christopher Hughes from October 1, 2003 to the present.

### Response to Request for Production No. 41

Defendants object to this request as overboard as to time period, invasive of Defendants' privacy, and seeking irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

### Request for Production No. 42

All documents relating in any way to any documents involving the Harvard Administrative Board and Mark Zuckerberg, including but not limited to any matter involving facemash and/or Harvard Connection.

### Response to Request for Production No. 42

Defendants object to this request overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 43

All documents relating in any way to any matters involving the Harvard Administrative Board and Eduardo Saverin.

## Response to Request for Production No. 43

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 44

All documents relating in any way to any matters involving the Harvard Administrative Board and Dustin Moskovitz.

## Response to Request for Production No. 44

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 45

All documents relating in any way to any matters involving the Harvard Administrative Board and Andrew McCollum.

24

**Response to Request for Production No. 45**

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

**Request for Production No. 46**

All documents relating in any way to any matters involving the Harvard Administrative Board and Christopher Hughes.

**Response to Request for Production No. 46**

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because it invades Defendants' privacy and calls for confidential and privileged information.

**Request for Production No. 47**

All documents and things constituting or relating to the website known as Harvard Connection, including but not limited to the source code, webpage designs, screen shots, suggestions for features, plans for the website, and/or any other documents provided by Mr. Zuckerberg at any time to Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Victor Gao, Sanjay Mavinkurve, or Joseph G. Jackson.

**Response to Request for Production No. 47**

Defendants object to this request as compound, overbroad, and vague. Defendants further object to this request as argumentative and inaccurate to any extent that it implies



that Mr. Zuckerberg produced any purported confidential or proprietary materials related to Harvard Connection to any third party.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 48**

The source code for the Harvard Connection website to which Mark Zuckerberg was given access to in late 2003, as stated in paragraph 14 of Defendants' Answer.

**Response to Request for Production No. 48**

Without waiving the general objections set forth above, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 49**

All versions of computer program coding for the website to be known as Harvard Connection that was provided to Mark Zuckerberg at any time.

**Response to Request for Production No. 49**

Defendants object to this request as vague and ambiguous in its use of the term "computer program coding."  Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 50**

All of the "coding" referred to by Mark Zuckerberg in his November 22, 2003 21:43:53 (EST) emails to Divya Narendra (attached as Exhibit B hereto), as it existed on that date.

26

### Response to Request for Production No. 50

Defendants object to this request as vague and incomprehensible since there is no reference to "coding" in the email attached as Exhibit B. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.

### Request for Production No. 51

All problem sets, papers, homework, questions, and other class projects referred to by Mark Zuckerberg in his emails dated November 25, 2003 3:35am, November 25, 2003 4:36am, November 25, 2003 12:16pm, December 4, 2003 4:03am, December 15, 2003 4:38pm, December 17, 2003 3:43pm, December 17, 2003 9:24pm, and January 8, 2004 5:58pm (Exhibit C hereto).

### Response to Request for Production No. 51

Defendants object to this request as unduly burdensome and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as vague and incomprehensible to the extent that there is no reference to "homework" in Mr. Zuckerberg's emails attached as Exhibit C. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.  Without waiving the general

objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 52**

All of the computer program coding and/or other work product written or created by Mark Zuckerberg for the website that was to be known as Harvard Connection, as such coding and/or other work product existed on November 30, 2003, including but not limited to the "registration page" referred to by Mr. Zuckerberg in his November 30, 2003 5:24am, email to Cameron Winklevoss (attached as Exhibit D hereto), as well as the computer program coding and/or other work product corresponding to, and sufficient to identify what Mr. Zuckerberg meant by, Mr. Zuckerberg's statements in such email that "everything will be ready for testing by Monday" and "after I get all the basic functionality up tomorrow night" and "I'll shoot you an email late tomorrow evening when I get everything up on the server," as such computer program coding and/or other work product existed on November 30, 2003.

**Response to Request for Production No. 52**

Defendants object to this request as compound, vague, and confusing. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 53**

With respect to Mark Zuckerberg's statements made in his December 1, 2003 6:20am email to Cameron Winklevoss (attached as Exhibit E hereto), i.e., "I put together one of the two registration pages so I have everything working on my system now. I tried to upload everything to the main server and some things weren't working perfectly so I'll take a look at them tomorrow. Do you want to meet up on Tuesday to go over everything we have? . . . I'll keep you posted as I patch stuff up and it starts to become completely functional", all of the computer program coding and/or other work product corresponding to such statements, as such computer program coding and/or work product existed on December 1, 2003, including but not limited to any and all coding and/or other work product corresponding to, and sufficient to identify what Mr. Zuckerberg meant by, "upload everything to the main server", "some things weren't working perfectly so I'll take a look at them tomorrow", "go over everything we have", and "patch stuff up and it starts to become completely functional", as of December 1, 2003.

**Response to Request for Production No. 53**

Defendants object to this request as compound, vague, and confusing. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 54**

With respect to Mark Zuckerberg's statements made in his January 8, 2004 5:58am email to Cameron Winklevoss (attached as Exhibit F hereto), i.e., "As far as the site goes for now, I've made some of the changes, although not all of them, and they seem to be working on my computer I have not uploaded them to the live site yet though. I'll do this once I get everything done. I'm still a little skeptical that we have enough functionality in the site to really draw the attention and gain the critical mass necessary to get a site like this to run. And in its current state, if the site does get the type of traffic we're looking for, I don't know if we have enough bandwidth from the ISP you're using to handle the load without some serious image optimization, which will take a few more days to implement. Anyhow, we'll talk about it once I get everything else done", all of the computer program coding and/or other work product corresponding to such statements, as such computer program coding and/or work product existed on January 8, 2004, including but not limited to any and all coding and/or other work product corresponding to, and sufficient to identify what Mr. Zuckerberg meant by, "I've made some changes", "they seem to be working on my computer", "I have not uploaded them to the live site yet though", "I'll do this once I get everything done", "little skeptical that we have enough functionality in the site", "in its current state", and "once I get everything else done", as of January 8, 2004.

**Response to Request for Production No. 54**

Defendants object to this request as compound, vague, and confusing. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the

number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 55**

With respect to Mark Zuckerberg's statements made in his January 14, 2004 4:37am, email to Cameron Winklevoss (Exhibit G hereto), i.e., "I also can't meet for too long since whenever we meet, I'll be taking time away from a project I'm working on with some other people that needs to be finished by tomorrow night," all documents sufficient to identify, and all documents relating to, the "project I'm working on with some other people that needs to be finished by tomorrow night," as such project existed on that date, as well as the names of such people.

**Response to Request for Production No. 55**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 56**

With respect to Mark Zuckerberg's statements made in his February 12, 2004 5:43pm email to Cameron Winklevoss (attached as Exhibit H hereto), i.e., "I told you that I had other projects I was working on, and that those were higher priorities than finishing the HarvardConnection site", all documents sufficient to identify, and all documents relating to, such "other projects".

**Response to Request for Production No. 56**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as duplicative and refer Plaintiff to Defendants' Responses to Plaintiff's Request for Production Nos. 51 and 55. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 57**

All documents constituting and/or relating in any way to Mark Zuckerberg's development of any portion of the website to be known as Harvard Connection, including but not limited to all portions of the website visible to website users and the underlying computer program code.

32

**Response to Request for Production No. 57**

Defendants object to this request as vague, confusing, and compound. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 58**

All documents constituting and/or relating to Mark Zuckerberg's development of computer program coding for the website to be known as Harvard Connection, and/or relating to the development of the website itself, including but not limited to design notes, flow charts, libraries of code, testware, etc.

**Response to Request for Production No. 58**

Without waiving the general objections set forth above, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 59**

All of the computer program coding and/or other work product written or created by Mr. Zuckerberg, or any other person, for or relating to the website to be known as Harvard Connection, not requested by any other production request served by Plaintiff.

**Response to Request for Production No. 59**

Defendants object to this request as overbroad, including as to time period. Without waiving the general objections set forth above and subject to the specific objection stated

herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 47 through 58. Further answering, counsel for Defendants, in conjunction with this litigation, have obtained a copy of the source code deposit made by the Plaintiff with the United States Copyright Office. Without waiving any privilege or defense, Defendants will produce a copy of the deposit sample so obtained.

**Request for Production No. 60**

All documents sufficient to identify the creator (as the word "creator" is used in paragraph 2 of the counterclaims set forth in Defendants' Answer) of the website thefacebook.com, and all documents relating to such creation and identifying all developers of such website.

**Response to Request for Production No. 60**

Defendants object to this request as overbroad. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants refer Plaintiff to Defendants' response to Plaintiff And Counterdefendants' Interrogatory No. 10.

**Request for Production No. 61**

All documents sufficient to identify, and all documents relating to, the date on which Mark Zuckerberg first began to develop the thefacebook.com website.

**Response to Request for Production No. 61**

Defendants object to this request as overbroad, including in seeking all documents "relating to" the date. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 62**

All documents sufficient to identify, and all documents relating to, all steps in the development of the thefacebook.com website.

**Response to Request for Production No. 62**

Defendants object to this request as overbroad, including as to time period, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants also object to the request as vague in its use of the terms "all steps" and "development." Defendants further object to this request to the extent that it calls for

Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 63**

All documents relating in any way to the development of the thefacebook.com website.

**Response to Request for Production No. 63**

Defendants object to this request as overbroad, including as to time period, as unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents relating to thefacebook.com website, created on or before May 21, 2004, to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 64**

All documents sufficient to identify all elements of the thefacebook.com website as it existed on January 11, 2004, including but not limited to all portions of the website visible to website users and the underlying computer code.

36

**Response to Request for Production No. 64**

Defendants object to this request as vague in its use of the terms "all elements," "visible to website users," and "the underlying code," and as argumentative and inaccurate in its factual assumptions. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 65**

All documents sufficient to identify all elements of the thefacebook.com website as it existed on January 13, 2004, including but not limited to all portions of the website visible to website users and the underlying computer code.

**Response to Request for Production No. 65**

Defendants object to this request as vague in its use of the terms "all elements," "visible to website users," and "the underlying code," and as argumentative and inaccurate in its factual assumptions. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific

objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

## Request for Production No. 66

All documents sufficient to identify all elements of the thefacebook.com website as it existed on February 4, 2004 launch date (see paragraph 19 of the Defendants' Answer), including but not limited to all portions of the website visible to website users, the underlying computer code, and documents sufficient to identify such launch date.

## Response to Request for Production No. 66

Defendants object to this request as vague in its use of the terms "all elements," "visible to website users," and "the underlying code." Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 67

All documents constituting and/or relating to Mark Zuckerberg's development of computer program coding for the website to be known as thefacebook.com, and/or relating to the development of the website itself, including but not limited to design notes, flow charts, libraries of code, testware etc.

38

**Response to Request for Production No. 67**

Defendants object to this request as overbroad, including as to time period and as seeking documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request as argumentative and vague in its use of the terms "website to be known as thefacebook.com," "development of computer program coding" and "testware." Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production No. 63.

**Request for Production No. 68**

All documents sufficient to identify, view, and operate each version of the thefacebook.com website from August 2003 to the date of Defendants' response to this request, and the current live version of the thefacebook.com website.

**Response to Request for Production No. 68**

Defendants object to this request as overbroad, including as to time period, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to produce computer files containing the front end source code that operated thefacebook.com website as it existed in October, 2004 and December, 2004.

### Request for Production No. 69

All of the computer program coding and/or other work product written or created by Mr. Zuckerberg, or any other person, for or relating to the website known as thefacebook.com, not requested by any other production request served by Plaintiff.

### Response to Request for Production No. 69

Defendants object to this request as overbroad, including as to time period and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information and is duplicative of other requests.

### Request for Production No. 70

All documents sufficient to identify, and relating to, all persons and companies who have expressed any interest in investing in any way in Thefacebook, Inc. and/or thefacebook.com, and/or who have invested in Thefacebook, Inc. and/or thefacebook.com.

### Response to Request for Production No. 70

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants further object to

this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

## Request for Production No. 71

All documents sufficient to identify, and relating to, any and all investors, potential investors, loans (including but not limited to loans from any of the individual Defendants or from any nonparty, including Peter Thiel), investments, gifts (including but not limited to money, concert or other sports or entertainment tickets, meals, parties, and vehicles), contributions, offers (including but not limited to investment offers and/or offers to purchase or buy out all or part of Thefacebook, Inc. or its business, and/or the rights therein held by any of the individual Defendants, and the persons or companies who made such offers), or other forms of financing contributed to or received by Thefacebook, Inc., the thefacebook.com website, and/or any of the individual Defendants for use in connection with or related to the thefacebook.com website, and all meetings with potential investors or investors (including dates, locations, participants, and the purpose of such meetings), on a monthly basis from August 2003 to the date of Defendants' response to this request.

## Response to Request for Production No. 71

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.

41



Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

### Request for Production No. 72

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Mark Zuckerberg relating to thefacebook.com.

### Response to Request for Production No. 72

Defendants object to this request as overbroad and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/about.php. Further answering, Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

### Request for Production No. 73

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Eduardo Saverin relating to thefacebook.com.

### Response to Request for Production No. 73

Defendants object to this request as overbroad and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 74**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Dustin Moskovitz relating to thefacebook.com.

**Response to Request for Production No. 74**

Defendants object to this request as overbroad and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 75**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Andrew McCollum relating to thefacebook.com.

**Response to Request for Production No. 75**

Defendants object to this request as overbroad and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 76**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Christopher Hughes relating to thefacebook.com.

43

### Response to Request for Production No. 76

Defendants object to this request as overbroad and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/about.php.  Further answering, Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

### Request for Production No. 77

All press releases or other statements provided to the press or media by Mark Zuckerberg relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

### Response to Request for Production No. 77

Defendants object to this request as overbroad, compound, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and the subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/about.php.  Further answering, Defendants will produce responsive press releases and written communications to the press to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 78**

All press releases or other statements provided to the press or media by Eduardo Saverin relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Response to Request for Production No. 78**

Defendants object to this request as overbroad, compound, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and the subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce responsive press releases and written communications to the press to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 79**

All press releases or other statements provided to the press or media by Dustin Moskovitz relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Response to Request for Production No. 79**

Defendants object to this request as overbroad, compound, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and the subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce