responsive press releases and written communications to the press to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 80**

All press releases or other statements provided to the press or media by Andrew McCollum relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Response to Request for Production No. 80**

Defendants object to this request as overbroad, compound, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and the subject to the specific objections stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

**Request for Production No. 81**

All press releases or other statements provided to the press or media by Christopher Hughes relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Response to Request for Production No. 81**

Defendants object to this request as overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer

46

Plaintiff to thefacebook.com web page: http://www.thefacebook.com/about.php. Further answering, Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 82**

All press releases or other statements provided to the press or media by Thefacebook, Inc., thefacebook.com, or anyone speaking or acting on its/their behalf relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to Thefacebook, Inc., thefacebook.com, or anyone speaking or acting on its/their behalf published in the press or media, from August 2003 to the present.

**Response to Request for Production No. 82**

Defendants object to this request as overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/about.php. Further answering, Defendants will produce non-privileged responsive documents to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 83**

All documents and things identifying, constituting, or relating to marketing and promotional materials for Thefacebook, Inc. and/or the thefacebook.com website.

**Response to Request for Production No. 83**

Defendants object to this request as overbroad, including as to time period seeking and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents comprising marketing materials to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 84**

All documents relating to advertising on the thefacebook.com, website, including but not limited to documents sufficient to identify, and relating to, all past and present advertisers (actual and prospective, as referred to by Defendants in paragraph 20 of the counterclaims set forth in Defendants' Answer), all advertisements that have appeared or are scheduled to appear on the thefacebook.com website, all solicitations for advertisements, all advertising contracts, all revenue from advertising on a monthly basis from August 2003 to the date of Defendants' response to this request, and all facts supporting or tending to support the allegations set forth in paragraph 20 of the counterclaims set forth in Defendants' Answer.

**Response to Request for Production No. 84**

Defendants object to this request as overbroad in seeking among other things all advertising-related documents. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the

48

specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged samples of advertising-related documentation to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 85**

All documents sufficient to identify, and relating to, daily, monthly, and annual traffic to the thefacebook.com website, from its launch date to the date of Defendants' response.

**Response to Request for Production No. 85**

**Request for Production No. 86**

All documents sufficient to identify the universities, colleges, and other schools (by name, city, state, and country if other than the U.S.A.) at which the thefacebook.com website is available or operational, on a monthly basis from August 2003 to the date of Defendants' response to this request.



49

## Response to Request for Production No. 86

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants additionally object to this request to the extent that it calls for information on a daily, monthly or on any other unreasonable basis. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Plaintiff And Counterdefendants' Interrogatory No. 11.

## Request for Production No. 87

All documents sufficient to identify the number of persons registered to use the thefacebook.com website, in total and broken out by university, college, or other school, on a daily basis from August 2003 to the date of Defendants' response to this request.

## Response to Request for Production No. 87

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret

50

information.  Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.  Defendants additionally object to this request to the extent that it calls for information on a daily, monthly or on any other unreasonable basis.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Plaintiff And Counterdefendants' Interrogatory No. 12.

### Request for Production No. 88

All documents sufficient to identify the number of hits per day to the thefacebook.com website, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this request.

### Response to Request for Production No. 88

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.  Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.  Defendants additionally object to this request to the extent that it calls for information on a daily,

51

monthly or on any other unreasonable basis. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Plaintiff And Counterdefendants' Interrogatory No. 13.

**Request for Production No. 89**

All documents sufficient to identify the number of hits per day to the thefacebook.com website by the same users, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this request.

**Response to Request for Production No. 89**

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants additionally object to this request to the extent that it calls for information on a daily, monthly or on any other unreasonable basis. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to Plaintiff And Counterdefendants' Interrogatory No. 14.

52

## Request for Production No. 90

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s fixed costs, on a monthly basis, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 90

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 91

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s variable costs, on a monthly basis, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 91

Defendants object to this request as vague as to the term "variable costs." Defendants also object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to

53

produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 92

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s overhead, on a monthly basis, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 92

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 93

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual revenue, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 93

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the

specific objections stated herein, Defendants respond as follows: Defendants agree to produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 94

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual gross profit, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 94

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 95

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual net profit, from its launch date to the date of Defendants' response.

## Response to Request for Production No. 95

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret

information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agree to produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 96**

All state and/or federal income tax returns filed by each of the Defendants for the years 2003, 2004, and 2005.

**Response to Request for Production No. 96**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information.

**Request for Production No. 97**

All audited and/or unaudited financial statements for Thefacebook, Inc. for its fiscal years beginning in and including 2003.

**Response to Request for Production No. 97**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce financial statements for the years or partial

56

years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

**Request for Production No. 98**

All documents sufficient to identify, and relating to, all bank and other financial institution accounts of Thefacebook, Inc.

**Response to Request for Production No. 98**

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

**Request for Production No. 99**

All documents sufficient to identify all tangible and intangible assets of Thefacebook, Inc., including real property, personal property (including but not limited to computers and servers), intellectual property, cash on hand, letters of credit, savings, investments, stocks, bonds, certificates of deposit, mutual funds, equities, etc.

**Response to Request for Production No. 99**

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

## Request for Production No. 100

All documents sufficient to identify, and relating to, all debt of Thefacebook, Inc., and of the individual Defendants relating to the thefacebook.com website, on a monthly basis from August 2003 to the date of Defendants' response to this request.

## Response to Request for Production No. 100

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

## Request for Production No. 101

All documents sufficient to identify, and relating to, the value of Thefacebook, Inc. and the thefacebook.com website.

### Response to Request for Production No. 101

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce financial statements for the years or partial years of 2004 and 2005 to the extent such documents exist and are located by a reasonable search.

### Request for Production No. 102

All documents constituting or relating to Thefacebook, Inc.'s Articles of Incorporation, Bylaws, corporate name registrations in any state, fictitious name registrations in any state, and licenses to do business in any state.

### Response to Request for Production No. 102

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objection set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce TheFacebook, Inc.'s corporate charter and bylaws to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 103

All documents constituting or relating to Thefacebook, Inc.'s corporate records, including but not limited to records and minutes of directors' meetings, other business meetings,

corporate resolutions, other corporate filings with any state on behalf of the corporation or any employee, payroll records, financial records, stock certificates, contracts, loan documents, financing documents and financing statements, mortgages, schedules of corporate assets, and shareholder documents.

**Response to Request for Production No. 103**

Defendants object to this request as compound, overbroad, including as to time period, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 90 through 95, 97, 100,101, and 104. Further answering, Defendants agree to produce TheFacebook, Inc.'s corporate charter and bylaws to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 104**

All documents constituting or relating to contracts between any nonparty and the Thefacebook, Inc., or between any nonparty and any other Defendant or any related person or entity relating to Thefacebook, Inc. or the thefacebook.com website.

**Response to Request for Production No. 104**

Defendants object to this request as compound, overbroad, including as to time period, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive,

60

and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce a sample of responsive contracts to the extent such documents exist in their possession and are located by a reasonable search. Further answering, Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/terms.php.

### Request for Production No. 105

All documents constituting or relating to plans or strategies for Thefacebook, Inc. or the thefacebook.com website, including but not limited to financing plans, business plans, strategic plans, investment or financing plans, and/or development plans.

### Response to Request for Production No. 105

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce business plan related documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 106

All documents constituting or relating to budgets, forecasts, projections, performance or other reports, analyses, or research relating to the Thefacebook, Inc. and/or thefacebook.com website.

61

### Response to Request for Production No. 106

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant and confidential documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

### Request for Production No. 107

All documents sufficient to identify the owners of Thefacebook, Inc. and the facebook.com website, and their respective ownerships shares, equity, and rights therein, and their salaries, dividends, and/or other monetary or nonmonetary compensation.

### Response to Request for Production No. 107

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential information.

### Request for Production No. 108

All documents sufficient to identify, and relating to, all locations from which the website thefacebook.com has been operated since its inception to the date of the response to this request.

### Response to Request for Production No. 108

Defendants object to this request as vague, overbroad, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without

waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants agrees to produce the current agreement with its vendor of server services to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 109**

All documents sufficient to identify, and relating to, the servers and location thereof used by the thefacebook.com website.

**Response to Request for Production No. 109**

Defendants object to this request as vague, overbroad, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' response to request for production No. 108.

**Request for Production No. 110**

All documents sufficient to identify, and constituting, all Frequently Asked Questions ("FAQ"), and answers thereto, posted on the thefacebook.com website from August 2003 to the date of Defendants' response to this request.

**Response to Request for Production No. 110**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/faq.php.

63

## Request for Production No. 111

All documents sufficient to identify, and relating to, any and all features or functionality of the thefacebook.com website that are currently in development, planning, or consideration.

## Response to Request for Production No. 111

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

## Request for Production No. 112

All documents sufficient to identify the type of information collected from users of the thefacebook.com website.

## Response to Request for Production No. 112

Defendants object to this request as overbroad, including as to time period and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence  Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to thefacebook.com web page: http://www.thefacebook.com/policy.php.

64

**Request for Production No. 113**

All documents sufficient to identify the demographics and consumer preferences of users of the thefacebook.com website, including but not limited to the age, gender, level of education, and buying and product preferences and patterns.

**Response to Request for Production No. 113**

Defendants object to this request as compound, overbroad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

**Request for Production No. 114**

All U.S. copyright applications and/or copyright registrations for all or any portion of the thefacebook.com website or underlying computer programs, all deposit copies or identifying material submitted to the U.S. Copyright Office in connection with such applications, all other forms or materials submitted to the U.S. Copyright Office in connection with such applications, all correspondence with the U.S. Copyright Office relating to such applications, and/or all notes of telephone conversations with the U.S. Copyright Office relating to such applications.

**Response to Request for Production No. 114**

Defendants object to this request as compound, overbroad, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific

objection stated herein, Defendants respond as follows: Defendants have no documents responsive to this request.

## Request for Production No. 115

All documents constituting and relating in any way to the domain name application and registration for "thefacebook.com."

## Response to Request for Production No. 115

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 116

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg for email from October 2003 to the present.

## Response to Request for Production No. 116

Defendants object to this request as overbroad in seeking, among other things, one or more entire computer hard drives. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants'

66

Response to Request for Production Nos. 1-4, 7-9, 15-21, 23-24, 30-32, 36, 47, 51, 55-58, 61-63, 67, 72, 77, 82, 83-84, 104-105, 115.

### Request for Production No. 117

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg for working on the computer program coding for the website to be known as Harvard Connection, and/or for working on the website itself.

### Response to Request for Production No. 117

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 1-4, 7-9, 15-21, 23-24, 30-32, 36, 47, 51, 55-58, 61-63, 67, 72, 77, 82, 83-84, 104-105, 115.

### Request for Production No. 118

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg from October 2003 to the present.

### Response to Request for Production No. 118

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant

67

documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 1-4, 7-9, 15-21, 23-24, 30-32, 36, 47, 51, 55-58, 61-63, 67, 72, 77, 82, 83-84, 104-105, 115.

### Request for Production No. 119

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Eduardo Saverin from October 2003 to the present.

### Response to Request for Production No. 119

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information.

### Request for Production No. 120

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Dustin Moskovitz from October 2003 to the present.

### Response to Request for Production No. 120

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.

68



Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 121

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Andrew McCollum from October 2003 to the present.

## Response to Request for Production No. 121

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 122

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Christopher Hughes from October 2003 to the present.

## Response to Request for Production No. 122

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it invades Defendants' privacy and calls for confidential and privileged information.

## Request for Production No. 123

69



An electronic image of the computer entire hard drive(s) or other computer memory devices used for the thefacebook.com website from October 2003 to the present.

**Response to Request for Production No. 123**

Defendants object to this request as overbroad in seeking, among other things, the entire computer hard drive. Defendants also object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

**Request for Production No. 124**

All versions of Mark Zuckerberg's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Response to Request for Production No. 124**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce a resume to the extent such a document exists in their possession and is located by a reasonable search.

**Request for Production No. 125**

All versions of Eduardo Saverin's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

70

**Response to Request for Production No. 125**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce a resume to the extent such a document exists in their possession and is located by a reasonable search.

**Request for Production No. 126**

All versions of Dustin Moskovitz's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Response to Request for Production No. 126**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce a resume to the extent such a document exists in their possession and is located by a reasonable search.

**Request for Production No. 127**

All versions of Andrew McCollum's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

71

**Response to Request for Production No. 127**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce a resume to the extent such a document exists in their possession and is located by a reasonable search.

**Request for Production No. 128**

All versions of Christopher Hughes's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Response to Request for Production No. 128**

Defendants object to this request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants agree to produce a resume to the extent such a document exists in their possession and is located by a reasonable search.

**Request for Production No. 129**

All documents in the possession, custody, or control of Eduardo Saverin provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 129**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the

72

attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 10, 18, 23, and 25.

## Request for Production No. 130

All documents in the possession, custody, or control of Dustin Moskovitz provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

## Response to Request for Production No. 130

Defendants object to this request as vague and overbroad including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 11, 19, 23 and 26.

## Request for Production No. 131

All documents in the possession, custody, or control of Andrew McCollum provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

## Response to Request for Production No. 131

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein,

Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 12, 20, 23 and 27.

### Request for Production No. 132

All documents in the possession, custody, or control of Christopher Hughes provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

### Response to Request for Production No. 132

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 13, 21, 23 and 28.

### Request for Production No. 133

All documents in the possession, custody, or control of Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

### Respons᷍ to Request for Production No. 133

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 1-4, 7-9, 15-21, 23-24, 30-32, 36, 47, 51, 55-58, 61-63, 67, 72, 77, 82, 83-84, 105, 115, and 116.

74

**Request for Production No. 134**

All documents in the possession, custody, or control of Thefacebook, Inc. relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 134**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 14, 29, 82, 90-95, 97, and 102.

**Request for Production No. 135**

All documents in the possession, custody, or control of Eduardo Saverin provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 135**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 10, 25, 73, and 78.

**Request for Production No. 136**

All documents in the possession, custody, or control of Dustin Moskovitz provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 136**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 11, 26, 74, and 79.

**Request for Production No. 137**

All documents in the possession, custody, or control of Andrew McCollum provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 137**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 12, 27, 75, and 80.

**Request for Production No. 138**

All documents in the possession, custody, or control of Christopher Hughes provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 138**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 13, 28, 76, and 81.

**Request for Production No. 139**

All documents in the possession, custody, or control of Mark Zuckerberg provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Response to Request for Production No. 139**

Defendants object to this request as vague and overbroad, including as to time period. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production No. 133.

## Request for Production No. 140

All documents sufficient to show the state and address of residence of Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes.

## Response to Request for Production No. 140

Defendants object to this request as compound, vague, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Mark Zuckerberg, Dustin Moskovitz, and Andrew McCollum currently reside in California; Eduardo Saverin currently resides in Boston; Christopher Hughes currently resides in Paris.

## Request for Production No. 141

All documents sufficient to show the permanent address given by Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes when they are called upon to do so.

## Response to Request for Production No. 141

Defendants object to this request as compound, as vague in its use of the term "permanent address," and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request seeks

78

information beyond the scope of a proper request for production of documents, and purports to impose on Defendants an obligation to provide information in the nature of an interrogatory, which has not been properly propounded as an interrogatory, and further exacerbates Plaintiff's use of interrogatories in excess of the number permitted by Rule.

**Request for Production No. 142**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' First Affirmative Defense.

**Response to Request for Production No. 142**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 143**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Second Affirmative Defense.

**Response to Request for Production No. 143**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged

responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 144**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Third Affirmative Defense.

**Response to Request for Production No. 144**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 145**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fourth Affirmative Defense.

**Response to Request for Production No. 145**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections

stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 146

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifth Affirmative Defense.

### Response to Request for Production No. 146

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

### Request for Production No. 147

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixth Affirmative Defense.

### Response to Request for Production No. 147

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without

waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 148

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventh Affirmative Defense.

## Response to Request for Production No. 148

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 149

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighth Affirmative Defense.

## Response to Request for Production No. 149

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents

82



protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 150

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Ninth Affirmative Defense.

## Response to Request for Production No. 150

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 151

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Tenth Affirmative Defense.

**Response to Request for Production No. 151**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 152**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eleventh Affirmative Defense.

**Response to Request for Production No. 152**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 153

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twelfth Affirmative Defense.

## Response to Request for Production No. 153

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 154

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Thirteenth Affirmative Defense.

## Response to Request for Production No. 154

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged

responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

**Request for Production No. 155**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fourteenth Affirmative Defense.

**Response to Request for Production No. 155**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 156**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifteenth Affirmative Defense.

**Response to Request for Production No. 156**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

86

**Request for Production No. 157**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixteenth Affirmative Defense.

**Response to Request for Production No. 157**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature  Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 158**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventeenth Affirmative Defense.

**Response to Request for Production No. 158**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature.  Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 159

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighteenth Affirmative Defense.

## Response to Request for Production No. 159

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 160

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Nineteenth Affirmative Defense.

## Response to Request for Production No. 160

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged

responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 161

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twentieth Affirmative Defense.

## Response to Request for Production No. 161

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 162

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-first Affirmative Defense.

## Response to Request for Production No. 162

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

89

**Request for Production No. 163**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-second Affirmative Defense.

**Response to Request for Production No. 163**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 164**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-third Affirmative Defense.

**Response to Request for Production No. 164**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

90

## Request for Production No. 165

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-fourth Affirmative Defense.

## Response to Request for Production No. 165

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 166

All documents supporting or tending to support, or refuting or tending to refute, the allegations of paragraphs 18, 22, 26, 27, 31, 32, 33, 34, 37, 42, 47, 48, and 51 of the counterclaims set forth in Defendants' Answer, including but not limited to all documents allegedly constituting the individual counterclaim defendants and ConnectU LLC's "campaign of false and defamatory factual representations about Zuckerberg and thefacebook.com", all media in which such representations appeared (including but not limited to all California and Massachusetts newspapers), and all postings and links on the ConnectU.com website that allegedly support Mr. Zuckerberg's and Thefacebook, Inc.'s counterclaims.

## Response to Request for Production No. 166

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product

doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 63, 72-76, and 77-82. Further answering, Defendants refer Plaintiff to Plaintiff's website: http://www.connectu.com.

## Request for Production No. 167

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 28, 29, 35, 39, 40, 49, and 52 of the counterclaims set forth in Defendants' Answer that Thefacebook, Inc. has been damaged, injured, or prejudiced in any way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

## Response to Request for Production No. 167

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 90-95, 97, 103-104, and 108-109.

## Request for Production No. 168

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 43, 44, of the counterclaims set forth in Defendants' Answer that Mr. Zuckerberg has been damaged, injured, or prejudiced in any

92

way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

**Response to Request for Production No. 168**

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery and to the extent that this request seeks expert related material. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 169**

All documents transmitted or provided to, reviewed, considered, or prepared by any and all expert witnesses engaged by all or any of the Defendants.

**Response to Request for Production No. 169**

Defendants object to this request as premature and seeking documents protected by the attorney client privilege and/or attorney work product doctrine.

**Request for Production No. 170**

All documents used or referred to in any way in connection with preparing responses to these requests or to Plaintiffs interrogatories.

**Response to Request for Production No. 170**

Defendants object to this request as vague, overbroad, and unduly burdensome. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein,

93

Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 1-37, 39-41, 47-49, 51-68, 72-95, 97, 100-105, 108-110, 112, 114-116, 124-140, 142-154, 156, 158-160, 162, 164, and 166-167.

DATED: May 31, 2005

> MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.
>
> By their attorneys
>
> Gordon P. Katz (BBO# 261080)
> Daniel K. Hampton (BBO# 634195)
> HOLLAND & KNIGHT, LLP
> 10 St. James Avenue
> Boston, MA  02116
> Telephone:  (617) 523-2700
> dan.Hampton@hklaw.com
> gordon.katz@hklaw.com
>
> Robert B. Hawk (*of counsel*)
> HELLER EHRMAN LLP
> 275 Middlefield Road
> Menlo Park, CA  94025
> Telephone:  (650) 324-7197

## CERTIFICATE OF SERVICE

I, Daniel K. Hampton, hereby certify that on this 31st day of May, 2005, I served a copy of the within document on the following counsel of record, via facsimile transmission and confirmation copy via first class mail:

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001; and

Jonathan M. Gelchinsky, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142

Daniel K. Hampton

# 2856375_v6

95