# EXHIBIT D



**ORRICK**

August 3, 2005

Joshua H. Walker
(650) 614-7339
jwalker@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   **ConnectU LLC v. Zuckerberg et al., Civil Action No. 1:04-cv-11923 (DPW)**

Dear John:

This letter relates to ConnectU LLC's Objections to Amended Notice of Deposition of Plaintiff and Counterclaim Defendant ConnectU LLC Pursuant to Fed. R. Civ. P. 30(b)(6) ("Objections").

In ConnectU's specific objections to topics 7-9, ConnectU states that due to the Stipulated Protective Order, "a 30(b)(6) witness of ConnectU cannot testify regarding any of ConnectU's infringement allegations." Objections at 8. ConnectU asserts the same specific objection to topics 3, 4, and 6, as well as in its general objections. This is not a proper basis for objection. The Stipulated Protective Order may not be used as a protective shield against critical evidentiary inquiries. Rather, it exists to facilitate discovery. ConnectU must designate individuals who, individually or collectively, can address the full extent of each of topics 1-10. Alternatively, ConnectU may seek protection from the Court.

The objection that no witness is available because of the Stipulated Protective Order is also meritless. ConnectU may educate or qualify an individual under the Stipulated Protective Order to address all topics, or portions of topics, if another designee may not individually testify thereon. *See, e.g.,* Stipulated Protective Order, § 7(d). Indeed, ConnectU has filed a complaint alleging infringement by Defendants. It must have had a factual basis therefor under Fed. R. Civ. P. 11. Defendants are entitled to discovery on the full factual basis. Irrespective of the Stipulated Protective Order, ConnectU must provide a witness or witnesses with all requisite knowledge.

ConnectU's objections are also vague. It is unclear, from ConnectU's objections, whether it is asserting that (i) Cameron Winklevoss cannot testify as to such matters, or (ii) that <u>no</u> potential designee of ConnectU will testify as to such matters. It is also unclear whether ConnectU is refusing to allow discovery as to topics 3, 4, and 6 as based on prior knowledge or information otherwise in ConnectU's independent possession, custody, or control. Please clarify.

Please let us know immediately whether ConnectU will produce the requisite witnesses now, as the August 9 deposition is rapidly approaching.

Sincerely yours,

Joshua H. Walker, Esq.

cc:   Robert B. Hawk, Esq. (via facsimile)
      Daniel K. Hampton, Esq. (via facsimile)
      Steve M. Bauer, Esq. (via facsimile)
      Jeremy Oczek, Esq. (via facsimile)