# EXHIBIT 6

4-16 Milgrim on Trade Secrets § 16.01

LEXSTAT 4-16 MILGRIM ON TRADE SECRETS § 16.01

Milgrim on Trade Secrets
Copyright 2005, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Chapter 16 Anatomy of Trade Secret Litigation

4-16 Milgrim on Trade Secrets § 16.01

**[5]--Pleading/Identifying the Trade Secret**

[

In architecture, it is commonplace to say that the "Devil is in the details." That is precisely the case with a complaint. One of the important details for a plaintiff not to overlook is charting a course between sufficiently clear pleading to meet "notice" pleading standards without, at the same time, in a public document, disclosing the trade secret in a way which itself can terminate rights to prospective relief. n23 Typically a trade secret file will be placed under seal and the hearings will be in camera. In some instances even the complaint can be placed under seal, particularly if it is detailed and the plaintiff can persuade the court that the complaint would serve as a blueprint for misappropriation by others. While there may be technical steps that will rectify lax trial practice in this regard, n24 plaintiff is well advised to take every precaution in advance of potential public disclosure to avert it and where it is not possible to avert it, to register extremely strong protests on the record and more importantly to seek alternate relief, including, if need be, a mandamus to the appellate court to rectify untoward judicial indifference. n25

While it is possible to avoid specifics in pleading a trade secret case, soon after the case begins a plaintiff can reasonably anticipate that the defendant will insist that it be apprised of considerable detail describing the trade secret. That insistence can reasonably be expected to **precede** the defendant's submitting to discovery of it. n26

**[a]--Protective Orders.**

Accordingly, from the very outset of the case the plaintiff and the defendant should as a practical matter be thinking about the form of protective order that they might stipulate to or that a court will order which will govern access to the respective party's trade secrets and other confidential business information. n27

To assist counsel in focusing on the important implications of a plaintiff's identification of its trade secrets as a condition of the litigation, "hot" issues include whether information is to be provided by either side subject to restrictions on the other side's principals' having access. If the adverse parties are corporate competitors, one or both is apt to be deeply concerned about the employees of the other having access to highly confidential information or trade secrets. To resolve this problem the confidential information is often divided into more than one category, with the most confidential category being restricted to either a single individual at the opposing party or sometimes even to outside "interposed" experts. n28

What type of order a judge should enter if the parties are unable to agree will depend on the facts and, often, the court's patience. If, for example, the case arises in the context of the defendants' allegedly having long used and benefited from plaintiff's trade secrets, those very allegations could support the appropriateness of the defendant's being directly acquainted with all discovery relating to the plaintiff's claimed trade secret.