# EXHIBIT 7

Case 1:04-cv-11923-DPW    Document 46-8    Filed 08/18/2005    Page 1 of 5



Not Reported in F.Supp.                                                                                                                  Page 1
Not Reported in F.Supp., 1998 WL 740807
**(Cite as: Not Reported in F.Supp.)**

Not Reported in F.Supp., 1998 WL 740807
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
SYMANTEC CORPORATION, Plaintiff,
v.
McAFEE ASSOCIATES, INC., a.k.a. NETWORK ASSOCIATES, INC., FN1 Defendant.

> FN1. For the sake of consistency with previous proceedings, this Order refers to defendant as McAfee Associates, Inc., even though defendant now is known as Network Associates, Inc.

No. C-97-20367-JF(EAI)_.

Aug. 14, 1998.

ORDER FN2 DENYING SYMANTEC'S MOTION FOR MODIFICATION OF SCHEDULING ORDER [Docket No. 192]

> FN2. This disposition is not appropriate for publication and may not be cited.

FOGEL, District J.
**\*1** Plaintiff's motion for modification of Scheduling Order was heard on August 10, 1998. For the reasons set forth herein, Plaintiff's motion is denied.

I. BACKGROUND

Plaintiff Symantec Corporation ("Symantec") filed the complaint in this action on April 23, 1997, based primarily upon allegations that Defendant McAfee Associates, Inc. ("McAfee) obtained source code from Symantec's products and copied that code into McAfee's products. Symantec amended its complaint several times, filing the operative third amended complaint on April 1, 1998.

Between April and July 1997, Symantec identified two blocks of proprietary code which were incorporated into McAfee products. The "First Code Block" was used in McAfee's PC Medic product. The "Second Code Block" was used in McAfee's PC Medic and VirusScan products. McAfee removed these code blocks from its products immediately after Symantec identified them.

In August 1997, McAfee voluntarily disclosed to Symantec that Sami Ziadeh ("Ziadeh"), a McAfee employee who previously had worked for Symantec, had placed numerous Symantec files on McAfee's network. McAfee produced Ziadeh's hard disks and the hard disk of a McAfee network server which contained files Ziadeh had brought from Symantec ("Ziadeh Disks"). McAfee also produced its source code for the two McAfee products which had been identified as containing copied code, VirusScan and PC Medic. In September 1997, Symantec reported that it had found many pages of Symantec source code in the Ziadeh Disks, but did not identify any use which McAfee had made of this code.

On October 10, 1997, McAfee produced to Symantec twenty-two disks which had been used by McAfee engineers in Ziadeh's research group. Some of these disks were damaged and were replaced by McAfee in the following months. McAfee also produced nine additional disks in January 1998.

On October 20, 1997, the Court issued an Order ("Scheduling Order") setting discovery cut-offs and limiting further discovery. The Scheduling Order allowed each party thirty-five additional interrogatories, unlimited additional document requests, and 100 additional hours of deposition. Additionally, the Scheduling Order set a November 15, 1997 deadline for Symantec's specification of copied code in McAfee's PC Medic and VirusScan

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1998 WL 740807
**(Cite as: Not Reported in F.Supp.)**

products, an April 1, 1997 deadline for fact discovery, and a June 15, 1997 deadline for expert discovery.

Symantec failed to comply with the Scheduling Order with respect to specification of its claims. On February 27, 1998, the Court again ordered Symantec to specify its claims relating to PC Medic and VirusScan. Symantec again failed to comply. Symantec sent McAfee a letter dated March 9, 1998 which stated that it had not found any infringing code in PC Medic or VirusScan which had not been identified previously, but purported to reserve the right to assert new claims in the future. Finally, on May 27, 1998, the Court issued an Order ("Preclusion Order") precluding Symantec from asserting any intellectual property claims against McAfee's PC Medic and VirusScan products other than those previously identified.

**\*2** Symantec also failed to take advantage of the nearly unlimited discovery requests at its disposal. Symantec took no discovery during the five months following the Scheduling Order. FN3 Finally, on March 26, 1998, less than one week before the close of fact discovery, FN4 Symantec deposed McAfee's corporate designee, Peter Watkins ("Watkins"), pursuant to Federal Rule of Civil Procedure 30(b)(6). At the deposition, Watkins testified that during the same time period in which Ziadeh had placed proprietary Symantec files on McAfee's network, a McAfee employee named Dan Melchione ("Melchione") had copied files from McAfee's installer server onto a "zip drive." (Watkins Depo. at 146-47, 156-58). Watkins further testified that this "zip drive" was one of the disks previously produced by McAfee. (*Id.* at 158). On April 3, 1998, McAfee notified Symantec in writing that Watkins' reference to the Melchione disk as a "zip drive" had been erroneous, and that the disk in question actually was a "Jaz Disk."

> FN3. Apparently, Symantec did try to depose Ziadeh on December 18, 1997, but Ziadeh asserted his Fifth Amendment right against self-incrimination.
>
> FN4. On March 27, 1998, the Court modified its Scheduling Order to permit additional fact discovery through July 15, 1998 regarding new claims asserted in Symantec's third amended complaint. The additional discovery was limited to the new claims, alleging misappropriation of customer information, and was not to be directed toward old claims involving copying.

On June 15, 1998, Symantec's expert, Andrew Johnson-Laird discovered numerous Symantec files on the Jaz Disk referenced in the Watkins deposition. Symantec seeks to modify the Scheduling Order to reopen discovery so that it may investigate whether any of this proprietary information has been incorporated into McAfee products. Among other things, Symantec seeks production of the entire source code for each of McAfee's products from January 1, 1995 through the present, as well as image copies of all hard drives which had access to the server from which the information on the Jaz Disk was copied. McAfee opposes this motion.

II. DISCUSSION

A scheduling order entered before the final pretrial conference may be modified upon a showing of good cause. *See* Fed.R.Civ.P. 16(b) ; *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992). A good cause determination primarily considers the diligence of the party seeking amendment of the scheduling order. *See Johnson,* 975 F.2d at 608. The scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting advisory committee notes to Fed.R.Civ.P. (1983 amendment)). The existence or degree of prejudice to the opposing party may be considered in deciding whether to grant a motion for modification. *See Johnson,* 975 F.2d at 608. However, the issue of prejudice need not be reached if the moving party was not diligent. *See id.* "If that party was not diligent, the inquiry should end." *Id.*

Applying these standards, the Court finds that Symantec has not demonstrated good cause for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

Not Reported in F.Supp., 1998 WL 740807
**(Cite as: Not Reported in F.Supp.)**

modifying the Scheduling Order. The basis for Symantec's request is that it has discovered "new" evidence regarding misappropriation of its files. However, this "new" information was contained on a Jaz Disk produced to Symantec more than nine months ago. Given that the Jaz Disk was produced in October 1997, the Court concludes that Symantec could have discovered the information contained thereon through reasonable diligence well before the asserted discovery date of June 15, 1998.

**\*3** Symantec attempts to explain the delay by submitting declarations of its expert, Mr. Johnson-Laird, who states that many hours were spent in painstaking examination of the disks produced by McAfee, and that the Jaz Disk just happened to be the last disk examined. (Johnson-Laird Decl. In Support Of Motion, ¶ 19; Johnson-Laird Decl. In Support Of Reply, ¶¶ 13-15). Mr. Johnson-Laird further states that he had no indication which disks were the important ones, and did not realize until after the Watkins deposition that he should direct his attention to the Jaz Disk. (Johnson-Laird Decl. In Support Of Reply, ¶ 15). Mr. Johnson-Laird also implies that he was misled regarding the significance of the Jaz Disk by Watkins' erroneous reference to this disk as a "zip drive." (*Id.*).

Without in any way disparaging Mr. Johnson-Laird's credibility, this explanation is unconvincing. The Watkins deposition, which directed Symantec's attention to the Jaz Disk, was taken less than one week before the close of fact discovery. The same deposition could have been taken any time in the preceding five months. Symantec also could have pursued other discovery designed to help it determine which of the McAfee disks were most likely to contain proprietary information. Instead, Symantec did neither; no explanation is offered for this inaction.

Symantec's argument that it was misled by Watkins' reference to the Jaz Disk as a "zip drive" is particularly unpersuasive. McAfee notified Symantec on April 3, 1998, only eight days after the Watkins deposition, that the disk referred to by Watkins was a Jaz Disk and not a "zip drive." Nonetheless, Mr. Johnson-Laird apparently did not discover the information contained on the Jaz Disk until June 15, 1998, more than two months later; moreover, he fails to state when he actually began his examination of the Jaz Disk or how long that particular examination required.

There is no indication that Symantec ever notified the Court that examination of the McAfee disks was taking so long, and that the discovery cut-off might need to be extended in the event that proprietary information was found on the disks. Symantec appeared before the Court on several occasions between October 1997, when the disks were produced, and June 1998, when it apparently looked at the last disk. Most notably, Symantec failed to object to a November 1998 trial date at the case management conference conducted June 12, 1998; although Mr. Johnson-Laird apparently did not discover the proprietary information contained on the Jaz Disk until three days later, Symantec certainly knew from the Watkins deposition that the Jaz Disk had potential importance.

Under these circumstances, the Court cannot say that Symantec has been diligent in pursuing discovery. As is discussed above, this conclusion ends the present inquiry. However, the Court finds, as an additional basis for denying Symantec's motion, that granting the motion would prejudice McAfee. This case is set for trial on November 2, 1998. Reopening discovery almost certainly would require vacating that trial date. Additionally, Symantec seeks to obtain the entire source code for *all* of McAfee's products dating back to 1995, as well as copies of *all* hard drives which had access to the server from which the information on the Jaz Disk was copied. Production of this magnitude would be unduly burdensome to McAfee, both in terms of volume and in terms of the proprietary nature of the information sought.

**\*4** Finally, the Court notes that Symantec's papers indicate its intention to file a new lawsuit based upon the information discovered in the Jaz Disk in the event that the Court denies the instant motion. The Court's denial of Symantec's motion is not intended as a comment, either positive or negative, regarding the viability of such a future lawsuit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1998 WL 740807
**(Cite as: Not Reported in F.Supp.)**

### III. ORDER

Symantec's motion for modification of the scheduling order is DENIED.

N.D.Cal.,1998.
Symantec Corp. v. McAfee Associates, Inc.
Not Reported in F.Supp., 1998 WL 740807

Briefs and Other Related Documents (Back to top)

• 5:97CV20367 (Docket) (Apr. 23, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.