IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | Civil Action No. 1:04-CV-11923 (DPW) |

**NOTICE OF NEWLY IDENTIFIED AUTHORITY IN SUPPORT OF
FACEBOOK DEFENDANTS' (i) OPPOSITION TO CONNECTU LLC'S
MOTION TO COMPEL AND (ii) CROSS-MOTION FOR PROTECTIVE ORDER**

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. (collectively, the "Facebook Defendants") file this short notice of newly identified authority in support of their (i) opposition to Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents created after May 21, 2004 and (ii) cross-motion for a protective order.

Counsel for the Facebook Defendants recently have become aware of an additional case that may have bearing on whether Plaintiff ConnectU should be required to specify its claimed trade secrets in order to frame the relevant scope of discovery.[1]

In *Staffbridge, Inc. v. Nelson Assocs., Inc.*, No. 024912-BLS, 2004 WL 1429935, at *1 (Mass. Super. June 11, 2004) (**Ex. A**), before permitting discovery relating to plaintiffs' claimed trade secrets, the Court ordered plaintiffs to describe "with **_rigorous and focused particularity_** what, and only what, the plaintiffs claim to constitute the trade secrets allegedly misappropriated by either of the defendants that form the basis for this law suit." *Id.* at *4. The court further explained that "[t]he designation must, with clarity that can be understood by a lay person, make clear and distinguish what is protectable from that which is not." *Id.*

Facebook Defendants respectfully request that the Court consider this newly identified authority when deciding Plaintiff's motion to compel and Facebook Defendants' cross-motion for a protective order.

///

///

///

///

---

[1] The *Staffbridge* case was located when counsel for the FaceBook Defendants found an article written by counsel for Plaintiff ConnectU entitled "Trade Secret Identification: The Importance of Timing In Discovery." (*See* **Ex. B**.) This article cites the *Staffbridge* case discussed herein, along with a number of other cases that were cited in the Facebook Defendants' opposition and cross-motion. The article concludes that "[b]ased on these cases and the California statute, a reasonable argument can be made that trade secret plaintiffs should be required to provide an initial trade secret disclosure with reasonable particularity as a prerequisite to commencing discovery." (Ex. B at 4.) Plaintiff's motion to compel fails to acknowledge this body of case law, or even discuss whether Plaintiff should be required to specify its claimed trade secrets in order to frame the relevant scope of discovery.

Dated:  August 24, 2005.                    Respectfully submitted,

                                            _____/s/ I. Neel Chatterjee_____
                                            I. Neel Chatterjee*
                                            G. Hopkins Guy, III*
                                            Monte M.F. Cooper*
                                            Joshua H. Walker*
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            1000 Marsh Road
                                            Menlo Park, CA  94025
                                            Telephone:  (650) 614-7400
                                            Facsimile:   (650) 614-7401
                                            hopguy@orrick.com
                                            nchatterjee@orrick.com
                                            mcooper@orrick.com
                                            jwalker@orrick.com

                                            Steven M. Bauer
                                            Jeremy P. Oczek
                                            PROSKAUER ROSE LLP
                                            One International Place, 22nd Floor
                                            Boston, MA 02110-2600
                                            Telephone:     (617) 526-9600
                                            Facsimile:     (617) 526-9899
                                            sbauer@proskauer.com
                                            joczek@proskauer.com

                                            ATTORNEYS FOR MARK ZUCKERBERG,
                                            DUSTIN MOSKOVITZ, ANDREW
                                            MCCOLLUM, CHRISTOPHER HUGHES, and
                                            THEFACEBOOK, INC.

                                            * Admitted Pro Hac Vice