**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

**TROY E. GRABOW**
(202) 408-4391
troy.grabow@finnegan.com

August 10, 2005

Daniel K. Hampton, Esq.
Holland & Knight, L.L.P.
10 St. James Avenue
Boston, MA 02116

**VIA FACSIMILE**

Monte Cooper
Orrick, Herrington & Sutcliffe, L.L.P.
1000 Marsh Road
Menlo Park, CA 94025

        *ConnectU LLC v. Zuckerberg et al.*
        <u>Civil Action No. 1:04-cv-11923 (DPW)</u>

Dear Dan and Monte:

    We write concerning certain deficiencies in Defendants and Counterclaimants' Responses to Plaintiff and Counterdefendants' First Set of Interrogatories, dated May 31, 2005 ("Defendants' Responses"). In general, Defendants' Responses do not provide complete answers to the interrogatories. More specifically, we set forth the following deficiencies in Defendants' Responses so that Defendants can rectify those deficiencies and supplement their responses accordingly.[1]

    <u>Interrogatory No. 1</u>

    Defendants object to the terms "creation" and "previously written code" as vague and ambiguous. It is the Defendants who used the term "creator" in paragraph 2 of the counterclaims. This term is easily understood. Nor can Defendants claim that the term "previously written code" is ambiguous, as it is clearly referring to code written previous to the thefacebook.com code.

---

[1] The deficiencies set forth in this letter may not be exhaustive, and ConnectU and the individual Counterclaim Defendants reserve the right to identify additional deficiencies upon further review of Defendants' Responses.

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 2 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

  Defendants' response also does not answer the question propounded in Interrogatory No. 1 or provide sufficient details. For example, if Defendants are aware of a more precise date than "approximately mid-January 2004" that Mr. Zuckerberg began work on thefacebook.com website, they must provide it. As you know, the exact date that Mr. Zuckerberg started working on thefacebook.com website and code is an important issue in this case. Defendants also provide no details regarding Mr. Zuckerberg's creation of thefacebook.com website or code. Stating that "shortly after starting his work, Mr. Zuckerberg launched thefacebook.com website" does not "describe in detail Mr. Zuckerberg's 'creation' of thefacebook.com website," as requested by this interrogatory. Moreover, Defendants only partially answer the question when they say that "Zuckerberg also did not use or copy any of the work he had performed for the Harvard Connection website." For example, Defendants did not identify any previously written code included in the code for thefacebook.com website. We believe Neel Chatterjee stated during the August 9, 2005 Rule 30(b)(6) deposition of ConnectU that Mr. Zuckerberg used such code. You must identify it as part of your answer. Please also identify the production numbers of such code. Defendants also attempt to draw a distinction between the Harvard Connection website and thefacebook.com website, but provide no details. Further, Defendants did not identify in response to this interrogatory all persons who wrote the code and designed web pages. The persons identified in your response to Interrogatory No. 10 should be included in your answer to this interrogatory, along with a detailed description of their contributions to the creation of thefacebook.com website and code. In short, Defendants must supplement their response to all aspects of Interrogatory No. 1.

  Interrogatory No. 2

  Defendants have improperly refused to respond to Interrogatory No. 2. Defendants' objection that the interrogatory "calls for information that is neither relevant to the subject matter of this action nor likely to lead to the discovery of admissible evidence" is unsustainable. The plans sought by this interrogatory are directly relevant to the growth and success of thefacebook.com website, Defendants' business model, and Defendants' profits from the unlawful acts alleged in the First Amended Complaint, and Plaintiff's damages. Defendants' objection that the interrogatory calls for confidential, proprietary, commercially sensitive, and/or trade secret information is also not sustainable in light of the Stipulated Protective Order entered in this case, to which the parties are bound. Defendants also object to this Interrogatory "as overbroad as to time period." It is not clear what is meant by this objection. However, if the Defendants are applying the arbitrary cutoff of May 21, 2004 (as they did with many of the production requests), this objection should be withdrawn.

  Defendants' resort to Federal Rule of Civil Procedure 33(d) with respect to this Interrogatory is also improper. First, Defendants have not shown that responding to this Interrogatory in the traditional manner would be unduly burdensome, nor have they even objected that to do so would be unduly burdensome. This Court has held that "[A]

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 3 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

prerequisite for invoking the Rule 33(c) [now Rule 33(d)] option is that there be a burden on the interrogated party if required to answer the interrogatory in the traditional manner." *Blakes Assoc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 289 (D. Mass. 1988). Thus, Defendants have not met the threshold requirement for invoking this rule. Moreover, it would be more burdensome for Plaintiff to sift through Defendants' documents to attempt to ascertain Defendants' plans called for by this interrogatory than for Defendants simply to describe them in a written response to this interrogatory, especially in view of the fact that Defendants have represented that no (or few) written plans exist, yet did not respond to this interrogatory by saying that no such plans exist in any form (such as unwritten form). Defendants have also provided no detail, or even the degree of detail expressly required by Fed. R. Civ. Rule 33(d) and Local Rule 33.1(B), where the information may be found. Defendants merely refer Plaintiff "to financial statements and the business plan-related documents produced" in response to ConnectU's First Request for the Production of Documents. This is not the level of details required by the Fed. R. Civ. P. or the local rules. It is not clear what "financial statements and the business plan-related documents" Defendants are referring to. If Defendants are referring to the Statements of Cash Flows at FACE002127-002128, those documents do not answer this interrogatory. Additionally, Defendants cannot rely on Rule 33(d) in lieu of answering this interrogatory and then only produce a limited amount of the business records from which the answer to this interrogatory can be derived. Defendants cannot invoke Rule 33(d) and then refuse to produce responsive documents. *See, e.g., Blake Assocs.*, 118 F.R.D. at 290 ("If a party is going to claim a privilege with respect to documents, the party cannot use Rule 33(c)[d]; rather, the party must answer the interrogatory in the traditional manner."). Here, Defendants have not provided full production in response to Production Request Nos. 70-71, 90-107, and 113, and appear to be making an objection to the "time period" and may have withheld documents created after May 21, 2004. Plaintiff cannot find the response to this interrogatory in the business records produced by Defendants. Therefore, Defendants must provide a complete written answer to this interrogatory, *Petroleum Ins. Agency, Inc. v. Hartford Accident & Indemnity Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983), updated to the date of your response.

For all of these reasons, Defendants must provide a complete written response to Interrogatory No. 2.

<u>Interrogatory No. 3</u>

Defendants' objections to Interrogatory No. 3 are unsustainable. ConnectU requested a description in detail of the work Mr. Zuckerberg performed for the website that was to be known as Harvard Connection. Defendants' objections based on terms being vague and ambiguous are not understood.

Defendants' answer to this interrogatory is insufficient, as it does not provide the details or facts surrounding the answer. In their response, Defendants state that "Mr.

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 4 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Zuckerberg performed work on the proposed Harvard Connection site, including writing code for some parts of the website and working on the 'Connect' side of the proposed Harvard Connection website." Defendants do not describe in detail the work Mr. Zuckerberg allegedly performed on the Harvard Connection website or the "parts" of the website for which he allegedly wrote code. Nor have Defendants produced any such code. Nor do Defendants describe in any detail the aspects of the "'Connect' side" of the proposed Harvard Connection website Mr. Zuckerberg allegedly worked on, or what he did. Defendants must provide a complete answer to this interrogatory.

### Interrogatory No. 4

Defendants have improperly refused to respond to this interrogatory. Interrogatory No. 4 requests identification of any quotes attributed to Mr. Zuckerberg in the media files attached as Exhibit A to ConnectU's First Set of Interrogatories that are not accurate or are allegedly quoted out of context. This is not unduly burdensome and harassing. The information sought by this interrogatory is directly relevant to Plaintiff's claims and Defendants' defenses and counterclaims.

Further, Defendants state that many of the articles "are cut off and/or are illegible." Defendants could have requested legible copies of any articles they could not read at any time, but have not done so.

### Interrogatory No. 6

Defendants have not stated any basis for the denials stated as purported "facts" that "belie" the allegedly false and defamatory factual representations identified in Defendants' response (see page 7, line 15 of Defendants' Response.) Defendants merely make conclusory statements without any basis. Defendants must identify and describe in detail the facts allegedly supporting Defendants' allegations that such representations are false.

### Interrogatory No. 7

Defendants have improperly refused to answer this interrogatory. Defendants must provide the facts on which paragraph 38 of the counterclaims is based. If Defendants are still investigating facts, they should also identify and describe in detail all persons who have been deterred from dealing with Thefacebook, Inc. and its business, or who have refused to do business with Thefacebook, Inc. or any of the individual Defendants, as the proximate result of any acts or omissions of the individual counterclaim defendants and/or ConnectU to the date of your response.

### Interrogatory No. 8

Defendants' response is incomplete. Defendants must identify and describe in detail how Thefacebook, Inc.'s reputation and inherent value were hurt, how the conduct

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 5 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

of Thefacebook, Inc.'s business has been interfered with, how Thefacebook, Inc.'s employees have responded to and attempted to mitigate the effects of the allegedly defamatory statements made by ConnectU, and how Plaintiff has competed unfairly for website traffic that otherwise would allegedly have been directed at thefacebook.com website.

### Interrogatory No. 9

Defendants have improperly refused to answer this interrogatory. Defendants' objections are not sustainable. This interrogatory seeks information that is relevant and is reasonably calculated to lead to the discovery of admissible evidence. For example, this interrogatory is relevant to the value of thefacebook.com website and Thefacebook, Inc., the growth and success of thefacebook.com website and Thefacebook, Inc., Defendants' profits from the unlawful acts alleged in the First Amended Complaint, and Plaintiff's damages.

Moreover, Defendants' objection that the interrogatory calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information is not sustainable. Defendants' refusal to respond on this basis is improper in light of the Stipulated Protective Order entered in this case, to which the parties are bound.

### Interrogatory No. 10

Defendants must provide a detailed answer to this interrogatory. In particular, with respect to the persons listed, Defendants must describe their duties, responsibilities, date of first employment, and salary. Defendants must also fully answer the interrogatory by identifying all developers (other than persons who performed work on the code for thefacebook.com), owners, shareholders, equity owners, rights holders, and employees of Thefacebook, Inc. and/or thefacebook.com website.

### Interrogatory No. 11

Defendants' response to this interrogatory is insufficient. The thefacebook.com website only provides a list of schools where thefacebook.com website is presently operating. This is insufficient. This interrogatory is relevant to the growth and value of thefacebook.com website, Defendants' improper head start on and usurpation of the market, the improperly obtained popularity of thefacebook.com website, and Plaintiff's damages. Defendants must provide a complete response, updated to the date of your response.

### Interrogatory Nos. 12-14

Defendants' responses to these interrogatories are insufficient for the same reasons as articulated for Interrogatory No. 11. Defendants must provide complete

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 6 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

responses to these interrogatories, broken down as requested. These interrogatories request information on a daily basis over a period of time. Defendants merely provided the requested information as of a single date. Defendants' answers therefore are nonresponsive.

Interrogatory No. 15

Defendants' various objections to this interrogatory are not sustainable. Defendants here have merely made a laundry list of objections. For example, there is nothing vague and ambiguous about the terms "fixed costs," "variable costs," "overhead," "revenue", "gross profit," "net profit," and "debt," nor have Defendants explained how this interrogatory is vague or ambiguous. Defendants also object to this request as "seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." This objection is not sustainable, as the financial information requested by this interrogatory is directly relevant to the issue of damages caused by Defendants' actions. Furthermore, the confidentiality objection is also not sustainable in light of the Stipulated Protective Order entered in this case, to which the parties are bound.

Defendants' resort to Fed. R. Civ. P. 33(d), referring Plaintiff to "the financial statement records produced by Defendants in response to Plaintiff and Counterclaim Defendants' First Request For The Production of Documents and Things" is not sufficient. Although Defendants have alleged a burden to respond to this interrogatory in writing, it would be more burdensome for Plaintiff to sift through Defendants' documents to attempt to ascertain the information called for by this interrogatory than for Defendants simply to provide it in a written response to this interrogatory, especially in view of Defendants' representations that Defendants have not kept good business records. Defendants also have provided no detail, or even the degree of detail expressly required by Fed. R. Civ. P. 33(d) and Local Rule 33.1(B), where the information may be found. Defendants merely refer Plaintiff "to the financial statement records produced" in response to ConnectU's First Request for the Production of Documents. This is not the level of detail required by the Fed. R. Civ. P. or the local rules. First, it is not clear what "financial statement records" Defendants are referring to. If Defendants are referring to the Statements of Cash Flows at FACE002127-002128, those documents do not answer this interrogatory. The Statements of Cash Flows do not list the fixed costs, the variable costs, the overhead, the debt, or other information requested by the interrogatory. Further, the Statements of Cash Flows only show information on two dates (12/31/04 and end of Q1 2005). The Statements do not show information on a monthly basis as requested. Thus, referring to financial statement records clearly is nonresponsive. Moreover, Defendants' responses to Plaintiff's first set of production requests, and the documents produced in response to such requests, are inadequate, as set forth in Plaintiff's July 5, 2005 letter, with respect to Request Nos. 70-71, 90-107, and 113. Defendants cannot rely on Rule 33(d) in lieu of answering this interrogatory and then only produce a limited amount of the business

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 7 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

records from which the answer to this interrogatory can be derived. *See, e.g., Blake Assoc.*, 118 F.R.D. at 290. Plaintiff cannot find the response to this interrogatory in the business records produced by Defendants. Therefore, Defendants must provide a complete written answer to this interrogatory, *Petroleum Ins. Agency, Inc. v. Hartford Accident & Indemnity Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983), updated to the date of your response.

For all of these reasons, Defendants must provide a complete written response to Interrogatory No. 15.

### Interrogatory No. 16

Defendants make a similar objection to Interrogatory No. 16 as to No. 15. In addition to the reasons set forth for Interrogatory No. 15, Defendants' response is inadequate because Defendants have not shown that responding to this Interrogatory in the traditional manner would be unduly burdensome, nor have they even objected that to do so would be unduly burdensome. This court has held that "[A] prerequisite for invoking the Rule 33(c) [now Rule 33(d)] option is that there be a burden on the interrogated party if required to answer the interrogatory in the traditional manner." *Blake Assocs. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 289 (D. Mass. 1988). Thus, Defendants have not met the threshold requirement for invoking this rule. Moreover, the "financial statement" records do not describe the monetary value of Thefacebook, Inc. and the thefacebook.com website. Plaintiff cannot find the response to this interrogatory in the business records produced by Defendants. Therefore, Defendants must provide a complete written answer to this interrogatory, *Petroleum Ins. Agency, Inc. v. Hartford Accident & Indemnity Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983), updated to the date of your response.

For all of these reasons, Defendants must provide a complete written response to Interrogatory No. 16.

### Interrogatory No. 17

Defendants' response does not identify the answer(s) for which each listed person provided information or other assistance. Defendants must provide a complete response to Interrogatory No. 17, updated to the date of your response, identifying the answer or answers for which each person provided information or other assistance.

### Interrogatory No. 18

Defendants also have not provided a complete response to this interrogatory. Defendants have not identified and described in detail the factual basis for:

1.  any copyright misuse defense;

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 8 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

2. any lack of standing defense;

3. the allegation that Plaintiff's damages were actually and proximately caused by the conduct of persons other than Defendants (for example, who are they and how did they allegedly cause such damage?);

4. any lack of ownership defense;

5. the allegation that the individual counterclaim defendants previously stated that they did not intend to pursue legal actions against Defendants (for example, who said what, and when?);

6. any similarities between the Harvard Connection code and thefacebook.com code that Defendants allege are incidental or an insufficient expression of originality to support a copyright;

7. the allegation that Plaintiff did not take appropriate steps to maintain the secrecy of its trade secrets;

8. any abandonment defense;

9. any license defense;

10. any defense that Plaintiff's damages were caused by its own conduct or misconduct (for example, what did Plaintiff do or fail to do?) or the conduct or misconduct of other persons (for example, who are they and what did they do or fail to do?);

11. the allegation that no contract exists between Plaintiff and Defendants (or between Plaintiff or its founders and Mr. Zuckerberg);

12. any defense that Plaintiff did not rely to its detriment on any acts or omissions of Mr. Zuckerberg, or that any such reliance was unreasonable;

13. the allegation that Plaintiff waited until thefacebook.com website became successful before filing suit;

14. any laches defense;

15. any waiver defense;

16. any failure to mitigate damages defense;

17. the allegation that Plaintiff (or the individual counterclaim defendants) defamed Mr. Zuckerberg and thefacebook.com;

Daniel K. Hampton, Esq.
Monte Cooper, Esq.
Page 9 of 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

18. any unclean hands defense;

19. any pre-emption defense;

20. any defense that Plaintiff has an adequate remedy at law;

21. any defense that the individual Defendants were acting in a corporate capacity before Thefacebook, Inc. was incorporated.

Defendants therefore must supplement their response.

We will contact you to schedule a conference call to discuss the issues covered by this letter, and by our July 28, 2005 letter relating to document discovery (in particular, your promises to produce additional documents), and to attempt to resolve these issues without the Court's involvement.

Sincerely,

By: *Troy E. Grabow*
Troy E. Grabow

TEG

cc: Steven M. Bauer, Esq. (via facsimile)
Neel I. Chatterjee, Esq. (via facsimile)
G. Hopkins Guy, III (via facsimile)
Robert B. Hawk, Esq. (via facsimile)
Gordon P. Katz, Esq. (via facsimile)
Michael M. Markman, Esq. (via facsimile)
Jeremy P. Oczek, Esq. (via facsimile)
Joshua H. Walker, Esq. (via facsimile)