

**ORRICK**

August 21, 2005

Joshua H. Walker
(650) 614-7339
jwalker@orrick.com

*VIA E-MAIL AND U.S. MAIL*

Troy E. Grabow Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   <u>ConnectU LLC v. Zuckerberg et al.</u>, Civil Action No. 1:04-cv-11923 (DPW)

Dear Troy:

This letter responds to your letter dated August 10, 2005 to Daniel Hampton and Monte Cooper, regarding Defendants and Counterclaimants' Responses to Plaintiff and Counterdefendants' First Set of Interrogatories ("Defendants' Responses"). I hereby respond with respect to Defendants TheFacebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes (here, and in future correspondence, the "Facebook Defendants").

As a threshold matter, I must reiterate the Facebook Defendants' position that it is obligated to produce no further discovery until ConnectU LLC ("ConnectU") has specified its claimed trade secrets with particularity, such that: (i) the Facebook Defendants agree that the specification is sufficiently particular; or (ii) a court has definitively ruled that it is sufficiently particular. *See* Letter from Monte Cooper to John Hornick dated August 19, 2005; Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross Motion for Protective Order.

Nevertheless, in good faith, and in anticipation of the requisite specification by ConnectU, we have reviewed your letter and are prepared to supplement certain of Defendants' Responses. Specifically, we are willing to review and reasonably supplement the following responses (assuming additional responsive information exists): 1; 2; 3; 4[1]; 7; 8; 15; and 16.[2] This agreement to supplement

---

[1] We hereby request a fully legible and complete set of all articles in Exhibit A to ConnectU's First Set of Interrogatories, in order to supplement this response.
[2] However, as a prerequisite to supplementing Response 16, we require that you provide an adequately specific clarification of the meaning of the term "monetary value."

Troy E. Grabow Esq.
August 21, 2005

constitutes no waiver as to or agreement with the characterizations in your letter, many of which are not correct.[3]

    The Facebook Defendants will not supplement and, again, stand by their objections, as to the following responses: 6; 9 - 14; 17; and 18. The response to interrogatory no. 6 is substantially detailed, and the Facebook Defendants are not obligated therein to provide exhaustive detail as to the non-occurrence of events fabricated by Counterdefendants or mischaracterized by them. Interrogatories 9 and 10 request incidental investment details completely irrelevant to actual net value, profits, and other information. The only possible value this level of additional information could have to Plaintiff is that it might allow Plaintiff to harass TheFacebook's affiliates and/or to unnecessary interfere with TheFacebook's business. In addition to the other problems noted in Defendants' Objections, Interrogatories 11-14 seek, over and above the responses provided, a grossly overburdensome level of detail – information which has no conceivable link to the claims or defenses at issue in this case. Response 17 is sufficient. Furthermore, it may be impossible to provide the complete segregation of information gathered to individual responses, as Plaintiff demands. Lastly, ConnectU's supplemental letter demand as to Interrogatory 18 (which Defendants already responded to in detail), comprises an amalgamation of no fewer than 21 different requests. It is compound *per se*. *See also* Defendants' Responses.

Sincerely,

*[signature]*

Joshua H. Walker, Esq.

cc:    John F. Hornick, Esq. (via e-mail)
        Robert B. Hawk, Esq. (via e-mail)
        Daniel K. Hampton, Esq. (via e-mail)
        Steve M. Bauer, Esq. (via e-mail)
        Jeremy Oczek, Esq. (via e-mail)

DOCSSV1:421923

---

[3] For example, as to response 1, you seem to conflate Mr. Chatterjee's hypothetical question to Plaintiff (regarding Plaintiff's evidence, or lack of evidence, for its copyright claim), with a factual admission. Moreover, the Facebook Defendants disagree with your characterization of Fed. R. Civ. P. 33(d). *Blakes Assoc. v. Omni Spectra, Inc.* (118 F.R.D. 283 (D.Mass. 1988)), addressed a situation where the respondent was withholding as privileged the full set of documents it was specifying in its response; and is therefore largely inapposite.