# EXHIBIT E

Case 1:04-cv-11923-DPW    Document 60-3    Filed 09/06/2005    Page 1 of 3



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
ORRICK TOKYO LAW OFFICES
a gaikokuho joint enterprise

IZUMI GARDEN TOWER, 28TH FLOOR
6-1 ROPPONGI 1-CHOME
MINATO-KU, TOKYO 106-6028, JAPAN

tel 81-3-3224-2900
fax 81-3-3224-2901
WWW.ORRICK.COM

Monte M.F. Cooper
(650) 614-7375
mcoope@orrick.com

August 19, 2005

VIA FACSIMILE AND MAIL

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:  *ConnectU, LLC v. Zuckerberg, et. al.*,
     Civil Action No. 1:04-cv-11923 (DPW)

Dear Mr. Hornick:

I am responding to your letters of July 28, 2005, and August 17, 2005 directed to Joshua Walker. Your letter of July 28, 2005 purports to summarize the four days of meet-and-confer discussions we engaged in with respect to Defendants' Responses to Plaintiff's Requests for Documents. However, notably absent from your summary is any reference to my repeated statements that the Facebook Defendants' willingness to produce responsive documentation, particularly with respect to categories demanding information from on or after May 21, 2004, was contingent upon ConnectU identifying its trade secrets with particularity. This letter addresses the effect of that omission.

During the discussions that occurred on July 13, 14, 18, and 26, you stated several times that you were considering producing a document detailing ConnectU's trade secrets – which fact greatly affected the willingness of the Facebook Defendants' to produce any documentation generated after May 21, 2004. However, rather than provide us with that letter, on July 28 (the same day you sent your letter outlining your understanding of our discussions), ConnectU moved to compel production of all documents generated after May 21, 2004, as well as all electronic copies of the individual Defendants' computers. Although we hoped that some of our expressed concerns relating to the lack of specificity of trade secrets might be allayed as a result of the Rule 30(b)(6) deposition of ConnectU that occurred on August 9, 2005, we were sorely disappointed when ConnectU not only refused to identify a witness competent to testify as to its copyright claims, but also produced a witness (Cameron Winklevoss) who repeatedly declined to explain what precisely are ConnectU's allegedly misappropriated trade secrets.

DOCSSV1:421848.3


ORRICK, HERRINGTON & SUTCLIFFE LLP
ORRICK TOKYO LAW OFFICES
a gaikokuho joint enterprise

IZUMI GARDEN TOWER, 28TH FLOOR
6-1 ROPPONGI 1-CHOME
MINATO-KU, TOKYO 106-6028, JAPAN

tel  81-3-3224-2900
fax  81-3-3224-2901

WWW.ORRICK.COM

August 19, 2005
Page 2

More to the point, ConnectU's Rule 30(b)(6) deponent refused to explain how the "ideas" he seemed to feel might be trade secrets were separate from generally well-known concepts, such as the "idea of creating an online college community at ... a network at the college level, focusing down, and basically the implementation of that, be it fields, be it whatever is necessary to tailor that to a specific niche community, as well as, ... stuff such as how do you secure such a network and let people into this network using a dot-edu address, et cetera." Rule 30(b)(6) Depo. of ConenctU, at 37:20-38:4. Generic references to "ideas" and "stuff" are simply not identifications of trade secrets – and certainly don't specify how the alleged trade secret is somehow separate from public knowledge.

As you know, the Facebook Defendants have now cross-moved for a protective order that demands that before any further discovery occurs, ConenctU must, in fact, identify its trade secrets with reasonable particularity in accordance with the authority of Massachusetts law, including *L-3 Communications Corporation et al. v. Reveal Imaging Technologies, Inc. et al.*, No. 035810BLS, 2004 WL 2915743, *13 (Mass. Super. Dec. 2, 2004) and *Microwave Research Corporation v. Sanders Associates, Inc.*, 110 F.R.D. 669, 673 (D. Mass. 1986). The demands you make in your letters of July 28 and August 18 are thus now largely moot.

Nonetheless, the Facebook Defendants continue in good faith to attempt to locate and identify responsive documents in the hope and anticipation that ConnectU eventually may specify the allegedly misappropriated trade secrets. Already, contrary to what you imply in your letters, the Facebook Defendants have produced thousands of pages of documents. Defendants have also produced three different versions of the Facebook's source code, including code dated as early as February 2004. We are attempting to identify what additional documents, if any, exist that are responsive to the categories identified in your letter of July 28, 2005, and will respond accordingly when we are able to parse the materials into the requests you cited. Where no documents exist at all, we will in fact supplement our prior responses and so state.

Very truly yours,

Monte M.F. Cooper

DOCSSV1:421848.3