# EXHIBIT F


# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

August 22, 2005

*VIA FACSIMILE AND MAIL*

John F. Hornick, Esq.
Troy Grabow, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re: *ConnectU, LLC v. Zuckerberg, et. al.*,
Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

This letter summarizes my understanding of the meet-and-confer the parties held today regarding their outstanding discovery disputes:

Based on your comments, sometime today ConnectU will be serving the Defendants with a Specification of Trade Secrets, as outlined in my letter of August 20, 2005, and prior discussions with you held on July 13, 14, 18, and 26, 2005. You indicated that this Specification will provide the identification of all trade secrets that ConnectU alleges the Defendants have misappropriated. I also understand that the list will include sufficient specificity to "describe the subject matter of the trade secret[s] with sufficient particularity to separate it from matters of general knowledge in the trade . . . and to permit the defendant to ascertain at least the boundaries within which the secret[s] lie[]." *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d. 980, 984 (S.D. Cal. 1999). As I noted, Defendants are prepared to proceed with discovery, provided that the Specification meets this threshold degree of clarity required by the law. We therefore look forward to receipt of this document.

You confirmed that there is no written assignment of Intellectual Property rights from Sanjay Mavinkurve to ConnectU and that all other such assignments have been produced. I note that this admission contradicts the testimony provided by ConnectU at the August 9, 2005 Rule 30(b)(6) deposition that "there was a written agreement somewhere" and ConnectU "produced it." *See* Rule 30(b)(6) Dep. of ConnectU, at 294:17-20.

DOCSSV1:422073.1


ORRICK

John F. Hornick, Esq.
Troy Grabow, Esq.
August 22, 2005
Page 2

Defendants are preparing a joint letter outlining various problems associated with that earlier Rule 30(b)(6) testimony of ConnectU, and are proposing that Mr. Winklevoss (or an adequately prepared witness) be made available at a later date for supplemental testimony. You indicated that you would review such a letter, but felt that the prior Rule 30(b)(6) deposition was adequate.

Furthermore, you stated that ConnectU will produce all documents in ConnectU's possession, custody, or control which are responsive to Defendants' Document Request Nos. 2, 4, and 6 within one week of today.

You further stated that Joshua Walker's letter of August 21, 2005 adequately apprised ConnectU of the Facebook Defendants' positions with respect to existing interrogatory responses. With respect to those interrogatory responses that Mr. Walker indicated the Facebook Defendants will be supplementing voluntarily despite the existence of the Motion for Protective Order, the Facebook Defendants agreed to do so within two weeks (*i.e.*, by September 6, 2005). With respect to Interrogatory No. 16, ConnectU refuses to clarify its meaning of "monetary value," and hence the Facebook Defendants will not be supplementing that Response.

With respect to prior document requests, including those set forth in your letter of July 28, 2005, the Facebook Defendants continue to search for relevant information generated both prior to and after May 21, 2004. However, as I noted above, the Facebook Defendants also have now cross-moved for a protective order that demands that before any further discovery occurs, ConnectU must, in fact, identify its trade secrets with specificity. *See L-3 Communications Corporation et al. v. Reveal Imaging Technologies, Inc. et al.*, No. 035810BLS, 2004 WL 2915743, *13 (Mass. Super. Dec. 2, 2004) and *Microwave Research Corporation v. Sanders Associates, Inc.*, 110 F.R.D. 669, 673 (D. Mass. 1986).

Regrettably, you nonetheless indicated that ConnectU does not believe it is required to provide such specificity, and hence will again be moving again to compel further production. This appears to be a concession that the trade secret specification will not meet the demands of the case law that you yourself now have reviewed. I further understand that you believe this issue should have been raised in May, rather than during the meet-and-confer sessions held in July. The Facebook Defendants disagree. TheFacebook (and other Defendants) provided documents in the spirit of compromise. However, Plaintiff's continual efforts to oppress and engage in an improper fishing expedition to harass required us to seek Court intervention. Despite our efforts to come to a reasonable solution, Plaintiff remains inflexible.


ORRICK

John F. Hornick, Esq.
Troy Grabow, Esq.
August 22, 2005
Page 3

    We have tried to advance discovery through voluntary production while protecting the Defendants' rights. More to the point, the trade secret disclosure issue was raised through the Facebook Defendants' written objections to the discovery requests that identified May 21, 2004 as the relevant cut-off date in the absence of particularization. Your real dissatisfaction appears to be with the law that demands that ConnectU specify any allegedly misappropriated trade secrets – a fact which only underscores the weakness of ConnectU's claims.

    The Facebook Defendants continue to be willing to produce relevant information actually tailored to the claims at issue. To date, it is only because ConnectU has been unable to articulate exactly what the Facebook Defendants misappropriated, and why the generic "ideas" mentioned in various discussions and at the Rule 30(b)(6) deposition should be deemed a trade secrets under Massachusetts law at all, that discovery has been impaired. This is solely a product of ConnectU's own deficient allegations, not any lack of good faith by the Defendants.

    In any event, we look forward to the receipt of ConnectU's specification of allegedly misappropriated trade secrets. Many of the parties' mutual concerns discussed today will be allayed if ConnectU produces the level of specificity and clarity of information that the law of trade secrets demands.

Very truly yours,

*Monte Cooper* /By KMM

Monte M.F. Cooper

DOCSSV1:422073.1