# EXHIBIT 8

LEXSEE 2000 U.S. DIST. LEXIS 22638

Northwest Airlines, Inc., Plaintiff; v. Local 2000, International, Brotherhood of Teamsters, AFL-CIO, et al., Defendants.

Civil No. 00-08 (DWF/AJB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, THIRD DIVISION

*2000 U.S. Dist. LEXIS 22638*

February 2, 2000, Decided
February 3, 2000, Filed

**DISPOSITION:** Defendants' motion for protective order granted in part and denied in part; Plaintiff's motion to compel discovery granted in part and denied in part.

**COUNSEL:** [*1] For Northwest Airlines, Inc., Plaintiff: Scott G. Knudson, Briggs & Morgan - St. Paul, St. Paul, MN. Timothy Robert Thornton, Briggs & Morgan - Mpls, Mpls, MN.

For Billie Davenport, President, Local 2000, Al Habib, Vice President, Local 2000, Danny Campbell, Secretary-Treasurer, Local 2000, Anne Toombs, Recording Secretary, Local 2000 - Chair, IBT Local 2000, Contract Action Team and Chair, IBT Local 2000 HAVOC Committee, Lovey Offerle, Executive Board, Local 2000, Joan Prince Crandall, Executive Board, Local 2000, Shadlea Bennett-Williams, Executive Board, Local 2000, Andrew Damis, Local 2000 Negotiating Committee Member, Jose Ibarra, SFO CAT and HAVOC Coordinator, Kristi Valenzuela, SEA CAT and HAVOC Coordinator, Bierne Desilets, BOS CAT and HAVOC, Scott Vanspeybroeck, CHI CAT and HAVOC Coordinator, Carl Badynee, DTW CAT and HAVOC Coordinator, Dorothy Hutchinson, HNL CAT and HAVOC Coordinator, Ashley McNeely, HNL Base Representative, Kaki Androsiuk, LAX CAT and HAVOC Coordinator, Gary Helton, LAX Base HAVOC Coordinator, Bob Boehm, MEM CAT and HAVOC Coordinator, Lou Rudy, NYC CAT and HAVOC Coordinator, defendants: Brendan D. Cummins, Miller, O'Brien, Mpls, MN. Daniel J. Froehlich, [*2] Air line Pilots Assn, Bloomington, MN. Michael B. Bloom, Bloom Law Office, Wayzata, MN. Richard Allen Miller, Miller, O'Brien, Mpls, MN.

For Contract Action Team, ("CAT"), HAVOC Committee, Rank and File Action Team, John Does, 1-100, Jane Does, 1-100, defendants: Brendan D. Cummins, Miller, O'Brien, Mpls, MN.

For Kevin Griffin, Ted W. Reeve, defendants: Andrew E. Tanick, Rider, Bennett, Mpls, MN. Barbara Harvey, Harvey Law Office, Detroit, MI. Gerald T. Laurie, Laurie & Laurie, St. Louis Park, MN. Paul Alan Levy, Public Citizen Litigation Group, Washington, DC.

For International Brotherhood of Teamsters, AFL-CIO ("IBT"), Local 2000 International Brotherhood of Teamsters, defendant: Brendan D. Cummins, Miller, O'Brien, Mpls, MN. Daniel J. Froehlich, Air line Pilots Assn, Bloomington, MN. J. Patrick Butler, Baptistes & Wilder, Washington, DC. Michael B. Bloom, Bloom Law Office, Wayzata, MN. Richard Allen Miller, Miller, O'Brien, Mpls, MN. Roland P. Wilder, Jr., Baptistes & Wilder, Washington, DC. William R. Wilder, Baptistes & Wilder, Washington, DC.

**JUDGES:** Arthur J. Boylan, United States Magistrate Judge.

**OPINIONBY:** Arthur J. Boylan

**OPINION:**

ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE [*3] ORDER AND PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on February 2, 2000, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, on defendant's motion for protective order [Docket No. 42] and plaintiff's motion to compel discovery [No Docket No.]. Timothy R. Thornton, Esq., appeared in person and John J. Gallagher, Esq., appeared by telephone on behalf of the plaintiff. Michael B. Bloom, Esq., appeared in person and Barbara Harvey, Esq., and Paul Alan Levy, Esq., appeared by telephone

Case 1:04-cv-11923-DPW    Document 60-6    Filed 09/06/2005    Page 3 of 3

Page 2
2000 U.S. Dist. LEXIS 22638, *

on behalf of defendants. Defendants Griffin and Reeve move for protective order denying or limiting plaintiff's access to computer hardware and information and communications which may be contained on the computer hard drives. Plaintiff moves for an order compelling defendants to answer deposition questions and produce documents.

Based upon the file, memorandums, and arguments of counsel, the Court hereby makes the following **ORDER:**

1. Defendants' motion for protective order is **granted in part and denied in part** [Docket No. 42].

2. Plaintiffs motion to compel discovery is **granted in part** [*4] **and denied in part** [No Docket No.] as stated in the record.

3. Defendants shall produce computer equipment at the various offices of Ernst & Young for purposes of examining and copying information and communications contained on the computer hard drives. The computer equipment shall be delivered by defendants and shall be examined by Ernst & Young personnel in accordance with terms of the attached **Protocol for Inspection and Copying of Computer and Communications Equipment**. Though the attached protocol is recited with substantially the same content as the proposed protocol submitted in letter form by plaintiff's counsel, (Plaintiff's Memorandum in Support of Motion to Compel, Exh. G), provision is added requiring that Ernst & Young prepare an itemized list of individual communications which are determined to be responsive under terms of the protocol. Paragraph 6 of the protocol contains a modification of the corresponding paragraph in the proposed protocol requiring that defendants be permitted opportunity to identify communications which may be privileged, relate to union collective bargaining strategies and negotiating positions, or are otherwise arguably non-discoverable, [*5] prior to disclosure to plaintiff. Ernst & Young shall complete its inspection of each unit of equipment and shall provide the parties with an itemized listing of "data deemed responsive" and shall provide defendants with copies of listed data within 24 hours of receipt of the particular piece of hardware. Defendants shall thereafter have 24 hours to review the documents, assert particularized objections to discovery items, disclose a privilege log with explanations, and advise Ernst & Young with regard to documents for which there is no objection to immediate disclosure to plaintiff Northwest.

4. Plaintiff's use of information and communications obtained through discovery in this action shall be limited to use in the present litigation and may not be shared except between counsel of record in this matter and for purposes of this case, except by further Order of the Court.

5. Plaintiff Northwest shall be responsible for full payment for services rendered by Ernst & Young.

Dated: 2/2/00

Arthur J. Boylan

United States Magistrate Judge