# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | |

**DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S
FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant and Counterclaimant TheFacebook, Inc. hereby propounds the following interrogatories to be answered, under oath, by an officer or agent of Plaintiff and Counterdefendant ConnectU LLC to the following interrogatories within thirty (30) days after service of these interrogatories, as required by Federal Rule of Civil Procedure 33.

      iv.    the substantial facts of the incident, occurrence, or event.

6. In identifying a natural person, state as to such person, the following information:

      i.    his/her name;

      ii.    his/her present or last known residence or business address; and

      iii.    whether there is or has ever been an employer-employee relationship, or a principal-agent relationship between such person and ConnectU and, if so, the nature of the relationship and the dates during which it existed.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify with precision and specificity all facts in support of Your contention that any HarvardConnection Code or ConnectU Code is infringed.

### INTERROGATORY NO. 2:

Identify with precision and specificity each and every alleged trade secret ConnectU contends was misappropriated by Defendants.

### INTERROGATORY NO. 3:

Identify with precision and specificity all facts in support of Your contention that any trade secret was misappropriated, including but not limited to a description of the precise manner in which each alleged trade secret was allegedly misappropriated.

### INTERROGATORY NO. 4:

For each alleged trade secret ConnectU contends that Defendants misappropriated, identify all ConnectU's products that incorporate each such alleged trade secret, including but not limited to the Product version number, website release date, and any other first public disclosure.

### INTERROGATORY NO. 5:

Identify all measures taken by ConnectU and HarvardConnection to preserve the confidentiality of the alleged trade secrets it contends Defendants misappropriated, as well as all known breaches of confidentiality by any Person other than Defendants, including, without limitation, any disclosure to any third party by Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, or other agents of ConnectU or HarvardConnection.

## INTERROGATORY NO. 6:

Identify all facts in support of Your contentions: (i) that HarvardConnection had a for-profit or related commercial purpose (specifying the date for which each given fact supports the existence of a for-profit purpose); and (ii) that any such for-profit purpose of HarvardConnection was communicated to any of the Defendants (specifying the date of the Communication), including, without limitation, any Communication of any business plan or related document to Mark Zuckerberg.

## INTERROGATORY NO. 7:

Identify all facts in support of Your contention that HarvardConnection is a predecessor in interest to ConnectU.

## INTERROGATORY NO. 8:

Identify all facts in support of Your contention that ConnectU LLC owns the alleged trade secrets or copyrighted material it contends Defendants misappropriated or infringed.

## INTERROGATORY NO. 9:

Identify all facts in support of ConnectU's contention that Mark Zuckerberg had a duty to maintain the alleged secrecy of the alleged trade secrets ConnectU contends Mark Zuckerberg misappropriated.

## INTERROGATORY NO. 10:

Identify all facts in support of ConnectU's contentions that each of its alleged trade secrets allegedly misappropriated by Defendants were not in the public domain at the time of any alleged misappropriation by Defendants, as well as all facts which may potentially support the argument that any alleged trade secret <u>was or is</u> in the public domain.

## INTERROGATORY NO. 11:

Identify all facts in support of ConnectU's contention that it suffered damages or other injury as a result of alleged wrongdoing in its Complaint, as well as all individuals with knowledge of such facts and documents supporting such contention.

## INTERROGATORY NO. 12:

Describe the circumstances of each disclosure by ConnectU to a third party of any ConnectU trade secret that ConnectU contends Defendants misappropriated, including, but not limited to, describing the date of each such disclosure, the identities of the third parties and individuals involved, all individuals with knowledge of such facts, and all documents relating to each disclosure.

## INTERROGATORY NO. 13:

Identify all facts in support of ConnectU's contention that Defendants put alleged trade secrets or copyrighted material to use, including but not limited to all individuals with knowledge of such facts and documents supporting the contention.

**INTERROGATORY NO. 14:**

Identify every public domain source, including but not limited to competitors' datasheets and website publications, textbooks, and trade show materials, that discloses or encompasses any of the alleged ConnectU trade secrets or alleged copyrighted material ConnectU contends Defendants misappropriated.

**INTERROGATORY NO. 15:**

Identify the U.S. state of which each of Cameron Winklevoss and Tyler Winklevoss is a citizen, respectively.

**INTERROGATORY NO. 16:**

Specify all instances in which Mark Zuckerberg was offered or given compensation for the work he completed or was to complete on HarvardConnection, including, without limitation (i) any direct monetary compensation, and (ii) any present or future interest in either HarvardConnection, ConnectU, or a related entity or project. Include the exact date, amount, and nature of any offer or payment, as well as the specific Communication through which any offer or payment was made.

**INTERROGATORY NO. 17:**

Specify the exact number of hours that were originally represented to Zuckerberg as the total number required to complete or otherwise make fully functional the HarvardConnection website, as well as the (i) precise number of hours and (ii) the number of calendar days that you contend Zuckerberg <u>agreed</u> to work on the HarvardConnection website.

Dated: July 11, 2005

ORRICK, HERRINGTON & SUTCLIFFE LLP

Joshua H. Walker
Attorneys for Defendant and Counterclaimant
THEFACEBOOK, INC.

## CERTIFICATE OF SERVICE

I, Marilyn Ortiz, hereby certify that on July 11, 2005, a true and correct copy of the foregoing **DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)** was served by the indicated means to the persons at the addresses listed:

Robert B. Hawk, Esq.  
Bhanu K. Sadasivan, Esq.  
Heller Ehrman, LLP  
275 Middlefield Road  
Menlo Park, CA 94025  
**Counsel for Eduardo Saverin**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

John F. Hornick  
Troy E. Grabow  
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  
901 New York Avenue N.W.  
Washington, DC 20001  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

Johnathan M. Gelchinsky  
Margaret A. Esquenet  
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  
1300 I Street N.W.  
Washington, DC 20005-3315  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

Lawrence R. Robins  
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  
55 Cambridge Parkway  
Cambridge, MA 02142  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

MARILYN ORTIZ