# EXHIBIT 5

Case 1:04-cv-11923-DPW   Document 65-6   Filed 09/08/2005   Page 1 of 5



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

JOHN F. HORNICK
(202) 408-4076
john.hornick@finnegan.com

September 1, 2005

**VIA FACSIMILE**

Monte Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

ConnectU LLC v. Mark Zuckerberg, et al., and THE FACEBOOK, INC.
Civil Action No. 1:04-cv-11923 (DPW)

Dear Monte:

This letter is intended to respond to all letters from your firm to which we have not yet responded in writing. If we missed any, please let us know.

M. Cooper's August 19, 2005 Letter to J. Hornick (re documents)

We met and conferred regarding this letter, and our July 28, 2005 and August 17, 2005 letters to which it responded, on August 22, 2005. As we understand your position, you will produce no further documents until your motion for protective order is resolved. However, we note that during the August 22 conference, the Facebook Defendants stated that they will provide a detailed response to our July 28, 2005 letter. To date, we have received no such letter. With respect to any points set forth in your letter that we did not discuss on August 22, please consider "Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and Plaintiff's Opposition to Thefacebook Defendants' Cross-Motion for a Protective Order" and Plaintiff's responses to the Facebook Defendants' first set of interrogatories as Plaintiff's response to your letter. Contrary to your letter, the demands of our July 28, 2005 and August 17, 2005 letters are not moot. We note that you say in your letter that "the Facebook Defendants continue in good faith to attempt to locate and identify responsive documents," and "[w]e are attempting to identify what additional documents, if any, exist that are responsive to the categories identified in your letter of July 28, 2005 and will respond accordingly when we are able to parse the materials into the requests you cited. Where no documents exist at all, we

Case 1:04-cv-11923-DPW    Document 65-6    Filed 09/08/2005    Page 3 of 5

Monte Cooper, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

will in fact supplement our prior responses and so state." In your August 22, 2005 letter, you stated that "the Facebook Defendants continue to search for relevant information generated both prior to and after May 21, 2004." Thus, we expect that you will produce documents and amend your responses to our production requests, consistent with our July 28, 2005 letter, immediately after the protective order issue is resolved, without further delay. With respect to any points in your letter to which you believe we have not responded, please assume that we disagree with your position.

### J. Walker's August 21, 2005 Letter to T. Grabow (re interrogatories)

We met and conferred regarding this letter, and our August 10, 2005 letter to which it responded, on August 22, 2005. It is our understanding from that conference and Monte's August 22, 2005 letter that the Facebook Defendants will supplement their responses to Interrogatory Nos. 1, 2, 3, 4, 7, 8, and 15 on or before September 6, 2005. As you requested in footnote 1 of your August 21 letter, we provided a fully legible copy of Exhibit A to our first set of interrogatories. With respect to any points set forth in your letter that we did not discuss on August 22, please consider "Plaintiff's Motion to Compel Answers to Interrogatory Nos. 6, 9-14, 16, and 18" and Plaintiff's responses to the Facebook Defendants' first set of interrogatories as Plaintiff's response to your letter. With respect to any points in your letter to which you believe we have not responded, please assume that we disagree with your position.

### M. Cooper's August 22, 2005 Letter to J. Hornick (re various matters)

Please consider Plaintiff's responses to the Facebook Defendants' first set of interrogatories, "Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and Plaintiff's Opposition to Thefacebook Defendants' Cross-Motion for a Protective Order", "Plaintiff's Motion to Compel Answers to Interrogatory Nos. 6, 9-14, 16, and 18", and our responses to your firm's August 19 and 21 letters (set forth above) as responses to your letter. You cite in your letter *Computer Economics,* which is a California case, and you said during our August 22, 2005 conference that you plan to treat this case as if California law applies. We disagree.

Regarding the 30(b)(6) testimony on the subject of Sanjay Marvinkurve, to which you refer in your letter, you have mischaracterized it and we have made no admission against interest. We suggest you read each entry in the transcript where this issue was discussed.

To date, we have received no letter from you regarding alleged deficiencies in the testimony provided during the August 9, 2005 30(b)(6) deposition of ConnectU.

961599_1

Monte Cooper, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

As requested, we produced the ConnectU code on August 29, 2005.

As stated above, we expect to receive the Facebook Defendants' supplemental responses to Interrogatory Nos. 1, 2, 3, 4, 7, 8, and 15 on or before September 6, 2005.

With respect to any points in your letter to which you believe we have not responded either in this letter or our 8/23/05 3:11pm email, please assume that we disagree with your position.

J.Walker's August 25, 2005 Letter to T.Grabow (re response to Int. No. 2)

As we discussed today, please consider "Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and Plaintiff's Opposition to Thefacebook Defendants' Cross-Motion for a Protective Order", as well as our responses to your firm's August 19 and 21 letters (set forth above), as Plaintiff's response to your letter. With respect to any points in your letter to which you believe we have not responded, please assume that we disagree with your position.

M.Cooper's August 31, 2005 Letter to J.Hornick

You have asked that we remove the Confidential designation from Plaintiff's responses to the Facebook Defendants' interrogatories. As discussed today, we reviewed the responses. We may be amenable to removing the confidential designation from the interrogatory answers. However, we will need your agreement (and Mr. Saverin's counsel's agreement) that our removal of the Confidential designation from our interrogatory responses will not be used by any Defendant as part of any argument at any time that Plaintiff has conceded that the trade secret combination identified therein was not a secret before February 4, 2004. Also, we will need your agreement (and Mr. Saverin's counsel's agreement) that our removal of the Confidential designation from our interrogatory responses will not be used by any Defendant as part of any argument at any time that Plaintiff has conceded that the Harvard Connection code is not a trade secret, or that the documents identified in response to Interrogatory Nos. 7 and 8 are not confidential.

With respect to any points in your letter to which you believe we have not responded, please assume that we disagree with your position.

961599_1

Monte Cooper, Esq.
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

M.Cooper's August 31, 2005 Letter to T.Grabow

This letter does not appear to require a response. With respect to any points in your letter to which you believe we have not responded, please assume that we disagree with your position.

Sincerely,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
John F. Hornick

JFH/sjb

cc:  Joshua H. Walker, Esq.      (via facsimile)
     Robert B. Hawk, Esq.         (via facsimile)
     Daniel K. Hampton, Esq.      (via facsimile)
     Steven M. Bauer, Esq.        (via facsimile)
     Neel I. Chatterjee, Esq.     (via facsimile)
     G. Hopkins Guy, III, Esq.    (via facsimile)
     Gordon P. Katz, Esq.         (via facsimile)
     Jeremy P. Oczek, Esq.        (via facsimile)
     Bhanu K. Sadasivan, Esq.     (via facsimile)

961599_1