UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                            Plaintiff,<br><br>   v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>                            Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                            Counterclaimants,<br><br>   v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                            Counterdefendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |

**Defendant Eduardo Saverin's Memorandum In Opposition To Plaintiff's Motion To Compel Responses To Interrogatories**

## I.     INTRODUCTION

Plaintiff ConnectU's ("ConnectU's") Motion to Compel as to defendant Eduardo Saverin is without merit.  Defendant Saverin has responded fully and completely to Interrogatory No. 18, the only interrogatory at issue in this motion that implicates defendant Saverin.[1]  Contrary to ConnectU's assertions, defendants have supplied a detailed response to Interrogatory No. 18, a response that spans nearly two pages, setting forth factual bases for defendants' affirmative defenses.  Neither the Federal Rules of Civil Procedure nor common sense requires more, and ConnectU has not pointed to any authority suggesting a further response here would be appropriate.  For these reasons and the reasons set forth in Defendants Zuckerberg, Moskovitz, McCollum, Hughes, and Thefacebook, Inc.'s Memorandum in Opposition to ConnectU's Motion to Compel, ConnectU's Motion should be denied as against defendant Saverin.

## II.    FACTUAL AND PROCEDURAL HISTORY

During the 2003-2004 school year, while a student at Harvard University, defendant Saverin became one of the founders of thefacebook.  As a student majoring in Economics who had not taken any Computer Science courses, defendant Saverin focused on the business side of thefacebook.

---

[1] The other interrogatories at issue in this motion do not concern defendant Saverin.  Specifically, Interrogatory No. 6 seeks "false and defamatory factual representations about Mr. Zuckerberg and/or thefacebook.com," information irrelevant to defendant Saverin's defenses in this action.  Interrogatory Nos. 9-14 and 16 seek information that defendant Saverin, who is not an officer or director of thefacebook, Inc., does not possess.

On April 7, 2005, ConnectU propounded eighteen interrogatories nominally directed to all defendants, but many of which do not concern Defendant Saverin. Since late 2004, Defendant Saverin has only been a shareholder of thefacebook, Inc. and therefore does not possess the information sought by several of the interrogatories. Defendants responded to ConnectU's interrogatories on May 31, 2005. Ignoring the distinctions among the defendants in this case, ConnectU has moved to compel further responses from Mr. Saverin.

### III.  ARGUMENT

#### A.  Defendant Saverin Has Adequately Answered Interrogatory No. 18.

A party seeking to show that responses to interrogatories are insufficient has the burden of proving that those responses are incomplete, inadequate, or false. *Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986); *Versatile Metals, Inc. v. Union Corp.*, No. 85-4085, 1987 U.S. Dist. LEXIS 13165, at *4 (E.D.Pa. 1987). Here, ConnectU has utterly failed to show how Defendants' response to Interrogatory No. 18 is insufficient in any way. Interrogatory No. 18 seeks "in detail the factual basis for each of Defendants' affirmative defenses." Defendants, in a response that spans nearly two pages, set forth in detail numerous bases for their affirmative defenses.

Notwithstanding defendants' responses, ConnectU incorrectly asserts that "Defendants have not identified and described in detail the factual basis" for "*any* copyright misuse defense," "*any* lack of standing defense," "*any* lack of ownership defense," "*any* abandonment defense," "*any* license defense," "*any* laches defense," "*any* waiver defense," "*any* failure to mitigate damages defense," and "*any* unclean hands

3

defense." ConnectU's Motion to Compel Responses to Interrogatories, at 16-18 (emphasis added).  ConnectU's assertions are patently baseless.  On its face, defendants' response to Interrogatory No. 18 sets forth factual bases for defendants' affirmative defenses.  Defendants, in fact, provide *three* factual bases for the copyright misuse defense, *two* factual bases each for the defenses of lack of standing, abandonment, waiver, and laches, and the factual basis for the defenses of lack of ownership, license, failure to mitigate damages, and unclean hands.

ConnectU also erroneously contends that Defendants' response is inadequate because Defendants did not identify the *basis for the factual bases*.  For example, ConnectU argues that Defendants must identify all the persons other than Defendants whose conduct resulted in Plaintiff's damages.  However, ConnectU's Interrogatory No. 18 would be objectionably compound if it did seek that information, and in any event it merely seeks "the factual basis for each of Defendants' affirmative defenses"-- information that Defendants have provided.  Defendant Saverin need not respond further.

In this context, a district court's comments on written interrogatories in a complex action is worth noting:

> written interrogatories to the defendants are not likely to be particularly helpful or useful to plaintiffs, and more likely than not, will only lead to unnecessary discovery disputes.  *See e.g., Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 720 (N.D. Ill. 1982) (the use of interrogatories by a discovering party may be quite limiting since such devices are "designed to identify discreet information or sources of information [and] not to elicit opinions on complex issues where the detailed cross examination allowed by deposition is imperative.").

*O' Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999).

In sum, ConnectU's motion to compel as to Defendant Saverin should be denied. Defendant Saverin has adequately answered Interrogatory No. 18.

## IV. CONCLUSION

For the foregoing reasons, Defendant Saverin respectfully requests that the Court deny ConnectU's Motion against him.

DATED: September 13, 2005

        /s/ Daniel K. Hampton

        Gordon P. Katz (BBO# 261080)
        Daniel K. Hampton (BBO# 634195)
        HOLLAND & KNIGHT, LLP
        10 St. James Avenue
        Boston, MA  02116
        Telephone:  (617) 523-2700
        dan.hampton@hklaw.com
        gordon.katz@hklaw.com

        Robert B. Hawk (*pro hac vice*)
        Bhanu K. Sadasivan (*pro hac vice*)
        HELLER EHRMAN LLP
        275 Middlefield Road
        Menlo Park, CA  94025
        Telephone:  (650) 324-7197

        Attorneys for Defendant Eduardo Saverin

# 3213381_v2