IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>      Defendants.<br><br>MARK ZUCKERBERG and THEFACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>  and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>  Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |

**REPLY TO DEFENDANTS' OPPOSITIONS TO
PLAINTIFF'S MOTION TO COMPEL ANSWERS
TO INTERROGATORY NOS. 6, 9-14, 16, AND 18**

**I. Introduction**

  Defendants' strategy in opposing Plaintiff's motions to compel filed to date is to ignore Plaintiff's arguments, say Plaintiff never made them, and hope the Court does not remember or reread Plaintiff's opening brief. Accordingly, Plaintiff will not repeat

such arguments here, and limits this reply to the new arguments made by the Facebook Defendants and Co-Defendant Saverin in their separate opposition briefs. Plaintiff also will not reply here to Defendants' whitewashing of the facts, which are set forth in each of Plaintiff's opening briefs, and updated from brief to brief.[1]

Defendants' basic arguments are that the information sought by these interrogatories is irrelevant, and that Plaintiff should receive no additional discovery until Defendants' cross motion for a protective order (filed August 18, 2005 and now fully briefed) is decided. In its opening brief, Plaintiff explained the relevance of the information, but Defendants ignored such explanation. Defendants' cross motion for protective order is now moot because Plaintiff identified its trade secret combination four days after the Facebook Defendants filed such motion, in its timely response to Defendants' Interrogatory No. 2, yet discovery is at a standstill because Defendants are using the fact that the cross motion has not yet been decided as a means of delaying important discovery and running out the discovery clock.

## II. Argument

**Interrogatory No. 6**

---

[1] In their brief, the Facebook Defendants also whitewash the "Course of Discovery" ("Opp." at 4-5), stating that they have produced a version of thefacebook.com source code "containing files one or more files [sic] dated as early as February 2004." In fact, that version of thefacebook.com code is corrupted, unreadable, and incomplete, the oldest source code file for thefacebook.com website contained in that version is dated August 1, 2004, and the one file dated February 3, 2004 is a third party file (namely, a published library of programs available for public use in building websites), not source code for the thefacebook.com. The Facebook Defendants also state, incorrectly, that Plaintiff has refused to designate a witness for three Rule 30(b)(6) topics. In fact, the Facebook Defendants' designation of thefacebook.com source code as confidential under the Protective Order makes it impossible for Plaintiff to provide a witness on such topics because no fact witness for Plaintiff can see the Facebook Defendants' website code.

The Facebook Defendants argue that they provided "**nine** false and defamatory factual representations," and "eleven supporting facts." (Opp. at 8-9, emphasis in original)  The key here is the alleged eleven supporting facts, which any reader can see are not supporting facts at all, but conclusory statements that in almost every case are simply negations of the nine allegedly false and defamatory statements.  Plaintiff explained in great detail in its opening brief (at 6-7) the type of supporting facts that the Facebook Defendants should be able to provide if in fact the alleged false and defamatory facts have any support at all.  Defendants argue without citing authority that such facts are not required by Fed. R. Civ. P. 33 (Opp. at 9).

Plaintiff is essentially asking for the facts that Thefacebook, Inc. and Mr. Zuckerberg would be required to provide in declarations opposing a summary judgment motion on the counterclaims.  The Facebook Defendants' answer to this interrogatory proves what Plaintiff already knew:  Thefacebook, Inc. and Mr. Zuckerberg have no factual support for their counterclaims, which cannot survive summary judgment.  Nevertheless, for the reasons set forth in Plaintiff's opening brief and in this reply, the Court should order the Facebook Defendants to provide in response to this interrogatory the type of supporting facts described in Plaintiff's opening brief, with such level of detail.

**Interrogatory No. 9**

The Facebook Defendants fail to respond to Plaintiff's explanation of why the information sought by this interrogatory is relevant.  Mr. Saverin did not oppose Plaintiff's motion with respect to this interrogatory at all.  However, the Facebook Defendants ask how one tiny part of the information requested by this interrogatory (meals and concert tickets) relate to "any valuation of any party's damages."  In fact, all

3

of the perks being heaped upon Defendants by investors are perks that could be and would have been heaped upon ConnectU (including Mr. Zuckerberg) if Mr. Zuckerberg had not jumped ship and had helped ConnectU's founders launch their website as agreed, instead of stealing the idea and launching his own.  Such perks are also indications of the phenomenal success of Defendants' wrongdoing.  Obviously, investors and potential investors see great value in thefacebook.com, as evidenced not only by the dollars they are willing to invest, but also by the fact that they feel the need to court the Defendants with perks.

The Facebook Defendants also argue that the interrogatory is compound and confusing.  To the contrary, the punctuation of the interrogatory makes it clear, and it is not compound because it seeks one type of information, namely, Defendants' investors, investor money, investor gifts, and other financing.  In this regard, Plaintiff can't win.  If Plaintiff were to ask only for such information (without the examples provided in the interrogatory), Defendants would object that the interrogatory needs further refinement (as they did with No. 16, *infra*), and if Plaintiff provides details of the type of information it seeks, as it did here, Defendants call it compound and confusing.

To date, Defendants have provided no response to this interrogatory.  For the reasons set forth in Plaintiff's opening brief and this reply, the Facebook Defendants should be ordered to answer this interrogatory, and Mr. Saverin should be ordered to answer it if he has received or provided any of the benefits this interrogatory asks him to identify, and/or if he attended any of the meetings sought to be identified by this interrogatory.

**Interrogatory No. 10**

Again, the Facebook Defendants did not address Plaintiff's explanation of the relevancy of the information sought by this interrogatory, or of why Defendants' answer is incomplete. Nor did they explain why they provided some responsive information, but not the missing information. They argue instead that they identified their "key players" (Opp. at 10), but this interrogatory requests much more information. They object that they don't understand the term "rights holder." Those would be people who hold rights in thefacebook.com or Thefacebook, Inc. They also say they don't understand the word developers "other than those 'who performed work on the website code'." Those would be people who developed the website in other ways. Defendants say "[i]t is unclear who such persons would be." Plaintiff is surprised that Defendants are even bothering this Court with such arguments. Certainly Defendants know who their website developers were and are, and should identify anyone who contributed to its development, such as by developing graphics, developing screen displays, developing information requested or provided by the user interface, etc.

Co-Defendant Saverin did not answer this interrogatory, or respond to Plaintiff's motion, even though he is an admitted "shareholder of thefacebook,[sic] Inc." (Saverin's Opp. at 3). Moreover, the Facebook Defendants did not identify Mr. Saverin as a shareholder, equity owner, or rights holder, as this interrogatory requires.

The Facebook Defendants cite *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 186-87 (1st Cir. 1989), but unlike the defendant there, Defendants did not object that this interrogatory is burdensome. True, the Facebook Defendants objected that part of the information sought by this interrogatory is overly broad, namely, identifying employees on a monthly basis. But Thefacebook, Inc. is a small company,

5

not IBM, and has not had many employees since its inception. Providing such information on a monthly basis may require a little work and detail only with respect to employees who have left, and it is Plaintiff's understanding that few people fall into such category. With respect to people who are still with Thefacebook, Inc., the Facebook Defendants need only state their start date and that they haven't departed.

Plaintiff can't understand why it should not be entitled to obtain the information sought by this interrogatory. Other than by obtaining information on the Facebook Defendants' officers, employees, rights holders, developers, etc. on a monthly basis, how else will Plaintiff know who worked for thefacebook.com at times relevant and important to this case, such as who was part of the unincorporated proprietorship that ran thefacebook.com for the first six months, who worked there when ConnectU launched, and who worked with Mr. Zuckerberg before launch? By learning the names of Thefacebook, Inc.'s shareholders, equity owners, and rights holders, Plaintiff can also seek third party discovery from them, such as on the value of the Thefacebook, Inc. and thefacebook.com website, which information Defendants have been determined not to provide.

Moreover, Defendants have sought discovery from ConnectU as to the percentage of Harvard Connection to which Mr. Zuckerberg was entitled while he was a Harvard Connection partner. The implication of their deposition questions is that if the percentage was not defined before Harvard Connection launched, Mr. Zuckerberg was not a partner. (See Ex. 26 Trans. at 63-69) The Facebook Defendants did not incorporate until six months after launch and have adjusted ownership shares over time (Ex. 17, C6193). Thus, some of the information sought by this interrogatory, namely,

6

thefacebook.com's and Thefacebook, Inc.'s owners, shareholders, equity owners, and rights holders, on a monthly basis from thefacebook.com's inception to the present, is directly relevant to defusing the Facebook Defendants' argument.

For these reasons and the reasons set forth in Plaintiff's opening brief, all Defendants should be required to provide a complete answer to this interrogatory.

**Interrogatory No. 11**

The Facebook Defendants argue that Plaintiff has not identified any tangible discovery benefit to this information, but did not respond to Plaintiff's detailed explanation of the relevance of such information, which Plaintiff will not repeat here. They also state that "ConnectU has not demonstrated why it cannot extract the relevant information from the documents it already has access to." What a strange argument. If Plaintiff could extract such information, it would not be moving to compel, and if the Facebook Defendants really believe they have produced documents from which Plaintiff can extract such information, why don't they identify such documents, or at least suggest what they are? Moreover, Defendants are admittedly withholding all post-May 21, 2004 nonfinancial documents, so how could Plaintiff possibly extract the information sought by this interrogatory for the past 16 months of thefacebook.com's operation?

Although this interrogatory seeks information from August 2003, Plaintiff obviously does not expect information about thefacebook.com before it existed. However, Plaintiff chose a date prior to thefacebook.com's launch date (February 4, 2004) in case Defendants made it available on a test or other prelaunch basis before its official launch date.

For the reasons set forth in Plaintiff's opening brief and this reply, the Facebook Defendants should be required to answer this interrogatory, which to date they have not

7

answered at all. If they do not answer this interrogatory, or if the Court denies this motion with respect to this interrogatory, Defendants should be precluded from presenting evidence on these issues, and from attempting to counter any of Plaintiff's evidence presented on the subject matter of this interrogatory.

**Interrogatory No. 12-14**

The Facebook Defendants argue that "[t]here can be no rational purpose for such overbroad and unnecessary request," yet they did not respond to Plaintiff's rational basis for requesting this information, as set forth in Plaintiff's opening brief. Again, they suggest that Plaintiff has "obtained such information through other discovery" (Opp. at 12), but provide no indication of where such information may be found in their documents, as required by Fed. R. Civ. P. 33(d) (see *infra*) (Plaintiff has not yet taken any depositions because Defendants are withholding too many documents and are currently refusing to provide any discovery until their cross motion for protective order is resolved).

For the reasons set forth in Plaintiff's opening brief and this reply, the Facebook Defendants should be required to answer these interrogatories, which to date they have not answered at all. If they do not answer these interrogatories, or if the Court denies this motion with respect to these interrogatories, Defendants should be precluded from presenting evidence on these issues, and from attempting to counter any of Plaintiff's evidence presented on the subject matter of these interrogatories.

**Interrogatory No. 16**

The Facebook Defendants did not respond to any of Plaintiff's legal arguments (see Plaintiff's opening brief at 13-15). Specifically, they failed to respond to Plaintiff's argument that Defendants have not met the threshold requirement for invoking Fed. R.

8

Civ. P. 33(d). Nor have they responded to Plaintiff's arguments regarding the relative burdens (to Plaintiff versus Defendants) of answering this interrogatory. Nor did the Facebook Defendants responds to Plaintiff's arguments regarding the degree of detail they must provide, yet have failed to provide, under Rule 33(d). *See also, O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 277-78, 279-80 (C.D. Cal. 1999) (ruling that "when voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories," and providing guidance on the use of Rule 33(d)). Most importantly, the Facebook Defendants failed to respond to Plaintiff's argument that Defendants are required by *Petroleum Ins. Agency v. Hartford Accident & Indemnity Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983), to provide a written response to this interrogatory because Plaintiff has stated that it cannot find the response to this interrogatory in the business records produced by Defendants. Plaintiff will not repeat such arguments here.

The Facebook Defendants also argue that this interrogatory is unclear because they don't know what "monetary value" means. They say "monetary value" could mean "net present value," "estimated value," investment value", "market value", or "asset value." Aren't these the same thing? Isn't the net present value of a company its monetary value? Isn't any statement of value an estimate? Isn't the monetary value of a company its investment value? Isn't its monetary value or investment value or asset value its market value? If some of these are different (certainly they are not all different), couldn't Defendants have simply provided one or more of these measures of

value and explained the basis? Certainly they can provide the value that their damages expert will provide.

More importantly, the terms Defendants provide are a trap. If Plaintiff had used such terms, Defendants would have asked Plaintiff what they mean, and demanded a definition. Yet they are able to toss them around in opposition to Plaintiff's motion as if they have precise meanings, and argue that Plaintiff could have obtained the information it wanted if it had simply used one or more of them. For example, in response to the Facebook Defendants' request for a definition of monetary value, Plaintiff could have asked for the value of Thefacebook, Inc. and thefacebook.com website under ALL of these measures.[2] At that point, the Facebook Defendants would have objected that such measures need further definition, or are redundant, or that requesting all measures is overly broad and unduly burdensome. Plaintiff hopes these arguments expose Defendants' objections for what they are: sophistry applied to prevent Plaintiff from obtaining discovery of a common sense thing, namely, the monetary value of Thefacebook, Inc. and thefacebook.com.

Mr. Saverin is a shareholder of Thefacebook, Inc., yet he did not respond to this interrogatory or to this part of Plaintiff's motion.

For the reasons set forth in Plaintiff's opening brief and this reply, all Defendants should be required to answer this interrogatory, which to date they have not answered at all. If they do not answer this interrogatory, or if the Court denies this motion with respect to this interrogatory, the Defendants' expert should be precluded from

---

[2] In this regard, the Facebook Defendants state that they are willing to answer this interrogatory "so long as ConnectU provides a reasonable clarification of a central term." (Opp. at 8) ConnectU hereby specifies that "monetary value" means net present value, estimated value, investment value, market value, and asset value.

10

presenting a value of Thefacebook, Inc. and/or thefacebook.com, and from attempting to counter any of Plaintiff's evidence presented on this issue.

**Interrogatory No. 18**

The Facebook Defendants did not respond to Plaintiff's arguments that their response to this interrogatory provides only conclusory statements, and that Defendants provided none of the facts underlying their defenses. Anyone who reads Defendants' response can see this. Co-Defendant Saverin argued that Defendants "provide *three* factual bases for the copyright misuse defense, *two factual* bases each for the defenses of lack of standing, abandonment, waiver, and laches, and the factual basis for the defenses of lack of ownership, license, failure to mitigate damages, and unclean hands." (Saverin Opp. at 4, emphasis in original) Unfortunately, none of the Defendants identifies such factual bases they claim are provided in the interrogatory answer.

With respect to the copyright misuse defense, Defendants claim in the interrogatory answer that "Plaintiff did not own the copyright covering the Harvard Connection Code" and that "Defendants did not copy or use the Harvard Connection Code in connection with thefacebook.com website, so any similarity between the Harvard Connection code [sic] and thefacbook.com are at most incidental or an insufficient expression of originality to support a copyright." Still, any reader must ask, "what are the factual bases for such arguments and for a copyright misuse defense?" The same defect is true of all of the other defenses and statements identified in Plaintiff's opening brief.

Defendants also object that the interrogatory is compound. The interrogatory itself is simply stated: "Describe in detail the factual basis for each of Defendants'

11

affirmative defenses." If such an interrogatory is compound, requiring a separate interrogatory for each defense, plaintiffs are automatically unable to learn the bases for affirmative defenses through interrogatories in any case like this one, where Defendants have asserted 24 affirmative defenses, because the use of a separate interrogatory for each defense would eat up almost all of the interrogatories permitted to the Plaintiff.

Co-Defendant Saverin cites *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999)(*cited supra*), for the proposition that interrogatories have only limited utility. Plaintiff has been unable to identify any case in this court declaring that interrogatories can only be used for identifying certain types of information, and the Local Rules are silent on this issue as well. In fact, Fed. R. Civ. P. 33(c) states that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)(1)." Fed. R. Civ. P. 33(c) also includes a provision that seems directly at odds with *O'Connor*:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, . . .

This provision expressly contemplates that interrogatories may ask a party to state an opinion or contention that relates to fact of the application of law to fact. This is precisely the type of answer that Interrogatory No. 18 seeks. In fact, the Court's statement in *O'Connor* is dicta and entirely unrelated to the Court's ruling, which was to grant Plaintiff's motion to compel 18 of 20 interrogatory answers because defendants failed to comply with Rule 33(d).

For the reasons set forth in Plaintiff's opening brief and this reply, all Defendants should be required to answer this interrogatory, providing the factual basis for the defenses and statements set forth in Plaintiff's opening brief.

## III. Conclusion

For the reasons set forth in Plaintiff's opening brief and this reply, Plaintiff urges the Court to grant its motion to compel interrogatory answers.

Respectfully submitted,

/s/ John F. Hornick
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:   (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Plaintiff and Counterclaim Defendants

DATED:  September 19, 2005