UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>　　　　　　　　　Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>　　　　　　　　　Counterdefendants. | |

**Defendant Eduardo Saverin's Memorandum In Opposition To Plaintiff's Motion To Compel Production Of Documents In Response To Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113, and 169**

I.  **INTRODUCTION**

Plaintiff ConnectU's ("ConnectU's") Motion to Compel is inapt and without merit as to Defendant Eduardo Saverin ("Saverin"). On its face, the Motion is substantively directed to the Facebook Defendants, not Defendant Saverin — seeking documents specifically concerning the Facebook defendants and/or records and data regarding the corporate defendant's ongoing operations. Defendant Saverin, however, is neither an officer, director nor employee of Thefacebook, Inc, and he is not a logical or reasonable target for these requests.

Subsequent to the filing of ConnectU's Motion, when asked to clarify the extent to which, if any, the Motion was directed to Defendant Saverin, ConnectU's counsel initially refused. Declaration of Robert B. Hawk ("Hawk Decl."), ¶ 4. Ultimately, ConnectU's counsel refused even to narrow his Motion with respect to requests directed specifically to other named defendants (*e.g.* Request Nos. 42, 44, 45, and 46, relating to Messrs. Zuckerberg, Moskovitz, McCollum and Hughes) or requests seeking Thefacebook, Inc.'s financial, bank account, or other corporate records (*e.g.* Request Nos. 90-95 and 98-103). For these reasons alone — because most of the requests at issue in this Motion are not properly directed to Defendant Saverin, and because ConnectU is itself unclear regarding meet and confer negotiations and the intended targets of this Motion — this Court should deny the Motion as to Defendant Saverin.

To the extent that two of the document requests, Request No. 96 (seeking tax returns) and Request No. 169 (seeking consulting expert documents), may be read as

1

applicable to Defendant Saverin, this Motion should also be denied. With respect to Request No. 96, Mr. Saverin's tax returns contain private information wholly irrelevant to the claims in this action. Any relevant information could be obtained through less intrusive, more narrowly tailored, alternative means. Request No. 169 seeks documents that, to the extent they exist, are subject to work product protection afforded litigation consulting experts. For these reasons and the reasons set forth in Defendants Zuckerberg, Moskovitz, McCollum, Hughes, and Thefacebook, Inc.'s Memorandum in Opposition to ConnectU's Motion to Compel, ConnectU's Motion should be denied as to Mr. Saverin.

## II.   FACTUAL AND PROCEDURAL HISTORY

During the 2003-2004 school year, while a student at Harvard University, Mr. Saverin became one of the founders of Thefacebook. As a student majoring in Economics who had not taken any Computer Science courses, Mr. Saverin focused on the business side of Thefacebook. Mr. Saverin, however, has never been an officer, director or employee of the corporate defendant in this lawsuit, Thefacebook, Inc. Nonetheless, with no knowledge of any wrongdoing by Mr. Saverin (or even of the nature of Mr. Saverin's involvement in Thefacebook), ConnectU named him personally as a defendant in this action.

On July 28, 2005, ConnectU filed a motion to compel the production of mirror images of defendants' hard drives and other electronic memory devices and documents created after May 21,2004. On August 18. 2005, Defendant Saverin and the Facebook

defendants each filed an opposition to ConnectU's motion to compel. Without waiting for this Court to rule on its July 28, 2005 motion, ConnectU filed this motion.

## III. ARGUMENT

### A. ConnectU's Motion Is Inapplicable As To Defendant Saverin

For at least two reasons, ConnectU's Motion does not pertain to, and is without merit with respect to, Defendant Saverin. *First*, ConnectU's Motion is on its face directed at the Facebook Defendants, *i.e.*, Thefacebook, Inc. (in large part) and the other four individual defendants. In its Memorandum of Points and Authorities in Support of ConnectU's Motion to Compel ("Memo"), ConnectU repeatedly seeks documents from the Facebook Defendants, not Defendant Saverin. *See* Memo, at 3 ("Thus, Plaintiff files the present motion seeking the immediate production of *the Facebook defendants' documents*."); *Id.* at 8 ("Plaintiff requests that the Court order the *Facebook Defendants* to produce immediately the documents that they previously agreed to produce or were "leaning toward" producing."); *id.* ("The following are the production requests that the *Facebook Defendants* agreed to produce during the meet and confer conference (See Ex. 20), and they should be ordered to produce immediately.").

*Second*, ConnectU's document requests at issue in this Motion seek, in substance, documents concerning the other individual defendants or records pertaining to the ongoing operations of Thefacebook, Inc. Specifically, Document Request Nos. 42 and 44-46 concern matters involving the Harvard Administrative Board and the individual Facebook defendants, requests that have nothing to do with Defendant Saverin. Document Requests No. 70-85-95, 98-105, 107-110, 113 seek documents regarding the

3

ongoing operations of Thefacebook, Inc., including traffic to Thefacebook website, Thefacebook, Inc.'s costs, profits, debts, revenues, assets, corporate documents, owners, investors, shares, and server location, and plans and strategies of Thefacebook, Inc. Common sense (and hours of meet and confer regarding these Requests) establish that ConnectU should seek the documents at issue, if at all, from Thefacebook, Inc. In fact, prior to filing this Motion, ConnectU's counsel had understandably focused meet and confer efforts for these requests only on counsel for the Facebook Defendants. Hawk Decl. ¶ 2.

In all events, Defendant Saverin has not "withheld" documents responsive to these requests. Hawk Decl., ¶ 2. Responsive documents created or before May 21, 2004 in Mr. Saverin's possession have been produced to ConnectU. *Id.* Documents created after May 21, 2004 — to the extent in Mr. Saverin possesses any such responsive documents — are the subject of ConnectU's pending Motion to Compel Electronic Images and Documents Created After May 21, 2004. Further, because of the nature of the requests now at issue, it is unlikely that Defendant Saverin possesses many, if any, post-May 21, 2004 documents responsive to these requests. And, to the extent that such documents exist, it is a virtual certainty that TheFacebook Defendants would also have them.[1]

---

[1] Defendant Saverin has joined the Facebook Defendants' currently pending Motion for Protective Order, based on ConnectU's failure to adequately specify its trade secrets. For the reasons set forth in defendants' papers in support of that Motion, the Court should also deny ConnectU's Motion here.

4

B.   **Defendant Saverin Should Not Be Compelled To Produce His Tax Returns Or Documents Relating To Consulting Experts.**

With respect to the only two document requests at issue in this Motion that can be read as applicable to Defendant Saverin, Nos. 96 and 169, both are objectionable, and ConnectU's Motion should be denied as to both. Request No. 96, seeking Defendants' income tax returns, should be denied because tax returns are irrelevant to the claims and defenses in this action, and any relevant information regarding "payments" or "income" can be obtained through alternative means. *See Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 43 (D. Mass. 2001) (stating that for tax returns to be discoverable: "(1) they must be relevant to the action and (2) the information contained therein must be otherwise unobtainable").

Although ConnectU asserts (incorrectly) that defendants' tax returns are relevant to Defendants' profits and Plaintiff's damages, Memo, at 16, ConnectU ignores the fact that tax returns reflect in large part irrelevant but very private information. Any information regarding income to Mr. Saverin from Thefacebook — assuming *arguendo* the relevance of such information — can be obtained from other, much less intrusive sources, *e.g.*, an interrogatory inquiring about the amount, if any, that Mr. Saverin has received from Thefacebook, requests for other documents evidencing such payments. Notably, ConnectU has not otherwise sought any information in discovery to establish whether Defendant Saverin received income from Thefacebook. Given the alternative means of discovery, this Court should deny ConnectU's motion to compel the production of income tax returns. *See Malanka v. Data General Corp., Inc.*, No. 85-2154-Mc, 1986 WL 541, at

5

*3 n. 14 (D. Mass. July 2, 1986) ("Public policy favors the non-disclosure of income tax returns. The production of tax returns should not be ordered unless it clearly appears they are relevant to the subject matter of the action or because the information contained therein is not otherwise readily available.").[2]

This Court should also deny ConnectU's motion with respect to Request No. 169, because it seeks consulting expert documents protected by the work product doctrine. Information pertaining to consultation with experts not designated as testifying experts is privileged as attorney client communication and work product. See generally *Cavallaro v. U.S.*, 284 F.3d 236, 247 (1st. Cir. 2002 ). The Federal Rules of Civil Procedure limit discovery of non-testifying experts to those circumstances when the propounding party makes "a showing of *exceptional circumstances* under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. Pro. 26(b)(4) (emphasis added); *U.S. v. 215.7 Acres of Land, More or Less, Situate in Kent County, State of Del.*, 719 F. Supp. 273, 277-78 (D. Del. 1989) (stating that owners of condemned property were not entitled to obtain discovery of non testifying experts, where experts had been retained in anticipation of litigation, Government had not yet decided whether it would call experts at trial and landowners made no showing of exceptional circumstances). Certainly, ConnectU has made no showing here that it

---

[2] Defendant Saverin also never agreed to produce tax returns. To the extent that ConnectU's motion asserts that Defendants promised to produce or were "leaning" towards producing certain documents, that is incorrect with respect to Defendant Saverin's tax returns. Hawk Decl., ¶ 3.

should be no permitted discovery into documents related to defendants' experts, when none of the parties have yet designated testifying experts.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Saverin respectfully requests that the Court deny ConnectU's Motion against him.

DATED: September 22, 2005

                                         /s/ Gordon P. Katz

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
dan.Hampton@hklaw.com
gordon.katz@hklaw.com

Robert B. Hawk (*pro hac vice*)
Bhanu K. Sadasivan (*pro hac vice*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:  (650) 324-7197

Attorneys for Defendant Eduardo Saverin