# EXHIBIT D

September 12, 2005

**VIA E-MAIL AND U.S. MAIL**

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   ConnectU LLC v. Zuckerberg et al., Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

    This letter is a joint-letter on behalf of Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. ("Facebook Defendants", represented by Orrick Herrington & Sutcliffe, LLP) and Eduardo Saverin (represented by Heller Ehrman LLP).

    As previously discussed in recent meet and confer teleconferences following the August 9, 2005 deposition of ConnectU LLC, we have identified portions of the transcript where: ConnectU's designee was non-responsive, evasive, or obfuscatory; where ConnectU's counsel was unduly disruptive of the questioning, wasting deposition time (e.g., through undue argumentation), or was coaching the witness; or where ConnectU otherwise failed to fulfill its obligations under the Federal Rules of Civil Procedure. This listing of transcript portions is attached hereto as Exhibit A.

    The attached list is not exhaustive. For example, it does not include ConnectU's utter failure to designate a witness and fulfill its discovery obligations as to noticed topics 7-9, which issue we have already met and conferred upon.

    We will contact you by telephone shortly, in order to coordinate a meet and confer on this matter at the earliest possible time. We look forward to resolving these problems.

Very truly yours,

/s/ Robert Hawk
Robert Hawk, Esq.
Counsel for Eduardo Saverin

/s/ Monte M.F. Cooper
Monte M.F. Cooper, Esq.
Counsel for the Facebook Defendants

DOCSSV1:424777.1

John F. Hornick Esq.
September 12, 2005


cc:   Troy E. Grabow Esq. (via e-mail)
      Daniel K. Hampton, Esq. (via e-mail)
      Steve M. Bauer, Esq. (via e-mail)
      Jeremy Oczek, Esq. (via e-mail)

DOCSSV1:424777.1

Page and line numbers correspond to the condensed transcript. Certain portions of the transcript may be included primarily to provide context. For example, a question may be included in the cited portion to provide context for a non-responsive answer.

- 22:2-23:22
- 41:12-24
- 43:10-23
- 47:20-49:7
- 49:23-51:4
- 52:12-53:23
- 56:24-58:12
- 59:25-60:1-6
- 60:12-18
- 60:21-61:4
- 63:23-67:25
- 68:1-9
- 68:18-25
- 69:1-19
- 72:6-73:4
- 74:9-25
- 80:2-19
- 81:20-82:14
- 87:23-90:25
- 93:23-94:18
- 99:6-103:19
- 108:3-111:24
- 112:10-113:6
- 120:11-122:9
- 135:2-11
- 140:1-144:25
- 204:22
- 205:1-209:25
- 210:5-16
- 215:24-218:25
- 230:25-231:25
- 243:12-24
- 248:16-250:16
- 253:17-25
- 256:4-20
- 257:5-18
- 259:20-260:14
- 268:3-269:25
- 279:14-281:6
- 281:11-287:6
- 292:16-19
- 302:18-303:22

- 304:3-305:25
- 313:24-25
- 322:12-323:19
- 325:4-25
- 326:13-334:11
- 343:2-13
- 343:21-356:1-25
- 359:23-360:5
- 365:17-366:22
- 369:9-373:7
- 376:8-20
- 378:22-379:10
- 380:4-20
- 382:14-383:6
- 384:9-11
- 387:24-388:5

Defendants generally object, and include herein, all instances in which the designee, Cameron Winklevoss, stated his belief, opinion, or assumption – unless specifically asked therefor. *E.g., passim,* ("would have"; "[i]t's my belief that").