# EXHIBIT 2



Not Reported in F.Supp.2d                                                                                                                Page 1
Not Reported in F.Supp.2d, 2004 WL 764466 (D.Mass.)
**(Cite as: 2004 WL 764466 (D.Mass.))**

H
Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
In re: LUPRON® MARKETING AND SALES
PRACTICES LITIGATION
No. MDL 1430, 01-CV-10861-RGS.

March 2, 2004.

Thomas G. Shapiro, Shapiro, Haber & Urmy, LLP, Thomas M. Sobol, Hagens Berman, Boston, MA, for Plaintiff.

Anita B. Bapooji, Deborah S. Birnbach, Joseph F. Savage, Jr., Matthew A. Wolfman, Monica Meier Franceschini, Testa, Hurwitz & Thibeault, LLP, Daniel A. Curto, McDermott, Donald R. Frederico, Will & Emery, Martin F. Murphy, Rheba Rutkowski, Bingham McCutchen LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER ON DEFENDANT TAP PHARMACEUTICAL'S MOTION TO COMPEL INDIVIDUAL PLAINTIFFS TO PRODUCE DOCUMENTS*

STEARNS, J.

*1 TAP Pharmaceutical Products, Inc. (TAP) seeks an order compelling the individual plaintiffs [FN1] to produce documents responsive to its Requests Nos. 9 (medical records), 12 (tax returns), and 39 and 40 (documents supporting allegations of TAP's fraudulent marketing activities). [FN2] Plaintiffs object to the motion, arguing that certain of the requests are premature, while others (the requests for tax returns and medical records) are irrelevant.

> FN1. Plaintiff Jama Russano dismissed her claims against defendants on February 25, 2004.

> FN2. The complete text of Requests 39 and 40 is:
> 39. All documents supporting, rebutting or otherwise relating to Plaintiff's allegations in Paragraph 4 of the Complaint that Defendants' alleged "improper marketing and sales practices include *inter alia:* (a) deliberately overstating the published average wholesale price (AWP") for Lupron®--the rate upon which Medicare reimbursement (and Medicare beneficiaries co-payments) as well as many other insurers' payments are set--so that Plaintiffs and the Class pay an artificially inflated amount of money for Lupron®; (b) providing free samples of Lupron® to medical providers and instructing, with the intent, that they could and should unlawfully bill Medicare, private insurers and individual patients for the free samples; (c) providing other unlawful financial inducements and hidden price discounts; and (d) actively concealing, and causing others to conceal, information about the true price being charged for Lupron®.
> 40. All documents that support, rebut or otherwise relate to Plaintiffs' allegations in Paragraphs 109-127 of the Complaint that "Defendants concealed their fraudulent conduct from the Plaintiffs and the Class," including all documents, if any, relating to acts of concealment by Defendants, and all documents, if any, indicating that Medicare regulators and administrators did not know that AWP commonly exceeded acquisition costs.

As explained in a previous discovery Order, medical records evidence corroborating the number of Lupron® injections each plaintiff received, the amounts paid for the injections, and the reimbursements, if any, received from third party payors is relevant. Plaintiffs state that this information has been or will be promptly produced. Plaintiffs are required to go no further.

The request for plaintiffs' individual tax returns seeks largely irrelevant and quasi-privileged information. See *Pedraza v. Holiday Housewares, Inc.,* 203 F.R.D. 40, 43 (D.Mass.2001). Plaintiffs will, however, disclose any amounts paid for Lupron® that figure in a deduction taken for medical expenses on returns filed over the years in which defendants are alleged to have engaged in the over-pricing scheme.

The information sought by Requests Nos. 39 and 40, if it exists, is most likely in the possession of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 764466 (D.Mass.)
**(Cite as: 2004 WL 764466 (D.Mass.))**

Page 2

defendants. This aspect of the motion to compel is therefore presently *DENIED* without prejudice.
  SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 764466 (D.Mass.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.