# EXHIBIT 3



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 764454 (D.Mass.)
(Cite as: 2004 WL 764454 (D.Mass.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
In re: LUPRON® MARKETING AND SALES
PRACTICES LITIGATION
No. MDL 1430, 01-CV-10861-RGS.

March 17, 2004.

Jeffrey L. Kodroff, Spector & Roseman, Philadelphia, PA, Michael J. Flannery, The David Danis Law Firm, P.C., St. Louis, MO, Thomas G. Shapiro, Shapiro, Haber & Urmy, LLP, Thomas M. Sobol, Hagens Berman, Boston, MA, for Plaintiff.

Anita B. Bapooji, Deborah S. Birnbach, Joseph F. Savage, Jr., Matthew A. Wolfman, Monica Meier Franceschini, Testa, Hurwitz & Thibeault, LLP, Daniel A. Curto, Donald R. Frederico, McDermott, Will & Emery, Fiona S. Trevelyan, Martin F. Murphy, Rheba Rutkowski, Bingham McCutchen LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT TAP PHARMACEUTICAL, INC. TO PRODUCE DOCUMENTS*

STEARNS, J.

*1 Plaintiffs seek an order compelling TAP Pharmaceutical Products, Inc. (TAP) to produce documents responsive to their requests for the following categories of documents: No. 2 (Board of Directors meeting minutes); No. 18 (methodologies for determining the average wholesale price (AWP) of drugs manufactured or marketed by TAP); No. 27 (copies of depositions taken in related Lupron® litigation); No. 36 (the personnel files of specified TAP employees); and No. 40 (documents produced to the federal government in response to a February 7, 2001 letter request from an Assistant United States Attorney). TAP objects to most, but not all, aspects of the motion to compel.

TAP represents that it has produced copies of the directors' minutes, redacting only those items that touch on proprietary or irrelevant matters (research and development, patent and licensing information, and discussions of drugs other than Lupron®). Plaintiffs, for reasons that are not wholly apparent, insist that they are entitled to information regarding drugs other than Lupron® that are manufactured and/or marketed by TAP. This litigation is about the pricing of Lupron®. The court is not unaware that other lawsuits have been filed, many by the same attorneys participating in this case, involving drugs marketed by TAP and other pharmaceutical companies other than Lupron®. Discovery related to these drugs is better conducted in a more appropriate forum, particularly in the absence of any convincing explanation of the relevance to this case of TAP's marketing practices with respect to its non-Lupron® drugs.

In a similar vein, plaintiffs seek documents related to the methodologies that TAP used to determine the AWP for Lupron® and its other drugs. The motion to compel is *ALLOWED* with respect to all documents related to the calculation of the AWP for Lupron® and all documents related generically to the calculation of AWPs. With respect to documents related to the calculation of the specific AWPs for non-Lupron® drugs, the motion is *DENIED* with one exception: TAP will produce documents relating to the AWP for any non-Lupron® drug that was calculated by a formula other than the one described in TAP's Opposition Memorandum.

The motion to compel the production of deposition transcripts taken of TAP employees in related Lupron® litigation is *DENIED* without prejudice pending a decision by Judge Visalli on the matter in the New Jersey case of *Walker v. TAP Pharmaceutical Products*. The court is, however, inclined to agree with plaintiffs (and TAP) that there is no apparent reason for deeming the transcripts privileged or outside the scope of production.

The request for the entire personnel files of non-party TAP employees is *DENIED* as overly broad and infringing on the legitimate privacy interests of the affected employees. The court will entertain a more tailored request seeking information, if any, contained in the personnel records that directly relates to the employees' participation (or refusal to participate) in the alleged pricing scheme, or biographical information necessary to fill gaps in an employee's curriculum vitae.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 764454 (D.Mass.)  
**(Cite as: 2004 WL 764454 (D.Mass.))**

Page 2

*2 The motion to compel the production of documents voluntarily disclosed by TAP to the Department of Justice is *ALLOWED*. While the government in requesting the documents agreed to treat them with the confidentiality accorded to documents produced to the grand jury under Fed.R.Crim.P. 6(e), that obligation, while binding on the government and its attorneys, does not vitiate the scope of TAP's waiver of the attorney-client and work product privilege, whether it acceded to the government's request out of self-interest, or as TAP claims, for quasi-altruistic reasons. [FN1] The case might be different if plaintiffs were seeking to compel the government to release these same documents (although it might be noted that the production of documents under a promise to treat them as if they were Rule 6(e) material is not quite the same thing as producing the documents under Rule 6(e)--nor does Rule 6(e) impose an absolute rule of nondisclosure on the government). While the public policy stakes can be argued both ways--on the one hand, private parties should be encouraged to cooperate voluntarily with government investigations--on the other hand, government should not be in the business of insulating wrongdoers from civil redress--the First Circuit has come down firmly on the side of the many circuits that hold that the voluntary disclosure of privileged material, even when undertaken pursuant to a contractual or regulatory obligation, results in a waiver. See *United States v. Massachusetts Institute of Technology,* 129 F.3d 681 (1st Cir.1997).

> FN1. Plaintiffs' point that TAP has forfeited any privilege claim by failing to provide a log designating documents for which a privilege is claimed is not trivial. See *In re Grand Jury Subpoena,* 274 F.3d 563, 575-576 (1st Cir.2001).

*ORDER*

For the foregoing reasons, plaintiffs' motion to compel is *ALLOWED* in part and *DENIED* in part, as reflected in the above memorandum of decision.
  SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 764454 (D.Mass.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.