# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

       PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TheFacebook, Inc. ("TheFacebook") will take the deposition by oral examination of Plaintiff and Counterdefendant ConnectU LLC ("ConnectU"), which deposition will now commence on August 9, 2005, at the offices of Proskauer Rose LLP,

One International Place, 22nd Floor, Boston, MA 02110, or at such other time and place as mutually agreed by counsel. The deposition will continue from day to day until completed. The testimony of the deponent(s) will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ConnectU is obligated to designate a person(s) to testify on its behalf concerning each of the matters set forth in the Amended Attachment A hereto. ConnectU previously designated Cameron Winklevoss for this deposition.

AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC

Dated:  July 27, 2005.

Respectfully submitted,

_____ /s/

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Joshua H. Walker*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
ddaybell@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, and
THEFACEBOOK, INC.

* Admitted Pro Hac Vice

DOCSSV1:417815.1

AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC

## AMENDED ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A.    "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.    The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.    "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.    As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "Documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document"

includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

E.    "Amended Complaint" means the First Amended Complaint by ConnectU LLC.

F.    "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.    "Infringe" or any variant thereof, including but not limited to "Infringing" and "Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory, or by inducement.

H.    "Code" or "Software" refers to any computer source code, computer object code, or functionalities of computer software, including, without limitation, any code required for a web site to function.

I.    "Product," "Device," "Technology" and "System" to the extent any such term may describe any software product, refers to each and every version of such software product.

J.    "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf. It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed.

To the extent that a deposition topic relates to information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection.  To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must <u>separately</u> detail your response *vis-à-vis* HarvardConnection.

K.     "Counterdefendants" means ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

L.     "HarvardConnection" means a project to develop a web site for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such web site.

M.     "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

N.     "Information" (as in "confidential business information") includes procedures.

O.     "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

P.     The time period covered by the below topics, unless otherwise specified, is any time period encompassing the greatest number and scope of information called for or identified in these requests.

## DEPOSITION TOPICS

1.      The circumstances and terms of the alleged agreement involving Mark Zuckerberg referenced in Paragraph 17 of the Amended Complaint.

2.      Confidential information and/or trade secrets allegedly entrusted to Mark Zuckerberg, including the confidential information referenced in Paragraph 16 of the Amended Complaint.

3.      Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

4.      Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

5.      The conception, design, and development of the HarvardConnection web site and the ConnectU web site.

6.      The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint..

7.      Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

8.      Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

9.      Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip") prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and date of production, in addition to the specific Code you contend is Infringing.  To the extent You claim

AMENDED ATTACHMENT A

You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

10.    Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

DOCSSV1:417844.3

AMENDED ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

## <u>DECLARATION OF SERVICE VIA FACSIMILE AND FEDERAL EXPRESS</u>

    I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

    On July 27, 2005, I delivered to the below listed individuals the following documents:

1.    **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL

| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on July 27, 2005. |
|---|---|
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on July 27, 2005. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
**Facsimile: (202) 408-4400**

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
**Facsimile: (617) 452-1666**

### ATTORNEYS FOR PLAINTIFF CONNECTU

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
**Facsimile: (650) 324-0638**

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
**Facsimile: (617) 523-6850**

### ATTORNEYS FOR DEFENDANT EDUARDO SAVERIN

Executed on July 27, 2005, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_Amy Dalton_
Amy Dalton

-2-
DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CONNECTU LLC,

Plaintiff,

v.

MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,

Defendants.

MARK ZUCKERBERG, and THEFACEBOOK, INC.,

Counterclaimants,

v.

CONNECTU LLC,

Counterdefendant,

and

CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,

Additional Counterdefendants.

CIVIL ACTION NO. 1:04-cv-11923 (DPW)

## OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

Plaintiff and Counterclaim Defendant ConnectU L.L.C. ("ConnectU") hereby serves these Objections to the Amended Notice of Deposition of Plaintiff and Counterclaim Defendant ConnectU LLC Pursuant to Fed. R. Civ. P. 30(b)(6), served by Thefacebook, Inc. on July 27, 2005, (referred to herein as the "Amended Notice") on

Defendants and Counterclaimants Thefacebook, Inc. and Mark Zuckerberg and Defendants Eduardo Saverin, Dustin Moscovitz, Andrew McCollum, and Christopher Hughes (collectively, "Defendants").

These objections are made without waiving any rights or objections or admitting the relevance or materiality of any subject upon which oral examination has been requested. ConnectU reserves all objections for the deposition.

## GENERAL OBJECTIONS

ConnectU objects as follows to the "Definitions and Instructions" and "Deposition Topics" set forth on Amended Attachment A of the Amended Notice (referred to herein as "Amended Attachment A"):

1.     ConnectU objects to the definition of ConnectU in paragraph J of the Definitions and Instructions for purposes of the deposition to the extent that the definition is not limited to the single corporate entity ConnectU LLC. The designated witness will testify only as to matters covered by Amended Attachment A and known or reasonably available to the single corporate entity ConnectU LLC, subject to all other objections. ConnectU objects to the instruction to respond with specific information relating to ConnectU and Harvard Connection separately.

2.     ConnectU objects to the definitions to the extent they are inconsistent with Local Rule 26.5.

3.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek testimony regarding information subject to attorney-client privilege and/or work product immunity.

4.      ConnectU objects to each of the Deposition Topics, and to any questions directed to the witness designated to speak on behalf of ConnectU, to the extent such topics and/or questions are directed to the witness in his personal capacity.

5.      ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information beyond the scope and limits of, or contrary to, the Federal Rules of Civil Procedure, the Local Rules, any orders of the Court, and/or any stipulations of the parties.

6.      ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information unrelated to any claim or defense asserted by any party in the action, and/or information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

7.      ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information relating to any individual Counterclaim Defendant.

8.      ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information outside the corporate knowledge, possession, custody, or control of ConnectU LLC.

9.      ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information prematurely.

10.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information primarily within the knowledge, possession, custody, or control of Defendants.

11.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions are vague, ambiguous, indefinite in scope, meaning, or otherwise, indefinite in time, harassing, and/or unduly burdensome.

12.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions cause the deposition to last more than one day of seven hours, plus reasonable breaks.

13.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information in contravention of the Stipulated Protective Order.

14.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek a legal conclusion or legal contentions.

15.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information that can be more expeditiously and efficiently obtained through other methods and/or sources.

16.     ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions are duplicative of other discovery.

17.    ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions seek information not readily known by any persons currently within ConnectU's control, information outside ConnectU's corporate records, and/or information beyond any witnesses' reasonable ability, knowledge, or recall.

18.    ConnectU objects to each of the Deposition Topics, and to any questions during the deposition, to the extent such topics and/or questions call for expert testimony.

## SPECIFIC OBJECTIONS

Subject to and without waiving its General Objections, which are incorporated herein by reference, ConnectU objects to the individual Deposition Topics as follows:

### Topic No. 3:

Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

### Specific Objections to Topic 3:

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent it requests testimony by ConnectU as to any source code used by Mark Zuckerberg in the thefacebook.com website or produced by Defendants. Because Defendants have designated source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding uses by Mark Zuckerberg or any other Defendant of the Harvard Connection source code.

ConnectU also objects to this topic because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of the thefacebook.com website. ConnectU therefore also objects to this topic as premature and as calling for expert testimony.

## Topic No. 4:

Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

## Specific Objections to Topic 4:

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent it requests testimony by ConnectU as to any source code used by Mark Zuckerberg in the thefacebook.com website or produced by Defendants. Because Defendants have designated all source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding any of Plaintiff's confidential business information to the extent it is embodied in the source code for thefacebook.com. ConnectU also objects to this topic because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the

February 2004 launch of the thefacebook.com website. ConnectU therefore also objects to this topic as premature and as calling for expert testimony.

**Topic No. 6:**

The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint.

**Specific Objections to Topic 6:**

In addition to the General Objections set forth above, ConnectU objects to this topic as premature. ConnectU also objects to this topic to the extent that it would require ConnectU to review information designated as Confidential Information under the Stipulated Protective Order. A 30(b)(6) witness of ConnectU cannot testify on this topic to the extent that it requires reviewing Defendants' Confidential documents.

**Topic No. 7:**

Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

**Topic No. 8:**

Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

**Topic No. 9:**

Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip" prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and

date of production, in addition to the specific Code you contend is Infringing. To the extent You claim You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

**Specific Objections to Topics 7- 9:**

In addition to the General Objections set forth above, ConnectU objects to these topics to the extent they request testimony by ConnectU as to any source code produced by Defendants. Because Defendants have designated all source code they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any of the source code produced by Defendants. Therefore, a 30(b)(6) witness of ConnectU cannot testify regarding any of ConnectU's infringement allegations. ConnectU also objects to these topics because Defendants to date have not produced any Harvard Connection code that Mr. Zuckerberg allegedly worked on, and have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of the thefacebook.com website. ConnectU also objects to these topics as premature and as calling for expert testimony. ConnectU also objects to these topics to the extent they request testimony as to corrupted code produced by Defendants. ConnectU also objects to Topic No. 9 to the extent it purports to reserve any rights to depose ConnectU regarding such topic.

## Topic No. 10:

Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

## Specific Objections to Topic 10:

In addition to the General Objections set forth above, ConnectU objects to this topic to the extent that it requests legal conclusions, legal testimony, or legal contentions, which ConnectU cannot provide. ConnectU also objects to this topic to the extent it seeks testimony regarding information subject to attorney-client privilege and/or work product immunity.

Subject to the above General and Specific Objections, ConnectU designates Cameron Winklevoss to testify on its behalf.

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:  (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants

DATED:  August 3, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6) was served by facsimile and Federal Express overnight courier on August 3, 2005 to the following:

Daniel K. Hampton, Esq.
HOLLAND & KNIGHT, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
617.523.6850(fax)

Robert B. Hawk, Esq.
HELLER EHRMAN, LLP
275 Middlefield Road
Menlo Park, CA 94025
650.324.0638(fax)

Steven M. Bauer, Esq.
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110-2600
617.526.9899 (fax)

Joshua H. Walker, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
650.614.7401 (fax)

LAW OFFICES
## FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001

Telephone
(202) 408-4000

Facsimile
(202) 408-4400

## FACSIMILE TRANSMITTAL

**TO**

| | | **FROM** | |
|---|---|---|---|
| Name: | Joshua H. Walker, Esq. | Name: | Troy E. Grabow, Esq. |
| Firm: | Orrick, Herrington & Sutcliffe LLP | Phone No.: | 202.408.4391 |
| Fax No.: | 650.614.7401 | Fax # Verified by: | P. Hart MD 900 |
| Phone No.: | 650.614.7339 | # Pages (incl. this): | |
| Date: | August 3, 2005 | Our File No. | 06017.8052 |
| Subject: | *ConnectU LLC v. Zuckerberg et al.* Civil Action No. 1:04-cv-11923 (DPW) | | |

Confirmation Copy to Follow: No

Message:

**If there is a problem with this transmission,** notify fax room at (202) 408-4174 or the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.

# EXHIBIT 3

September 12, 2005

*VIA E-MAIL AND U.S. MAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:    <u>ConnectU LLC v. Zuckerberg et al.</u>, Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

This letter is a joint-letter on behalf of Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. ("Facebook Defendants", represented by Orrick Herrington & Sutcliffe, LLP) and Eduardo Saverin (represented by Heller Ehrman LLP).

As previously discussed in recent meet and confer teleconferences following the August 9, 2005 deposition of ConnectU LLC, we have identified portions of the transcript where: ConnectU's designee was non-responsive, evasive, or obfuscatory; where ConnectU's counsel was unduly disruptive of the questioning, wasting deposition time (e.g., through undue argumentation), or was coaching the witness; or where ConnectU otherwise failed to fulfill its obligations under the Federal Rules of Civil Procedure. This listing of transcript portions is attached hereto as Exhibit A.

The attached list is not exhaustive. For example, it does not include ConnectU's utter failure to designate a witness and fulfill its discovery obligations as to noticed topics 7-9, which issue we have already met and conferred upon.

We will contact you by telephone shortly, in order to coordinate a meet and confer on this matter at the earliest possible time. We look forward to resolving these problems.

Very truly yours,

/s/ Robert Hawk
Robert Hawk, Esq.
Counsel for Eduardo Saverin

/s/ Monte M.F. Cooper
Monte M.F. Cooper, Esq.
Counsel for the Facebook Defendants

DOCSSV1:424777.1

John F. Hornick Esq.
September 12, 2005


cc:    Troy E. Grabow Esq. (via e-mail)
       Daniel K. Hampton, Esq. (via e-mail)
       Steve M. Bauer, Esq. (via e-mail)
       Jeremy Oczek, Esq. (via e-mail)

**Exhibit A** to Joint Letter re ConnectU LLC 30(b)(6)  Deposition of August 9, 2005

Page and line numbers correspond to the condensed transcript.  Certain portions of the transcript may be included primarily to provide context.  For example, a question may be included in the cited portion to provide context for a non-responsive answer.

- 22:2-23:22
- 41:12-24
- 43:10-23
- 47:20-49:7
- 49:23-51:4
- 52:12-53:23
- 56:24-58:12
- 59:25-60:1-6
- 60:12-18
- 60:21-61:4
- 63:23-67:25
- 68:1-9
- 68:18-25
- 69:1-19
- 72:6-73:4
- 74:9-25
- 80:2-19
- 81:20-82:14
- 87:23-90:25
- 93:23-94:18
- 99:6-103:19
- 108:3-111:24
- 112:10-113:6
- 120:11-122:9
- 135:2-11
- 140:1-144:25
- 204:22
- 205:1-209:25
- 210:5-16
- 215:24-218:25
- 230:25-231:25
- 243:12-24
- 248:16-250:16
- 253:17-25
- 256:4-20
- 257:5-18
- 259:20-260:14
- 268:3-269:25
- 279:14-281:6
- 281:11-287:6
- 292:16-19
- 302:18-303:22

1

<u>Exhibit A</u> to Joint Letter re ConnectU LLC 30(b)(6)  Deposition of August 9, 2005

- 304:3-305:25
- 313:24-25
- 322:12-323:19
- 325:4-25
- 326:13-334:11
- 343:2-13
- 343:21-356:1-25
- 359:23-360:5
- 365:17-366:22
- 369:9-373:7
- 376:8-20
- 378:22-379:10
- 380:4-20
- 382:14-383:6
- 384:9-11
- 387:24-388:5

Defendants generally object, and include herein, all instances in which the designee, Cameron Winklevoss, stated his belief, opinion, or assumption – unless specifically asked therefor.  *E.g., passim*, ("would have"; "[i]t's my belief that").

2