# EXHIBIT 8

ORRICK

August 3, 2005

Joshua H. Walker
(650) 614-7339
jwalker@orrick.com

***VIA FACSIMILE AND U.S. MAIL***

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

**Re: <u>ConnectU LLC v. Zuckerberg et al.</u>, Civil Action No. 1:04-cv-11923 (DPW)**

Dear John:

This letter relates to ConnectU LLC's Objections to Amended Notice of Deposition of Plaintiff and Counterclaim Defendant ConnectU LLC Pursuant to Fed. R. Civ. P. 30(b)(6) ("Objections").

In ConnectU's specific objections to topics 7-9, ConnectU states that due to the Stipulated Protective Order, "a 30(b)(6) witness of ConnectU cannot testify regarding any of ConnectU's infringement allegations." Objections at 8. ConnectU asserts the same specific objection to topics 3, 4, and 6, as well as in its general objections. This is not a proper basis for objection. The Stipulated Protective Order may not be used as a protective shield against critical evidentiary inquiries. Rather, it exists to facilitate discovery. ConnectU must designate individuals who, individually or collectively, can address the full extent of each of topics 1-10. Alternatively, ConnectU may seek protection from the Court.

The objection that no witness is available because of the Stipulated Protective Order is also meritless. ConnectU may educate or qualify an individual under the Stipulated Protective Order to address all topics, or portions of topics, if another designee may not individually testify thereon. *See, e.g.*, Stipulated Protective Order, § 7(d). Indeed, ConnectU has filed a complaint alleging infringement by Defendants. It must have had a factual basis therefor under Fed. R. Civ. P. 11. Defendants are entitled to discovery on the full factual basis. Irrespective of the Stipulated Protective Order, ConnectU must provide a witness or witnesses with all requisite knowledge.

ConnectU's objections are also vague. It is unclear, from ConnectU's objections, whether it is asserting that (i) Cameron Winklevoss cannot testify as to such matters, or (ii) that <u>no</u> potential designee of ConnectU will testify as to such matters. It is also unclear whether ConnectU is refusing to allow discovery as to topics 3, 4, and 6 as based on prior knowledge or information otherwise in ConnectU's independent possession, custody, or control. Please clarify.

Please let us know immediately whether ConnectU will produce the requisite witnesses now, as the August 9 deposition is rapidly approaching.

Sincerely yours,

Joshua H. Walker, Esq.

cc: Robert B. Hawk, Esq. (via facsimile)
    Daniel K. Hampton, Esq. (via facsimile)
    Steve M. Bauer, Esq. (via facsimile)
    Jeremy Oczek, Esq. (via facsimile)



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

# FAX TRANSMISSION

DATE 8/3/05

NO. OF PAGES (INCLUDING COVER SHEET) 3

**FROM**

| Name | tel |
| --- | --- |
| Joshua H. Walker | (650) 614-7339 |

**TO**

| Name | company/firm | tel | fax |
| --- | --- | --- | --- |
| John F. Hornick, Esq.<br>Troy E. Grabow, Esq. | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | (202) 408-4000 | (202) 408-4400 |
| Robert B. Hawk, Esq.<br>Bhanu K. Sadasivan, Esq. | HELLER EHRMAN, LLP | (650) 324-7000 | (650) 324-0638 |
| Steve M. Bauer, Esq.<br>Jeremy Oczek, Esq. | PROSKAUER ROSE, LLP | (617) 526-9600 | (617) 526-9899 |
| Daniel K. Hampton | HOLLAND & KNIGHT, LLP | (617) 573-5886 | (617) 523-6850 |

RE *ConnectU LLC v. Zuckerberg et al.*

**MESSAGE**

C-M-A 16069/4-8269

*notice to recipient*

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>Additional Counterdefendants. | |

**SECOND STIPULATED PROTECTIVE ORDER**

In light of the recent addition of Proskauer Rose LLP and Orrick, Herrington & Sutcliffe, LLP as counsel to certain of the Defendants and the Counterclaim Plaintiffs,[1] and to clarify that new counsel are also bound by the requirements of the Stipulated Protective Order, the parties hereby re-submit the Stipulated Protective Order entered by the Court on May 26, 2005, as executed by Proskauer Rose LLP on behalf of all new counsel.

[1] Namely, the following Defendants: (1) Mark Zuckerberg (also a Counterclaim Plaintiff); (2) Dustin Moskovitz; (3) Andrew McCollum; (4) Christopher Hughes; and (5) TheFacebook, Inc. (also a Counterclaim Plaintiff).

**IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, THAT:**

Each of the parties, Plaintiff ConnectU LLC ("Plaintiff"), Defendants Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. ("Defendants"), Counterclaimants TheFacebook, Inc. and Mark Zuckerberg ("Counterclaimants"), and Counterclaim Defendants ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("Counterclaim Defendants"), asserts that the parties to this Action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be used for any purpose other than this Action, shall not be made public, and shall not be disseminated beyond the extent necessary for this Action.

Accordingly, the following procedure shall be adopted for the protection of the parties' respective confidential information:

**DEFINITIONS**

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), considered by any party in good faith as confidential because it contains a trade secret or other information considered by such party to be confidential, unless and until such time as the material is found not to be confidential pursuant to the provisions of paragraphs 10 and 12 of this Stipulated Protective Order ("Order").

**DESIGNATION & MARKING OF INFORMATION**

2. It is contemplated that each party shall or may produce certain of its Documents for inspection by an opposing party, or shall produce and deliver Documents without prior inspection,

which may contain CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL", as required by paragraph 3, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL INFORMATION as required by paragraph 3 before delivering them.

3. For any Document that the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall prominently mark the Document "CONFIDENTIAL" on its face prior to delivering it to an opposing party. All copies of such Documents and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL INFORMATION pursuant to this Stipulated Protective Order shall be marked as required by this paragraph.

4. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be followed:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark "CONFIDENTIAL" each page of the transcript containing CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is

provided to the opposing parties within thirty (30) calendar days after the date of the deposition.

(b) At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL INFORMATION by the designating party during a deposition, and bind such portions separately from the non-confidential portions of the deposition transcript. The reporter shall prominently mark as "CONFIDENTIAL" the cover and each page of such separately bound portions of the deposition transcript.

(c) The dissemination of all separately bound deposition transcripts designated as CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 6, 7, and 8 hereof.

(d) As a condition for allowing any former employee of a party to provide CONFIDENTIAL INFORMATION to the opposing parties in this Action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL INFORMATION unless and until: 1) the information has been or is obtained through other proper means such that it is not CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL INFORMATION; or 3) a court of competent jurisdiction decides that the information is not CONFIDENTIAL INFORMATION.

5.      In accordance with Local Rule 7.2(d) and (e), the Court's adoption of this Stipulated Protective Order does not allow a party to file at any time material marked confidential without separately filing a motion for impoundment. No party shall file or attempt to file with the Court material designated as CONFIDENTIAL INFORMATION by an opposing party without

first seeking and obtaining a ruling on a motion for impoundment that protects the confidential status of the CONFIDENTIAL INFORMATION, in accordance with Local Rule 7.2(d). In accordance with Local Rule 7.2(a) and (c), any motion for impoundment of material designated as CONFIDENTIAL INFORMATION by an opposing party shall contain arrangements for custody of the CONFIDENTIAL INFORMATION such that the material shall not be placed in the public file, but instead shall be returned to the filing or designating party upon the cut-off of the impoundment order. For material the Court agrees to allow to be filed under seal, subject to the Court's Electronic Case Filing Administrative Procedures, Section H, and Local Rule 7.2, all Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION that are included with or the contents disclosed in any paper filed with the Court, shall be filed in sealed envelopes with a cover page affixed to the outside of each envelope. The case caption shall appear on the cover page, with the following notice:

**FILED UNDER COURT SEAL**

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS**

**CONTENTS DISPLAYED, COPIED, OR REVEALED,**

**EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

The judge's copy of any such CONFIDENTIAL INFORMATION must be prepared and filed in the same manner.

**ACCESS TO CONFIDENTIAL INFORMATION**

6. All Documents and all deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION by any party in this Action shall be maintained according to

this Stipulated Protective Order and used solely in connection with this Action. Nothing shall prevent the disclosure of any Documents or deposition transcripts (or portions thereof) designated CONFIDENTIAL INFORMATION (1) by the party who designated the information CONFIDENTIAL INFORMATION, or (2) to any employee of such designating party, or (3) to any nonparty who authored such information or had previous knowledge of the specific CONFIDENTIAL INFORMATION.

7. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

(a) Outside counsel of record for a party and employees of such attorneys who are working on this litigation.

(b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this Action, including deposition reporters and their transcribers, and videographers.

(c) Authors, addressees, recipients, and persons with prior knowledge of CONFIDENTIAL INFORMATION who have not received such information in violation of any confidentiality or other agreement.

(d) Independent experts or consultants retained to assist the attorneys of record, who are not now and have not previously been retained to provide services to parties in this Action other than in connection with this Action, and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 8 are met.

(e) Any other person(s) designated by Order of the Court, after notice to all parties herein.

(f) Any other person(s) designated jointly by the parties.

8. No CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under Paragraphs 7(d) or 7(f) of this Order until each of the following preconditions is met:

(a) The proposed person shall be provided with a copy of this Order.

(b) The proposed person shall be advised that he/she is bound by this Order.

(c) The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Stipulated Protective Order and their obligation to comply with such obligations.

**CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

9. The receipt by a party of information designated CONFIDENTIAL INFORMATION by an opposing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

10. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

11. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL INFORMATION, and a failure to do so

shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in Paragraph 12 shall rest on the party asserting such exceptions.

**DECLARATIONS OF NON-CONFIDENTIALITY**

12. Any Documents or deposition transcripts (or portions thereof) bearing a CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Stipulated Protective Order) by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents or deposition transcripts (or portions thereof) contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to an opposing party in this Action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraph 7;

(c) information which as to the receiving party (including the persons identified in paragraph 7 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL INFORMATION (subject to paragraphs 2 and 13 hereof), or (iv) received after disclosure in this Action from a third party having the right to make such disclosure; or

(d) information that is not a trade secret, or otherwise confidential, under governing law.

**SUBSEQUENT DESIGNATION**

13. If a party produces any Document or provides any deposition testimony containing information that it deems CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL INFORMATION. To the extent that such Document or deposition transcript (or portions thereof) were disclosed to persons other than persons described in paragraph 7 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

**PRIVILEGED INFORMATION**

14. If a party unintentionally discloses to an opposing party information that the producing party believes to be privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the information be returned. The receiving party shall return such information and all copies thereof within ten (10) calendar days after the earliest time of (a) discovery by the receiving party of the disclosure, or (b) receiving a written request from the producing party. By returning such information to the producing party, the receiving party shall not waive its right to challenge, by motion to the Court, the producing party's assertion of such privilege or immunity.

**POST-LITIGATION OBLIGATIONS**

15. Within thirty (30) calendar days after the completion of the litigation and all appeals, the parties shall return or destroy all Documents and deposition transcripts (or portions thereof) marked "CONFIDENTIAL" and all copies, abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof), except that trial counsel for each party may retain one copy of all such documents, as well as copies of Documents and deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION (and abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof)) incorporated into counsel's working files.

**OTHER**

16. Nothing in this Stipulated Protective Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents or deposition transcripts (or portions thereof), or relief from this Stipulated Protective Order with respect to particular Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL INFORMATION hereunder.

17. Nothing in this Stipulated Protective Order, and no CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this Action, provided that counsel does not expressly disclose to its client any information designated by the other party as CONFIDENTIAL INFORMATION.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL INFORMATION.

By: /s/ Jeremy P. Oczek

Steven M. Bauer (BBO# 542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

G. Hopkins Guy, III (*pro hac vice pending*)
I. Neel Chatterjee (*pro hac vice pending*)
Monte Cooper (*pro hac vice pending*)
Joshua H. Walker (*pro hac vice pending*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Donald Daybell (*pro hac vice pending*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558
Telephone: (949) 567-6700
Facsimile: (949) 567-6710

By: /s/ Jonathan M. Gelchinsky

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

DATED: June 24, 2005

**ORDER**

**IT IS SO ORDERED.**

Dated: July 6, 2005

Douglas P. Woodlock

Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT JUDGE