# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Additional Counterdefendants. | |

### DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant and Counterclaimant TheFacebook, Inc. hereby propounds the following interrogatories to be answered, under oath, by an officer or agent of Plaintiff and Counterdefendant ConnectU LLC to the following interrogatories within thirty (30) days after service of these interrogatories, as required by Federal Rule of Civil Procedure 33.

These interrogatories are to be deemed continuing interrogatories, requiring prompt supplemental answers whenever the conditions of Federal Rule of Civil Procedure 26(e) are satisfied.

## DEFINITIONS

A.    "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.    The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.    "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.    As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001

of the Federal Rules of Evidence and all materials that constitute "Documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

E.    "Complaint" means the Complaint and any Amended Complaint by ConnectU LLC in this action.

F.    "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.    "Infringe" or any variant thereof, including but not limited to "Infringing" and "Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory, or by inducement.

H.    "Code" or "Software" refers to any computer source code, computer object code, or functionalities of computer software, including, without limitation, any code required for a website to function.

I.    "Product," "Device," "Technology" and "System" to the extent any such term may describe any software product, refers to each and every version of such software product.

J.    "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns,

agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf. It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed. To the extent that an interrogatory requests information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection. To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must <u>separately</u> detail your response vis-à-vis HarvardConnection.

K.    "HarvardConnection" means a project to develop a website for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such website.

L.    "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

M.    "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

## INSTRUCTIONS

1.    In responding to the following interrogatories, you are required to furnish such information as is available to you or within your control, including but not limited to information

THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC

in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorneys, or any other person or persons acting on your behalf and not merely information personally known by the individual responding to the interrogatories.

2.    If you cannot answer the interrogatories in full, answer them to the extent you can do so. If you cannot answer each interrogatory in full, specify the portion of any interrogatory to which you are unable fully to respond, state the facts upon which you base your contention that you are unable fully to respond to such portion, and state any knowledge, information, or belief you have concerning such portion.

3.    If in response to any of the interrogatories you respond by referring to documents containing the requested information, either provide those documents categorized by the interrogatory(ies) to which they respond or identify the Bates numbers of the documents to which you refer in your response.

4.    You must respond to all interrogatories with precision and specificity. If any individual interrogatory includes the term "precision and specificity" it is used for additional emphasis only and shall not be understood to mean that this requirement is limited to such interrogatory or group of interrogatories.

5.    In identifying an incident, occurrence, or event, state with respect to each such incident, occurrence or event:

      i.    its date and time;

      ii.    the place or places where it occurred;

      iii.    the identity of each person present during, or participating in , the incident, occurrence or event;

THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC

      iv.    the substantial facts of the incident, occurrence, or event.

6.    In identifying a natural person, state as to such person, the following information:

      i.    his/her name;

      ii.    his/her present or last known residence or business address; and

      iii.    whether there is or has ever been an employer-employee relationship, or a principal-agent relationship between such person and ConnectU and, if so, the nature of the relationship and the dates during which it existed.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify with precision and specificity all facts in support of Your contention that any HarvardConnection Code or ConnectU Code is infringed.

### INTERROGATORY NO. 2:

Identify with precision and specificity each and every alleged trade secret ConnectU contends was misappropriated by Defendants.

### INTERROGATORY NO. 3:

Identify with precision and specificity all facts in support of Your contention that any trade secret was misappropriated, including but not limited to a description of the precise manner in which each alleged trade secret was allegedly misappropriated.

### INTERROGATORY NO. 4:

For each alleged trade secret ConnectU contends that Defendants misappropriated, identify all ConnectU's products that incorporate each such alleged trade secret, including but not limited to the Product version number, website release date, and any other first public disclosure.

### INTERROGATORY NO. 5:

Identify all measures taken by ConnectU and HarvardConnection to preserve the confidentiality of the alleged trade secrets it contends Defendants misappropriated, as well as all known breaches of confidentiality by any Person other than Defendants, including, without limitation, any disclosure to any third party by Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, or other agents of ConnectU or HarvardConnection.

**INTERROGATORY NO. 6:**

Identify all facts in support of Your contentions: (i) that HarvardConnection had a for-profit or related commercial purpose (specifying the date for which each given fact supports the existence of a for-profit purpose); and (ii) that any such for-profit purpose of HarvardConnection was communicated to any of the Defendants (specifying the date of the Communication), including, without limitation, any Communication of any business plan or related document to Mark Zuckerberg.

**INTERROGATORY NO. 7:**

Identify all facts in support of Your contention that HarvardConnection is a predecessor in interest to ConnectU.

**INTERROGATORY NO. 8:**

Identify all facts in support of Your contention that ConnectU LLC owns the alleged trade secrets or copyrighted material it contends Defendants misappropriated or infringed.

**INTERROGATORY NO. 9:**

Identify all facts in support of ConnectU's contention that Mark Zuckerberg had a duty to maintain the alleged secrecy of the alleged trade secrets ConnectU contends Mark Zuckerberg misappropriated.

**INTERROGATORY NO. 10:**

Identify all facts in support of ConnectU's contentions that each of its alleged trade secrets allegedly misappropriated by Defendants were not in the public domain at the time of any alleged misappropriation by Defendants, as well as all facts which may potentially support the argument that any alleged trade secret was or is in the public domain.

**INTERROGATORY NO. 11:**

Identify all facts in support of ConnectU's contention that it suffered damages or other injury as a result of alleged wrongdoing in its Complaint, as well as all individuals with knowledge of such facts and documents supporting such contention.

**INTERROGATORY NO. 12:**

Describe the circumstances of each disclosure by ConnectU to a third party of any ConnectU trade secret that ConnectU contends Defendants misappropriated, including, but not limited to, describing the date of each such disclosure, the identities of the third parties and individuals involved, all individuals with knowledge of such facts, and all documents relating to each disclosure.

**INTERROGATORY NO. 13:**

Identify all facts in support of ConnectU's contention that Defendants put alleged trade secrets or copyrighted material to use, including but not limited to all individuals with knowledge of such facts and documents supporting the contention.

## INTERROGATORY NO. 14:

Identify every public domain source, including but not limited to competitors' datasheets and website publications, textbooks, and trade show materials, that discloses or encompasses any of the alleged ConnectU trade secrets or alleged copyrighted material ConnectU contends Defendants misappropriated.

## INTERROGATORY NO. 15:

Identify the U.S. state of which each of Cameron Winklevoss and Tyler Winklevoss is a citizen, respectively.

## INTERROGATORY NO. 16:

Specify all instances in which Mark Zuckerberg was offered or given compensation for the work he completed or was to complete on HarvardConnection, including, without limitation (i) any direct monetary compensation, and (ii) any present or future interest in either HarvardConnection, ConnectU, or a related entity or project. Include the exact date, amount, and nature of any offer or payment, as well as the specific Communication through which any offer or payment was made.

## INTERROGATORY NO. 17:

Specify the exact number of hours that were originally represented to Zuckerberg as the total number required to complete or otherwise make fully functional the HarvardConnection website, as well as the (i) precise number of hours and (ii) the number of calendar days that you contend Zuckerberg agreed to work on the HarvardConnection website.

Dated: July 11, 2005

ORRICK, HERRINGTON & SUTCLIFFE LLP

Joshua H. Walker
Attorneys for Defendant and Counterclaimant
THEFACEBOOK, INC.

-8-

## CERTIFICATE OF SERVICE

I, Marilyn Ortiz, hereby certify that on July 11, 2005, a true and correct copy of

the foregoing **DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S**

**FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)** was served by

the indicated means to the persons at the addresses listed:

Robert B. Hawk, Esq.  
Bhanu K. Sadasivan, Esq.  
Heller Ehrman, LLP  
275 Middlefield Road  
Menlo Park, CA 94025  
**Counsel for Eduardo Saverin**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

John F. Hornick  
Troy E. Grabow  
Finnegan, Henderson, Farabow, Garrett &  
Dunner, LLP  
901 New York Avenue N.W.  
Washington, DC 20001  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

Johnathan M. Gelchinsky  
Margaret A. Esquenet  
Finnegan, Henderson, Farabow, Garrett &  
Dunner, LLP  
1300 I Street N.W.  
Washington, DC 20005-3315  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

Lawrence R. Robins  
Finnegan, Henderson, Farabow, Garrett &  
Dunner, LLP  
55 Cambridge Parkway  
Cambridge, MA 02142  
**Counsel for ConnectU**

☐ Via First Class Mail  
☐ Via Hand Delivery  
☒ Via Federal Express  
☒ Via Facsimile

_____

MARILYN ORTIZ

DOCSSV1:415568.1

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

      PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TheFacebook, Inc. ("TheFacebook") will take the deposition by oral examination of Plaintiff and Counterdefendant ConnectU LLC ("ConnectU"), which deposition will now commence on August 9, 2005, at the offices of Proskauer Rose LLP,

One International Place, 22nd Floor, Boston, MA 02110, or at such other time and place as mutually agreed by counsel. The deposition will continue from day to day until completed. The testimony of the deponent(s) will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ConnectU is obligated to designate a person(s) to testify on its behalf concerning each of the matters set forth in the Amended Attachment A hereto. ConnectU previously designated Cameron Winklevoss for this deposition.

Dated:  July 27, 2005.                         Respectfully submitted,

                                               _____/s/_____
                                               G. Hopkins Guy, III*
                                               I. Neel Chatterjee*
                                               Monte M.F. Cooper*
                                               Joshua H. Walker*
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               1000 Marsh Road
                                               Menlo Park, CA  94025
                                               Telephone:  (650) 614-7400
                                               Facsimile:   (650) 614-7401
                                               hopguy@orrick.com
                                               nchatterjee@orrick.com
                                               mcooper@orrick.com
                                               ddaybell@orrick.com

                                               Steve M. Bauer
                                               Jeremy P. Oczek
                                               PROSKAUER ROSE, LLP
                                               One International Plaza, 14th Floor
                                               Boston, MA 02110-2600
                                               Telephone:     (617) 526-9600
                                               Facsimile:     (617) 526-9899
                                               sbauer@proskauer.com
                                               joczek@proskauer.com

                                               ATTORNEYS FOR MARK ZUCKERBERG,
                                               DUSTIN MOSKOVITZ, ANDREW
                                               MCCOLLUM, CHRISTOPHER HUGHES, and
                                               THEFACEBOOK, INC.

                                               * Admitted Pro Hac Vice

DOCSSV1:417815.1

AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC

**AMENDED ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

A.     "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.     The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.     "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.     As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "Documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document"

includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

E.    "Amended Complaint" means the First Amended Complaint by ConnectU LLC.

F.    "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.    "Infringe" or any variant thereof, including but not limited to "Infringing" and "Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory, or by inducement.

H.    "Code" or "Software" refers to any computer source code, computer object code, or functionalities of computer software, including, without limitation, any code required for a web site to function.

I.    "Product," "Device," "Technology" and "System" to the extent any such term may describe any software product, refers to each and every version of such software product.

J.    "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf.  It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed.

To the extent that a deposition topic relates to information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection. To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must separately detail your response *vis-à-vis* HarvardConnection.

K.    "Counterdefendants" means ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

L.    "HarvardConnection" means a project to develop a web site for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such web site.

M.    "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

N.    "Information" (as in "confidential business information") includes procedures.

O.    "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

P.    The time period covered by the below topics, unless otherwise specified, is any time period encompassing the greatest number and scope of information called for or identified in these requests.

## DEPOSITION TOPICS

1.    The circumstances and terms of the alleged agreement involving Mark Zuckerberg referenced in Paragraph 17 of the Amended Complaint.

2.    Confidential information and/or trade secrets allegedly entrusted to Mark Zuckerberg, including the confidential information referenced in Paragraph 16 of the Amended Complaint.

3.    Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

4.    Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

5.    The conception, design, and development of the HarvardConnection web site and the ConnectU web site.

6.    The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint..

7.    Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

8.    Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

9.    Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip") prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and date of production, in addition to the specific Code you contend is Infringing.  To the extent You claim

You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

10.     Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

DOCSSV1:417844.3

AMENDED ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | CIVIL ACTION NO. 1:04-CV-11923 |
|       Plaintiffs, | (DPW) |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., | |
|       Defendants. | |
| MARK ZUCKERBERG, and THEFACEBOOK, INC., | |
|       Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
|       Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA, | |
|       Additional Counterdefendants. | |

## <u>DECLARATION OF SERVICE VIA FACSIMILE AND FEDERAL EXPRESS</u>

I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

On July 27, 2005, I delivered to the below listed individuals the following documents:

1.     **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

-1-
DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL

| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on July 27, 2005. |
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on July 27, 2005. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
**Facsimile: (202) 408-4400**

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
**Facsimile: (617) 452-1666**

### ATTORNEYS FOR PLAINTIFF CONNECTU

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
**Facsimile: (650) 324-0638**

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
**Facsimile: (617) 523-6850**

### ATTORNEYS FOR DEFENDANT EDUARDO SAVERIN

Executed on July 27, 2005, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Amy Dalton

-2-
DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL