# EXHIBIT 1

Case 1:04-cv-11923-DPW    Document 97-2    Filed 10/14/2005    Page 1 of 8

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2000 WL 204524 (S.D.N.Y.), 2000 Copr.L.Dec. P 28,065, 53 U.S.P.Q.2d 2021, 28
Media L. Rep. 1478
**(Cite as: 2000 WL 204524 (S.D.N.Y.))**

H

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
BOOSEY & HAWKES MUSIC PUBLISHERS,
LTD, Plaintiff,
v.
THE WALT DISNEY COMPANY and Buena Vista
Home Video, Defendants.
**No. 93 CIV. 0373 KTD.**

Feb. 18, 2000.
Marcia Paul, Toby M.J. Butterfield, Kay Collyer & Boose, LLP, New York, for Plaintiff.

James M. Kendrick, Thacher Proffitt & Wood, Of Counsel, New York, for Plaintiff.

Eric J. Lobenfeld, Chadbourne & Parke, LLP, New York, for Defendants.

MEMORANDUM AND ORDER

DUFFY, D.J.

*1 This litigation involves the Walt Disney Company's and Buena Vista Home Video's (collectively, "Disney") distribution and sale of *Fantasia* videos, which incorporates in the soundtrack a substantial part of the orchestral version of Igor Stravinsky's "The Rite of Spring." Boosey & Hawkes Music Publishers, Inc. ("Boosey"), the assignee of Stravinsky's copyright, claims that such activity, carried out in many countries throughout the world, infringes its copyright.

Prior to the February 2, 2000 foreign law hearing in my court, both parties submitted motions *in limine,* seeking to exclude affidavits, testimony, and evidence, both at the hearing and at trial. Plaintiff's motion to exclude the affidavit and testimony of Robert Hadl, Disney's expert witness, is denied, and defendant's motion to preclude evidence of moral rights damages is granted.

*I. Plaintiff's Motion in Limine*

Plaintiff submitted this motion *in limine* to exclude the affidavit of Robert D. Hadl, [FN1] and to preclude Mr. Hadl from testifying on issues of foreign law at the hearing and at trial. According to the plaintiff, the Hadl Affidavit is irrelevant to the claims raised in this action, and Mr. Hadl offers no admissible testimony with respect to the content of foreign law in the claim countries.

FN1. Mr. Robert Hadl is Disney's foreign law expert. His affidavit was sworn to May 26, 1999.

In its argument, Boosey challenges Mr. Hadl's testimony on the grounds that it does not comport with the relevancy standard set forth in Rule 401, the personal knowledge standard set forth in Rule 602, or the specialized knowledge standard set forth in Rule 702 of the Federal Rules of Evidence.

Plaintiff fails to recognize, however, that in determining issues of foreign law, I am not bound by the Rules of Evidence. Rule 44.1 of the Federal Rules of Civil Procedure allows me to consider and rely upon all relevant material, regardless of their admissibility under the Federal Rules of Evidence. [FN2]

FN2. "A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, *whether or not submitted by a party or admissible under the Federal Rules of Evidence.* The court's determination shall be treated as a ruling on a question of law." Fed.R.Civ.P. 44.1 (emphasis added).

Plaintiff's argument that Rule 44.1 is inapposite because it also incorporates a relevancy standard begs the question. I am permitted to evaluate any materials or sources in my consideration and determination of foreign law. This includes all affidavits that I deem relevant and pertinent. Besides, Mr. Hadl's testimony is clearly probative and relevant on issues of foreign law, despite the plaintiff's otherwise negative characterization.

Therefore, Boosey's attempt to rely on the Federal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Page 2
Not Reported in F.Supp.2d, 2000 WL 204524 (S.D.N.Y.), 2000 Copr.L.Dec. P 28,065, 53 U.S.P.Q.2d 2021, 28 Media L. Rep. 1478
**(Cite as: 2000 WL 204524 (S.D.N.Y.))**

Rules of Evidence as a bar to Mr. Hadl's testimony fails. The Hadl Affidavit need not satisfy Rules 401, 602, or 702 of the Federal Rules of Evidence to be reviewed for determining foreign law. Accordingly, plaintiff's motion is denied. Defendant's request for fees and costs incurred in relation to this motion is denied as well.

*II. Defendant's Motion in Limine*

Defendant submitted their motion *in limine* to preclude plaintiff's evidence of moral rights damages at trial. The basis of a claim for moral rights damages is that an original artistic work has been altered in a way that is morally offensive to the artist. *See generally* Carter v. Helmsley-Spear, Inc., 71 F.3d 77 (2d Cir.1995). Boosey contends that the performance of "The Rite of Spring" in the *Fantasia* videos "is [such] a substantial mutilation and distortion of Stravinsky's original work."

*2 Thus, the issue here is whether Disney, by reproducing in video format the concededly identical performance of "The Rite of Spring" that was initially released in theaters in 1940, and which was repeatedly re-released and exhibited throughout the world for the next half-century, violated Stravinsky's moral rights even though he made no such claim during his lifetime.

It is undisputed that the 1939 Agreement between Disney and Stravinsky provided that Disney was entitled to use "The Right of Spring" "in whole or in part" and that it "may be adapted, changed, added to or subtracted from, all as shall appear desirable to ... [Disney] in its uncontrolled discretion." Boosey and Stravinsky have collected royalties from public performances of *Fantasia,* and for soundtrack royalties for over fifty years, without a single claim of moral rights violations. At the commencement of the suit in 1993, however, Boosey asserted that the music on the soundtrack was a "mutilation."

Indeed, the Second Circuit recognized in this case that "Disney has represented to the public in countless theatrical performances that the composition as it appears in Fantasia is Stravinsky's The Rite of Spring. No deception arises simply because the same composition appears in a video format release of the same film. In this sense, the deception claim may [be] said to have been waived." Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co., 145 F.3d 481, 493 (2d Cir.1998).

Boosey's argument is not only baseless, but Boosey has no standing to assert moral rights damages, as it is not the real party in interest. Stravinsky's assignment of his copyright to Boosey does not entitle Boosey to assert moral rights damages, a claim traditionally preserved strictly for the author.

It is undisputed by the parties that moral rights are inalienable and unassignable. As such, they are only assertable by the author/composer, or his heirs. And it is precisely because of that inalienability that Boosey, as a successor-in-interest to Stravinsky, cannot assert moral rights damages on Stravinsky's behalf.

Plaintiff argues that it is merely acting in a representative capacity, and thus its interest is not an alienation. According to Boosey, this principle comports with the laws on real party in interest in the claim countries, where the damages are asserted. Boosey called as an expert Professor Jaszi who argued that in civil law countries, a "volunteer" could bring a lawsuit to assert such claims. (R. 30). This is but another example of the advocacy of the so-called expert. I have yet to encounter any rational basis in any system of law for such an assertion.

Boosey's argument, moreover, misses the point. The rules governing real party in interest and standing to sue are rules of procedure. *See* Fed.R.Civ.P. 17(a). Accordingly, in actions where the rights of parties are grounded on the laws of jurisdictions other than the forum, "it is a well-settled conflict-of-laws rule that the forum will apply the foreign substantive law, but will follow its own rules of procedure." Bournias v. Atlantic Maritime Co., 220 F.2d 152, 154 (2d Cir.1955). Thus, plaintiff's assertion that the rules of the civil law countries do not recognize the Real Party in Interest doctrine is irrelevant here. I will therefore continue to apply Rule 17(a) of the Federal Rules of Civil Procedure.

*3 Because moral rights are not assignable, Boosey cannot be the real party in interest, and cannot assert Stravinsky's personal claims. Thus, all evidence relating to moral rights damages will be excluded at trial. Accordingly, defendant's motion is granted.

SO ORDERED.

Not Reported in F.Supp.2d, 2000 WL 204524 (S.D.N.Y.), 2000 Copr.L.Dec. P 28,065, 53 U.S.P.Q.2d 2021, 28 Media L. Rep. 1478

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2000 WL 204524 (S.D.N.Y.), 2000 Copr.L.Dec. P 28,065, 53 U.S.P.Q.2d 2021, 28 Media L. Rep. 1478
**(Cite as: 2000 WL 204524 (S.D.N.Y.))**

**Motions, Pleadings and Filings (Back to top)**

• 1:93cv00373 (Docket) (Jan. 21, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2



Slip Copy
71 Fed.Appx. 440
(Cite as: 71 Fed.Appx. 440)

Page 1

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fifth Circuit Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.
Joeline WIEBURG, Plaintiff-Appellant,
Harvey Morton, Trustee for Richard Carl Wieburg and Joeline Joyce Wieburg,
Movant-Appellant,
v.
GTE SOUTHWEST INCORPORATED, doing business as GTE Texas/New Mexico;
and
GTE Service Corporation, Defendants-Appellees.
No. 02-11217.
Summary Calendar

June 2, 2003.

Appeals from the United States District Court for the Northern District of Texas. No. 3:98-CV-2057-R.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: [FN*]

   FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joeline Wieburg appeals the dismissal, for failure to name the real party in interest, of her employment discrimination suit against GTE Southwest ("GTE"). See Fed.R.Civ.P. 17(a). We review a dismissal under rule 17(a) for abuse of discretion. *Wieburg v. GTE Southwest, Inc.,* 272 F.3d 302, 308 (5th Cir.2001). Finding no abuse of discretion, we affirm. [FN1]

   FN1. Once again, "[t]he [t]rustee was not a party in district court and has not sought to intervene in this appeal. Accordingly, the [t]rustee's appeal must be dismissed." *Wieburg,* 272 F.3d at 305.

I.
This case is before us for the second time. In the first appeal, we extensively stated the facts, *id.* at 303-05, which we now review briefly.

GTE fired Wieburg in 1996, and she filed for bankruptcy a few months later. She received a discharge from the bankruptcy court in early 1997. Three weeks later, she filed a charge of discrimination against GTE with the Equal Employment Opportunity Commission. She sued GTE in August 1998.

During her deposition in September 1999, GTE learned of Wieburg's bankruptcy and that she had not disclosed her employment discrimination claims to the trustee. GTE notified the trustee and moved to dismiss Wieburg's complaint, arguing that the claim belonged to the bankruptcy estate and therefore that the trustee was the real party in interest.

The district court stayed the motion pending determination by the bankruptcy court of who owned the claims. Wieburg and the trustee entered a settlement agreement in January 2000 stating that the claim belonged to the estate but that the trustee would retain Wieburg's counsel, who would prosecute this action in Wieburg's name.

In April 2000, GTE supplemented its motion to dismiss, arguing that Wieburg should join or substitute the trustee, otherwise her suit should be dismissed. In May 2000, the district court consulted with Wieburg's counsel, who agreed to submit proof that the trustee had agreed to be bound by any judgment. Yet, Wieburg days later filed her response to GTE's motion to dismiss, arguing that she properly could prosecute the suit without substitution, joinder, or ratification of the trustee. The court shortly thereafter granted GTE's motion to dismiss a few days later.

We affirmed in most respects. We agreed that the trustee was the real party in interest. *Id.* at 305-06. Furthermore, we held that the settlement agreement did "not authorize Wieburg to pursue the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

discrimination claims solely in her own name." *Id.* at 307. We held, however, that "it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the [t]rustee, or joinder of the [t]rustee, were [*sic*] inappropriate." *Id* at 309. We therefore vacated the judgment and remanded so the court could explain its reasons for the dismissal. *Id.*

> In so doing, we noted that
>> the district court did not address whether Wieburg had a reasonable time after GTE's objection during which to obtain joinder, ratification, or substitution of the [t]rustee, or whether her decision to pursue the action in her own name was the result of an understandable mistake. More importantly, it is unclear whether the district court considered the impact of the dismissal of Wieburg's creditors, who are owed approximately $40,000.

*Id.* at 308-09. On remand, the district court addressed all three of these questions at length, finding that Wieburg's prosecution of this suit in her own name did not result from an honest mistake; that she had a reasonable time after GTE's objection to obtain joinder, ratification, or substitution of the trustee; and that dismissal would not seriously harm her creditors. The court therefore dismissed the suit again.

II.

"Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on th[is] ground ... until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" Fed.R.Civ.P. 17(a). This last sentence is "applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake," as opposed to calculation or neglect. *Wieburg,* 272 F.3d at 308. To avoid dismissal, therefore, a plaintiff who is not the real party in interest must show, first, that he sued in his own name based on an understandable mistake and, second, that he did not have a reasonable time to correct the pleading deficiency. *See id.* at 308. [FN2]

> FN2. 6A Charles A. Wright et al., Federal Practice and Procedure § 1555, at 415-16 (2d ed.1990) (explaining that only plaintiffs whose pleading error resulted from understandable mistake should receive a reasonable time to correct the error).

We vacated and remanded the court's first dismissal not because we necessarily disagreed, but because the court made no factual findings for us to review for a possible abuse of discretion. Now that we have the court's reasons, we conclude that it did not abuse its discretion by dismissing the suit.

A.

We assume *arguendo* that Wieburg sued in her own name based on an understandable mistake and address whether she had a reasonable time to correct the pleading deficiency. The court found that she had seven months to satisfy rule 17(a), a reasonable time of which she did not take advantage. We agree.

GTE objected to Wieburg's complaint in October 1999, and the court dismissed the suit in May 2000. Throughout this seven-month period, Wieburg repeatedly failed to obtain ratification, joinder, or substitution of the trustee. At any point, she easily could have corrected the pleading deficiency; instead, she went to great lengths to remain the sole plaintiff. She sued the trustee in bankruptcy court, asserting that the claims belonged to her. She sought and received a stay of the motion to dismiss from the district court. She entered an artful settlement agreement with the trustee that only appeared to bind him to any judgment. When prodded by the court, her counsel agreed to submit a formal ratification from the trustee, but instead submitted a brief arguing that Wieburg did not need to obtain substitution, joinder, or ratification.

"What constitutes a reasonable time is a matter of judicial discretion and will depend upon the facts of each case." 6A CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1555, at 417 (2d ed.1990). Seven months is more than reasonable, especially after Wieburg fully demonstrated her intent not to surrender control of this suit. There is no abuse of discretion.

B.

We also requested that the court "consider[ ] the impact of the dismissal on Wieburg's creditors." *Wieburg,* 272 F.3d at 309. The court found that a dismissal would have only a negligible effect on her creditors, because any recovery was highly speculative at this early stage, and the dismissal would not alter their position, i.e., their unpaid debt would remain unpaid.

We agree that the dismissal has at most a negligible effect on Wieburg's creditors. As the court found,

Slip Copy
71 Fed.Appx. 440
**(Cite as: 71 Fed.Appx. 440)**

Page 3

recovery was highly speculative. The court had not even ruled on GTE's summary judgment motion yet, the crucible for most employment discrimination suits. Any recovery would be spread among eight creditors, large corporations whose financial condition hardly rises or falls with their small share of Wieburg's debts. Finally, these creditors could have protected their interests more effectively in bankruptcy court after that court re-opened Wieburg's case in late 1999. In particular, they could have encouraged the trustee, their legal representative, not to enter the flawed settlement agreement; failing that, they could have challenged the agreement. There is no abuse of discretion.

AFFIRMED.

71 Fed.Appx. 440

**Briefs and Other Related Documents (Back to top)**

• 2003 WL 22721673 (Appellate Brief) Appellants' Reply Brief (Apr. 02, 2003)Original Image of this Document (PDF)

• 2003 WL 22332311 (Appellate Brief) Brief of Appellees (Mar. 11, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 22332310 (Appellate Brief) Appellants' Brief (Jan. 31, 2003)Original Image of this Document (PDF)

• 02-11217 (Docket) (Nov. 05, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.