| | |
|---|---|
| **From:** | DOMGWIA.Internet.MCOOPER@ORRICK.COM |
| **Sent:** | Wednesday, September 14, 2005 3:50 PM |
| **To:** | jwalker@orrick.com; Hornick, John |
| **Cc:** | Bhanu.Sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Facebook/Connectu-OHSandCo-Counsel@orrick.com; robert.hawk@hellerehrman.com; Hart, Pat; Grabow, Troy |
| **Subject:** | RE: Meet and Confer re ConnectU Deposition |
| **Attachments:** | Mime.822 |



Mime.822 (11 KB)

John:

Pursuant to F.R.C.P. 37 and Local Rule 37.1, the requirement for a meet-and-confer relates to a "conference" alone.  There is no requirement in either Rule that a party must detail in prior correspondence ad nausea the bases for its grievance.  The defendants already have adequately identified the portions of the testimony which they believe provide insufficient responses, or objections that improperly interfered with the course of the deposition.  The identified testimony to which ConnectU's witness refused to provide responsive answers necessitate further Rule 30(b)(6) inquiry, not merely to the particular questions which are cited in Exhibit A to the defendants' joint letter, but also to others that fall within the scope of the inquiry but were not asked due to the witness' intransigence.

We have made the requisite offer for a meet-and-confer.  The Rules do not provide that one party may unilaterally place conditions on such a request.  Therefore, please either identify the date you are available for a conference.  Otherwise, the Defendants will certify pursuant to Local Rule 37.1(a) that ConnectU refused to respond to the request for a conference, and as a result the Motion should be deemed automatically allowed.

Monte

1