IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>  Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC'S RESPONSES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ConnectU LLC ("ConnectU") objects and responds as follows to Defendant and Counterclaim Plaintiff TheFaceBook, Inc.'s ("TFB") First Set of Interrogatories (Nos. 1-17):

CONFIDENTIAL INFORMATION

**Interrogatory No. 1:**

Identify with precision and specificity all facts in support of Your contention that any HarvardConnection Code or ConnectU Code is infringed.

**Response to Interrogatory No. 1:**

In addition to the General Objections set forth above, ConnectU objects to this interrogatory to the extent it requests testimony by ConnectU as to any source code used by the Defendants for thefacebook.com website or produced by Defendants, and to the extent it requires access by Plaintiff to any documents designated by Defendants as confidential under the Protective Order. Because Defendants have designated source code and documents they have produced as Confidential Information under the Stipulated Protective Order, officers and agents of ConnectU have not had access and cannot have access to any such source code or documents. ConnectU also objects to this interrogatory as premature and as partially unanswerable at this time because Defendants to date have not produced any Harvard Connection source code that Mr. Zuckerberg or the other Defendants had access to or worked on, any prelaunch source code for thefacebook.com website, or any source code for thefacebook.com website, in uncorrupted form, from the time of launch to October 2004. Defendants have only produced uncorrupted versions of thefacebook.com source code from October and December 2004, approximately 8 months after the February 2004 launch of thefacebook.com website. ConnectU also objects to this interrogatory as premature and as calling for expert testimony which will be provided in an expert report by the deadline set by the Court. Pursuant to Fed. R. Civ. P. 33(c), Plaintiff also objects to this interrogatory as premature to the extent it seeks an opinion or contention that relates to fact or the application of law to fact.

CONFIDENTIAL INFORMATION

Subject to the above general and specific objections, ConnectU responds as follows:

In November 2003, the founders of Harvard Connection and ConnectU contacted Mr. Zuckerberg to assist in developing the code for Harvard Connection. Mr. Zuckerberg agreed to develop the code necessary for the connect side of the Harvard Connection website to function and to assist in the development and design of the website. The Harvard Connection founders provided Mr. Zuckerberg with the existing code, showed Mr. Zuckerberg the existing site, and discussed various functionalities of the website, as well as the business model for the website.

Mr. Zuckerberg delayed completing the portions of the Harvard Connection website that he was supposed to be developing so that the website could launch, yet led the founders to believe that he had completed his work or was near to doing so, and that he was continuing to work on the site. For example, on January 8, 2004, Zuckerberg told Cameron Winklevoss that he had made some changes to the site and that they appeared to be working, and would upload them to the live site once he completed the computer programming. On January 14, 2004, Mr. Zuckerberg met with Cameron Winklevoss to discuss the status of the website. Mr. Zuckerberg did not mention to Cameron Winklevoss that he had registered the domain name thefacebook.com three days earlier, on January 11, 2004, or mention anything concerning thefacebook.com website. On February 4, 2004, Defendants launched thefacebook.com website.

On February 12, 2004, Mr. Zuckerberg represented that he began working on thefacebook.com website after the January 14, 2004 meeting, not before. In a media

CONFIDENTIAL INFORMATION

article, Mr. Zuckerberg was quoted as saying that he coded thefacebook.com website in one week. Mr. Zuckerberg has never denied making such statement. It would not be possible for Mr. Zuckerberg to write and test all of the code for thefacebook.com website and design and complete the user interface in one week, or even after the January 14, 2004 meeting and before the launch of thefacecbook.com website, as this is too short of a time to write and test the entire code and design and complete the entire thefacebook.com website. Based on his known skills, it is also unlikely that Mr. Zuckerberg was able to prepare or complete the graphics for thefacebook.com website, especially in the short time between January 14, 2004 and launch, or in the week prior to launch. Thefacebook.com website is of the same nature and purpose as the Harvard Connection website was and was planned to be, and shares many of the same features and functionality as contained in and envisioned for the Harvard Connection website. The code and business plan for performing or including these features and functionality were available to Mr. Zuckerberg and it would have been natural and easy for him and/or the other Defendants to use such code or other copyrighted aspects of Harvard Connection for thefacebook.com website. It would have also been natural and easy for Defendants to use for thefacebook.com website the code Mr. Zuckerberg said he wrote (or was writing) for the Harvard Connection website beginning in November 2003.

**Interrogatory No. 2:**

Identify with precision and specificity each and every alleged trade secret ConnectU contends was misappropriated by Defendants.

**Response to Interrogatory No. 2:**

In addition to the General Objections set forth above, ConnectU objects to this interrogatory to the extent it requests testimony by ConnectU as to any source code

Page 7 of 31
CONFIDENTIAL INFORMATION

*/s/ Troy E. Grabow*
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow *(pro hac vice)*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400


Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666


Attorneys for Plaintiff and Counterclaim Defendant

DATED: August 22, 2005

CONFIDENTIAL INFORMATION

## VERIFICATION

On behalf of ConnectU LLC, I hereby verify that I have read the foregoing PLAINTIFF AND COUNTERCLAIM DEFENDANT CONNECTU LLC'S RESPONSES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-17). I hereby state that the facts contained therein are true to the best of my knowledge, information, and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: August 24, 2005          By: _____
                                    Cameron Winklevoss