IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**JOINT REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO COMPEL TESTIMONY FROM CONNECTU LLC RESPONSIVE TO DEFENDANTS' AMENDED 30(B)(6) NOTICE**

Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and

TheFacebook, Inc. (the "Facebook Defendants") and Eduardo Saverin (collectively

"Defendants") should be permitted to examine a fully prepared Rule 30(b)(6) witness for four

additional hours without improper disruption by counsel.  Plaintiff ConnectU LLC ("ConnectU")

produced a Rule 30(b)(6) witness who repeatedly refused to provide responsive answers to

straightforward questions, and whose counsel improperly interfered with Defendants'

examination through repeated speaking and coaching objections.  The transcript of the

deposition, without more, is dispositive on these points.  In its opposition to this Motion,

ConnectU fails to address the substance of its witnesses' and its counsel's conduct.  ConnectU's

various responses to Defendants' Motion — that the parties meet and confer was inadequate, that

the witness' "world view" somehow excused him from answering straightforward factual

questions, that Defendants are not entitled to testimony that includes a "yes,' "no,' "I don't

know," or "I don't recall" answer, and that Defendant Saverin's counsel was "impolite" — are

baseless and do nothing to advance the resolution of this simple discovery dispute.  Based on the

transcript of the deposition alone, Defendants are entitled to an order compelling Plaintiff

ConnectU to furnish a witness who will provide informed, responsive, and factual answers on the

topics noticed in Defendants' Amended Notice of Deposition of Plaintiff and Counterdefendant

ConnectU LLC Pursuant to Fed. R. Civ. P. 30(b)(6).   Defendants are likewise entitled to an

order instructing ConnectU's counsel not to interpose obstructive and/or coaching objections

during the deposition.

## I.    The Parties Properly Met and Conferred.

ConnectU incorrectly claims that the parties failed to adequately meet and confer on the

issues raised by this Motion.  Defendants met and conferred in good faith as required by Local

Rule 37.1(a) and described the meet and confer in its opening brief pursuant to Local

Rule 37.1(b)(2).  Defendants' request was simple: allow four additional hours of deposition from a fully prepared witness without improper disruption.  ConnectU's argument, that that defendants' counsel should have immediately at the conclusion of the deposition been prepared to recite a comprehensive list of unanswered questions and problematic responses is without merit.  Given the scope of problems that arose during the deposition, it was not practical to try to fix the problem then and there. As the transcript bears out, the witness repeatedly refused *throughout the day* to answer questions in a responsive way.   *See* Walker Decl. Ex. 7 at 1-43.

The proper approach, and set forth by Defendants, was to review and transcript and determine the most effective method to resolve the disputes.  In furtherance thereof, Defendants provided to ConnectU counsel a written list of all portions of the transcript where the witness' refusal to provide responsive answers and/or improper objections had interfered with Defendants' examination.  Defendants offered  a solution based upon the record.  Counsel for the parties then engaged in substantial, focused telephone discussions aimed at resolving the deposition issues.  In fact, following this September 23, 2005 meet and confer telephone conference and before Defendants filed their Motion 11 days later, Plaintiff never asserted that the meet and confer was insufficient — even after Facebook Defendants confirmed that the meet and confer was completed and that the Defendants' intended to file their Motion.  *See* Walker Decl. Ex. 4.

The written list of transcript portions and the ensuing, extensive meet and confer telephone conference put ConnectU on plain notice of the problematic portions of the deposition, the issues raised by this motion, and the resolution that Defendants now seek.  Defendants made a concerted effort to avoid the necessity of this Motion.  *See* Walker Decl.; Reply Declaration Of Joshua H. Walker In Support Of Defendants' Joint Motion To Compel Testimony From

ConnectU LLC Responsive To Defendants' Amended 30(b)(6) Notice ("Reply Walker Decl.") ¶¶ 3-4. Nothing more is or should be required.

Plaintiff's arguments regarding Topics 7-9 are similarly without merit. Facebook Defendants laid out their arguments with respect to Topics 7-9 as far back as August 3, 2005, in a letter to Plaintiff's counsel. *See* Walker Decl. Ex. 8. The day after receiving the letter, Plaintiff's counsel called Facebook Defendants' counsel, to meet and confer as to whether Plaintiff would designate a Rule 30(b)(6) witness for Topics 7-9. Reply Walker Decl. ¶3. The parties met and conferred a second time regarding Topics 7-9 on August 22, 2005. Reply Walker Decl. ¶4.

Before the deposition and after, Defendants' position on Topics 7-9 has been clear. Because ConnectU alleged in its Complaint, as a factual matter, that Defendants used copied Harvard Connection source code in the Facebook website, it was reasonable that ConnectU make available a Rule 30(b)(6) witness fully prepared to testify regarding the facts known to ConnectU that support this allegation. If the answer to specific questions are "I don't know" — *i.e.*, the Company has no information on that point — then that is the answer. It is not proper, however, for ConnectU to simply refuse to provide any Rule 30(b)(6) witness to testify regarding central factual allegations in its Complaint. Plaintiffs have long known that this is Defendants' position.

## II.    The Witness Was Evasive.

ConnectU's lengthy, intricate characterizations of counsel's deposition questions and the witness' answers do not obscure the conclusion evidenced compellingly by the deposition transcript itself: this witness repeatedly failed and refused to provide responsive answers to straightforward factual questions. While arguing extensively regarding the two transcript examples detailed in Defendants' brief, ConnectU does not substantively address — nor could it — the multiple specific examples of Mr. Winklevoss' evasive answers and non-answers set forth

in Defendants' Exhibit 7  *See* Walker Decl. Ex. 7 at 1-43.  This oversight is not insignificant, and underscores the breadth of the witness' improper behavior.

Nor is it more generally an answer to Defendants' Motion to assert, as ConnectU does, that it is unfair to expect a witness to give "yes," "no" or "I don't know" answers to the questions at issue.  Questions which the witness failed to answer and/or gave evasive answers were factual, specific and straightforward.  Some examples of these questions, which the witness refused to answer due to what ConnectU describes as his "world view," are as follows:

- "[D]id you ever discuss that with Mark Zuckerberg . . . that HarvardConnection was a social network with these ties and nodes?" (Ex. 7, p. 3);

- "So, did Mr. Mavinkurve attend the strategy meetings?" (Ex. 7, p. 6);

- "Did he ever tell you he wanted to be an equal partner?" (Ex. 7, p. 9);

- "Did he ever agree to take some equity?"  (*Id*.);

- "Prior to joining with Mr. Zuckerberg, were there any discussions between Mr. Tyler Winklevoss, you, Divya Narendra about how the equity would be divided?" (Ex. 7, p. 10)

- "So is it ConnectU's testimony that Mr. Jackson was or was not told [he should keep the information confidential]?"  (Ex. 7, p. 12-13);

- "[D]id you discuss what he [Mr. Zuckerberg] would get out of it?" (Ex. 7, pp. 20-21)

- "And so you told him it was an equal partnership?" (Ex. 7, p. 22)

- "Did you ever tell or discuss with Mr. Zuckerberg that he would be getting an equal share of HarvardConnection?"  (Ex. 7, p. 38)

- "Sir, do you know, did Mr. Moskovitz ever see any web page or any version of the HarvardConnection website?" (Ex. 7, p. 42)

While these questions were simple and straightforward, in each instance Mr. Winklevoss'

answers to each of the questions was non-responsive and/or evasive.  As noted, these are merely

representative, and underscore why there is such a critical need for the deposition to be resumed.

Indeed, in response to questions such as those quoted above, an examining party is

plainly entitled to a "yes," "no," or "I don't now" answer, even if the witness may be entitled (in

the answer or on redirect) to add further narrative explaining that answer.  *See Miller v. Waseca*

*Med. Ctr.*, 205 F.R.D. 537, 541 (D. Minn. 2002) (court added time to complete deposition for

failure to answer "yes" or "no" to questions so posed); *Cellnet Data Sys., Inc. v. Itron, Inc.*, 178

F.R.D. 529, 535 (N.D. Cal. 1998) (court compelled party to answer "yes" or "no" questions).

ConnectU seeks to eviscerate that distinction by claiming the witness' "world view" prevented

him from appreciating that the question called for a simple "yes," "no," or "I don't know."  Opp.

at 5-7.  Such defense of evasive answers is plainly not contemplated by the case law developed

around Rule 30(b)(6).

Nor are either of the case authorities cited by ConnectU to the contrary.  S*ee* Opp. at 7.

The *McCormick-Morgan* court merely found that contention interrogatories were a more

appropriate vehicle for inquiring about complex patent infringement case contentions, such as

patent invalidity -- not that questions like those above are incapable of yes or no answers or are

improper for a Rule 30(b)(6) deposition.  *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134

F.R.D. 275, 286-87 (N.D. Cal. 1991).  Likewise, *SmithKline Beecham Corp. v. Apotex Corp.*,

No. 98 C 3952, 2000 U.S. Dist. LEXIS 667 (N.D. Ill. Jan. 21, 2000), is inapposite.  The

*SmithKline* court refused to compel deposition testimony on a incredibly broad topic:

"SmithKline's responses to Defendants' Interrogatories and requests for production, along with

subjects identified therein."  *Id*. at *26-29.  The questioning topic that was at issue in that case

was a general one, and thus stands in sharp contrast to the types of specific factual questions at issue here.

Finally, ConnectU does nothing to justify Mr. Winklevoss' repeated evasiveness by arguing that he was merely answering from "his own world view." Opp. at 5-7. If a particular question used a term that was vague or (the witness believed was) misleading, the witness could point that out in his answer. That is decidedly not what happened during this deposition. Mr. Winklevoss repeatedly failed to answer the questions asked responsively. Moreover, as noted, the case law does not excuse a Rule 30(b)(6) from providing straightforward responses.

To require ConnectU to produce a witness prepared to answer questions non-evasively for four additional hours of deposition and give responsive answers is certainly a fair result here.

### III.    The Witness Was Poorly Prepared.

In response to the transcript excerpts cited in Defendants' opening brief showing that this witness was unprepared, Plaintiff simply claims that the witness prepared for several hours and should have been the best person to testify due to his position within ConnectU. *See* Opp. at 10-11. This excuse is insufficient to overcome ConnectU's obligations to produce a witness knowledgeable on the relevant topics.

Regardless of how much time the witness claims to have spent preparing for the Rule 30(b)(6) deposition, the record unambiguously reflects that the quality of the preparation was severely lacking. For example, as explained in Defendants' opening brief and not contested by Plaintiff, the witness did not speak to any of the other principals of Harvard Connection or ConnectU regarding their knowledge of any of the Rule 30(b)(6) topics. *See* Opening Brief at 7-8. The end result was that the witness did not adequately respond to many of the questions he was asked that were purely factual in nature. *See* Opening Brief at 8-9; Walker Decl. Ex. 7.

This absence of adequate preparation further underscores the fact that the Defendants are entitled to relief.

**IV.    Plaintiff's Counsel Coached the Witness and Obstructed the Examination.**

Throughout the deposition Plaintiff's counsel coached the witness, made baseless objections, and interrupted without objecting, thereby constantly interfering with Defendants' right to examine this witness.  These instances are detailed in Defendants' opening brief and in Walker Decl. Ex. 7, pages 43-69.  Again, the deposition transcript is the best evidence of what occurred, as the following examples reflect:

- Mr. Hornick: "The witness can answer the question however he wants."  (Tr. at 65:3-4)

- Mr. Hornick: "I think you are putting words into the witness' mouth." (Tr. at 82:3-4)

- Mr. Hornick: "I'll object to that question to the extent that it implies that the witness should have access to any of your confidential information, so I'm not sure he is capable of answering that question. You can try." (Tr. at 228:3-8)

- Mr. Hornick: "I'll just state for the record that the witness may not be privy to investigations by my counsel." (Tr. at 235:9-11)

- Mr. Hornick: "Just for the record, this witness isn't capable of testifying on those topics to the extent that it would require him to have any access to the defendants' confidential information." (Tr. at 248:16-20)

- Mr. Hornick: "But I should say that the witness might not be aware of deletions that were made." (Tr. at 277:12-14)

- Mr. Hornick: "Objection.  That -- no Zuckerberg code that I know of has been published --" (Tr. at 279:24-280:1)

- Mr. Hornick: "Objection, calls for a legal conclusion, legal expertise, and this is a waste

of time, but other than that, you can answer." (Tr. at 292:16-19)

- Mr. Hornick: "Objection, argumentative, asked and answered, assumes facts not in evidence, assumes the witness has seen defendants' confidential information, calls for legal conclusions." (Tr. at 326:17-21)

- Mr. Hornick: "Objection, puts words in the witness' mouth. You can say that you can't answer the question." (Tr. at 327:24-328:1)

- Mr. Hornick: "The witness can't answer this question without seeing confidential information." (Tr. at 378:23-25)

These examples underscore the intrusiveness of counsel's objections. Moreover, ConnectU does not attempt to justify its counsel's improper comments and coaching during the deposition. Rather, it complains — without basis — about defense counsel's examination style or manners. *See* Opp. at 15. Those assertions by ConnectU are both entirely inaccurate, and beside the point. *See* Reply Declaration of Robert B. Hawk In Support Of Defendants' Joint Motion To Compel Testimony From ConnectU LLC Responsive To Defendants' Amended 30(b)(6) Notice. Defendants are entitled to conduct an examination without such interference, and hence are entitled to the relief of four hours in additional Rule 30(b)(6) deposition time free of such tactics.

## V.    Testimony Regarding Topics 7-9 Should Be Compelled.

In response to Defendants' explanation as to why testimony regarding Topics 7-9 should be compelled, Plaintiff complains that it has not received the "best evidence" related to those topics, claims that it already responded to these topics in answering Interrogatory No. 1, and tries to hide behind the protective order (as predicted by Defendants). *See* Opp. at 16-17.

First of all, Plaintiff alleged copyright infringement of their source code in their

complaint; therefore, Plaintiff should already generally know the information requested in Topics

7-9.[1]  Moreover, Topics 7-9 request only that Plaintiff testify regarding the portions of certain

code (*e.g.*, december.zip and october.zip); Defendants do not seek final legal contentions

regarding copyright infringement.  Furthermore, Defendants have produced all available relevant

source code with any database definitions in their possession.

Next, Plaintiff's response to Interrogatory Request No. 1 was completely inadequate, as it

only speculated that due to the relatively short amount of time it took Defendant Zuckerberg to

launch a different website that is allegedly similar to Plaintiff's, "it would have been natural and

easy for him and/or the other Defendants to use such code or other copyrighted aspects of

Harvard Connection."  *See* Opp., Ex. 10 at 7.  Such a vague and speculative response hardly

addresses Topics 7-9, supports Plaintiff's infringement claim, or satisfies Defendants' need for

discovery in this area.

Finally, as explained in Defendant's opening brief, Plaintiff cannot hide behind the

protective order because there is a procedure in place to allow parties to view confidential matter,

or in the alternative, Plaintiff could use an expert to be a witness or to prepare one.  As a result,

Plaintiff should be required to provide a Rule 30(b)(6) witness to testify regarding Topics 7-9.

### IV.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant the

following relief:

---

[1] Topic 7: "Of the Code produced by TheFacebook in the file entitled 'december.zip,' all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter."
Topic 8: "Of the Code produced by TheFacebook in the file entitled 'october.zip,' all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter."
Topic 9: Topic 7: "Of the Code subsequently produced by TheFacebook (i.e., subsequent to the production of files labeled 'december.zip' and 'october.zip') prior to August 9, 2005, all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter."  Walker Decl. Ex. 1, Attachment A at 4.

1.	to compel ConnectU to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought … *and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed* … as to the relevant subject matters," *Calzaturficio S.C.A.R.P.A S.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001) (emphasis added), for at least an additional four hours,

2.	to instruct ConnectU's counsel that he is not entitled to "improperly object[] to the form of the question by either suggesting what he apparently believe[s] to be an appropriate answer to his client or himself testifying," or "to act as intermediary, interpreting questions, and deciding which questions the witness should answer," or to make other improper objections. *Id.*, at 40-41, *quoting Johnson v. Wayne Manor Apts.*, 152 F.R.D. 56, 59 (E.D. Pa. 1993) (internal quotes omitted), and

3.	to order that ConnectU "*shall designate* one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf," for Topics 7, 8 and 9 in Defendants' 30(b)(6) Notice.  Fed. R. Civ. P. 30(b)(6) (emphasis added).

Dated:  October 26, 2005.                    Respectfully submitted,

                                                      /s/ Robert D. Nagel /s/
                                             _____
                                             G. Hopkins Guy, III*
                                             I. Neel Chatterjee*
                                             Monte M.F. Cooper*
                                             Robert D. Nagel*
                                             Joshua H. Walker*
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             1000 Marsh Road
                                             Menlo Park, CA  94025
                                             Telephone:  (650) 614-7400
                                             Facsimile:   (650) 614-7401
                                             hopguy@orrick.com
                                             nchatterjee@orrick.com
                                             mcooper@orrick.com
                                             rnagel@orrick.com
                                             jwalker@orrick.com

                                             Steve M. Bauer
                                             Jeremy P. Oczek
                                             PROSKAUER ROSE, LLP
                                             One International Plaza, 14th Floor
                                             Boston, MA 02110-2600
                                             Telephone:     (617) 526-9600
                                             Facsimile:      (617) 526-9899
                                             sbauer@proskauer.com
                                             joczek@proskauer.com

                                             ATTORNEYS FOR MARK ZUCKERBERG,
                                             DUSTIN MOSKOVITZ, ANDREW
                                             MCCOLLUM, CHRISTOPHER HUGHES, and
                                             THEFACEBOOK, INC.

                                             * Admitted Pro Hac Vice

Dated:  October 26, 2005.

Respectfully submitted,

/s/ Robert B. Hawk /s/

Robert B. Hawk*
Bhanu Sadasivan*
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401
robert.hawk@hellerehrman.com
bhanu.sadasivan@hellerehrman.com

Daniel K. Hampton
HOLLAND & KNIGHT, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone:    (617) 523-2700
Facsimile:     (617) 523-6850
dan.hampton@hklaw.com

ATTORNEYS FOR DEFENDANT EDUARDO
SAVERIN

* Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2005, a true and correct copy of the foregoing document was served on counsel of record by use of the Court's ECF system.

**[[/s/]]** Robert D. Nagel
Robert D. Nagel*

* Admitted Pro Hac Vice