UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC<br><br>Plaintiff,<br><br>   v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants. | Civil Action No. 1:04-CV-11923 (DPW)<br><br>District Judge Douglas P. Woodlock |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br>Counterclaimants,<br><br>   v.<br><br>CONNECTU LLC,<br>Counterdefendant,<br><br>   and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br>Additional Defendants on Counterclaims. | |

**REPLY DECLARATION OF JOSHUA H. WALKER IN SUPPORT OF DEFENDANTS' JOINT MOTION TO COMPEL TESTIMONY FROM CONNECTU LLC RESPONSIVE TO DEFENDANT'S AMENDED 30(b)(6) NOTICE**

I, JOSHUA H. WALKER, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. (collectively, the "Facebook Defendants"). I am an active member in good standing of the Bar of the States of California, and am admitted to appear *pro hac vice* before this court. I have reviewed and am familiar with the local rules of this Court. I have personal knowledge of the facts stated therein and if called as a witness, could and would competently testify thereto.

2. I make this Reply Declaration in support of Defendants' Joint Motion to Compel Testimony from ConnectU LLC Responsive to Defendants' Amended 30(b)(6) Notice ("Motion").

3. On the afternoon of August 4, 2005,[1] John F. Hornick, counsel for Plaintiff, contacted me by telephone and we attempted to resolve the issues raised in my letter of August 3, 2005, per my request to meet and confer in such letter. Our discussion primarily focused on topics 7-9 of Defendants' Amended 30(b)(6) Notice. Plaintiff's counsel stated that such topics would be addressed subsequently pursuant to expert witness procedures, and provided other arguments as to why it was not required to designate for such topics. I stated that Plaintiff was required to designate a witness for the August 9, 2005 deposition, and provided arguments as to why this was so. Counsel for Plaintiff refused to reconsider its position, and affirmed that it would not designate a witness for topics 7-9 of the Amended 30(b)(6) Notice. The parties were unable to resolve their dispute as to this issue. The parties were able to clarify and resolve various other issues raised in my letter, relating to the deposition.

---

[1] Afternoon in both Pacific and Eastern Time.

-3-

4.  During the meet and confer of August 22, 2005 between the parties, the deposition – and Plaintiff's failure to designate a witness for topics 7-9 specifically – was discussed again. At this time, Plaintiff's counsel reaffirmed that it would not designate a witness for these topics in any follow-on deposition. Thus, the parties were at an impasse on the matter.

5.  Attached to my original declaration in support of the Motion were letters both requesting and confirming the occurrence of the meet and confer conference regarding Plaintiff's refusal to designate a witness for topics 7-9 of the Amended 30(b)(6) Notice of deposition.

I declare under the penalty of perjury that the foregoing is true and correct. This Declaration is executed on this 25th day of October 2005, at Menlo Park, California.



/s/ Joshua H. Walker /s/
Joshua H. Walker

DOCSSV1:432026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2005, a true and correct copy of the foregoing document was served on counsel of record by use of the Court's ECF system.

                                                   <u>[[/s/]] Robert D. Nagel                    </u>
                                                   Robert D. Nagel*

                                                   * Admitted Pro Hac Vice