UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>      Defendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Counterdefendants. | |

**REPLY DECLARATION OF ROBERT B. HAWK IN SUPPORT OF DEFENDANTS' JOINT MOTION TO COMPEL TESTIMONY FROM CONNECTU LLC**

I, Robert B. Hawk, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted *pro hac vice* in the United States District Court for the District of Massachusetts

for this case. I am a shareholder in the law firm of Heller Ehrman LLP, counsel for Defendant Eduardo Saverin in this action. I have personal knowledge of the facts set forth in this declaration.

2. I make this declaration in response to the assertions in Plaintiff's Opposition To Defendants' Joint Motion To Compel Testimony From ConnectU LLC Responsive To Defendants' Amended 30(b)(6) Notice ("Plaintiff's Opposition"). Plaintiff's Opposition includes assertions that I somehow behaved in an "impolite or unprofessional" manner during the deposition of the ConnectU witness. Those assertions are baseless. Although I believe that the assertions are groundless, and that bringing such matters before the Court does not advance this litigation or serve well goals of civility and professionalism in litigation, now that such allegations have been levied against me I feel I should respond — lest the Court conclude by my silence that there is a basis in fact for these assertions.

3. I remained polite and professional throughout the 30(b)(6) deposition that is the subject of the pending Motion and Plaintiff's Opposition. My language, my tone, the volume of my voice — and even my facial expressions, smiling or not — remained appropriate at all times. I am entirely comfortable with the Court reviewing as much (or as little) of the audio/video record as it desires, so that it may form its own conclusion in this regard.

4. I did become frustrated during the deposition, because the witness, Mr. Winklevoss, repeatedly refused to answer the questions that I asked him — just as he had done during questioning by counsel for the Facebook Defendants. It was the witness' repeated evasion of the questions — not some desire to "oppress" the witness or bully him into changing a prior answer — that led to repetition of certain questions. The transcript confirms this point. As the transcript will also confirm, I interrupted the witness on very few occasions — when he began answering a question in a way that was plainly non-responsive. Examples of Mr. Winklevoss' repeated refusals to provide

2

responsive testimony, leading to repetition of questions, include but are not limited to p. 285, line 2 to p. 287, line 21;  p 332, line 20 to p. 334, line 22;  p. 351, line 7 to p. 357, line 1, all of which have previously been submitted to the Court in conjunction with the Motion to Compel.

    I declare under the laws of the United States that that the foregoing is true and correct and that this declaration was executed on this 26th day of August, 2005, at Menlo Park, California.

_____
Robert B. Hawk

# CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2005, a true and correct copy of the foregoing document was served on counsel of record by use of the Court's ECF system.

                                        **[[/s/]] Robert D. Nagel**
                                        Robert D. Nagel*

                                        * Admitted Pro Hac Vice