

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

TROY E. GRABOW
202-408-4391
troy.grabow@finnegan.com

November 16, 2005

Honorable Douglas P. Woodlock  <u>**Via Hand Delivery and**</u>
United States District Judge  <u>**Electronic Court Filing**</u>
Honorable Robert B. Collings
United States Magistrate Judge
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

    *ConnectU LLC v. Mark Zuckerberg, et al., and FACEBOOK, INC.*
    Civil Action No. 1:04-cv-11923 (DPW)

Dear Judge Woodlock and Magistrate Collings:

    On behalf of Plaintiff ConnectU, we are writing to bring a matter of importance to the Court's attention with respect to the Facebook Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 94, filed October 14, 2005, hereinafter "Motion to Dismiss"), the Facebook Defendants' subsequently filed Reply (Docket No. 110, filed November 8, 2005), and Amended Reply (Docket No. 111, filed November 14, 2005). Plaintiff would have preferred not to burden the Court with this letter, but believes the record must be corrected.

    Plaintiff points the Court to two important factual errors in the Facebook Defendants' motion papers that render incorrect their argument that subject matter jurisdiction based on diversity did not exist on September 2, 2004, when the original Complaint was filed. On November 15, 2005, Plaintiff insisted that the Facebook Defendants immediately correct these errors in the Court record and withdraw the portions of their motion based on such errors (namely, their argument that subject matter jurisdiction was lacking on September 2, 2004, when the original Complaint was filed), or that they consent to Plaintiff correcting the record immediately. The Facebook Defendants did not respond to Plaintiff's demand.

    The first factual error was as follows: In the Facebook Defendants' original Reply Brief, they stated that Mark Zuckerberg was a citizen of New York when the action was filed. *See* Brief at 3. They then argued that "Thus, bringing the action in the name of

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

the real-party plaintiffs would have revealed that there was no diversity jurisdiction." Brief at 3.  On November 10 and 14, 2005, Plaintiff asked the Facebook Defendants to bring to the Court's attention the fact that Mr. Zuckerberg, when Answering the First Amended Complaint, denied that he had a place of residence in the State of New York, a fact which the Facebook Defendants omitted from their motion papers.  The Facebook Defendants then amended their Reply by adding footnote 2 to page 3.  See Amended Reply, Docket No. 111, at 3.  However, footnote 2 fails to clarify Mr. Zuckerberg's alleged place of residence (or "citizenship") on the filing dates of the Complaint, the First Amended Complaint, or the Answer.  Although footnote 2 implies without any support (such as a declaration) that Mr. Zuckerberg was a "citizen" of New York on September 2, 2004 (though not a "resident"), Mr. Zuckerberg was in fact both residing in and a citizen of the State of California on the date the Complaint was filed.  See Exhibit A hereto, TheFacebook Inc.'s July 26, 2004 incorporation papers, listing a California address for Mr. Zuckerberg, and signed by Mr. Zuckerberg.  The Facebook Defendants' argument, again without support, that Mr. Zuckerberg was a student on September 2, 2004 and therefore a citizen of his home state (allegedly New York), is also incorrect, as Exhibit B hereto, an article from the September 1, 2004 University of Maryland *Diamondback*, reported that Mr. Zuckerberg had left Harvard and moved to California because of the success of thefacebook.com.   See also Exhibit C hereto, an article from the August 13, 2004 Harvard *Crimson*, reporting that Mr. Zuckerberg spent the summer of 2004 in California and "will take at least a semester off to pursue his next online project," and Exhibit D hereto, an article from the September 13, 2004 Harvard *Crimson*, reporting that Mr. Zuckerberg "planned to spend his semester away from the College focusing on improvements to" thefacebook.com.

     In view of these facts, the Facebook Defendants' cryptic attempt to parse Mr. Zuckerberg's clear and unqualified denial in the Answer demonstrates a serious lack of candor with the Court.  Furthermore, by arguing that the Answer implied that Mr. Zuckerberg was a "citizen" but not a "resident" of New York at the time the Complaint was filed, the Facebook Defendants ignored the standard in the *Valentin* case cited by the Facebook Defendants in footnote 2, which requires a "fixed home." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001).  If Mr. Zuckerberg had no place of residence in New York at that time, then he could not be a citizen there, particularly since he had a place of residence in California.  Thus, the denial is fairly read as denying both residence and citizenship in New York, to the extent that the two terms have different legal meanings.

     The second factual error was as follows:  In its opposition brief, Plaintiff stated that thefacebook.com defacto or implied partnership, which Plaintiff named in the original Complaint, may have co-existed on the filing date with the unnamed TheFacebook, Inc., which incorporated in late July 2004 (Opp. at 4-5).  Although TheFacebook, Inc. incorporated on or about July 29, 2004, there is no evidence that the founders of thefacebook.com website ever assigned their pre-incorporation rights in the website to TheFacebook, Inc.  Thus, whatever rights they held in thefacebook.com

Judge Woodlock
Magistrate Judge Collings
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

website before TheFacebook, Inc. incorporated they continued to hold on the day the Complaint was filed, and therefore the Complaint names a correct and existing entity. Thus, the Facebook Defendants' argument that thefacebook.com defacto or implied partnership did not exist on the filing date is incorrect.

Plaintiff respectfully urges the Court to note these errors in the Facebook Defendants' arguments when considering their Motion to Dismiss Plaintiff's Complaint.

Sincerely,

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile:  (202) 408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile:  (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants

Judge Woodlock
Magistrate Judge Collings
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

cc:	Monte M.F. Cooper, Esq.	(via facsimile)
	Joshua H. Walker, Esq.	(via facsimile)
	Daniel K. Hampton, Esq.	(via facsimile)
	Steven M. Bauer, Esq.	(via facsimile)
	Neel I. Chatterjee, Esq.	(via facsimile)
	G. Hopkins Guy, III, Esq.	(via facsimile)
	Gordon P. Katz, Esq.	(via facsimile)
	Jeremy P. Oczek, Esq.	(via facsimile)
	Robert B. Hawk, Esq.	(via facsimile)
	Bhanu K. Sadasivan, Esq.	(via facsimile)
	Robert D. Nagel, Esq.	(via facsimile)