IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and FACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>  Additional Counterdefendants. | |

**PLAINTIFF'S SURREPLY TO FACEBOOK DEFENDANTS' AMENDED
REPLY TO PLAINTIFF'S OPPOSITION TO FACEBOOK
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff ConnectU files this surreply to the Facebook Defendants' Amended Reply to Plaintiff's Opposition to Facebook Defendants' Motion to Dismiss. On November 16, 2005, Plaintiff filed the substance of this surreply as a letter to the Court, but it was stricken from the record as nonconforming to the Local Rules and local

practice. Plaintiff apologizes to the Court. Plaintiff would prefer not to burden the Court with this information, but believes the record must be corrected.

Plaintiff points the Court to two important factual errors in the Facebook Defendants' motion papers that render incorrect their argument that subject matter jurisdiction based on diversity did not exist on September 2, 2004, when the original Complaint was filed.

The first factual error was as follows: In the Facebook Defendants' original Reply Brief, they stated that Mark Zuckerberg was a citizen of New York when the action was filed. *See* Reply Brief at 3. They then argued that "Thus, bringing the action in the name of the real-party plaintiffs would have revealed that there was no diversity jurisdiction." Reply Brief at 3. On November 10 and 14, 2005, Plaintiff asked the Facebook Defendants to bring to the Court's attention the fact that Mr. Zuckerberg, when Answering the First Amended Complaint, denied that he had a place of residence in the State of New York, a fact which the Facebook Defendants omitted from their motion papers. The Facebook Defendants then amended their Reply by adding footnote 2 to page 3. *See* Amended Reply Brief, Docket No. 111, at 3. However, footnote 2 fails to clarify Mr. Zuckerberg's alleged place of residence (or "citizenship") on the filing dates of the Complaint, the First Amended Complaint, or the Answer. Although footnote 2 implies without any support (such as a declaration) that Mr. Zuckerberg was a "citizen" of New York on September 2, 2004 (though not a "resident"), Mr. Zuckerberg was in fact both residing in and a citizen of the State of California on the date the Complaint was filed. *See* Exhibit A hereto, TheFacebook Inc.'s July 26, 2004 incorporation papers, listing a California address for Mr. Zuckerberg, and signed by Mr.

2

Zuckerberg. The Facebook Defendants' argument, again without support, that Mr. Zuckerberg was a student on September 2, 2004 and therefore a citizen of his home state (allegedly New York), is also incorrect, as Exhibit B hereto, an article from the September 1, 2004 University of Maryland *Diamondback*, reported that Mr. Zuckerberg had left Harvard and moved to California because of the success of thefacebook.com. *See also* Exhibit C hereto, an article from the August 13, 2004 Harvard *Crimson*, reporting that Mr. Zuckerberg spent the summer of 2004 in California and "will take at least a semester off to pursue his next online project," and Exhibit D hereto, an article from the September 13, 2004 Harvard *Crimson*, reporting that Mr. Zuckerberg "planned to spend his semester away from the College focusing on improvements to" thefacebook.com.

In view of these facts, the Facebook Defendants' cryptic attempt to parse Mr. Zuckerberg's clear and unqualified denial in the Answer demonstrates a serious lack of candor with the Court. Furthermore, by arguing that the Answer implied that Mr. Zuckerberg was a "citizen" but not a "resident" of New York at the time the Complaint was filed, the Facebook Defendants ignored the standard in the *Valentin* case cited by the Facebook Defendants in footnote 2, which requires a "fixed home." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001). If Mr. Zuckerberg had no place of residence in New York at that time, then he could not be a citizen there, particularly since he had a place of residence in California. Thus, the denial is fairly read as denying both residence and citizenship in New York, to the extent that the two terms have different legal meanings.

3

The second factual error was as follows: In its opposition brief, Plaintiff stated that thefacebook.com defacto or implied partnership, which Plaintiff named in the original Complaint, may have co-existed on the filing date with the unnamed TheFacebook, Inc., which incorporated in late July 2004 (Opp. at 4-5). Although TheFacebook, Inc. incorporated on or about July 29, 2004, there is no evidence that the founders of thefacebook.com website ever assigned their pre-incorporation rights in the website to TheFacebook, Inc. Thus, whatever rights they held in thefacebook.com website before TheFacebook, Inc. incorporated they continued to hold on the day the Complaint was filed, and therefore the Complaint names a correct and existing entity. Thus, the Facebook Defendants' argument that thefacebook.com defacto or implied partnership did not exist on the filing date is incorrect.

Plaintiff respectfully urges the Court to note these errors in the Facebook Defendants' arguments when considering their Motion to Dismiss Plaintiff's Complaint.

DATED: November 17, 2005

/s/ Troy E. Grabow
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.

Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Plaintiff and Counterclaim Defendant