

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

TROY E. GRABOW
202-408-4391
troy.grabow@finnegan.com

November 4, 2005

Monte Cooper, Esq.       **VIA FACSIMILE**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

ConnectU LLC v. Mark Zuckerberg, et al., and FACEBOOK, INC.
Civil Action No. 1:04-cv-11923 (DPW)

Dear Monte:

This letter is an attempt to resolve a discovery dispute regarding the Facebook Defendants' Responses to Plaintiff and Counterclaim Defendants' Second Set of Interrogatories (Nos. 19-23) and Second Request for the Production of Documents and Things (Nos. 171-187), which were served on August 31, 2005, with responses received on October 5, 2005.

**The Facebook Defendants' Responses in General**

The Facebook Defendants devote most of each of their responses to the Plaintiff's interrogatories and requests for production to boilerplate, nonspecific, unsupported objections, e.g., 1) "unduly burdensome," 2) "overly broad," 3) "vague and ambiguous," 4) "unduly burdensome and harassing," 5) "compound," 6) "[not] relevant," 7) "nor likely to lead to the discovery of admissible evidence," and 8) "calls for confidential, proprietary, commercially sensitive, and/or trade secret information."

Responses to Interrogatory Nos. 19, 20, and 22 recite all eight of the boilerplate objections and responses to Interrogatory Nos. 21 and 23 contain six of the boilerplate objections. The Facebook Defendants' responses to Plaintiff's Request for Production Nos. 171-187 include the same boilerplate objections, along with some additional objections not seen in the responses to interrogatories. For example, attorney-client privilege (No. 171) or attorney-client privilege or attorney work product (Nos. 174, 177, and 178, without specifying whether the claim is for privilege or attorney work product). In fact, in the Facebook Defendants' response to Request for Production No. 178, they object to the request to the extent that it calls for the Facebook Defendants' attorney-client privileged or attorney work product or expert testimony. Rule 26(b)(5) requires

Monte Cooper, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

the party withholding the information otherwise discoverable by claiming a privilege to "describe the nature of the documents ... in a manner that ... will enable other parties to assess the applicability of the privilege or protection" asserted. The Facebook Defendants have not only failed to identify the specific objection, but they have failed to describe the materials withheld.

The frequency, number and nature of these objections coupled with the Facebook Defendants stonewalling of virtually all prior discovery, make it clear that the Facebook Defendants' objectives are to obstruct the discovery process and avoid producing any useful information in spite of their obligations under the Federal Rules of Civil Procedure.

## Case Law

In *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996), the court said, "I am compelled to comment generally on the type of objections the City utilized in responding to plaintiff's discovery demands. These objections invariably recite virtually the same verbiage to each document request, repeating the familiar boilerplate phrase that each and every request is 'vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evident' (sic) and, further, that each request 'seeks information and material protected by the attorney client, work product doctrine or other privilege'."

The court went on to say that such pat, generic, nonspecific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. *Id.* at 295; *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa. 1980). "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu*, 166 F.R.D. at 295.

It is the burden of the resisting party to clarify and explain its objections and to supply support for them. A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, not likely to lead to the discovery of relevant information, immaterial, unduly burdensome, oppressive, overly broad, or sought in bad faith. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, not likely to lead to the discovery of relevant information, immaterial, unduly burdensome, oppressive, overly broad, or sought in bad faith. *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980). Moreover, the Facebook Defendants must provide true, explicit, responsive, complete, and candid answers to interrogatories. See *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996).

Monte Cooper, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Moreover, a general claim of privilege, be it work product or attorney-client, is an inadequate response to a discovery request. Fed. R. Civ. P. 26(b)(5) requires the party withholding information otherwise discoverable by claiming a privilege to "describe the nature of the documents ... in a manner that ... will enable other parties to assess the applicability of the privilege or protection" asserted. To date, Defendants have not provided a privilege log. It is now time you do so. We will provide our privilege log the same day. Please let us know when you would like to do this exchange.

### Rule 26(c) Protective Order

If the Facebook Defendants believe, as it appears from their responses, that the Plaintiff's requests for production are specifically and/or cumulatively burdensome, oppressive, vague, ambiguous, overly broad, irrelevant, not likely to lead to the discovery of relevant evidence, seek privileged information and work product, and request confidential information, their remedy is to seek a protective order under Rule 26(c). However, no such motion has been filed, which demonstrates that the Facebook Defendants are unable to support such objections.

### Objections Based on Confidentiality

The Facebook Defendants have objected to every single interrogatory (Nos. 19-23, inclusive), and ten requests for production (Nos. 171, 172, 179, 180, 181, 182, 183, 184, 185, and 186), on the basis that they call for confidential, proprietary, commercially sensitive, and/or trade secret information. This objection, as is true of the others discussed above, is a blanket, boilerplate, nonspecific objection that fails to identify the specific basis of the objection and does not provide any description of any confidential information falling within any of the mentioned categories. Rule 34(b) and the case law require that if a request is objected to, the reasons for the objection shall be stated.

Moreover, a Second Stipulated Protective Order was entered by consent of the parties on or about June 24, 2005, well before the Facebook Defendants responded to Plaintiff's Interrogatory Nos. 19-23 and Request for Production Nos. 171-187. The protective order acknowledges the existence of confidential information and adopts procedures for the protection of such information. Confidential information is defined as trade secret or other information considered by a party, in good faith, to be confidential. There is no provision excluding the confidential information of the Facebook Defendants; they are granted the same security as all other parties to the suit.

Therefore, in view of the pre-existing protective order in this case, the Facebook Defendants' objections that any of Plaintiff's requests seek confidential information are without merit.

Monte Cooper, Esq.
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

### References to Motions to Compel

In response to Interrogatory No. 22 and Request for Production Nos. 171, 176, 177, 178, 184, 185, and 186, the Facebook Defendants refer to pending motions to compel. There is no provision in Rule 33 or Rule 34 permitting reference to a pleading as a response to an interrogatory or a request for production. In fact, it has been held in Rule 33(d) jurisprudence that one cannot produce pleadings instead of answering an interrogatory. See *Melius v. Nat'l Indian Gaming Comm'n*, No. CIV-A-98-2210, 2000 WL 1174994, at *1-2 (D.D.C. July 21, 2000). Therefore, referring to a Motion to Compel fails to comply with the rule and is nonresponsive.

### Possession, Custody, or Control

The Facebook Defendants have objected to Request for Production No. 171, relating to investors and investments, and Request No. 172, relating to user surveys and questionnaires, on the ground that the requests seek documents not within their possession, custody, or control.

Rule 34 requires that a party produce all discoverable documents or things responsive to a request that are in the party's possession, custody, or control. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 164 n.6 (1980). Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control, or the legal right to obtain the documents on demand. *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Documents held by the party's attorney, expert, insurance company, accountant, or agent are deemed to be within the party's control. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (documents held by the party's attorney or former attorney are within the party's control and must be produced); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (documents held by the party's expert are within the party's control). Likewise, documents held by a subsidiary, affiliated corporation, or branch office in another state may be within a party's control. *Uniden America Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306-07 (M.D.N.C. 1998) (party required to produce documents from sister corporation). Moreover, documents owned by a third person but possessed by a party are within the party's control. *Commerce and Industry Ins. Co. v. Grinnell Corp.*, No. 97-0775, 2001 WL 96377, at *3 (E.D. La. Feb. 1, 2001). A party may also be deemed to have possession, custody, or control of documents that the party may release by authorization. *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995).

According to publicly available information, ACCEL Partners made a significant investment in TheFacebook, Inc. and thefacebook.com ($13 Million in early 2005) and is now a significant holder of preferred stock in TheFacebook, Inc. (now Facebook, Inc.). Further, a principal in ACCEL Partners is a member of the board of directors of Facebook, Inc. Any documents prepared by or on behalf of either ACCEL Partners or

Monte Cooper, Esq.
Page 5

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

TheFacebook, Inc. relating to TheFacebook, Inc. are properly within the possession, custody, and control of the Facebook, Inc. and/or the other Facebook Defendants.

In view of ACCEL's significant ownership of TheFacebook, Inc., all documents in the custody of ACCEL Partners relating in anyway to the investment made in Facebook, Inc. and the Facebook.com by ACCEL Partners, including valuations, financial analyses, negotiations, risk assessments, agreements, memoranda of meetings, forecasts, surveys, projections, presentations, financing plans, business plans, inventories of assets, marketing, sales, and advertising materials, etc., must be accessible to the Facebook, Inc. Similarly, all documents of ACCEL Partners in the possession of Facebook, Inc. that relate to its investment are within the possession, custody, or control of Facebook, Inc. for the purposes of Rule 34, and must be produced.

**Indefinite Responses**

In response to Request for Production Nos. 179-184, the Facebook Defendants conclude a series of boilerplate objections with the phrase "TheFacebook Defendants have already performed a reasonable search but will produce additional responsive documents to the extent such documents are newly discovered." Similarly, in response to Request for Production Nos. 171, 173, and 175, the Facebook Defendants state they "will produce ... additional ... documents ... found upon a reasonable search."

Plaintiff has a right to know whether documents responsive to these requests exist and whether the Facebook Defendants will produce them, or are of the opinion that they have produced them at some other time in response to another request. In the latter case, the Facebook Defendants have an obligation to identify the documents produced in response to another request with sufficient specificity, e.g., document description and production number, to allow Plaintiff to review the request and the documents produced to determine whether the Facebook Defendants' position has merit.

Although the responses state that "defendants have already performed a reasonable search", they do not disclose whether any documents were located responsive to these requests and whether such documents were produced. The response offers to produce "newly discovered documents," which merely offers to do what is required by the rules, i.e., supplement responses.

The Facebook Defendants must provide responses to Plaintiff's discovery requests that comply with the rules and provide the information to which Plaintiff is entitled.

Monte Cooper, Esq.
Page 6

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

### Interrogatories (Nos. 19 to 23)

Interrogatory Nos. 19 and 20 (Relating to computer memory devices)

The unsupported boilerplate objections in the Facebook Defendants' responses to Interrogatory Nos. 19 and 20 are treated above. In response to these interrogatories, the Facebook Defendants refer to four pages (TFB 52-55), citing Rule 33(d). The four cited pages are redacted without explanation and contain columns and rows of unidentified numbers with no legend, no title, no date, and no explanation, and therefore provide no responsive information. Such pages do not "identify anything", as that term is defined in the "Definitions and Instructions" set forth in Plaintiff's and Counterclaim Defendants' Second Set of Interrogatories. Moreover, Plaintiff cannot find the answer to these interrogatories in such documents, and therefore the Facebook Defendants must provide a complete written answer. *Petroleum Ins. Agency Inc. v. Hartford Accident & Indemnity Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983).

Rule 33(d) also only allows production of business records when the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. The burden on the Facebook Defendants of identifying such computer memory devices must be less than Plaintiff's burden, and therefore Rule 33(d) does not apply.

The Facebook Defendants also provide no indication whether the documents qualify as business records. To qualify as business records, the documents must be kept in the ordinary course of one's primary business with entries made by someone having knowledge, and the records must be created at or near the time of occurrence. Fed. R. Evid. 803(6). These documents (TFB 52-55) are devoid of any such information and the Facebook Defendants have not provided the required information in their response. The custodian, location, owner, type of memory device, nature of the device in which the memory device was used, the nature of the information stored, the person or persons using the memory devices, when they were used, if they were used, and what were they used for is omitted. The documents contain some 500 meaningless numbers with no explanation provided by the Facebook Defendants. They appear to represent a single shipment on an unknown date. The only information provided regarding documents TFB 52-55 is "which list serial numbers for various hard drives."

The Facebook Defendants' responses are also inadequate for additional reasons. First, these interrogatories request the identification of all types of electronic memory or storage devices, including but not limited to the 600-800 referred to in Mr. Heyman's August 18, 2005 declaration. The Facebook Defendants' responses refer only to hard drives. Second, the Facebook Defendants have answered both interrogatories by referring to TFB 52-55. The information responsive to Interrogatory Nos. 19 and 20 must be different, for at least some period of time, because the former is directed to Mr. Zuckerberg's memory devices and the latter is directed to those of the other Defendants. Third, TFB 52-55 account, at best, for only 500 of the "600-800"

Monte Cooper, Esq.
Page 7

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

memory devices the Facebook Defendants claim to be using. Fourth, TFB 52-55 do not identify Defendants' personal computer hard drives or their server providers' hard drives. Fifth, the Facebook Defendants have relied on the alleged existence of the "600-800" memory devices, so they cannot refuse discovery regarding them. Seventh, the information on these documents must be incomplete because it appears to relate to a single shipment. It is impossible that all memory devices used by Zuckerberg or the other Facebook Defendants since inception were received in a single shipment. The Facebook Defendants cannot rely on Rule 33(d) and also withhold any responsive business records. *Blake Assoc. v. Omni Spective, Inc.*, 118 F.R.D. 283, 290 (D. Mass. 1988).

Thus, the Facebook Defendants must provide a complete written response to this interrogatory. Withholding such information in view of the deadline for expert reports, and in view of the false and misleading arguments the Defendants have made to the Court regarding topics 7-9 of the Facebook Defendants' Rule (30)(b)(6) deposition notice for ConnectU, is inexcusable.

Interrogatory No. 21 (Relating to persons that have provided website hosting services)

The boilerplate objections in the Facebook Defendants' response to Interrogatory No. 21 are treated above. The interrogatory requests not only the identity of the website hosting services but the specifics of the services from February 4, 2004 to the present. The Facebook Defendants also fail to identify such persons as required by the Definitions and Instructions, or sufficient for Plaintiff to seek third party discovery from them.

The Facebook Defendants cite Rule 33(d) and refer Plaintiff to "agreements already produced," but fail to identify the specific agreements, the nature of the production, or the document numbers to enable Plaintiff to identify them. Referring to Rule 33(d) in this way, and without more, is improper for the reasons noted above with respect to Interrogatory Nos. 19 and 20. Plaintiff therefore cannot find the answer to this interrogatory in the documents the Facebook Defendants allegedly have produced. The Facebook Defendants are also withholding responsive documents requested by Request Nos. 108 and 109, covered by Plaintiff's third motion to compel.

In view of these inadequacies, the Facebook Defendants must provide a complete written answer to this interrogatory. Withholding such information in view of the deadline for expert reports, and in view of the false and misleading arguments the Defendants have made to the Court regarding topics 7-9 of the Facebook Defendants' Rule (30)(b)(6) deposition notice for ConnectU, is inexcusable.

Interrogatory No. 22 (Relating to third party websites containing numbered elements identified in Defendants' Interrogatory No. 2)

Monte Cooper, Esq.
Page 8

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

In their response to this interrogatory, the Facebook Defendants recite ten boilerplate objections, refer to a transcript and a motion to compel and, once again, fail to provide any relevant information responsive to the request. The boilerplate objections in The Facebook Defendants' response to Interrogatory No. 21 are treated above.

As noted above, reference to a motion to compel is nonresponsive. Likewise, reference to a transcript is not an adequate answer under the rules. Under Rule 33(d), one cannot produce pleadings or deposition transcripts instead of answering an interrogatory. The response to this interrogatory is directly relevant to Defendants' defenses. The Facebook Defendants must provide a written response to this interrogatory. Withholding such information in view of the deadline for expert reports is inexcusable.

Interrogatory No. 23 (Relating to investors and investments in TheFacebook, Inc. or thefacebook.com)

The boilerplate objections in the Facebook's response to Interrogatory No. 21 are treated above.

In this response, the Facebook Defendants refer to prior responses to Request for Production Nos. 90-101 and 105-106, which is improper and nonresponsive. Even if the Facebook Defendants had cited Rule 33(d), the records referred to are not business records (for reasons noted above) and they have not been sufficiently identified, e.g., by description and document number, to enable Plaintiff to locate and review them. Furthermore, none of the cited requests relates to investments or investors in TheFacebook Inc. or thefacebook.com. The Facebook Defendants are also withholding documents responsive to Request Nos. 90-96 and 98-106, which are covered by Plaintiff's third motion to compel, and therefore the Facebook Defendants cannot rely on Rule 33(d). The Facebook Defendants also have not objected that this interrogatory is burdensome, and therefore Rule 33(d) does not apply. *Blake Assoc.*, 118 F.R.D. at 289.

The Facebook Defendants' response is also inadequate because it does not identify responsive persons and documents, as required by the Definitions and Instructions (or sufficient to enable Plaintiff to conduct third party discovery), does not identify the "entity associated with Peter Thiel", does not identify the "entities and an individual associated with Accel Partners," and does not identify what is meant by "significant holders."

Plaintiff's claims in this case include damages resulting from copyright, infringement, unjust enrichment, trade secret misappropriation, breach of contract, etc. By refusing to respond to this interrogatory and Request for Production No. 171 (discussed below), the Facebook Defendants are intentionally preventing Plaintiff from obtaining the data needed to calculate the damages suffered as a result of the

Monte Cooper, Esq.
Page 9

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Defendants' actions. This is inexcusable in view of the deadlines for submitting expert reports.

According to publicly accessible information, ACCEL Partners invested $13 Million in TheFacebook, Inc. and became a significant holder of TheFacebook Inc.'s preferred stock. One of the principals of ACCEL Partners is now a member of the Board of Directors of TheFacebook, Inc. and handles, or perhaps controls, the day-to-day operation of TheFacebook, Inc. Prior to investing $13 Million in TheFacebook, Inc., it is reasonable to assume that ACCEL Partners, a venture capital group, thoroughly evaluated TheFacebook, Inc., which likely included valuations, surveys, market research, review of assets, written agreements, stock transfers, financial analyses, forecasts and projections, financing plans, monthly and yearly sales, revenues, profits, margins, pricing, costs (fixed and variable), overhead, and debt. Documents created during these evaluations, which are within the possession, custody, or control of the Facebook Defendants (or to which the Facebook Defendants are entitled) are critical to Plaintiff's proof of damages.

The Facebook Defendants' continued refusal to respond to discovery, and intentional refusal to comply with the rules, is blatant obstructionism. Plaintiff must insist that the Facebook Defendants provide all information responsive to Interrogatory No. 23 and all documents responsive to Request for Production No. 171 (as well as Request Nos. 90-96, 98-105, 107, and 113) by the close of business on November 11, 2005.

**Requests for Production (Nos. 171-187)**

The boilerplate objections in the Facebook Defendants' responses to Plaintiff's Request for Production Nos. 171-187 are treated above. Those comments apply to each of the Facebook Defendants' responses here, so they will not be recited for each response below.

In addition to the usual boilerplate objections to each of these requests, the Facebook Defendants refer to other discovery requests but do not state that any documents were produced in response to those requests, nor do the responses identify or describe any such responsive documents.

In many cases, the Facebook Defendants also refer to prior production requests and argue that the new request is duplicative. To the extent that the Facebook Defendants are correct that information sought by any of the following requests also falls within the scope of a previous request, the Facebook Defendants should have produced the documents or things sought by the following requests long ago.

Monte Cooper, Esq.
Page 10

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Request for Production No. 171 (Relating to investors and investments in TheFacebook, Inc.)

See Plaintiff's comments, above, regarding the Facebook Defendants' response to Interrogatory No. 23, which apply equally to the Facebook Defendants' response to Request for Production No. 171. It has been one month since the Facebook Defendants responded to this request, but no additional responsive documents have been produced. This is inexcusable, in view of the deadline for expert reports. The Facebook Defendants must produce all remaining responsive documents by November 11, 2005.

Request for Production No. 172 (Relating to surveys and questionnaires of users)

See Plaintiff's comments on the Facebook Defendants' response to Request No. 171, which apply equally here. The Facebook Defendants have refused to produce any responsive documents and must do so right away.

Request for Production No. 173 (Relating to documents referred to in the Facebook Defendants' initial disclosure of April 2005)

One month has passed since the Facebook Defendants answered this request and agreed to produce additional responsive documents, but no such documents have been received. Rather than arranging a mutually agreeable time for inspection, if that is what the Facebook Defendants intended, please provide copies of the documents referred to in response to Request No. 173 right away.

Request for Production No. 174 (Relates to documents relevant to the Facebook Defendants' counterclaims)

In response to this request, the Facebook Defendants refer to Request for Production Nos. 143-168. Contrary to Facebook, Inc.'s representations, Request Nos. 143-168 do not seek information relating to the Defendants' counterclaims, but relate to the Defendants' affirmative defenses. Requests Nos. 166-168 seek information to support certain paragraphs of the counterclaims, but Request No. 174 is broader than the requests for production cited by the Facebook Defendants; it seeks all documents related to the Facebook Defendants' counterclaims. Thus, the Facebook Defendants' response is inadequate. The Facebook Defendants must produce responsive documents. Unless they do so, we will assume the counterclaims are baseless and act accordingly.

Request for Production No. 175 (Relating to Zuckerberg's problem sets)

In response to this request, the Facebook Defendants' refer to Request for Production No. 51, which seeks documents relating to Mr. Zuckerberg's papers and homework referred to in specific emails. Request No. 175 is broader, seeking all

Monte Cooper, Esq.
Page 11

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

documents relating to Mr. Zuckerberg's problem sets, class papers, and other homework within a date range. Thus, the Facebook Defendants' response is inadequate. These documents are directly relevant to any defense by Mr. Zuckerberg that he acted in good faith with respect to the Founders in late 2003 and early 2004, and to the veracity of his statements regarding how he spent his time during this period, and therefore should have been preserved. One month has passed since the Facebook Defendants promised to produce responsive documents, but no documents have been received. Defendants must produce such documents right away. If the Facebook Defendants do not produce such documents, Plaintiff will move to compel and for an adverse inference based on spoliation of evidence.

Request for Production Nos. 176-178 (Relating to the combination identified in response to Defendants' Interrogatory No. 2 or any of the numbered elements in Interrogatory No. 2)

These responses contain only boilerplate objections and are completely non-responsive. The Facebook Defendants have every incentive to provide a complete, direct, and nonevasive response to this request, as well as responsive documents. Thus, based on the content of your responses (as well as the content of the brief cited therein), Plaintiff will assume and argue that the Facebook Defendants have no such evidence, at least with respect to Request Nos. 176 and 177. If the Facebook Defendants confirm in a proper response that they have no responsive documents (with respect to Request Nos. 176 and 177) Plaintiff will not file a motion to compel. If the Facebook Defendants have responsive documents, please produce them right away. With respect to Request No. 178, the Facebook Defendants must produce all responsive documents.

Request for Production No. 179 (Relating to design and technical documentation)

In response to this request, the Facebook Defendants refer to Request for Production Nos. 62, 63, and 67, which seek information related to the development of thefacebook.com website. However, Request for Production No. 179 is different because it seeks documents concerning design and technical documentation and/or specifications. Thus, the Facebook Defendants' response is inadequate and they have produced no such documents. Withholding such information in view of the deadline for expert reports is inexcusable. Unless the Facebook Defendants produce such documents, Plaintiff will move to compel and/or seek an adverse inference based on spoliation of evidence.

Request for Production No. 180 (Relating to database definitions)

In response to this request, the Facebook Defendants refer to Request for Production No. 67, which seeks general information on the development of the website. Request No. 180 specifically seeks database definitions (DBD) for thefacebook.com. Although the Facebook Defendants' response objects to producing such documents,

Case 1:04-cv-11923-DPW   Document 122-5   Filed 01/05/2006   Page 12 of 14

Monte Cooper, Esq.
Page 12

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

their reply to Plaintiff's opposition to their motion to compel deposition testimony states, erroneously, that all database definitions (DBD) have been produced (at 9). No DBD for thefacebook.com have been produced, but the Facebook Defendants must have them. Their website would not run without them. Plaintiff therefore insists that the Facebook Defendants correct the incorrect statements they have made to the Court and produce all DBDs right away. Withholding such information is inexcusable in view of the deadline for expert reports and the other false arguments Defendants have made to the Court regarding Topic Nos. 7-8 of their 30(b)(6) notice of ConnectU. If the Facebook Defendants are unable to produce DBD for the time period of this request, Plaintiff will move to compel and/or will seek an adverse inference based on spoliation.

Request for Production No. 181 (Relating to code written by anyone that was incorporated into the code for thefacebook.com)

In response to this request, the Facebook Defendants refer to Request for Production No. 69, which seeks information relating to the computer program coding created by Mr. Zuckerberg. However, Request No. 181 is broader in that it seeks computer program code written by anyone and actually incorporated into thefacebook.com website. Thus, the Facebook Defendants' response is inadequate. If any such code exists, produce it immediately. If not, say so. Withholding such code in view of the expert report deadlines is inexcusable.

Request for Production No. 182 (Relating to program code for coursematch)

In response to this request, the Facebook Defendants refer to Request for Production No. 36, claiming that it is a duplicate of Request No. 182. The two requests differ in that Request No. 182 specifically requests computer code which was not mentioned in Request No. 36. Thus, the Facebook Defendants' response is inadequate. The coursematch code must be produced immediately. Withholding such code in view of the expert report deadlines is inexcusable.

Request for Production No. 183 (Relating to buddyzoo)

The Facebook Defendants must produce the buddyzoo code if they have it, or provide a proper response saying they do not have it. If the Facebook Defendants have such code, withholding it in view of the expert report deadlines is inexcusable.

Request for Production No. 184 (Relates to the hard drive referenced by the Facebook Defendants in Response to Request for Production 30) and
Request for Production No. 185 (Relates to the hard drive referred to on page 15 of the Facebook Defendants' opposition to motion to compel imaging)

In response to these requests, the Facebook Defendants refer to Request Nos. 30 and 118, which request documents relating to facemash and facemash.com and an electronic image of the hard drive. However, Request No. 184 differs in that it seeks the

actual hard drive itself. Defendants' response to Request No. 30 says the facemash code was lost, not the hard drive itself, and that the hard drive crashed. The crashed hard drive must be produced. With respect to Request No. 185, Plaintiff will file a motion to compel and/or for an adverse inference based on spoliation.

The Facebook Defendants' summary statement that the facemash code was lost when the computer malfunctioned also is only a partial response. If the Facebook Defendants are unable to provide the actual hard drive, they must provide all documents relating to the make and model of Zuckerberg's computer, the date and circumstances surrounding the alleged malfunction and loss of the facemash code, the location and custodian of all other memory devices that contained a copy of the program, produce all backup copies or copies stored on other memory devices, and explain why this hard drive cannot be produced.

With respect to Request No. 185, Defendants must provide details relating to the alleged loss of this hard drive, including the circumstances, date of loss, make and model of the lost hard drive, the location and custodian of all other memory devices that contained a copy of thefacebook.com programs, and produce all backup copies or copies stored on other memory devices.

It is inconceivable that computer programmers of Mr. Zuckerberg's, Mr. Moskovitz's, and Mr. McCollum's level would not have any back-up copies of the facemash and thefacebook.com programs (as the case may be), and that the early versions of thefacebook.com code and DBD were not backed up somewhere, such as on thefacebook.com's server providers' servers.

Request for Production No. 186 (Relates to web activity logs)

In response to this request, the Facebook Defendants refer to Request Nos. 85 and 87-89, none of which seeks web activity logs. In response to Request for Production No. 186, the Facebook Defendants refer to pending motions to compel. There is no provision in either Rule 33 or Rule 34 permitting reference to a pleading as a response to an interrogatory request or a request for production. Thus, Facebook's response is inadequate and responsive documents must be produced.

Request for Production No. 187 (Relates to coding referred to in an email from Zuckerberg to Narendra)

In addition to the usual boilerplate objections, the Facebook Defendants refer to other discovery requests (Request for Production No. 50), but do not state that any documents were produced previously in response to those requests, nor does the response identify or describe any documents that the Facebook Defendants claim are responsive to Request No. 50. In fact, Defendants objected to Request No. 50 and produced no responsive documents, due to the fact that the incorrect Exhibit B was attached to that request. Plaintiff therefore re-propounded Request No. 50 as Request

Monte Cooper, Esq.
Page 14

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

No. 187 and the Facebook Defendants must now produce the documents sought by this request.

**Conclusion**

The Facebook Defendants' responses to Plaintiff's Interrogatory Nos. 19-23 and Request for Production Nos. 171-187, across the board, do not even rise to the level of a good faith effort to respond. They continue the Defendants' tradition of providing no useful information whatsoever.

Plaintiff hereby requests a meet and confer conference to discuss whether and when the Facebook Defendants will fully answer these interrogatories and produce all responsive documents. We must meet and confer, and resolve these issues, no later than **November 8, 2005**, or we will be forced to file another motion to compel.

Sincerely,

Troy E. Grabow

TEG

cc:	Joshua H. Walker, Esq.	(via facsimile)
	Daniel K. Hampton, Esq.	(via facsimile)
	Steven M. Bauer, Esq.	(via facsimile)
	Neel I. Chatterjee, Esq.	(via facsimile)
	G. Hopkins Guy, III, Esq.	(via facsimile)
	Gordon P. Katz, Esq.	(via facsimile)
	Jeremy P. Oczek, Esq.	(via facsimile)
	Robert B. Hawk, Esq.	(via facsimile)
	Bhanu K. Sadasivan, Esq.	(via facsimile)
	Robert D. Nagel, Esq.	(via facsimile)