**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |
| v. | District Judge Douglas P. Woodlock |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC., | Magistrate Judge Robert B. Collings |
| Defendants. | |
| MARK ZUCKERBERG and FACEBOOK, INC., | |
| Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
| Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | |
| Additional Counterdefendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
FACEBOOK DEFENDANTS' PRODUCTION OF DOCUMENTS IN
<u>RESPONSE TO REQUEST FOR PRODUCTION NOS. 171, 174-182, AND 184-187</u>**

The Certification required by L.R. 7.1 (A)(2) and 37.1(B) is set forth in the accompanying motion.

## I.   Relevant Facts

The facts relating to this litigation have been set forth in great detail in the pending motions before the Court and will not be repeated here.  Plaintiff has set forth the facts related to this particular discovery dispute in the concurrently filed Motion to Compel Facebook Defendants' Answers to Interrogatory Nos. 19-23 (hereinafter "concurrently filed Motion to Compel Answers to Interrogatory Nos. 19-23").  Plaintiff now has pending three motions to compel documents and two motions to compel interrogatory answers, evidencing Facebook Defendants' pervasive refusal to provide basic and necessary discovery.

The present motion and memorandum addresses the second set of requests for the production of documents and things.

## II.   Facebook Defendants Should Be Compelled to Provide Documents Responsive to Request for Production Nos. 171, 174-182, and 184-187

As a preliminary matter, one of Facebook Defendants' tactics for responding to Plaintiff's second production requests was to object that they duplicate previous requests.  Where Plaintiff's second requests overlap its first requests, they do so because Facebook Defendants failed or refused to produce certain documents.  Plaintiff then propounded specific second requests to assure production of such documents.

### Request for Production No. 171
Documents sufficient to identify, and concerning, all investments in Thefacebook, Inc. and/or thefacebook.com website, including without limitation the name of each investor; the amount of each investor's investment; the percentage of Thefacebook, Inc.'s shares, assets, or other ownership interest owned or held by each investor, the value of Thefacebook, Inc. and/or the facebook.com website estimated by or for each investor, all documents concerning or memorializing each investment; all documents concerning

or memorializing negotiations with any actual or potential investor; all documents concerning or constituting presentations made to or by actual or potential investors in Thefacebook, Inc. and/or thefaeebook.com website; and all documents prepared by or on behalf of Thefacebook, Inc., or prepared by on behalf of any investor, concerning or constituting any financial projections, revenue projections, profit or loss projections, and/or cash flow projections for Thefacebook, Inc. and/or thefacebook.com website.

**Response to Request for Production No. 171**
The Facebook Defendants object to this Request as compound, overbroad and unduly burdensome, including without limitation, as to the time period and as requesting "all investments," "all documents concerning ... each investment," "all documents concerning negotiations with any actual or potential investor," "all documents concerning ... presentations made to or by actual or potential investors," and "all documents prepared by [or] on behalf of any investor, concerning or constituting any financial projections." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests for documents, including without limitation, Request Nos. 70, 71, 83, 84, 90-101, 105, and 106. The Facebook Defendants further object to this Request to the extent it requests the same material sought by Request Nos. 70 and 71 and to the extent that those requests are already the subject of Plaintiffs pending Motion To Compel The Production Of Documents In Response To Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113, And 169 and the Facebook Defendants opposition thereto. Moreover, the financial documents sought by both this Request and Request Nos. 90-101 also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' or any potential or actual investor's attorney-client privileged, confidential, proprietary, commercially sensitive and/or trade secret information. The Facebook Defendants further object to this Request to the extent it asks for documents not in the Facebook Defendants' possession, custody, or control, including without limitation, investor's documents. Without waiving the specific and general objections set forth, the Facebook Defendants have already produced financial documents and documents concerning plans, projections, and investors in response to earlier Requests but will produce any additional responsive, non-privileged documents in the Facebook Defendants' possession found upon a reasonable search.

Plaintiff's comments in its concurrently filed motion to compel interrogatory answers regarding Facebook Defendants' response to Interrogatory No. 23, and regarding the importance of that interrogatory to this action, apply equally to Request for Production No. 171 and Facebook Defendants' response to it. Facebook Defendants are now stating that they have no additional responsive documents, although they

clearly must have many such documents.  The thirty pages of documents identified in their Supplemental Response to Interrogatory No. 23 are grossly inadequate.

Facebook Defendants have objected on the ground that the request seeks documents not within their possession, custody, or control.  Rule 34 requires that a party produce all documents or things responsive to a request that are in the party's possession, custody, or control.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 164 n.6 (1980).  Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control, or the legal right to obtain the documents on demand.  *In Re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  Documents held by the party's attorney, expert, insurance company, accountant, or agent are deemed to be within the party's control. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (documents held by the party's attorney or former attorney are within the party's control and must be produced); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (documents held by the party's expert are within the party's control).  Similarly, documents held by a subsidiary, affiliated corporation, or branch office in another state may be within a party's control. *Uniden America Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306-07 (M.D.N.C. 1998) (party required to produce documents from sister corporation).  Moreover, documents owned by a third person but possessed by a party are within the party's control.  *Commerce and Industry Ins. Co. v. Grinnell Corp.*, No. 97-0775, 2001 WL 96377, at *3 (E.D. La. Feb. 1, 2001).  A party may also be deemed to have possession, custody, or control of documents that the party may release by authorization.  *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995).

According to publicly available information, ACCEL Partners invested $13 Million in Facebook, Inc. and became a significant holder of preferred stock. (Ex. 8 of concurrently filed Motion to Compel Answers to Interrogatory Nos. 19-23.) One of the principals of ACCEL Partners is now a member of the Board of Directors of Facebook, Inc. and handles, or perhaps controls, the day-to-day operation of Facebook Inc. (*Id.*) Prior to investing $13 Million in Facebook, Inc., it is reasonable to assume that ACCEL Partners, a venture capital group, thoroughly evaluated Facebook, Inc., which likely included valuations, surveys, market research, reviews of assets, written agreements, stock transfers, financial analyses, forecasts and projections, financing plans, and analyses of monthly and yearly sales, revenues, profits, margins, pricing, costs (fixed and variable), overhead, and debt. In view of ACCEL's significant ownership of Facebook, Inc., such documents must be accessible to Facebook, Inc. and must be produced.

Combined with their refusal to provide discovery responsive to Plaintiff's Request Nos. 70-71 (covered by Plaintiff's pending motion to compel, Docket No. 69), Interrogatory No. 23 (covered by Plaintiff's concurrently filed motion to compel), and the other production requests Facebook Defendants argue this request duplicates (also covered by Plaintiff's pending motion to compel, Docket No. 69), Facebook Defendants have blocked all discovery of investors and investments in Facebook, Inc. For these reasons, and the reasons set forth in Plaintiff's concurrently filed motion to compel a response to Interrogatory No. 23, this Court should compel Facebook Defendants to produce all documents responsive to this request.

**Request for Production No. 174**
All documents supporting or tending to support, or refuting or tending to refute, Defendants' Counterclaims.

**Response to Request for Production No. 174**
The Facebook Defendants object to this Request as over broad and unduly burdensome, in particular to the extent it requests documents that have already been requested, including for example, by Request Nos. 143-168, and documents that have already been produced, including documents produced in response to Request Nos. 143-168. The Facebook Defendants also object to this Request as vague and ambiguous regarding the terms "tending to support" and "tending to refute." The Facebook Defendants object to this Request as over broad and unduly burdensome to the extent it requests documents that are already required by Federal Rule of Civil Procedure 26. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' attorney-client privileged or attorney work product information.

This response, combined with Facebook Defendants' empty response to Interrogatory No. 6, which is covered by Plaintiff's motion to compel filed August 30, 2005 (Docket No. 54), has the effect of denying Plaintiff discovery on Defendants' counterclaims. Facebook Defendants' response here is ambiguous. Request Nos. 143-165 request documents relating to Defendants' affirmative defenses, not its counterclaims. Request Nos. 166-168 seek information to support certain paragraphs of the counterclaims, but Request No. 174 is broader than the requests for production cited by Facebook Defendants: it seeks all documents related to Facebook Defendants' counterclaims. Thus, Facebook Defendants' response is inadequate.

Plaintiff was unable to resolve during the meet and confer whether Facebook Defendants have produced all responsive documents relating to their counterclaims, and therefore have been forced to seek the production of such documents in this motion. The Court should compel Facebook Defendants to produce all responsive documents.

**Request for Production No. 175**
All documents sufficient to identify, constituting, or concerning Mr. Zuckerberg's problem sets, class papers, and other homework or class assignments from December 1, 2003 through February 4, 2004.

**Response to Request for Production No. 175**
The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Request as over broad and unduly burdensome to the extent it requests documents that have already been requested, including without limitation, by Request No. 51. and documents that have already been produced, including documents produced in response to Request No. 51. The Facebook Defendants also object to this Request as vague and ambiguous, especially to the extent it seeks documents relating to "homework." The Facebook Defendants further object to this Request as it seeks information beyond the scope of a proper request for documents, arid imposes on the Facebook Defendants an obligation to provide information in the nature of an interrogatory, further exacerbating Plaintiffs use of interrogatories in excess of the number permitted by the Local Rules. Without waiving the general and specific objections set forth above, the Facebook Defendants will produce any additional responsive, non-privileged documents in the Facebook Defendants' possession found upon a reasonable search.

These documents are directly relevant to any defense by Mr. Zuckerberg that he acted in good faith with respect to the Harvard Connection founders in late 2003 and early 2004, and to the veracity of his statements regarding how he spent his time during this period, and therefore should have been preserved and produced. For example, Mr. Zuckerberg claims that he wrote the code for the facebook.com website between January 12, 2004 and February 4, 2004, while simultaneously completing his Harvard computer science "problem sets" and other coursework, writing papers, and studying for and taking exams. Seeking these documents is also a first step toward a motion for an adverse inference based on Facebook Defendants' spoliation of such evidence.

In response to this request, Facebook Defendants' refer to Request for Production No. 51, which seeks documents relating to Mr. Zuckerberg's papers and homework referred to in specific emails. Request No. 175 is broader, seeking all

documents relating to Mr. Zuckerberg's problem sets, class papers, and other

homework within a date range.  Thus, Facebook Defendants' response is inadequate.

Over two months have passed since Facebook Defendants promised to produce

responsive documents, but Facebook Defendants now stand on their objections and

have refused to produce any responsive documents.  Facebook Defendants should be

compelled to produce responsive documents.

**Request for Production No. 176**
All documents sufficient to identify, constituting, or concerning all third party websites or
other public domain sources that contained or embodied the entire combination
identified in response to Defendants' Interrogatory No. 2 prior to February 4, 2004.

**Request for Production No. 177**
All documents sufficient to identify, constituting, or concerning all third party websites or
other public domain sources that contained or embodied nos. 1-3 set forth in response
to Defendants' Interrogatory No. 2 prior to February 4, 2004.

**Request for Production No. 178**
All documents sufficient to identify, constituting, or concerning all third party websites or
other public domain sources that contained or embodied any of the numbered elements
identified in response to Defendants' Interrogatory No. 2 prior to February 4, 2004.

**Responses to Request for Production Nos. 176-178**
The Facebook Defendants object to this Request as over broad and unduly
burdensome, and as seeking irrelevant documents not reasonably calculated to lead to
the discovery of admissible evidence.  The Facebook Defendants also object to this
Request and vague and ambiguous to the extent that Plaintiff's response to the
Facebook Defendants' Interrogatory No. 2 is vague and ambiguous.  The Facebook
Defendants further object to the extent this Request seeks documents that are a matter
of public record, are within the files and/or particular knowledge of Plaintiff and/or their
agents, or is otherwise equally available to Plaintiff, based in part on the fact that
Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague,
ambiguous, unclear, and non-specific.  Details regarding problems with Plaintiff's
response to the Facebook Defendants' Interrogatory No. 2 are detailed in The
Facebook Defendants' Memorandum In Support Of The Facebook Defendants' Motion
To Compel Particularized Identification Of Trade Secrets In Response To The
Facebook Defendants' Interrogatory No. 2.  The Facebook Defendants further object to
this Request to the extent that it calls for the Facebook Defendants' attorney-client
privileged or attorney work product information [or expert testimony][1].

---

[1] Facebook Defendants' responses to these three requests are identical except
that the bracketed words are in response to No. 178 only.

These requests are important because responsive documents (or lack thereof) would reveal the strength or weakness of Facebook Defendants' trade secret defense that the elements of Plaintiff's website -- which comprised its trade secret combination -- were contained in third party or other public domain sources before Plaintiff's website was created.  Facebook Defendants name some such alleged sources responsive to Request No. 178 in their motion for a more particularized trade secret identification (Docket No. 67 at 9-19), but identify no such sources responsive to Request Nos. 176 or 177.   Facebook Defendants' inability to produce documents responsive to Request Nos. 176 and 177 would show that their motion to compel a more particularized identification of trade secrets, as well as their trade secret defense, are baseless.  If Facebook Defendants cannot produce documents identifying third party websites or public domain sources containing all of the elements of Plaintiff's trade secret combination in response to Request Nos. 176 and 177, then Plaintiff's trade secret identification must be adequate and Facebook Defendants' defense fails.

Facebook Defendants have every incentive to provide a complete, direct, and nonevasive response to this request, as well as responsive documents, yet they refuse to do either.  Thus, based on the content of their responses (as well as the content of Facebook Defendants' brief cited therein), Facebook Defendants must have no such evidence, at least with respect to Request Nos. 176 and 177.  Plaintiff requests that this Court compel Facebook Defendants to supplement their responses to state that they have no responsive documents with respect to Request Nos. 176 and 177.

With respect to Request No. 178, which is worded more broadly than Request Nos. 176-177, Facebook Defendants must have responsive documents because they

argue in their motion to compel a more particularized identification of Plaintiff's trade

secret combination that such third party websites and other sources exist.

Facebook Defendants' responses contain only boilerplate objections, refer to

their motion to compel, and are completely non-responsive.  There is no provision in

Rule 34 permitting reference to a pleading as a response to a request for production.

Referring to a motion to compel fails to comply with the rule and is nonresponsive.  In

the meet and confer, Facebook Defendants confirmed that they stand on these

objections.

For these reasons, Plaintiff therefore requests that the Court compel Facebook

Defendants to produce all responsive documents with respect to Request Nos. 176-178

or amend their responses to state that they have no such documents.


**Request for Production No. 179**
All documents sufficient to identify, constituting, or concerning design and technical
documentation and/or specifications for thefacebook.com website, code, or database,
from November 1, 2003 to the present.

**Response to Request for Production No. 179**
The Facebook Defendants object to this Request as compound, overbroad, unduly
burdensome, vague and ambiguous, including without limitation, by requesting
"technical documentation and/or specifications."  The Facebook Defendants also object
to this Request as overbroad and unduly burdensome to the extent it is duplicative of
other requests for documents, including without limitation, Request Nos. 62, 63, and 67.
The Facebook Defendants also object to this Request on the grounds that it seeks
documents that are not relevant to the subject matter of this action, nor reasonably
calculated to lead to the discovery of admissible evidence.  The Facebook Defendants
further object to this Request to the extent that it calls for the Facebook Defendants'
confidential, proprietary, commercially sensitive, and/or trade secret information.
Without waiving the general and specific objections set forth above, the Facebook
Defendants have already performed a reasonable search, but will produce additional
responsive documents to the extent such documents are newly discovered.

The documents sought by this request are directly relevant to Plaintiff's copyright

infringement, trade secret misappropriation, unjust enrichment, and unfair competition

claims, and possibly other claims as well.  Such documents are needed by Plaintiff's

technical expert to complete his analysis.  Documents relating to facebook.com's

database design are particularly important, for the reasons set forth with respect to

Request No. 180, *infra*.

In response to this request, Facebook Defendants refer to Request for

Production Nos. 62, 63, and 67, which seek information related to the development of

the facebook.com website.  Although Plaintiff agrees that the documents sought by this

request fall within Request Nos. 62, 63, and/or 67 and should have been produced long

ago, Request for Production No. 179 specifically seeks documents concerning design

and technical documentation and/or specifications for the facebook.com website

because Facebook Defendants have not produced such design and technical

documents in response to any request.  In the meet and confer, Facebook Defendants

indicated that they also object to producing any responsive post-May 21, 2004

documents, but this objection has not been made in the written response.  The Court

should compel Facebook Defendants to produce responsive documents.


**Request for Production No. 180**
All documents sufficient to identify, constituting, or concerning database definitions for
thefacebook.com website from November 1, 2003 to the present.

**Response to Request for Production No. 180**
The Facebook Defendants object to this Request as overbroad, unduly burdensome,
vague and ambiguous, including without limitation, by requesting "database definitions."
The Facebook Defendants also object to this Request as overbroad and unduly
burdensome to the extent it is duplicative of other requests for documents, including
without limitation, Request No. 67.  The Facebook Defendants also object to this
Request on the grounds that it seeks documents that are not relevant to the subject
matter of this action, nor reasonably calculated to lead to the discovery of admissible
evidence.  The Facebook Defendants further object to this Request to the extent that it
calls for the Facebook Defendants' confidential, proprietary, commercially sensitive,
and/or trade secret information.  Without waiving the general and specific objections set
forth above, the Facebook Defendants have already performed a reasonable search,
but will produce additional responsive documents to the extent such documents are
newly discovered.

The documents sought by this request are directly relevant to Plaintiff's copyright infringement, trade secret misappropriation, unjust enrichment, and unfair competition claims, and possibly other claims as well.  Such documents are needed by Plaintiff's technical expert to complete his analysis.  In particular, Facebook Defendants have argued repeatedly that Plaintiff has refused to provide a Rule 30(b)(6) witness to testify regarding its copyright infringement claim.  Plaintiff has repeatedly explained that it cannot do so without violating the stipulated protective order entered in this action. More importantly for purposes of this motion, however, Plaintiff has also repeatedly explained that its expert cannot complete his copyright infringement analysis because Facebook Defendants have produced no complete code for the facebook.com website. One important respect in which all facebook.com code produced by Facebook Defendants is incomplete is that it lacks a database definition ("DBD").  DBDs for each version of the facebook.com code must exist.  The code and website would not run without them.  Moreover, Facebook Defendants' own expert would not be able to perform his/her analysis of Plaintiff's claims without the DBDs.

In response to this request, Facebook Defendants refer to Request for Production No. 67, which seeks general information on the development of the website. (Ex. 1, at 18.)   Although Plaintiff agrees that Facebook Defendants' DBDs fall within Request No. 67 and should have been produced long ago, Request No. 180 specifically seeks DBDs for the facebook.com code because Facebook Defendants have not produced them, presumably because their position was that Request No. 67 did NOT cover them.  Facebook Defendants' response objects to producing such documents, and their reply to Plaintiff's opposition to their motion to compel deposition testimony

12

states, erroneously, that all DBD have been produced (Docket 106 at 9).  Plaintiff

requested that Facebook Defendants correct such statements to the Court and produce

all DBDs, but they did not respond.

On December 9, 2005, Facebook Defendants indicated that they do not have any

additional responsive documents to produce at this time.  This is impossible.  Plaintiff

suspects that Facebook Defendants are withholding the DBD from their counsel.

Defendants should be compelled to produce all DBD for all versions of the

facebook.com code.

## Request for Production No. 181
All computer program code written by Mark Zuckerberg or any other person prior to Mr.
Zuckerberg's first work on the code for thefacebook.com website, which Mr. Zuckerberg
or any other person incorporated into the code for thefacebook.com website in whole or
in part, and/or in modified or unmodified form, in the form in which such code existed
before Mr. Zuckerberg's work on the code for thefacebook.com website first began.

## Response to Request for Production No. 181
The Facebook Defendants object to this Request as overbroad, unduly burdensome,
vague and ambiguous, including without limitation by requesting "incorporated into."
The Facebook Defendants also object to this Request as overbroad arid unduly
burdensome to the extent it is duplicative of other requests, including without limitation,
Request No. 69.  The Facebook Defendants also object to this Request on the grounds
that it seeks documents that are not relevant to the subject matter of this action, nor
reasonably calculated to lead to the discovery of admissible evidence.  The Facebook
Defendants further object to this Request to the extent that it calls for the Facebook
Defendants' confidential, proprietary, commercially sensitive, and/or trade secret
information.  Without waiving the general and specific objections set forth above, the
Facebook Defendants have already performed a reasonable search, but will produce
additional responsive matter to the extent it is newly discovered.

The documents sought by this request are relevant, for example, to whether Mr.

Zuckerberg could have created the facebook.com website within the time frame he

alleges, whether he copied any Harvard Connection code or incorporated into the

facebook.com code any of the code he allegedly wrote for Harvard Connection, and

whether he incorporated into the facebook.com code any code he or any other person

had previously written.  During the ConnectU 30(b)(6) deposition, Facebook

Defendants' counsel suggested that the latter was true (Ex. 2 at 144:6-12) and Facebook Defendants' Supplemental Response to Interrogatory No. 1 says that Mr. Zuckerberg used an as-yet-unidentified but preexisting "visualization tool" in the facebook.com code. (Ex. 3, filed under Seal.)

In response to this request, Facebook Defendants refer to Request for Production No. 69, which seeks information relating to the computer program coding created by Mr. Zuckerberg.  (Ex. 1, at 18.)  However, Request No. 181 is broader in that it seeks computer program code written by anyone and actually incorporated into the facebook.com code.  Thus, Facebook Defendants' response is inadequate.

In their November 30 letter, Facebook Defendants state that they are examining newly discovered electronic devices to see if they contain any responsive content with respect to Request Nos. 181-185 and 187.  (Ex. 4.)  However, on December 9, 2005, they stated that they do not have any responsive documents to produce at this time. (Ex. 1 of concurrently filed Motion to Compel Answers to Interrogatories Nos. 19-23.) Facebook Defendants should be compelled either to revise their Response to state affirmatively that they do not have any such code and that no preexisting code was incorporated into the facebook.com code, or to produce such code.

**Request for Production No. 182**
All computer program code for Mr. Zuckerberg's project that he called coursematch.

**Response to Request for Production No. 182**
The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation by requesting code written before work was started on Facebook, HarvardConnection, and/or ConnectU code.  The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request No. 36.  The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants'

confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive matter to the extent it is newly discovered.

The documents sought by this request are relevant and important for the same reasons as the documents sought by Request No. 181.  For example, is this the "visualization tool" Facebook Defendants vaguely described in their Supplemental Response to Interrogatory No. 1?

In response to this request, Facebook Defendants refer to Request for Production No. 36, claiming that it is a duplicate of Request No. 182.  The two requests differ in that Request No. 182 specifically requests computer code that was not mentioned in Request No. 36 (Ex. 1, at 11).  In any event, Facebook Defendants have not produced the coursematch code.  Thus, Facebook Defendants' response is inadequate and the Court should compel Facebook Defendants to produce the coursematch code immediately.

**Request for Production No. 184**
The hard drive referred to in Defendants' response to Plaintiff's Production Request No. 30.

**Response to Request for Production No. 184**
Request No. 30 stated:  "All documents relating in any way to facemash, facemash.com, and/or www.facemash.com, as referred to in paragraph 8 of the counterclaims set forth in Defendants' Answer."  Along with objections, Facebook Defendants responded "The code for facemash was lost when the hard drive of Mr. Zuckerberg's computer malfunctioned."  The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous.  The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 30 and 118.  Moreover, the hard drives sought by both this Request and Request Nos. 30 and 118, also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order.  The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants further object to this Request to the

extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.  Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search and produced responsive material, but will produce additional responsive matter to the extent it is newly discovered.

**Request for Production No. 185**
The hard drive referred to on page 15 (first full paragraph) of "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order."

**Response to Request for Production No. 185**
The Facebook Defendants object to this Request as overbroad and unduly burdensome, as explained in Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order.  The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 30 and 118.  Moreover, the hard drives sought by both this Request and Request No. 30 also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order.  The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.  Without waiving the general and specific objections set forth above, as previously stated, the Facebook Defendants have already performed a reasonable search and have not found the sought hard drive.

These requests relate to Plaintiff's continuing efforts to locate and recover the missing Harvard Connection code Mr. Zuckerberg received from Plaintiff and supposedly modified, the missing prelaunch, launch, and post-launch (through September 2004) facebook.com code and database definitions, the missing facemash code and on line journal, and the missing coursematch code.  These requests also relate to the unanswered questions set forth in Plaintiff's reply to Facebook Defendants' opposition to Plaintiff's motion to image Defendants' memory devices (Docket No. 50 at 4-5), such as whether the hard drives referred to in these two requests are the same drive or two different drives, whether Facebook Defendants have provided inconsistent

information regarding these drives, the code they contain, and what happened to them, and whether Defendants in fact performed before the November 18 hearing the forensic analysis that counsel said they performed.  To date, Facebook Defendants have blocked all discovery on these issues.[2]

In response to Request Nos. 184 and 185, Facebook Defendants refer to Request Nos. 30 and 118 (Ex. 1, at 10 and 28), which request documents relating to facemash and facemash.com and an electronic image of the hard drive.  However, Request No. 184 differs in that it seeks the actual hard drive itself.  Defendants' response to Request No. 30 says the facemash code was lost, not the hard drive itself, and that the hard drive crashed.  The crashed hard drive must be produced.  If Facebook Defendants are unable to produce the actual hard drive, they should be compelled to produce documents sufficient to identify such hard drive, the date and circumstances surrounding the alleged malfunction of the facemash hard drive and loss of the facemash code, the date and circumstances surrounding the alleged loss of the hard drive (if they now claim it was lost), the location and custodian of all other memory devices that contain a copy of the facemash code, all backup copies or copies stored on other memory devices, and explain why this hard drive cannot be produced.

With respect to Request No. 185, Facebook Defendants should be compelled to explain if this is the same hard drive as the drive mentioned in response to Request No. 30, to provide details relating to the alleged loss of this hard drive, including the circumstances, date of loss, make and model of the lost hard drive, the location and

---

[2]  With respect to the forensic discovery ordered by the Court on November 18, 2005, to date Facebook Defendants have refused to provide such discovery voluntarily under Local Rule 26.1(A)(1).

custodian of all other memory devices that contain a copy of thefacebook.com

programs, and to produce all backup copies or copies stored on other memory devices.

### Request for Production No. 186
All web activity logs and all documents concerning or containing statistics or reports of usage of thefacebook.com website.

### Response to Request for Production No. 186
The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation by requesting "web activity logs" and "statistics or reports of usage." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 85 and 87-89. The Facebook Defendants further object to this Request to the extent it requests the same material sought by Request Nos. 85 and 87-89 and to the extent that those requests are already the subject of Plaintiff's Motion To Compel The Production Of Documents In Response To Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113, And 169. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already responded to Request Nos. 85 and 87 through 89.

The documents sought by this request are relevant to the exponential growth and value of the facebook.com website, Defendants' improper head start on and usurpation of the market, the improperly obtained popularity of the facebook.com website, and Plaintiff's damages. Plaintiff's damages expert needs such documents to complete his analysis. Without the information sought by this interrogatory, Plaintiff's expert will be forced to make certain assumptions regarding the usage and growth of the facebook.com website. Facebook Defendants' expert will probably disagree with such assumptions. To prevent such a trap for Plaintiff's expert, Facebook Defendants should be required to produce all responsive documents. Moreover, to disagree with such assumptions, Facebook Defendants' expert will be required to rely on the documents sought by this request.

In response to this request, Facebook Defendants refer to Request Nos. 85 and 87-89, none of which seeks web activity logs.  However, Request Nos. 85 and 87-89 (as well as Interrogatory Nos. 11-14) are covered by Plaintiff pending motions to compel (Docket Nos. 69 and 54) because Facebook Defendants have completely stonewalled discovery relating to the growth and usage of their website.

Facebook Defendants also refer to pending motions to compel.  There is no provision in Rule 34 permitting reference to a pleading as a response to a request for production.  Thus, Facebook Defendants' response is inadequate and they should be compelled to produce responsive documents.

**Request for Production No. 187**
All of the "coding" referred to by Mark Zuckerberg in his November 22, 2003 21:43:53 (EST) email to Divya Narendra (attached as Exhibit A hereto), as it existed on that date.

**Response to Request for Production No. 187**
The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants also object to this Request as over broad and unduly burdensome to the extent it requests documents that have already been requested, including without limitation Request No. 50.  The Facebook Defendants also object to this Request as vague and ambiguous, especially to the extent it seeks documents relating to "coding."  The Facebook Defendants further object to this Request as it seeks information beyond the scope of a proper request for documents, and imposes on the Facebook Defendants an obligation to provide information in the nature of an interrogatory, further exacerbating Plaintiff's use of interrogatories in excess of the number permitted by the Local Rules.

In addition to the usual boilerplate objections, Facebook Defendants refer to other discovery requests (Request for Production No. 50), but do not state that any documents were previously produced in response to those requests, nor does the response identify or describe any documents that Facebook Defendants claim are responsive to Request No. 50.  In fact, Facebook Defendants objected to Request No. 50 and produced no responsive documents, due to the fact that the incorrect exhibit

was attached to that request.  Plaintiff therefore re-propounded Request No. 50 as

Request No. 187 and Facebook Defendants should now be compelled to produce the

documents sought by this request.

## III.    Conclusion

Facebook Defendants should be compelled to produce documents responsive to

Request for Production Nos. 171, 174-182, and 184-187.  Plaintiff respectfully urges the

Court to grant this motion to compel, and requests a hearing on the motion.


DATED:  January 5, 2006                          /s/ Troy E. Grabow
                                                 Lawrence R. Robins (BBO# 632610)
                                                 Jonathan M. Gelchinsky (BBO# 656282)
                                                 FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, L.L.P.
                                                 55 Cambridge Parkway
                                                 Cambridge, MA  02142
                                                 Telephone:  (617) 452-1600
                                                 Facsimile:   (617) 452-1666
                                                 larry.robins@finnegan.com
                                                 jon.gelchinsky@finnegan.com

                                                 John F. Hornick (*pro hac vice*)
                                                 Margaret A. Esquenet (*pro hac vice*)
                                                 Troy E. Grabow (*pro hac vice*)
                                                 FINNEGAN, HENDERSON, FARABOW,
                                                   GARRETT & DUNNER, L.L.P.
                                                 901 New York Avenue N.W.
                                                 Washington, DC  20001
                                                 Telephone:  (202) 408-4000
                                                 Facsimile:   (202) 408-4400

                                                 Attorneys for Plaintiff and Counterclaim
                                                 Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 5, 2006.