# EXHIBIT

# D



**ORRICK**

December 9, 2005

**Robert D. Nagel**
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

Troy E. Grabow, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re: *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear Troy:

Thank you for your December 6, 2005 letter regarding Facebook Defendants' responses to ConnectU's second sets of interrogatories and requests for production. As indicated in my November 30, 2005 letter to you, Facebook Defendants will supplement their responses to ConnectU's second sets of interrogatories consistent with that letter. Facebook Defendants will do so by the close of business December 9, 2005, if possible.

Facebook Defendants do not have additional responsive documents to produce at this time. As Facebook Defendants repeatedly have told ConnectU, Facebook Defendants are continuously searching for documents responsive to ConnectU's enormous number of document requests. Specifically, Facebook is processing the two devices recently found, including reviewing any contents for relevant material, and will produce any responsive material as quickly as possible. Moreover, it is not clear yet, because numerous discovery motions, including motions to compel and for a protective order, are still pending before the court, to what documents ConnectU is entitled. For example, because ConnectU has not yet sufficiently specified its alleged trade secrets, Facebook Defendants may continue to withhold related discovery subject to the Court's rulings. Nevertheless, Facebook Defendants will produce any responsive code found on these memory devices.

Regarding Interrogatory Nos. 19 and 20 and paragraph 7 of your December 6, 2005 letter, Facebook Defendants did not agree to provide additional details, such as current location or custodians, of hard drives and electronic memory or storage devices. During the meet and confer, Monte Cooper stated that Facebook Defendants would determine whether they could locate all of the hard drives, etc. and asked ConnectU to sufficiently define what it meant by the term "custodian" so that Facebook Defendants could determine whether the identities of "custodians" of the hard drives and devices could be determined.

DOCSSV1:438635.1


ORRICK

Troy E. Grabow, Esq.
December 9, 2005
Page 2

Facebook Defendants are endeavoring to determine whether the locations of all of the hard drives and devices *can* be determined. However, two circumstances moot the need, at least temporarily, for this discovery. First, the Court structured discovery regarding hard drives and other devices in its November 18, 2005 order by allowing ConnectU to obtain only (1) discovery into search efforts and (2) contact information for website service providers, which Facebook Defendants have provided, so that discovery from these providers may be obtained by ConnectU. (Note that ConnectU has failed to properly pursue either of these avenues.) Second, Facebook Defendants will produce any responsive, relevant, and non-privileged material from the two newly-found devices. Furthermore, until the Court rules on the discovery motions related to hard drives, it is unclear as to what response to Interrogatory Nos. 19 and 20 that ConnectU is entitled. However, as discussed in the meet and confer, Facebook Defendants are attaching un-redacted versions of TFB000052-55.

Also, it is impossible for Facebook to identify "custodians" because ConnectU has not provided any requested additional guidance as to this term. The only definition of "custodian" supplied thus far by ConnectU is: a person who has access to and maintains the devices in "a risk management sort of way," which is insufficient.

Regarding Request for Production No. 183 seeking buddyzoo code, as stated in the November 30, 2005 letter, Facebook Defendants are confirming whether or not buddyzoo code was used for the Facebook website. If Facebook Defendants' confirm this, they will produce any relevant, non-privileged code responsive to this request.

As always, please contact me with any questions.

Very truly yours,

Robert D. Nagel

cc:   John F. Hornick, Esq. (via email)
      Robert B. Hawk, Esq. (via email)
      Bhanu K. Sadasivan, Esq. (via email)
      Daniel K. Hampton, Esq. (via email)
      Steven M. Bauer, Esq. (via email)
      Jeremy Oczek, Esq. (via email)