# EXHIBIT

# E



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

tel 949-567-6700
fax 949-567-6710

WWW.ORRICK.COM

November 30, 2005

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

Troy E. Grabow, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear Troy:

Thank you and Margaret Esquenet for meeting and conferring with Monte Cooper and me November 16, 2005 and your email of November 26, 2005. As promised at the meet and confer, Facebook Defendants have considered several issues related to ConnectU's seconds sets of interrogatories and requests for production. However, the newly-found electronic devices (detailed in Joshua Walker's email to you and John Hornick) and the Court's order following the November 18, 2005 hearing may moot several issues, including most significantly ConnectU's discovery requests related to source code and memory devices.

For example, regarding Request for Production Nos. 181 – 185 and 187, which seek various source code and hard drives, Facebook Defendants have located additional electronic devices, which are currently believed to be (a) a computer Mark Zuckerberg used at Harvard and (b) the first server owned and used by the Facebook. If the existence of responsive content is confirmed, Facebook Defendants will promptly supplement their production with any responsive information discovered on these devices. This production may resolve the issues associated with your objections to Facebook Defendants' discovery responses. To the extent possible, when searching these devices Facebook Defendants will be looking for the code, etc. mentioned in your Request for Production Nos. 180 – 183 and 187. Moreover, the newly discovered devices may include the hard drives in Request for Production Nos. 184 and 185.

Regarding ConnectU's request that Facebook Defendants identify documents referenced in Facebook Defendants' responses to discovery requests, including Interrogatory Nos. 21 and 23 and Request for Production No. 186, Facebook Defendants have identified the following documents for Interrogatory No. 21 (FACE002220 - FACE002233; FACE00386, FACE000394, FACE000414 - 426, FACE001851 - 1854, FACE001858 - 1864, FACE002332 - 2333, FACE002338, FACE002492 - 2493, FACE000124, FACE000383 - 385, FACE00387 - 393, FACE00395 - 412, FACE001171 - 1174, FACE001177, FACE001182, FACE001202, FACE001213, FACE001845, FACE001847, and FACE001965 - 1881); Interrogatory No. 23 (FACE004420 – 4422, FACE004416 – 4418,



**ORRICK**

Troy E. Grabow, Esq.
November 30, 2005

FACE000714 – 716, FACE000776 – 778, FACE002127 – 2128, and FACE002326 – 2331); and Request for Production No. 186 (FACE004670, FACE004658 – 4660, FACE004235 - 4236, FACE004229 – 4230, and FACE004223 – 4224).

Regarding Request for Production No. 173, ConnectU requested that Facebook Defendants confirm whether the documents identified in Defendants' Initial Disclosures were produced to ConnectU or simply made available for inspection. While Defendants offered to make these documents available to ConnectU at the time the Initial Disclosures were made, ConnectU never requested an inspection. However, the documents listed in the Initial Disclosures were produced. Defendants produced all Category A and D documents in their possession. Category B code, as you know, to the extent that it has been found, has been produced. In addition, Facebook Defendants are searching for relevant code in recently found devices. Regarding Category C, Facebook Defendants did not produce any documents, but rather pointed ConnectU to the connectu.com website. Category E documents were not produced because none were found.
In a compromise regarding Request for Production No. 172, ConnectU requested blank surveys or questionnaires that were sent to users. Facebook Defendants have not distributed questionnaires or surveys to users and, therefore, do not have any blank questionnaires or surveys, or user responses thereto, to produce to ConnectU.

Regarding Facebook Defendants' response to Interrogatory No. 23, we have determined that

**REDACTED -- CONFIDENTIAL**

Regarding buddyzoo, we are still confirming whether or not any buddyzoo code was used for the Facebook website and/or whether buddyzoo was the "visualization tool" described in Facebook Defendants' supplemental response to Interrogatory No.1. If so, Facebook Defendants' will produce any relevant, non-privileged code that are responsive to Request for Production Nos. and 183 subject to Facebook Defendants remaining objections thereto.

As you requested, Facebook Defendants will provide supplemental responses to interrogatories and requests for production pursuant to this letter; however, this may not be completed by December 1, 2005.

Thank you in advance for your cooperation in regards to this discovery dispute. If ConnectU has issues with the above, or identifies any additional areas of disagreement, please contact me as I am hopeful that the parties can work out a compromise on these issues. As always, please contact me with any questions.



**ORRICK**

Troy E. Grabow, Esq.
November 30, 2005

Very truly yours,

*[signature]*

Robert D. Nagel

cc:  John F. Hornick, Esq. (via email)
     Robert B. Hawk, Esq. (via email)
     Bhanu K. Sadasivan, Esq. (via email)
     Daniel K. Hampton, Esq. (via email)
     Steven M. Bauer, Esq. (via email)
     Jeremy Oczek, Esq. (via email)
     Margaret A. Esquenet (via email)

DOCSSV1:436880.3