# EXHIBIT

# F

Case 1:04-cv-11923-DPW   Document 133-7   Filed 01/23/2006   Page 2 of 4
Case 1:04-cv-11923-DPW   Document 122   Filed 01/05/2006   Page 1 of 3
01/01/2005 16:37 FAX 9495676710    OHS    ☒002



**O**
**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

tel 949-567-6700
fax 949-567-6710
WWW.ORRICK.COM

December 1, 2005

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

    Thank you for your November 28, 2005 email. As an initial matter, we are surprised that ConnectU rejected a proposal quite similar to the compromise it originally proposed during the November 18, 2005 hearing. Far from "inappropriate," we suspect that the Court would endorse any solution to ConnectU's motion to compel that did not require further Court intervention. Indeed, it ensures that Facebook has met its discovery obligations and that all representations by Mr. Chatterjee have been fulfilled to the greatest extent possible. Unfortunately, ConnectU wants to follow a different and unnecessary path, as it is already threatening to go to the Court. If ConnectU decides to pursue this avenue, it should be through a motion under Local Rule 7.1.

    As stated in my November 23, 2005 letter, under the Court's November 18, 2005 order, ConnectU is entitled to "discovery as to the steps the defendants have taken to obtain and produce the [Facebook and Harvard Connection] codes." Further, the standard for seeking the information ConnectU is requesting is quite simple: ConnectU must show a particularized likelihood of finding materials in a place that Defendants have not searched. The declaration ConnectU demands in its November 23, 2005 letter (and adds to throughout its November 28, 2005 email) is much broader and far more burdensome than the order and the legal standard and is not discovery. The demanded declaration goes much further than to simply "verify the representations Neel made to the Court on November 18, 2005." For example, "why the searched memory devices were selected for review," "the time each search was conducted," and "the development and revision history of Mr. Zuckerberg's alleged contributions to the Harvard Connection code" are not contemplated by the November 18, 2005 order. This goes far beyond "outlining the steps Neel represented [Facebook Defendants] have taken." The Court, to the best of our recollection, was clear that ConnectU could seek discovery as to what was done to collect documents. Issues such as "why" particular devices were searched invades attorney-client and work product protections. Indeed, such

DOCSSV1:437261.4

Case 1:04-cv-11923-DPW   Document 133-7   Filed 01/23/2006   Page 3 of 4
Case 1:04-cv-11923-DPW   Document 122   Filed 01/05/2006   Page 2 of 3
01/01/2005 16:37 FAX 9495676710     OHS     ☒003



# ORRICK

John F. Hornick, Esq.
December 1, 2005

a declaration is virtually impossible given the number of people and two different law firms involved in the document collection effort.

A properly noticed Rule 30(b)(6) deposition is the appropriate course under the circumstances. Contrary to your baseless allegation that Facebook Defendants did not respond to your request for a deposition, as stated in my November 23, 2005 letter, Facebook Defendants are willing to respond to discovery, including a deposition notice, properly served. Under Fed. R. Civ. P. 30(b)(6), ConnectU must properly notice the deposition of a witness, especially considering there is another party to the action, Eduardo Saverin. Frankly, we do not understand why ConnectU is unwilling to perform such a simple task when this is precisely what you asked for during and immediately after the hearing.

ConnectU claims it has not exhausted its interrogatories and that the Local Rule 26.1's limitation on the number of interrogatories and sets of requests for production should be ignored. First, ConnectU has propounded more than the allowed 25 interrogatories when the large number of compound interrogatories (beyond what Local Rule 26.1(c) dictates comprises one interrogatory) are counted along with the 24 interrogatories enumerated by ConnectU. Second, because ConnectU has served two sets of requests for production, it has reached its limit on document requests as well. Nevertheless, until additional document requests and interrogatories have been served, this issue is not ripe for determination.

As a compromise, Facebook Defendants would agree to allow ConnectU to serve up to two interrogatories that will not count toward the limit of 25. Of course, the standard limitations on interrogatories (such as those dictated by Local Rule 26.1(c)) would continue to apply and Facebook will object to any interrogatory not directed to the legal standard. If ConnectU chooses to serve such interrogatories, Facebook Defendants will respond to them before any properly noticed deposition is to occur.

Facebook Defendants' contact information for Equinix, Inc. is 301 Velocity Way, 5th Floor, Foster City, California 94404 and (650) 513-7000. Equinix, Inc.'s agent for service of process is CT Corporation System, 818 West 7th Street, Los Angeles, California 90017, according to the California Business Portal website.

In addition, after further investigation, we understand that Managed.com and Savvy Networks provided servers and web hosting services for Facebook. Managed.com provided the servers and services after thefacebook.com website launched through September 2004, and Savvy Networks provided them from May through September 2004. However, we also understand that the servers located at Managed.com and Savvy Networks were "wiped" of all files and are now being used for other customers.

DOCSSV1:437261.4

Case 1:04-cv-11923-DPW   Document 133-7   Filed 01/23/2006   Page 4 of 4
Case 1:04-cv-11923-DPW   Document 122   Filed 01/05/2006   Page 3 of 3
01/01/2005 16:37 FAX 9495676710   OHS   ☒004



# ORRICK

John F. Hornick, Esq.
December 1, 2005

The contact information for Managed.com is Michelle Titus, (877) 897-6148, and 55 South Market Street, 10th Floor, San Jose, California 95113. The contact information for Savvy Networks is Ben Gaines, (888) 467-2889, and 777 Old Saw Mill River Road, Tarrytown, New York 10591.

As always, please contact me with any questions.

Very truly yours,

Robert D. Nagel

cc: Troy E. Grabow, Esq. (via email)
Robert B. Hawk, Esq. (via email)
Bhanu K. Sadasivan, Esq. (via email)
Daniel K. Hampton, Esq. (via email)
Jonathan M. Gelchinsky, Esq. (via email)

DOCSSV1:437261.4