# EXHIBIT

# H



901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

TROY E. GRABOW
202-408-4391
troy.grabow@finnegan.com

December 6, 2005

Robert D. Nagel, Esq.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

**VIA E-MAIL**

ConnectU LLC v. Mark Zuckerberg, et al., and FACEBOOK, INC.
Civil Action No. 1:04-cv-11923 (DPW)

Dear Robert:

This letter responds to your letter of November 30, 2005 regarding ConnectU's second set of discovery requests.

In your letter you stated that Facebook Defendants would provide supplemental responses to ConnectU's second set of interrogatories and requests for production, but could not do so by December 1, 2005. It is now December 6, and we have yet to receive any further information or documents from you. Please provide Facebook Defendants' supplemental responses as soon as possible and no later than COB our time on December 9, 2005. Please also produce Facebook Defendants' additional responsive documents and things discussed in your letter and promised in the meet and confer on or before COB our time on December 9, 2005. As you know, it has now been over a month since Plaintiff first requested a meet and confer regarding Facebook Defendants' inadequate responses to the second set of interrogatories and requests for production, and over two months since the responses to such requests were due. Further delay is unacceptable.

In your letter you also request that we contact you if we have any issues with the points in your letter and that that we identify any additional areas of disagreement. As you know from our November 4, 2005 letter and our subsequent meet and confer discussion, we are of the opinion that virtually all of the Facebook Defendants' present responses to the second set of interrogatories and production requests are insufficient. It is impossible for us to know whether Facebook Defendants' future supplemental responses and supplemental production may alleviate any of ConnectU's concerns. Pursuant to your request, however, we detail some clear disagreements below.

Robert D. Nagel, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    In the second paragraph of your letter, you state that Facebook Defendants may produce supplemental discovery related to Request for Production Nos. 180-185 and 187. You have not produced any such additional documents or things, so it is impossible for us to determine whether any such possible additional production will be adequate. In the first and second paragraphs of your letter, you also state that recent events may moot several discovery issues. Unless and until Facebook Defendants produce the documents and things, and provide the information requested by Plaintiff's discovery requests, all discovery issues will remain open.

    In the third paragraph, Facebook Defendants identify documents with respect to Interrogatory Nos. 21 and 23 and Request for Production No. 186. But Facebook Defendants have only identified a small number of documents for each interrogatory and request for production. For example, with respect to Interrogatory No. 23, which relates to investors and investments in Facebook, Facebook Defendants identified only 30 pages of documents. Surely, Facebook Defendants have more than 30 pages of documents relating to investors and investments. The documents identified in your letter do not answer Interrogatory Nos. 21 and 23 adequately. We cannot find a complete answer to these interrogatories in the documents you have identified. Thus, identifying such documents does not substitute for providing written answers to these interrogatories and we must therefore insist that you provide complete written answers no later than COB our time on December 9, 2005. Additionally, please confirm that the first bates range on the last line of the first page of your letter should be FACE001865-1881 instead of FACE001965-1881.

    The documents you identified as responsive to Request No. 186 also are inadequate. Please supplement your response and produce all responsive documents by COB our time on December 9, 2005.

    Your letter does not address many interrogatories and requests for production that Facebook Defendants promised to supplement. For example, with respect to Interrogatory Nos. 19 and 20, Facebook Defendants agreed in the meet and confer to supplement to provide additional details (such as the current location) regarding the Facebook Defendants' computer hard drives and electronic memory and storage devices. We assume that supplementation of any responses to interrogatories and requests for production not mentioned in your letter but previously agreed to will occur when Facebook Defendants supplement their responses. We must receive such supplemental responses and responsive documents and things by COB our time on December 9, 2005.

    With respect to your statements regarding Request for Production Nos. 172 and 173, please supplement your response by COB our time on December 9, 2005.

Robert D. Nagel, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    Thank you for the additional details regarding Interrogatory No. 23. When supplementing this response, Facebook Defendants should provide additional responsive information that fully answers this interrogatory.

    With respect to buddyzoo, Facebook Defendants should produce all buddyzoo-related documents sought by Request No. 183 unless they are of the position that the facebook.com website and/or its code are not in any way derived in whole or in part from buddyzoo, and contain none of buddyzoo's ideas, code, or other elements. If this is a correct summary of Facebook Defendants' position regarding buddyzoo, please amend your responses to Plaintiff's Production Request Nos. 181 and 183 and Interrogatory No. 1 with express statements to the effect that no part of buddyzoo, including any of its ideas or code, was a basis for, or incorporated into, the facebook.com website or its code.

    We look forward to receiving Facebook Defendants' supplemental responses and responsive documents no later than December 9, 2005. If you would like to discuss these issues, please contact us.

Sincerely,

*[signature]*

Troy E. Grabow

TEG

cc:    Joshua H. Walker, Esq.    (via e-mail)
        Daniel K. Hampton, Esq.    (via e-mail)
        Steven M. Bauer, Esq.    (via e-mail)
        Neel I. Chatterjee, Esq.    (via e-mail)
        G. Hopkins Guy, III, Esq.    (via e-mail)
        Gordon P. Katz, Esq.    (via e-mail)
        Jeremy P. Oczek, Esq.    (via e-mail)
        Robert B. Hawk, Esq.    (via e-mail)
        Bhanu K. Sadasivan, Esq.    (via e-mail)
        Monte M.F. Cooper, Esq..    (via e-mail)