## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br>Defendants. | Civil Action No.: 04-11923-DPW<br><br>Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br>Additional Defendants on Counterclaims. | |

**FACEBOOK DEFENDANTS' OPPOSITION TO
CONNECTU LLC'S MOTION TO COMPEL DOCUMENTS IN
<u>RESPONSE TO REQUESTS FOR PRODUCTION NOS. 171, 174-182, AND 184-187</u>**

Defendants Mark Zuckerberg ("Zuckerberg"), Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Facebook, Inc. ("Facebook") (collectively, "Facebook Defendants") [1] hereby respond to, and oppose, Plaintiff's Motion to Compel Facebook Defendants' Production of Documents in Response to Request for Production ("RFP") Nos. 171, 174-182, and 184-187 ("ConnectU's Motion").

This opposition relates to the same discovery dispute as Facebook Defendants' concurrently filed Opposition to ConnectU's Motion to Compel Facebook Defendants' Answers to Interrogatory Nos. 19-23 ("Facebook's Interrogatory Opposition"). Indeed, many of the requests for production at issue in Plaintiff's Motion correspond to interrogatories at issue in their motion to compel responses to Interrogatory Nos. 19-23; as a result, the same issues arise in both motions and the respective oppositions. Therefore, Facebook Defendants respectfully refer the Court to the introductory and background material in Facebook's Interrogatory Opposition.

## I.  INTRODUCTION

ConnnectU's motion to compel should be denied. Nearly all of the requests on which ConnectU now moves to compel unnecessarily burden the court and the parties. In fact:

(1)  Facebook Defendants *have agreed to produce and have already produced many of the documents* that ConnectU seeks here (*e.g.*, RFP nos. 181, and to the extent not objected to, RFP nos. 179, 182, 184-85, 187);

(2)  Many of ConnectU's requests are already encompassed by other nearly identical document requests, which are subject to other pending ConnectU motions to compel (*e.g.*, RFPs 171, 174, 186);

---

[1] Defendant Eduardo Saverin is represented by separate counsel in this matter. The term "Defendants," as used herein, refers to all Defendants, including Mr. Saverin. The "Facebook Defendants" may be used herein to refer to all Defendants *except* Mr. Saverin.

(3) Many of the documents sought by ConnectU's motion to compel depend on the outcome of Facebook Defendants' already pending motions (*e.g.*, RFP nos. 171, 176-78 and, to the extent objected to, RFP nos. 179, 184, 185, 187); and

(4) ConnectU never completed the meet and confer process for one of the categories as required by the local rules (*e.g.*, RFP 180).

Indeed, the only request at issue that is even arguably the subject of a non-duplicative motion to compel is No. 175, to the extent it asks for Mark Zuckerberg's academic papers that were *not* referenced in emails between Mr. Zuckerberg and the Harvard Connection members. This hardly seems enough reason for another motion.

At the November 18 hearing, the Court observed that "one [motion] might be resolved today, but the rest of them aren't going to be resolved today. I mean I'll get to them when I can get to them, but that number of discovery disputes is quite a burden on the Court." (Nov. 18 hearing transcript, at 8:24-9:3). Nevertheless, ConnectU has pressed ahead with two more unwarranted motions to compel. At the root of the problem is plaintiff's unwillingness ever to narrow its requests and in response to the good-faith question: "What do you actually need?" Instead, ConnectU has insisted throughout this case on serving facially overbroad discovery requests and then demanding production of irrelevant discovery.

Accordingly, ConnectU's motion to compel Facebook Defendants' production of documents in response to RFP nos. 171, 174-182, and 184-187 should be denied.

## II.   ARGUMENT

### A.   ConnectU's Requests For Productions Are Overbroad And Unduly Burdensome And Its Motion To Compel Should Be Denied.

This Court has long cautioned against requests for overbroad and irrelevant discovery. "[W]here the relevance of information sought in discovery proceedings is questionable and the

request is overly broad, or compliance with such a request would be unduly burdensome, discovery of the requested information will be denied." *Flynn v. Church of Scientology Int'l*, 116 F.R.D. 1, 7 (D. Mass. 1986) (quoting 4 *Moore's Federal Practice*, p. 26-31; denying motion to compel deposition testimony).

Fed. R. Civ. P. 26(b) limits the scope of discovery to that "relevant to the claim or defense of any party" and excludes discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) and (2). As discussed below, many of ConnectU's requests are overly broad and unduly burdensome as they are not reasonably tailored to the claims and defenses of this action and pertain to a huge range of irrelevant documents along with any relevant ones. As such, production pursuant to these requests should not be compelled.

Additionally, an overarching concern that comes up again and again in these requests is ConnectU's refusal to limit their temporal scope to the period before (or even close to) May 21, 2004, when ConnectU launched its website. Facebook Defendants have argued the importance of this temporal limitation elsewhere, and respectfully refers the Court to their Opposition to Plaintiff's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives, at 2-3, and their Reply Brief in Support of Cross-Motion for Protective Order, at 10-12. (Docket Nos. 43, 60.)

### B. Request for Production No. 171 Should De Denied

Request for Production No. 171 is the companion document request to ConnectU's Interrogatory No. 23, and seeks:

> Documents sufficient to identify, and concerning, all investments in Thefacebook, Inc. and/or thefacebook.com website, including without limitation the name of each investor; the amount of each investor's investment; the percentage of Thefacebook, Inc.'s shares, assets, or other ownership interest owned or held by each investor, the value of Thefacebook, Inc. and/or thefacebook.com website

-3-

estimated by or for each investor; all documents concerning or memorializing each investment; all documents concerning or memorializing negotiations with any actual or potential investor; all documents concerning or constituting presentations made to or by actual or potential investors in Thefacebook, Inc. and/or thefacebook.com website; and all documents prepared by or on behalf of Thefacebook, Inc., or prepared by on behalf of any investor, concerning or constituting any financial projections, revenue projections, profit or loss projections, and/or cash flow projections for Thefacebook, Inc. and/or thefacebook.com website.

Compel 171 Motion at 2-3.  Facebook Defendants oppose Plaintiff's motion to compel with regard to this request for the same reasons they oppose Plaintiff's motion to compel with regard to Interrogatory No. 23, including that:  the requested documents are subject to pending motions to compel and for protective order, and privacy concerns of the investors seriously impact Facebook's business relationships and goodwill.  Facebook respectfully refers the Court to Facebook's Interrogatory Opposition at 13-18.  Additionally, Facebook Defendants oppose this request for the reasons stated in their opposition to Plaintiff's Motion to Compel with respect to Document Requests Nos. 70 and 71, which are entirely redundant with Document Request No. 171.  (Docket Nos. 69 and 75, at 8-9.)  Thus, ConnectU's meritless and repetitive motion to compel should be denied with respect to Request for Production No. 171.

        C.      **Request for Production No. 174 Should De Denied**

Request for Production No. 174  seeks: "All documents supporting or tending to support, refuting or tending to refute, Defendants' Counterclaims."  Motion at 6.  As Facebook Defendants informed Plaintiff during the telephonic meet-and-confer during its discussion of Request for Production No. 173, regarding which Plaintiff chose not to move to compel, Facebook Defendants believed it made proper initial disclosures, producing or making available for inspection all documents and things "that [Facebook Defendants] may use to support its claims or defenses, unless solely for impeachment."  Nagel Aff. ¶3; Fed. R. Civ. P 26(a)(1)(B).  Facebook Defendants are aware of nothing required in the initial disclosure that they have

-4-

withheld, and continue to produce such documents as more are located. However, to the extent this request has a scope beyond the initial disclosure requirement, it is overbroad and burdensome. It asks Facebook Defendants to figure out, within the universe of documents that might arguably bear on one of the counterclaims, what ConnectU would consider helpful.[2]

If courts allowed requests like these, parties would only need one document request (*i.e.*, "All documents relating in any way to your claims in this lawsuit"). ConnectU's own refusal to focus its discovery is the only impediment to just and efficient management of this process. Facebook Defendants have made a full and complete production of relevant documents pursuant to a reasonable and diligent search, consistent with the initial disclosure requirements. Nothing more is required. Indeed, requests more focused than these have been denied as vague, burdensome, and overbroad. *Buntzman v. Springfield Redevelopment Auth.*, 146 F.R.D. 30, 33 (D. Mass. 1993) (denying request for "financial statements" as vague, burdensome and overbroad); *Chipoletta v. Sharp*, No. 98-5947-A, 2001 WL 914526, *1 (Mass. Super. Aug. 13, 2001) (denied request for documents "that identify" or "can be associated with" defendant). Plaintiff's Motion to Compel regarding Request for Production No. 174 should be denied.

### D. Request for Production No. 175 Should De Denied

Request for Production No. 175 seeks documents "identify[ing], constituting or concerning [Mark Zuckerberg's] problem sets, class papers, and other homework or class assignments from December 1, 2003 through February 4, 2004." Motion, at 7. Facebook Defendants have already produced documents relating to Mark Zuckerberg's academic work that is referenced in his emails with the Winklevosses and Divya Narendra. However, asking for all

---

[2] This is similar to Plaintiff's document requests 129-39, which seek all documents in the possession, custody or control of any defendant, "relating in any way to the subject matter of this lawsuit," which is the sect of a pending Motion to Compel. (Docket Nos. 38, 43, 50.)

of his homework assignments, school papers, and similar documents over the same period is highly duplicative, overly burdensome and incredibly broad.  Plaintiff's assertion that Facebook Defendants agreed to produce responsive documents is false.  For example, during the meet-and-confer, for example, Facebook Defendants pointedly refused to do so on grounds of irrelevance. Nagel Aff. ¶ 4.

ConnectU cites no evidence to support its contention that Mr. Zuckerberg claimed that he finished the facebook.com coding while engaged in identified school activities.  *See* Motion at 7. As stated, homework or similar items that Mr. Zuckerberg mentioned in emails with the Harvard Connection members as cause for postponing his help with their site, have been produced.  Any further such material will be produced if found on Mr. Zuckerberg's recently-located hard drive, which is undergoing thorough review at this time.  Nagel Aff. Exh. A.  But ConnectU offers no facts or evidence that connects other unspecified school work to this case.  Nor would Mr. Zuckerberg have had any reason to save such school papers in anticipation that two years later Plaintiff's lawyers might come up with a tortured theory of its relevance to this dispute. ConnectU's empty threat that its request is "a first step toward a motion for an adverse inference based on Facebook Defendants' spoliation of such evidence" demonstrates that the demand for these irrelevant school papers is nothing more than harassment.

### E. Request for Production Nos. 176-178 Should De Denied

Requests for Production Nos. 176-78, the companion requests to Interrogatory No. 22, asks for "documents sufficient to identify, constituting, or concerning all third-party websites or other public domain sources" that contain all or specified portions of the elements of ConnectU's alleged trade secrets, as described in ConnectU's response to Facebook Defendants' Interrogatory No. 2.  *See* Motion at 8.  For the same reasons stated in the section of Facebook's Interrogatory Opposition that addresses Plaintiff's Interrogatory No. 22, Facebook Defendants

-6-

are entitled to stand on their pending motions and received an adequate disclosure of alleged trade secrets before responding to this request.[3]  Facebook Defendants respectfully refer the Court to Facebook's Interrogatory Opposition at 11-13.

### F. Request for Production No. 179 Should De Denied

Request No. 179 asks for documents relating to "design and technical documentation and/or specifications for thefacebook.com website, code, or database, from November 1, 2003 to the present."  Motion at 10.  Facebook Defendants have produced responsive, non-privileged technical documents from before May 21, 2004, to the extent they were found during a reasonable search.   As Facebook Defendants have argued repeatedly, technical aspects of current and recent versions of the Facebook's website are not relevant to this case, and thus this request is overbroad.  Moreover, design and technical documentation for the Facebook's website are largely trade secrets, which Facebook Defendants object to producing until ConnectU has disclosed its asserted trade secrets with adequate particularity, for the same reasons stated in the section of Facebook's Interrogatory Opposition that addresses Plaintiff's Interrogatory No. 22.  Facebook Defendants respectfully refer the Court to Facebook's Interrogatory Opposition at 11-13.  ConnectU's motion to compel Document Requests Nos. 176-79 wastefully multiplies the proceedings by redundantly reasserting claims made in already-pending motions.  For these reasons, the request should be denied.

### G. Request for Production No. 180 Should De Denied

Request No. 180 seeks documents relating to "database definitions for the facebook.com website from November 1, 2003 to the present."  To the extent that "database definitions" inhere in the source code that Facebook Defendants have produced and are continuing to produce as it

---

[3] ConnectU's trade secret disclosure is already the subject of Facebook Defendants' pending motions to compel a more particularized identification of Plaintiff's trade secrets, and for a protective order.  (Docket Nos. 43, 63.)

is located, they have met this request. However, the request is overbroad insofar as it seeks all facebook.com database definitions, not limited to those prior to and around the time of launch of the ConnectU website on May 21, 2004.

In any event, Facebook Defendants need not produce in response to this request because it is vague and ambiguous as to the meaning of "database definitions," as essentially admitted by ConnectU's counsel at the parties' November 16, 2005, telephonic meet and confer. Specifically, Facebook Defendants' counsel stated that he was unsure what "database definitions" meant, though he recognized it as a term of art with several possible interpretations. Nagel Aff. ¶5. Plaintiff's counsel responded that he could not give a concrete definition at that time. Nagel Aff. ¶5. Facebook Defendants' counsel explained that it would re-investigate the existence of documents *if* Plaintiff provided a concrete definition of "database definitions." Nagel Aff. ¶5. Plaintiff's counsel never followed up. Once ConnectU clarifies what is sought by this request, Facebook Defendants can further respond and the parties can meet and confer. Those steps should have preceded this motion to compel. For all of the above reasons, Plaintiff's Motion regarding Request for Production No. 180 should be denied.

**H.      Request for Production No. 181 Should De Denied**

Document Request No. 181 seeks "[a]ll computer program code written by Mark Zuckerberg or any other person prior to Mr. Zuckerberg's first work on the code for thfacebook.com," which was incorporated into thefaeebook.com code in any way. The only known material fitting this description is the buddyzoo.com code, which Facebook Defendants have produced in its entirety to the extent they have been able to locate it pursuant to various other requests for production. If more buddyzoo.com code is found on Mark Zuckerberg's recently located hard drive or elsewhere, Facebook Defendants will produce it, as they stated

-8-

they would during the meet-and-confer. Nagel Aff. Exh B, at 1. The Motion to Compel was unnecessary as to Request No. 181, and an order to compel is unnecessary.

### I.    Request for Production No. 182 Should De Denied

Document Request No. 182 (the "Coursematch Request") seeks "all computer program code for Mark Zuckerberg's project that he called coursematch." Defendants have objected to producing this material because it is completely irrelevant to the case, as the coursematch code was not used or incorporated into the code for facebook.com in any way. Nevertheless, as stated in Facebook Defendants' Response to this request and during the meet and confer between counsel, Facebook Defendants have and will produce responsive matter as it is located. Nagel Aff. Exh. B. For instance, Facebook Defendants recently produced all PHP and HTML source code from Mark Zuckerberg's hard drive. There was no need to move to compel on Request 182, and an order compelling documents is unnecessary.

### J.    Request for Production Nos. 184-185, 187 Should De Denied

Document Requests Nos. 184 and 185 (the "Zuckerberg Hard Drive Requests") seek the same thing, described in two different ways – the (now crashed) hard drive of Mark Zuckerberg's personal computer from February 2004. Document Request No. 187 asks for the "'coding' referred to by Mark Zuckerberg in his November 22, 2004 21:43:53 EST email to Divya Narendra … as it existed on that date," which, to the extent such code exists, would be found on that same hard drive.

All recovered PHP and HTML source code from Mark Zuckerberg's hard drive has now been produced, which would include the contents of Request No. 187. Nagel Aff. Exh. C. As for the physical drive itself, the Court's Order of November 18 governs the production procedure. That order did not allow ConnectU to take mirror-images of drives (much less physical possession of them). Rather, the Court provided that Facebook Defendants would search for,

extract and produce responsive material, and that Plaintiff could propound further discovery asking Facebook Defendants what steps were taken. *See* Judge Collings's e-Order, November 18, 2005. The Court can then evaluate what Facebook Defendants have done and determine if further steps are necessary. *Id.* Facebook Defendants have been diligently investigating to locate hard drives from the relevant time period, searching those drives and producing accordingly. ConnectU has now propounded discovery asking what Facebook Defendants have done to search for code. Nagel Aff. Exhs. D, E, F. ConnectU has offered no justification for deviating from this procedure or for moving to compel on this matter.

### K. Request for Production No. 186 Should De Denied

Request for Production No. 186 seeks "[a]ll web activity logs and all documents concerning or containing statistics or reports of usage of thefacebook.com website." Responding to this request would entail printing out and reviewing millions of pages, reflecting the constantly changing levels of usage for a website with some six million members, four million of whom log in on any given day. Nagel Aff. Exh. G. As with all the other requests that have no temporal limitation, it is overbroad and ConnectU has made no showing as to why such documents more recent than May 21, 2004 are relevant. More importantly, ConnectU has made no showing to justify the massive production burden that this request would entail, when there are higher-level, less voluminous means of generating usage statistics to show "the exponential growth and value of the facebook.com website." Motion at 18. A good analogy would be charting growth in profits – an investigator would look to monthly or quarterly numbers, rather than daily balance sheets (if the latter even existed). It is an artifact of computer technology that this information exists in such extraordinary detail, but ConnectU has not even attempted to show why that level of detail, and the crushing volume called for by its request, is necessary. In addition, the request is substantially identical to Requests Nos. 85, 88 and 89, which are already

-10-

the subject of a pending motion to compel, rendering this motion duplicative. (Docket No. 69, at 10-11; Docket No. 72, at 9.) As such, the motion to compel regarding Request for Production No. 186 should be denied.

### III.   CONCLUSION

For each of the foregoing reasons, Facebook Defendants respectfully request that the Court deny ConnectU's Motion.

Dated:  January 23, 2006.                    Respectfully submitted,

DEFENDANTS ZUCKERBERG, MOSKOVITZ, MCCOLLUM, HUGHES, and FACEBOOK, INC.

By their Attorneys,

   */s/ Jeremy P. Oczek*
Steven M. Bauer (BBO# 542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel:  (617) 526-9600

G. Hopkins Guy, III (*pro hac vice*)
I. Neel Chatterjee (*pro hac vice*)
Monte M.F. Cooper (*pro hac vice*)
Robert D. Nagel (*pro hac vice*)
Joshua H. Walker (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Tel:  (650) 614-7400