# EXHIBIT

# E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

**PLAINTIFF AND COUNTERCLAIM DEFENDANTS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's November 18, 2005 Order, Plaintiff and Counterclaim Defendants (collectively, "Plaintiff") hereby serve this Third Request for the Production of Documents and Things on Defendants and Counterclaim Plaintiffs (collectively, "Defendants") and request that Defendants respond by producing the requested documents at the offices of Plaintiff's

1

counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., 901 New York Avenue, N.W., Washington, D.C. 20001, no later than thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions and instructions in Plaintiff and Counterclaim Defendants' Second Request for the Production of Documents and Things, which are incorporated herein by reference, Plaintiff and Counterclaim Defendants adopt the following definitions:

1. As used herein, "TheFacebook, Inc.", "Facebook, Inc.", "TheFacebook.com", and "Facebook.com" shall mean Facebook, Inc. and facebook.com f/k/a TheFacebook, Inc. and thefacebook.com, including Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and/or Christopher Hughes, and others acting or purporting to act on Facebook, Inc.'s or Mark Zuckerberg's behalf.

2. As used herein, "you" and "your" shall mean Facebook, Inc. and its officers, directors, agents, principals, employees, consultants, attorneys, expert witnesses, and others acting or purporting to act on Facebook, Inc.'s behalf, and including all past and present subsidiaries, parents, affiliates, divisions, departments, and predecessor(s) thereof.

3. As used herein, "Content" shall mean (a) the computer program code for the website to be known as Harvard Connection, as provided to Mr. Zuckerberg, (b) any versions of the computer program code for the website to be known as Harvard

2

Connection containing any changes or computer program code written by Mr. Zuckerberg, (c) the computer program code and database definition for thefacebook.com website as it existed before the website launched on February 4, 2004, (d) the computer program code and database definition for thefacebook.com website as it existed on February 4, 2004, (e) the computer program code and database definition for thefacebook.com website as it existed after the February 4, 2004 launch date and before October 31, 2004, (f) the computer program code for Mr. Zuckerberg's website known as "facemash," (g) Mr. Zuckerberg's facemash online journal as referenced in the November 4, 2003 Harvard Crimson, (h) Mr. Zuckerberg's coursematch computer program, and/or (i) the computer program code and online journal sought by Plaintiff's Production Request Nos. 30, 35, 36, 48, 49, 52-54, 64-66, 68, 116-123, 180-82, 184, 185, and 187 (inclusive).

4. As used herein, "Computer(s)" shall mean any type of computer, CPU, server, hard drive, or other electronic memory device or electronic storage device (including but not limited to backup disks, CDs, DVDs, tapes, flash memory cards, USB drives, zip drives, etc.).

## PRODUCTION REQUESTS

**PRODUCTION REQUEST NO. 188**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to identify and locate any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain any Content.

**PRODUCTION REQUEST NO. 189**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to locate, retrieve, and/or recover any Content (including without limitation any deleted or corrupted Content) present, stored, or residing on, or deleted from, any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

**PRODUCTION REQUEST NO. 190**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to analyze Content (including without limitation any deleted or corrupted Content) present, stored, or residing on, or deleted from, any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

**PRODUCTION REQUEST NO. 191**

All documents concerning your efforts from

4

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to obtain any and all electronic versions, whether in active or archival storage, of thefacebook.com source code, database definitions, and other things comprising thefacebook.com website (including without limitation any deleted or corrupted Content), from all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

**PRODUCTION REQUEST NO. 192**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to retrieve any Content provided by you to your website hosting service providers.

**PRODUCTION REQUEST NO. 193**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to ensure that your website hosting service providers maintained any and all Content provided to them.

**PRODUCTION REQUEST NO. 194**

All documents concerning your process for making mirror images from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

of any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and sufficient to identify the person(s) performing such process.

**PRODUCTION REQUEST NO. 195**

All documents concerning your process for forensically examining from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and sufficient to identify the person(s) performing such process.

**PRODUCTION REQUEST NO. 196**

All documents concerning the results of any and all searches, analyses, or examinations from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

of any Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and sufficient to identify the person(s) performing such searches, analyses, or examinations.

**PRODUCTION REQUEST NO. 197**

All documents concerning the results of any and all searches, analyses, or examinations from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

of any Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), and sufficient to identify the person(s) performing such searches, analyses, or examinations.

**PRODUCTION REQUEST NO. 198**

All documents concerning your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to preserve any and all Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

Dated: January 5, 2006

*Margaret A. Esquenet* (signature)

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants