# EXHIBIT

# F

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ConnectU LLC

v.

Mark Zuckerberg, et al.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 04-11923
(USDC for District of MA)

TO: Facebook, Inc.
c/o Robert D. Nagel, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Finnegan, Henderson, Farabow, Garrett & Dunner LLP<br>3300 Hillview Avenue<br>Palo Alto, CA 94304-1203 | February 8, 2006 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Definitions, Instructions, and Schedule A Requests

| PLACE  Finnegan, Henderson, Farabow, Garrett & Dunner LLP<br>901 New York Ave., N.W.<br>Washington, D.C. 20001 | DATE AND TIME<br>January 30, 2006 at 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Margaret A. Esquenet, Esq., Attorney for Plaintiff  *[signature]* | DATE<br>January 5, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Margaret A. Esquenet, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Avenue, N.W.
Washington, DC 20001
202-408-4000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>　　　　　　　Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>　　　　　　　Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>　　　　　　　Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>　　　　　　　Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

### NOTICE OF FED. R. CIV. P. 30 (b)(6) DEPOSITION OF FACEBOOK, INC.

PLEASE TAKE NOTICE THAT beginning at 9:30 a.m. on the 8th day of February, 2006, and continuing from day to day thereafter until completed, Plaintiff ConnectU LLC ("ConnectU") shall take the deposition upon oral examination of Defendant Facebook, Inc. ("Defendant") in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP; 3300 Hillview Avenue, Palo Alto, CA 94304-1203. Defendant is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6) and the Court's

1

November 18, 2005 Order, one or more of its officers, directors, managing agents, employees, or other designated persons, to testify to the matters set forth in Schedule B attached hereto, subject to the definitions set forth in Schedule A attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any purpose permitted by the Federal Rules of Civil Procedure. The Defendant shall designate such person(s) to testify on its behalf with respect to any information known or reasonably available to the Defendant or any of its agents, as required by Fed. R. Civ. P. 30(b)(6).

Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony of the Defendant shall be recorded by stenographic and/or audiovisual means.

You are invited to attend and examine the witness(es).

Dated: January 5, 2006

*[signature]*

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Troy E. Grabow (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

Attorneys for Plaintiff and Counterclaim Defendants

2

## SCHEDULE A

### DEFINITIONS

1. As used herein, "TheFacebook, Inc.", "Facebook, Inc.", "TheFacebook.com", and "Facebook.com" shall mean Facebook, Inc. and facebook.com f/k/a TheFacebook, Inc. and thefacebook.com, including Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and/or Christopher Hughes, and others acting or purporting to act on Facebook, Inc.'s or Mark Zuckerberg's behalf.

2. As used herein, "you" and "your" shall mean Facebook, Inc. and its officers, directors, agents, principals, employees, consultants, attorneys, expert witnesses, and others acting or purporting to act on Facebook, Inc.'s behalf, and including all past and present subsidiaries, parents, affiliates, divisions, departments, and predecessor(s) thereof.

3. As used herein, "Content" shall mean (a) the computer program code for the website to be known as Harvard Connection, as provided to Mr. Zuckerberg, (b) any versions of the computer program code for the website to be known as Harvard Connection containing any changes or computer program code written by Mr. Zuckerberg, (c) the computer program code and database definition for thefacebook.com website as it existed before the website launched on February 4, 2004, (d) the computer program code and database definition for thefacebook.com website as it existed on February 4, 2004, (e) the computer program code and database definition for thefacebook.com website as it existed after the February 4, 2004 launch

3

date and before October 31, 2004, (f) the computer program code for Mr. Zuckerberg's website known as "facemash," (g) Mr. Zuckerberg's facemash online journal as referred to in the November 4, 2003 article in the Harvard Crimson, (h) Mr. Zuckerberg's coursematch computer program, and/or (i) the computer program code and online journal sought by Plaintiff's Production Request Nos. 30, 35, 36, 48, 49, 52-54, 64-66, 68, 116-123, 180-82, 184, 185, and 187 (inclusive).

4. As used herein, "Computer(s)" shall mean any type of computer, CPU, server, hard drive, or other electronic memory device or electronic storage device (including but not limited to backup disks, CDs, DVDs, tapes, flash memory cards, USB drives, zip drives, etc.).

## SCHEDULE B

## DEPOSITION TOPICS

1. The details of your efforts from

   (a) October 2003 through November 17, 2005, and

   (b) November 18, 2005 to the present

to identify and locate any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain any Content.

2. The details of your efforts from

   (a) October 2003 through November 17, 2005, and

   (b) November 18, 2005 to the present

to locate, retrieve, and/or recover any Content (including without limitation any deleted or corrupted Content) present, stored, or residing on, or deleted from, any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

3. The details of your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

to analyze Content (including without limitation any deleted or corrupted Content) present, stored, or residing on, or deleted from, any and all Computers, in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

4. The details of your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

to obtain any and all electronic versions, whether in active or archival storage, of thefacebook.com source code, database definitions, and other things comprising thefacebook.com website (including without limitation any deleted or corrupted Content), from all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

5. The details of your efforts from

(a) October 2003 through November 17, 2005, and

5

(b) November 18, 2005 to the present

to retrieve any Content provided by you to your website hosting service providers.

6. The details of your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

to ensure that your website hosting service providers maintained any and all Content provided to them.

7. The details of your process for making mirror images from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

of any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and the identity of the person(s) performing such process.

8. The details of your process for forensically examining from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

6

any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and the identity of the person(s) performing such process.

9. The details of the results of any and all searches, analyses, or examinations from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

of any Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), that could reasonably contain Content, and the identity of the person(s) performing such searches, analyses, or examinations.

10. The details of the results of any and all searches, analyses, or examinations from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

of any Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), and the identity of the person(s) performing such searches, analyses, or examinations.

11. The details of your efforts from

7

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the present

to preserve any and all Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s).

8