

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

February 6, 2006

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA EMAIL AND FEDERAL EXPRESS*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:   <u>ConnectU LLC v. Zuckerberg, et. al.</u>

Dear John:

      This letter responds to your January 26, 2006 letter.  Also, attached are Facebook Defendants' responses to Plaintiff's Fourth Set of Interrogatories and Third Set of Requests for Production.  It has never been Facebook Defendants' position that it need not respond to proper requests for production or interrogatories.  Any objections and responses to Plaintiff's document requests and interrogatories are detailed in Facebook Defendants' responses pursuant to Fed. R. Civ. P. 33 and 34.  While Facebook Defendants agreed to internally discuss the possibility of responding sooner than required under the Federal Rules, because of numerous scheduling irregularities they were not able to respond early.

**A.   30(b)(6) Deposition**

      The witness Facebook Defendants have designated for the Rule 30(b)(6) deposition, Max Kelly, is not available from February 15-17.  We are still determining dates when Mr. Kelly and counsel are available.  Mr. Kelly will be prepared to testify as to the topics requested in the deposition notice to the extent they are consistent with the Court's November 18, 2005 Order.  Plaintiff has requested the depositions of Mark Zuckerberg, Dustin Moskovitz, and Andrew McCollum related to searches for code.  Facebook Defendants will produce these witnesses for deposition once for seven hours, per the Federal Rules of Civil Procedure.  It is Plaintiff's decision as to whether to take those depositions early or late in the discovery process.

**B.   Disk TFB000084**

      You are correct that the disk produced as TFB0000084 does not contain the entire image of the hard drive from the laptop computer that Mark Zuckerberg used at Harvard.  Defendants


ORRICK

John F. Hornick, Esq.
February 6, 2006

are not obligated to produce the entire image. The produced disk contains all PHP and HTML files imaged and recovered from that device. The data on this disk was not "selectively copied," but rather includes all code recovered form Mark Zuckerberg's laptop. The hard drive from this laptop was thoroughly forensically examined and all recoverable files were recovered. To the extent that disk TRB000084 does not contain files from certain months, there were no PHP or HTML files recovered from that month.

Similarly, if the files produced do not contain any code written by Mr. Zuckerberg or any Facebook code, that is because such code could not be recovered. While Facebook Defendants believed that Facebook code may exist on this hard drive, only the code produced was found. Facebook Defendants' responses to Plaintiff's interrogatories detail the efforts undertaken to recover material.

As a result, there are no "deficiencies" as you claim at the top of page three of your January 26, 2006 letter that need to be addressed. Furthermore, as Facebook Defendants stated at the November 18, 2005 hearing, they have produced everything they have been able to find and will continue to do so based upon a thorough, diligent search. Therefore, Facebook Defendants will not produce the entire hard drive or image of the aforementioned hard drive from Mr. Zuckerberg's laptop or "the hard drives and other devices imaged before the November 18 hearing and the images they made before the hearing," as these demands are duplicative, overly broad, unduly burdensome, harassing, and not contemplated in the Court's Order.

### C.     Disk TFB000085

After you sent your January 26, 2006 letter, Facebook Defendants produced a disk that contains PHP code recovered from various other devices. Facebook only used the date last modified (by December 31, 2004) and the type of file (PHP) to limit the files included on disk TFB000085. Therefore, like the TFB000084 disk, disk TFB000085 was not the result of "selective" copying. Disk TFB000085 contains Facebook code and code likely written by Mark Zuckerberg. Hopefully this will put to rest your discontent and suspicions regarding the contents of these disks.

If this does not put Plaintiff's suspicions to rest, Facebook Defendants recommend that a mutually-agreed to or court-appointed expert be given the hard drive from Mark Zuckerberg's laptop and the other devices so that the expert can recover all code from these devices and run a code comparison. If that expert finds no significant difference from Facebook Defendants' results, then Plaintiff's must pay for the expert's work. If there is a significant difference, then Facebook Defendants would be responsible for payment.

DOCSSV1:446454.1


ORRICK

John F. Hornick, Esq.
February 6, 2006

    It remains Facebook Defendants' intent to produce whatever relevant Facebook code and code written by Mark Zuckerberg they can find because they desire to satisfy all of the requirements of discovery and they are confident that such code will only serve to confirm their innocence. Please do not hesitate to contact me regarding these issues.

Very truly yours,

Robert D. Nagel

cc:   Troy Grabow, Esq. (via e-mail)
       Robert B. Hawk, Esq. (via e-mail)
       Daniel K. Hampton, Esq. (via e-mail)
       Steve M. Bauer, Esq. (via e-mail)
       Jeremy Oczek, Esq. (via e-mail)