# EXHIBIT 9

# Grabow, Troy

| | |
|---|---|
| **From:** | Grabow, Troy |
| **Sent:** | Wednesday, November 16, 2005 11:45 AM |
| **To:** | 'Nagel, Robert'; 'robert.hawk@hellerehrman.com'; 'bhanu.sadasivan@hellerehrman.com'; 'dan.hampton@hklaw.com'; 'Cooper, Monte'; 'NCHATTERJEE@Orrick.com' |
| **Cc:** | Hornick, John; Esquenet, Margaret; Hart, Pat |//
| **Subject:** | RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses |

Rob,

You indicated last week that Monte and Neel would arrange to meet and confer with us this week regarding Facebook Defendants' responses to ConnectU's second set of interrogatories and requests for production. We haven't heard back from Monte or Neel as to when they are available to meet and confer. As you know, we first requested the meet and confer in our letter of November 4, 2005 and have repeated this request on numerous occasions. Please let us know as soon as possible when counsel for Facebook Defendants are available to meet and confer regarding ConnectU's second set of discovery requests.

Sincerely,
Troy

Troy E. Grabow
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
Tel: (202) 408-4391
Fax: (202) 408-4400
email: troy.grabow@finnegan.com
Firm Website: www.finnegan.com

---

**From:** Grabow, Troy
**Sent:** Monday, November 14, 2005 12:13 PM
**To:** 'Nagel, Robert'; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Cooper, Monte; NCHATTERJEE@Orrick.com
**Cc:** Hornick, John; Esquenet, Margaret; Hart, Pat
**Subject:** RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses

Rob,

This email responds to your November 11, 2005 email, set forth below.

For the record, we do not agree to extend the exchange of expert reports beyond November 22, 2005, unless the Court instructs otherwise when the parties raise the issue at the November 18, 2005 hearing. There is no inconsistency in our position. Regardless of agreements between counsel to extend dates set by the Scheduling Order, the Court could choose not to modify any of the dates set by the Scheduling Order.

In our November 10, 2005 email, we asked you to correct your motion to dismiss to inform the Court that Defendants denied in their Answer that Mark Zuckerberg was a New York resident when the Complaint was filed. In the alternative, we asked for your consent to Plaintiff filing a surreply to bring this fact to the Court's attention. Of course the import of this fact is that your argument is wrong that if ConnectU's founders had been named as co-Plaintiff's in the original Complaint, diversity would have been

lacking. You did not respond to this request in your November 11, 2005 email. Please do so.

It has now come to our attention that your motion to dismiss is based on another serious factual error. In our opposition brief, we stated that thefacebook.com defacto or implied partnership, which Plaintiff named in the Complaint, may have existed on the filing date even though TheFacebook, Inc. incorporated in late July 2004. We now see that this was correct. Although TheFacebook, Inc. incorporated on July 29, 2004, there is no evidence that the founders of thefacebook.com website ever assigned their pre-incorporation rights in the website to TheFacebook, Inc. Thus, whatever rights they held in thefacebook.com website before TheFacebook, Inc. incorporated they continued to hold on the day the Complaint was filed (as well as on the day the counterclaims were filed), and therefore the Complaint names a correct and existing entity, even though it does not also name TheFacebook, Inc, which co-existed with the partnership at that time. Thus, your argument that thefacebook.com defacto or implied partnership did not exist on the filing date is incorrect and must be corrected in the record before the Court. We ask that you do this right away. If you will not do so, please consent to Plaintiff filing a surreply to correct the record.

Accordingly, we wish to meet and confer on these issues as well, when we meet and confer regarding the Facebook Defendants' responses to Plaintiff's second discovery requests. We have asked repeatedly for a meet and confer on the inadequacy of the Facebook Defendants' responses to Plaintiff's second discovery requests. Please let us know right away when the Facebook Defendants will be available to meet and confer. In this regard, we should point out that when Defendants asked to meet and confer with respect to their motion to dismiss, we agreed to do so the very day we were asked.

Sincerely,
Troy

Troy E. Grabow
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
Tel: (202) 408-4391
Fax: (202) 408-4400
email: troy.grabow@finnegan.com
Firm Website: www.finnegan.com

---

**From:** Nagel, Robert [mailto:rnagel@orrick.com]
**Sent:** Friday, November 11, 2005 3:11 PM
**To:** Grabow, Troy; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com
**Cc:** Hornick, John; Esquenet, Margaret; Hart, Pat
**Subject:** RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses

Troy,

Regarding your email below and your November 7, 2005 letter to Monte Cooper and Robert Hawk, Facebook Defendants do not agree to an exchange of expert reports on November 15, 2005 and your proposed deadline for the rebuttal expert reports. In Facebook Defendants' view, the two-week extension to November 15, 2005 was merely a formality memorializing the parties' intent to delay the exchange of expert reports consistent with the parties' Joint Motion to Modify Scheduling Order. Regardless, Facebook Defendants agree (per your proposal below) not to exchange expert reports until at least November 22, 2005 to allow the parties to raise the scheduling issue with the Court at the November 18, 2005 hearing.

Until the parties discuss scheduling with the Court at the November 18, 2005 hearing, it is premature to discuss the schedule of expert depositions. Moreover, your proposal to delay expert depositions raises an inconsistency of ConnectU's various requests: the parties have already agreed to modify two of the dates of the Court's scheduling order (exchange of expert and rebuttal

reports) and ConnectU proposes to modify another date (close of expert discovery), yet ConnectU seems to believe that another date on the scheduling order is unmovable (the December 15, 2005 close of fact discovery) on which it bases its asserted need to prematurely exchange expert reports.

Regarding your proposal to limit expert discovery in your November 7 letter, Facebook Defendants will not agree to any limitation contrary to Rule 26. What ConnectU is requesting is much, much broader than the protection of attorney work product that Facebook Defendants advocated in their September 23 opposition.

Regarding your inquiry at the end of the 6th paragraph of your email below, it remains Facebook Defendants' position not to provide party depositions until the Court rules of the related motions.

Lastly, as discussed previously, Monte or Neel will arrange to meet and confer with you next week regarding Facebook Defendants' responses to ConnectU's second set of interrogatories and requests for production. If you have any questions, please contact me.


Very truly,

Rob



ORRICK

**ROBERT D. NAGEL**
*Associate*

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

*tel* 949-852-7761
*fax* 949-567-6710
*email* rnagel@orrick.com

www.orrick.com

---

**From:** Grabow, Troy [mailto:troy.grabow@finnegan.com]
**Sent:** Thursday, November 10, 2005 10:00 AM
**To:** Cooper, Monte; Cloyd, Valerie; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Sbauer; Nagel, Robert; Walker, Joshua
**Cc:** Hornick, John; Esquenet, Margaret; Hart, Pat
**Subject:** RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses

Monte and Robert (Nagel),

This e-mail responds to Monte's 11/9/05 6:10pm e-mail (attached below) and Robert Nagel's 11/9/05 8:18pm email. The issues of the expert report deadlines and the meet and confer on the Facebook Defendants' responses to Plaintiff's second set of interrogatories and production requests now appear to be interrelated, so we address both below.

While we agree with you that it is undesirable to exchange expert reports if the Court is going to grant the joint motion to modify/vacate the Scheduling Order, the Court has not given any indication that it will grant the motion. Therefore, under the existing Scheduling Order, the close of fact and expert discovery is still scheduled for December 15, 2005. In the event that the Court refuses to vacate or modify the Scheduling Order, Plaintiff is not willing to put itself in the position where there is inadequate time for the parties to exchange expert reports (even if just preliminary ones). Nor should Facebook Defendants or Defendant Saverin wish to put themselves in such a position. Although the parties agreed not to exchange expert reports until November 15, in hopes

11/16/2005

that the Court would vacate the Scheduling Order before that date, thereby making such exchange unnecessary on that date, the fact remains that at the present time all parties have missed the deadline for initial expert reports and we have no reason -- at this time -- to believe that the Court will vacate the Scheduling Order. In fact, in view of the fact that we jointly urged the Court to consider and rule on the motion before the November 1 deadline, it did not do so, and it is now 15 days after we filed the motion and we have not heard a word from the Court on this issue, we have even less basis for believing that the Court will grant our joint motion.

We previously agreed (on October 31) to a two week extension for the exchange of expert reports, to November 15, 2005. Although you state that we noted that this extension was a precautionary measure and probably unnecessary, that was because -- at that time -- the parties were expecting the Court to act on the joint motion. Robert Nagel called me yesterday to request another two week extension of the exchange of expert reports (to November 29, 2005). Unfortunately, this would not leave sufficient time for the preparation and exchange of rebuttal reports (and possibly the engagement of rebuttal experts) by the close of discovery on December 15 (in the event that the Court denies the joint motion to modify the scheduling order or doesn't act on it).

To leave enough time for the parties to exchange expert reports and rebuttal reports before the close of discovery (currently scheduled for December 15, 2005), we propose that the parties agree to an additional one week extension for the exchange of preliminary expert reports, and that the parties will raise the issue of scheduling (including the expert report deadlines) with the Court at the November 18, 2005 hearing on the first motion to compel. We should also agree to exchange preliminary rebuttal reports three weeks after the preliminary expert reports (on December 13, 2005), so our experts can plan their schedules. Of course each party will be able to supplement its/their reports after outstanding discovery has been completed, and/or after applicable motions have been resolved, unless the Court rules otherwise. If the Court agrees at the hearing that the schedule will be vacated or indicates an inclination to modify, then the parties can agree to an appropriate additional extension if the Court does not set new dates. However, if the Court provides no feedback on this issue or indicates that it will refuse to modify the Scheduling Order, the parties will then exchange preliminary expert reports on November 22, 2005 and rebuttal reports on December 13, 2005. Please let us know if you agree to such proposal. Because of the concerns expressed in this letter, however, if you will not agree to only a one week extension to exchange preliminary expert reports (i.e., to November 22) and to raise these issues jointly with the Court at the November 18 hearing, then we will not agree to any further extension for initial expert reports and will plan to exchange reports with you, as agreed, on November 15.

Additionally, further to our November 7, 2005 letter, please let us know if you agree to our proposal relating to attorney work-product and drafts of expert reports.

With respect to the meet and confer on the Facebook Defendants' responses to Plaintiff's second set of interrogatories and requests for production, we would like to meet and confer on Monday, November 14, if you are not available before then. If you check the records, you will see that we have agreed to meet and confer on short notice, when you have asked (most recently, in connection with your motion to dismiss, even though we pointed out to Joshua during the meet and confer that there was no urgency -- incidentally, with respect to your motion to dismiss, will you agree either to amend your reply brief to state that, in Defendants' Answer, Mr. Zuckerberg denied residency in New York? In the alternative, will you consent to our filing of a surreply that makes this point?). Again, the urgency here is that we are quickly running out of time in discovery, and we have no reason to believe that the Court will be granting the joint motion to vacate the Scheduling Order. Maybe you see no urgency in view of the circumstances, but we certainly do. Maybe the picture will change if/when we raise the issue of scheduling during at the November 18 hearing, but at the moment we have to assume that discovery will close December 15. In this regard, is it still your position (and Saverin's counsel's position, who are copied on this letter) that you will not allow any party depositions until the Court rules on your motion for protective order, motion for particularized trade secret identification, and/or motion to dismiss?

Lastly, we must admit that we found Monte's 11/9/05 email difficult to understand, at best. His e-mail seems to infer some type of nefarious motive in the fact we have written letters regarding

11/16/2005

pending discovery issues in the last week, and that you received a fax after closing hours.
First, there is no connection between our letters in this case and the California case. Your motion in the California case does not affect or relate to any deadlines in the Massachusetts case. The former is being handled independently by Scott Mosko. Although we consult with Scott on important issues, we are usually unaware of the details of your communications with Scott and had no idea you were out of the country this week (moreover, we don't see the relevance of your absence from the country, as Rob Nagel and Joshua Walker have handled all recent meet and confer conferences and you are clearly in touch with your office and following this case). Second, your leaving the country would not have affected the timing of sending our letter, which was sent immediately after we finalized it, after working on it for quite some time. Your e-mail also states that we made no effort to explain why the letter was sent after business hours prior to the weekend. We are not sure why you would request such explanation but if you are truly interested, the letter and fax cover sheets were given to our evening secretary when I completed the letter and left the office on Friday around 7:30 pm. She later informed me that several of the recipients' fax numbers were busy for long periods of time and did not go through until several hours later. You can rest assured that I was not waiting at the office on a Friday night until midnight in order to delay faxing the letter to you. More importantly, your letter implies that we have some obligation to explain why we do things. We doubt you perceive an obligation on your part to do the same. Thus, it would be best to refrain
from assigning bad motives based on our failure to explain why things happen when they happen.

Sincerely,
Troy

Troy E. Grabow
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
Tel: (202) 408-4391
Fax: (202) 408-4400
email: troy.grabow@finnegan.com
Firm Website: www.finnegan.com

---

**From:** Cooper, Monte [mailto:MCOOPER@ORRICK.COM]
**Sent:** Wednesday, November 09, 2005 6:10 PM
**To:** Grabow, Troy; Cloyd, Valerie; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Sbauer; Nagel, Robert; Walker, Joshua
**Cc:** Hornick, John; Esquenet, Margaret; Hart, Pat
**Subject:** RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses

Troy:

Although I am in Tokyo and only have limited access to email, I have just read this communication -- which wholly misstates the facts. Hence, I feel compelled to respond.

During your phone call to me the week of October 24, you specifically noted that the request for a further two week delay of the expert report deadline was simply a "precautionary" measure and "probably unnecessary," as all parties already were in substantial agreement that none of the pending deadlines were intended to be considered enforceable following our submission of the Joint Request for Re-Scheduling. To suggest that there is somehow a serious urgency is belied not merely by the parties' earlier conduct, but by the fact that no discussion of this issue of the Facebook Defendants discovery responses ensued during any of the meetings on how to address the status of the pending motions and their relationship to the proposed re-scheduled hearing dates.

11/16/2005

Instead, virtually all of this "urgency" appeared following my communications to your partner in Silicon Valley, Steven Mosko, relating to the ex parte hearing held their on November 3, 2005, relating to the Facebook's successful request for discovery relief in the California action. I had informed Steve that Neel and I would be out of the office this week. Prior to the hearing, Steve informed me that he was in communication with John Hornick regarding that motion, and the positions of the ConnectU defendants. Yet not once was there any communication to me relating to any of these other tangential issues, or ConnectU's concerns.

It was only after the Facebook prevailed on its motion in the California action that we started to see these letters and communications demanding immediate relief and meet and confers. As Rob Nagel already informed you, your facsimile making the demand was sent to our office at nearly MIDNIGHT EST, Friday November 4 (just before 9:00 p.m. PST), and hence was not received until Neel and I were effectively out of the office, and in no position to discuss the matters. Your email makes no effort to explain why this demand was sent after business hours prior to the weekend, and yet you now claim you must receive an immediate response, even though the Local Rules do not contemplate as much. To now continue your demands in light of that conduct does not suggest that ConnectU is proceeding with its written demands in good faith, and instead is trying to manipulate the situation concerning a situation it was apprised of to its advantage, and/or attempting to retaliate for Facebook's successful petition for relief in California earlier in the week.

The parties have agreed to postpone all deadlines until the motion to dismiss is resolved. There are valid reasons on each side for the parties to have agreed to such relief -- we each have independent reasons and arguments why it is necessary. I am not suggesting that ConnectU cannot continue to press its other discovery demands, and seek relief in accordance with the Local Rules, while those earlier dates are vacated, or while the parties await the Court's action. However, as the parties' past agreements and discussions prove, there also is none of the urgency you contend necessitates abandoning the normal procedures anticipated by the Local Rules. We will meet and confer with you at an agreeable time next week, when both Neel and me are returned from Tokyo and Hawaii respectively, and one of us can effectively discuss the demand.

Monte

> -----Original Message-----
> **From:** Grabow, Troy [mailto:troy.grabow@finnegan.com]
> **Sent:** Wednesday, November 09, 2005 2:36 PM
> **To:** Cloyd, Valerie; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Joczek; Sbauer; Nagel, Robert; Cooper, Monte; Walker, Joshua
> **Cc:** Hornick, John; Esquenet, Margaret; Hart, Pat
> **Subject:** RE: Connectu/Facebook - meet and confer regarding Facebook Defendants' Responses
>
> Robert,
>
> This e-mail responds to your letter of October 8, 2005 regarding meeting and conferring with respect to Facebook Defendants' responses to the second set of interrogatories and requests for production. In view of the large number of other attorneys assigned to this case on behalf of Facebook Defendants, and that you and Jonathan Walker have conducted other meet and confer conferences without Monte Cooper and Neel Chatterjee, we can only interpret Facebook Defendants' refusal to meet and confer this week as an effort to further stall discovery in this matter. The upcoming close of discovery and the Court's inaction on the joint motion to modify the scheduling order dictate that the meet and confer take place by the end of this week. We need proper responses to the second set of interrogatories and requests for production, which were due over a month ago. Although you note that it took 30

11/16/2005

days for us to review the responses and prepare the responsive letter detailing the deficiencies of Facebook Defendants' responses, Facebook Defendants were put on notice that we had issues with the responses when the parties drafted the joint motion to modify the scheduling order. Moreover, this short time period was certainly justified, allowing us to provide a detailed, substantive explanation of why and how the discovery responses were inadequate.

We request a meet and confer sooner than next week so that we have adequate time to prepare a motion (if necessary) on any issues not resolved during the meet and confer prior to the date of the hearing on the first motion to compel (Friday November 18, 2005). As you know, we have in the past promptly complied with your requests for early meet and confers, and assume that you will offer us the same courtesy. In view of the above, please let us know when this week you can meet and confer, and we will make every effort to accommodate your schedule.

Sincerely,
Troy

Troy E. Grabow
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
Tel: (202) 408-4391
Fax: (202) 408-4400
email: troy.grabow@finnegan.com
Firm Website: www.finnegan.com

---

**From:** Cloyd, Valerie [mailto:vcloyd@Orrick.com]
**Sent:** Tuesday, November 08, 2005 6:24 PM
**To:** Hornick, John; robert.hawk@hellerehrman.com; bhanu.sadasivan@hellerehrman.com; dan.hampton@hklaw.com; Grabow, Troy; joczek@proskauer.com; sbauer@proskauer.com
**Subject:** Connectu/Facebook

Please see attached letter.

**Valerie Cloyd**
**Assistant to Charles C. Fowler,**
**Lisa C. Ward and Robert D. Nagel**
**Orrick, Herrington & Sutcliffe LLP**
4 Park Plaza, Suite 1600
Irvine, California 92614-2558
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
vcloyd@orrick.com

*What lies behind us and what lies before us are small matters compared to what lies within us.*
*--Ralph Waldo Emerson*

From Orrick, Herrington & Sutcliffe LLP <orrick.com> on 11/08/2005 03:21:14 PM
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless

11/16/2005

expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

===================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

11/16/2005