# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br>Defendants. | Civil Action No.: 04-11923-DPW<br><br>Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br>Additional Defendants on Counterclaims. | |

## MOTION FOR SETTLEMENT CONFERENCE OR MEDIATION

In accordance with the provisions of Local Rule 16.4,[1] Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, The Facebook, Inc. (collectively "Facebook Defendants") respectively move this Court for the entry of an order for a settlement conference, mediation proceeding, or other appropriate settlement technique, to be conducted by a date certain.  As grounds in support thereof, Facebook Defendants state as follows:

---

[1] Local Rule 16.4(a) states: "The judicial officer shall encourage the resolution of disputes by settlement or other alternative dispute resolution programs."

1. This is a complex case involving numerous facts, parties, and indeed, lawyers. The case before this Court involves the website facebook.com, which is an immensely popular social networking website for college and high school communities. Although Plaintiff has not clearly expressed its theory of the case, Plaintiff appears to believe that the Defendants' basic business model (and nothing further) was unlawfully taken from the Plaintiff. Importantly, Defendants have asked Plaintiff to identify its trade secrets with particularity and identify how and why it alleges copyright infringement, but Plaintiff has refused to do so. Because of numerous actions taken by Plaintiff and its principals related to this litigation, Defendants have filed counterclaims against ConnectU, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra for interference with prospective business relations, false advertising, defamation, and unfair trade practices in the case before this Court.

2. The parties are also involved in a second case pending in the Superior Court for the County of Santa Clara in California filed by Facebook, Inc. against ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, and Howard Winklevoss, in which Facebook alleges that the California Defendants gained unauthorized access to and stole extensive amounts of proprietary information from Facebook.

3. Currently before this Court are nine pending motions, including Facebook Defendants' motion to dismiss Plaintiff's Complaint (Docket no. 94) and eight discovery motions (Docket nos. 37, 43, 52, 63, 68, 90, 121, and 126). The Court has recently scheduled a hearing on various pending discovery motions, with the hearing scheduled for March 3, 2006. The present case has been largely on hold pending resolution of the discovery motions, in part because Plaintiff refuses to identify its trade secrets with particularity, and also because Plaintiff continues to insist that the Defendants permit ConnectU (as opposed to even a Court-

ordered expert) to image virtually every electronic device and/or hard-drives ever used by the Defendants. A number of motions are also currently pending in the California case.

4. The parties have not participated yet in a settlement conference or mediation, and currently there is no Court order in place that would require the parties to do so.

5. Prior to incurring additional attorneys' fees, attempting to litigate numerous complex cases with a legion of discovery disputes and substantive motions, and further consuming judicial resources in these two actions, Facebook Defendants believe it would be in the best interest of all parties in this case to participate in a settlement conference, mediation proceeding, or other appropriate settlement technique in an attempt to resolve all pending claims.

6. Facebook Defendants believe there is a realistic possibility of settlement if the Court were to order a settlement conference or mediation. Accordingly, Facebook Defendants have suggested a settlement conference or a mediation to ConnectU, Divya Narendra, Cameron Winklevoss, and Tyler Winklevoss. To date, those parties have refused to enter into any meaningful discussions related to settlement, despite recent statements by the Court in the California action that the parties seemed engaged in a "blood feud," in which it intimated such discussions would be helpful.

7. While Facebook Defendants believe a settlement conference or mediation may prove fruitful, Facebook Defendants do not mean to suggest in any away that the scheduling of a settlement conference or mediation should impact the March 3rd hearing before this Court.

8. Because Facebook Defendants believe that the disputes between the parties may be resolved by a settlement conference or mediation proceeding, Facebook Defendants request the Court that enter an Order requiring the parties to participate in a settlement conference, mediation proceeding, or other appropriate settlement technique by a date certain. Facebook

Defendants respectfully suggest that the parties be ordered to participate in such a settlement conference or mediation proceeding by March 31, 2006.

WHEREFORE, Facebook Defendants respectfully request the Court to enter an Order requiring the parties to participate in a settlement conference, mediation proceeding, or other appropriate settlement technique by a date certain, and granting such other and further relief as the Court deems just and proper.

### Certificate Pursuant To Local Rule 7.1

Counsel for Facebook Defendants hereby certify that the parties have conferred in an attempt to resolve or narrow the issues presented by this motion, and that counsel for ConnectU would not assent to this motion. Counsel for Facebook Defendants, G. Hopkins Guy, III, raised the issue of mediation during a phone call with counsel for ConnectU, John F. Hornick, on February 14, 2006, and followed-up with a letter dated February 17, 2006. On February 21, 2006, Mr. Hornick informed Mr. Hopkins that ConnectU would not agree to mediate the present case at this time. On February 23, 2006, counsel for Facebook Defendants, Monte Cooper, asked Mr. Hornick if ConnectU would also oppose a settlement conference or other appropriate settlement technique. During a telephone call on February 23, 2006, Mr. Hornick told Mr. Cooper that ConnectU would not agree to a settlement conference or other informal settlement procedures at this time.

Dated: February 24, 2006

Respectfully submitted,

DEFENDANTS ZUCKERBERG, MOSKOVITZ, MCCOLLUM, HUGHES, and FACEBOOK, INC.

By their Attorneys,

*/s/ Jeremy P. Oczek*
Steven M. Bauer (BBO# 542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel:  (617) 526-9600

G. Hopkins Guy, III (admitted pro hac vice)
I. Neel Chatterjee (admitted pro hac vice)
Monte M.F. Cooper (admitted pro hac vice)
Robert D. Nagel (admitted pro hac vice)
Joshua H. Walker (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Tel:  (650) 614-7400