UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11923-DPW

**CONNECTU LLC**
    Plaintiff

v.

**MARK ZUCKERBERG, et al**
    Defendants

. . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
HELD ON NOVEMBER 18, 2005

APPEARANCES:

For the plaintiff:  John F. Hornick, Esquire, Jonathan M. Gelchinsky, Esquire, Margaret A. Esquenet, Esquire, Troy Grabow, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Avenue, N.W., Washington, DC  20001, (202) 408-4000.

For the defendants: Daniel K. Hampton, Esquire, Holland & Knight, LLP, 10 St. James Avenue, Boston, MA  02116, (617) 523-6850 and I. Need Chatterjee, Esquire, Robert D. Nagel, Esquire Orrick, Herrington & Sutcliffe, LLP, 4 Park Plaza, Suite 1600, Irvine, CA  02614-2558, (949) 567-6710.

Jeremy P. Oczek, Esquire, Proskauer Rose, LLP, One International Place, Boston, MA  02110, (617) 526-9600.

For defendant Eduardo Saverin:  Daniel Hampton, Esquire, Holland & Knight, LLP, 10 St. James Avenue, Boston, MA  02116, (617) 523-2700 and Robert Hawk, Esquire, Heller Ehrman, LLP, 275 Middlefield Road, Menlo Park, CA  94025, (650) 324-7156.
Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

---

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

```
 1                              I N D E X                                  2

 2   Proceedings                                                   3

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*YOUNG TRANSCRIPTION SERIVCES*
(508) 384-2003

3

1                           P R O C E E D I N G S

2      (Court called into session)

3              THE CLERK:  The Honorable Robert B. Collings

4      presiding.  The case of ConnectU LLC v. Mark Zuckerberg,

5      Civil Action No. 04-11923 will now be heard before this Court.

6      Will counsel please identify themselves for the record.

7              MR. HORNICK:  Good morning, Your Honor, I'm John

8      Hornick from the firm of Finnegan, Henderson, for the plaintiff

9      and I have with me my colleagues, Margaret Esquenet, Troy

10     Grabow and John Gelchinsky.

11             THE COURT:  Good morning.

12             MR. CHATERJEE:  Good morning, Your Honor, Neel

13     Chatterjee for all of the defendants and counterclaimants

14     except for Eduardo Saverin.  With me is Rob Nagel.  We're both

15     from the Orrick Herrington firm and then Jeremy Oczek from the

16     Proskauer Rose firm is also joining us.

17             MR. HAMPTON:  Good morning, Your Honor, Daniel

18     Hampton representing defendant Eduardo Saverin, and with me as

19     co-counsel is Robert Hawk from Heller Ehrman.

20             MR. HAWK:  Good morning, Your Honor.

21             THE COURT:  All right.  This case has been referred

22     to me now for all pretrial proceedings, so what I wanted to do,

23     I know there's a motion to extend the schedule that Judge

24     Woodlock set and there's a motion we're going to hear today and

25     there's a bunch of other motions, which I'll talk to you about

4

1  and I'm going to set them up for decision, either with or
2  without a hearing.
3          Tell me, let me hear from the plaintiff as to where
4  you are with respect to discovery and what type of deadlines
5  you want to put into the case.  Go ahead.
6          MR. HORNICK:  Yes, thank you, Your Honor.  Where we
7  are is that party discovery--
8          THE COURT:  Excuse me.
9          MR. HORNICK:  Oh, I'm sorry, Your Honor.
10         THE COURT:  Will you stand when you address the
11 Court, please.
12         MR. HORNICK:  I'm sorry.  I was assuming because of
13 the set up here with the microphone on the table we were
14 supposed to remain seated.  I apologize.
15         THE COURT:  That's all right.
16         MR. HORNICK:  Where we are with discovery is that
17 party discovery at least has been at a standstill since about
18 mid July with a few exceptions.  The defendants have made some
19 sporadic productions of documents, and in fact and I mean,
20 confer two days ago, said that they recognized the duty to
21 produce documents that helped their case and they've been doing
22 that, but since August 18th at least, the defendants have
23 refused to allow any depositions.  We have five depositions
24 noticed.  We haven't been able to take any of them, and the
25 defendants are withholding so much discovery that our experts

```
                                                                        5
 1   can't perform their analysis, our tech expert can't do his
 2   comparison of the code of the two website sites for purposes of
 3   copyright infringement analysis, and he can't compare the
 4   websites as the face book launched for purposes of any of our
 5   other analyses for our claims.  And our damages expert--
 6            THE COURT:  Is all the discovery that you claim
 7   they're withholding the subject of these motions?
 8            MR. HORNICK:  Yes, Your Honor, with the exception of
 9   a second set of discovery records in which we're meeting and
10   conferring at this time.
11            THE COURT:  Okay.
12            MR. HORNICK:  And then our damages expert needs
13   withheld financial information and documents so that it can
14   complete his report, and even though we have these five
15   depositions noticed and although the defendants are refusing to
16   allow them, we don't feel like we could really take them anyway
17   at this particular time because there's so many documents that
18   we need to prepare for them properly.
19            As I said, we're now meeting and conferring on a
20   second set of requests, which may or may not get resolved.  We
21   are taking some third party discovery.  We've just started that
22   and we've also served our first set of requests for admissions.
23   But basically, on party discovery, we're at a standstill and
24   have been so for several months.
25            THE COURT:  Okay.  Let me hear from the defendants.
```

6

1    MR. CHATTERJEE: Thank you, Your Honor. We
2 appreciate your giving us the time today.
3    Our view is there has been fairly extensive
4 production here. The primary discovery issues that are out
5 there are - this is a trade secret copyright infringement case.
6    THE COURT: Oh, I just love it, scant discovery, lot
7 of discovery.
8    MR. CHATTERJEE: I'm sure you've heard--
9    THE COURT: I guess it's the name of the game, but go
10 ahead.
11    MR. CHATTERJEE: I'm sure you've heard it all before,
12 Your Honor.
13    The discovery issues that are outstanding, just to
14 encapsulate them, is, they want to seek a mirror image, the
15 motion that's subject to Your Honor's hearing today, of every
16 hard disk drive in our company and I can provide you with a
17 list but you have a sense of that--
18    THE COURT: All right, well, we'll get to that
19 motion.
20    MR. CHATTERJEE: We've, you know, we've tried to take
21 the deposition and tried to get their trade secrets identified.
22 There's a trade secret case that really lies--
23    THE COURT: How many depositions, have any
24 depositions been taken at all in the case?
25    MR. CHATTERJEE: There has been one 30(b)(6), which

7

1  was one of our attempts to try and get them to identify their
2  trade secrets. That is the subject of a motion to compel, Your
3  Honor.
4      THE COURT: Okay. And how many other depositions do
5  you have noticed or how many others would you like to take once
6  these discovery disputes are resolved?
7      MR. HORNICK: There probably will be a fair number of
8  third party depositions. I would say at least five or six.
9  We'll want to take individual depositions. That's probably
10 going to be three or four individual depositions and one
11 further 30(b)(6), Your Honor, so I'd say roughly 10.
12     THE COURT: Okay. Okay. Now, let's see, so all you
13 want this motion to do is basically lift the deadlines in
14 paragraphs two, four and six?
15     MR. HORNICK: Yes, Your Honor.
16     THE COURT: All right.
17     MR. CHATTERJEE: Well, Your Honor, also in paragraph
18 three, that's the close of discovery.
19     THE COURT: I'm sorry, two through four and six.
20 (Pause)
21     THE COURT: Well, I suppose one of the questions I
22 ask you is does it make sense to - I mean, I know it was set up
23 so that expert reports would be due November 1st and December 1st
24 and close of all discovery on December 15th. Does it make more
25 sense to get a date for the completion of the fact discovery

8

1   and then have the expert discovery schedule?
2           MR. HORNICK:  Your Honor, I think so.  The problem
3   we've run into with expert and fact discovery closing on
4   December 15th is that we need important fact discovery for the
5   experts to do their reports by November 1st.  They haven't been
6   able to due that because of fact discovery being still open.
7   So I--
8           THE COURT:  I'm going to give you an extension.  I
9   just want to try and get--
10          MR. HORNICK:  I would suggest--
11          THE COURT:  --one that is going to work.
12          MR. HORNICK:  I would suggest that we have expert
13  discovery closing after fact discovery.
14          THE COURT:  What's the defendants' position?
15          MR. CHATTERJEE:  You're Honor, I agree with you.  I
16  actually think that's a better way to go.
17          THE COURT:  All right.  Now, once I resolve all these
18  discovery motions, what timeframe would you need to complete
19  non-expert discovery?
20          MR. HORNICK:  Your Honor, we were going to propose
21  three months from the time the motions are resolved.  If they
22  were resolved today, we'd propose February 15th, which is
23  roughly three months from now.
24          THE COURT:  They're not going to be - one might be
25  resolved today, but the rest of them aren't going to be

9

1   resolved today.  I mean I'll get to them when I can get to
2   them, but that number of discovery disputes is quite a burden
3   on the Court.  I'm very happy to do it, but, you know, I've got
4   other cases and other mediations I've got to do, so I'll get to
5   it when I can.
6              What do you say as to the timeframe you need for
7   non-expert discovery once the motions are decided?
8              MR. CHATTERJEE:  Your Honor, I think it's probably
9   going to be closer to five months; however, there is a motion
10  to dismiss also pending and that may, of course--
11             THE COURT:  Well, I'm not going to stay any discovery
12  while that - I mean I'll get to that also.  I've got to do a
13  report and recommendation on that, but I'm not going to stay
14  any discovery, so you're going to go forward with the case,
15  with discovery.  So you think five months?
16             MR. CHATTERJEE:  I think five months and then we'll
17  deal with experts after that, Your Honor.
18             THE COURT:  Well, no, we're going to get that done
19  right now.  Now, once the fact discovery is completed, there
20  was a - how much time would you need to get your expert reports
21  in, plaintiff?
22             MR. HORNICK:  We were going to propose that we finish
23  them two weeks after fact discovery closes and that rebuttal
24  reports be due a month later and that--
25             THE COURT:  Well, did he set it up with - oh, he set

10

1  it up with those things you have the burden of proof on?
2       MR. HORNICK: That's right, Your Honor. So what
3  we're proposing is that--
4       THE COURT: Two weeks and then rebuttal reports how
5  long after?
6       MR. HORNICK: Month, one month, and then depositions
7  being completed one month after that.
8       THE COURT: You mean the expert deposition?
9       MR. HORNICK: Yes.
10      THE COURT: What's defendants' view on that?
11      MR. CHATTERJEE: That seems like a workable schedule,
12 Your Honor. I think that the opening expert reports, two weeks
13 may be a little bit short, but not to a huge extent.
14      THE COURT: All right. I'm sorry, you said expert
15 depositions being completed 30 days after the rebuttal
16 Reports are due?
17      MR. HORNICK: Yes, Your Honor.
18      THE COURT: Okay. I will set such a schedule. I'll
19 make the decision between those things you disagree on, but I
20 will, I will put a new schedule in place, and I'll vacate the
21 deadlines that Judge Woodlock had set so that you're not,
22 you're not in violation of his order, you know, at any time.
23      All right, let me hear the issue with respect to the
24 mirror image, please.
25      MR. HORNICK: Yes, Your Honor. This motion that