

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

JOHN F. HORNICK
202.408.4076
john.hornick@finnegan.com

November 21, 2005

I. Neel Chatterjee, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

**VIA EMAIL**

Robert P. Hawk, Esq.
HELLER, EHRMAN, WHITE & McCAULIFFE, LLP
2775 Sand Hill Road
Menlo Park, CA 94025

    ConnectU LLC v. Zuckerberg, Facebook, Inc. *et al.*
    <u>Civil Action No. 1:04-CV-11923</u>

Dear Neel and Robert:

  Further to the Court's comments during the November 18, 2005 hearing and subsequent Order, and to facilitate further discovery, we hereby request a complete recitation of all efforts undertaken by the Defendants (or counsel) to preserve all thefacebook.com and Harvard Connection code in their possession, custody, or control at any time. We also hereby request a complete recitation of all efforts undertaken by the Defendants (or counsel) to locate, and recover all missing, deleted, and/or corrupted information responsive to Plaintiff's production requests, including without limitation (1) thefacebook.com code and database definition(s) predating the October 2004 snapshot of the code that the Facebook Defendants produced, (2) the database definition(s) for the October 2004 and December 2004 snapshots of thefacebook.com code, (3) the Harvard Connection code provided to Mr. Zuckerberg, (4) the Harvard Connection code containing any alleged work product of Mr. Zuckerberg, (5) the facemash code, (6) the facemash online journal, and (7) the coursematch code.

  Specifically, please provide a signed declaration identifying (as that term is defined in the local rules) at least (1) each memory device that was searched, (2) how and why the searched memory device(s) were selected for review, (3) the forensic measures taken to preserve, find, and recover any lost, deleted, or corrupted data, (4) the forensic measures taken to determine if, when, and how any such data was deleted or corrupted, and by whom, (5) the identity of the person conducting the forensic analysis for each memory device, (6) the date and time each search was conducted, (7)

I. Neel Chatterjee, Esq.
Robert P. Hawk, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

the results of each search, (8) the development and revision history of thefacebook.com code, and (9) the development and revision history of Mr. Zuckerberg's alleged contributions to the Harvard Connection code.

    We anticipate receiving this declaration no later than November 29, 2005. Also, please let us know when we may schedule depositions regarding this issue. We are available December 2, 8, 9, 13, 14, and 15.

Sincerely,

John F. Hornick

JFH/MAE

cc:   Via Email

    Monte M.F. Cooper, Esq.
    Joshua H. Walker, Esq.
    Daniel K. Hampton, Esq.
    Steven M. Bauer, Esq.
    G. Hopkins Guy, III, Esq.
    Gordon P. Katz, Esq.
    Jeremy P. Oczek, Esq.
    Bhanu K. Sadasivan, Esq.
    Robert D. Nagel, Esq.
    Jonathan M. Gelchinsky, Esq.

11/23/2005 15:13 FAX 9495676710         OHS                                    ☒002



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558
tel 949-567-6700
fax 949-567-6710
WWW.ORRICK.COM

November 23, 2005

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

    Thank you for your November 21, 2005 letter to Neel Chatterjee and Robert Hawk, to which I respond to on behalf of Facebook Defendants only. Under the Court's November 18, 2005 order, ConnectU is entitled to "discovery as to the steps the defendants have taken to obtain and produce the [Facebook and Harvard Connection] codes." The Facebook Defendant's are willing to respond to discovery properly served. It appears that ConnectU has exhausted its available document requests and interrogatories. We suggest, as a result, that ConnectU take a properly noticed deposition, as suggested in your letter. Once we receive a notice, we will work to schedule a mutually agreeable date.

    There is no basis, in either the Court's order or any Federal Rule of Civil Procedure, for ConnectU's demand for a signed declaration – let alone one which unilaterally sets for what you regard as the necessary substantive facts. Moreover, your demand that Facebook Defendants' produce such a declaration in one week, which includes the Thanksgiving holiday, is absurd. We will not provide the requested declaration in the time frame unilaterally demanded by ConnectU.

    As stated in Joshua Walker's email to you and Troy Grabow of last week and raised by Mr. Chatterjee in court last week, the Facebook Defendants recently located additional electronic devices that we believe may have responsive information. We currently have reason to believe the devices we have located are (a) Mark Zuckerberg's original computer which was used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook. The analysis of what information is resident on these electronic devices is ongoing. If responsive materials (including any software code) are found, we will immediately supplement our production and hope that such a production would resolve the issues associated with your motion. As the Facebook Defendants represented in Court, deleted files are also being searched for responsive information.

DOCSSV1:435601.3


ORRICK

John F. Hornick, Esq.
November 23, 2005
Page 2


      The Facebook Defendants propose that rather than following the discovery approach suggested by the Court order, the parties agree to an approach similar to that which was initially outlined by you in the discovery hearing. In our view, it would have been very helpful had Facebook Defendants' known of ConnectU's proposal before the November 18, 2005 hearing, as the hearing could have been conducted more efficiently, or potentially avoided entirely. To ensure that no further dispute exists, Facebook Defendants proposed that (1) Facebook Defendants would produce any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants and (2) the parties would then meet and confer as to whether imaging or discovery as to additional memory devices is required. Following this production, ConnectU could take its deposition concerning document collection efforts, and the likelihood of finding materials in alternate places.

      Let us know how ConnectU would like to proceed. As always, please contact me with any questions.

Very truly yours,

Robert D. Nagel

RDN

cc:    Troy E. Grabow, Esq. (via email)
       Robert B. Hawk, Esq. (via email)
       Bhanu K. Sadasivan, Esq. (via email)
       Daniel K. Hampton, Esq. (via email)
       Jonathan M. Gelchinsky, Esq. (via email)

DOCSSV1:435601.3

## Hornick, John

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Monday, November 28, 2005 5:30 PM |
| **To:** | 'Nagel, Robert' |
| **Cc:** | jwalker@orrick.com; MCOOPER@orrick.com; Bhanu.Sadasivan@hellerehrman.com; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat |
| **Subject:** | RE: Discovery Regarding Forensic Analysis |

Dear Robert:

This letter responds to your November 23, 2005 letter. We must insist that the Facebook Defendants provide the declaration requested and outlined by our November 21, 2005 letter. We are frankly surprised that they have refused to do so, as such a declaration would verify the representations Neel made to the Court on November 18, 2005. Assuming that such representations were true and/or accurate, such a declaration can only help to expedite and focus the discovery ordered by the Court and support your clients' position that no additional electronic storage devices need to be imaged for forensic examination, and that no additional forensic examination needs to be conducted, because the Facebook Defendants had already done so and had already exhausted all avenues for locating and/or recovering the missing code and facemash online journal before the November 18 hearing. In this regard, we are particularly interested in learning what memory devices were located, imaged, searched, and analyzed before the Facebook Defendants located the computers that you now believe may be the one Mr. Zuckerberg used at Harvard and the first server owned and used by the Facebook, which you mentioned in your November 23 letter, and which deleted files were searched before November 18.

Please let us know right away when the Facebook Defendants can reasonably provide the declaration requested and outlined by our November 21, 2005 letter and this letter. If you refuse again to provide such a declaration, we plan to seek Magistrate Collings' assistance, pursuant to the last paragraph of the March 29, 2005 Scheduling Order and the Magistrate's obvious interest, expressed during the hearing, of remaining involved in the imaging issue and process. We suspect the Magistrate will be interested to know why the Facebook Defendants are so reluctant to provide a declaration outlining the steps Neel represented they have taken, particularly in view of the fact that the Court has ordered them to provide discovery precisely of the information sought by the declaration, and in view of the spirit and letter of Local Rule 26.1(A)(1).

We do not agree with your assertion that Plaintiff has exhausted available production requests and interrogatories. It is clear from the Judge's Order and statements in open court that the permitted discovery is not subject to the limitations of the FRCP or the Local Rules. We doubt the Facebook Defendants would argue to the Court that -- in the face of the Court's order -- Plaintiff cannot obtain documents relating to the imaging and forensic analysis allegedly performed by the Facebook Defendants before November 18 because Plaintiff has already served two sets of discovery requests (bear in mind that the judge was aware of this fact when he issued his order, as Plaintiff's counsel informed the Court during the hearing that the parties are currently meeting and conferring regarding Plaintiff's second set of discovery requests). Moreover, Plaintiff has served only 24 interrogatories, and neither the Local Rules nor the FRCP limit the number of sets of interrogatories Plaintiff is permitted to serve. However, we need not use Plaintiff's only remaining interrogatory for the discovery ordered by the Court.

You did not respond to our request for a date for the Rule 30(b)(6) deposition. Immediately after leaving the Courtroom on November 18, I asked Neel when we could schedule the deposition. He responded that it could not be scheduled last week, but probably could be this week. To give you time to prepare the declaration, we proposed even later dates, the first of which was December 2, 2005. Again, we request a date for a Rule 30(b)(6) deposition. We are available December 2, 8, 9, 13, 14, and 15. The topics of the deposition will be the topics of the declaration, as set forth in our November 21, 2005 letter and this letter, Neel's representations to the Court, and whether the Facebook Defendants have performed their alleged search, imaging, and forensic analysis to the extent that Plaintiff would do so. Please identify the Rule 30(b)(6) witness, as that term is defined in Local Rule 26(C)(3), well before the deposition.

Regarding the Facebook Defendants' possible recent location of (a) Mr. Zuckerberg's original computer used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook, which you mentioned in your letter, the hard drives should have been imaged before they were turned on, used, or otherwise tampered with. If the Facebook Defendants failed to do so, evidence may have already been lost. Please confirm in the declaration that such imaging has been done, when it was done, and by whom. We note that when Joshua wrote to Troy on November 17, 2005, he did not know if these devices contained any responsive or relevant information, and that as of November 23 you believed that they may contain responsive information. The declaration should describe the work done with respect to these devices

1

between the time they were located and the date of the declaration.

Regarding the proposal set forth in the penultimate paragraph of your letter, we note that negotiating a different procedure than outlined by the Magistrate in his Order and in open court would be inappropriate, particularly in view of the fact that the discovery ordered by the Court relates primarily to events occurring before November 18. Moreover, if you locate "any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants," the Facebook Defendants must produce it right away pursuant to Plaintiff's longstanding production requests covered by Plaintiff's motion to compel imaging.

Finally, we note that to date you have not provided "all information to the plaintiff as to the identity of the entity which has possession of the server upon which the Facebook was initially launched," as the Court also ordered. In Court, the discussion centered on Equinix. Please provide this information immediately with respect to Equinix and any other web hosting provider used by the Facebook Defendants at or shortly after launch.

We will respond separately to Robert Hawk's November 23, 2005 letter.

Sincerely,

John

2

**Rinaldi, Cynthia**

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Tuesday, November 29, 2005 1:27 PM |
| **To:** | 'robert.hawk@hellerehrman.com' |
| **Cc:** | 'jwalker@orrick.com'; 'MCOOPER@orrick.com'; 'Bhanu.Sadasivan@hellerehrman.com'; 'NCHATTERJEE@orrick.com'; 'dan.hampton@hklaw.com'; Grabow, Troy; Esquenet, Margaret; Hart, Pat; 'Nagel, Robert' |
| **Subject:** | RE: Discovery Regarding Forensic Analysis |

Dear Robert (Hawk):

Please consider our November 28, 2005 email to Robert Nagel, set forth below, as applicable to Mr. Saverin. Mr. Saverin stated in a declaration that he never had the code for thefacebook.com website on his computer. We are entitled to discovery to determine the steps Mr. Saverin took to assure that such statement was true and accurate. For example, how and when did he search for deleted or undeleted emails from Mr. Zuckerberg or any of the other individual Defendants to determine that the website code, or the website itself, was not attached to any such emails? Accordingly, please let us know when Mr. Saverin can reasonably provide the declaration requested and outlined in our November 21 letter to you and Neel, and in our November 28 email letter to Robert Nagel.

We also wish to depose Mr. Saverin on the topics outlined in our November 21 and 28 letters to Robert Nagel. Please let us know Mr. Saverin's availability over the next few weeks. If you will agree to provide Mr. Saverin for deposition at this time without limitation of topics, as suggested in your November 23 letter, we will depose him on all topics relevant to the claims, defenses, and counterclaims in the lawsuit, and leave the deposition open to be completed at such time that Mr. Saverin produces additional documents covered by our pending motions to compel. If you will not agree to provide Mr. Saverin without limitation of topics at this time, then we will depose him at this time only on the issues outlined in our November 21 and 28, 2005 letters to Robert Nagel.

Please note for the record that we do not plan to count the deposition on the topics outlined in our November 21 and 28 letters toward the seven hour limit for deposing Mr. Saverin.

Sincerely,

John


11/28/05 email to Robert Nagel:
Dear Robert:

This letter responds to your November 23, 2005 letter. We must insist that the Facebook Defendants provide the declaration requested and outlined by our November 21, 2005 letter. We are frankly surprised that they have refused to do so, as such a declaration would verify the representations Neel made to the Court on November 18, 2005. Assuming that such representations were true and/or accurate, such a declaration can only help to expedite and focus the discovery ordered by the Court and support your clients' position that no additional electronic storage devices need to be imaged for forensic examination, and that no additional forensic examination needs to be conducted, because the Facebook Defendants had already done so and had already exhausted all avenues for locating and/or recovering the missing code and facemash online journal before the November 18 hearing. In this regard, we are particularly interested in learning what memory devices were located, imaged, searched, and analyzed before the Facebook Defendants located the computers that you now believe may be the one Mr. Zuckerberg used at Harvard and the first server owned and used by the Facebook, which you mentioned in your November 23 letter, and which deleted files were searched before November 18.

Please let us know right away when the Facebook Defendants can reasonably provide the declaration requested and outlined by our November 21, 2005 letter and this letter. If you refuse again to provide such a declaration, we plan to seek Magistrate Collings'

1