assistance, pursuant to the last paragraph of the March 29, 2005 Scheduling Order and the Magistrate's obvious interest, expressed during the hearing, of remaining involved in the imaging issue and process. We suspect the Magistrate will be interested to know why the Facebook Defendants are so reluctant to provide a declaration outlining the steps Neel represented they have taken, particularly in view of the fact that the Court has ordered them to provide discovery precisely of the information sought by the declaration, and in view of the spirit and letter of Local Rule 26.1(A)(1).

We do not agree with your assertion that Plaintiff has exhausted available production requests and interrogatories. It is clear from the Judge's Order and statements in open court that the permitted discovery is not subject to the limitations of the FRCP or the Local Rules. We doubt the Facebook Defendants would argue to the Court that -- in the face of the Court's order -- Plaintiff cannot obtain documents relating to the imaging and forensic analysis allegedly performed by the Facebook Defendants before November 18 because Plaintiff has already served two sets of discovery requests (bear in mind that the judge was aware of this fact when he issued his order, as Plaintiff's counsel informed the Court during the hearing that the parties are currently meeting and conferring regarding Plaintiff's second set of discovery requests). Moreover, Plaintiff has served only 24 interrogatories, and neither the Local Rules nor the FRCP limit the number of sets of interrogatories Plaintiff is permitted to serve. However, we need not use Plaintiff's only remaining interrogatory for the discovery ordered by the Court.

You did not respond to our request for a date for the Rule 30(b)(6) deposition. Immediately after leaving the Courtroom on November 18, I asked Neel when we could schedule the deposition. He responded that it could not be scheduled last week, but probably could be this week. To give you time to prepare the declaration, we proposed even later dates, the first of which was December 2, 2005. Again, we request a date for a Rule 30(b)(6) deposition. We are available December 2, 8, 9, 13, 14, and 15. The topics of the deposition will be the topics of the declaration, as set forth in our November 21, 2005 letter and this letter, Neel's representations to the Court, and whether the Facebook Defendants have performed their alleged search, imaging, and forensic analysis to the extent that Plaintiff would do so. Please identify the Rule 30(b)(6) witness, as that term is defined in Local Rule 26(C)(3), well before the deposition.

Regarding the Facebook Defendants' possible recent location of (a) Mr. Zuckerberg's original computer used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook, which you mentioned in your letter, the hard drives should have been imaged before they were turned on, used, or otherwise tampered with. If the Facebook Defendants failed to do so, evidence may have already been lost. Please confirm in the declaration that such imaging has been done, when it was done, and by whom. We note that when Joshua wrote to Troy on November 17, 2005, he did not know if these devices contained any responsive or relevant information, and that as of November 23 you believed that they may contain responsive information. The declaration should describe the work done with respect to these devices between the time they were located and the date of the declaration.

Regarding the proposal set forth in the penultimate paragraph of your letter, we note that negotiating a different procedure than outlined by the Magistrate in his Order and in open court would be inappropriate, particularly in view of the fact that the discovery ordered by the Court relates primarily to events occurring before November 18. Moreover, if you locate "any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants," the Facebook Defendants must produce it right away pursuant to Plaintiff's longstanding production requests covered by Plaintiff's motion to compel imaging.

Finally, we note that to date you have not provided "all information to the plaintiff as to the identity of the entity which has possession of the server upon which the Facebook was initially launched," as the Court also ordered. In Court, the discussion centered on Equinix. Please provide this information immediately with respect to Equinix and any other web hosting provider used by the Facebook Defendants at or shortly after launch.

We will respond separately to Robert Hawk's November 23, 2005 letter.

Sincerely,

John

John



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

tel 949-567-6700
fax 949-567-6710

WWW.ORRICK.COM

December 1, 2005

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re:   *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

Thank you for your November 28, 2005 email. As an initial matter, we are surprised that ConnectU rejected a proposal quite similar to the compromise it originally proposed during the November 18, 2005 hearing. Far from "inappropriate," we suspect that the Court would endorse any solution to ConnectU's motion to compel that did not require further Court intervention. Indeed, it ensures that Facebook has met its discovery obligations and that all representations by Mr. Chatterjee have been fulfilled to the greatest extent possible. Unfortunately, ConnectU wants to follow a different and unnecessary path, as it is already threatening to go to the Court. If ConnectU decides to pursue this avenue, it should be through a motion under Local Rule 7.1.

As stated in my November 23, 2005 letter, under the Court's November 18, 2005 order, ConnectU is entitled to "discovery as to the steps the defendants have taken to obtain and produce the [Facebook and Harvard Connection] codes." Further, the standard for seeking the information ConnectU is requesting is quite simple: ConnectU must show a particularized likelihood of finding materials in a place that Defendants have not searched. The declaration ConnectU demands in its November 23, 2005 letter (and adds to throughout its November 28, 2005 email) is much broader and far more burdensome than the order and the legal standard and is not discovery. The demanded declaration goes much further than to simply "verify the representations Neel made to the Court on November 18, 2005." For example, "why the searched memory devices were selected for review," "the time each search was conducted," and "the development and revision history of Mr. Zuckerberg's alleged contributions to the Harvard Connection code" are not contemplated by the November 18, 2005 order. This goes far beyond "outlining the steps Neel represented [Facebook Defendants] have taken." The Court, to the best of our recollection, was clear that ConnectU could seek discovery as to what was done to collect documents. Issues such as "why" particular devices were searched invades attorney-client and work product protections. Indeed, such


ORRICK

John F. Hornick, Esq.
December 1, 2005

a declaration is virtually impossible given the number of people and two different law firms involved in the document collection effort.

A properly noticed Rule 30(b)(6) deposition is the appropriate course under the circumstances. Contrary to your baseless allegation that Facebook Defendants did not respond to your request for a deposition, as stated in my November 23, 2005 letter, Facebook Defendants are willing to respond to discovery, including a deposition notice, properly served. Under Fed. R. Civ. P. 30(b)(6), ConnectU must properly notice the deposition of a witness, especially considering there is another party to the action, Eduardo Saverin. Frankly, we do not understand why ConnectU is unwilling to perform such a simple task when this is precisely what you asked for during and immediately after the hearing.

ConnectU claims it has not exhausted its interrogatories and that the Local Rule 26.1's limitation on the number of interrogatories and sets of requests for production should be ignored. First, ConnectU has propounded more than the allowed 25 interrogatories when the large number of compound interrogatories (beyond what Local Rule 26.1(c) dictates comprises one interrogatory) are counted along with the 24 interrogatories enumerated by ConnectU. Second, because ConnectU has served two sets of requests for production, it has reached its limit on document requests as well. Nevertheless, until additional document requests and interrogatories have been served, this issue is not ripe for determination.

As a compromise, Facebook Defendants would agree to allow ConnectU to serve up to two interrogatories that will not count toward the limit of 25. Of course, the standard limitations on interrogatories (such as those dictated by Local Rule 26.1(c)) would continue to apply and Facebook will object to any interrogatory not directed to the legal standard. If ConnectU chooses to serve such interrogatories, Facebook Defendants will respond to them before any properly noticed deposition is to occur.

Facebook Defendants' contact information for Equinix, Inc. is 301 Velocity Way, 5th Floor, Foster City, California 94404 and (650) 513-7000. Equinix, Inc.'s agent for service of process is CT Corporation System, 818 West 7th Street, Los Angeles, California 90017, according to the California Business Portal website.

In addition, after further investigation, we understand that Managed.com and Savvy Networks provided servers and web hosting services for Facebook. Managed.com provided the servers and services after thefacebook.com website launched through September 2004, and Savvy Networks provided them from May through September 2004. However, we also understand that the servers located at Managed.com and Savvy Networks were "wiped" of all files and are now being used for other customers.

DOCSSV1:437261.4



**ORRICK**

John F. Hornick, Esq.
December 1, 2005

      The contact information for Managed.com is Michelle Titus, (877) 897-6148, and 55 South Market Street, 10th Floor, San Jose, California 95113. The contact information for Savvy Networks is Ben Gaines, (888) 467-2889, and 777 Old Saw Mill River Road, Tarrytown, New York 10591.

      As always, please contact me with any questions.

Very truly yours,

*[signature]*

Robert D. Nagel

cc:    Troy E. Grabow, Esq. (via email)
        Robert B. Hawk, Esq. (via email)
        Bhanu K. Sadasivan, Esq. (via email)
        Daniel K. Hampton, Esq. (via email)
        Jonathan M. Gelchinsky, Esq. (via email)

DOCSSV1:437261.4

# Rinaldi, Cynthia

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Wednesday, December 07, 2005 5:45 PM |
| **To:** | 'Sadasivan, Bhanu' |
| **Cc:** | jwalker@orrick.com; MCOOPER@orrick.com; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Hawk, Robert B. |
| **Subject:** | RE: Discovery Regarding Forensic Analysis |

Dear Bhanu:

This letter responds to your letter of November 30, 2005. Regarding the declaration requested in our November 21, 2005 letter to Robert Hawk, our November 28, 2005 letter to Robert Nagel, and our November 29, 2005 letter to Robert Hawk, what is Mr. Saverin's basis for his position that Local Rule 26.1(A)(1) does not apply to such request?

We accept your proposal regarding interrogatories, except of course that the subject of the interrogatories shall be the discovery ordered by Magistrate Collings, and shall not be limited to Mr. Saverin's declaration. In your view, how many is a "reasonable" number? Will Mr. Saverin agree to answer such interrogatories within 14 days following the date of service?

We wish to depose Mr. Saverin now on all topics relating to the claims, defenses, and counterclaims in suit, including the forensic discovery issues outlined in our November 21 and 28 letters, and to complete his deposition after the Court resolves the motions to compel. Alternatively, we wish to depose Mr. Saverin now only on such forensic discovery issues. If Mr. Saverin is refusing to appear for a deposition at this time (which will be completed at a later time), please let us know when we can have a discovery conference as a prerequisite to our filing of a motion for contempt with respect to the forensic discovery issues.

Sincerely,

John

-----Original Message-----
From: Sadasivan, Bhanu [mailto:Bhanu.Sadasivan@hellerehrman.com]
Sent: Wednesday, November 30, 2005 12:59 PM
To: Hornick, John
Cc: jwalker@orrick.com; MCOOPER@orrick.com; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Hawk, Robert B.
Subject: RE: Discovery Regarding Forensic Analysis

Dear John:

As indicated in Robert Hawk's November 23 letter in response to your November 21 letter, your request for an additional declaration -- even if it were contemplated by the Judge's Order, which it was not -- makes no sense in light of Mr. Saverin's prior sworn declaration. There is no need and no justification for an additional Saverin declaration. What is more, there is no reason to believe that Mr. Saverin's representations in his declaration are untrue. In that regard, we disagree with your assertions that Mr. Saverin would have logically or reasonably done what you suggest Mr. Saverin should have done "to assure that such statement[s] [were] true and accurate."

Mr. Saverin, however, would be amenable to answering a reasonable number of reasonably framed interrogatories regarding the issues addressed by Mr. Saverin's prior declaration. Within reason, we will not count such interrogatories towards the Federal Rules limit, and we will consider providing answers in less than the standard 30-day response period. Please let us know if you would like to discuss the interrogatory option.

With respect to deposing Mr. Saverin, it is reasonable to produce Mr. Saverin for deposition once and only once to be deposed on all issues. Although you may want, and you are entitled, to spend a portion of that deposition on issues referenced in Mr. Saverin's

1

declaration, that does not justify departing from the seven hour limit. Nor does it justify producing Mr. Saverin on two separate deposition days. For these reasons -- and because you purport to reserve the right to "complete [the deposition] at such time that Mr. Saverin produces additional documents covered by our pending motions to compel" -- the scheduling of Mr. Saverin's deposition should await the Court's promised resolution of the pending discovery motions.

Sincerely,
Bhanu

-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Tuesday, November 29, 2005 10:27 AM
To: Hawk, Robert B.
Cc: jwalker@orrick.com; MCOOPER@orrick.com; Sadasivan, Bhanu; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert
Subject: RE: Discovery Regarding Forensic Analysis


Dear Robert (Hawk):

    Please consider our November 28, 2005 email to Robert Nagel, set forth below, as applicable to Mr. Saverin. Mr. Saverin stated in a declaration that he never had the code for thefacebook.com website on his computer. We are entitled to discovery to determine the steps Mr. Saverin took to assure that such statement was true and accurate. For example, how and when did he search for deleted or undeleted emails from Mr. Zuckerberg or any of the other individual Defendants to determine that the website code, or the website itself, was not attached to any such emails? Accordingly, please let us know when Mr. Saverin can reasonably provide the declaration requested and outlined in our November 21 letter to you and Neel, and in our November 28 email letter to Robert Nagel.

    We also wish to depose Mr. Saverin on the topics outlined in our November 21 and 28 letters to Robert Nagel. Please let us know Mr. Saverin's availability over the next few weeks. If you will agree to provide Mr. Saverin for deposition at this time without limitation of topics, as suggested in your November 23 letter, we will depose him on all topics relevant to the claims, defenses, and counterclaims in the lawsuit, and leave the deposition open to be completed at such time that Mr. Saverin produces additional documents covered by our pending motions to compel. If you will not agree to provide Mr. Saverin without limitation of topics at this time, then we will depose him at this time only on the issues outlined in our November 21 and 28, 2005 letters to Robert Nagel.

    Please note for the record that we do not plan to count the deposition on the topics outlined in our November 21 and 28 letters toward the seven hour limit for deposing Mr. Saverin.

    Sincerely,

    John



11/28/05 email to Robert Nagel:
Dear Robert:

    This letter responds to your November 23, 2005 letter. We must insist that the Facebook Defendants provide the declaration requested and outlined by our November 21, 2005 letter. We are frankly surprised that they have refused to do so, as such a declaration would verify the representations Neel made to the Court on November 18, 2005. Assuming that such representations were true and/or accurate, such a declaration

2

can only help to expedite and focus the discovery ordered by the Court and support your clients' position that no additional electronic storage devices need to be imaged for forensic examination, and that no additional forensic examination needs to be conducted, because the Facebook Defendants had already done so and had already exhausted all avenues for locating and/or recovering the missing code and facemash online journal before the November 18 hearing. In this regard, we are particularly interested in learning what memory devices were located, imaged, searched, and analyzed before the Facebook Defendants located the computers that you now believe may be the one Mr. Zuckerberg used at Harvard and the first server owned and used by the Facebook, which you mentioned in your November 23 letter, and which deleted files were searched before November 18.

Please let us know right away when the Facebook Defendants can reasonably provide the declaration requested and outlined by our November 21, 2005 letter and this letter. If you refuse again to provide such a declaration, we plan to seek Magistrate Collings' assistance, pursuant to the last paragraph of the March 29, 2005 Scheduling Order and the Magistrate's obvious interest, expressed during the hearing, of remaining involved in the imaging issue and process. We suspect the Magistrate will be interested to know why the Facebook Defendants are so reluctant to provide a declaration outlining the steps Neel represented they have taken, particularly in view of the fact that the Court has ordered them to provide discovery precisely of the information sought by the declaration, and in view of the spirit and letter of Local Rule 26.1(A)(1).

We do not agree with your assertion that Plaintiff has exhausted available production requests and interrogatories. It is clear from the Judge's Order and statements in open court that the permitted discovery is not subject to the limitations of the FRCP or the Local Rules. We doubt the Facebook Defendants would argue to the Court that -- in the face of the Court's order -- Plaintiff cannot obtain documents relating to the imaging and forensic analysis allegedly performed by the Facebook Defendants before November 18 because Plaintiff has already served two sets of discovery requests (bear in mind that the judge was aware of this fact when he issued his order, as Plaintiff's counsel informed the Court during the hearing that the parties are currently meeting and conferring regarding Plaintiff's second set of discovery requests). Moreover, Plaintiff has served only 24 interrogatories, and neither the Local Rules nor the FRCP limit the number of sets of interrogatories Plaintiff is permitted to serve. However, we need not use Plaintiff's only remaining interrogatory for the discovery ordered by the Court.

You did not respond to our request for a date for the Rule 30(b)(6) deposition. Immediately after leaving the Courtroom on November 18, I asked Neel when we could schedule the deposition. He responded that it could not be scheduled last week, but probably could be this week. To give you time to prepare the declaration, we proposed even later dates, the first of which was December 2, 2005. Again, we request a date for a Rule 30(b)(6) deposition. We are available December 2, 8, 9, 13, 14, and 15. The topics of the deposition will be the topics of the declaration, as set forth in our November 21, 2005 letter and this letter, Neel's representations to the Court, and whether the Facebook Defendants have performed their alleged search, imaging, and forensic analysis to the extent that Plaintiff would do so. Please identify the Rule 30(b)(6) witness, as that term is defined in Local Rule 26(C)(3), well before the deposition.

Regarding the Facebook Defendants' possible recent location of (a) Mr. Zuckerberg's original computer used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook, which you mentioned in your letter, the hard drives should have been imaged before they were turned on, used, or otherwise tampered with. If the Facebook Defendants failed to do so, evidence may have already been lost. Please confirm in the declaration that such imaging has been

3