done, when it was done, and by whom. We note that when Joshua wrote to Troy on November 17, 2005, he did not know if these devices contained any responsive or relevant information, and that as of November 23 you believed that they may contain responsive information. The declaration should describe the work done with respect to these devices between the time they were located and the date of the declaration.

Regarding the proposal set forth in the penultimate paragraph of your letter, we note that negotiating a different procedure than outlined by the Magistrate in his Order and in open court would be inappropriate, particularly in view of the fact that the discovery ordered by the Court relates primarily to events occurring before November 18. Moreover, if you locate "any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants," the Facebook Defendants must produce it right away pursuant to Plaintiff's longstanding production requests covered by Plaintiff's motion to compel imaging.

Finally, we note that to date you have not provided "all information to the plaintiff as to the identity of the entity which has possession of the server upon which the Facebook was initially launched," as the Court also ordered. In Court, the discussion centered on Equinix. Please provide this information immediately with respect to Equinix and any other web hosting provider used by the Facebook Defendants at or shortly after launch.

We will respond separately to Robert Hawk's November 23, 2005 letter.

Sincerely,

John

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

**Rinaldi, Cynthia**

| | |
|---|---|
| From: | Hornick, John |
| Sent: | Wednesday, December 07, 2005 5:15 PM |
| To: | 'Nagel, Robert' |
| Cc: | 'jwalker@orrick.com'; 'MCOOPER@orrick.com'; 'Bhanu.Sadasivan@hellerehrman.com'; 'NCHATTERJEE@orrick.com'; 'dan.hampton@hklaw.com'; 'robert.hawk@hellerehrman.com'; Grabow, Troy; Esquenet, Margaret; Hart, Pat |
| Subject: | RE: Discovery Regarding Forensic Analysis |

Dear Robert (Nagel):

This letter responds to your letter of December 1, 2005. Regarding the declaration requested in our November 21 and 28, 2005 letters, what is the Facebook Defendants' basis for their position that Local Rule 26.1(A)(1) does not apply to such request?

A Rule 30(b)(6) notice on the topics set forth in our November 21 and 28 letters will follow. You once requested that we discuss deposition dates before serving notice. Is your 30(b)(6) witness available December 28? If not, please propose alternate dates.

If we accept the Facebook Defendants' offer to accept and answer two interrogatories on the subject of the Facebook Defendants' forensic discovery efforts, will they agree to answer them within 14 days following the date of service?

We look forward to your response.

Sincerely,

John

1

**Rinaldi, Cynthia**

| | |
|---|---|
| **From:** | Nagel, Robert [rnagel@orrick.com] |
| **Sent:** | Tuesday, December 13, 2005 1:05 PM |
| **To:** | Hornick, John |
| **Cc:** | Walker, Joshua; Cooper, Monte; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat |
| **Subject:** | RE: Discovery Regarding Forensic Analysis |

Dear John,

Thank you for your email below. Regarding Local Rule 26.1(a)(1), it only encourages "informal, cooperative discovery practices." This Local Rule does not compel Facebook Defendants to produce the overly burdensome and broad declaration demanded by ConnectU. Furthermore, the demanded declaration is neither informal, nor cooperative. The demanded declaration is no less formal than two proposed interrogatories. ConnectU's continued demand of a declaration is hardly made in the spirit of cooperation, especially in the face of Facebook Defendants' objection to it.

The Rule 30(b)(6) witness Facebook Defendants expect to provide is not available on December 28, 2005. However, without seeing the exact topics on which ConnectU intends to depose the Rule 30(b)(6) witness, Facebook Defendants cannot definitively identify the Rule 30(b)(6) witness they will offer and, therefore, also cannot provide alternative dates. Moreover, because Facebook Defendants are in the process of reviewing the contents of the two newly-discovered devices, a deposition at this stage would be premature. In addition, a December 28, 2005 deposition also would be premature if ConnectU would like to depose a witness on any interrogatories it propounds.

Regarding the proposed two interrogatories, Facebook Defendants would endeavor to respond as soon as possible after service, and certainly within the 30-day period provided by the Federal Rules of Civil Procedure. However, without seeing the interrogatories, Facebook Defendants cannot guarantee that they would answer the interrogatories within 14 days of service.


Very truly,

Rob

Robert D. Nagel
Associate

Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558

tel 949-852-7761
fax 949-567-6710

email rnagel@orrick.com
www.orrick.com

-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Wednesday, December 07, 2005 2:15 PM
To: Nagel, Robert
Cc: Walker, Joshua; Cooper, Monte; Bhanu.Sadasivan@hellerehrman.com;

1

Chatterjee, I. Neel; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat
Subject: RE: Discovery Regarding Forensic Analysis

Dear Robert (Nagel):

This letter responds to your letter of December 1, 2005. Regarding the declaration requested in our November 21 and 28, 2005 letters, what is the Facebook Defendants' basis for their position that Local Rule 26.1(A)(1) does not apply to such request?

A Rule 30(b)(6) notice on the topics set forth in our November 21 and 28 letters will follow. You once requested that we discuss deposition dates before serving notice. Is your 30(b)(6) witness available December 28? If not, please propose alternate dates.

If we accept the Facebook Defendants' offer to accept and answer two interrogatories on the subject of the Facebook Defendants' forensic discovery efforts, will they agree to answer them within 14 days following the date of service?

We look forward to your response.

Sincerely,

John

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


From Orrick, Herrington & Sutcliffe LLP <orrick.com> on 12/13/2005 10:02:08 AM
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.


================================================================================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION. For more information about Orrick, please visit http://www.orrick.com/

# Rinaldi, Cynthia

| | |
|---|---|
| **From:** | Sadasivan, Bhanu [Bhanu.Sadasivan@hellerehrman.com] |
| **Sent:** | Tuesday, December 13, 2005 1:38 PM |
| **To:** | Hornick, John |
| **Cc:** | jwalker@orrick.com; MCOOPER@orrick.com; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Hawk, Robert B. |
| **Subject:** | RE: Discovery Regarding Forensic Analysis |

Dear John:

In response to your email below of December 7, 2005, we disagree with your assertion that you have the right to an additional declaration by Mr. Saverin. Judge Collings' Order permitting discovery "as to the steps the defendants have taken to obtain and produce the codes" does not require or even seem to contemplate a declaration -- especially by Mr. Saverin, who already provided a declaration. Moreover, an additional formal declaration demanded by one party is not "informal, cooperative discovery practices" contemplated by Rule 26.1(a)(1). In his prior sworn declaration, Mr. Saverin has stated that he never possessed any Harvard Connection, Thefacebook, Coursematch or Facemash source code on any of his computer hard drives. As such, we cannot imagine what "forensic" discovery ConnectU legitimately needs, let agree that it is entitled to an additional declaration, "as to the steps the defendant [Saverin] ha[s] taken to obtain and produce the codes."

Notwithstanding our disagreement, Mr. Saverin would be amenable to answering four reasonably framed interrogatories, that are not compound or with subparts, specifically regarding the issues addressed by Mr. Saverin's prior declaration. We will endeavor to provide answers in less than the standard 30-day response period. However, we cannot guarantee an answer in less than a 30-day period given the impending holidays.

Regarding Mr. Saverin's deposition on forensic issues, we call upon you to rethink your position. We did not understand Judge Collings to rule that ConnectU is entitled to have Mr. Saverin appear twice for deposition. In all events, it makes no sense to convene Mr. Saverin's deposition before completion of the analysis on the Facebook defendants' two newly discovered devices -- as referenced by Mr. Nagel. In addition, any deposition of Mr. Saverin on forensic issues ought to await the deposition of the Facebook defendants' representative. You may well have all your questions answered at that time.

To be clear, all time taken examining Mr. Saverin on "forensic discovery" issues should be counted against the seven hour limit set forth in the Federal Rules of Civil Procedure. And, if we end up going forward with a "forensic issues" only deposition, you should understand that we will limit the testimony to the issues addressed by Mr. Saverin's prior declaration.

Let us know how you want to proceed.

Sincerely,
Bhanu

-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Wednesday, December 07, 2005 2:45 PM
To: Sadasivan, Bhanu
Cc: jwalker@orrick.com; MCOOPER@orrick.com; NCHATTERJEE@orrick.com;
dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat;
Nagel, Robert; Hawk, Robert B.
Subject: RE: Discovery Regarding Forensic Analysis


Dear Bhanu:

This letter responds to your letter of November 30, 2005. Regarding the declaration requested in our November 21, 2005 letter to Robert Hawk,

1

our November 28, 2005 letter to Robert Nagel, and our November 29, 2005 letter to Robert Hawk, what is Mr. Saverin's basis for his position that Local Rule 26.1(A)(1) does not apply to such request?

We accept your proposal regarding interrogatories, except of course that the subject of the interrogatories shall be the discovery ordered by Magistrate Collings, and shall not be limited to Mr. Saverin's declaration. In your view, how many is a "reasonable" number? Will Mr. Saverin agree to answer such interrogatories within 14 days following the date of service?

We wish to depose Mr. Saverin now on all topics relating to the claims, defenses, and counterclaims in suit, including the forensic discovery issues outlined in our November 21 and 28 letters, and to complete his deposition after the Court resolves the motions to compel. Alternatively, we wish to depose Mr. Saverin now only on such forensic discovery issues. If Mr. Saverin is refusing to appear for a deposition at this time (which will be completed at a later time), please let us know when we can have a discovery conference as a prerequisite to our filing of a motion for contempt with respect to the forensic discovery issues.

Sincerely,

John
-----Original Message-----
From: Sadasivan, Bhanu [mailto:Bhanu.Sadasivan@hellerehrman.com]
Sent: Wednesday, November 30, 2005 12:59 PM
To: Hornick, John
Cc: jwalker@orrick.com; MCOOPER@orrick.com; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Hawk, Robert B.
Subject: RE: Discovery Regarding Forensic Analysis

Dear John:

As indicated in Robert Hawk's November 23 letter in response to your November 21 letter, your request for an additional declaration -- even if it were contemplated by the Judge's Order, which it was not -- makes no sense in light of Mr. Saverin's prior sworn declaration. There is no need and no justification for an additional Saverin declaration. What is more, there is no reason to believe that Mr. Saverin's representations in his declaration are untrue. In that regard, we disagree with your assertions that Mr. Saverin would have logically or reasonably done what you suggest Mr. Saverin should have done "to assure that such statement[s] [were] true and accurate."

Mr. Saverin, however, would be amenable to answering a reasonable number of reasonably framed interrogatories regarding the issues addressed by Mr. Saverin's prior declaration. Within reason, we will not count such interrogatories towards the Federal Rules limit, and we will consider providing answers in less than the standard 30-day response period. Please let us know if you would like to discuss the interrogatory option.

With respect to deposing Mr. Saverin, it is reasonable to produce Mr. Saverin for deposition once and only once to be deposed on all issues. Although you may want, and you are entitled, to spend a portion of that deposition on issues referenced in Mr. Saverin's declaration, that does not justify departing from the seven hour limit. Nor does it justify producing Mr. Saverin on two separate deposition days. For these reasons -- and because you purport to reserve the right to "complete [the deposition] at such time that Mr. Saverin produces additional documents covered by our pending motions to compel" -- the scheduling of Mr. Saverin's deposition should await the Court's promised resolution of the pending discovery motions.

2