Sincerely,
Bhanu

-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Tuesday, November 29, 2005 10:27 AM
To: Hawk, Robert B.
Cc: jwalker@orrick.com; MCOOPER@orrick.com; Sadasivan, Bhanu; NCHATTERJEE@orrick.com; dan.hampton@hklaw.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert
Subject: RE: Discovery Regarding Forensic Analysis


Dear Robert (Hawk):

    Please consider our November 28, 2005 email to Robert Nagel, set forth below, as applicable to Mr. Saverin.  Mr. Saverin stated in a declaration that he never had the code for thefacebook.com website on his computer.  We are entitled to discovery to determine the steps Mr. Saverin took to assure that such statement was true and accurate. For example, how and when did he search for deleted or undeleted emails from Mr. Zuckerberg or any of the other individual Defendants to determine that the website code, or the website itself, was not attached to any such emails?  Accordingly, please let us know when Mr. Saverin can reasonably provide the declaration requested and outlined in our November 21 letter to you and Neel, and in our November 28 email letter to Robert Nagel.

    We also wish to depose Mr. Saverin on the topics outlined in our November 21 and 28 letters to Robert Nagel.  Please let us know Mr. Saverin's availability over the next few weeks.  If you will agree to provide Mr. Saverin for deposition at this time without limitation of topics, as suggested in your November 23 letter, we will depose him on all topics relevant to the claims, defenses, and counterclaims in the lawsuit, and leave the deposition open to be completed at such time that Mr. Saverin produces additional documents covered by our pending motions to compel.  If you will not agree to provide Mr. Saverin without limitation of topics at this time, then we will depose him at this time only on the issues outlined in our November 21 and 28, 2005 letters to Robert Nagel.

    Please note for the record that we do not plan to count the deposition on the topics outlined in our November 21 and 28 letters toward the seven hour limit for deposing Mr. Saverin.

    Sincerely,

    John



11/28/05 email to Robert Nagel:
Dear Robert:

   This letter responds to your November 23, 2005 letter.  We must insist that the Facebook Defendants provide the declaration requested and outlined by our November 21, 2005 letter.  We are frankly surprised that they have refused to do so, as such a declaration would verify the representations Neel made to the Court on November 18, 2005.  Assuming that such representations were true and/or accurate, such a declaration can only help to expedite and focus the discovery ordered by the Court and support your clients' position that no additional electronic storage devices need to be imaged for forensic examination, and that no additional forensic examination needs to be conducted, because the Facebook Defendants had already done so and had already exhausted all avenues for locating and/or recovering the missing code and facemash online journal before the November 18 hearing.  In this regard, we are

particularly interested in learning what memory devices were located, imaged, searched, and analyzed before the Facebook Defendants located the computers that you now believe may be the one Mr. Zuckerberg used at Harvard and the first server owned and used by the Facebook, which you mentioned in your November 23 letter, and which deleted files were searched before November 18.

Please let us know right away when the Facebook Defendants can reasonably provide the declaration requested and outlined by our November 21, 2005 letter and this letter. If you refuse again to provide such a declaration, we plan to seek Magistrate Collings' assistance, pursuant to the last paragraph of the March 29, 2005 Scheduling Order and the Magistrate's obvious interest, expressed during the hearing, of remaining involved in the imaging issue and process. We suspect the Magistrate will be interested to know why the Facebook Defendants are so reluctant to provide a declaration outlining the steps Neel represented they have taken, particularly in view of the fact that the Court has ordered them to provide discovery precisely of the information sought by the declaration, and in view of the spirit and letter of Local Rule 26.1(A)(1).

We do not agree with your assertion that Plaintiff has exhausted available production requests and interrogatories. It is clear from the Judge's Order and statements in open court that the permitted discovery is not subject to the limitations of the FRCP or the Local Rules. We doubt the Facebook Defendants would argue to the Court that -- in the face of the Court's order -- Plaintiff cannot obtain documents relating to the imaging and forensic analysis allegedly performed by the Facebook Defendants before November 18 because Plaintiff has already served two sets of discovery requests (bear in mind that the judge was aware of this fact when he issued his order, as Plaintiff's counsel informed the Court during the hearing that the parties are currently meeting and conferring regarding Plaintiff's second set of discovery requests). Moreover, Plaintiff has served only 24 interrogatories, and neither the Local Rules nor the FRCP limit the number of sets of interrogatories Plaintiff is permitted to serve. However, we need not use Plaintiff's only remaining interrogatory for the discovery ordered by the Court.

You did not respond to our request for a date for the Rule 30(b)(6) deposition. Immediately after leaving the Courtroom on November 18, I asked Neel when we could schedule the deposition. He responded that it could not be scheduled last week, but probably could be this week. To give you time to prepare the declaration, we proposed even later dates, the first of which was December 2, 2005. Again, we request a date for a Rule 30(b)(6) deposition. We are available December 2, 8, 9, 13, 14, and 15. The topics of the deposition will be the topics of the declaration, as set forth in our November 21, 2005 letter and this letter, Neel's representations to the Court, and whether the Facebook Defendants have performed their alleged search, imaging, and forensic analysis to the extent that Plaintiff would do so. Please identify the Rule 30(b)(6) witness, as that term is defined in Local Rule 26(C)(3), well before the deposition.

Regarding the Facebook Defendants' possible recent location of (a) Mr. Zuckerberg's original computer used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook, which you mentioned in your letter, the hard drives should have been imaged before they were turned on, used, or otherwise tampered with. If the Facebook Defendants failed to do so, evidence may have already been lost. Please confirm in the declaration that such imaging has been done, when it was done, and by whom. We note that when Joshua wrote to Troy on November 17, 2005, he did not know if these devices contained any responsive or relevant information, and that as of November 23 you believed that they may contain responsive information. The declaration should describe the work done with respect to these devices between the time they were located and the date of the declaration.

4

    Regarding the proposal set forth in the penultimate paragraph of your letter, we note that negotiating a different procedure than outlined by the Magistrate in his Order and in open court would be inappropriate, particularly in view of the fact that the discovery ordered by the Court relates primarily to events occurring before November 18. Moreover, if you locate "any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants," the Facebook Defendants must produce it right away pursuant to Plaintiff's longstanding production requests covered by Plaintiff's motion to compel imaging.

    Finally, we note that to date you have not provided "all information to the plaintiff as to the identity of the entity which has possession of the server upon which the Facebook was initially launched," as the Court also ordered. In Court, the discussion centered on Equinix. Please provide this information immediately with respect to Equinix and any other web hosting provider used by the Facebook Defendants at or shortly after launch.

    We will respond separately to Robert Hawk's November 23, 2005 letter.

    Sincerely,

    John

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately

# Rinaldi, Cynthia

**From:** Hornick, John
**Sent:** Friday, January 06, 2006 1:30 PM
**To:** 'Nagel, Robert'; Bhanu.Sadasivan@hellerehrman.com
**Cc:** Walker, Joshua; Cooper, Monte; Chatterjee, I. Neel; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat
**Subject:** RE: Discovery Regarding Forensic Analysis

Dear Rob (Nagel) and Bhanu:

This letter responds to your December 13, 2005 emails. Because your clients have continued to refuse to provide discovery informally and cooperatively regarding the efforts they made prior to the November 18, 2005 hearing to locate and recover the missing code, as well as regarding such efforts after that date, as required by Local Rule 26.1(a)(1) and the Court's November 18, 2005 Order, yesterday we served formal discovery requests, namely, a Rule 30(b)(6) notice of Facebook Inc., two interrogatories directed to all Defendants (consistent with your proposals, which will not count toward the 25 interrogatory limit), and 11 production requests directed to all Defendants.

With respect to the production requests, please let us know right away if it is your clients' position that they need not respond to such requests or produce the documents and things sought by such requests, as well as the basis for such position. If this is your clients' position, we will want to schedule a discovery conference as soon as possible, as a prerequisite to filing a motion for contempt or seeking the Court's direct intervention. If this is not your clients' position, please let us know if they will agree to provide responses to the interrogatories and production requests, and produce the documents and things sought by such requests, in less than the thirty days allowed by the Fed. R. Civ. P. In this regard, we are willing to reschedule the Facebook Inc. deposition to a different, mutually convenient date if Facebook Defendants agree in writing to respond to the interrogatories and production requests, and produce responsive documents and things, in substantially less than 30 days from the service date.

We look forward to your response.

Sincerely,

John

-----Original Message-----
From: Nagel, Robert [mailto:rnagel@orrick.com]
Sent: Tuesday, December 13, 2005 1:05 PM
To: Hornick, John
Cc: Walker, Joshua; Cooper, Monte; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat
Subject: RE: Discovery Regarding Forensic Analysis

Dear John,

Thank you for your email below. Regarding Local Rule 26.1(a)(1), it only encourages "informal, cooperative discovery practices." This Local Rule does not compel Facebook Defendants to produce the overly burdensome and broad declaration demanded by ConnectU. Furthermore, the demanded declaration is neither informal, nor cooperative. The demanded declaration is no less formal than two proposed interrogatories. ConnectU's continued demand of a declaration is hardly made in the spirit of cooperation, especially in the face of Facebook Defendants' objection to it.

The Rule 30(b)(6) witness Facebook Defendants expect to provide is not available on December 28, 2005. However, without seeing the exact topics on which ConnectU intends to depose the Rule 30(b)(6) witness, Facebook Defendants cannot definitively identify the Rule 30(b)(6)

1

witness they will offer and, therefore, also cannot provide alternative dates. Moreover, because Facebook Defendants are in the process of reviewing the contents of the two newly-discovered devices, a deposition at this stage would be premature. In addition, a December 28, 2005 deposition also would be premature if ConnectU would like to depose a witness on any interrogatories it propounds.

Regarding the proposed two interrogatories, Facebook Defendants would endeavor to respond as soon as possible after service, and certainly within the 30-day period provided by the Federal Rules of Civil Procedure. However, without seeing the interrogatories, Facebook Defendants cannot guarantee that they would answer the interrogatories within 14 days of service.


Very truly,

Rob

Robert D. Nagel
Associate

Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558

tel 949-852-7761
fax 949-567-6710

email rnagel@orrick.com
www.orrick.com

-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Wednesday, December 07, 2005 2:15 PM
To: Nagel, Robert
Cc: Walker, Joshua; Cooper, Monte; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; dan.hampton@hklaw.com; robert.hawk@hellerehrman.com; Grabow, Troy; Esquenet, Margaret; Hart, Pat
Subject: RE: Discovery Regarding Forensic Analysis

Dear Robert (Nagel):

This letter responds to your letter of December 1, 2005. Regarding the declaration requested in our November 21 and 28, 2005 letters, what is the Facebook Defendants' basis for their position that Local Rule 26.1(A)(1) does not apply to such request?

A Rule 30(b)(6) notice on the topics set forth in our November 21 and 28 letters will follow. You once requested that we discuss deposition dates before serving notice. Is your 30(b)(6) witness available December 28? If not, please propose alternate dates.

If we accept the Facebook Defendants' offer to accept and answer two interrogatories on the subject of the Facebook Defendants' forensic discovery efforts, will they agree to answer them within 14 days following the date of service?

We look forward to your response.

Sincerely,

John

2

This e-mail message is intended only for individual(s) to whom it is
addressed and may contain information that is privileged, confidential,
proprietary, or otherwise exempt from disclosure under applicable law.
If you believe you have received this message in error, please advise
the sender by return e-mail and delete it from your mailbox. Thank you.


From Orrick, Herrington & Sutcliffe LLP <orrick.com> on 12/13/2005 10:02:08 AM
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s) addressed herein.


================================================================================
============================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE
TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL
IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS
STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/