

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

February 21, 2006

I. Neel Chatterjee
(650) 614-7356
nchatterjee@orrick.com

*VIA EMAIL AND FEDERAL EXPRESS*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Scott R. Mosko, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Stanford Research Park
3300 Hillview Drive
Palo Alto, California 94304-1203

Re:   *ConnectU v. Zuckerberg, et. al.*

Dear John and Scott:

This letter responds to the various requests put forth in your February 21, 2006 letter. Facebook Defendants' counsel are happy to discuss any of the issues in your letter or this letter during our meeting with Scott Mosko, scheduled for this afternoon. We have informed him we intended to discuss the Massachusetts action, and he raised no objection. Otherwise, Facebook Defendants are available to meet and confer regarding these topics on a mutually-agreeable date.

### A. Depositions

#### 1. Max Kelly

We are not available to offer Max Kelly for the Rule 30(b)(6) deposition this week. As you are aware, Facebook's counsel has numerous conflicts this week, which led the Court to reschedule the February 24, 2006 hearing on March 3, upon Facebook Defendants' motion. For the same reasons, a deposition during the same week also is not feasible. However, Max Kelly is available three court days later, on March 1, 2006. Your attempt to define the topics is unnecessary.

DOCSSV1:448565.1


ORRICK

John F. Hornick, Esq.
Scott R. Mosko, Esq.
February 21, 2006

### 2. Discovery Depositions of Others

Facebook Defendants' view regarding the depositions of individual Defendants' remains unchanged. You may depose individual Defendants once per the Federal Rules. In addition, ConnectU still has not properly noticed these depositions.

### B. Source Code/Imaging Issues

To reiterate, Facebook Defendants produced all relevant Facebook code files located from February and March 2004. We will provide a directory of all source code files produced shortly, even though we have no obligation to do so.

Your allegations regarding Facebook Defendants' efforts to recover code from the various devices, including, "our expert may succeed in imaging where Facebook Defendants' expert failed," is mere speculation. However, Facebook Defendants repeat their offer to provide the devices to an impartial expert under court supervision, to determine whether Facebook Defendants' expert failed to recover any recoverable code. If the impartial expert recovers significant code that Facebook Defendants' expert did not, Facebook would be responsible for the impartial expert's fees and expenses; otherwise, ConnectU would be responsible. Simply handing over entire servers and hard drives is overly broad, extremely burdensome, and likely will include significant amounts of irrelevant, yet private, documents and files. We are perplexed by your refusal to entertain this option, as you suggested a similar approach on November 18, 2005.

You also list a number of additional computers that you speculate "may" have relevant information. No basis for this belief is provided. ConnectU's request is enormous in scope, harassing, unduly burdensome, and not reasonably calculated to lead to relevant information. Indeed, there is no particularized likelihood that any of the computers listed on page 7 of the February 16, 2006 letter contain any relevant code. For example, the argument that "there is no reason why relevant files could not have been copied onto these new computers" is not sufficient to allow ConnectU to image the devices as requested. Rather, it is mere speculation.

Regarding "database definition" sought on page 6 of your February 16, 2006 letter, Facebook Defendants still do not understand what you mean by that term. Facebook Defendants' counsel told ConnectU's counsel, including Troy Grabow, this at the November 16, 2005 meet and confer regarding Request for Production No. 180, among others. Even though the motion to compel on that request has been fully briefed, ConnectU has yet to define the term. If ConnectU is looking for database structures, these likely are identified in source code files that were


ORRICK

John F. Hornick, Esq.
Scott R. Mosko, Esq.
February 21, 2006

recovered from the Maverick servers, for example, and produced. If you seek something different, please explain what you are looking for.

### C.   ConnectU's Interrogatories and Requests for Production

Regarding the alleged deficiencies in Facebook Defendants' responses to Interrogatory Nos. 25-26, stands by its responses and will look forward to meeting and conferring on the issues you raise. Regarding the requests for production, Facebook Defendants will be producing relevant, responsive, and non-privileged documents, as well as a privilege log shortly.

### D.   Call with the Court

Facebook Defendants are happy to work with you regarding your demands in your February 16, 2006 letter; however, it is not ripe or necessary to call the Court to schedule a "conference call" regarding discovery issues. The proper course is to schedule a meet and confer to narrow the issues. Should agreement not be reached, you may file a motion.

As your letter is a very dense 13 pages, I may have missed one or more issues. Please contact me with any questions, to follow up on any issues, and/or to schedule a meet and confer.

Very truly yours,

*I. Neel Chatterjee /By KNM*

I. Neel Chatterjee

cc:   Robert B. Hawk, Esq. (via e-mail)
      Daniel K. Hampton, Esq. (via e-mail)
      Steve M. Bauer, Esq. (via e-mail)

DOCSSV1:448565.1