UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                               Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>                               Defendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                               Counterclaimants,<br><br>    v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                               Counterdefendants. | |

**DEFENDANT EDUARDO SAVERIN'S RESPONSE
TO PLAINTIFF CONNECTU LLC'S "STATUS REPORT"**

**I.    INTRODUCTION**

The "Summary of March 3, 2006 Status Report and Requests Related to Discovery Permitted by November 18, 2005 Electronic Order," Docket Entry 148 (the "Status Report") of Plaintiff ConnectU LLC ("ConnectU") is directed almost exclusively at the Facebook Defendants, and complains broadly about the forensic discovery it has obtained and additional

forensic discovery that it seeks from those Defendants. Consistent with ConnectU's overreaching in practically every facet of discovery, however, ConnectU has also extended one category of its requests for additional forensic discovery to defendant Eduardo Saverin ("Saverin"). Specifically, ConnectU requests that it be allowed to depose Saverin now on forensic issues but defer deposition of him on the merits until some future date, and that its forensic deposition not count against the seven-hour limit. *See* Status Report at 13-14. The Court should reject ConnectU's unjustified request for this extraordinary relief.

## II.     FACTUAL AND PROCEDURAL HISTORY

During the 2003-2004 school year, while a student at Harvard University, Saverin became one of the founders of thefacebook. As a student majoring in Economics who had not taken any Computer Science courses, Saverin focused on the business side of thefacebook. Saverin was never involved in the coding of thefacebook. His role in the core disputes relating to this lawsuit is tangential, at best, and to date, neither ConnectU nor its witnesses has ever pointed to a shred of evidence supporting claims against Saverin.

The current dispute on forensic discovery issues was first presented to the Court when ConnectU filed a motion to compel the production of mirror images of defendants' hard drives, *see* Docket Entry 37, on July 28, 2005. In response to that motion, Saverin submitted a sworn declaration that he had not been involved with coding for thefacebook and had not had any code in his possession. *See* Declaration of Eduardo Saverin (initially submitted as an exhibit to Saverin's opposition to the motion to compel), attached hereto as Exhibit 1. The motion was initially heard on November 18, 2005, at which point the Court issued the order that is the subject of ConnectU's Status Report.

After the November 18 hearing, ConnectU followed up its initial motion to compel on forensic issues with additional forensic discovery requests, to which both Saverin and the Facebook Defendants responded.  Saverin's sworn interrogatory answers, attached hereto as Exhibit 2, fully responded to the substance of ConnectU's forensic discovery interrogatories, reaffirming that he never possessed any of the source code sought by ConnectU.  ConnectU, unsatisfied with the responses from the Facebook Defendants, filed two additional motions to compel on forensic issues: Docket Entry 121 with respect to interrogatories, and Docket Entry 126 with respect to document production requests.  Neither motion is directed at Saverin.

Indeed, ConnectU does not even specifically mention Saverin in its Status Report.  The Report is directed throughout at the Facebook Defendants, and only time it is directed at Saverin at all is in its request that "it be permitted to depose the *Individual Defendants* only on forensic issues at this time, and that such depositions do not count toward the seven hour limit for each witness."  *See* Status Report at 14 (emphasis added).  ConnectU bases this request solely on its assertion that "Defendants are withholding so much discovery, ConnectU does not wish to depose the Individual Defendants at this time on any issues other than forensic discovery issues."  *Id.*  ConnectU offers no basis for that assertion with respect to Saverin, and the only pending discovery dispute with respect to production from Saverin is a portion of a single motion to compel dealing with documents created after May 21, 2004.

### III.  ARGUMENT

ConnectU's "wish list" of additional discovery as reflected in the Status Report includes the unsupported request that it be allowed to depose Saverin now on forensic issues but defer examining him on all other issues until some later date, and that its deposition of Saverin on forensic issues not count against the seven-hour deposition limit.  ConnectU's fervent desire

3

notwithstanding, it has provided no legitimate legal or factual basis for entitlement to either requested element of relief. ConnectU has done no more than to lump defendant Saverin into its grievances with the Facebook Defendants, with no basis to do so.

Federal Rule of Civil Procedure 30(d)(2) provides in relevant part as follows: "Unless otherwise authorized by the court . . . a deposition is limited to one day of seven hours." Although the Court has the power to authorize different arrangements for a deposition prior to its commencement, "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought." *Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002). Here, ConnectU has shown no basis to depart from this "better practice."

First, ConnectU has not offered any justification for breaking Saverin's deposition into two days. Despite the "huge amount" of code it has received from the Facebook Defendants, *see* Status Report at 2, ConnectU has been fairly candid that it is seeking, through very broad discovery requests, massive amounts of additional information the precise nature of which it cannot identify and will not narrow for fear that it might be denied some shred of evidence that might support its as yet undefined claims. Without doubt, ConnectU is engaged in a classic fishing expedition. But ConnectU's Status Report is devoid of any individual allegations with respect to Saverin, and any basis to believe that he has possession of any source code (which he does not). In fact, ConnectU has apparently dropped its prior objections to the forensic discovery provided by Saverin, as evidenced by its exclusion of him from its most recent motions to compel discovery on that topic.

4

Neither has ConnectU offered any justification as to why its deposition of Saverin on forensic issues ought not count against the seven hour deposition limit. The Federal Rules contemplate that, under some circumstances and given a proper showing by the deposing party, the Court can and should grant more than seven hours of deposition time with respect to a given witness. *See, e.g.*, Fed. R. Civ. P. 30(d)(2) ("The court *must* allow additional time . . . if needed for a fair examination of the deponent . . . .") (emphasis added). Here, however, ConnectU has not even attempted to make such a showing, nor has it even suggested how much additional time it believes would be appropriate or necessary to question Saverin fairly on forensic issues.

Saverin has offered thorough and apparently satisfactory responses to ConnectU's written forensic discovery, *see* Ex. 1 (declaration on forensic issues) and Ex. 2 (answers to forensic interrogatories), and will be prepared to answer appropriate follow up questions at his deposition. Given ConnectU's heavy-handed discovery conduct throughout this case, granting this request would only give ConnectU a blank check to depose Saverin on forensic issues "off the clock" and embolden it to extend its current fishing expedition to merits issues, knowing that it will have an additional seven hours to depose him on those same issues later.

In short, ConnectU has shown no basis to depart from the "better practice" of conducting Saverin's deposition as to all issues in conformance with the Federal Rules, and seeing where that leads. If after seven hours on one day ConnectU does not believe it has had a fair opportunity to depose Saverin, counsel for Saverin will engage in the discussion process contemplated by *Malec*. *See* 208 F.R.D. at 24. Any court intervention, however, should be deferred until such time as ConnectU elects to depose Saverin on all issues, to see whether any additional time or court intervention is necessary or appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Saverin respectfully requests that the Court deny ConnectU's requests (1) that it be allowed to take Saverin's deposition on forensic issues in advance of its deposition of him on substantive issues, and (2) that it not be required to count the time it deposes Saverin on forensic issues against the seven hour deposition limit.

Respectfully submitted,

/s/ Daniel K. Hampton

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Robert B. Hawk (*pro hac vice*)
Bhanu K. Sadasivan (*pro hac vice*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:  (650) 324-7197

DATED: March 29, 2006                     Attorneys for Defendant Eduardo Saverin

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2006, via first class mail.

/s/ Daniel K. Hampton
Daniel K. Hampton

# 3672825_v3