UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                       Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>                       Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                       Counterdefendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |

**DEFENDANT EDUARDO SAVERIN'S RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FOURTH SET OF INTERROGATORIES (NOS. 25 - 26)**

Defendant Eduardo Saverin ("Saverin") responds to the Fourth Set of

Interrogatories of Plaintiff and Counterclaimant Defendant ConnectU LLC and additional

Counterclaim Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively "Plaintiff") as follows:

The responses contained herein are based only on such information as is presently available to and specifically known to Defendant Saverin. The following responses are given without prejudice to Defendant Saverin's right to produce evidence of any subsequently discovered fact or facts that Defendant Saverin may later develop. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known.

Defendant Saverin objects to Definition 2, which purports to define "you" and "your," as vague and ambiguous such that Defendant Saverin is required to speculate on the scope of the interrogatories in the context of this action. Defendant Saverin nonetheless responds to such interrogatories, giving it a reasonable interpretation that "you" means "Eduardo Saverin" and "your" means "Eduardo Saverin's" provided, however, that Defendant Saverin shall not be deemed bound by any inconsistent interpretation applied by Plaintiff. Further, Defendant Saverin's determination or failure to determine that information may or may not be responsive to a specific interrogatory shall not be deemed in any manner an admission by Defendant Saverin, and Defendant Saverin shall not be deemed bound by any inconsistent interpretation applied by Plaintiff.

## **INTERROGATORY NO. 25**

Describe in detail your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to locate, retrieve, recover, and/or image any Content (including without limitation any deleted or corrupted Content) present, stored, or residing on, or deleted from, any and

2

all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), and state the basis for your assertion that such efforts were performed, including but not limited to identifying each Computer and place you searched; how and why such Computer(s) or place(s) were selected for review or search; the details of your search methodology; the measures you took to preserve, find, recover, retrieve, and/or image any lost, deleted, or corrupted Content; the measures you took to determine if, when, and how any such Content was lost, deleted, or corrupted, and by whom; the identity of the person who conducted each search or analysis or performed such measures; the date and time each search or analysis was conducted or such measures were performed; the results of each search, analysis, or such measures; the development and revision of history of any Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s) at any time; and the development and revision history of Mr. Zuckerberg's alleged contributions to any Content.

## RESPONSE TO INTERROGATORY NO. 25

Defendant Saverin objects to this interrogatory as compound, and as argumentative and overbroad, in seeking, *inter alia*, a detailed description of all the efforts taken by Defendant Saverin to locate, retrieve, recover, and image the relevant source codes from each of his computers, when Mr. Saverin has previously declared that he has not possessed any relevant source code. Defendant Saverin additionally objects that this interrogatory is inappropriately and unreasonably directed to Defendant Saverin in seeking information regarding the development and revision history of Mr. Zuckerberg's contributions to any Content; the proper party, if any, is Mr. Zuckerberg and/or Thefacebook, Inc. and Plaintiff has, in fact, directed this interrogatory to Thefacebook, Inc.

Without waiving the general objection set forth above and subject to the specific objections stated herein, Defendant Saverin responds as follows: Defendant Saverin never possessed on any computer hard drive or memory device belonging to him, any source code for Harvard Connection, Thefacebook, Coursematch, or Facemash, or database definitions or a copy of Mr. Zuckerberg's facemash online journal. Defendant Saverin confirmed his lack of possession of source code during his search for other documents responsive to requests for production by Plaintiff, during which search he failed to locate any source code for Harvard Connection, Thefacebook, Coursematch, or Facemash, or database definitions or a copy of Mr. Zuckerberg's facemash online journal. Because Defendant Saverin never possessed any Content on any of his computers, he has not attempted to retrieve, recover, or image the same.

**INTERROGATORY NO. 26**

Describe in detail your efforts from

(a) October 2003 through November 17, 2005, and

(b) November 18, 2005 to the date of your response

to forensically examine any and all Computers in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s), to attempt to locate, retrieve, recover, and/or image any Content (including without limitation any deleted or corrupted Content), and state the basis for your assertion that such efforts were performed, including but not limited to identifying each Computer you examined; how and why such Computer(s) were selected for examination; the details of your examination methodology; the measures you took to preserve, find, retrieve, recover, and/or image any lost, deleted, or corrupted Content; the measures you took to determine if, when, and how any such Content was lost, deleted, or corrupted, and by

whom; the identity of the person who conducted each examination or performed such measures; the date and time each search or examination was conducted or such measures were performed; the results of each search, examination, or such measures; the development and revision history of any Content in your possession, custody, or control, or in the possession, custody, or control of your website hosting service provider(s) at any time; and the development and revision history of Mr. Zuckerberg's alleged contributions to any Content.

### RESPONSE TO INTERROGATORY NO. 26

Defendant Saverin objects that this interrogatory is compound, and argumentative and overbroad, in seeking, *inter alia*, a detailed description of all the efforts taken by Defendant Saverin to forensically examine all the computers in his possession for any and all relevant source codes, when Mr. Saverin has previously declared that he has not possessed any relevant source code. Defendant Saverin also objects that this interrogatory is inappropriately and unreasonably directed to Defendant Saverin in seeking information regarding the development and revision history of Mr. Zuckerberg's contributions to any Content; the proper party, if any, is Mr. Zuckerberg and/or Thefacebook, Inc. and Plaintiff has, in fact, directed this interrogatory to Thefacebook, Inc.

Without waiving the general objection set forth above and subject to the specific objections stated herein, Defendant Saverin responds as follows: Defendant Saverin never possessed on any computer hard drive or memory device belonging to him, any source code for Harvard Connection, Thefacebook, Coursematch, or Facemash, or database definitions, or a copy of Mr. Zuckerberg's facemash online journal. Defendant Saverin confirmed his lack of possession of source code during his search for other documents responsive to requests for production by Plaintiff, during which search he failed to locate any source code for Harvard Connection, Thefacebook, Coursematch, or

Facemash, or database definitions or a copy of Mr. Zuckerberg's facemash online journal. Because Defendant Saverin never possession any Content on any of his computers, he has not attempted to retrieve, recover, or image the same.

DATED: February 6, 2006           EDUARDO SAVERIN

AS TO OBJECTIONS

By his attorneys,

_____
Bhanu K. Sadasivan (*pro hac vice*)
Robert B. Hawk (*pro hac vice*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7197

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.Hampton@hklaw.com
gordon.katz@hklaw.com

## Verification

I, Eduardo Saverin, declare and state:

I have read DEFENDANT EDUARDO SAVERIN'S RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FOURTH SET OF INTERROGATORIES (NOS. 25-26), served herewith, and to the best of my present knowledge and belief, based in whole or in part upon information provided to me by others, this response is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 6, 2006 in Cambridge, Massachusetts.

_Eduardo Saverin_

Eduardo Saverin