**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>      Defendants.<br><br>MARK ZUCKERBERG and FACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>  and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>  Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |

## **PLAINTIFF CONNECTU LLC'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

### I. INTRODUCTION

Plaintiff ConnectU LLC ("ConnectU") hereby moves under Federal Rules of Civil Procedure 15 and 16 for leave to amend the First Amended Complaint. The amendments proposed by ConnectU are minor and do not alter the substantive allegations made in the Complaint, add new causes of action, or affect Defendants'

defenses. ConnectU attaches hereto as Ex. A the redline version of the proposed Second Amended Complaint for the Court's reference, and well as a clean version for filing with the Clerk (Ex. B) if this motion is granted. This Motion does not seek to extend the dates set by the Scheduling Order or to alter the discovery or trial schedule or the stipulations of the parties.[1] Moreover, the Motion is made before the deadline agreed to by the parties in their Joint Statement Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1 (Docket No. 22, ¶ 5.b).[2]

Pursuant to Fed. R. Civ. P. 15 and Local Rule 7.1(A)(2), Plaintiff's counsel repeatedly asked Defendants' counsel, before and after the March 3 hearing, to consent to the filing of a Second Amended Complaint containing these amendments. Facebook Defendants' counsel refused (*see* Ex. C) and Defendant Saverin's counsel did not consent but indicated that Saverin would not file an independent opposition. *See* Ex. D. Plaintiff had hoped that after raising this Motion at the March 3 hearing (to which Defendants did not object, *see* Docket No. 152, March 3, 2006 Hearing Transcript Volume 2, p. 178-182), Defendants would later consent to these simple housekeeping amendments. But they stuck to their guns, as usual, thereby forcing this Motion for what are in essence ministerial changes to the First Amended Complaint. There is simply no good reason for Defendants to oppose these amendments.

---

[1] As the Court is aware, the initial Scheduling Order in the case was vacated by the Court on November 18, 2005 and a new Scheduling Order will be entered upon the resolution of the parties' pending motions.

[2] The Motion is made after the Fed. R. Civ. P. 16(b)(1) deadline set by Judge Woodlock (Docket No. 23).

## II. LEGAL STANDARD

Federal Rules of Civil Procedure 15 and 16 govern the amendment of the Complaint. Rule 15(b) allows amendments to the pleadings necessary to conform the pleadings to the evidence. Fed. R. Civ. P. 15(b). Some circuits preclude the filing of Fed. R. Civ. P. 15(b) motions prior to trial. The Rule itself is not so limited on its face, and Plaintiff can find no First Circuit authority on the issue. *See* Steven Baicker-McKee et al., *Federal Civil Rules Handbook*, p. 433, West (2006) ("Motions to amend under Rule 15(b) may theoretically be made at any time."). Plaintiff is litigating this case based on facts, legal theories, and claims reflected by the amendments and the First Amendment Complaint. Rather than moving to amend under Rule 15(b) at or after trial, Plaintiff wishes to do so now so that Defendants do not later claim surprise.

Rule 16 allows for modification of the Complaint upon a showing of good cause. Fed. R. Civ. P. 16(b); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152 (1st Cir. 2004); *see also El-Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 34 (D. Me. 2001).

## III. DISCUSSION

### A. The Amendments Have No Effect on Discovery and Do Not Enlarge the Claims Plaintiff Has Been Litigating

ConnectU seeks to make the following four amendments to the Complaint:[3]

1. Paragraph 5: Allege that Mark Zuckerberg is a resident and citizen of California;

2. Fifth Claim for Relief and Paragraph E of the Prayer for Relief: Add § 11 of M.G.L. ch. 93A as an additional basis for Defendants' violation of M.G.L. ch. 93A § 2;

---

[3] ConnectU has also changed Defendant Facebook, Inc.'s name (from TheFacebook, Inc.) pursuant to Docket No. 103 and updated ConnectU's counsels' address in the signature block.

3

      3.      Second Claim for Relief: Add M.G.L. ch. 93 § 42 to the caption for ConnectU's trade secrets claim; and

      4.      Prayer for Relief, Paragraph G: Revise to read "Other relief as the Court may deem appropriate, including increased damages and constructive trust available under applicable law."[4]

None of these amendments requires additional discovery or enlarges the substantive allegations or claims of the case, or affects Defendants' defenses. The amendments will not affect how this case is litigated, or for how long. Indeed, Facebook Defendants' counsel implicitly acknowledged this during the meet and confer process, when he chose not to object on such basis. *See* Ex. C. Rather, Mr. Cooper only inquired about the timing of the amendments and the effect of the amendment regarding Mr. Zuckerberg's domicile on Defendants' pending Motion to Dismiss (fully briefed at Docket Nos. 100, 107, 110, 111, and 117). *Id.*

    **B.**    **Mr. Zuckerberg is Now a Resident/Citizen of California**

In its First Amended Complaint, ConnectU alleged on information and belief that Mr. Zuckerberg was a resident of New York (Docket No. 13, ¶ 5). In their Answer, Defendants denied this allegation (Docket No. 14, ¶ 5). In their response to Plaintiff's Document Request No. 140, Defendants stated that Mr. Zuckerberg is a resident of California. *See* Response to Plaintiff's Document Request No. 140, attached hereto as Ex. E. ConnectU would simply like to amend the pleadings to conform to the evidence, as allowed by Fed. R. Civ. P. 15(b).

---

[4] The mention of a constructive trust was not part of the meet and confer process, but Plaintiff wishes to add it as an example of "other relief as the Court may deem appropriate."

During the meet and confer efforts, Defendants' counsel refused to assent to this amendment, stating that he believes it to be an attempt to circumvent arguments in Defendants' Motion to Dismiss.  *See* Ex. C.  Simply summarized, Defendants base their Motion to Dismiss on the argument that only ConnectU's founders, in their individual capacities, had standing to bring this action at the time it was filed, and that to the extent one of ConnectU's founders lived in New York at that time and had been named as a party Plaintiff (which was not the case), the Court would not have had jurisdiction over the litigation because Mr. Zuckerberg allegedly was a citizen (but not a resident) of New York and a resident (but not a citizen) of California at the time suit was filed.  *See* Docket No. 111, p. 3.  Defendants further argue that this alleged defect cannot be cured.  See Docket No. 111, p. 4.  Defendants nonetheless argue that this Motion is an attempt to undermine their Motion to Dismiss.  *See* Ex. C.

Defendants arguments are illogical.  Regardless of any allegations made in a second amended Complaint, the Court can deal with Defendants' Motion to Dismiss based upon whatever facts it finds to have been true at the relevant time.  In other words, Mr. Zuckerberg either was or was not a citizen of New York when the Complaint was filed and ConnectU's founders were not (and have never been) named as Plaintiffs.[5]

---

[5] As Plaintiff detailed in its Sur-Reply in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (Docket No. 117), Defendants' distinction between citizenship and residency is disingenuous and Mr. Zuckerberg has been a California resident/citizen since the time the Complaint was filed.  ConnectU inadvertently relied on outdated information when preparing the First Amended Complaint and alleged that Mr. Zuckerberg had a place of residence in New York.

### C. The Addition of M.G.L. ch. 93A § 11 Is Appropriate

Massachusetts General Law ch. 93A Section 2 provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Ch. 93A also contains two jurisdictional provisions: Section 9, giving courts jurisdiction over disputes between an individual and a business, and Section 11, giving courts jurisdiction over disputes between businesses. M.G.L. ch. 93A § 1 *et seq.* When ConnectU filed its Amended Complaint, it alleged a violation of Section 2 and alleged compliance with the jurisdictional requirements of Section 9. Docket No. 13. Section 11 has no separate jurisdictional prerequisites. Plaintiff wishes to amend the Complaint to allege that this Court also has jurisdiction under M.G.L. ch. 93A § 11.

Allowing ConnectU to allege a Section 2 claim under Section 11 will not prejudice Facebook, Inc. in any way. In light of the allegations made by Plaintiff's counsel in their § 9 letters to the individual Defendants (see Docket No. 13, Ex. B), Facebook was clearly on notice of the substance of Plaintiff's ch. 93A claim, regardless of the Court's jurisdictional basis. Moreover, Defendants asserted a counterclaim under Section 11 in their Answer (see Docket No. 14, ¶ ¶ 46-48), establishing that they are aware of that section. The fact that Section 11 involves an arguably more stringent standard of liability than Section 9 further mitigates any potential prejudice to Defendants. M.G.L. ch. 93A § 11.

### D. M.G.L. ch. 93 § 42 Is the Civil Counterpart of M.G.L. Ch. 266 § 30(4)

M.G.L. Ch. 266 § 30(4), though a criminal statute, contains the definition of "trade secret" applied in Massachusetts. M.G.L. ch. 93 § 42 is its civil counterpart. While the

6

sections contain different damages provisions, the basis for liability is the same in each. Adding a reference to the Complaint's trade secret claim caption does not change the substance of the claim or its supporting allegations. Such an amendment would thus have no prejudicial effect on Defendants. They were on notice of Plaintiff's trade secret claim at least as of the filing of the original Complaint. Indeed, Defendants' counsel never addressed Plaintiff's request to amend to add a reference to M.G.L. ch. 93 § 42. *See* Ex. C. ConnectU's requested amendment to the prayer for relief reflects the damages provision of Section 42.

### E.     The Motion to Amend is Timely

Defendants' primary justification for refusing to consent to ConnectU's request to amend the Complaint rested on the fact that the amendment would be made after the deadline set by the Scheduling Order (Docket No. 23). Under Rule 15(b), amendments to conform the pleadings to the evidence "may be made upon motion of any party at any time, even after judgment. . . ." Fed. R. Civ. P. 15(b).

Although the Scheduling Order is an important part of the Court's case management, it should not preclude legitimate amendments where there would be no prejudice to the opposing party. *El-Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 34 (D. Me. 2001). Indeed, during the March 3, 2006 hearing, this Court commented that, in its view, this litigation has not progressed very far. Docket No. 152, March 3, 2006 Hearing Transcript Volume 2, p. 169. The parties' Fed. R. Civ. P. 26(f) report confirms that not even the Defendants believe that it is too late in the case to amend, as they agreed that the Fed R. Civ. P. 16 deadline to amend the pleadings and/or to add parties would be 60 days before the close of fact discovery. (Docket No. 22, ¶ 5.b).

Moreover, the deadline set by Judge Woodlock (April 28, 2005) came before *any* discovery in the case had been exchanged, as the parties did not exchange discovery until May 31, 2005.  As noted by Magistrate Judge Wayne Brazil of the U.S. District Court for the Northern District of California, in his chapter on federal practice, "during the process of developing the case, through investigation, disclosures, and discovery the litigants sometimes identify additional parties, claims, or defenses that should be added to the case, even well into the pretrial period . . . ."  3 *Moore's Federal Practice*, § 16.13[1][a], Matthew Bender (3d ed. 2005).  Because these amendments come well before the end of fact discovery, this Motion is timely.

In response to Defendants expected question, certain to be made with righteous indignation, "why didn't they file it sooner?" the answer is simple.  In the relative recent calm of this case, as compared to the motion-filled fall and winter of 2005-2006, Plaintiff contemplated wrapping up discovery within four short months after the Court rules on the pending motions.  Plaintiff viewed now as the time to make any housekeeping amendments.  In addition, as detailed above, Plaintiff wishes to avoid the need to file a Rule 15(b) motion at or after trial, and the shouts of "surprise" and "prejudice" such a motion would likely evoke from Defendants.

### IV.    CONCLUSION

For the reasons detailed above, ConnectU respectfully requests that its Motion to Amend be GRANTED, and that the Court enter the accompanying Second Amended Complaint.

CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that counsel for the parties have conferred regarding the issues presented by this motion and that Defendants' counsel do not consent to this motion.

| | |
|---|---|
| DATED:  March 30, 2006 | /s/ Jonathan M. Gelchinsky<br>Lawrence R. Robins (BBO# 632610)<br>Jonathan M. Gelchinsky (BBO# 656282)<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>55 Cambridge Parkway<br>Cambridge, MA  02142<br>Telephone:  (617) 452-1600<br>Facsimile:   (617) 452-1666<br>larry.robins@finnegan.com<br>jon.gelchinsky@finnegan.com<br><br>John F. Hornick (*pro hac vice*)<br>Margaret A. Esquenet (*pro hac vice*)<br>Troy E. Grabow (*pro hac vice*)<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue N.W.<br>Washington, DC  20001<br>Telephone:  (202) 408-4000<br>Facsimile:   (202) 408-4400<br><br>Attorneys for Plaintiff and Counterclaim Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 30, 2006.