# United States District Court
# District of Massachusetts

CONNECTU LLC.,
    Plaintiff,

V.                                         CIVIL ACTION NO. 2004-11923-DPW

MARK ZUCKERBERG,
EDUARDO SAVERIN,
DUSTIN MOSKOVITZ,
ANDREW MCCOLLUM,
CHRISTOPHER HUGHES,
THEFACEBOOK, INC.,
    Defendants.

---

MARK ZUCKERBERG,
THEFACEBOOK, INC.,
    Plaintiff-in-Counterclaim,

V.

CONNECTU LLC.,
    Defendant-in-Counterclaim,
CAMERON WINKLEVOSS,
TYLER WINKLEVOSS,
DIVYA NARENDA,
    Additional Defendants-in-Counterclaim.

# ORDER ON PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORY NOS. 6, 9-14, 16 AND 18 (#52)

COLLINGS, U.S.M.J.

After hearing, the Court takes the following action on Plaintiff's Motion to Compel Answers to Interrogatories Nos. 6, 9-14, 16 & 18:

<u>Interrogatory #6</u> - The objections are OVERRULED. The motion to compel is DENIED.  Other than stating that defendants will testify from personal knowledge that the representations are indeed false, it is difficult to see what else in the way of "facts" the defendants can state in answer to this interrogatory.  In the Court's view, the matter is best left to deposition practice, and, in the exercise of discretion, the Court shall not require a further answer to this interrogatory.

<u>Interrogatory #9</u> - The objections are SUSTAINED in part and otherwise OVERRULED.  The Court sees no need for disclosure of the identity of investors and those who loaned money (other than the individual defendants) as opposed to the amount of the investment or loan; similarly, the Court sees no need for disclosure of potential investors.  The motion to compel is ALLOWED to the extent that the defendants shall identify the investors by name (if they are defendants) and by code (such as "A", "B", etc.)[1] if they are not defendants

---

[1] To the extent that the non-defendant investors have been previously identified by the defendants in discovery, they shall be identified by name rather than by code.

together with the date and amount or value of the investment each made. The motion to compel is ALLOWED to the extent that the defendants shall identify persons loaning money to the defendant corporation by name (if they are defendants) and by code (such as "A", "B", etc.) if they are not defendants together with the date and amount or value of the loan each made and the terms of the loan.[2] The motion to compel is DENIED as to the listing of any "perks" the defendants received in the form of tickets to concerts, entertainment events, sports events, meals, parties and vehicles; that subject may be covered at deposition. The motion to compel is DENIED as to the requested information about meetings with investors.

Interrogatory #10 - The objections are SUSTAINED in part and otherwise OVERRULED. The motion to compel is ALLOWED to the extent that the defendants (1) shall identify any person with any type of ownership interest in thefacebook, Inc. and thefacebook.com on a yearly basis from August, 2003 through December 31, 2005, and (2) shall identify all officers and directors on a yearly basis for the same time period. The motion to compel is otherwise DENIED. The defendants need not identify all employees or all independent

---

[2] To the extent that the non-defendant lenders have been previously identified by the defendants in discovery, they shall be identified by name rather than by code.

contractors; inquiry can be made at depositions with respect to those employees and independent contracts whose assignments were or are particularly relevant to issues in this litigation.

Interrogatory #11 - The objections are OVERRRULED. The motion to compel is ALLOWED. The defendants shall give a complete answer to this interrogatory without reference to thefacebook.com web page.

Interrogatories ## 12, 13 & 14 - The objections are SUSTAINED to the extent that the defendants can answer (if they choose) on a monthy or per month basis rather than on a daily or per day basis; the objections are otherwise OVERRULED. Subject to the preceding qualification, the motion to compel is ALLOWED. The defendants shall provide full and complete answers to these interrogatories.

Interrogatory #16 - The Court is unsure of what the term "monetary value" means in this context and is unfamiliar with any use of such a term in business valuation practice. Accordingly, the objection contained in the third sentence of the response is SUSTAINED. The objections contained in the first two sentences are OVERRULED. The motion to compel this interrogatory is DENIED without prejudice. The plaintiffs may seek financial documents to determine the present value of thefacebook, Inc. and thefacebook.com website.

<u>Interrogatory #18</u> - The objections are OVERRULED.  The motion to compel is ALLOWED.  The defendants shall state separately as to each of the 21 asserted affirmative defenses the *facts* presently known by the defendants upon which the affirmative defense was asserted.  Answering this interrogatory shall not preclude the defendants from asserting additional facts in support of the affirmative defenses which become known subsequently as discovery continues.

To the extent herein specified, it is ORDERED that Plaintiff's Motion to Compel Answers to Interrogatory Nos. 6, 9-14, 16 and 18 be, and the same hereby is, ALLOWED.  Pursuant to Rule 37(a)(2), Fed. R. Civ. P., the defendants are ORDERED to serve additional answers *on or before the close of business on May 1, 2006.*

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

March 31, 2006.