IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>           Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>           Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>           Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>           Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>           Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' OPPOSITION TO CONNECTU LLC'S
UNTIMELY MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.    BRIEF BACKGROUND ........................................................................- 1 -

    A.    Procedural History ...................................................................- 1 -

        1.    The Original and Amended Complaint................................- 1 -

        2.    The Court's Scheduling Order and Its Deadline for Amendments to the Pleadings ............................................- 2 -

        3.    Facebook Defendants' Filing of the Motion to Dismiss and the Vacating of Discovery Deadlines ...........................- 2 -

    B.    ConnectU's Proposed Amendments.................................................- 3 -

II.    CONNECTU'S MOTION IS UNTIMELY UNDER THE SCHEDULING ORDER AND LACKS "GOOD CAUSE." ...............................................- 4 -

    A.    The "Good Cause" Standard of Both Rule 16 and the Scheduling Order Requires Diligence......................................................................- 4 -

    B.    ConnectU Has Not Explained Its Lack of Diligence .........................- 4 -

III.    CONNECTU'S PROPOSED AMENDMENT IS IMPROPER UNDER RULE 15(B) .......................................................................................- 6 -

IV.    THE PROPOSED AMENDMENTS ARE SUBSTANTIAL AND PREJUDICIAL TO FACEBOOK DEFENDANTS ............................................................- 7 -

    A.    The Proposed Amendments Regarding Zuckerberg's Citizenship Would Prejudice Facebook Defendants by Collaterally Challenging the Arguments Set Forth in the Pending Motion to Dismiss ...................- 8 -

        1.    The New Claim For Trade Secret Misappropriation Under M.G.L. ch. 93, § 42 Is Prejudicial.................................................- 10 -

        2.    The Proposed Amendment Adding M.G.L. ch. 93A, §11 Would Create Standing For ConnectU, Prejudicing Facebook Defendants Without Good Cause..........................................................- 11 -

-i-

**TABLE OF CONTENTS**
(continued)

**Page**

V.    CONCLUSION...........................................................................................- 12 -

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Alicea-Rivera* v. *SIMED*,
  12 F. Supp. 2d 243 (D. P.R. 1998).......................................................................9

*DCPB, Inc.* v. *City of Lebanon*,
  957 F.2d 913 (1st Cir. 1992).............................................................................8

*Gold* v. *Local 7 United Food & Commerce Workers Union*,
  159 F.3d 1307 (10th Cir. 1998) ........................................................................6

*Invest Almaz* v. *Temple-Inland Forest Prods. Corp.*,
  243 F.3d 57 (1st Cir. 2001)...........................................................................6, 8

*Kenda Corp.* v. *Pot O'Gold Money Leagues, Inc.*,
  329 F.3d 216 (1st Cir. 2003)............................................................................12

*Lundquist* v. *Precision Valley Aviation, Inc.*,
  946 F.2d 8 (1st Cir. 1991)...............................................................................9

*O'Connell* v. *Hyatt Hotels of Puerto Rico*,
  357 F.3d 152 (1st Cir. 2004)................................................................4, 5, 6, 8

*Papadopoulos* v. *Hartford Life Ins., Co.*,
  379 F. Supp. 2d 117 (D. Mass. 2005) ...............................................................10

*Pramco, LLC ex. rel.  CFSC Consortium, LLC* v. *San Juan Bay Marina, Inc.*,
  435 F.3d 51 (1st Cir. 2006)...........................................................................8, 9

*Riofrio Anda* v. *Ralston Purina Co.*,
  959 F.2d 1149 (1st Cir. 1992)...........................................................................6

*Rodriquez* v. *Doral Mortgage Corp.*,
  57 F.3d 1168 (1st Cir. 1995).............................................................................8

*Steir* v. *Girl Scouts of the USA*,
  383 F.3d 7 (1st Cir. 2004)..............................................................................11

*Valentin* v. *Hospital Bella Vista*,
  254 F.3d 358 (1st Cir. 2001)............................................................................9

## STATE CASES

## TABLE OF AUTHORITIES
(continued)

**Page**

*Bailey v. New York City Transit Auth.*,
No. 92 CIV 2674 (PKL), 1994 WL. 376046 (S.D.N.Y. 1994)...................................................6

*E. David Gable & Assocs. v. Dean Witter Reynolds, Inc.*,
Case No. 97-1499, 1998 WL. 808367  166 F.3d 332 (table, unpublished) ..............................6

*Kansallis Finance Ltd. v. Fern*,
421 Mass. 659 (Mass. 1996) .................................................................................................11

*Mayes v. Local 106, Int'l Union of Operating Eng'rs*,
Case No. 86-CV-41, 1992 WL. 335964 (N.D. N.Y. Nov. 12, 1992) .......................................7

*Med. Ctr. of Central Georgia, Inc. v. Denon Digital Employee Benefits Plan*,
Case No. 5:03CV32 (DF), 2005 WL. 1073624 (M.D. Ga. May 4, 2005) ................................6

*Tout v. County of Erie*,
Case No. 95-CV-66H, 1998 WL. 683770 (W.D. N.Y. Sept. 9, 1998) .....................................7

*USM Corp. v. Marson Fastner Corp.*,
392 Mass. 334 (1984) ..........................................................................................................10

## MISCELLANEOUS

*Steven Baicker-McKee et al., Federal Civil Rules Handbook*, p. 433 ............................................7

**INTRODUCTION**

Defendants Mark Zuckerberg ("Zuckerberg"), Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Facebook, Inc. ("Facebook") (collectively, the "Facebook Defendants")[1] hereby oppose Plaintiff ConnectU, LLC's Motion for Leave to Amend the Complaint.

First, ConnectU's motion for leave to amend its complaint is untimely under the Court's Scheduling Order, and courts universally preclude relief pursuant to Federal Rule 15(b) prior to trial. Indeed, ConnectU concedes both of these facts, which alone necessitate denying the motion.

Additionally, ConnectU's proposed amendments would be highly prejudicial to the Facebook Defendants, since they (1) alter substantive allegations in the existing complaint, including allegations related to the pending motion to dismiss for lack of subject matter jurisdiction; (2) identify new causes of action that require further discovery; (3) seek to improperly create standing for ConnectU; (4) add Facebook under a claim for relief under M.G.L. ch. 93A; and (5) seek new relief, namely in the form of a constructive trust. ConnectU's proposed amendments are not permissible as a matter of law under any of the applicable Federal or Local Rules, and therefore should be denied.

I.    **BRIEF BACKGROUND**

    A.    **Procedural History**

        1.    **The Original and Amended Complaint**

ConnectU filed its original complaint in this action 1-1/2 years ago on September 2, 2004 (Docket No. 1), asserting claims for misappropriation of trade secrets under M.G.L. ch. 266, §

---

[1]  Defendant Eduardo Saverin is represented by separate counsel in this matter. The term "Defendants," as used herein, refers to all Defendants, including Mr. Saverin. The "Facebook

30(4), breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, intentional interference with prospective contractual and advantageous business relations, and fraud. ConnectU thereafter filed an amended complaint on October 28, 2004 (Docket No. 13) that added claims for copyright and unfair competition under M.G.L. ch. 93A, § 9. The original complaint premised subject matter jurisdiction on diversity of citizenship, whereas the first amended complaint retracted that allegation and instead asserted that the copyright claim gave rise to federal question jurisdiction.

### 2. The Court's Scheduling Order and Its Deadline for Amendments to the Pleadings

Five months after ConnectU filed its first amended complaint, on March 29, 2005, this Court entered a Scheduling Order, in which the Court required that all parties in this case file any "amendments and/or supplements to the pleadings ... by **APRIL 28, 2005**." Scheduling Order at ¶ 1 (Docket No. 23; emphasis in original). *See* Affidavit of Robert D. Nagel, Exhibit A ("Nagel Aff., Ex. A"). The Court also set a deadline of December 15, 2005 for the parties to complete discovery. *Id.* at ¶3. Changes to the Scheduling Order require a showing of good cause supported by evidence. *Id.* at 2 (final paragraph).

The April 28, 2005 deadline set forth in the Scheduling Order superseded one which had been suggested by the parties in their earlier Rule 26(f) Report to the Court, which would have permitted amendments as late as 60 days before the end of discovery. (Docket No. 22). Neither ConnectU nor the Facebook Defendants requested the Court to alter its April 28, 2005 deadline for amendments, despite that earlier suggestion.

### 3. Facebook Defendants' Filing of the Motion to Dismiss and the Vacating of Discovery Deadlines

On October 14, 2005, the Facebook Defendants moved to dismiss the action on the basis

---

Defendants" may be used herein to refer to all Defendants *except* Mr. Saverin.

that no diversity of citizenship existed at the time ConnectU filed its original complaint, since both ConnectU and Facebook were Delaware entities. (Docket No. 94). Facebook Defendants also separately sought to dismiss under Federal Rule of Civil Procedure 17(a) all of the state law claims, including the claims for misappropriation of trade secrets and unfair competition, because ConnectU is not the real party in interest with respect to those claims. That motion remains pending. The parties have filed moving papers, oppositions, replies, and sur-replies. One of the central issues is the residency of Zuckerberg at the time the complaint was filed. ConnectU alleged Zuckerberg was a New York citizen but now wants to retract that statement.

On November 18, 2005, this Court vacated the discovery deadlines set forth in the earlier Scheduling Order in order to address both the motion to dismiss and several discovery motions that had been filed by the parties. As a result, no trial date has been set in the action. Despite generally stating to counsel in August of last year that it wanted to amend the pleadings, at no time prior to the present motion did ConnectU ever request to the Court that the expired deadlines for amendments be reconsidered.

## B.     ConnectU's Proposed Amendments

ConnectU now seeks relief under Federal Rules of Civil Procedure 15(b) and 16 and <u>not</u> pursuant to Rule 15(a). Instead, claiming that it merely wishes to conform the pleadings to the "evidence," ConnectU moves to amend pursuant to Rule 15(b) and 16. ConnectU seeks to supplement the existing first amended complaint by: (1) adding allegations that Zuckerberg is a citizen of California (presumably to challenge the earlier assertions concerning lack of diversity); (2) asserting new remedies pursuant M.G.L. ch. 93, §42 and 93A, § 11 to its Second and Fifth Claims for Relief (for misappropriation of trade secrets and unfair competition); and (3) inserting a new demand for a constructive trust as part of its overall prayer for relief.

Notwithstanding this attempt to fix problems it created in its earlier pleadings, ConnectU

has not met its burden to allow the requested amendments.

## II.    CONNECTU'S MOTION IS UNTIMELY UNDER THE SCHEDULING ORDER AND LACKS "GOOD CAUSE."

ConnectU's motion is improper because it is untimely under the March 29, 2005 Scheduling Order.  In that Order, the Court required all parties in this case to file any "amendments and/or supplements to the pleadings ... by **APRIL 28, 2005**."  Scheduling Order at ¶ 1  (Docket No. 23; emphasis in original).  Nagel Aff., Ex. A.  ConnectU offers no explanation why it failed to raise any of the amendments prior to that earlier deadline, even though both Rule 16 and the Scheduling Order require ConnectU to show "good cause" for the delay.  ConnectU has not shown good cause.

### A.    The "Good Cause" Standard of Both Rule 16 and the Scheduling Order Requires Diligence

Amendment of the pleadings is allowed only upon a showing of good cause.  *See* Rule 16; *see* Nagel Aff., Ex. A at 2 (final paragraph).  The First Circuit has specifically interpreted "good cause" as being focused upon "the diligence of the party seeking amendment," such that even a five-month delay in seeking amendment after the deadline set forth in a scheduling order can prevent relief.  *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155-56 (1st Cir. 2004).  Under this standard, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." *Id.* at 155.  ConnectU was not diligent in seeking to amend, and Facebook Defendants will be prejudiced in any event by supplementation of the first amended complaint at this late date.

### B.    ConnectU Has Not Explained Its Lack of Diligence

To explore ConnectU's diligence, Facebook Defendants repeatedly sought an explanation from ConnectU as why it had failed to raise the proposed amendments prior to the April 28, 2005 deadline set forth in the Scheduling Order.  *See* Nagel Aff., Exs. B-G.  Despite six separate

attempts to receive some explanation, ConnectU refused to provide an explanation. *See id.* Indeed, in one instance ConnectU even advised Facebook Defendants that any explanation for its lack of diligence was "not relevant," notwithstanding the "good cause" standard set forth in Rule 16, the Scheduling Order, and the case law. *See id.* Ex. F (John Hornick email response of March 10, 2006). ConnectU's motion continues to offer no explanation for its tardy attempt to amend. As a matter of law, ConnectU's failure to explain its delay precludes it from obtaining the relief it seeks.

ConnectU makes no attempt to justify its failure to seek a timely amendment in its motion. Instead, it arbitrarily proclaims "now as the time" to make these proposed amendments. *See* Motion at 8. ConnectU simply argues that Facebook Defendants will suffer no prejudice because it describes its motion as being a simple "housekeeping amendment." *See* Motion at 7-8. Contrary to what ConnectU argues, however, the First Circuit specifically has admonished parties that "'indifference' by the moving party 'seal[s] off this avenue of relief **irrespective of prejudice** because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell*, 357 F.3d at 155 (quoting *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998); emphasis added).[2]

ConnectU waited a **full year** after the deadline set in the Scheduling Order, **one-and-one-half years** after filing its original complaint, nine months after it said it may seek amendment, and **six months** after Facebook Defendants moved to dismiss before seeking permission to

---

[2] ConnectU's alternative argument at pages 7-8 of its Motion to Amend that the parties contemplated late amendments when they agreed to permit amendments up to 60 days before the close of discovery in their Joint Rule 26(f) Statement also is irrelevant. That Statement was superseded when the Court later entered its Scheduling Order setting April 28, 2005 as the relevant deadline. Moreover, when the Court on November 18, 2005 vacated the previous discovery deadlines, the parties already were within 60 days of the close of discovery. Additionally, ConnectU did not seek to re-open the previously expired deadline for

amend. Such unexplained lack of diligence hardly meets the "good cause" standard of Rule 16, given the First Circuit's admonishments. *O'Connell*, 357 F.3d at 155-56; *cf. Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (affirming denial of motion to amend filed two months after expiration of scheduling order deadline because allowing amendment would be inconsistent with purposes of Rule 16(b) and "blatant disregard of the deadline").

## III.    CONNECTU'S PROPOSED AMENDMENT IS IMPROPER UNDER RULE 15(B)

ConnectU incorrectly claims its proposed amendment is permissible under Rule 15(b), which applies only where issues not raised by the pleadings are "**tried** by express or implied consent of the parties" or "if evidence is objected to **at the trial** on the ground that it is not within the issues made by the pleadings." Rule 15(b) (emphasis added); *see also Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 71 n.19 (1st Cir. 2001). Rule 15(b) cannot be used as a device to amend the pleadings at any time prior to trial. *See Gold v. Local 7 United Food & Commerce Workers Union*, 159 F.3d 1307, 1309 n.3 (10th Cir. 1998) ("Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial"); *Bailey v. New York City Transit Auth.*, No. 92 CIV 2674 (PKL), 1994 WL 376046, at *4 (S.D.N.Y. 1994) ("At this early stage in the instant litigation, the evidence and issues to be tried have not been presented, therefore, plaintiff's motion to amend pursuant to Rule 15(b) is premature"); *Med. Ctr. of Central Georgia, Inc. v. Denon Digital Employee Benefits Plan*, Case No. 5:03CV32 (DF), 2005 WL 1073624, *5 (M.D. Ga. May 4, 2005) (pre-trial motion under Rule 15(b) was premature and denied); *E. David Gable & Assocs. v. Dean Witter Reynolds, Inc.*, Case No. 97-1499, 1998 WL 808367 at *7 fn.1 (4th Cir. Nov. 23, 1998), 166 F.3d 332 (table, unpublished)[3] (affirmed district

---

supplementing the pleadings even when the Court offered to enter a new Scheduling Order.
[3] Unreported cases are attached for the Court's convenience as Nagel Aff., Ex. H.

court refusal to grant a pre-trial Rule 15(b) motion to amend); *Mayes v. Local 106, Int'l Union of Operating Eng'rs*, Case No. 86-CV-41, 1992 WL 335964 at *8 (N.D. N.Y. Nov. 12, 1992) (denied motion for leave to amend under Rule 15(b) filed before trial); *Tout v. County of Erie*, Case No. 95-CV-66H, 1998 WL 683770 at *7 (W.D. N.Y. Sept. 9, 1998) (denied motion to amend under Rule 15(b) as plaintiff "must wait until trial").

ConnectU concedes this prohibition on the use of Rule 15(b) to amend pleadings prior to trial is the general rule. However, ConnectU suggests the absence of First Circuit authority to the contrary requires that the Court ignore the language of Rule 15(b) and adopt a more liberal interpretation. *See* Motion at 3. In doing so, ConnectU ignores the overwhelming weight of authority and cites only a handbook that suggests motions to amend under Rule 15(b) "may *theoretically* be made at any time." Motion at *3* (quoting Steven Baicker-McKee *et al.*, *Federal Civil Rules Handbook*, p. 433, West (2006)) (emphasis added).

Even the handbook supports the Facebook Defendants' position. Specifically, ConnectU did not provide the entirety of the quote it relied on. The remaining passage from that treatise states as follows:

> The language of the Rule, however, speaks to matters raised at trial, suggesting that the Rule should not generally be used at early stages of litigation. [citations omitted] Instead, early in the litigation it is more appropriate to seek to amend a pleading under the authority of Rule 15(a). Generally speaking, motions to amend under Rule 15(b) are made at trial or in the immediate aftermath of a trial.

Steven Baicker-McKee et al., *Federal Civil Rules Handbook*, p. 433, West (2006) excerpt attached as Nagel Aff., Ex. I. Rule 15(b) has no applicability to an interlocutory effort to amend.

## IV.     THE PROPOSED AMENDMENTS ARE SUBSTANTIAL AND PREJUDICIAL TO FACEBOOK DEFENDANTS.

ConnectU's proposed changes also are impermissible because it would cause the

Facebook Defendants prejudice. The First Circuit has specifically concluded that "[o]ne limit on the operation of Rule 15(b) is that the opposing party not be prejudiced." *Rodriquez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1173 n.6 (1st Cir. 1995). *See also Invest Almaz*, 243 F.3d at 70-72 (affirmed denial of Rule 15(b) motion made after trial based on prejudice); *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 917 (1st Cir. 1992) ("It is axiomatic that amendments which unfairly prejudice a litigant should not be granted"; Rule 15(b) motion made after trial denied in part based on prejudice). Further, while not dispositive of the issue, prejudice also is relevant to determining whether good cause has been shown under Rule 16. *O'Connell*, 357 F.3d at 155.

ConnectU's proposed amendments are prejudicial to Facebook Defendants. They impose new obligations, which would require additional discovery and improperly attempt to circumvent fatal flaws in its earlier pleadings. As such, the amendment cannot as a matter of law be permitted at this late date.

A. **The Proposed Amendments Regarding Zuckerberg's Citizenship Would Prejudice Facebook Defendants by Collaterally Challenging the Arguments Set Forth in the Pending Motion to Dismiss.**

ConnectU's proposed amendments are prejudicial insofar as they seek to circumscribe Facebook Defendants' arguments set forth in their pending Motion to Dismiss. As noted, Facebook Defendants argue in that motion that this Court does not have subject matter jurisdiction because there was no diversity jurisdiction when ConnectU filed its original complaint, and that error is incurable by amendment under United States Supreme Court authority. Docket No. 94 at 9-12.

One reason that Facebook Defendants make such an argument is because in the original complaint, ConnectU alleged that Zuckerberg was at least a resident of New York (Complaint, ¶ 1; Docket No. 1). Under First Circuit authority, though, each member of an LLC like ConnectU must possess diversity of citizenship independent of the entity itself. *See Pramco, LLC ex. rel.*

*CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006)

(concluding that "the citizenship of a limited liability company is determined by the citizenship

of all of its members").[4]  Given that Divya Narendra, one of the founders of ConnectU, was

admittedly also a citizen of New York at the time ConnectU filed the complaint, the Complaint

reflected there was an absence of diversity jurisdiction.[5]

ConnectU seeks to change its factual allegation and state that Zuckerberg is a California

resident as opposed to a New York resident, to try to cure the error in its pleadings.

The amendment is more than a mere "housekeeping" action, and instead is a substantive

change in position which is intended to prevent Facebook Defendants from obtaining the relief

---

[4] ConnectU appears to be unfamiliar with this rule of diversity jurisdiction, inasmuch as it argues that it is somehow significant that none of the founders of ConnectU, including Divya Narendra, were "named as plaintiffs." *See* Motion at 5.  As *Pramco* specifically concludes, however, that fact is irrelevant for determining diversity jurisdiction, since the citizenship of each member of the LLC also has to be determined. *Pramco*, 435 F.3d at 54-55.

[5] ConnectU suggests that it is significant that Facebook Defendants denied paragraph 5 of the first amended complaint, which alleged in relevant part: "Mark Zuckerberg is an individual with a place of residence in … New York." *See* Motion at 4.  That this allegation was false on October 28, 2004 (amended complaint) means that it was false on September 2, 2004 (original complaint) – and that is the issue the amendment places into contention.  Moreover, having "a place of residence" in a state is not the test of citizenship for diversity. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991) ("The relevant standard is 'citizenship,' *i.e.*, 'domicile,' not mere residence.").  A person is "domiciled" where he "has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001).  Courts have "consistently recognized" that college students remain citizens of their home states, and not the state where they attend college. *Alicea-Rivera v. SIMED*, 12 F. Supp. 2d 243, 246 (D. P.R. 1998) (collecting cases).  ConnectU acknowledged this principle when it alleged that each of the individual Defendants had "a place of residence" in his home state, rather than in Massachusetts. Complaint at ¶¶5-9.  Facebook Defendants agree with what ConnectU obviously intended, but did not correctly plead: that Mark Zuckerberg was a citizen of New York as of September 2, 2004.  Indeed, the Answer clearly implies that Defendants believed that Mark Zuckerberg was a citizen of New York at that time.  Note that Defendants specifically denied the imputation of citizenship for each of the individual defendants except for Mark Zuckerberg. *Compare* Answer at 2 ("Defendants deny [that Zuckerberg has a place of residence in New York]") with, *e.g.*, Answer at 3 ("Defendants admit that Defendant Moskovitz has previously resided in the State of Florida, but deny that he is a citizen of that state").  Answer (Docket No. 14) at ¶¶ 5-9.

they currently seek. For this reason, the amendment is prejudicial. For similar reasons, Courts in

this District have prevented parties from amending pleadings once a motion for summary

judgment has been filed. *See Papadopoulos v. Hartford Life Ins.*, Co., 379 F. Supp. 2d 117, 130

(D. Mass. 2005) (plaintiff denied leave to amend where a summary judgment motion had been

filed; Court finds leave to amend is only allowed if plaintiff provides "substantial and

convincing evidence" supporting the amendment).

**B.      The Proposed Amendments Identify New Causes of Action Or Theories Of Relief That Require Further Discovery.**

ConnectU's amendments are separately prejudicial insofar as they permit new forms of

relief that change substantive theories of liability and necessitate additional discovery.

**1.      The New Claim For Trade Secret Misappropriation Under M.G.L. ch. 93, § 42 Is Prejudicial.**

ConnectU seeks to supplement its misappropriation of trade secrets claim by requesting

relief under M.G.L. ch. 93, § 42. By ConnectU's own admission, however, this statute permits

enhanced damages, something that M.G.L. ch., 266, § 30(4), the criminal statute upon which

ConnectU currently bases its claims for relief, does not. The fact new theories for damages

would be added to the complaint would necessitate discovery on how and why they are

permissible, which was not previously contemplated by the parties under the first amended

complaint. For instance, the discovery would need to inquire whether ConnectU contended that

damages for misappropriation was measured by loss of profit or by profit at ConnectU's expense.

*See USM Corp. v. Marson Fastner Corp.*, 392 Mass. 334, 340 (1984) (denying double recovery

under M.G.L. ch. 93, § 42 for tortious conversion of trade secrets where plaintiff's damages were

measured not by its loss of profits, but by defendant's profit at plaintiff's expense). Such a need

for additional discovery is one obvious basis to conclude the amendment is prejudicial.

Additionally, a new claim under M.G.L. ch. 93, § 42 arguably gives rise to relief under

M.G.L. ch. 93, § 42a, which governs injunctions. Yet, the addition of new arguments for damages coupled with previous claims for injunctive relief has been specifically found to be prejudicial by the First Circuit, so as to prevent an amendment. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). The same logic is applicable here, and as a matter of law, therefore, the amendment should not be permitted since it is prejudicial to Facebook Defendants.

> **2.    The Proposed Amendment Adding M.G.L. ch. 93A, §11 Would Create Standing For ConnectU, Prejudicing Facebook Defendants Without Good Cause.**

Allowing ConnectU's proposed amendment to add a new claim under M.G.L. ch. 93A, §11 also would substantially prejudice Facebook Defendants in that it would create a new argument for standing by the plaintiff. In particular, the existing separate claim under M.G.L. ch. 93A, § 9, brought by ConnectU in its first amended complaint only allows a consumer to sue for violations of § 2. *See* Mass. Jury Instructions, Civil, 16.3 (1999). However, a claim under §9 is mutually exclusive from those allowed to make a claim under § 11, since the former reads: "Any person, **other than a person entitled to bring action under section eleven** of this chapter...." ALM GL ch. 93A, § 9 (2005) (emphasis added). Indeed, Courts have recognized that the causes of action granted to a consumer under § 9 and to persons engaged in trade or commerce under § 11 are distinct. *Kansallis Finance Ltd. v. Fern*, 421 Mass. 659, 671 n.10 (Mass. 1996).

By contrast, § 11 allows "any person who engages in the conduct of any trade or commerce and who suffers any loss" to make a claim under this section. ALM GL ch. 93A, §11 (2005). While it is not clear whether ConnectU truly "engages in trade or commerce," it appears to be attempting to assert a form of standing that it cannot as a consumer under § 9. The facts surround its status as consumer versus a party with independent non-consumer standing under §11 obviously would require additional discovery and investigation. That is precisely the form

of surprise that the Courts deem prejudicial so as to preclude amendment.

### C.    Adding Facebook To Its Claim Under M.G.L. Ch. 93 Prejudices Facebook.

Although not explicitly stated in its memorandum, ConnectU proposes adding Facebook

to its claim under M.G.L. ch. 93A.  *See* ConnectU Motion Ex. A at 8-9.  The addition of

Facebook to ConnectU's M.G.L. ch. 93A claim currently against individual Defendants would

certainly prejudice Facebook.  Analogously, the First Circuit affirmed a denial of a motion for

leave to amend under Rule 15(b) where plaintiff sought to add individual defendants to claims

made against the corporate defendant where the district court found that the amendment would

unduly prejudice the individual defendants.  *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*,

329 F.3d 216, 231-32 (1st Cir. 2003).  Similarly, ConnectU's attempt to add Facebook to its

M.G.L. ch. 93 claim should be rejected.

### D.    The Proposed Amendment Seeks Additional Relief In the Form Of A Constructive Trust.

Finally, ConnectU seeks to add an entirely new claim for constructive trust.  ConnectU

never even referenced such a claim during any of its requests to meet and confer about its

proposed amendment.  *See* Nagel Aff., Exs. B-G.  As such, ConnectU's Motion regarding adding

a constructive trust as sought relief should be summarily denied under Local Rule 7.1.

Additionally, allowing this claim at this late point would necessitate further discovery as to the

nature of the trust, the equitable bases for permitting such relief, and the claims under which it is

deemed permissible.  All these issues create further and substantial prejudice to Facebook

Defendants, and necessitate that the motion to amend be denied.

## V.    CONCLUSION

ConnectU's motion for leave to amend should be denied as untimely under this Court's

Scheduling Order.  ConnectU was required by this Court to file any amendments to pleadings by

April 28, 2005, *almost one year ago*. Additionally, ConnectU's Motion is highly prejudicial to

Facebook Defendants and not permissible as a matter of law because it (1) alters substantive

allegations in the existing complaint; (2) identifies new causes of action that require further

discovery; (3) seeks to create standing for ConnectU; (4) adds Facebook under a claim for relief

under M.G.L. ch. 93A; and (5) seeks additional relief, namely in the form of a constructive trust.

      Accordingly, ConnectU's motion for leave should be denied.


**Dated:  April 13, 2006.**           Respectfully submitted,

                      /s/ Robert D. Nagel

              Monte M.F. Cooper*
              I. Neel Chatterjee*
              G. Hopkins Guy, III*
              Robert D. Nagel*
              ORRICK, HERRINGTON & SUTCLIFFE LLP
              1000 Marsh Road
              Menlo Park, CA  94025
              Telephone:    (650) 614-7400
              Facsimile:    (650) 614-7401
              hopguy@orrick.com
              nchatterjee@orrick.com
              mcooper@orrick.com
              rnagel@orrick.com

              Steven M. Bauer
              Jeremy P. Oczek
              PROSKAUER ROSE LLP
              One International Place, 22nd Floor
              Boston, MA 02110-2600
              Telephone:    (617) 526-9600
              Facsimile:    (617) 526-9899
              sbauer@proskauer.com
              joczek@proskauer.com

              ATTORNEYS FOR MARK ZUCKERBERG,
              DUSTIN MOSKOVITZ, ANDREW
              MCCOLLUM, CHRISTOPHER HUGHES, and
              FACEBOOK, INC.

              * Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 13, 2006.

Dated:  April 13, 2006.                          Respectfully submitted,

                                        _____
                                              /s/ Robert Nagle /s/
                                               Name of Attorney