# EXHIBIT G

**Cooper, Monte**

---

**From:** Cooper, Monte
**Sent:** Monday, March 06, 2006 8:58 AM
**To:** 'Hornick, John'; Sadasivan, Bhanu
**Cc:** Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
**Subject:** RE: Discovery Conference Followup

John:

In light of Magistrate Judge Collings admonishment at the March 3, 2006 hearing to raise this proposed amendment in a motion, and further in light of your repeated statements to Magistrate Judge Collings at the hearing that the proposed amendment is both simple and non-prejudicial, pursuant to Local Rule 7.1(a)(2) I am again asking that before we make a decision whether to agree to or oppose the request, you first answer the following simple questions:

(1) Why, given the pending motion to dismiss and deadlines set forth in the original Scheduling Order, do you not consider the amendment to be prejudicial to Defendants -- particularly given the dispute raised in the motion papers regarding Mark Zuckerberg's citizenship as of the time of filing the original complaint?  Also (2) is there a specific reason that that these amendments were not brought prior to the expiration of the deadlines set forth in the Scheduling Order for amendments to the pleadings, or even at the time the parties filed their motion papers with respect to Defendants' motion to dismiss?

Any certification in your forthcoming motion that you have conferred with Defendants pursuant to Local Rule 7.1(a)(2) prior to filing a motion should reflect you first addressed those questions.

Thank you,

Monte Cooper


-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Monday, March 06, 2006 8:18 AM
To: Cooper, Monte; Sadasivan, Bhanu
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup

Dear Monte:

We'll ask again:  Do Facebook Defendants consent to the amendments to the First Amended Complaint set forth in our 2/24/06 3:34pm email?

Sincerely,

John

-----Original Message-----
From: Cooper, Monte [mailto:MCOOPER@ORRICK.COM]
Sent: Thursday, March 02, 2006 7:32 AM
To: Hornick, John; Sadasivan, Bhanu
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup

John:

With all due respect, my "tone" relates to a valid question concerning the timing of your

1

proposed amendment, and its prejudicial appearance. I realize from your email that you are not going to respond to my question. However, your original email suggested you were going to raise the amendment with the Court on March 3 when the matter has not even been calendared, and when we have 7 other matters to address. We would vigorously oppose the proposed amendment being raised sua sponte at that time, and will advise the Court as much -- especially given the fact we still do not know why the amendment was never raised previously (despite our best efforts to learn as much), and further given the pendency of the motion to dismiss.


-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Wednesday, March 01, 2006 9:26 PM
To: Cooper, Monte; Sadasivan, Bhanu
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup

Dear Monte:

This responds to your 2/28/06 7:55pm and 3/1/06 9:22pm emails, and further responds to your 2/28/06 3:22pm email.

The amendments ConnectU wishes to make are simple, do not change the substantive allegations of the case, do not affect discovery, cause no prejudice, and currently there is no discovery cutoff. Under the law, there is no reason for you to oppose them.

As I said during our last discovery conference, we have wasted enough time meeting and conferring with you to know that your questions and tone mean that you will not consent to the amendments, which we will assume unless you tell us otherwise.

I will be tied up until the hearing on Friday. I may not be able to respond to any subsequent correspondence.

Sincerely,

John

-----Original Message-----
From: Cooper, Monte [mailto:MCOOPER@ORRICK.COM]
Sent: Wednesday, March 01, 2006 9:22 PM
To: Hornick, John; Sadasivan, Bhanu
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet, Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup

John:

Attached is the Scheduling Order that was entered in this case. As you can see, all amendments to the pleadings were to have been filed by April 28, 2005. This deadline passed almost one year ago, and long before there was any issue with respect to discovery. Indeed, the Scheduling Order specifically contemplated that discovery would continue almost 8 months past that deadline.

Therefore, for the third time, as a courtesy to all of us, I am asking that you explain why the amendments you wish now to make could not have been made prior to that April 28, 2005 deadline.

Likewise, I again ask why you feel you can raise this issue with the Court at all at this last date and without acknowledgement that there already is a motion to dismiss for lack of subject matter jurisdiction pending in which the very issue of Mark Zuckerberg's citizenship at the time of the original complaint is one of the issues raised, and in which the question of whether any amendments can properly be made to a jurisdictionally deficient original complaint also is a source of dispute?

2

```
-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Wednesday, March 01, 2006 5:00 PM
To: Sadasivan, Bhanu; Cooper, Monte
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet,
Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup
```

Dear Bhanu:

You did not respond regarding ConnectU's proposed amendments to the First Amended Complaint.

Sincerely,

John

```
-----Original Message-----
From: Sadasivan, Bhanu [mailto:Bhanu.Sadasivan@hellerehrman.com]
Sent: Sunday, February 26, 2006 2:23 PM
To: Hornick, John; Cooper, Monte
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet,
Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup
```

9:30 am is fine with me.

```
-----Original Message-----
From: Hornick, John [mailto:John.Hornick@finnegan.com]
Sent: Friday, February 24, 2006 3:34 PM
To: Cooper, Monte; Sadasivan, Bhanu
Cc: Walker, Joshua; dan.hampton@hklaw.com; Hawk, Robert B.; Grabow, Troy; Esquenet,
Margaret; Hart, Pat; Nagel, Robert; Guy, Hopkins; Joczek; Chatterjee, I. Neel
Subject: RE: Discovery Conference Followup
```

Dear Monte and Bhanu:

Further to Monte's 2/22/06 9:53am email, please confirm that 9:30am is acceptable as the start time for the deposition on March 1, 2006, and that the deposition will take place at our Palo Alto offices. For your information, our Palo Alto office recently moved to 3300 Hillview Avenue, Palo Alto, CA 94304. The phone number there is 650-849-6600.

As a followup to our discovery conference yesterday:

1. When are the individual Facebook Defendants available for deposition?
2. When will you produce the directory of source code files promised in Neel's 2/21/06 letter?
3. When will you produce the privilege log promised in Neel's 2/21/06 letter?
4. When will you identify the location of the 6 facebook code files allegedly contained on TFB000085 or TFB000086, which Hopkins referred to during my 2/14/06 teleconference with him?
5. Where precisely in your production can we find the facebook.com database structures from (a) prelaunch, (b) launch, and (c) post-launch through December 2004?
6. Please confirm that all of the PERL code promised by Hopkins during our February 14, 2006 teleconference has now been produced.
7. Will you tell us what "non-evasive" means, as used in Facebook Defendants' responses to Interrogatory Nos. 25-26, and amend your responses accordingly??

On another note, we wish to amend paragraph 48 of the First Amended Complaint to read as follows:

"48. The actions of Defendants Zuckerberg, Moskovitz, McCollum, and Hughes described above constitute unfair or deceptive acts or practices in the conduct of trade

3

or commerce within the meaning of M.G.L. ch. 93A, §§ 2, 9, and/or 11."

We also wish to amend the heading of the Second Claim for Relief to read as follows:

"SECOND CLAIM FOR RELIEF
Misappropriation of Trade Secrets
Massachusetts G.L. ch. 266, § 30(4) and ch. 93, § 42"

We also wish to amend Prayer for Relief G to read as follows:

"G.   Other relief as the Court may deem appropriate, including increased damages available under applicable law."

We also wish to amend paragraph 5 to read as follows:

"5.   Defendant Mark Zuckerberg is an individual and citizen of California."

Do Facebook Defendants (and Saverin) consent to these amendments?  If not, we plan to raise them with the Court at the March 3, 2006 hearing.

Sincerely,

John

John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

From Orrick, Herrington & Sutcliffe LLP <orrick.com> on 03/01/2006 06:17:36 PM IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

================================================================================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION. For more information about Orrick, please visit http://www.orrick.com/


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.