# EXHIBIT I

RECEIVED O.H.& S.

DEC 0 1 2005

# FEDERAL CIVIL RULES HANDBOOK

## 2006

By

**STEVEN BAICKER-McKEE**
*Babst, Calland, Clements & Zomnir, P.C.*

**WILLIAM M. JANSSEN**
*Saul Ewing LLP*

**JOHN B. CORR**
*Professor of Law, American University
Washington College of Law*

THOMSON
WEST

Mat #40311222

© 2006 West, a Thomson business

ISBN 0-314-95688-3

Thomson/West has created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. Thomson/West is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

TEXT IS PRINTED ON 10% POST CONSUMER RECYCLED PAPER



### Imposition of Costs

Rule 15 does not address issues of costs arising from amended pleadings. However, it appears settled that, as a condition of granting leave to amend, a court may require an amending party to pay the opponent's costs caused by the amendment.[32]

### Effect of Amendment

If an amendment is appropriate under Rule 15(a), it displaces the earlier pleading to which it is directed.[33] If a party filing an amendment wishes to preserve some portions of the original pleading, the party should incorporate those portions by specific reference in the amended pleading.

### Responding to Amended Pleadings

Rule 15(a) provides that if the pleading amended is one to which a responsive pleading is appropriate, the opposing party will have either the time remaining before a response to the unamended version was due, or ten days—whichever is longer—in which to respond. However, the court has authority to alter those time limits as may be appropriate in the circumstances of the case.[34]

### Relationship to Rule 15(b)

Technically, a motion for leave of court to amend a pleading may be made at any time under Rule 15(a). However, if a suit has advanced to trial or post-trial motions, Rule 15(b), pertaining to amendments to conform to the evidence, is probably a

---

would be barred by the statute of limitations."); *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (proposed amendment is futile if it cannot withstand motion to dismiss under Rule 12(b)(6)); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir.1996)("[D]istrict courts need not accommodate futile amendments."); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir.1989)("No purpose would be served by allowing [an] amendment to the complaint to add a challenge which would be dismissed."). *Cf., Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir.2002) (proper denial of leave to amend where proposed complaint added no new facts or allegations that would alter district court's earlier conclusion that plaintiff lacked standing to sue); *Roskam Baking Co., Inc. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (proper denial of leave to amend if party fails to provide court with substance of proposed amendment so that court could evaluate it); *Diesel "Repower," Inc. v. Islander Investments, Ltd.*, 271 F.3d 1318, 1322 (11th Cir.2001) (if amendment is futile, it is irrelevant that movant sought to amend in a timely manner and opposing party suffered no prejudice). *But cf., Wight v. Bankamerica Corp.*, 219 F.3d 79 (2d Cir. 2000) (amended fraud complaint not futile where plaintiff could plead circumstances of fraud with particularity; intent of defendant need be stated only generally).

**32.** *See, e.g., General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir.1995) (so noting, and citing other authority).

**33.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (same, "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading").

**34.** *See also California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004) (failure to follow district court's instructions on meeting

432

more appropriate vehicle for amendments to pleadings. However, the difference between Rule 15(a) and (b) is not a bright line, and generally courts are liberal in granting permission for substantive amendments under either provision provided that no unfair prejudice thereby accrues to other parties.[35]

## RULE 15(b). AMENDMENTS TO CONFORM TO THE EVIDENCE

### CORE CONCEPT

Rule 15(b) permits amendments to pleadings in two circumstances. The first situation arises when an issue not raised in the original pleadings is tried[36] by consent of the parties. The second occurs when an issue not raised in the pleadings is objected to, but the proposed amendment will either not create unfair prejudice, or such prejudice as may result can be cured by other judicial action.

### APPLICATIONS

#### Timing; Relationship to Rule 15(a)

Motions to amend under Rule 15(b) may theoretically be made at any time. The language of the Rule, however, speaks to matters raised at trial, suggesting that the Rule should not generally be used at early stages of litigation.[37] Instead, early in the litigation it is more appropriate to seek to amend a pleading under the authority of Rule 15(a). Generally speaking, motions to amend under Rule 15(b) are made at trial or in the immediate aftermath of a trial.[38]

#### Relationship to Rule 15(c)

If a new claim is asserted through a pleading amended pursuant to Rule 15(b), there may still be questions about the timeliness of the claim. While Rule 15(b) may permit the amended pleading, Rule 15(c) controls whether the amended pleading is deemed to have been filed on the date of the original pleading or the date of the amendment. The distinction is significant when questions of statutes of limitations are raised.

heightened pleading requirements of Rule 9 justifies denial of leave to amend).

**35.** *Compare Bank v. Pitt*, 928 F.2d 1108 (11th Cir.1991)(applying Rule 15(a) standards to amending dismissed complaint) *with United States for Use and Benefit of Seminole Sheet Metal Co. v. SCI, Inc.*, 828 F.2d 671 (11th Cir.1987)(applying Rule 15(b) standards to amending dismissed complaint).

**36.** *Cf., Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1024 n. 4 (11th Cir.

2001) (although Rule 15(b) discusses cases that have been "tried" by consent, "we accept Rule 15(b) as a guide–by way of analogy, at the appellate level–for cases never tried, but litigated on motions").

**37.** *See, e.g., Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309 n. 3 (10th Cir.1998) ("Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial.").

**38.** *See, e.g., Triple Five of Minnesota, Inc. v. Simon*, 404 F.3d 1088, 1095 (8th Cir.

**Claims for Relief**

Rule 15(b) may be employed to assert claims for affirmative relief, even after a trial is ended. Thus, for example, a counterclaim may be asserted through a Rule 15(b) amendment where the evidence on the counterclaim was heard at trial.[39]

**Failure to Object**

Rule 15(b) provides that an opposing party's consent to an amendment may be express or implied.[40] Thus, the court may find that parties who fail to object to the litigation of matters not within the four corners of the original pleadings have impliedly consented to adjudication of those matters.[41] In those circumstances, the court will permit an amended pleading that reflects the issues actually litigated.

**Failure to File an Amended Pleading; Motions to Amend**

Rule 15(b) expressly provides that if parties are found to have consented to litigation of issues outside the original pleadings, there is no requirement that a formal amended pleading be

---

2005) (Rule 15(b) "motion may be made at any time, even after judgment.").

**39.** *See, e.g., In re Meyertech Corp.*, 831 F.2d 410, 421 (3d Cir.1987)(approving use of Rule 15(b) to raise a counterclaim).

**40.** *See, e.g., United States ex rel. Modern Electric, Inc. v. Ideal Electronic Security Co.*, 81 F.3d 240 (D.C.Cir.1996)(noting that express or implied consent is "a condition for treating unpled issues as though they were raised in the pleadings"); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir.1995) (implied consent may be found where claim not mentioned in complaint is addressed "by means of a sufficiently pointed interrogatory answer or in a pretrial memorandum" to which opponent responds by engaging claim or by " 'silent acquiescence;' " alternatively, " 'consent to the trial of an issue may be implied if, during the trial, a party acquiesces in the introduction of evidence which is relevant only to that issue' "). *But see Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1217 (10th Cir.2000)) (no implied consent to new issue where testimony was relevant to issues already at trial.

**41.** *See, e.g., Eich v. Board of Regents for Central Missouri State University*, 350 F.3d 752, 762 (8th Cir. 2003) (failure to object to jury instructions on economic damages mean issue was tried by consent). *But see Sasse v. United States Department of Labor*, 409 F.3d 773, 781 (6th Cir. 2005) (no implied consent if issue was tried inadvertently; evidence going to both pleaded issue and unpleaded issue is not notice of new unpleaded issue's presence in case); *Moncrief v. Williston Basin Interstate Pipeline Co.*, 174 F.3d 1150, 1162 (10th Cir. 1999) ("Implied consent cannot be based upon the introduction of evidence that is relevant to an issue already in the case when there is no indication that the party presenting the case when there is no indication that the party presenting the evidence intended to raise a new issue."); *Kenda Corp. v. Pot O' Gold Money Leagues, Inc.*, 329 F.3d 216, 232 (1st Cir.2003) (evidence directly relevant to pleaded issue cannot be used to imply consent to litigation of non-pleaded issue); *Kovacevich v. Kent State University*, 224 F.3d 806, 831 (6th Cir.2000) (" 'Implied consent' " requires considerable litigation of a matter—" 'it must appear that the parties understood the evidence to be aimed at the unpleaded issue.' "); *Moody v. FMC Corp.*, 995 F.2d 63, 66 (5th Cir. 1993)(if evidence in support of amended pleading is also relevant to issues already pleaded in the case, opposing party could not reasonably have notice of new issue, and therefore could not have consented to amended pleading). *But cf., IES Industries, Inc. v. United States*, 349 F.3d 574, 579 (8th Cir. 2003) ("It is axiomatic that evidence bearing on both claims and the defenses to those claims may well overlap in a given case. Such an inevitability does not foreclose amendment under Rule 15(b).").