## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONNECTU LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC., Counterclaimants, <br><br> v. <br><br> CONNECTU LLC, <br><br> Counterdefendant, <br><br> and <br><br> CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, <br><br> Additional Counterdefendants. |  |

### PLAINTIFF AND COUNTERCLAIM DEFENDANTS'
### FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim

Defendants (collectively, "Plaintiff") hereby serve this First Request for the Production of

Documents and Things on Defendants and Counterclaim Plaintiffs (collectively, "Defendants"),

and request that Defendants respond by producing the requested documents at the offices of

Plaintiff's counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.,

901 New York Avenue, N.W., Washington, D.C. 20001 no later than thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

A.      In accordance with Local Rule 26.5, the following definitions shall apply to all of Plaintiff's discovery requests:

(1)      *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)      *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(3)      *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with thus subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)      *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

(5)      *Parties.* The terms "Plaintiff," "Defendant," and/or "Defendants", as well as any party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)      *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

2

(7)    *Concerning.*  The term "concerning" means referring to, describing, evidencing, or constituting.

(8)    *State the Basis.*  When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

(a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

B.    The following rules of construction shall apply to all of Plaintiff's discovery requests:

(1)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(2)    The use of the singular form of any word shall include within its meaning the plural form of the word and vice versa.

3

(3)     The use of the masculine form of a pronoun shall include also within its meaning the feminine form of the pronoun so used, and vice versa.

(4)     The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

C.     Whenever Plaintiff's interrogatories call for the identification of a document, Defendants may, in lieu of such identification, produce such document, marked with the number of the interrogatory to which it is responsive, at the time Defendants serve their responses to Plaintiff's interrogatories.  When identifying documents, Defendants shall provide the following information with respect to such documents:

(1)     a description of the document in sufficient detail to permit Plaintiff to locate and identify the document and to ascertain the answer to the interrogatory as readily as could Defendant;

(2)     Any computerized information or summaries of such document; and

(3)     Any relevant compilations, abstracts, or summaries in Defendant's custody or readily obtainable by Defendant.

D.     No part of a discovery request shall be left unanswered merely because an objection is interposed to another part of the discovery request.

E.     Where an objection is made to any interrogatory or any production request, or sub-part thereof, state with specificity all grounds for the objection.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure or applicable local rules, or any extensions thereof, shall be waived.

F.     Where a claim of privilege or work product is asserted in objecting to a discovery request, or sub-part thereof, the attorney asserting the privilege shall in the objection to the discovery request, or sub-part thereof, identify the nature of the privilege being claimed, and provide the following information:

(1)     For documents:

(a)     the type of document;

4

(b)     general subject matter of the document;

(c)     the date of the document; and

(d)     such other information sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and the relationship of the author to the addressee.

(2)     For oral communications:

(a)     the name of the person making the communication, the names of persons present while the communication was made, and the relationship of these persons;

(b)     the date and place of communication; and

(c)     the general subject matter of the communication.

G.     The headings contained in these production requests are for organizational purposes only and shall not affect the meaning or scope of any production request.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

### Email Correspondence Regarding Harvard Connection

### Request No. 1

All email(s) and other communications between Mark Zuckerberg and Divya Narendra relating in any way to the website that was to be known as "Harvard Connection" or "HarvardConnection" (as referred to in paragraph 9 of Defendants' counterclaims set forth in the Answer of All Defendants to First Amended Complaint, Counterclaims of Mark Zuckerberg and Thefacebook, Inc., and Jury Demand, hereinafter referred to as Defendants' "Answer").

**Request No. 2**

All email(s) and other communications between Mark Zuckerberg and Cameron Winklevoss relating in any way to the website that was to be known as Harvard Connection, including but not limited to the emails "exchanged between Zuckerberg and Cameron Winklevoss" referred to in paragraph 19 of Defendants' Answer.

**Request No. 3**

All email(s) and other communications between Mark Zuckerberg and Tyler Winklevoss relating in any way to the website that was to be known as Harvard Connection.

**Request No. 4**

All email(s) and other communications between Mark Zuckerberg and Victor Gao relating in any way to the website that was to be known as Harvard Connection.

**Request No. 5**

All email(s) and other communications between Mark Zuckerberg and Sanjay Mavinkurve relating in any way to the website that was to be known as Harvard Connection.

**Request No. 6**

All email(s) and other communications between Mark Zuckerberg and Joseph Jackson relating in any way to the website that was to be known as Harvard Connection.

**Request No. 7**

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website that was to be known as Harvard Connection.

**Request No. 8**

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website known as ConnectU.

**Request No. 9**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Mark Zuckerberg received or possesses a copy.

**Request No. 10**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Eduardo Saverin received or possesses a copy.

**Request No. 11**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Dustin Moskovitz received or possesses a copy.

**Request No. 12**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Andrew McCollum received or possesses a copy.

**Request No. 13**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which Christopher Hughes received or possesses a copy.

**Request No. 14**

All email(s) and other communications relating in any way to the website that was to be known as Harvard Connection, of which The Facebook, Inc. received or possesses a copy.

**Email Correspondence Relating to thefacebook.com**

**Request No. 15**

All email(s) and other communications between Mark Zuckerberg and Divya Narendra relating in any way to the website that became known as thefacebook.com.

**Request No. 16**

All email(s) and other communications between Mark Zuckerberg and Cameron Winklevoss relating in any way to the website that became known as thefacebook.com.

**Request No. 17**

All email(s) and other communications between Mark Zuckerberg and Tyler Winklevoss relating in any way to the website that became known as thefacebook.com.

**Request No. 18**

All email(s) and other communications between Mark Zuckerberg and Eduardo Saverin relating in any way to the website that became known as thefacebook.com.

**Request No. 19**

All email(s) and other communications between Mark Zuckerberg and Dustin Moskovitz relating in any way to the website that became known as thefacebook.com.

**Request No. 20**

All email(s) and other communications between Mark Zuckerberg and Andrew McCollum relating in any way to the website that became known as thefacebook.com.

**Request No. 21**

All email(s) and other communications between Mark Zuckerberg and Christopher Hughes relating in any way to the website that became known as thefacebook.com.

**Request No. 22**

All email(s) and other communications between Mark Zuckerberg and Jonathan Abrams relating in any way to the website that became known as thefacebook.com.

**Request No. 23**

All email(s) and other communications between Mark Zuckerberg and any other person relating in any way to the website that became known as thefacebook.com.

**Request No. 24**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Mark Zuckerberg received or possesses a copy.

**Request No. 25**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Eduardo Saverin received or possesses a copy.

**Request No. 26**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Dustin Moskovitz received or possesses a copy.

**Request No. 27**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Andrew McCollum received or possesses a copy.

**Request No. 28**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Christopher Hughes received or possesses a copy.

**Request No. 29**

All email(s) and other communications relating in any way to the website that became known as thefacebook.com, of which Thefacebook, Inc. received or possesses a copy.

**Facemash and Coursematch**

**Request No. 30**

All documents relating in any way to facemash, facemash.com, and/or www.facemash.com, as referred to in paragraph 8 of the counterclaims set forth in Defendants' Answer.

**Request No. 31**

All email(s) written or sent by Mr. Zuckerberg to any person apologizing for facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (attached as Exhibit A hereto).

**Request No. 32**

All email(s) written or sent by Mr. Zuckerberg to friends to show them facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (Exhibit A hereto).

**Request No. 33**

Mr. Zuckerberg's apology letter relating to facemash, facemash.com, and/or www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson (Exhibit A hereto).

**Request No. 34**

All documents relating in any way to any disciplinary inquiry or investigation, and/or disciplinary action, taken by Harvard University against Mark Zuckerberg relating to facemash, facemash.com, and/or www.facemash.com.

**Request No. 35**

Mr. Zuckerberg's on-line journal relating to facemash, facemash.com, and/or

www.facemash.com, as referred to in the November 4, 2003 article in The Harvard Crimson

(attached Exhibit A hereto).

**Request No. 36**

All documents relating in any way to coursematch or coursematch.com, as referred to in

paragraph 8 of the counterclaims set forth in Defendants' Answer.

**Calendars**

**Request No. 37**

Any and all paper or electronic calendars kept by Mark Zuckerberg from October 1, 2003 to the

present.

**Request No. 38**

Any and all paper or electronic calendars kept by Eduardo Saverin from October 1, 2003 to the

present.

**Request No. 39**

Any and all paper or electronic calendars kept by Dustin Moskovitz from October 1, 2003 to the

present.

**Request No. 40**

Any and all paper or electronic calendars kept by Andrew McCollum from October 1, 2003 to

the present.

**Request No. 41**

Any and all paper or electronic calendars kept by Christopher Hughes from October 1, 2003 to the present.

**Harvard Administrative Board**

**Request No. 42**

All documents relating in any way to any matters involving the Harvard Administrative Board and Mark Zuckerberg, including but not limited to any matter involving facemash and/or Harvard Connection.

**Request No. 43**

All documents relating in any way to any matters involving the Harvard Administrative Board and Eduardo Saverin.

**Request No. 44**

All documents relating in any way to any matters involving the Harvard Administrative Board and Dustin Moskovitz.

**Request No. 45**

All documents relating in any way to any matters involving the Harvard Administrative Board and Andrew McCollum.

**Request No. 46**

All documents relating in any way to any matters involving the Harvard Administrative Board and Christopher Hughes.

**Mr. Zuckerberg's Harvard Connection Coding and Work Product**

**Request No. 47**

All documents and things constituting or relating to the website to be known as Harvard

Connection, including but not limited to the source code, webpage designs, screen shots,

suggestions for features, plans for the website, and/or any other documents provided to Mr.

Zuckerberg at any time by Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Victor

Gao, Sanjay Mavinkurve, or Joseph G. Jackson.

**Request No.  48**

The source code for the Harvard Connection website to which Mark Zuckerberg was given

access in late 2003, as stated in paragraph 14 of  Defendants' Answer.

**Request No. 49**

All versions of computer program coding for the website to be known as Harvard Connection

that was provided to Mark Zuckerberg at any time.

**Request No. 50**

All of the "coding" referred to by Mark Zuckerberg in his November 22, 2003 21:43:53 (EST)

email to Divya Narendra (attached as Exhibit B hereto), as it existed on that date.

**Request No. 51**

All problem sets, papers, homework, questions, and other class projects referred to by Mark

Zuckerberg in his emails dated November 25, 2003 3:35am, November 25, 2003 4:36am,

November 25, 2003 12:16pm, December 4, 2003 4:03am, December 15, 2003 4:38pm,

December 17, 2003 3:43pm, December 17, 2003 9:24pm, and January 8, 2004 5:58pm (Exhibit

C hereto).

**Request No. 52**

All of the computer program coding and/or other work product written or created by Mark

Zuckerberg for the website that was to be known as Harvard Connection, as such coding and/or

other work product existed on November 30, 2003, including but not limited to the "registration

page" referred to by Mr. Zuckerberg in his November 30, 2003 5:24am email to Cameron

Winklevoss (attached as Exhibit D hereto), as well as the computer program coding and/or other

work product corresponding to, and sufficient to identify what Mr. Zuckerberg meant by, Mr.

Zuckerberg's statements in such email that "everything will be ready for testing by Monday" and

"after I get all the basic functionality up tomorrow night" and "I'll shoot you an email late

tomorrow evening when I get everything up on the server," as such computer program coding

and/or other work product existed on November 30, 2003.

**Request No. 53**

With respect to Mark Zuckerberg's statements made in his December 1, 2003 6:20am email to

Cameron Winklevoss (attached as Exhibit E hereto), i.e., "I put together one of the two

registration pages so I have everything working on my system now. I tried to upload everything

to the main server and some things weren't working perfectly so I'll take a look at them

tomorrow.  Do you want to meet up on Tuesday to go over everything we have? . . . I'll keep you

posted as I patch stuff up and it starts to become completely functional", all of the computer

program coding and/or other work product corresponding to such statements, as such computer

program coding and/or work product existed on December 1, 2003, including but not limited to

any and all coding and/or other work product corresponding to, and sufficient to identify what

Mr. Zuckerberg meant by, "upload everything to the main server", "some things weren't working

perfectly so I'll take a look at them tomorrow", "go over everything we have", and "patch stuff up and it starts to become completely functional", as of December 1, 2003.

**Request No. 54**

With respect to Mark Zuckerberg's statements made in his January 8, 2004 5:58am email to Cameron Winklevoss (attached as Exhibit F hereto), i.e., "As far as the site goes for now, I've made some of the changes, although not all of them, and they seem to be working on my computer. I have not uploaded them to the live site yet though. I'll do this once I get everything done. I'm still a little skeptical that we have enough functionality in the site to really draw the attention and gain the critical mass necessary to get a site like this to run. And in its current state, if the site does get the type of traffic we're looking for, I don't know if we have enough bandwidth from the ISP you're using to handle the load without some serious image optimization, which will take a few more days to implement. Anyhow, we'll talk about it once I get everything else done", all of the computer program coding and/or other work product corresponding to such statements, as such computer program coding and/or work product existed on January 8, 2004, including but not limited to any and all coding and/or other work product corresponding to, and sufficient to identify what Mr. Zuckerberg meant by, "I've made some changes", "they seem to be working on my computer", "I have not uploaded them to the live site yet though", "I'll do this once I get everything done", "little skeptical that we have enough functionality in the site", "in its current state", and "once I get everything else done", as of January 8, 2004.

**Request No. 55**

With respect to Mark Zuckerberg's statements made in his January 14, 2004 4:37am email to Cameron Winklevoss (Exhibit G hereto), i.e., "I also can't meet for too long since whenever we meet, I'll be taking time away from a project I'm working on with some other people that needs to be finished by tomorrow night," all documents sufficient to identify, and all documents relating to, the "project I'm working on with some other people that needs to be finished by tomorrow night," as such project existed on that date, as well as the names of such people.

**Request No. 56**

With respect to Mark Zuckerberg's statements made in his February 12, 2004 5:43pm email to Cameron Winklevoss (attached as Exhibit H hereto), i.e., "I told you that I had other projects I was working on, and that those were higher priorities than finishing the HarvardConnection site", all documents sufficient to identify, and all documents relating to, such "other projects".

**Request No. 57**

All documents constituting and/or relating in any way to Mark Zuckerberg's development of any portion of the website to be known as Harvard Connection, including but not limited to all portions of the website visible to website users and the underlying computer program code.

**Request No. 58**

All documents constituting and/or relating to Mark Zuckerberg's development of computer program coding for the website to be known as Harvard Connection, and/or relating to the development of the website itself, including but not limited to design notes, flow charts, libraries of code, testware, etc.

**Request No. 59**

All of the computer program coding and/or other work product written or created by Mr. Zuckerberg, or any other person, for or relating to the website to be known as the Harvard Connection, not requested by any other production request served by Plaintiff.

**thefacebook.com Development**

**Request No. 60**

All documents sufficient to identify the creator (as the word "creator" is used by in paragraph 2 of the counterclaims set forth in Defendants' Answer) of the website thefacebook.com, and all documents relating to such creation and identifying all developers of such website.

**Request No. 61**

All documents sufficient to identify, and all documents relating to, the date on which Mark Zuckerberg first began to develop the thefacebook.com website.

**Request No. 62**

All documents sufficient to identify, and all documents relating to, all steps in the development of the thefacebook.com website.

**Request No.   63**

All documents relating in any way to the development of the thefacebook.com website.

**Request No.   64**

All documents sufficient to identify all elements of the thefacebook.com website as it existed on January 11, 2004, including but not limited to all portions of the website visible to website users and the underlying computer program code.

**Request No.   65**

All documents sufficient to identify all elements of the thefacebook.com website as it existed on January 13, 2004, including but not limited to all portions of the website visible to website users and the underlying computer program code.

**Request No.   66**

All documents sufficient to identify all elements of the thefacebook.com website as it existed on its February 4, 2004 launch date (see paragraph 19 of Defendants' Answer), including but not limited to all portions of the website visible to website users, the underlying computer program code, and documents sufficient to identify such launch date.

**Request No.   67**

All documents constituting and/or relating to Mark Zuckerberg's development of computer program coding for the website to be known as thefacebook.com, and/or relating to the development of the website itself, including but not limited to design notes, flow charts, libraries of code, testware, etc.

**Request No.   68**

All documents sufficient to identify, view, and operate each version of the thefacebook.com website from August 2003 to the date of Defendants' response to this request, and the current, live version of the thefacebook.com website.

**Request No.   69**

All of the computer program coding and/or other work product written or created by Mr. Zuckerberg, or any other person, for or relating to the website known as thefacebook.com, not requested by any other production request served by Plaintiff.

**thefacebook.com Financing**

**Request No.  70**

All documents sufficient to identify, and relating to, all persons and companies who have expressed any interest in investing in any way in Thefacebook, Inc. and/or thefacebook.com, and/or who have invested in Thefacebook, Inc. and/or thefacebook.com.

**Request No.  71**

All documents sufficient to identify, and relating to, any and all investors, potential investors, loans (including but not limited to loans from any of the individual Defendants or from any nonparty, including Peter Thiel), investments, gifts (including but not limited to money, concert or other sports or entertainment tickets, meals, parties, and vehicles), contributions, offers (including but not limited to investment offers and/or offers to purchase or buy out all or part of Thefacebook, Inc. or its business, and/or the rights therein held by any of the individual Defendants, and the persons or companies who made such offers), or other forms of financing contributed to or received by Thefacebook, Inc., the thefacebook.com website, and/or any of the individual Defendants for use in connection with or related to the thefacebook.com website, and all meetings with potential investors or investors (including dates, locations, participants, and the purpose of such meetings), on a monthly basis from August 2003 to the date of Defendants' response to this request.

**Media Coverage and Marketing of thefacebook.com**

**Request No.  72**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Mark Zuckerberg relating to thefacebook.com.

**Request No. 73**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Eduardo Saverin relating to thefacebook.com.

**Request No. 74**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Dustin Moskovitz relating to thefacebook.com.

**Request No. 75**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Andrew McCollum relating to thefacebook.com.

**Request No. 76**

All documents sufficient to identify, and copies of, all transcripts, audio recordings, and/or video recordings of interviews of Christopher Hughes relating to thefacebook.com.

**Request No.  77**

All press releases or other statements provided to the press or media by Mark Zuckerberg relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Request No.  78**

All press releases or other statements provided to the press or media by Eduardo Saverin relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Request No. 79**

All press releases or other statements provided to the press or media by Dustin Moskovitz relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Request No. 80**

All press releases or other statements provided to the press or media by Andrew McCollum relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Request No. 81**

All press releases or other statements provided to the press or media by Christopher Hughes relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to him in the press or media, from August 2003 to the present.

**Request No. 82**

All press releases or other statements provided to the press or media by Thefacebook, Inc., thefacebook.com, or anyone speaking or acting on its/their behalf relating to thefacebook.com, Harvard Connection, ConnectU.com, this lawsuit, any of the parties, or any related matter, and documents sufficient to identify all statements attributed to Thefacebook, Inc., thefacebook.com, or anyone speaking or acting on its/their behalf published in the press or media, from August 2003 to the present.

**Request No. 83**

All documents and things identifying, constituting, or relating to marketing and promotional materials for Thefacebook, Inc. and/or the thefacebook.com website.

**Advertising on thefacebook.com**

**Request No. 84**

All documents relating to advertising on the thefacebook.com website, including but not limited to documents sufficient to identify, and relating to, all past and present advertisers (actual and prospective, as referred to by Defendants in paragraph 20 of the counterclaims set forth in Defendants' Answer), all advertisements that have appeared or are scheduled to appear on the thefacebook.com website, all solicitations for advertisements, all advertising contracts, all revenue from advertising on a monthly basis from August 2003 to the date of Defendants' response to this request, and all facts supporting or tending to support the allegations set forth in paragraph 20 of the counterclaims set forth in Defendants' Answer.

**Usage of thefacebook.com**

**Request No. 85**

All documents sufficient to identify, and relating to, daily, monthly, and annual traffic to the thefacebook.com website, from its launch date to the date of Defendants' response.

**Request No. 86**

All documents sufficient to identify the universities, colleges, and other schools (by name, city, state, and country if other than the U.S.A.) at which the thefacebook.com website is available or operational, on a monthly basis from August 2003 to the date of Defendants' response to this request.

**Request No. 87**

All documents sufficient to identify the number of persons registered to use the thefacebook.com website, in total and broken out by university, college, or other school, on a daily basis from August 2003 to the date of Defendants' response to this request.

**Request No. 88**

All documents sufficient to identify the number of hits per day to the thefacebook.com website, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this request.

**Request No. 89**

All documents sufficient to identify the number of hits per day to the thefacebook.com website by the same users, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this request.


**Financial Information Relating to Thefacebook, Inc. and Individual Defendants**

**Request No. 90**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s fixed costs, on a monthly basis, from its launch date to the date of Defendants' response.

**Request No. 91**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s variable costs, on a monthly basis, from its launch date to the date of Defendants' response.

**Request No. 92**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s overhead, on a monthly basis, from its launch date to the date of Defendants' response.

**Request No. 93**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual revenue, from its launch date to the date of Defendants' response.

**Request No. 94**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual gross profit, from its launch date to the date of Defendants' response.

**Request No. 95**

All documents sufficient to identify, and relating to, Thefacebook, Inc.'s monthly and annual net profit, from its launch date to the date of Defendants' response.

**Request No. 96**

All state and/or federal income tax returns filed by each of the Defendants for the years 2003, 2004, and 2005.

**Request No. 97**

All audited and/or unaudited financial statements for Thefacebook, Inc. for its fiscal years beginning in and including 2003.

**Request No. 98**

All documents sufficient to identify, and relating to, all bank and other financial institution accounts of Thefacebook, Inc.

**Request No. 99**

All documents sufficient to identify all tangible and intangible assets of Thefacebook, Inc., including real property, personal property (including but not limited to computers and servers), intellectual property, cash on hand, letters of credit, savings, investments, stocks, bonds, certificates of deposit, mutual funds, equities, etc.

**Request No. 100**

All documents sufficient to identify, and relating to, all debt of Thefacebook, Inc., and of the individual Defendants relating to the thefacebook.com website, on a monthly basis from August 2003 to the date of Defendants' response to this request.

**Request No. 101**

All documents sufficient to identify, and relating to, the value of Thefacebook, Inc. and the thefacebook.com website.

**Corporate Documents of Thefacebook, Inc.**

**Request No. 102**

All documents constituting or relating to Thefacebook, Inc.'s Articles of Incorporation, Bylaws, corporate name registrations in any state, fictitious name registrations in any state, and licenses to do business in any state.

**Request No. 103**

All documents constituting or relating to Thefacebook, Inc.'s corporate records, including but not limited to records and minutes of directors' meetings, other business meetings, corporate resolutions, other corporate filings with any state on behalf of the corporation or any employee, payroll records, financial records, stock certificates, contracts, loan documents, financing documents and financing statements, mortgages, schedules of corporate assets, and shareholder documents.

**Request No. 104**

All documents constituting or relating to contracts between any nonparty and the Thefacebook, Inc., or between any nonparty and any other Defendant or any related person or entity relating to Thefacebook, Inc. or the thefacebook.com website.

**Request No. 105**

All documents constituting or relating to plans or strategies for Thefacebook, Inc. or the thefacebook.com website, including but not limited to financing plans, business plans, strategic plans, investment or financing plans, and/or development plans.

**Request No. 106**

All documents constituting or relating to budgets, forecasts, projections, performance or other reports, analyses, or research relating to the Thefacebook, Inc. and/or thefacebook.com website.

**Request No. 107**

All documents sufficient to identify the owners of Thefacebook, Inc. and the facebook.com website, and their respective ownerships shares, equity, and rights therein, and their salaries, dividends, and/or other monetary or nonmonetary compensation.


**Operations of thefacebook.com**

**Request No. 108**

All documents sufficient to identify, and relating to, all locations from which the website thefacebook.com has been operated since its inception to the date of the response to this request.

**Request No. 109**

All documents sufficient to identify, and relating to, the servers and location thereof used by the thefacebook.com website.

**Request No. 110**

All documents sufficient to identify, and constituting, all Frequently Asked Questions ("FAQ"), and answers thereto, posted on the thefacebook.com website from August 2003 to the date of Defendants' response to this request.

**Request No. 111**

All documents sufficient to identify, and relating to, any and all features or functionality of the thefacebook.com website that are currently in development, planning, or consideration.

**Request No. 112**

All documents sufficient to identify the type of information collected from users of the thefacebook.com website.

**Request No. 113**

All documents sufficient to identify the demographics and consumer preferences of users of the thefacebook.com website, including but not limited to the age, gender, level of education, and buying and product preferences and patterns.

**Copyright and Domain Name Protection for thefacebook.com**

**Request No. 114**

All U.S. copyright applications and/or copyright registrations for all or any portion of the thefacebook.com website or underlying computer programs, all deposit copies or identifying material submitted to the U.S. Copyright Office in connection with such applications, all other forms or materials submitted to the U.S. Copyright Office in connection with such applications, all correspondence with the U.S. Copyright Office relating to such applications, and/or all notes of telephone conversations with the U.S. Copyright Office relating to such applications.

**Request No. 115**

All documents constituting and relating in any way to the domain name application and registration for "thefacebook.com."

**Hard Drive Images**

**Request No. 116**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg for email from October 2003 to the present.

**Request No. 117**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg for working on the computer program coding for the website to be known as Harvard Connection, and/or for working on the website itself.

**Request No. 118**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Mark Zuckerberg from October 2003 to the present.

**Request No. 119**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Eduardo Saverin from October 2003 to the present.

**Request No. 120**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Dustin Moskovitz from October 2003 to the present.

**Request No. 121**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Andrew McCollum from October 2003 to the present.

**Request No. 122**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by Christopher Hughes from October 2003 to the present.

**Request No.  123**

An electronic image of the computer entire hard drive(s) or other computer memory devices used for the thefacebook.com website from October 2003 to the present.

**Resumes**

**Request No.  124**

All versions of Mark Zuckerberg's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Request No.  125**

All versions of Eduardo Saverin's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Request No.  126**

All versions of Dustin Moskovitz's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Request No.  127**

All versions of Andrew McCollum's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Request No.  128**

All versions of Christopher Hughes's resume and/or curriculum vitae, all cover letters written by him to potential employers, and all job applications he completed, for the period August 2003 to the present.

**Documents Held by Individual Defendants**

**Request No.  129**

All documents in the possession, custody, or control of Eduardo Saverin provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Request No.  130**

All documents in the possession, custody, or control of Dustin Moskovitz provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Request No.  131**

All documents in the possession, custody, or control of Andrew McCollum provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Request No.  132**

All documents in the possession, custody, or control of Christopher Hughes provided to him by Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Request No.  133**

All documents in the possession, custody, or control of Mark Zuckerberg relating in any way to the subject matter of this lawsuit.

**Request No.  134**

All documents in the possession, custody, or control of Thefacebook, Inc. relating in any way to the subject matter of this lawsuit.

**Request No.   135**

All documents in the possession, custody, or control of Eduardo Saverin provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Request No. 136**

All documents in the possession, custody, or control of Dustin Moskovitz provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Request No. 137**

All documents in the possession, custody, or control of Andrew McCollum provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Request No.  138**

All documents in the possession, custody, or control of Christopher Hughes provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Request No.   139**

All documents in the possession, custody, or control of Mark Zuckerberg provided to him by any other person relating in any way to the subject matter of this lawsuit.

**Residence of Individual Defendants**

**Request No. 140**

All documents sufficient to show the state and address of residence of Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes.

**Request No.  141**

All documents sufficient to show the permanent address given by Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes when they are called upon to do so.

**Defendants' Affirmative Defenses**

**Request No. 142**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' First Affirmative Defense.

**Request No. 143**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Second Affirmative Defense.

**Request No. 144**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Third Affirmative Defense.

**Request No. 145**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fourth Affirmative Defense.

**Request No. 146**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifth Affirmative Defense.

**Request No. 147**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixth Affirmative Defense.

**Request No. 148**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventh Affirmative Defense.

**Request No. 149**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighth Affirmative Defense.

**Request No. 150**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Ninth Affirmative Defense.

**Request No. 151**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Tenth Affirmative Defense.

**Request No. 152**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eleventh Affirmative Defense.

**Request No. 153**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twelfth Affirmative Defense.

**Request No. 154**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Thirteenth Affirmative Defense.

**Request No. 155**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fourteenth Affirmative Defense.

**Request No. 156**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifteenth Affirmative Defense.

**Request No. 157**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixteenth Affirmative Defense.

**Request No. 158**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventeenth Affirmative Defense.

**Request No. 159**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighteenth Affirmative Defense.

**Request No. 160**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Nineteenth Affirmative Defense.

**Request No. 161**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twentieth Affirmative Defense.

**Request No. 162**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-first Affirmative Defense.

**Request No. 163**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-second Affirmative Defense.

**Request No. 164**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-third Affirmative Defense.

**Request No. 165**

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-fourth Affirmative Defense.

**Counterclaims**

**Request No. 166**

All documents supporting or tending to support, or refuting or tending to refute, the allegations of paragraphs 18, 22, 26, 27, 31, 32, 33, 34, 37, 42, 47, 48, and 51 of the counterclaims set forth in Defendants' Answer, including but not limited to all documents allegedly constituting the individual counterclaim defendants and ConnectU LLC's "campaign of false and defamatory factual representations about Zuckerberg and thefacebook.com", all media in which such representations appeared (including but not limited to all California and Massachusetts newspapers), and all postings and links on the connectu.com website that allegedly support Mr. Zuckerberg's and Thefacebook, Inc.'s counterclaims.

**Request No. 167**

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 28, 29, 35, 39, 40, 49, and 52 of the counterclaims set forth in Defendants' Answer that Thefacebook, Inc. has been damaged, injured, or prejudiced in any way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

**Request No. 168**

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 43, 44, of the counterclaims set forth in Defendants' Answer that Mr. Zuckerberg has been damaged, injured, or prejudiced in any way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

**Other Documents**

**Request No. 169**

All documents transmitted or provided to, reviewed, considered, or prepared by any and all expert witnesses engaged by all or any of the Defendants.

**Request No. 170**

All documents used or referred to in any way in connection with preparing responses to these requests or to Plaintiff's interrogatories.

Dated:  April 7, 2005

Respectfully submitted,

Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com


John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC

## CERTIFICATE OF SERVICE

I, Jonathan M. Gelchinsky, hereby certify that on April 7, 2005, a true and correct copy

of the foregoing PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUEST

FOR THE PRODUCTION OF DOCUMENTS AND THINGS was served by the indicated

means to the persons at the addresses listed:

Daniel K. Hampton, Esq.  ☐ Via First Class Mail
Gordon P. Katz, Esq.  ☒ Via Hand Delivery
HOLLAND & KNIGHT, LLP  ☐ Via Overnight Courier
10 St. James Avenue  ☐ Via Facsimile
Boston, MA 02116

Robert B. Hawk, Esq.  ☐ Via First Class Mail
HELLER EHRMAN, LLP  ☐ Via Hand Delivery
275 Middlefield Road  ☒ Via Overnight Courier
Menlo Park, CA 94025  ☐ Via Facsimile

_____
Jonathan M. Gelchinsky

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway, Suite 700
Cambridge, MA 02142
Telephone: (617) 452-1600

EXHIBIT A

paid advertising

| | | | |
|---|---|---|---|
| Online MBA Programs | Interior Design Schools | Online Nursing Programs | College |
| Online Colleges | Online College Degrees | Online Universities | Interior De |
| Culinary Art Schools | MBA Degrees Online | Technical Schools | Online Coll |
| Fashion Design Schools | Medical Career Schools | Trade Schools | Colleges in |
| Online Colleges | Directory of Colleges | Vinyl Replacement Windows | Colleg |
| Graphic Design Schools | Online Masters Programs | Online Degree Programs | MBA Pro |

"I won't philosophize and will be read."

> SEARCH

Advanced Search

- Today's Issue

In This Archive:
- Front Page
- News
- Opinion
- Sports
- Magazine
- Arts
- Photo Gallery
- Comics
- OnAir

- Archives
- Classifieds
- Corrections
- E-Digest
- Web Specials

- About THC
- Advertising
- Contact
- Deliveries
- Rights/Permissions

- Alumni Website
- Make a Donation

## NEWS

Published on Tuesday, November 04, 2003

# Hot or Not? Website Briefly Judges Looks

**By BARI M. SCHWARTZ**
CONTRIBUTING WRITER

Harvard students often compete in the classroom, but for at least a few hours this weekend, only one thing helped them make the grade—their looks.



**ARTICLE OPTIONS**
> Email this article to a friend
> Send a letter to the editor
> Print this article

**RELATED LINKS**
> Correction for this article
> Correction for this article

Just over a month after two Harvard alums competed in the Miss America Pageant, a website created by Mark E. Zuckerberg '06 gave students a chance to rate their peers using ID photos taken from online House facebooks.

"Were we let in for our looks? No. Will we be judged on them? Yes," proclaimed the site, which Zuckerberg has now taken offline.

Zuckerberg, a computer science concentrator, said he created the site—www.facemash.com—by hacking into House online facebooks and compiling ID photos onto his website, allowing viewers to vote for the "hotter" of two randomly chosen photos or rate the looks of students in a particular House against fellow-residents.

A link to the site was forwarded on many House and student group e-mail lists over the weekend—including the Institute of Politics (IOP), Fuerza Latina and the Association of Black Harvard Women (ABHW)—prompting both praise and criticism across campus.

But by Sunday night, outrage from individuals and student groups led Zuckerberg, who said he never expected such widespread publicity, to shut down the site for good.

By that time, Zuckerberg said, there had been 450 visitors to the site who had voted on their peers' photos at least 22,000 times.

"I don't see how it can go back online. Issues about violating people's privacy don't seem to be surmountable. The primary concern is hurting people's feelings," Zuckerberg said. "I'm not willing to risk insulting anyone."

Leyla R. Bravo '05, president of Fuerza Latina, said she sent a link to the website out over the group's e-mail list to let people know about what she viewed as a problem.