stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 146

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifth Affirmative Defense.

## Response to Request for Production No. 146

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 147

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixth Affirmative Defense.

## Response to Request for Production No. 147

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without

waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 148

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventh Affirmative Defense.

## Response to Request for Production No. 148

Defendants object to this request as compound, overbroad, unduly burdensome, and premature.  Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 149

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighth Affirmative Defense.

## Response to Request for Production No. 149

Defendants object to this request as compound, overbroad, unduly burdensome, and premature.  Defendants also object to this request to the extent it seeks documents

protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 150

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Ninth Affirmative Defense.

## Response to Request for Production No. 150

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 151

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Tenth Affirmative Defense.

## Response to Request for Production No. 151

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 152

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eleventh Affirmative Defense.

## Response to Request for Production No. 152

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 153

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twelfth Affirmative Defense.

## Response to Request for Production No. 153

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 154

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Thirteenth Affirmative Defense.

## Response to Request for Production No. 154

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged

responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 155

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fourteenth Affirmative Defense.

## Response to Request for Production No. 155

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 156

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Fifteenth Affirmative Defense.

## Response to Request for Production No. 156

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 157

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Sixteenth Affirmative Defense.

## Response to Request for Production No. 157

Defendants object to this request as compound, overbroad, unduly burdensome, and premature  Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 158

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Seventeenth Affirmative Defense.

## Response to Request for Production No. 158

Defendants object to this request as compound, overbroad, unduly burdensome, and premature.  Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.  Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 159

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Eighteenth Affirmative Defense.

## Response to Request for Production No. 159

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 160

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Nineteenth Affirmative Defense.

## Response to Request for Production No. 160

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged

responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 161

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twentieth Affirmative Defense.

## Response to Request for Production No. 161

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 162

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-first Affirmative Defense.

## Response to Request for Production No. 162

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 163

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-second Affirmative Defense.

## Response to Request for Production No. 163

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 164

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-third Affirmative Defense.

## Response to Request for Production No. 164

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objections stated herein, Defendants respond as follows: Defendants will produce non-privileged responsive documents to the extent such documents exist in their possession and are located by a reasonable search.

## Request for Production No. 165

All documents supporting or tending to support, all documents refuting or tending to refute, and all documents providing the factual basis for, Defendants' Twenty-fourth Affirmative Defense.

## Response to Request for Production No. 165

Defendants object to this request as compound, overbroad, unduly burdensome, and premature. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 166

All documents supporting or tending to support, or refuting or tending to refute, the allegations of paragraphs 18, 22, 26, 27, 31, 32, 33, 34, 37, 42, 47, 48, and 51 of the counterclaims set forth in Defendants' Answer, including but not limited to all documents allegedly constituting the individual counterclaim defendants and ConnectU LLC's "campaign of false and defamatory factual representations about Zuckerberg and thefacebook.com", all media in which such representations appeared (including but not limited to all California and Massachusetts newspapers), and all postings and links on the ConnectU.com website that allegedly support Mr. Zuckerberg's and Thefacebook, Inc.'s counterclaims.

## Response to Request for Production No. 166

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product

91

doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 63, 72-76, and 77-82. Further answering, Defendants refer Plaintiff to Plaintiff's website: http://www.connectu.com.

## Request for Production No. 167

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 28, 29, 35, 39, 40, 49, and 52 of the counterclaims set forth in Defendants' Answer that Thefacebook, Inc. has been damaged, injured, or prejudiced in any way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

## Response to Request for Production No. 167

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein, Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 90-95, 97, 103-104, and 108-109.

## Request for Production No. 168

All documents supporting or tending to support, or refuting or tending to refute, the allegations set forth in paragraphs 23, 24, 43, 44, of the counterclaims set forth in Defendants' Answer that Mr. Zuckerberg has been damaged, injured, or prejudiced in any

way by any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

## Response to Request for Production No. 168

Defendants object to this request as compound, overbroad, unduly burdensome, and premature as Defendants have neither completed their investigation of this case nor completed discovery and to the extent that this request seeks expert related material. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 169

All documents transmitted or provided to, reviewed, considered, or prepared by any and all expert witnesses engaged by all or any of the Defendants.

## Response to Request for Production No. 169

Defendants object to this request as premature and seeking documents protected by the attorney client privilege and/or attorney work product doctrine.

## Request for Production No. 170

All documents used or referred to in any way in connection with preparing responses to these requests or to Plaintiffs interrogatories.

## Response to Request for Production No. 170

Defendants object to this request as vague, overbroad, and unduly burdensome. Defendants also object to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Without waiving the general objections set forth above and subject to the specific objection stated herein,

Defendants respond as follows: Defendants refer Plaintiff to Defendants' Response to Request for Production Nos. 1-37, 39-41, 47-49, 51-68, 72-95, 97, 100-105, 108-110, 112, 114-116, 124-140, 142-154, 156, 158-160, 162, 164, and 166-167.

DATED: May 31, 2005

MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.

By their attorneys

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
dan.Hampton@hklaw.com
gordon.katz@hklaw.com

Robert B. Hawk (*of counsel*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:  (650) 324-7197

## CERTIFICATE OF SERVICE

I, Daniel K. Hampton, hereby certify that on this 31st day of May, 2005, I served a copy of the within document on the following counsel of record, via facsimile transmission and confirmation copy via first class mail:

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001; and

Jonathan M. Gelchinsky, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142


Daniel K. Hampton

# 2856375_v6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERDEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 171-185)**

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes and TheFacebook, Inc. (the "Facebook Defendants") hereby collectively respond to the second request for the production of documents and things ("Second Requests") by Plaintiff and Counterclaim Defendant ConnectU LLC and additional Counterdefendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively "Plaintiff") as follows:

-1-

## GENERAL RESPONSES AND OBJECTIONS

The Facebook Defendants have not yet completed investigation and discovery or preparation for trial. It is anticipated that further discovery, independent investigation, legal research, expert consultation and analysis will supply additional facts and documents, add meaning to known fact, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses offered at this time. The following responses are given without prejudice to the Facebook Defendants' right to produce evidence of any subsequently discovered fact or facts that the Facebook Defendants may later develop. Accordingly, the Facebook Defendants reserve the right to change any and all responses given below as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses below are made in a good faith effort to supply as much factual information as is presently known, but should in no way be used to the prejudice of the Facebook Defendants in relation to further discovery, research, or analysis.

The Facebook Defendants object to these Requests because Plaintiff has failed to sufficiently identify its trade secrets; as a result, the Facebook Defendants have filed a motion for a Protective Order, which is pending before this Court. In addition, the Facebook Defendants object to these Requests to the extent they request post-May 21, 2004 financial documents, as these documents also are the subject of the Facebook Defendants' pending motion for a protective order.

The Facebook Defendants object to these Requests to the extent they seek information that is not within the Facebook Defendants' current knowledge, is a matter of public record, is within the files and/or particular knowledge of Plaintiff and/or their agents, or is otherwise equally available to Plaintiff.

A statement herein agreeing to produce responsive documents does not mean that responsive documents necessarily exist in the possession, custody, or control of the Facebook Defendants.

To the extent the Facebook Defendants object to a request as vague and ambiguous, such that the Facebook Defendants are required to speculate on the scope of the request in the context of this action, the Facebook Defendants may nonetheless respond to such request, giving it a reasonable interpretation, provided that the Facebook Defendants shall not be deemed bound by any inconsistent interpretation applied by Plaintiff. Further, the Facebook Defendants' determination or failure to determine that information may or may not be responsive to a specific request shall not be deemed in any manner an admission by the Facebook Defendants, and the Facebook Defendants shall not be deemed bound by any inconsistent interpretation applied by Plaintiff.

The Facebook Defendants object generally to Plaintiff's Second Requests to the extent that they seek (a) documents protected by the attorney-client privilege; (b) documents prepared in anticipation of litigation or for trial; (c) confidential records or proprietary information; and/or (d) documents otherwise not discoverable within the meaning of Fed. R. Civ. P. 26 and/or 34.

## **SPECIFIC RESPONSES**

### **REQUEST FOR PRODUCTION NO. 171:**

Documents sufficient to identify, and concerning, all investments in Thefacebook, Inc. and/or thefacebook.com website, including without limitation the name of each investor; the amount of each investor's investment; the percentage of Thefacebook, Inc.'s shares, assets, or other ownership interest owned or held by each investor, the value of Thefacebook, Inc. and/or the facebook.com website estimated by or for each investor, all documents concerning or memorializing each investment; all documents concerning or memorializing negotiations with any actual or potential investor; all documents concerning or constituting presentations made to or by actual or potential investors in Thefacebook, Inc. and/or thefacebook.com website; and all documents prepared by or on behalf of Thefacebook, Inc., or prepared by on behalf of any investor, concerning or constituting any financial projections, revenue projections, profit or loss projections, and/or cash flow projections for Thefacebook, Inc. and/or thefacebook.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

The Facebook Defendants object to this Request as compound, overbroad and unduly burdensome, including without limitation, as to the time period and as requesting "all investments," "all documents concerning … each investment," "all documents concerning … negotiations with any actual or potential investor," "all documents concerning … presentations made to or by actual or potential investors," and "all documents prepared by [or] on behalf of any investor, concerning or constituting any financial projections." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests for documents, including without limitation, Request Nos. 70, 71, 83, 84, 90-101, 105, and 106. The Facebook Defendants further object to this Request to the extent it requests the same material sought by Request Nos. 70 and 71 and to the extent that those requests are already the subject of Plaintiff's pending Motion To Compel The Production Of Documents In Response To Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113, And 169 and the Facebook Defendants opposition thereto. Moreover, the financial documents sought by both this Request and Request Nos. 90-101 also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' or any potential or actual investor's attorney-client privileged, confidential, proprietary, commercially sensitive and/or trade secret information. The Facebook Defendants further object to this Request to the extent it asks for documents not in the Facebook Defendants' possession, custody, or control, including without limitation, investor's documents. Without waiving the specific and general objections set forth, the Facebook Defendants have already produced financial documents and documents concerning plans, projections, and

-4-

investors in response to earlier Requests but will produce any additional responsive, non-privileged documents in the Facebook Defendants' possession found upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 172:**

All documents concerning or constituting surveys or questionnaires of users of thefacebook.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

The Facebook Defendants object to this request as over broad and unduly burdensome, including without limitation, as to time period and to the extent it seeks "surveys and questionnaires of users" and is duplicative of other requests for documents, including Request No. 113. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent it calls for production of confidential or private information of customers and users in contravention of facebook.com's privacy policies and applicable privacy laws and to the extent it otherwise calls for confidential, proprietary, commercially sensitive and or trade secret information. The Facebook Defendants further object to this Request to the extent it asks for documents not in the Facebook Defendants' possession, custody, or control, including without limitation, user's documents.

**REQUEST FOR PRODUCTION NO. 173:**

All documents referred to or identified in Defendants' Initial Disclosure dated April 6, 2005, which have not already been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

In its April 6, 2005 Initial Disclosures, the Facebook Defendants referred to the following documents and made these documents available for inspection:

    A. Electronic mail messages and other communication between Zuckerberg and the Individual Counterclaim Defendants;

    B. Code of The Facebook, Inc. used in conjunction with its business including the web

site at www.thefacebook.com;

C. Printouts of information available at the ConnectU website, www.connectu.com;

D. Publicly available reports of statements made by the Individual Counterclaim Defendants as reported in various news media;

E. Records of time and expenses incurred by Counterclaimants responding to tortious conduct of Individual Counterclaim Defendants.

The Facebook Defendants object to this Request as over broad and unduly burdensome to the extent it requests documents already requested and/or produced, including documents from categories A, B, and D, as well as documents that Plaintiff has equal or greater access to than Facebook Defendants, including documents from categories C and D. The Facebook Defendants object to this Request as over broad and unduly burdensome to the extent it requests documents that are already required by Federal Rule of Civil Procedure 26. Without waiving the general and specific objections set forth above, the Facebook Defendants will produce any additional responsive, non-privileged documents in the Facebook Defendants' possession found upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 174:**

All documents supporting or tending to support, or refuting or tending to refute, Defendants' Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

The Facebook Defendants object to this Request as over broad and unduly burdensome, in particular to the extent it requests documents that have already been requested, including for example, by Request Nos. 143-168, and documents that have already been produced, including documents produced in response to Request Nos. 143-168. The Facebook Defendants also object to this Request as vague and ambiguous regarding the terms "tending to support" and "tending to refute." The Facebook Defendants object to this Request as over broad and unduly burdensome to the extent it requests documents that are already required by Federal Rule of Civil Procedure 26. The Facebook Defendants further object to this Request to the extent that it calls

-6-

for the Facebook Defendants' attorney-client privileged or attorney work product information.

## REQUEST FOR PRODUCTION NO. 175:

All documents sufficient to identify, constituting, or concerning Mr. Zuckerberg's problem sets, class papers, and other homework or class assignments from December 1, 2003 through February 4, 2004.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 175:

The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Request as over broad and unduly burdensome to the extent it requests documents that have already been requested, including without limitation, by Request No. 51. and documents that have already been produced, including documents produced in response to Request No. 51. The Facebook Defendants also object to this Request as vague and ambiguous, especially to the extent it seeks documents relating to "homework." The Facebook Defendants further object to this Request as it seeks information beyond the scope of a proper request for documents, and imposes on the Facebook Defendants an obligation to provide information in the nature of an interrogatory, further exacerbating Plaintiff's use of interrogatories in excess of the number permitted by the Local Rules. Without waiving the general and specific objections set forth above, the Facebook Defendants will produce any additional responsive, non-privileged documents in the Facebook Defendants' possession found upon a reasonable search.

## REQUEST FOR PRODUCTION NO. 176:

All documents sufficient to identify, constituting, or concerning all third party websites or other public domain sources that contained or embodied the entire combination identified in response to Defendants' Interrogatory No. 2 prior to February 4, 2004.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 176:

The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of

admissible evidence. The Facebook Defendants also object to this Request and vague and ambiguous to the extent that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague and ambiguous. The Facebook Defendants further object to the extent this Request seeks documents that are a matter of public record, are within the files and/or particular knowledge of Plaintiff and/or their agents, or is otherwise equally available to Plaintiff, based in part on the fact that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague, ambiguous, unclear, and non-specific. Details regarding problems with Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 are detailed in The Facebook Defendants' Memorandum In Support Of The Facebook Defendants' Motion To Compel Particularized Identification Of Trade Secrets In Response To The Facebook Defendants' Interrogatory No. 2. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' attorney-client privileged or attorney work product information.

**REQUEST FOR PRODUCTION NO. 177:**

All documents sufficient to identify, constituting, or concerning all third party websites or other public domain sources that contained or embodied nos. 1-3 set forth in response to Defendants' Interrogatory No. 2 prior to February 4, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Request and vague and ambiguous to the extent that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague and ambiguous. The Facebook Defendants further object to the extent this Request seeks documents that are a matter of public record, are within the files and/or particular knowledge of Plaintiff and/or their agents, or is otherwise equally available to Plaintiff, based in part on the fact that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague, ambiguous, unclear, and non-specific. Details regarding problems with Plaintiff's

-8-

response to the Facebook Defendants' Interrogatory No. 2 are detailed in The Facebook

Defendants' Memorandum In Support Of The Facebook Defendants' Motion To Compel

Particularized Identification Of Trade Secrets In Response To The Facebook Defendants'

Interrogatory No. 2. The Facebook Defendants further object to this Request to the extent that it

calls for the Facebook Defendants' attorney-client privileged or attorney work product

information or expert testimony.

## REQUEST FOR PRODUCTION NO. 178:

All documents sufficient to identify, constituting, or concerning all third party websites or

other public domain sources that contained or embodied any of the numbered elements identified

in response to Defendants' Interrogatory No. 2 prior to February 4, 2004.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

The Facebook Defendants object to this Request as over broad and unduly burdensome,

and as seeking irrelevant documents not reasonably calculated to lead to the discovery of

admissible evidence. The Facebook Defendants also object to this Request and vague and

ambiguous to the extent that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2

is vague and ambiguous. The Facebook Defendants further object to the extent this Request

seeks documents that are a matter of public record, are within the files and/or particular

knowledge of Plaintiff's and/or their agents, or are otherwise equally available to Plaintiff, based

in part on the fact that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is

vague, ambiguous, unclear, and non-specific. Details regarding problems with Plaintiff's

response to the Facebook Defendants' Interrogatory No. 2 are detailed in The Facebook

Defendants' Memorandum In Support Of The Facebook Defendants' Motion To Compel

Particularized Identification Of Trade Secrets In Response To The Facebook Defendants'

Interrogatory No. 2. The Facebook Defendants further object to this Request to the extent that it

calls for the Facebook Defendants' attorney-client privileged or attorney work product

information or expert testimony.

**REQUEST FOR PRODUCTION NO. 179:**

All documents sufficient to identify, constituting, or concerning design and technical documentation and/or specifications for thefacebook.com website, code, or database, from November 1, 2003 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

The Facebook Defendants object to this Request as compound, overbroad, unduly burdensome, vague and ambiguous, including without limitation, by requesting "technical documentation and/or specifications." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests for documents, including without limitation, Request Nos. 62, 63, and 67. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive documents to the extent such documents are newly discovered.

**REQUEST FOR PRODUCTION NO. 180:**

All documents sufficient to identify, constituting, or concerning database definitions for thefacebook.com website from November 1, 2003 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation, by requesting "database definitions." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests for documents, including without limitation, Request No. 67. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive documents to the extent such documents are newly discovered.

**REQUEST FOR PRODUCTION NO. 181:**

All computer program code written by Mark Zuckerberg or any other person prior to Mr. Zuckerberg's first work on the code for thefacebook.com website, which Mr. Zuckerberg or any other person incorporated into the code for thefacebook.com website in whole or in part, and/or in modified or unmodified form, in the form in which such code existed before Mr. Zuckerberg's work on the code for thefacebook.com website first began.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation by requesting "incorporated into." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request No. 69. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive matter to the extent it is newly discovered.

**REQUEST FOR PRODUCTION NO. 182:**

All computer program code for Mr. Zuckerberg's project that he called coursematch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

The Facebook Defendants object to this Request as overbroad, unduly burdensome,

-11-

vague and ambiguous, including without limitation by requesting code written before work was started on Facebook, HarvardConnection, and/or ConnectU code. The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request No. 36. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive matter to the extent it is newly discovered.

**REQUEST FOR PRODUCTION NO. 183:**

All computer program code for buddyzoo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation by requesting code written before work was started on Facebook, HarvardConnection, and/or ConnectU code. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search, but will produce additional responsive matter to the extent it is newly discovered.

**REQUEST FOR PRODUCTION NO. 184:**

The hard drive referred to in Defendants' response to Plaintiff's Production Request No. 30.

-12-

## RESPONSE TO REQUEST FOR PRODUCTION NO. 184:

Request No. 30 stated: "All documents relating in any way to facemash, facemash.com, and/or www.facemash.com, as referred to in paragraph 8 of the counterclaims set forth in Defendants' Answer." Along with objections, Facebook Defendants responded "The code for facemash was lost when the hard drive of Mr. Zuckerberg's computer malfunctioned." The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous. The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 30 and 118. Moreover, the hard drives sought by both this Request and Request Nos. 30 and 118, also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, the Facebook Defendants have already performed a reasonable search and produced responsive material, but will produce additional responsive matter to the extent it is newly discovered.

## REQUEST FOR PRODUCTION NO. 185:

The hard drive referred to on page 15 (first full paragraph) of "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 185:

The Facebook Defendants object to this Request as overbroad and unduly burdensome, as

explained in Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order. The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 30 and 118. Moreover, the hard drives sought by both this Request and Request No. 30 also already are the subject of Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order. The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general and specific objections set forth above, as previously stated, the Facebook Defendants have already performed a reasonable search and have not found the sought hard drive.

**REQUEST FOR PRODUCTION NO. 186:**

All web activity logs and all documents concerning or containing statistics or reports of usage of thefacebook.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

The Facebook Defendants object to this Request as overbroad, unduly burdensome, vague and ambiguous, including without limitation by requesting "web activity logs" and "statistics or reports of usage." The Facebook Defendants also object to this Request as overbroad and unduly burdensome to the extent it is duplicative of other requests, including without limitation, Request Nos. 85 and 87-89. The Facebook Defendants further object to this Request to the extent it requests the same material sought by Request Nos. 85 and 87-89 and to the extent that those requests are already the subject of Plaintiff's Motion To Compel The

-14-

Production Of Documents In Response To Production Request Nos. 42, 44-46, 70-71, 85-96, 98-105, 107-110, 113, And 169.  The Facebook Defendants also object to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants further object to this Request to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.  Without waiving the general and specific objections set forth above, the Facebook Defendants have already responded to Request Nos. 85 and 87 through 89.

**REQUEST FOR PRODUCTION NO. 187:**

All of the "coding" referred to by Mark Zuckerberg in his November 22, 2003 21:43:53 (EST) email to Divya Narendra (attached as Exhibit A hereto), as it existed on that date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

The Facebook Defendants object to this Request as over broad and unduly burdensome, and as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.  The Facebook Defendants also object to this Request as over broad and unduly burdensome to the extent it requests documents that have already been requested, including without limitation Request No. 50.  The Facebook Defendants also object to this Request as vague and ambiguous, especially to the extent it seeks documents relating to "coding."  The Facebook Defendants further object to this Request as it seeks information beyond the scope of a proper request for documents, and imposes on the Facebook Defendants an obligation to provide information in the nature of an interrogatory, further exacerbating Plaintiff's use of interrogatories in excess of the number permitted by the Local Rules.

Dated:  October 5, 2005.

Respectfully submitted,

/s/ Robert D. Nagel

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Joshua H. Walker*
Robert D. Nagel*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
jwalker@orrick.com
rnagel@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:    (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, and
THEFACEBOOK, INC.

* Admitted Pro Hac Vice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action.  My place of employment and business address is 4 Park Plaza, Suite 1600, Irvine, CA 92614.

On October 5, 2005, I delivered to the below listed individuals the following documents:

1.  **FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 19-23)**

-1-

2.    **FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERDEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 171-185)**

| | |
|---|---|
| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on October 5, 2005. |
| ☒ | By transmitting via electronic mail, the document(s) listed above at Irvine, California, to the electronic mail addresses as set forth below on October 5, 2005. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400
Email: john.hornick@finnegan.com

**Troy E. Grabow, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400
Email: troy.grabow@finnegan.com

| | |
|---|---|
| ☒ | By transmitting via electronic mail, the document(s) listed above at Irvine, California, to the electronic mail addresses as set forth below on October 5, 2005. |

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone:  (650) 324-7000
Facsimile:  (650) 324-0638
email: robert.hawk@hellerehrman.com
email: bhanu.sadasivan@hellerehrman.com

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone:  (617) 523-2700
Facsimile:  (617) 523-6850
email: dan.hampton@hklaw.com

DOCSOC1:168081.1

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone:  (617) 452-1600
Facsimile:  (617) 452-1666
email: larry.robins@finnegan.com

**Johnathan M. Gelchinsky**
**Margaret A. Esquenet**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1300 I Street N.W.
Washington, DC 20005-3315

Tel. No.      (617) 452-1600
Fax:           (617) 452-1666
email: jon.gelchinsky@finnegan.com
email: margaret.esquenet@finnegan.com

Executed on October 5, 2005, at Irvine, California.  I declare under penalty of perjury

that the foregoing is true and correct.

_____
                              Valerie Cloyd

DOCSOC1:168081.1