IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>Additional Counterdefendants. | |

## PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendants (collectively, "Plaintiff") hereby serve this First Set of Interrogatories on Defendants and Counterclaim Plaintiffs (collectively, "Defendants") and request that Defendants respond by serving upon Plaintiff's counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., 901 New York Avenue, NW, Washington, DC

20001-4413, sworn answers to the interrogatories set forth below no later than thirty (30) days after service hereof.

Pursuant to Local Rule 33.1(A)(2) Plaintiff requests that each interrogatory be quoted in full immediately preceding the response.

## DEFINITIONS AND INSTRUCTIONS

A. In accordance with Local Rule 26.5, the following definitions shall apply to all of Plaintiff's discovery requests:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(3) *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with thus subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

(5) *Parties.* The terms "Plaintiff," "Defendant," and/or "Defendants", as well as any party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2

(6) *Person*. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(7) *Concerning*. The term "concerning" means referring to, describing, evidencing, or constituting.

(8) *State the Basis*. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

B. The following rules of construction shall apply to all of Plaintiff's discovery requests:

(1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(2) The use of the singular form of any word shall include within its meaning the plural form of the word and vice versa.

(3) The use of the masculine form of a pronoun shall include also within its meaning the feminine form of the pronoun so used, and vice versa.

(4) The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

C. Whenever Plaintiff's interrogatories call for the identification of a document, Defendants may, in lieu of such identification, produce such document, marked with the number of the interrogatory to which it is responsive, at the time Defendants serve their responses to Plaintiff's interrogatories. When identifying documents, Defendants shall provide the following information with respect to such documents:

(1) a description of the document in sufficient detail to permit Plaintiff to locate and identify the document and to ascertain the answer to the interrogatory as readily as could Defendant;

(2) Any computerized information or summaries of such document; and

(3) Any relevant compilations, abstracts, or summaries in Defendant's custody or readily obtainable by Defendant.

D. No part of a discovery request shall be left unanswered merely because an objection is interposed to another part of the discovery request.

E. Where an objection is made to any interrogatory or any production request, or sub-part thereof, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure or applicable local rules, or any extensions thereof, shall be waived.

F. Where a claim of privilege or work product is asserted in objecting to a discovery request, or sub-part thereof, the attorney asserting the privilege shall in the objection to the discovery request, or sub-part thereof, identify the nature of the privilege being claimed, and provide the following information:

(1) For documents:

    (a) the type of document;

    (b) general subject matter of the document;

    (c) the date of the document; and

    (d) such other information sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and the relationship of the author to the addressee.

(2) For oral communications:

    (a) the name of the person making the communication, the names of persons present while the communication was made, and the relationship of these persons;

    (b) the date and place of communication; and

    (c) the general subject matter of the communication.

## INTERROGATORIES

### Interrogatory No. 1

Describe in detail Mark Zuckerberg's "creation" of the thefacebook.com website, as alleged in Paragraphs 2 and 16 of Defendants' Counterclaims, including without limitation the time period(s) in which it was created, the person(s) who wrote the code and designed the webpages, and the inclusion of any previously written code.

### Interrogatory No. 2

Describe in detail all financing plans, business plans, strategic plans, investment or financing plans, development plans, marketing plans, or other plans for Thefacebook, Inc. and/or the thefacebook.com website.

5

**Interrogatory No. 3**

Describe in detail the work Mark Zuckerberg performed for the website that was to be known as Harvard Connection, including the date(s) on which such work began and was completed.

**Interrogatory No. 4**

Identify any and all quotations attributed to Mark Zuckerberg in the media articles attached hereto as Exhibit A that do not accurately quote Mr. Zuckerberg. If Mr. Zuckerberg alleges that any quotations are accurate but out of context, supply the missing context.

**Interrogatory No. 5**

Identify all witnesses, including expert witnesses, upon whose testimony Defendants will rely in this case.

**Interrogatory No. 6**

Identify and describe in detail all false and defamatory factual representations about Mr. Zuckerberg and/or thefacebook.com that allegedly were made by any of the individual counterclaim defendants and/or ConnectU LLC at any time, as alleged in paragraphs 18, 22, 26, 27, 31, 32, 33, 34, 37, 42, 47, 48, and 51 of the counterclaims set forth in Defendants' Answer, including but not limited to the date and location of such representations and the facts supporting Defendants' allegations that such representations are false.

**Interrogatory No. 7**

Identify and describe in detail all persons who have been deterred from dealing with Thefacebook, Inc. and its business (as alleged in paragraph 38 of the counterclaims set forth in Defendants' Answer), or who have refused to do business with Thefacebook, Inc. or any of the individual Defendants, as the proximate result of any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

6

**Interrogatory No. 8**

Identify and describe in detail any and all damages, injury, and/or prejudice allegedly suffered by Thefacebook, Inc. and/or Mr. Zuckerberg, as alleged in paragraphs 23, 24, 28, 29, 35, 39, 40, 43, 44, 49, and 52 of the counterclaims set forth in Defendants' Answer, as the proximate result of any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

**Interrogatory No. 9**

Identify (by name, date, source, amount or value, and terms, as applicable) any and all investors, potential investors, loans (including but not limited to loans from any of the individual Defendants or from any nonparty, including Peter Thiel), investments, gifts (including but not limited to money, concert or other sports or entertainment tickets, meals, parties, and vehicles), contributions, offers (including but not limited to investment offers and/or offers to purchase or buy out all or part of Thefacebook, Inc. or its business, and/or the rights therein held by any of the individual Defendants and the persons or companies who made such offers), or other forms of financing contributed to or received by Thefacebook, Inc., the thefacebook.com website, and/or any of the individual Defendants for use in connection with or related to the thefacebook.com website, and all meetings with potential investors or investors (including dates, locations, participants, and a description of the purpose of such meetings), on a monthly basis from August 2003 to the date of Defendants' response to this interrogatory.

**Interrogatory No. 10**

Identify all developers, owners, shareholders, equity owners, rights holders, directors, officers, employees (including but not limited to programmers, website designers, and advertising sales representatives), and independent contractors of Thefacebook, Inc. and/or thefacebook.com website on a monthly basis from August 2003 to the date of Defendants' response to this

interrogatory, including the title, duties, responsibilities, date of first employment, and salary of each such person with respect to Thefacebook, Inc. and/or thefacebook.com website.

**Interrogatory No. 11**

Identify the universities, colleges, and other schools (by name, city, state, and country if other than the U.S.A.) at which the thefacebook.com is available or operational, on a monthly basis from August 2003 to the date of Defendants' response to this interrogatory.

**Interrogatory No. 12**

Identify the number of persons registered to use the thefacebook.com website, in total and broken out by university, college, or other school, on a daily basis from August 2003 to the date of Defendants' response to this interrogatory.

**Interrogatory No. 13**

Identify the number of hits per day to the thefacebook.com website, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this interrogatory.

**Interrogatory No. 14**

Identify the number of hits per day to the thefacebook.com website by the same users, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this interrogatory.

**Interrogatory No. 15**

Identify and describe in detail Thefacebook, Inc.'s fixed costs, variable costs, overhead, revenue, gross profit, net profit, and debt, on a monthly basis, from its launch date to the date of Defendants' response.

**Interrogatory No. 16**

Identify and describe in detail the monetary value of Thefacebook, Inc. and the thefacebook.com website.

**Interrogatory No. 17**

Identify each person who has furnished information or otherwise assisted in the preparation of an answer to one or more of these interrogatories and the answer or answers for which each such person provided such information or other assistance.

**Interrogatory No. 18**

Describe in detail the factual basis for each of Defendants' affirmative defenses.

Dated: April 7, 2005

Respectfully submitted,

_____
Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com


John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Aveue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC

10

## CERTIFICATE OF SERVICE

I, Jonathan M. Gelchinsky, hereby certify that on April 7, 2005, a true and correct copy of the foregoing PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES was served by the indicated means to the persons at the addresses listed:

Daniel K. Hampton, Esq.
Gordon P. Katz, Esq.
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116

☐ Via First Class Mail
☒ Via Hand Delivery
☐ Via Overnight Courier
☐ Via Facsimile

Robert B. Hawk, Esq.
HELLER EHRMAN, LLP
275 Middlefield Road
Menlo Park, CA 94025

☐ Via First Class Mail
☐ Via Hand Delivery
☒ Via Overnight Courier
☐ Via Facsimile

_____
Jonathan M. Gelchinsky

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway, Suite 700
Cambridge, MA 02142
Telephone: (617) 452-1600