UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Counterdefendants. | |

**DEFENDANTS AND COUNTERCLAIMANTS' RESPONSES TO PLAINTIFF AND COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES**

Defendants and counterclaimants Mark Zuckerberg and TheFacebook, Inc., and Defendants Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes (collectively "Defendants") respond to the First Set of Interrogatories of Plaintiff and Counterclaimant Defendant ConnectU LLC and additional Counterclaim Defendants

CONFIDENTIAL

Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively "Plaintiff") as follows:

Defendants have not completed their investigation of this case and have not completed discovery or preparation for trial. The responses contained herein are based only on such information as is presently available to and specifically known to Defendants. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add additional meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts that Defendants may later develop. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way lead to the prejudice of Defendants in relation to further discovery, research or analysis.

Defendants object to these interrogatories to the extent that they purport to impose obligations that exceed the scope of the Federal Rules of Civil Procedure, specifically including (but not limited to) the maximum number of permissible interrogatories permitted under Rule 33(a). These interrogatories contain numerous subparts and, when properly counted, constitute more than twenty-five interrogatories. Any undertaking by Defendants to respond to each of these interrogatories shall not constitute a waiver of Defendants' right to object on Rule 33(a) grounds to these interrogatories or to any other interrogatories propounded by Plaintiff.

**INTERROGATORY NO. 1**

Describe in detail Mark Zuckerberg's "creation" of the thefacebook.com website, as alleged in Paragraphs 2 and 16 of Defendants' Counterclaims, including without

2

CONFIDENTIAL

limitation the time period(s) in which it was created, the person(s) who wrote the code and designed the webpages, and the inclusion of any previously written code.

## RESPONSE TO INTERROGATORY NO. 1

Defendants object that this Interrogatory is vague and ambiguous in its use of terms "creation" and "any previously written code." Without waiving these objections or the general objections set forth above, Defendants respond as follows: In approximately mid-January 2004, Mr. Zuckerberg began work on thefacebook.com website. Unlike the incomplete Harvard Connection website, which had been designed for dating and professional networking, thefacebook.com website was intended to provide a comprehensive informational and social directory tool for students to share information about themselves to their classmates. Mr. Zuckerberg neither used nor copied any information, work product, or source code received from anyone associated with the Harvard Connection website. Mr. Zuckerberg also did not use or copy any of the work he had performed for the Harvard Connection website. Shortly after starting his work, Mr. Zuckerberg launched thefacebook.com website on February 4, 2004.

## INTERROGATORY NO. 2

Describe in detail all financing plans, business plans, strategic plans, investment or financing plans, development plans, marketing plans, or other plans for Thefacebook, Inc. and/or the thefacebook.com website.

## RESPONSE TO INTERROGATORY NO. 2

Defendants object to this Interrogatory on the grounds that it is compound and calls for information that is neither relevant to the subject matter of this action nor likely to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive,

3

CONFIDENTIAL

and/or trade secret information. Defendants further object to this Interrogatory as overbroad as to time period and that the terms "business plans," "strategic plans," "investment or financing plans," "financing plans," "development plans," "marketing plans," and "other plans" are overbroad, duplicative, vague, and ambiguous. Without waiving these objections or the general objections set forth above, Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants refer Plaintiff to financial statements and the business plan-related documents produced in response to Plaintiff And Counterclaim Defendants' First Request For The Production Of Documents And Things.

## INTERROGATORY NO. 3

Describe in detail the work Mark Zuckerberg performed for the website that was to be known as Harvard Connection, including the date(s) on which such work began and was completed.

## RESPONSE TO INTERROGATORY NO. 3

Defendants object that this Interrogatory is vague and ambiguous in its use of terms "work which Mark Zuckerberg performed for the website that was to be known as Harvard Connection" and "was completed." Without waiving these objections or the general objections set forth above, Defendants respond as follows: Mark Zuckerberg was contacted by Divya Narendra to perform work on the proposed Harvard Connection website in November of 2003. Mr. Narendra originally represented to Mr. Zuckerberg that about six to ten hours would be required to complete the website. Although Mr. Zuckerberg initially was willing to help out on the proposed Harvard Connection website, he never agreed to devote any particular amount of time or effort to the project and he never received any payment of any kind for his work. Mr. Zuckerberg performed work on the proposed Harvard Connection site, including writing code for some parts of the

website and working on the "Connect" side of the proposed Harvard Connection website. Mr. Zuckerberg subsequently realized, however, that the proposed Harvard Connection website was far from being finished, was not nearly as complete as Mr. Narendra had represented, was uninteresting, and unlikely to be popular among potential users in its current form. Despite the fact that Mr. Zuckerberg was not being compensated for his work, Cameron Winklevoss repeatedly requested that Mr. Zuckerberg do additional work and/or work to a schedule determined by Cameron and Tyler Winklevoss. In or about mid-January 2004, Mr. Zuckerberg informed Cameron Winklevoss that he was working on other projects which were higher priorities. Mr. Zuckerberg did no further work on the proposed Harvard Connection website.

## INTERROGATORY NO. 4

Identify any and all quotations attributed to Mark Zuckerberg in the media articles attached hereto as Exhibit A that do not accurately quote Mr. Zuckerberg. If Mr. Zuckerberg alleges that any quotations are accurate but out of context, supply the missing context.

## RESPONSE TO INTERROGATORY NO. 4

Defendants object that this Interrogatory is compound, overbroad, and unduly burdensome and harassing; it purports to require Defendants to review and analyze 167 separate articles where many of the articles do not even purport to quote Mr. Zuckerberg and are cut off and/or are illegible.

## INTERROGATORY NO. 5

Identify all witnesses, including expert witnesses, upon whose testimony Defendants will rely in this case.

## RESPONSE TO INTERROGATORY NO. 5

Defendants object to this Interrogatory because it is premature and calls for information that is the subject of attorney client privileged communications and/or attorney work product protection.

## INTERROGATORY NO. 6

Identify and describe in detail all false and defamatory factual representations about Mr. Zuckerberg and/or thefacebook.com that allegedly were made by any of the individual counterclaim defendants and/or ConnectU LLC at any time, as alleged in paragraphs 18, 22, 26, 27, 31, 32, 33, 34, 37, 42, 47, 48, and 51 of the counterclaims set forth in Defendants' Answer, including but not limited to the date and location of such representations and the facts supporting Defendants' allegations that such representations are false.

## RESPONSE TO INTERROGATORY NO. 6

Defendants object to this Interrogatory on the grounds that it is overbroad and compound. Without waiving these objections or the general objections set forth above, Defendants respond as follows: the false and defamatory factual representations about Mark Zuckerberg include the following statements: (1) Mark Zuckerberg stole his idea for thefacebook.com while writing code for the Harvard Connection website (as published, *inter alia*, in the Harvard Crimson, May 28, 2004; Stanford Daily, August 5, 2004); (2) thefacebook.com's presentation "smacked of cloning" (as published, *inter alia*, in the Harvard Crimson, May 28, 2004); (3) Mr. Zuckerberg left the Counterdefendants with code for the Harvard Connection website that was "essentially useless" (as published, *inter alia*, in the Harvard Crimson, May 28, 2004); (4) thefacebook.com, in its current form, is "as much of [the Individual Counterdefendants'] ideas and creativity as [Mr.

6

CONFIDENTIAL

Zuckerberg] had access to" (as published, *inter alia*, in the Harvard Crimson, May 28, 2004); (5) Mr. Zuckerberg "hijacked [the Individual Counterdefendants'] ideas, developed his own site, and launched it without telling [the Individual Counterdefendants']" (as published, *inter alia*, in the "Story of ConnectU," ConnectU website); (6) Mr. Zuckerberg "lead [sic] [the Individual Counterdefendants] on by pretending to complete work, and making up excuses to stall [the Individual Counterdefendants'] progress, while he developed his own competing site" (as published, *inter alia*, in the "Story of ConnectU," ConnectU website); (7) Mr. Zuckerberg's behavior was unscrupulous (as published, *inter alia*, in the "Story of ConnectU," ConnectU website); (8) Mr. Zuckerberg directly violated the rules and conduct of Harvard University, namely the honor code (as published, *inter alia*, in the Stanford Daily, August 5, 2004); and (9) "[Mr. Zuckerberg] stalled the [the Individual Counterdefendants] for months while he worked on his own idea, which he launched in February as an original idea" (as published, *inter alia*, in the Stanford Daily, August 5, 2004). These false representations are belied, *inter alia*, by the following facts. Mark Zuckerberg neither used nor copied any confidential information, work product, or source code received from anyone associated with the proposed Harvard Connection website; Mr. Zuckerberg did not use or copy any of the work he had performed for the proposed Harvard Connection website; Mr. Zuckerberg did not steal his idea for thefacebook.com while writing code for the proposed Harvard Connection website; thefacebook.com's presentation does not clone the presentation of any other site; Mr. Zuckerberg did not leave the Counterdefendants with code for the proposed Harvard Connection that was "essentially useless;" thefacebook.com, in its current form, does not reflect the ideas or creativity of the Individual Counterdefendants; Mr. Zuckerberg did not hijack the Individual Counterdefendants' ideas or develop his own site based on those ideas; Mr. Zuckerberg did not lead the Individual Counterdefendants on by pretending to complete work, and making up excuses to stall the Individual Counterdefendants' progress, while

he developed his own competing site; Mr. Zuckerberg's behavior in developing thefacebook.com website was not unscrupulous; Mr. Zuckerberg did not violate the rules and conduct of Harvard University in his development of thefacebook.com; and Mr. Zuckerberg did not stall the Individual Counterdefendants for months while he worked on his own site based upon their ideas. Defendants reserve the right to supplement this response as discovery continues.

## INTERROGATORY NO. 7

Identify and describe in detail all persons who have been deterred from dealing with Thefacebook, Inc. and its business (as alleged in paragraph 38 of the counterclaims set forth in Defendants' Answer), or who have refused to do business with Thefacebook, Inc. or any of the individual Defendants, as the proximate result of any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

## RESPONSE TO INTERROGATORY NO 7

Defendants object that this Interrogatory is compound and premature. Defendants have neither completed their investigation of this case nor completed discovery.

## INTERROGATORY NO. 8

Identify and describe in detail any and all damages, injury, and/or prejudice allegedly suffered by Thefacebook, Inc. and/or Mr. Zuckerberg, as alleged in paragraphs 23, 24, 28, 29, 35, 39, 40, 43, 44, 49, and 52 of the counterclaims set forth in Defendants' Answer, as the proximate result of any acts or omissions of the individual counterclaim defendants and/or ConnectU LLC.

## RESPONSE TO INTERROGATORY NO. 8

Defendants object that this Interrogatory is premature and calls for expert testimony. Defendants have neither completed their investigation of this case nor completed discovery. Defendants also object to this Interrogatory on the grounds that it is overbroad and compound. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Plaintiffs' wrongful actions set forth in the Answer and Counterclaims have damaged Thefacebook, Inc., by, among other things, deterring others from dealing with Thefacebook, Inc., hurting the reputation and inherent value of the company's business, interfering with the conduct of Thefacebook, Inc.'s business by forcing Thefacebook, Inc.'s employees to respond to and attempt to mitigate the effects of the defamatory statements made by Plaintiff, and by competing unfairly for website traffic that otherwise would have been directed at thefacebook.com.

## INTERROGATORY NO. 9

Identify (by name, date, source, amount or value, and terms, as applicable) any and all investors, potential investors, loans (including but not limited to loans from any of the individual Defendants or from any nonparty, including Peter Thiel), investments, gifts (including but not limited to money, concert or other sports or entertainment tickets, meals, parties, and vehicles), contributions, offers (including but not limited to investment offers and/or offers to purchase or buy out all or part of Thefacebook, Inc. or its business, and/or the rights therein held by any of the individual Defendants and the persons or companies who made such offers), or other forms of financing contributed to or received by Thefacebook, Inc., the thefacebook.com website, and/or any of the individual Defendants for use in connection with or related to the thefacebook.com website, and all meetings with potential investors or investors (including dates, locations,

9

participants, and a description of the purpose of such meetings), on a monthly basis from August 2003 to the date of Defendants' response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 9

Defendants object that this Interrogatory is compound and confusing and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information.

## INTERROGATORY NO. 10

Identify all developers, owners, shareholders, equity owners, rights holders, directors, officers, employees (including but not limited to programmers, website designers, and advertising sales representatives), and independent contractors of Thefacebook, Inc. and/or thefacebook.com website on a monthly basis from August 2003 to the date of Defendants' response to this interrogatory, including the title, duties, responsibilities, date of first employment, and salary of each such person with respect to Thefacebook, Inc. and/or thefacebook.com website.

## RESPONSE TO INTERROGATORY NO. 10

Defendants object that this Interrogatory is compound and seeks information, including information about shareholders, and/or equity owners of Thefacebook, Inc., which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory in that the terms "rights holders" and "developers" are vague and ambiguous. Defendants

additionally object to this Interrogatory as overbroad insofar as it seeks information on a monthly basis. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Mark Zuckerberg, Dustin Moskovitz, Steve Dawson-Haggerty, Erik Schultink, and James Pereira have performed work on the code for thefacebook.com website. The directors of Thefacebook, Inc. are Mark Zuckerberg, Sean Parker, Peter Thiel, and Jim Breyer. The Officers are Mark Zuckerberg, Sean Parker, and Dustin Moskovitz.

## INTERROGATORY NO. 11

Identify the universities, colleges, and other schools (by name, city, state, and country if other than the U.S.A.) at which the thefacebook.com is available or operational, on a monthly basis from August 2003 to the date of Defendants' response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 11

Defendants object to this Interrogatory on the grounds that it is overbroad, compound, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory insofar as it seeks information on a monthly basis. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Defendants refer Plaintiffs to thefacebook.com web page: http://www.thefacebook.com/index.php?showall=1.

## INTERROGATORY NO. 12

Identify the number of persons registered to use the thefacebook.com website, in total and broken out by university, college, or other school, on a daily basis from August 2003 to the date of Defendants' response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 12

Defendants object to this Interrogatory on the grounds that it is compound, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory insofar as it seeks information on a daily basis. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: the approximate number of registered users of thefacebook.com website on April 7, 2005, the date this Interrogatory was propounded, was 2.2 million.

## INTERROGATORY NO. 13

Identify the number of hits per day to the thefacebook.com website, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 13

Defendants object that this Interrogatory is compound, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory insofar as it seeks information on a daily basis. Without waiving the general objections above and subject to the objections stated herein, Defendants respond

as follows: the approximate number of hits on April 7, 2005, the date this Interrogatory was propounded, was 48 million.

## INTERROGATORY NO. 14

Identify the number of hits per day to the thefacebook.com website by the same users, in total and broken out by university, college, or other school, from August 2003 to the date of Defendants' response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 14

Defendants object that this Interrogatory is compound, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory insofar as it seeks information on a daily basis. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: the average number of hits per user on April 7, 2005, the date this Interrogatory was propounded, was approximately 36.9.

## INTERROGATORY NO. 15

Identify and describe in detail Thefacebook, Inc.'s fixed costs, variable costs, overhead, revenue, gross profit, net profit, and debt, on a monthly basis, from its launch date to the date of Defendants' response.

## RESPONSE TO INTERROGATORY NO. 15

Defendants object that this Interrogatory is overbroad, compound, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants refer Plaintiff to the financial statement records produced by Defendants in response to Plaintiff And Counterclaim Defendants' First Request For The Production Of Documents And Things.

## INTERROGATORY NO. 16

Identify and describe in detail the monetary value of Thefacebook, Inc. and the thefacebook.com website.

## RESPONSE TO INTERROGATORY NO. 16

Defendants object that this Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory in that the term "monetary value" is vague and ambiguous. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants refer Plaintiff to the financial statement records produced by Defendants in response to Plaintiff And Counterclaim Defendants' First Request For The Production Of Documents And Things.

## INTERROGATORY NO. 17

Identify each person who has furnished information or otherwise assisted in the preparation of an answer to one or more of these interrogatories and the answer or answers for which each such person provided such information or other assistance.

## RESPONSE TO INTERROGATORY NO. 17

Without waiving the general objections set forth above, Defendants respond as follows: Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes were consulted regarding their possession of information material to answering these interrogatories. Further answering, Defendants respond that Mark Zuckerberg furnished information and assistance in the preparation of these answers.

## INTERROGATORY NO. 18

Describe in detail the factual basis for each of Defendants' affirmative defenses.

## RESPONSE TO INTERROGATORY NO. 18

Defendants object to this interrogatory as compound and as premature. Without waiving the general objections set forth above and subject to these objections, Defendants respond as follows: Defendant refer Plaintiff to the facts alleged in Defendants' affirmative defenses. Further answering, by way of example of the various factual deficiencies in Plaintiff's claims and the way in which these deficiencies give rise to the defenses asserted by Defendants, Defendants state that Plaintiff asserts on behalf of a corporate entity claims which purportedly arose prior to the formation of that entity, providing a basis for the defenses of failure to state a claim, copyright misuse, lack of standing, and that the damages sustained by Plaintiff, if any, were actually and proximately caused by the conduct or misconduct of persons other than Defendants. Before October 15, 2004,

CONFIDENTIAL

Plaintiff did not own the copyright covering the Harvard Connection Code, providing a basis for the defenses of failure to state a claim, copyright misuse, lack of standing, and lack of ownership. Individual Counterdefendants have previously stated that they did not intend to pursue legal actions against Defendants, providing a basis for the defenses of estoppel, laches, waiver, and abandonment. Defendants did not copy or use the Harvard Connection Code in connection with thefacebook.com website, so any similarity between the Harvard Connection code and thefacebook.com code are at most incidental or an insufficient expression of originality to support a copyright, providing a basis for the defenses of fair use, de minimus similarity, innocent intent, copyright misuse. Plaintiff did not take appropriate steps to maintain the secrecy of its alleged trade secrets, namely business management information and procedures, providing a basis for the defenses of abandonment, license, and that the damages sustained by Plaintiff, if any, were actually and proximately caused by Plaintiff's own conduct or misconduct, or the conduct or misconduct of persons other than Defendants. No contract exists between Plaintiff and Defendants, providing a basis for the defenses that Plaintiff never relied to its detriment on any alleged acts or omissions of any Defendant, or that to the extent that the Plaintiff relied on any alleged acts or omissions of any Defendant, such reliance was not reasonable. Plaintiff waited for thefacebook.com website to become successful before filing this lawsuit, providing a basis for the defenses of laches, waiver, and failure to mitigate damages. Plaintiff defamed Mr. Zuckerberg and thefacebook.com on the ConnectU website, in the press and otherwise, providing a basis for the defenses of unclean hands and that the damages sustained by Plaintiff, if any, were actually and proximately caused by Plaintiff's own conduct or misconduct or the conduct or misconduct of persons other than Defendants. Thefacebook, Inc.'s operations are based primarily and substantially in California, providing a basis for the defense that Plaintiff's claim for violation of G.L. c. 93A is barred because the conduct complained of did not occur primarily or substantially within the Commonwealth of Massachusetts. Additional

defenses, including the defense that one or more of Plaintiff's common law claims are pre-empted by federal law, that Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law, and that Plaintiff's in whole or in part as to one or more of the individual defendants because the acts complained of were taken in their capacity as employees, agents, or servants of TheFacebook, Inc., are predominately legal in nature. Defendants reserve the right to supplement as discovery continues.

DATED: May 31, 2005　　　　　　　　　MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.

AS TO OBJECTIONS

By their attorneys,

_/s/ Daniel K. Hampton_
Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Robert B. Hawk (*of counsel*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7197

## Verification

I, Mark Zuckerberg, declare and state:

I have read DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, served herewith, and to the best of my present knowledge and belief, based in whole or in part upon information provided to me by others, this response is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on __May 30__, 2005 in Palo Alto, California.

_____
Mark Zuckerberg

## CERTIFICATE OF SERVICE

I, Daniel K. Hampton, hereby certify that on this 31st day of May, 2005, I served a copy of the within document on the following counsel of record, via facsimile transmission and confirmation copy via first class mail:

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001; and

Jonathan M. Gelchinsky, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142

Daniel K. Hampton

# 2856366_v4