

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

May 5, 2006

Monte Cooper
(650) 614-7375
mcooper@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:   *ConnectU v. Zuckerberg, et. al.*

Dear John:

I write to summarize our meet and confer conference on Friday, April 28, 2006. During that conference, we discussed ConnectU's failure to 1) produce all versions of HarvardConnection and ConnectU code and 2) perform an adequate search for relevant code.

With regard to the missing versions of code, I indicated that based on a comparison of the code produced by Joe Jackson under subpoena, and that produced by ConnectU, it is clear that ConnectU has failed to produce all versions of such code. You responded that all known versions of HarvardConnection code in ConnectU's possession, custody or control have been produced. You also stated that there is no reason to assume that other versions exist or existed in ConnectU's possession, custody or control, so that it was unnecessary to perform a forensic search as comprehensive as that which ConnectU has demanded from Facebook. When asked if you had, in fact, searched all electronic media for additional code, you declined to answer.

You further stated that if other versions of Harvard Connection software exist, they would be in the possession of Joe Jackson, Sanjay Mavinkurve and/or Mark Zuckerberg. You also said that you obtained everything from Victor Gao, and that you would ask Mr. Mavinkurve to produce what code he has in his possession. I understand from our conversation that at the time of our conference call you had not yet contacted Mr. Mavinkurve to obtain any code. I also understand that you have not actually searched Victor Gao's or Sanjay Mavinkurve's electronic data records, and instead simply asked for what you received.

You further stated that all versions of the March 7, 2005, ConnectU code in ConnectU's possession, custody or control have been produced, and that there is no reason to produce other versions such that you would make no search of Pacific Northwest Software or other sources where it would be expected to exist. You also said that ConnectU code is not relevant to any claim or defense in this action, and disagreed that it is relevant to damages issues.

US_WEST:260012858.1



**ORRICK**

John F. Hornick, Esq.
May 5, 2006

With regard to your search methodologies, I asked whether ConnectU has performed the same type of search it demands of Facebook where it does have access to electronic media. You replied that you are not required to perform such a search.

Finally, with respect to your demand for documents associated with the Court's March 31, 2006 ruling on Interrogatory No. 16, I advised you that none would be forthcoming on May 1, 2006, when Facebook supplemented the Interrogatories to which the Court sustained in part ConnectU's motion to compel because the Court's Order includes no such requirement, and merely permits ConnectU to seek documents on the present value of Facebook. When I asked for a definition of "present value" to ascertain what records that might be applicable to such a document request, you declined to provide one.

If your understanding of our conversation is different in any way, please let me know immediately.

Very truly yours,

Monte Cooper

cc:   Margaret A. Esquenet, Esq. (via email)
      Troy E. Grabow, Esq. (via email)
      Kenneth Curtis, Esq. (via email)
      Pat Hart , Esq. (via email)
      Robert B. Hawk, Esq. (via email)
      Daniel K. Hampton, Esq. (via email)
      Steve M. Bauer, Esq. (via email)

US_WEST:260012858.1