IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>               Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN,<br>DUSTIN MOSKOVITZ, ANDREW MCCOLLUM,<br>CHRISTOPHER HUGHES, and THEFACEBOOK,<br>INC.,<br><br>               Defendants. | CIVIL ACTION NO. 1:04-CV-11923<br>(DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>               Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>               Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER<br>WINKLEVOSS, and DIVYA NARENDRA,<br><br>               Additional Counterdefendants. | |

## DEFENDANT AND COUNTERCLAIMANT FACEBOOK, INC.'S, SECOND REQUEST TO PLAINTIFF AND COUNTERDEFENDANTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 29-152)

TO CONNECTU LLC AND ITS ATTORNEYS OF RECORD:

FACEBOOK, INC., ("Facebook") hereby requests that the following documents and

things be produced by Plaintiff and Counterdefendant ConnectU LLC ("ConnectU") pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure and to the Definitions and Instructions

herein. Facebook will accept delivery of the requested documents and things at the offices of

Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025.

-1-

# DEFINITIONS

The following definitions shall apply for purposes of this second request for the production of documents and things:

1.      **"ConnectU," "You," "Your," or "Plaintiff"** means Plaintiff and Counterdefendant ConnectU LLC and any of its present or former directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf, or purporting to act on its behalf, including Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra. It is acknowledged that the issue of whether Harvard Connection is a predecessor in interest to ConnectU may be disputed. To the extent that a Document Request demands information on "ConnectU", "You", "Your", You must produce Documents with specific information relating to ConnectU first, and all other persons listed above other than Harvard Connection. To the extent that Documents also relates to Harvard Connection directly, You must also produce these.

2.      **"ConnectU website"** means the internet website www.connectu.com, including all versions thereof whether or not such were publicly accessible.

3.      **"HarvardConnection** website" means the internet website allegedly designed and developed beginning in or about December 2002, including all versions thereof whether or not such were publicly accessible.

4.      **"Facebook"** means Facebook, Inc., (previously called TheFacebook, Inc.) Defendant and Counterclaimant in this action.

5.      **"Thefacebook website"** means the internet website www.thefacebook.com.

6.      **"Source code"** means such versions of the language or instructions that may be

-2-

used or read by a computer such that the language or instructions are perceptible by and comprehensible to humans without the aid of a machine.

7.    **"Zuckerberg"** means Mark Zuckerberg, Defendant and Counterclaimant in this action.

8.    The term **"Documents"** shall have the broadest meaning defined by Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable case law, and shall include, without limitation, (1) drawings and information in computer readable format, and (2) "writings" and "recordings" as defined by Rule 1001 of the Federal Rules of Evidence.  A draft or non-identical copy is a separate document within the meaning of this term.

9.    Any reference to **"and"** includes **"or,"** and vice-versa. **"Any"** and **"all"** as used herein shall include "each and "every." Similarly, any reference to the singular includes the plural, and vice versa.

10.    The words **"relating to"** includes, without limitation, constituting, consisting of, in connection with, discussing, supporting, including, evidencing, summarizing, describing or otherwise concerning..

11.    These requests incorporate the definitions provided in D. Mass. L.R. 26.5.

## INSTRUCTIONS

The following instructions shall apply for purposes of this first request for production of documents and things:

1.    Where you withhold documents for reasons of attorney-client privilege, work-product immunity, trade secret status, confidentiality, or the like, you shall promptly serve a list of such documents prepared in accordance with Federal Rule of Civil Procedure 26(b)(5), including at least the names and status (i.e., attorney or non-attorney) of the authors and any

-3-

recipients; the date of the document; the basis for withholding the document; and a description of the document and its subject matter sufficient to allow Facebook to evaluate the claimed basis for withholding.

2.      Whenever you produce a document in redacted form, please state with particularity the reason or reasons it is not produced in full, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not produced.

3.      The documents requested include those documents in your possession, custody, or control, or the possession, custody, or control of your attorneys, licensees, co-joint venturers, accountants, brokers, bankers, employees, agents, subsidiaries, affiliates, and representatives, or anyone else acting on your behalf, wherever such documents are located, both within and outside the United States.

4.      This request for production of documents and things shall be deemed continuing, and you shall be obligated to change, supplement, and correct its responses and production to conform to all available information, including such information as becomes available to you after production hereto is undertaken.

5.      If any document called for is not available or accessible, is no longer in existence, or is withheld under a claim or privilege of protection against discovery, give the following information for that document:

        a.   The name and title of the author(s);

        b.   The name and title of each person to whom the document was addressed;

        c.   The name and title of each person to whom a copy of the document was sent, directed, circulated, or distributed;

-4-

d.  The date of the document;

e.  The number of pages;

f.  A brief description of the nature and subject matter of the document in sufficient detail to permit other parties to this action to assess the applicability of any asserted privilege or immunity; and

g.  The paragraph(s) of the request to which the document is responsive;

h.  The name of each person now in possession of the document or any identical or non-identical copy;

i.  The basis of the claim, privilege, or protection against discovery (if applicable);

j.  The reasons why the document is not available or accessible or is no longer in existence (if applicable).

The time period covered by these requests, unless otherwise indicated, extends from December 1, 2002 through the present.

**Request for Production No. 29:**

All documents that summarize, describe, refer to, or constitute evidence for any of the "information and belief" by which you alleged as of September 2, 2004 that "the parties are citizens of different states" in Paragraph 2 of the Original Complaint filed in this action.

**Request for Production No. 30:**

All documents that summarize, describe, refer to, or constitute evidence that "Defendants Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes operate[d] as an implied or *de facto* partnership and do business as TheFaceBook.com a/k/a TheFaceBook in the Commonwealth of Massachusetts" as of September 2, 2004, as stated in paragraph 10 of the

US_WEST:260018952.1

Original Complaint filed in this action.

**Request for Production No. 31:**

All documents that summarize, describe, refer to, or constitute evidence for the "information and belief" by which you allege "Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York," as alleged in Paragraph 5 of both the Original and First Amended Complaint filed in this action.

**Request for Production No. 32:**

All documents that summarize, describe, refer to, or constitute evidence that "Plaintiff's business model ... was based on advertising revenue," and "had a significant chance of financial success" as alleged in Paragraph 13 of the First Amended Complaint filed in this action, including (but not limited to) all documents describing, referring to, or constituting evidence of the "Plaintiff's business model," its being "based on advertising revenue," and/or that it "had a significant chance of financial success."

**Request for Production No. 33:**

All documents that summarize, describe, refer to, or constitute evidence of the individual coding responsibilities and efforts of each of the individuals other than the Defendants alleged to have developed Harvard Connection Code or code for www.connectu.com, including (but not limited to) any of (a) the Harvard Students, the "first programmer hired by plaintiff," or Victor Gao, referenced in paragraph 14 of the First Amended Complaint; (b) the "programmer" referenced in paragraph 20 of the Amended Complaint; (c) Sanjay Mavinkurve; (d) Joe Jackson; (e) Winston Williams or programmers/individuals at Pacific Northwest Software; (f) Wayne Chang or any programmers/individuals associated with i2hub.

**Request for Production No. 34:**

US_WEST:260018952.1

All documents that summarize, describe, refer to, or constitute evidence of "Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users" that is alleged to have been entrusted to Defendant Zuckerberg in paragraph 16 of the First Amended Complaint.

**Request for Production No. 35:**

All documents that summarize, describe, refer to, or constitute evidence of "Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users" that is alleged to have been entrusted to Defendant Zuckerberg in paragraph 16 of the First Amended Complaint.

**Request for Production No. 36:**

All documents that summarize, describe, refer to, or constitute evidence that "Zuckerberg agreed to develop the Harvard Connection Code in exchange for a monetary interest in Plaintiff, as well as the ability to identify and highlight his contribution to prospective employers," as alleged in paragraph 17 of the First Amended Complaint.

**Request for Production No. 37:**

All documents that summarize, describe, refer to, or constitute evidence that "using Plaintiff's confidential business plans and the Harvard Connection Code provided by Plaintiffs, Defendants launched a directly competitive website, TheFaceBook.com," and "Defendants used the Harvard Connection Code in connection with TheFaceBook.com," as alleged in paragraph 19 of the First Amended Complaint.

**Request for Production No. 38:**

All documents that summarize, describe, refer to, or constitute evidence that "Defendant Zuckerberg shared Plaintiff's confidential business information and the Harvard Connection Code with Defendants Saverin, Moskovitz, McCollum, and Hughes," as alleged in paragraph 21 of the First Amended Complaint.

**Request for Production No. 39:**

All documents that summarize, describe, refer to, or constitute evidence of what ConnectU contends is "Defendants' market advantage" as alleged in paragraph 23 of the First Amended Complaint.

**Request for Production No. 40:**

All documents that summarize, describe, refer to, or constitute evidence of that it was "Defendants' market advantage" that "usurped ConnectU's market share and related business opportunities," as alleged in paragraph 23 of the Amended Complaint, including (but not limited to) all documents that reflect what ConnectU contends its "market share and related business opportunities" would have been but for the acts alleged in paragraph 23 of the First Amended Complaint to have "usurped" them.

**Request for Production No. 41:**

All documents that summarize, describe, refer to, or constitute evidence that the allegedly "copied copyrighted subject matter" was "used by Defendants in connection with the TheFaceBook.com website," as alleged in paragraph 26 of the Amended Complaint, including all documents that summarize, describe, refer to, or constitute evidence of how the Defendants' website or software-based products is a "derivative work," as also referenced in paragraph 26 of the First Amended Complaint.

**Request for Production No. 42:**

US_WEST:260018952.1

All documents that summarize, describe, or refer to the alleged irreparable injury and monetary damages suffered by ConnectU, as alleged in paragraphs 29, 37, 41, 45, 51, 59, 65, 69, and 76 of the First Amended Complaint.

**Request for Production No. 43:**

All documents that summarize, describe, or refer to the "appropriate steps [taken] to maintain the secrecy of [your] business management information and procedures," as alleged in paragraph 31 of the First Amended Complaint.

**Request for Production No. 44:**

All documents that summarize, describe, or refer to the existence of and value of your "business management information and procedures," as alleged in paragraphs 32 and 35 of the First Amended Complaint.

**Request for Production No. 45:**

All documents that summarize, describe, or refer to your allegation that you "expended significant effort in both time and money to develop [your] business management information and procedures," as alleged in paragraph 33 of the First Amended Complaint.

**Request for Production No. 46:**

All contracts entered into between you and Zuckerberg including drafts thereof, including (but not limited to) copies of all documents that summarize, describe or refer to the contracts referenced in any of paragraphs 38-45 of the First Amended Complaint.

**Request for Production No. 47:**

All documents that summarize, describe, refer to, or constitute contracts, or contract negotiations, between you and Zuckerberg, including (but not limited to) copies of all documents that summarize, describe or refer to any contracts or contract negotiations referenced

US_WEST:260018952.1

in any of paragraphs 38-45 of the First Amended Complaint.

**Request for Production No. 48:**

All documents that summarize, describe, refer to, or constitute the "valuable benefit" referenced in paragraph 62 of the First Amended Complaint, including (but not limited to) all documents that summarize, describe, refer to, or constitute evidence that "Defendants have been enriched at the expense of Plaintiff," as alleged in paragraph 61 of the First Amended Complaint.

**Request for Production No. 49:**

All documents that support your contention that Defendants "caused website users and advertisers to refrain from entering into contracts and other business relations with ConnectU and have usurped such business opportunities," as alleged in paragraph 67 of the First Amended Complaint.

**Request for Production No. 50:**

All documents that support your contention that Zuckerberg "never intended to provide the code," as alleged in paragraph 71 of the First Amended Complaint.

**Request for Production No. 51:**

All Documents relating to contracts, proposed contracts, and/or agreements entered into between ConnectU and advertisers on the ConnectU website.

**Request for Production No. 52:**

All Documents relating to contracts, proposed contracts, and/or agreements entered into between ConnectU and the users of the ConnectU website.

**Request for Production No. 53:**

All Documents relating to potential contracts, agreements that ConnectU did not enter into with advertisers, because of Facebook's interference with ConnectU, as alleged by ConnectU in

US_WEST:260018952.1

paragraph 67 of the First Amended Complaint.

**Request for Production No. 54:**

All Documents relating to the denials set forth in paragraphs 4 and 5 of Counterclaim Defendants' Reply to Counterclaims of the Facebook, Inc. and Mark Zuckerberg that Cameron and Tyler are citizens of the Commonwealth of Massachusetts.

**Request for Production No. 55:**

All Documents relating to the denials and/or averments set forth in paragraphs 7-52 of Counterclaim Defendants' Reply to Counterclaims of the Facebook, Inc. and Mark Zuckerberg.

**Request for Production No. 56:**

All Documents relating to and/or reflecting the present value of ConnectU and connectu.com.

**Request for Production No. 57:**

All Documents relating to the May 17, 2006 *New Yorker* article "Me Media" by John Cassidy,  including (but not limited to) all correspondence between any member or representative of ConnectU and *The New Yorker*, and/or copies of all documents shown by any member or representative of ConnectU to John Cassidy or other writer, employee or agent of *The New Yorker*.

**Request for Production No. 58:**

All Documents relating to and/or reflecting the value of investment in and identity of the investors of ConnectU, Harvard Connection, and/or www.connectu.com, including documents reflecting the dates and amounts of investment each has made, as well as for each and every loan made to ConnectU, Harvard Connection, and/or www.connectu.com, the dates and value of each such loan, and the terms thereof.

-11-

**Request for Production No. 59:**

All Documents relating to and/or reflecting the ownership and identity of each developer, shareholder, owner, equity owner, rights holder, director, officer or agent of ConnectU, Harvard Connection, and/or www.connectu.com, including documents reflecting the identity of any person with any type of ownership interest in ConnectU, Harvard Connection, and/or www.connect.com on a yearly basis from August, 2003 through the present.

**Request for Production No. 60:**

All Documents relating to and/or reflecting the identity of each university, college and/or other school at which ConnectU, Harvard Connection, and/or www.connectu.com has been available or operational, on a monthly basis from August 2003 to the present.

**Request for Production No. 61:**

All Documents relating to and/or reflecting the number of persons registered to use ConnectU, Harvard Connection, and/or www.connectu.com in total, as well as by university, college, or other school, on a monthly basis from August 2003 to the present.

**Request for Production No. 62:**

All Documents relating to and/or reflecting the number of hits per day at ConnectU, Harvard Connection, and/or www.connectu, in total and broken out by university, college, or other school, from August 2003 through the present.

**Request for Production No. 63:**

All Documents relating to and/or reflecting the number of hits per day by the same user at ConnectU, Harvard Connection, and/or www.connectu.com in total and broken out by university, college, or other school, from August 2003 to the present.

**Request for Production No. 64:**

-12-

All Documents relating to and/or reflecting the fixed costs, variable costs, overhead, revenue, gross profit, net profit or loss, and debt, of ConnectU, Harvard Connection, and/or www.connectu.com, on a monthly basis from August 2003 to the present.

**Request for Production No. 65:**

All Documents relating to and/or reflecting the contribution to Harvard Connection, ConnectU, and/or www.connectu.com, whether by expenditure of time or financial contribution, of any entity associated with the members of ConnectU, including (but not limited to), the Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, and/or Maria Antonelli.

**Request for Production No. 66:**

All Documents relating to and/or reflecting the amount of damages each Defendant individually or collectively alleges to have suffered, as a result of the allegations of the complaint, including all documents relating to or reflecting any attempt by you to mitigate your damages.

**Request for Production No. 67:**

All Documents relating to or reflecting the program known as "Social Butterfly", and/or any other software program designed to solicit membership in ConnectU, Harvard Connection, and/or www.connectu, including copies of all versions of the software itself.

**Request for Production No. 68:**

All Documents relating to the program known as the "importer" and/or "Facebook Importer" (see, e.g., production document C008963), and/or any other software program designed to solicit membership of registered email users of www.facebook to ConnectU,

-13-

Harvard Connection, and/or www.connectu, including copies of all versions of the importer software itself.

**Request for Production No. 69:**

All Documents reflecting communications between members of Harvard Connection and/or ConnectU and Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Request for Production No. 70:**

All Documents reflecting communications between members of Harvard Connection and/or ConnectU and any developer of the software and code used to create, run and operate Harvard Connection and/or ConnectU, including copies of all correspondence between YOU or your agents and Joseph Jackson, Victor Gao, Sanjay Mavinkurve.

**Request for Production No. 71:**

All Documents reflecting or referring to the independent contribution, by date of such contribution, to the Harvard Connection software you allege is copyright protected, including copies of all versions of the software as it existed prior to the date of registration with the United States Copyright Office.

**Request for Production No. 72:**

All Documents reflecting or referring to communications between members of ConnectU and/or Harvard Connection and any member of the public prior to February 28, 2004, in which the subject of the development of Harvard Connection is discussed, including (but not limited to) communications with Nate Rosenberg, Rob Scott, Chris Lentz, potential employers of Divya Narendra, family members, Marko Soldo, and/or Mike Jaffee.

-14-

**Request for Production No. 73:**

All Documents relating to internal management and consultant reports, studies, prospectuses, correspondence, and presentation outlines related to business, financial and marketing planning and budgeting for Connect U and ConnectU's website.

**Request for Production No. 74:**

All Documents relating to reports, reviews, valuations, appraisals, and audits by outside accountants, appraisers and consultants, including but not limited to all supporting workpapers, calculations, notes, reference documents, management letters, and other related correspondence for ConnectU and ConnectU's website.

**Request for Production No. 75:**

All Documents in ConnectU's possession, relating to other social network websites, including but not limited to trade associations, periodicals, magazines related to websites similar to ConnectU.

**Request for Production No. 76:**

All Documents referring to,. relating to or reflecting your corporate organizational charts.

**Request for Production No. 77:**

All annual and quarterly consolidated and unconsolidated balance sheets and consolidated and unconsolidated income statements for ConnectU, and all annual general ledgers.

**Request for Production No. 78:**

All Documents relating to accounts receivable, listings, journals, and ageing schedules indicating customer name, description of receivable, amounts and the dates that amounts were incurred and due, including all calculations and adjustments for bad debts for sales involving

ConnectU.

**Request for Production No. 79:**

All Documents relating to records and analyses related to intangible assets, including, but not limited to, goodwill, customer lists and product lines, trademarks, other patents, and any items that ConnectU describes as proprietary.

**Request for Production No. 80:**

All Documents relating to accounts payable listings, journals and aged schedules indicating vendor name, description of payable, amounts, and the dates that amounts were incurred and due relating ConnectU.

**Request for Production No. 81:**

All Documents relating to contracts, agreements, or purchase orders between ConnectU and outside equipment manufacturers ("OEM") for products or components used in the creation and functioning of the ConnectU website.

**Request for Production No. 82:**

All Documents generated by ConnectU relating to sales reports, summaries and analyses per type, product, service, customer, period, location, users.

**Request for Production No. 83:**

All Documents generated by ConnectU relating to sales journals, transaction or invoice registers (electronic or otherwise) and sales invoices indicating, for each sale, customer name and identification codes, products, product or services sold, unit quantities, unit prices, date of sale and any credit terms, discounts, or other adjustments made thereto.

**Request for Production No. 84:**

All Documents generated by ConnectU relating to sales and services orders, contracts,

-16-

and agreements indicating customer, product, service to be supplied, delivery or service

schedule, period, payment and credit terms, all representations of performance and quality, and

all correspondence and modifications.

**Request for Production No. 85:**

All Documents relating to revenue projections of forecasts and/or budgets with revenue

projections, including, but not limited to ConnectU's marketing forecast for all periods generated,

with supporting schedules, for the period January 1, 2003 through the present.

**Request for Production No. 86:**

All Documents relating to market studies, reports or analysis relating to the subject

industry including but not limited to reports on competition, market segments, market share.

**Request for Production No. 87:**

All Documents which describe features of ConnectU's website utilizing the disputed

intellectual property, including customer proposals and correspondence between advertisers

which reflect attributes of the ConnectU website.

**Request for Production No. 88:**

All Documents which describe the distribution and marketing systems for the ConnectU

website, including but not limited to number of customers, (i.e. number of users, number of

schools), sales representatives, volume.

**Request for Production No. 89:**

All Documents which indicate or summarize the results of any customer surveys or

questionnaires, including surveys taken after demonstrations of ConnectU website to potential

customers.

**Request for Production No. 90:**

All Documents relating to analyses, summaries and descriptions of the individual components of cost of sales and operating expenses for ConnectU's website.

**Request for Production No. 91:**

All Documents relating to analyzes and/or breakdowns of fixed and variable expenses and any documentation of expenses classified as fixed and variable by ConnectU.

**Request for Production No. 92:**

All Documents relating to research and development related to ConnectU and ConnectU website.

**Request for Production No. 93:**

All Documents relating to research and development costs related to ConnectU and ConnectU website.

**Request for Production No. 94:**

All Documents relating to licensing agreements signed as well as contemplated relating to the ConnectU website.

**Request for Production No. 95:**

All Documents tracking ConnectU's market share of the social network website market.

**Request for Production No. 96:**

All Documents relating to market share information, including but not limited to any analyses made by ConnectU of any competitor's market share, advantages, or disadvantages.

**Request for Production No. 97:**

All Documents relating to any assessments of the ConnectU website, performed by, including but not limited to, marketing, sales, executive personnel identifying product features, positioning, differentiation from other websites, pricing and other issues related to sales.

-18-

**Request for Production No. 98:**

All Documents relating to due diligence performed by ConnectU on any acquisition of technology or other intellectual property in the social network website markets.

**Request for Production No. 99:**

All Documents relating to due diligence conducted related to ConnectU financing, including but not limited to budgets, projections, marketing plans given to potential investors or lenders.

**Request for Production No. 100:**

All Documents listing Persons employed by ConnectU.

**Request for Production No. 101:**

All Documents relating to products that ConnectU has developed or is currently developing.

**Request for Production No. 102:**

All Documents transmitted or provided to, reviewed, considered or prepared by any and all expert witnesses engaged by ConnectU.

**Request for Production No. 103:**

All Documents identifying all your customers.

**Request for Production No. 104:**

All contracts or agreements between ConnectU and Zuckerberg that evidence that Zuckerberg was a partner of Harvard Connection and/or ConnectU.

**Request for Production No. 105:**

All Documents that show a precise deadline for Zuckerberg's completion of the Harvard Connection code.

-19-

**Request for Production No. 106:**

All Documents that show that Zuckerberg was not allowed by ConnectU to engage in any competing business.

**Request for Production No. 107:**

All Documents that show that ConnectU did not disclose their alleged trade secret to any third-party.

**Request for Production No. 108:**

All documents, emails, or other communications from or between any member, agent, or employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website known as Harvard Connection.

**Request for Production No. 109:**

All documents, emails, or other communications from or between any member, agent, or employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc

-20-

Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net,

i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website

known as www.connectu.

**Request for Production No. 110:**

All documents, emails, or other communications from or between any member, agent, or

employee of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss,

Divya Narendra, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson,

Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney

Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria

Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc

Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net,

i2Hub and/or Pacific Northwest Software) relating to or referring in any way to the website

known as www.facebook.com.

**Request for Production No. 111:**

All email(s) and/or other communications between Cameron Winklevoss and any other

party relating to the creation, development, functionality, copyright protection of, or

confidentiality of features of Harvard Connection or ConnectU, including (but not limited to)

Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes,

Divya Narendra, Tyler Winklevoss, Howard Winklevoss, Victor Gao, Sanjay Mavinkurve,

Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike

Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter

Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David

Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other)

member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Request for Production No. 112:**

All email(s) and/or other communications between Tyler Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Howard Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Request for Production No. 113:**

All email(s) and/or other communications between Divya Narendra and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Cameron Winklevoss, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

US_WEST:260018952.1

**Request for Production No. 114:**

All email(s) and/or other communications between Howard Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Request for Production No. 115:**

All email(s) and/or other communications between Tyler Winklevoss and any other party relating to the creation, development, functionality, copyright protection of, or confidentiality of features of Harvard Connection or ConnectU, including (but not limited to) Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, Divya Narendra, Tyler Winklevoss, Cameron Winklevoss, Victor Gao, Sanjay Mavinkurve, Joseph Jackson, Winklevoss Group, Winklevoss & Associates, Winklevoss Consultants, Mike Vasile, Rodney Vessels, Mark Rakov, Verna Holder, Chris Giannakopoulos, David Love, Peter Brot, Maria Antonelli, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

US_WEST:260018952.1

**Request for Production No. 116:**

All documents in the possession, custody or control of any member of ConnectU (including Cameron Winklevoss, Howard Winklevoss, Divya Narendra, and/or Howard Winklevoss) that relates in any way to the subject matter of this lawsuit.

**Request for Production No. 117:**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by any member, agent, employee, or assignee or consultant of ConnectU (including, but not limited to, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Victor Gao, Sanjay Mavinkurve, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other) member(s) of imarc.net, i2Hub and/or Pacific Northwest Software), to the extent that computer was used to communicate regarding or reflects the creation or development of the Harvard Connection software and website, or any software reflecting the creation, development and operation of the ConnectU website, the Social Butterfly program, or the Facebook Importer program.

**Request for Production No. 118:**

All documents referring to or reflecting the use by any member, employee, agent, consultant or assignee of ConnectU of the Facebook website, including (but not limited to) all documents referring to or reflecting the attempt to access the Facebook website by any of Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Victor Gao, Sanjay Mavinkurve, Winston Williams, Alex Rofman, John Taves, Wayne Chang, David Gucwa, Marc Pierrat, Dave Tufts, Nick Grant, and/or "fred@imarc.net," or any (other)

-24-

member(s) of imarc.net, i2Hub and/or Pacific Northwest Software.

**Request for Production No. 119:**

All documents referring to or reflecting the use by ConnectU of any software program designed to access the Facebook website, including all documents referring to or relating to the program known as the Facebook "Importer" (see, e.g., Production Document C008963).

**Request for Production No. 120:**

All documents referring to or reflecting the use by ConnectU of any software program designed to solicit membership in ConnectU, including soliciting members with accounts at the Facebook website, including all documents referring to or relating to the program known as "Social Butterfly."

**Request for Production No. 121:**

All documents supporting or tending to support the factual bases of all claims set forth in the Complaint, Amended Complaint, Counterclaims, and/or Reply to Counterclaims (or any subsequent Amended Complaint).

**Request for Production No. 122:**

All documents concerning or constituting surveys or questionnaires of users of either the Harvard Connection or ConnectU websites.

**Request for Production No. 123:**

All documents relating to the subject matter of this lawsuit, including documents identified in ConnectU's Initial Disclosures and Responses to Requests for Production not previously produced, and/or responsive documents generated since Defendants' initially responded.

**Request for Production No. 124:**

All documents reflecting that the items listed in Defendants' Response to Interrogatory Number 2 constituted a trade secret of ConnectU.

**Request for Production No. 125:**

All documents reflecting knowledge by Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, Joe Jackson, Victor Gao, Sanjay Mavinkurve, Mark Zuckerberg, or any other party alleged to have knowledge of Harvard Connection prior to the launch of www.facebook.com, of any public domain websites featuring any of the items listed in Defendants' Response to Interrogatory Number 2, regardless of whether ConnectU claims the public domain website features every item listed in Interrogatory Number 2.

**Request for Production No. 126:**

All documents, emails and other communications relating in any way to the website known as Harvard Connection, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Request for Production No. 127:**

All documents, emails and other communications relating in any way to the website known as www.facebook.com, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Request for Production No. 128:**

All documents, emails and other communications relating in any way to the website known as www.connectu.com, of which any member, agent, employee, or consultant of ConnectU received or possesses a copy.

**Request for Production No. 129:**

All documents sufficient to identify, constituting or concerning design and technical

US_WEST:260018952.1

documentation and/or specifications for the Harvard Connection website, code, or database, from the date of its creation to the last date it operated.

**Request for Production No. 130:**

All documents sufficient to identify, constituting or concerning design and technical documentation and/or specifications for the www.connectu.com website, code, or database, from the date of its creation to the present.

**Request for Production No. 131:**

All documents sufficient to identify, constituting or concerning operational costs and management of the website www.connectu.com, including documents reflecting the amount of memory used to operate the website on a monthly basis from the date of creation through the present.

**Request for Production No. 131:**

All documents sufficient to identify each email account used by any member of Harvard Connection or ConnectU, from January 1, 2003 through the present.

**Request for Production No. 132:**

All documents sufficient to identify each user account used to access the Facebook website by any member of Harvard Connection or ConnectU, from the date Facebook first became known to ConnectU through the present.

**Request for Production No. 133:**

All documents sufficient to identify each user account used to access the Facebook website at the direction of, or at the request of, any member of Harvard Connection or ConnectU, from the date Facebook first became known to ConnectU through the present.

**Request for Production No. 134:**

US_WEST:260018952.1

All documents sufficient to identify what you allege are any "database definitions" designed for or as part of the Harvard Connection website.

**Request for Production No. 135:**

Copies of all documents shown to, generated by, or referring or relating to, any expert or technical consultant used or employed by ConnectU for purposes of this litigation.

**Request for Production No. 136:**

Copies of all documents concerning your efforts from August 2003 through the present to identify and locate any and all computers in your possession, custody or control, or in the possession, custody or control of your agents, assignees, employees, or website hosting provider(s), that could reasonably contain any version of either the Harvard Connection or ConnectU source code and software.

**Request for Production No. 137:**

Copies of all documents concerning your efforts from August 2003 through the present to locate and retrieve and/or recover any communications, content, source code, or software  that might relate to the subject matter of this lawsuit, including (without limitation) any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Request for Production No. 138:**

Copies of all documents concerning your efforts from August 2003 through the present to analyze communications, content, source code, or software that might relate to the subject matter of this lawsuit, including (without limitation) any deleted or corrupted information present,

US_WEST:260018952.1

stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Request for Production No. 139:**

Copies of all documents concerning your efforts from August 2003 through the present to obtain any and all electronic versions, whether in active or archival storage, of the content, source code, or software of Harvard Connection, including (without limitation) any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Request for Production No. 140:**

Copies of all documents concerning your efforts from August 2003 through the present to ensure that you obtained and maintained any source code or software for Harvard Connection, including (without limitation) any versions of said code existing prior to March 4, 2004, and any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Request for Production No. 141:**

Copies of all documents concerning your efforts from August 2003 through the present to ensure that you obtained and maintained any source code or software for ConnectU, including (without limitation) all versions of said code through the present, and any deleted or corrupted

-29-

information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU.

**Request for Production No. 142:**

Copies of all documents concerning your process for making mirror images or forensic copies from August 2003 through the present of any source code or software for Harvard Connection and/or ConnectU.

**Request for Production No. 143:**

Copies of all documents concerning the results of any and all searches, analyses, or examinations communications, content, source code, or software that might relate to the subject matter of this lawsuit, including (without limitation) the results of any and all searches, analyses, or examinations for any deleted or corrupted information present, stored, or residing on, or deleted from, any and all computers in the possession, custody or control of ConnectU and its members, or in the possession, custody or control of any agent, assignee, employee or website hosting provider for ConnectU and/or Harvard Connection.

**Request for Production No. 142:**

Copies of all documents referring to or relating to what specific portions of the Harvard Connection source code or software you allege was copied for purposes of your copyright claim.

**Request for Production No. 143:**

Copies of all documents referring to or relating to comparisons of all specific portions of the Harvard Connection source code or software you allege was copied for purposes of your copyright claim to the source code and software of Facebook.

**Request for Production No. 144:**

Copies of all documents demonstrating that you compared specific portions of the Harvard Connection source code or software to features of Facebook prior to the initiation of this lawsuit.

**Request for Production No. 145:**

Copies of all documents demonstrating that you made a good faith investigation of your copyright claim prior to alleging copyright infringement, including copies of all documents reflecting what code, functions or software you allege existed in the Facebook website that prior to this lawsuit you contend were copied from the Harvard Connection code or software.

**Request for Production No. 145:**

Copies of all documents referring to, relating to, or demonstrating the amount of damages you allege you have suffered as a result of Defendants' conduct from the period between the launch of the Facebook website and the launch of the ConnectU website.

**Request for Production No. 146:**

Copies of all documents referring to, relating to, or demonstrating the amount of damages you allege you have suffered as a result of Defendants' conduct from the period following the launch of the ConnectU website, including all documents referring to, relating to, or demonstrating that Facebook was responsible for such damages.

**Request for Production No. 147:**

Copies of all documents referring to, relating to, or demonstrating the efforts of ConnectU to obtain members for its website, from the date of its launch to the present.

**Request for Production No. 148:**

Copies of all documents referring to, relating to, or demonstrating the efforts of ConnectU and its members to ensure that ConnectU realized a profit.

-31-

**Request for Production No. 149:**

Copies of all documents referring to, relating to, or demonstrating bugs, service problems, suspensions of website activity, or public dissatisfaction with the ConnectU website, including copies of documents reflecting the actions taken by ConnectU to ensure that any bug, service problem, suspension of activity, or other source of public dissatisfaction was remedied.

**Request for Production No. 150:**

Copies of all documents and communications referring to or relating to any statement by members of ConnectU to any person, including the press, the Harvard Administration Board, to friends, other members of the public, family members, other members of the ConnectU, or to himself, concerning Facebook or the subject matter of this lawsuit.

**Request for Production No. 151:**

Copies of all documents reflecting the citizenship of each member of ConnectU from August 1, 2003 through the present.

**Request for Production No. 152:**

Copies of all documents reflecting, referring to, relating to, or supporting any Interrogatory Response you provide in this litigation.

US_WEST:260018952.1

Dated: May 15, 2006.

Respectfully submitted,

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Robert Nagel*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
rnagel@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, and
FACEBOOK, INC.

* Admitted *Pro Hac Vice*

-33-