

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel  650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

May 9, 2006

Monte Cooper
(650) 614-7375
mcooper@orrick.com

*VIA E-MAIL AND FEDERAL EXPRESS*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:   *ConnectU v. Zuckerberg, et. al.*

Dear John:

As I have previously stated in correspondence and in our meet-and-confer, the Facebook Defendants do not agree that ConnectU is entitled to all of the documentation set forth in your April 25, 2006 correspondence concerning Interrogatory No. 16. In particular, ConnectU refuses to provide an explanation of how the categories set forth in that letter relate to what it understands is Facebook's "present value," as contemplated by the Court in its March 31, 2006, Order. In the absence of such a definition the categories remain subject to all earlier objections and the pending motion for protective order, because ConnectU is not even attempting to identify a reasonable connection between the documents referenced and how present value should be calculated. Moreover, ConnectU also stated during our meet-and-confer that it was unwilling to narrow any requests for documents under review by the Court as part of the cross-motions to compel and for protective order, in an attempt to reasonably limit the scope of financial information that need be produced.

However, during the hearing held March 3, 2006, when asked about Interrogatory No. 16, you advised Magistrate Judge Collings in response to his own question what ConnectU meant by "market value" that Defendants could "qualify whatever value they provide." *See* March 3, 2006 Hearing Transcript, at 50:13-19. Accordingly, consistent with my email of May 8, 2006 (and while under no obligation to do so), the Facebook Defendants include with this letter Supplemental Production No. TFB0006961-TFB006972, reflecting how Defendants believe present value should be calculated.

In particular, the Facebook Defendants are producing the term sheets that reflect the **confidential** valuation number of the company that Mark Zuckerberg testified to orally during his deposition in the California action, as well as the company's balance and profit and loss sheets (also reflecting financial information which is **confidential** under the Protective Order). All other financial documents are either irrelevant or overly burdensome to produce (or both), and among

US_WEST:260015938.1

# O
# ORRICK

John F. Hornick, Esq.
May 9, 2006

those that Facebook understood the Court would not order compelled due its own acknowledgement of the overbreadth of ConnectU's prior requests for production. *See* March 3, 2006 Hearing Transcript, at 124:15-125:2.

Accordingly, pleas find attached documents that reflect Facebook's present value consistent with the Court's Order of March 31, 2006, and the comments made on the record at the hearing held on March 3, 2006. Nothing in this production is meant to suggest that Facebook Defendants are waiving any objections set forth in their written responses to earlier requests for production, in the pleadings, and/or discussed in prior correspondence and meetings between the parties. Please let me know if you have any questions.

Very truly yours,

*[signature]*

Monte Cooper

Enclosures

cc:   Margaret A. Esquenet, Esq. (via email)
      Troy E. Grabow, Esq. (via email)
      Kenneth Curtis, Esq. (via email)
      Pat Hart, Esq. (via email)
      Robert B. Hawk, Esq. (via email)
      Daniel K. Hampton, Esq. (via email)
      Steve M. Bauer, Esq. (via email)

US_WEST:260015938.1