

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC  20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

JOHN F. HORNICK
(202) 408-4076
john.hornick@finnegan.com

May 12, 2006

**VIA EMAIL AND FEDERAL EXPRESS**

Monte Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025-1015

ConnectU LLC v. Mark Zuckerberg, et al., and FACEBOOK, INC.
Civil Action No. 1:04-cv-11923 (DPW)

Dear Monte:

This letter responds to the portion of your May 5, 2005 letter inaccurately summarizing the portion of our April 28, 2006 discovery conference relating to our April 25, 2006 letter.  This letter also responds to your May 9, 2006 letter on the same subject.  Please consider this letter our further attempt to resolve the issues discussed during that conference.

Regarding documents relating to Facebook Inc. and facebook.com's "present value," we told you during the discovery conference that we mean by that term what the Court meant.  We cannot independently define the Court's terminology.  Although the Court sustained Defendants' objection to the term "monetary value," as used in ConnectU's Interrogatory No. 16, the Court used the term "present value" in its Order.  In our April 25, 2006 letter, we therefore identified ConnectU's discovery requests that seek financial documents relating to Facebook Inc.'s and facebook.com's present value, provided examples from the media related to Facebook, Inc.'s and facebook.com's present value, and identified the types of documents in Facebook Defendants' possession, custody, or control likely to contain evidence of, or likely to lead to admissible evidence of, their present value.

Your May 9 letter is nearly incomprehensible, from a logical standpoint, but we will attempt to respond.  In your May 9 letter, during the discovery conference, and in general, you have continually misunderstood the discovery process.  You asked "how the categories set forth in that [our April 25, 2005] letter relate to what it [ConnectU] understands is Facebook's 'present value'."  First, ConnectU doesn't have an understanding of Facebook Inc.'s or facebook.com's present value, except what we

Monte Cooper, Esq.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

have read in the media, which is precisely why we have sought discovery, why the Court has ordered it, and indeed why the discovery rules of the Federal Rules of Civil Procedure exist. Nor does ConnectU know how Facebook Inc. calculates its present value, or that of the website; only Facebook Defendants know that. Second, the way discovery works is that a party (in this case, ConnectU), propounds discovery requests and the other party (in this case, Defendants) produces documents responsive to such requests, in compliance with Fed. R. Civ. P. 26(b)(1) and its limitations, none of which applies here.

Accordingly, ConnectU has no obligation to explain how the discovery requests identified -- as a courtesy -- in our April 25 letter relate to Facebook Inc.'s or facebook.com's present value. This is not a situation in which a party makes a discovery request and the other party objects to relevance. The Court has already determined that financial documents related to determining Facebook Inc. and facebook.com's present value are relevant, and has ordered that ConnectU can discover such documents.

Nor is ConnectU obligated to guess the types of documents in Facebook Defendants' possession, custody, or control that may relate to such present value. Only Facebook Defendants know what relevant documents exist in their possession, custody, or control.

Nor is ConnectU obligated to specify how Facebook Inc.'s and facebook.com's present value should be or is calculated. We want to know, instead, how Facebook Inc. calculates such value and to obtain documents (such as the documents covered by the discovery requests identified in our April 25 letter and the examples of documents identified in that letter) from which ConnectU can verify or challenge such calculation, or any calculation offered by Facebook Defendants' expert(s).

Rather, Facebook Defendants are obligated, in view of the Court's March 31, 2006 Order and under the Federal Rules, to review ConnectU's discovery requests and produce all responsive financial documents related to determining the present value of Facebook, Inc. and facebook.com. Nevertheless, ConnectU went farther than it is obligated to go (again, doing your job for you), and identified its relevant discovery requests (rather than trusting Facebook Defendants to fulfill their obligation to do so), provided examples from the media related to Facebook, Inc.'s and facebook.com's present value, and identified the types of documents in Facebook Defendants' possession, custody, or control likely to contain evidence of, or likely to lead to admissible evidence of, their present value.

Regarding our statements on the record during the March 3, 2006 hearing on the subject of Interrogatory No. 16, the exchange actually went as follows:

1103728_1

Monte Cooper, Esq.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    THE COURT: You're talking about a market value. In other words what the company could be sold for?
    MR. HORNICK: What the company could be sold for. They can qualify whatever value they provide. I assume they will define it. They've said it could mean all different kinds of things and I've said fine, tell us what they are and tell us how you define them.
    THE COURT: And as of what date does this interrogatory seek the information?
    MR. HORNICK: Well, this interrogatory was actually as of May 31st of 2005, but since we haven't had an answer, we'd like to have an up-to-date answer and we will certainly be seeking updated responses to various discovery requests when we get close to trial under Rule 26(e).

This exchange focused on "what the company would be sold for" and the various types of value Facebook Defendants listed in their opposition to the motion to compel a response to Interrogatory No. 16. It is in this context that the Court ordered that ConnectU is permitted to "seek financial documents to determine the present value of TheFacebook, Inc. and thefacebook.com website." So there you have the Court's view of the meaning of "present value".

    Contrary to this clear indication from the Court of the meaning of "present value," however, Facebook Defendants have produced only a few documents (TFB006961 – 72), and they are clearly insufficient. They do not account for the recent media reports mentioned in our April 25 letter or the various types of value listed in Facebook Defendants' opposition to the motion to compel. They also do not include, for example, the due diligence documents underlying TFB006961 –67, any valuations prepared in connection with the recent private placement (or any other valuations of Facebook Inc. or the website), Viacom's recent offer, or Facebook Inc.'s response to such offer or to the media regarding such offer. In other words, such documents do not show "what the company would be sold for," or Facebook Inc.'s and facebook.com's other values that Facebook Defendants identified.

    During the discovery conference, you repeatedly refused to produce any documents and we said we would be forced to prepare a motion for contempt. After incurring expense to prepare that motion, you wrote in your May 8, 2006 email that Facebook Defendants will be producing financial documents relating to Facebook, Inc.'s present value. You also said in your May 8 email and your May 9 letter that you are under no obligation to produce any such documents. ConnectU has outstanding production requests seeking precisely the financial documents that Judge Collings' March 31, 2006 Order says ConnectU can seek, namely, "financial documents to determine the present value of TheFacebook Inc. and thefacebook.com website." Unless Facebook Defendants produce all such documents within their possession, custody, or control, we are certain Judge Collings will be very interested to learn that you believe Facebook Defendants are under no obligation to produce them. We are

1103728_1

Monte Cooper, Esq.
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

asking now for Facebook Defendants' agreement to produce all financial documents covered by ConnectU's discovery requests that relate to determining Facebook Inc.'s and facebook.com's present value. Absent such agreement, ConnectU will be forced to complete and file its motion for contempt. Please respond by 6:00 p.m. D.C. time on Tuesday May 16, 2006.

To the extent your May 5 or 9, 2006 letters contain any points to which we have not specifically responded, please assume that ConnectU disagrees with Facebook Defendants' position on such points.

Sincerely,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: *[signature: Troy Grabow]*
for John F. Hornick

JFH/sjb

cc:   Robert B. Hawk, Esq.        (via email)
      Joshua H. Walker, Esq.      (via email)
      Daniel K. Hampton, Esq.     (via email)
      Steven M. Bauer, Esq.       (via email)
      Neel I. Chatterjee, Esq.    (via email)
      G. Hopkins Guy, III, Esq.   (via email)
      Gordon P. Katz, Esq.        (via email)
      Jeremy P. Oczek, Esq.       (via email)
      Bhanu K. Sadasivan, Esq.    (via email)

1103728_1