IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Additional Counterdefendants. | |

**FACEBOOK DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL
DECLARATIONS OF DIVYA NARENDRA, TYLER AND CAMERON WINKELVOSS
IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF**

-1-

## I.    INTRODUCTION

Facebook Defendants hereby object to and move to strike the Declarations of Divya Narendra, Tyler Winkelvoss and Cameron Winkelvoss ("Supplemental Declarations") filed in Support of Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss, Presenting New Evidence and Supplemental Authority in View of *Pramco*.

The Court may properly strike the Supplemental Declarations because a) ConnectU has gone out of its way to prevent the Facebook Defendants from taking any discovery related to the statements made in the Supplemental Declarations, b) they were untimely filed in violation of Rule 26 of the Federal Rules of Civil Procedure, c) they contain statements that contradict prior sworn testimony and other evidence, d) comprise improper hearsay and speculation, and e) if admitted, would violate the parol evidence rule.

## II.    THE COURT SHOULD STRIKE EVIDENCE DEFENDANTS HAVE NOT BEEN ABLE TO EXPLORE THROUGH DISCOVERY

This Court permitted limited discovery on the issue of jurisdiction based upon citizenship.  On June 2, 2006, the Facebook Defendants sought discovery from ConnectU by serving a 30(b)(6) Notice.  *Cooper Decl.*, **Ex. M**.  ConnectU refused to comply with the Notice, unless the Facebook Defendants agreed to make each individual defendant available for deposition, permitted questioning of Mr. Zuckerberg on issues not related to the Court's Order, and respond to two interrogatories. [1]  *Id..*, **Ex. N**.

---

[1] The Facebook Defendants have not responded to Interrogatory No. 28, which seeks the *current* citizenship of each *individual* defendant, as it is in excess of the number of interrogatories permitted under the Rules, and ConnectU has made no effort to justify service of excessive interrogatories nor has it sought leave of the Court to serve additional interrogatories.  Until ConnectU does so, the Facebook Defendants are under no obligation to respond to any interrogatories in excess of 25.

US_WEST:260042448.2

ConnectU then improperly submitted the Supplemental Declarations on June 12.

To assess the facts related to the assertions in the declarations, the Facebook Defendants noticed

the depositions of Tyler Winklevoss and Cameron Winklevoss. [2]  *Id.*, **Ex. O**.  ConnectU refused

to comply with the deposition notices unless the Facebook Defendants agreed to further

conditions, including responding to Interrogatory No. 28.  *Id.*, **Ex. P**.   In addition, even though

Facebook Defendants served the deposition notices the day after ConnectU filed its late

declarations, ConnectU complained that Facebook Defendants did not provide reasonable notice

to the witnesses.  *Id.*  ConnectU also argued that a Notice of Deposition was insufficient to

compel the appearance of counter-defendants and ConnectU managing agents Tyler and

Cameron Winklevoss, that a subpoena should issue, witness fees paid, and personal service

effected upon them.  *Id.*, **Ex. Q**.  Notably, even if the Facebook Defendants jumped through all

of these unnecessary hoops, ConnectU demanded that the depositions be limited to two hours

either by phone or in New Jersey so that the Winklevosses' rowing practice in New Jersey would

not be interrupted.  *Id*.

Because ConnectU has refused all reasonable efforts by Facebook to conduct

discovery on the new evidence, the Supplemental Declarations must be rejected.

## III.    THE SUPPLEMENTAL DECLARATIONS ARE UNTIMELY

With only 10 days remaining before the Court-ordered evidentiary hearing on

June 22, 2006, ConnectU filed and served three supplemental declarations purporting to contain

new evidence.  The Federal Rules of Civil Procedure provide that a party who "without

substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless

---

[2] As set forth in the accompanying Opposition to ConnectU's Motion for Leave to File
Supplemental Opposition, strong evidence exists suggesting that the statements made in the
Supplemental Declarations are inaccurate.   In fact, ConnectU has proffered argument and
submitted evidence that demonstrates Mr. Narendra was a founding member of ConnectU from

US_WEST:260042448.2

such failure is harmless, permitted to use as evidence . . . any witness or information not so

disclosed." Fed. R. Civ. P. 37(c)(1).

Courts have dealt decisively with a party's failure to adhere to disclosure

requirements of the Federal Rules of Civil Procedure. *Lohnes v. Level 3 Communs., Inc.,* 272

F.3d 49, 60-61 (1st Cir. 2001). Rule 37(c)(1) contemplates strict adherence to discovery

requirements and harsh sanctions for breaches of this rule, including mandatory preclusion of the

evidence. *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998).

ConnectU has been on notice that Mr. Narendra's citizenship is at issue since at

least the time the Facebook Defendants filed their Notice of Newly Identified Authority in

Support of Facebook Defendants' Motion to Dismiss on April 14, 2006 (Docket No. 169)

indicating that *Pramco, LLC v. San Juan Marina Bay, Inc.*, 435 F.3d 51 (1st Cir. 2006), requires

the Court to consider, for purposes of determining whether complete diversity exists between the

parties, the citizenship of each of ConnectU's members. Although ConnectU filed a response to

that Notice, ConnectU did not argue that Mr. Narendra was not a Member of ConnectU.

On May 1, 2006, the Court issued its Memorandum and Procedural Order, in

which it identified one remaining issue: the citizenship of Messrs. Zuckerberg and Narendra.

Nearly six weeks passed before ConnectU submitted the Supplemental Declarations and argued

that Mr. Narendra was not a Member of ConnectU at the time the original complaint was filed.

Given their untimely filing, the Supplemental Declarations should be stricken.

///

///

///

---

the date it was formed in April 2004 until present.

US_WEST:260042448.2

IV.   **THE SUPPLEMENTAL DECLARATIONS CONTAIN IMPROPER HEARSAY AND SPECULATION, AND THEIR ADMISSION WOULD VIOLATE THE PAROL EVIDENCE RULE**

Affidavits must contain admissible factual evidence.  *See, e.g.,* Fed. R. Civ. P. 56(e).  As the chart indicates below, the Supplemental Declarations contain hearsay statements (Fed. R. Evid. § 803), speculation, contradictory statements, and extrinsic evidence that is impermissible under Delaware's parol evidence rule.[3]  In addition, "the close similarity of language of [all three supplemental declarations] … render them open to suspicion and, therefore, objectionable." *State v. District Court of Jefferson County*, 213 Iowa 822, 238 N.W. 290 (1931).  As a result, they must be stricken.

| Paragraph | Objection(s) |
|---|---|
| 1 | Violates parol evidence rule.  *Aetna Insurance Co. v. Newton*, 274 F.Supp. 566, 571 (D. Del. 1967) (The parol evidence rule bars the admission of oral evidence to contradict, vary, add to, subtract from, or otherwise modify the terms of an unambiguous written contract.);  *see also Stefanik v. Friendly Ice Cream  Corp.,* 183 F.R.D. 52, 53 (1998) (where court disregarded contradictory affidavit of interested witness who "gave clear answers to unambiguous questions at a deposition but later attempted to resist [a motion] with an affidavit that was 'clearly contradictory' to his prior deposition."). |
| 2 | Speculative and lacks personal knowledge.  Fed. R. Evid. § 602. |
| 3 | Violates parol evidence rule.  *Aetna Insurance Co. v. Newton*, 274 F.Supp. 566, 571 (D. Del. 1967) (The parol evidence rule bars the admission of oral evidence to contradict, vary, add to, subtract from, or otherwise modify the terms of an unambiguous written contract.) Speculative and lacks personal knowledge.  Fed. R. Evid. § 602; *see also Stefanik,* 183 F.R.D. at 53. |
| 4 | Speculative and lacks personal knowledge.  Fed. R. Evid. § 602. |

---

[3] As set forth in the accompanying Opposition to ConnectU's Motion for Leave to File Supplemental Opposition, because ConnectU LLC was a Delaware company, the Delaware parol evidence rule applies to the interpretation of the Operating Agreement.  Under that rule, any evidence of the purported "oral agreement" establishing the members of ConnectU is inadmissible to vary, change or contradict the terms of the written Operating Agreement.

US_WEST:260042448.2

## V.   **CONCLUSION**

For the reasons set forth above, the Supplemental Declarations should be stricken.


Dated:  June 20, 2006.                                          Respectfully submitted,


                                                      /s/ G. Hopkins Guy, III /s/
                                         _____

                                         G. Hopkins Guy, III*
                                         I. Neel Chatterjee*
                                         Monte M.F. Cooper*
                                         Robert D. Nagel*
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                         1000 Marsh Road
                                         Menlo Park, CA  94025
                                         Telephone:  (650) 614-7400
                                         Facsimile:   (650) 614-7401
                                         hopguy@orrick.com
                                         nchatterjee@orrick.com
                                         mcooper@orrick.com
                                         rnagel@orrick.com

                                         Steve M. Bauer
                                         Jeremy P. Oczek
                                         PROSKAUER ROSE, LLP
                                         One International Plaza, 14th Floor
                                         Boston, MA 02110-2600
                                         Telephone:     (617) 526-9600
                                         Facsimile:      (617) 526-9899
                                         sbauer@proskauer.com
                                         joczek@proskauer.com

                                         ATTORNEYS FOR MARK ZUCKERBERG,
                                         DUSTIN MOSKOVITZ, ANDREW
                                         MCCOLLUM, CHRISTOPHER HUGHES, and
                                         FACEBOOK, INC.

                                         * Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 20, 2006.

Dated:  June 20, 2006.                    Respectfully submitted,


                                          /s/ G. Hopkins Guy, III /s/
                                          _____

                                          G. Hopkins Guy, III

US_WEST:260042448.2