IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>             Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>             Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>             Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>             Additional Counterdefendants. | |

**FACEBOOK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS, PRESENTING NEW EVIDENCE AND SUPPLEMENTAL AUTHORITY IN VIEW OF *PRAMCO***

US_WEST:260042450.2

I.    **INTRODUCTION**

There are three compelling reasons why ConnectU's *fourth* brief attempting to sustain its burden of proving diversity jurisdiction in this matter does not do so.  First, there is a lack of complete diversity between ConnectU member Divya Narendra and Defendant Mark Zuckerberg, as both were citizens of New York at the time of filing.  ConnectU's eleventh-hour attempt to manufacture new evidence that Narendra's citizenship is legally irrelevant contradicts the prior sworn statements of all four of its members in another action, contradicts all of its prior arguments in this case and contradicts ConnectU's Delaware Operating Agreement.  This plainly cannot be permitted.  Part C, *infra*.

Second, the arguments raised by ConnectU in its *fourth* brief have brought to light yet another fundamental problem with this action — ConnectU lacked standing to sue because it had not registered as a business entity in Massachusetts at the time it filed suit.  Dismissal is required for this independent reason.  Part B, *infra*.

Last but not least, ConnectU's procedural gamesmanship — violating the rules in filing its *fourth* brief and supporting declarations while at the same time refusing all of Facebook's reasonable attempts to cross-examine that testimony in advance of the June 22 hearing — militates strongly against any consideration of the evidence and arguments it presents. Part C, *infra*.  For all of these reasons, the Facebook Defendants' motion to dismiss should be granted.

II.   **CONNECTU'S NEWLY-MANUFACTURED ARGUMENTS SHOULD NOT BE CONSIDERED BY THE COURT, OR SHOULD BE REJECTED OUTRIGHT**

The burden of proving all jurisdictional facts is on the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936).  "The diversity statute must be strictly construed … and any doubts are … resolved against finding jurisdiction."  15

*Moore's Federal Practice*, § 102.13 (Matthew Bender 3d ed.) *citing China Basin Properties,*

*Ltd. v. Allendale Mut. Ins. Co.*, 818 F.Supp. 1301, 1303 (N.D. Cal. 1992).

   A.    **Diversity Jurisdiction Was Lacking Between Mr. Narendra And
          Mr. Zuckerberg At The Time The Original Complaint Was Filed**

      1.    **Mr. Narendra Admittedly Was A Citizen Of New York At The Time
             Of Filing**

       Mr. Narendra admitted that he is, and always has been, a citizen of New York.

*Declaration of Monte M.F. Cooper in Support of Defendants' Opposition to Motion for Leave to*

*File Supplemental Brief* ("*Cooper Decl.*"), **Ex. A**, 103:17-105:25.  This fact remains undisputed

by Mr. Narenda and ConnectU.

      2.    **ConnectU's Argument That Narendra Was Not A ConnectU Member
             At The Time Of Filing Should Be Rejected**

       Because both Mr. Narendra and Mr. Zuckerberg were New York citizens at the

time of filing the lawsuit, ConnectU seeks to make Narendra's New York citizenship irrelevant

to the diversity analysis.  In its "Supplemental Opposition," ConnectU claims for the first time

that Mr. Narendra was not a Member of ConnectU LLC at the time the original complaint was

filed.  ConnectU's new assertion is inconsistent with the prior sworn testimony of all four

members of ConnectU in an interrogatory response in another action, inconsistent with no fewer

than seven statements made in ConnectU's pleadings filed in this action, and violates the

Delaware parol evidence rule.  ConnectU should not be permitted to offer evidence directly

contradicting prior sworn statements and allegations in the face of a motion to dismiss.  *Stefanik*

*v. Friendly Ice Cream  Corp.*, 183 F.R.D. 52, 53 (1998) (where court disregarded contradictory

affidavit of interested witness who "gave clear answers to unambiguous questions at a deposition

but later attempted to resist [a motion] with an affidavit that was 'clearly contradictory' to his

prior deposition.").

US_WEST:260042450.2

In their court-ordered verified amended responses to interrogatories propounded in *Facebook, Inc. v. ConnectU LLC, et al*, Case No. 105 CV 047381, Mr. Narendra, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and ConnectU each separately admitted that Mr. Narendra was a Member of ConnectU LLC from the time it was formed (*i.e*., on April 6, 2004):

> Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and **Divya Narendra**, as set forth in the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335. **These persons have all been Members since ConnectU was formed**.  (emphases added)

*Cooper Decl.*, **Exs. B**, **C**, **D**, **E**, and **F**.  This testimony is consistent with ConnectU's original Rule 26 disclosure in this case, where ConnectU identified Divya Narendra as a "Founder, ConnectU LLC."  *Id.*, **Ex. G**; *see also* First Amended Complaint (Docket No. 13), ¶ 11; *see also Cooper Decl.*, **Ex. H**, at C011465 (ConnectU's 2004 U.S. Return of Partnership Income identifying Mr. Narendra as "Partner #4" for 2004).

Further, ConnectU also repeatedly argued in its original Opposition to Facebook's Motion to Dismiss that Mr. Narendra was a founding Member of ConnectU LLC:

> [T]he founders of Plaintiff ConnectU LLC, Divya Narendra and Tyler and Cameron Winklevoss (the "Founders") came up with a great idea…

Docket No. 107, pg. 1.

> In the ConnectU Operating Agreement, the Founders clearly ratified ConnectU's filing and maintenance of this suit.  Paragraph 13.5 assigns to ConnectU each Member's Intellectual property and other rights, including all "rights of each Member [Founder] needed by the Company to conduct its business and to pursue any claims against any third parties relating to such websites and/or the business of the Company", *nunc pro tunc* to the date of ConnectU's incorporation.")

US_WEST:260042450.2

*Id.*, pg. 13.

> [T]he  Founders (1) authorized the filing and maintenance of the
> action (2) agree that they will be bound by the result in this case.

*Id.*, pg. 14.

> ConnectU filed this case because it did not deem it necessary to
> join the Founders, which are its Members under the Operating
> Agreement … . ConnectU existed at the time the Complaint was
> filed … .

*Id.*, pg. 17.

> [T]he Founders were residents of Connecticut [in the case of
> Messrs. Winklevoss] and New York [in the case of Mr. Narendra].

*Id.*, pg. 18.

Most telling, on April 26, 2006, ConnectU filed a response to Facebook's Notice

of *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006), and in that response

ConnectU did not argue that Mr. Narendra was not a Member.  *See* Docket No. 171.  Given that

*Pramco* stands for the proposition that an LLC's citizenship for purposes of diversity is

determined by the citizenship of its Members, Mr. Narendra's supposed lack of membership in

the party-LLC would have been a critical argument to assert in order to defeat Facebook's

Motion to Dismiss.  ConnectU remained silent on the issue and, instead, argued only that

Mr. Zuckerberg was not a citizen of New York at the time.[1]

---

[1] In support of its belated argument that Mr. Narendra was not a Member on September 2, 2004,
ConnectU offers an unofficial copy of a Registration application for the State of Connecticut.
*See Schoenfeld Declaration in Support of Motion for Leave to File Supplemental Brief* (Docket
No. 182), Ex. 1. ConnectU argues that the absence of Mr. Narendra's name on the registration
form is evidence that he was not a Member of the LLC at the time the form was filed with the
state.  In fact, disclosure of Mr. Narendra's membership in the LLC was not required.  The
purpose of the registration form is to provide the state with a contact person for purposes such as
service of process.  The statute only requires the name of *a* member or *a* manager.  Sec. 34-223
("Before transacting business in this state, a foreign limited liability company shall register with
the Secretary of State.  … The application shall set forth:  (7) the name and respective business
and residence addresses of a manager or a member of the foreign limited liability company …").

US_WEST:260042450.2

ConnectU's sworn statements and prior arguments to this Court unequivocally demonstrate that Mr. Narendra was a Member of ConnectU LLC on the date it filed the original complaint.

**3.    The Delaware Parol Evidence Rule Prevents ConnectU From Arguing That Narendra Was Not A ConnectU Member At The Time Of Filing**

The Operating Agreement unambiguously states that Mr. Narendra was a ConnectU Member at the time ConnectU became an LLC.   The three new declarations submitted by ConnectU cannot be used to controvert the express langue of the Operating Agreement.  Consideration of such evidence would violate the parol evidence rule.

The Operating Agreement has an April 6, 2004, effective date.  The final paragraph reads:

> IN WITNESS WHEREOF, the following Founding Members of this Company hereto confirms receipt and acceptance of the terms and conditions of this Agreement, which is to be duly executed as of the effective date of the Company's incorporation:

*Cooper Declaration in Support of Motion to Dismiss* (Docket No. 95)., **Ex. 6** [filed under seal], at C011334.  Mr. Narendra signed the agreement after this recitation, thereby plainly indicating that he was a founder and a Member of ConnectU.  *Id.*; *see also* C011286 (indicating that "the Company was formed [*i.e.*, incorporated] by Articles of Organization filed on April 6, 2004 with the Delaware Secretary of State").[2]  The Agreement contains an integration clause that states:

---

Because Mr. Narendra lived in New York, there was no reason to add his name to the form to be a contact in Connecticut.  Even if he had lived in Connecticut, the statute did not require his being listed as a member, even if he were a member.

[2] Because Messrs. Narendra and Winklevoss all signed the Agreement, Connecticut Limited Liability Company Act, Title 34, Chap. 613, Sec. 34-131 makes these binding admissions on the LLC.  "Except as provided  in subsection (b) of this section, and admission or representation made by any member concerning the business or affairs of a limited liability company with the scope of his authority as provided  for by sections 34-100 to 34-242, inclusive, is evidence

> This Agreement, the Exhibits and Schedules hereto, and the other
> documents delivered pursuant hereto constitute the full and entire
> understanding and agreement between the parties with regard to
> the subjects hereof … . Except as may otherwise be expressly
> provided herein, this Agreement shall not be amended in any
> manner except by written consent duly executed by holders of
> eighty percent (80%) of the Ownership Interests.

*Id.*, § 14.1.  Messrs. Winklevoss and Narendra, through their new declarations, seek to introduce

parol evidence by stating that they had a separate oral agreement in which they decided that

Mr. Narendra was not a Member of ConnectU LLC at the time it was formed in April 2004.

This argument not only is belied by the evidence as set forth above, it is legally irrelevant.

Delaware law applies to the interpretation and construction of the Operating

Agreement because Section 14.11 of that agreement states that Delaware law shall apply and

ConnectU is a Delaware LLC.  *See Vision Graphics, Inc. v. E.I. Du Pont de Nemours & Co*., 41

F. Supp. 2d 93, 97 (D. Mass. 1999) (where Massachusetts district court applied Delaware law).

Under Delaware law, the parol evidence rule bars the admission of oral evidence

to contradict, vary, add to, subtract from, or otherwise modify the terms of an unambiguous

written contract.  *Aetna Insurance Co. v. Newton*, 274 F.Supp. 566, 571 (D. Del. 1967).  When a

written contract is clear, its language is conclusively presumed to correctly express the intent of

the parties and, in the absence of fraud or mistake, no parol suggestions to the contrary will be

approved.  *Id*.  The *Aetna* court refused to admit evidence (dated after the agreement was signed)

that the parties did not intend for a particular section of the agreement to become effective on the

date the agreement was executed and the section would only become effective if other events

occurred.  *Id*. at 570-573 (where the court specified that the parol evidence would contradict the

express terms of the agreement that states that the agreement between the parties was effective as

of the date signed).

---

against the limited liability company."

US_WEST:260042450.2

The District Court for the District of Massachusetts came to a similar conclusion when it found that "Delaware law and the parol evidence rule bar enforcement of oral representations made prior to a written contract." *Vision Graphics* at 98. In that case, as here, there was a integration clause stating that "[t]his Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof. ..." *Id*. at 98. "The integration clause precludes the consideration of antecedent oral agreements which would vary or contradict the written language." *Id*.

In light of the Operating Agreement and the Delaware parol evidence rule, ConnectU's new "oral agreement" argument simply cannot be considered by this Court.

### 4.    Mark Zuckerberg Was a New York Citizen on September 2, 2004.

ConnectU incorrectly argues that Mr. Zuckerberg was a California citizen on September 2, 2004. Mark Zuckerberg may have resided in California at that time, but he was a *citizen* of the State of New York. ConnectU's arguments to the contrary are premised upon mischaracterizing Mr. Zuckerberg's testimony, as the Court will see at the June 22, 2006 evidentiary hearing. In addition, while Mr. Zuckerberg did not recall registering to vote, the most salient piece of evidence now shows that Mr. Zuckerberg was indeed registered to vote in the County of Westchester, New York. *Cooper Decl.*, **Ex. I**; *see also* **Exs. J, K,** and **L** (showing that Mr. Zuckerberg was <u>not</u> registered in other places of residence). His voter registration is dated September 30, 2002 and remains active to this day. The First Circuit considers the place a person is registered to vote to be a "weighty" factor in determining citizenship. *Bank One Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992). In addition to this "weighty" evidence, Facebook will offer other substantial evidence of Mr. Zuckerberg's New York citizenship at the June 22 hearing.

**B.      ConnectU LLC Failed to Register as a Business Entity in the Commonwealth of Massachusetts**

ConnectU, a Delaware LLC, was required by Massachusetts LLC Act, Ch. 156C, Section 48, to have registered to do business as a foreign LLC in Massachusetts within 10 days after it commenced doing business in the Commonwealth.  But ConnectU LLC has *never* registered to do business in the Commonwealth.  *Declaration of Robert D. Nagel in Support of Facebook's Opposition to ConnectU's Motion for Leave to File Supplemental Brief in Opposition to Motion to Dismiss*, ¶ 2, **Ex. 1**.  Absent such a registration, ConnectU could not file or maintain a lawsuit under Section 54 of the Massachusetts LLC Statute, which separately provides that where a foreign LLC fails to register, among other penalties, "no action shall be maintained or recovery had by the foreign limited liability company in any of the courts of the commonwealth as long as such failure continues."

Such "door closing" statutes are applicable in diversity actions.  *See, e.g., Woods v. Interstate Realty Co*., 337 U.S. 535, 538 (1949) (in action concerning state statute barring foreign corporations from bringing in-state suits if not qualified to transact business in forum state, court held that "where ... one is barred from recovery in state court, he should likewise be barred in federal court").  Because ConnectU LLC never registered in Massachusetts, it lacked standing to sue under the laws of the Commonwealth.

Furthermore, because ConnectU LLC has been cancelled as a business entity and merged into ConnectU, Inc., it is impossible for ConnectU LLC to cure this defect.  As a result, the Court must dismiss this case.

**C.      ConnectU's Supplemental Filing is Procedurally Improper**

ConnectU's attempt to have the Court consider its supplemental brief in opposition to Facebook's Motion to Dismiss is procedurally improper.  First, neither the Local

Rules nor the Court's procedural memorandum governing the hearing authorize the filing of this supplemental brief, which brings to *four* the total number of filings by ConnectU since jurisdiction has been challenged.

Moreover, as described in detail in Facebook's accompanying Objections and Motion to Strike Evidence, ConnectU has engaged in unconscionable game-playing with respect to its "new" evidence. Despite seeking to offer evidence in the form of sworn testimony from the Winklevosses, ConnectU has blocked at every turn Facebook's wholly reasonable efforts to depose them in advance of the hearing. ConnectU should not be permitted to rely on unexamined, hearsay evidence. The declarations should not be considered.

For these reasons, the ConnectU's supplemental brief and declarations do not sustain diversity jurisdiction and it should be disregarded.

## III.    THE ALTERNATIVE RELIEF REQUESTED BY CONNECTU IS IMPROPER

Because diversity was not complete at the time the original complaint was filed, the case must be dismissed. *Grupo Dataflux v. Atlas Global Group*, *LP*, 541 US 567, 571 (2004). ConnectU's further arguments that even if the Court finds that complete diversity did not exist, the Court should permit ConnectU to amend and allow the case to go forward should be rejected. If this Court lacks subject matter jurisdiction, it *cannot* make further orders regarding the conduct of this case. *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992). Such arguments must await another judge, should this action be re-filed.

## IV.    CONCLUSION

For the reasons set forth above, ConnectU's Motion for Leave to File Supplemental Brief in Opposition to Facebook's Motion to Dismiss should be rejected.

Dated:  June 20, 2006.                     Respectfully submitted,

                                           /s/ G. Hopkins Guy, III /s/
                                           _____

                                           G. Hopkins Guy, III*
                                           I. Neel Chatterjee*
                                           Monte M.F. Cooper*
                                           Robert D. Nagel*
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                           1000 Marsh Road
                                           Menlo Park, CA  94025
                                           Telephone:  (650) 614-7400
                                           Facsimile:   (650) 614-7401
                                           hopguy@orrick.com
                                           nchatterjee@orrick.com
                                           mcooper@orrick.com
                                           rnagel@orrick.com

                                           Steve M. Bauer
                                           Jeremy P. Oczek
                                           PROSKAUER ROSE, LLP
                                           One International Plaza, 14th Floor
                                           Boston, MA 02110-2600
                                           Telephone:     (617) 526-9600
                                           Facsimile:     (617) 526-9899
                                           sbauer@proskauer.com
                                           joczek@proskauer.com

                                           ATTORNEYS FOR MARK ZUCKERBERG,
                                           DUSTIN MOSKOVITZ, ANDREW
                                           MCCOLLUM, CHRISTOPHER HUGHES, and
                                           FACEBOOK, INC.

                                           * Admitted Pro Hac Vice

US_WEST:260042450.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 20, 2006.

Dated:  June 20, 2006.                              Respectfully submitted,

/s/ G. Hopkins Guy, III /s/
_____
G. Hopkins Guy, III

US_WEST:260042450.2