# EXHIBIT F

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC. | CASE NO. 105 CV 047381 |
| Plaintiff, | **SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU LLC TO PLAINTIFFS FIRST SET OF SPECIAL INTERROGATORIES (1-23)** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | Plaintiff THEFACEBOOK, INC. |
| 2 | **RESPONDING PARTY:** | Defendant CONNECTU LLC |
| 3 | **SET NO.:** | ONE (1) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030.210(a), to the first set of interrogatories as follows:

## GENERAL OBJECTIONS

1. Responding party objects to each interrogatory and to the definitions and instructions to the extent they seek to impose obligations that are broader than or inconsistent with the California Code of Civil Procedure and applicable Local Rules or court orders.

2. Responding party objects to each interrogatory, and to the definitions and instructions to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. Responding party does not intend to produce such privileged or protected documents or information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege. Responding party expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed. In addition, Responding party objects to the interrogatories and all definitions and instructions to the extent they seek and/or require Responding party to produce a privilege log for documents or information falling within the attorney-client privilege or work-product doctrine, if such documents or information were created after the date that this lawsuit was filed.

3. Responding party objects to each interrogatory and all other definitions and instructions to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of discoverable information, or fail to describe the information sought with the required reasonable particularity.

4. Responding party objects to each interrogatory and all definitions and instructions to the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

5. Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party. Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

6. Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

7. Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

8. Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. The following response is based on information known and available to Responding party at this time. Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial.

9. Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

10. Responding party objects to producing at this time documents unrelated to the issue of personal jurisdiction over the individual Defendants.

**OBJECTIONS TO DEFINITIONS**

1. Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the California Code of Civil Procedure.

2. Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

3. Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4. Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5. Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6. Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and burdensome.

7. Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## OBJECTIONS TO INSTRUCTIONS

1. Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2. Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3. Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4. Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

1. ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: ConnectU affirms that a reasonable inquiry has been made in effort to respond to this Interrogatory. ConnectU has produced copies of communications its members have had with individuals or entities ConnectU reasonably believes might have been located in California at the time of the communication. Copies of these communications were produced as CUCA000001 - CUCA000227. ConnectU also identifies the following documents from the Massachusetts case document production as communications its members have had with individuals or entities that could be residents of or located in California: C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-34; C006722-25; C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27; C007129-30; C007137; C007375-78; C007393-94; C007403; C007488-89; C008544-45; C008676-77; C008872-73; C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25; C009168-69; C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26; C010368-70; C010639; C010643; C010662; C010664; C010667; C010710-11. With respect to e-mail communications, ConnectU has produced copies of all such communications in its possession which include the recipient or sender's address, telephone number and/or extension referencing California. ConnectU does not represent or understand however that any recipient or sender of an e-mail communication referenced above is or was a California resident at the time such communication occurred. ConnectU has no way of knowing the actual residence of these senders or recipients.

11. ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: connectu.com is a free networking website for college students, faculty, and alumni. ConnectU provides a platform to connect users at colleges and universities. Users can interact in order to share information, discuss classes, plan events, purchase items, and network. The connectu.com website provides an interface where users have a personal profile where they can upload photographs and provide information about themselves such as hobbies, sports, political views, music, ethnic

background, and general interests, so that others can search for people having those characteristics. Services include a chat feature, discussion groups, as well as an address book.

14. ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra, as set forth in the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335. These persons have all been Members since ConnectU was formed. Cameron Winklevoss, Howard Winklevoss, and Maria Antonelli are Managers of ConnectU and together form the Board of Managers. They have been Managers since ConnectU was formed. Tyler Winklevoss is a successor Manager of ConnectU as set forth at section 8.1(c)(2) of the Operating Agreement at bates number C011311. He has been successor Manager since ConnectU was formed. Members and Managers of ConnectU have the duties, job descriptions, authorities, and responsibilities set forth in the Operating Agreement. For example, as set forth at section 8.1(a), each of the Managers "shall have the exclusive right, power and authority to manage the Business, assets, operation and affairs of the Company, with all rights and powers and the full power necessary, desirable or convenience to administer and operate the same for Company purposes, to incur, perform, satisfy and compromise all manner of obligations on behalf of the Company, and to make all decisions and do all things necessary or desirable in connection therewith." In addition to the other duties set forth in the Operating Agreement, Cameron Winklevoss' and Tyler Winklevoss' duties include overseeing the operation of the connectu.com website, including communicating development activities on the site.

15. ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: ConnectU has not conducted any advertising, promotions and marketing activities specifically directed at California residents. ConnectU has responded to an individual who may have been a resident of California about advertising opportunities on the connectu.com site. This email to an individual having a .edu email address associated with a California-based university was produced at C010664. Specific marketing or advertising activities include the creation of an amazon gift

1  certificate program, a program allowing advertisers to purchase adspace, participation in google
2  adwords, and participation in Applestore's linkshare program.
3      18.    ConnectU incorporates its initial response and objections and its first amended
4  response herein to this second amended response. In addition, ConnectU responds as follows:
5  Cameron Winklevoss and Tyler Winklevoss contributed approximately $10,000 to ConnectU in
6  combination. Howard Winklevoss contributed approximately $300,000 to $400,000 to ConnectU.
7  Divya Narendra contributed approximately $10,000 to ConnectU. As set forth in Schedule A of the
8  Limited Liability Company Operating Agreement of ConnectU, LLC - bates numbers C011285
9  through 011335, the following individuals own Equity Units in ConnectU: Cameron Winklevoss
10 (47); Tyler Winklevoss (47); Howard Winklevoss (1); and Divya Narendra (5). As set forth in
11 Schedule A of the Limited Liability Company Operating Agreement of ConnectU, LLC - bates
12 numbers C011285 through 011335, the Percentage Interest of ownership of ConnectU is as follows:
13 Cameron Winklevoss (47%); Tyler Winklevoss (47%); Howard Winklevoss (1%); and Divya
14 Narendra (5%).
15     19.    ConnectU incorporates its initial response and objections and its first amended
16 response herein to this second amended response. In addition, ConnectU responds as follows: the
17 principal office of ConnectU is at 500 W. Putnam Ave, Greenwich, CT 06830. ConnectU rents
18 servers that are co-located by Pacific Northwest Software. ConnectU does not know the address of
19 the co-location facility. There are no other offices, facilities or equipment locations.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6  SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
   LLC TO FIRST SET OF SPECIAL INTERROGATORIES

## VERIFICATION

I, Cameron Winklevoss am a member of ConnectU LLC, defendant in the above titled action. I have read the second amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the 5 day of March 2006.

_____
Cameron Winklevoss

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Boulevard
   Palo Alto, California  94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                     CASE NO. 105 CV 047381

14              Plaintiff,                 **DECLARATION OF CONNECTU LLC**

15       v.

16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

                                    1                    DECLARATION OF CONNECTU LLC)

1   I, Cameron Winklevoss am a member of and currently on the Board of Managers of ConnectU LLC. I make this declaration in response to the Court's Order, dated February 17, 2006.

On behalf of ConnectU, I was responsible for reviewing and drafting the responses to Plaintiff The FaceBook Inc.'s First Set of Requests for Production of Documents ("Discovery"). I am the ConnectU representative regarding this Discovery. I have made a diligent search and reasonable inquiry for the purpose of locating documents responsive to this Discovery and have forwarded such documents to my counsel. My specific responses to the Requests are as follows:

1. Regarding Request No. 1, after a diligent search, no such documents exist.

2. Regarding Request No. 2, I understand that discovery requests concerning ConnectU users has been denied.

3. Regarding Request No. 3, after a diligent search, no such documents exist.

4. Regarding Request No. 4, after a diligent search, no such documents exist.

5. Regarding Request No. 5, after a diligent search, no such documents exist.

6. Regarding Request No. 6, after a diligent search all documents regarding the organizational structure of ConnectU were previously produced in the Massachusetts litigation. Their production numbers are: C002825-31; C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104; C011105; C011106; C011107; C011108; C011109; C011110; C011111; C011112; C011113; C011114; C011115; C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and C011337. There are no documents that relate to both the Winklevoss Companies and ConnectU.

7. Regarding Request No. 7, after a diligent search all corporate records concerning ConnectU were previously produced in the Massachusetts litigation. Their production numbers are: C002825-31; C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104; C011105; C011106; C011107; C011108; C011109; C011110; C011111; C011112; C011113; C011114; C011115; C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and C011337. There are no documents that relate to both the Winklevoss Companies and ConnectU.

      8.     Regarding Request No. 8, after a diligent search there are no financial reports, profit/loss statements or loan documents concerning ConnectU. There are no documents that relate to both the Winklevoss Companies and ConnectU.

      9.     Regarding Request No. 9, after a diligent search all documents regarding the communications between ConnectU and companies or persons in California, ConnectU states that it cannot confirm whether any such communications occurred. In the Massachusetts litigation, ConnectU produced copies of many communications, mostly in the form of e-mails that reflected a recipient or sender who identified a California address and/or telephone number. Their production numbers are: C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-34; C006722-25; C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27; C007129-30; C007137; C007375-78; C007393-94; C007403; C007488-89; C008544-45; C008676-77; C008872-73; C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25; C009168-69; C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26; C010368-70; C010639; C010643; C010662; C010664; C010667; and C010710-11. In this litigation, ConnectU has produced copies of all remaining communications that reflected a recipient or sender who identified a California address and/or telephone number. Their production numbers are CUCA00001 - CACU000227.

      10.    Regarding Request No. 10, I understand that discovery requests concerning ConnectU users has been denied.

      11.    Regarding Request No. 11, after a diligent search, ConnectU does not have any account receivable due from a California resident.

      12.    Regarding Request No. 12, after a diligent search, ConnectU does not have any personal or real property in California.

      13.    Regarding Request No. 13, after a diligent search, ConnectU does not have any contracts in which California law governs.

      14.    Regarding Request No. 14, while the word "access" is vague and uncertain, after a diligent search, ConnectU has produced in the Massachusetts litigation all known documents it believes are responsive to this request. The production numbers of these documents are:

1 | C003282; C004043; C004225; C004235; C004243; C006535-36; C006537; C006538-40; C006711-
2 | 12; C008023; C008531; C008657; C008658; C008669; C008670; C008673; C008674; C008675;
3 | C008691; C008810; C008811-19; C008835; C008848; C008954; C008957; C008959; C008962;
4 | C008963; C008964-65; C009611-12; C010359; C010360-63; C010364; C010365; C010446;
5 | C010447; C010448; C011005; C011038; C011039-40; C011093; and C011097.

6      15.     Regarding Request No. 15, after a diligent search, ConnectU hereby produces
7 | documents that are bate stamped CUCA00228 - CUCA02960.

8      16.     Regarding Request No. 16, after a diligent search, ConnectU does not have
9 | any licenses or registrations regarding the ability to do business in California.

10     17.     Regarding Request No. 17, I understand that discovery requests concerning
11 | ConnectU users has been denied.

12     18.     Regarding Request No. 18, after a diligent search, all formation records of
13 | ConnectU were previously produced in the Massachusetts litigation. Their production numbers are:
14 | C002825-31; C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104;
15 | C011105; C011106; C011107; C011108; C011109; C011110; C011111; C011112; C011113;
16 | C011114; C011115; C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335;
17 | C011336; and C011337.

18     19.     Regarding Request No. 19, after a diligent search, all documents concerning
19 | ConnectU's directors, officers, employees and agents as their activities concerned ConnectU were
20 | previously produced in the Massachusetts litigation. Their production numbers are: C002825-31;
21 | C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104; C011105; C011106;
22 | C011107; C011108; C011109; C011110; C011111; C011112; C011113; C011114; C011115;
23 | C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and
24 | C011337.

25     20.     Regarding Request No. 20, after a diligent search, ConnectU produced copies
26 | of many documents that might reflect marketing activities in California. Their production numbers
27 | are: C003883-84; C004515-16; C006973; C007137; C007403; C008544; C008948-51; C009011-
28 | 25; C009168-69; C009389; C010368-70; C010639; C010662; and C010664. In this litigation,

1  ConnectU has produced copies of all remaining communications that might reflect marketing
2  activities in California. Their production numbers are CUCA00001 - CACU000227.
3       21.   Regarding Request No. 21, after a diligent search for all documents regarding
4  California people or entities with whom ConnectU had a relationship, ConnectU states that it cannot
5  confirm whether any such relationship existed. In the Massachusetts litigation, ConnectU produced
6  copies of many communications, mostly in the form of e-mails that reflected a recipient or sender
7  who identified a California address and/or telephone number. Their production numbers are:
8  C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-34; C006722-25;
9  C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27; C007129-30; C007137;
10 C007375-78; C007393-94;  C007403; C007488-89;C008544-45; C008676-77; C008872-73;
11 C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25; C009168-69;
12 C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26; C010368-70;
13 C010639; C010643; C010662; C010664; C010667; and C010710-11. In this litigation, ConnectU
14 has produced copies of all remaining communications that reflected a recipient or sender who
15 identified a California address and/or telephone number. Their production numbers are
16 CUCA00001 - CACU000227.
17      22.   Regarding Request No. 22, after a diligent search, all documents concerning
18 the ownership and investments in and of ConnectU were produced in the Massachusetts litigation.
19 Their production numbers are: C002858-59; C004101; C006773; C006789-90; C008548; C009661;
20 C009662; C010168-69; C010173; C010174-75; C010246; C010291-92; C010296; C010308;
21 C010314; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and C011337.
22     ///
23     ///
24     ///
25     ///
26     ///
27     ///
28     ///

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct and that this declaration was executed on the _3_ day of March, 2006.

_____
Cameron Winklevoss

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Defendant ConnectU, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC. | CASE NO. 105 CV 047381 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

# CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to this action. My place of employment and business address is Finnegan, Henderson, Farabow, Garrett, & Dunner, L.L.P., 3300 Hillview Avenue, Palo Alto, California 94304. On March 9, 2006, I caused a copy of the following documents to be served:

- **DECLARATION OF CONNECTU**
- **AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**
- **AMENDED RESPONSE OF DEFENDANT HOWARD WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**
- **AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**
- **AMENDED RESPONSE OF DEFENDANT DIVYA NARENDRA TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**
- **SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**

to be served on all parties as follows:

| *Attorneys for Plaintiff* | |
|---|---|
| Joshua H. Walker, Esq.<br>Monte Cooper, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: 650.614.7400<br>Facsimile: 650.614.7401 | ☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

I am readily familiar with my firm's practice for collection and processing correspondence for mailing with the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection at our business offices on March 9, 2006, following ordinary business practice.


1  I declare under penalty of perjury under the laws of the State of California that the foregoing
2  is true and correct. Executed on March 9, 2006, at Palo Alto, California.

*Karen Reimer* (signature)

Karen Reimer

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28