# EXHIBIT N

**Cooper, Monte**

| | |
|---|---|
| **From:** | Cooper, Monte |
| **Sent:** | Friday, June 02, 2006 3:12 PM |
| **To:** | 'Hornick, John'; Esquenet, Margaret |
| **Cc:** | Nagel, Robert; Guy, Hopkins; robert.hawk@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; Joczek; dan.hampton@hklaw.com; Sbauer; annette.hurst@hellerehrman.com; Mudurian, Karen; Sutton, Theresa A.; Hart, Pat; Facebook/Connectu - OHS Only |
| **Subject:** | RE: ConnectU LLC v. Facebook, Inc. et al. |
| **Attachments:** | depo_not.pdf |

John:

Earlier today, wee served ConnectU with a Rule 30(b)(6) Notice of Deposition relating to its citizenship as of September 2, 2004, to occur in NYC on June 15. We also served the Notice of Deposition relating to Divya's citizenship to occur in NYC in the afternoon of June 16, as per my discussion with Margaret earlier today. Copies of both Notices and the cover letter are attached.

We cannot at this time agree to your "conditions," as outlined below. As reflected at page 11, note 4 of the Court's May 1, 2006 Memorandum and Procedural Order, the Court found that to the extent that ConnectU's allegations relating to diversity jurisdiction set forth in its Original Complaint failed to properly allege jurisdiction, that mistake under *Pramco* "stands as a basis upon which the initial complaint could be dismissed." Earlier today you fully conceded that the citizenship of none of the members of ConnectU is set forth in the Original Complaint. Accordingly, our Rule 30(b)(6) Notice is directed exclusively to that issue, which we believe the Court under its May 1, 2006 Memorandum and Procedural Order will agree is, in fact, relevant to the matters scheduled for consideration at the evidentiary hearing set for June 22, 2006 -- particularly since it was ConnectU's responsibility, not the Defendants', to properly set forth the basis of subject matter jurisdiction when it filed that Original Complaint. This fact is wholly unlike the several topics/stipulations you request directed to citizenship of particular Defendants at the present, which have nothing to do with either the Motion to Dismiss, or the Court's May 1, 2006 opinion.

Accordingly, if you continue to refuse to provide a Rule 30(b)(6) deposition directed to the issue of ConnectU's citizenship as of September 2, 2004, we reserve the right to raise it with the Court either before the June 22, 2006 hearing, or at the hearing itself. We can add this dispute to the matters set for discussion on Monday. Your request that the meet-and-confer occur at 2:00 p.m. EST (11:00 a.m. PST) is otherwise acceptable to us.

Monte Cooper

---

**From:** Hornick, John [mailto:John.Hornick@finnegan.com]
**Sent:** Friday, June 02, 2006 1:00 PM
**To:** Cooper, Monte
**Cc:** Nagel, Robert; Guy, Hopkins; robert.hawk@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; Joczek; dan.hampton@hklaw.com; Sbauer; annette.hurst@hellerehrman.com; Mudurian, Karen; Sutton, Theresa A.; Esquenet, Margaret; Hart, Pat; Facebook/Connectu - OHS Only
**Subject:** RE: ConnectU LLC v. Facebook, Inc. et al.

Dear Monte:

Unfortunately, we are unavailable to talk again today. We can discuss deposition issues during our discovery conference on Monday June 5, 2006. We suggest 2pm our time. Please confirm. The dial-in is:

1-888-546-0543

6/19/2006

Code: 202-408-4076

As promised during our discovery conference today, we have considered your June 1, 2006 10:35pm email and May 30, 2006 letter requests to depose ConnectU on the subject of its citizenship as of September 2, 2004. The Court's May 1, 2006 Order says nothing about deposing ConnectU, and, based on that Order, its citizenship does not appear to be an issue, except for Mr. Narendra's citizenship. Nevertheless, ConnectU is willing to appear for a deposition on the following conditions:

1.   Facebook Defendants provide a complete, substantive response to ConnectU's Interrogatory Nos. 27 and 28 before the June 8 deposition;
2.   During the June 8, 2006 deposition of Zuckerberg, Facebook Defendants allow questioning relating to his current citizenship and the New Yorker article;
2.   Defendants Moskovitz, McCollum, Hughes, and Saverin stipulate to the following before the ConnectU deposition, except for b, which we will need before the June 8 deposition:
   a.   On September 2, 2004, Moskovitz was a citizen of Florida, McCollum was a citizen of Idaho, Hughes was a citizen of North Carolina, and Saverin was a citizen of Florida (if you contend that any of these persons was a citizen of a different state on that date, we will consider a proposal to stipulate to a different state);
   b.   As of the date of the stipulation, Zuckerberg is a citizen of the State of California and has no plans to change citizenship;
   c.   As of the date of the stipulation, Moskovitz, McCollum, Hughes, and Saverin stipulate to their current state of citizenship and that they have no plans to change citizenship.

We will leave it to you to obtain Saverin's stipulation.

We look forward to your response.

Sincerely,

John

---

**From:** Cooper, Monte [mailto:MCOOPER@ORRICK.COM]
**Sent:** Friday, June 02, 2006 3:36 PM
**To:** Hornick, John
**Cc:** Nagel, Robert; Guy, Hopkins; robert.hawk@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; Joczek; dan.hampton@hklaw.com; Sbauer; annette.hurst@hellerehrman.com; Mudurian, Karen; Sutton, Theresa A.; Esquenet, Margaret; Hart, Pat; Facebook/Connectu - OHS Only
**Subject:** RE: ConnectU LLC v. Facebook, Inc. et al.

John and Margaret:

I spoke with Hopkins about your inquiry as to the scope of the depositions between now and June 22. If you are available at 4:30 p.m. EST (1:30 p.m. PST), I would like to discuss his thoughts with you. Unfortunately, Hop will not be available, but Steve Bauer will also be able to participate. Are you free at that time? If so, we can use the same dial-in information as earlier:

Dial-In: 1-877-210-4650
Passcode: 8171118.

We also are amenable to your request below for the discovery conference on June 5, 2006. Please suggest the time and the dial-in information.

Monte

6/19/2006

**From:** Hornick, John [mailto:John.Hornick@finnegan.com]
**Sent:** Friday, June 02, 2006 11:36 AM
**To:** Cooper, Monte
**Cc:** Nagel, Robert; Guy, Hopkins; robert.hawk@hellerehrman.com; Bhanu.Sadasivan@hellerehrman.com; Chatterjee, I. Neel; Joczek; dan.hampton@hklaw.com; Sbauer; annette.hurst@hellerehrman.com; Mudurian, Karen; Sutton, Theresa A.; Esquenet, Margaret; Hart, Pat
**Subject:** RE: ConnectU LLC v. Facebook, Inc. et al.

Dear Monte:

Further to our discovery conference today, during which you refused to discuss Facebook Defendants' refusal to produce documents in response to ConnectU's Request Nos. 201, 210, 221, 234, 246, and 249, in contravention of the Court's May 1, 2006 Order, we request a discovery conference on Monday June 5, 2006. Assuming you stand on your position during that conference, we will contact Judge Collings' chambers at a time certain (and give you the opportunity to join it), requesting immediate consideration of your position.

Sincerely,

John

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.


==============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.


==============================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

6/19/2006

6/19/2006