# EXHIBIT Q

Case 1:04-cv-11923-DPW   Document 194-16   Filed 06/20/2006   Page 1 of 3



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

MEREDITH H. SCHOENFELD
202-408-4393
meredith.schoenfeld@finnegan.com

June 15, 2006

G. Hopkins Guy
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

<u>ConnectU v. Zuckerberg, et al.</u>

Dear Mr. Guy:

This letter responds to yours of June 14, 2006.

On June 13, 2006 Facebook served notices of deposition by facsimile for Cameron and Tyler Winklevoss. Those notices provided that the depositions are to occur on June 20, 2006, in Boston. On June 14, 2006, my colleague, Margaret Esquenet sent you an email regarding these notices. Ms. Esquenet's email stated that the notices were ineffective because, among other things, (a) they failed to provide a reasonable amount of time between the notices and the deposition, (b) they called for depositions in state that is different from the residence of the proposed deponents, and (c) they called for depositions of individuals who were not parties to the action, which under such circumstances required subpoenas.

Your June 14, 2006 letter included two subpoenas, apparently in an attempt to cure one of the defects, identified above. We note however, these subpoenas were not personally served on these non-parties, and did not provide adequate notice under the Rule. Moreover Facebook failed to provide the required witness fees and compensation for travel, in accordance with the requirement for the issuance of valid subpoenas. We further note that these subpoenas called for the depositions in Boston for June 20, 2006.

Regardless of whether Rule 30 or Rule 45 applies, these notices and subpoenas are deficient. Among other defects, they fail to provide reasonable notice and an opportunity for the proposed deponents or subpoenaed parties to prepare. As you are aware, the Court has scheduled a hearing on June 22, 2006. Counsel are preparing for this hearing, and should not and cannot be required to interrupt their preparation for the hearing to prepare two witnesses for seven hour depositions, which is apparently what you intend according to your June 14, 2006 letter.

Washington, DC ■ Atlanta, GA ■ Cambridge, MA ■ Palo Alto, CA ■ Reston, VA ■ Brussels ■ Taipei ■ Tokyo

G. Hopkins Guy
June 15, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    At the present time, Messrs. Winklevoss are in New Jersey with the U.S. National Rowing Team, where they where they continue training toward their goal of participating in the 2008 Olympic Games.  Hence, even if these notices and subpoenas were valid, which they are not, Messrs. Winklevoss would be greatly inconvenienced by having to travel to Boston to prepare for and give seven hour depositions on the date and time noticed.

    Notwithstanding the defects in these notices and subpoenas, in an effort to work a compromise, we offered limited telephonic depositions at specific times so long as Facebook fully responded to outstanding Interrogatory No. 28.  However, your June 14, 2006 letter demands that Messrs. Winklevoss attend depositions in Boston on the date these defective notices and subpoenas provide, i.e. June 20, 2006.  Additionally, Facebook and other defendants continue to refuse to provide substantive responses to Interrogatory No. 28.

    Your refusal to accept our offer to compromise is unfortunate.  Given the defects in your pleadings, and the substantial interruptions in counsel and the proposed witnesses' schedules that attending June 20 depositions would cause, it is our position that the notices and subpoenas are defective, and we have no obligation to attend.  However in our continuing effort to cooperate and reach a compromise, we will keep our offer open until close of business, this Friday, June 16, 2006.  If you would like to reconsider your position, please let us know by that time.

    Sincerely,

    Meredith H. Schoenfeld

MHS/rjh

cc: Monte Cooper, Esq.
    Robert Nagel, Esq.
    Robert B. Hawk, Esq.
    Daniel K. Hampton, Esq.
    Steve M. Bauer, Esq.
    Bhanu Sadasivan, Esq.
    Annette Hurst, Esq.