**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC., <br><br> Defendants. | Civil Action No. 1:04-cv-11923 (DPW) <br><br> District Judge Douglas P. Woodlock <br><br> Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and FACEBOOK, INC., <br><br> Counterclaimants, <br><br> v. <br><br> CONNECTU LLC, <br><br> Counterdefendant, <br><br> and <br><br> CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, <br><br> Additional Counterdefendants. | |

**PLAINTIFF'S OPPOSITION TO FACEBOOK DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATIONS OF DIVYA NARENDRA,
TYLER WINKLEVOSS, AND CAMERON WINKLEVOSS IN SUPPORT OF
<u>PLAINTIFF'S SUPPLEMENTAL BRIEF</u>**

**I.     INTRODUCTION**

Plaintiff ConnectU LLC submitted to this Court the Declarations of Divya Narendra, Tyler Winklevoss, and Cameron Winklevoss (the "Declarations") to support Plaintiff's Supplemental Brief (Docket Nos. 181, 183, 184, and 185). Facebook Defendants moved to strike the Declarations. (Docket No. 191). As detailed below, none of the justifications upon which Facebook Defendants base their objections is adequate to support their motion. Plaintiff therefore respectfully urges the Court to deny Facebook Defendants' Motion to Strike.

**II.    DISCUSSION**

      A.    Divya Narendra, Tyler Winklevoss, and Cameron Winklevoss
           Were All Made Available To Facebook Defendants

Facebook Defendants' argument that "ConnectU has gone out of its way to prevent the Facebook Defendants from taking any discovery related to the statements made in the Supplemental Declarations" is false. (Motion to Strike, Dkt. 191 at p. 2). In fact, Divya Narendra was subjected to a full day of questioning and both Tyler and Cameron Winklevoss were prepared to be deposed on the date noticed, June 20, 2006. (Declaration of Meredith Schoenfeld ("Esquenet Decl.", Ex. 1, June 16, 2006 Deposition Transcript of Divya Narendra))

         *1.    Facebook Defendants Deposed Divya Narendra on June 16, 2006*

In their Motion to Strike, Facebook Defendants fail to mention that on June 16, 2006, they questioned Divya Narendra from 1:21pm to 8:13pm, with less than 90 minutes of breaks. (Esquenet Decl., ¶ 2, Ex. 1). During that deposition, counsel for Facebook Defendants and counsel for Defendant Saverin explored *ad nauseum* the allegations of the Declarations. Indeed, at least of fifty pages of the deposition transcript is dedicated to questioning solely on the contents of the Declarations. (*See e.g.*, Esquenet Decl. Ex. 1, pp. 48-50, 108, 119-130, 143-154, 161-165, 170-173, 189-191, 222, 230-231, 236-239, 261-271)

*2. Tyler And Cameron Winklevoss Agreed to Be Deposed on the Date Noticed*

Contrary to the assertion in Facebook Defendants' Motion to Strike, Cameron and Tyler Winklevoss agreed to be deposed on June 20, 2006 (the date noticed), without conditioning such appearance on Facebook Defendants' response to Plaintiff's Interrogatory No. 28. (Esquenet Decl., ¶ 3, Ex. 2, June 19, 2006 e-mail from Facebook Defendants' counsel, Monte Cooper) . The Winklevoss brothers simply requested that the depositions take place either in New Jersey or by phone (rather than Boston), as they are both currently living in Princeton, New Jersey while training with the United States National Rowing Team.  Such a change of location was contemplated by the Notices, which state that the deposition would occur "at such time and place mutually agreed upon by counsel." (Esquenet Decl. ¶ 4, Ex. 3.)  Despite the reasonable compromise offered by the Winklevoss brothers, Facebook Defendants refused to take the deposition in a locale other than Boston or by telephone.  (Esquenet Decl. ¶ 3, Ex. 2).

Facebook Defendants' claim that no counsel was available to go to New Jersey or to take the depositions by telephone is belied by the fact that the Defendants brought at least six lawyers to the hearing and identified two others on the brief for this Motion.  Surely someone could have been dispatched to New Jersey for a few hours to take these depositions, or could have taken the depositions by phone.  In any event, Facebook Defendants suffered no prejudice, as the Court did not hear evidence regarding the Membership of ConnectU at the June 22, 2006 hearing and the Court indicated that it would allow discovery on the issue covered by the Declarations, if needed. Facebook Defendants even acknowledged, before ConnectU filed the Supplemental Declarations, that the June 22 hearing would be limited to the issues of Mr. Narendra's and Mr. Zuckerberg's citizenship on September 2, 2004, and therefore Facebook Defendants could not have been prejudiced by their failure to depose the Winkelvoss brothers before the hearing.

(Esquenet Decl. ¶ 5, Ex. 4, June 9, 2006 letter from Facebook Defendants' counsel, G. Hopkins Guy).

      B.      <u>The Declarations Are Timely and Reflect Personal Knowledge</u>

The Declarations contain factual information germane to the issue of subject matter jurisdiction in this litigation and their admission would not violate any Federal Rules of Evidence or Procedure.

        *1.*      *Neither Federal Rule of Civil Procedure 26 nor 37 Applies*

Facebook Defendants argue that the Declarations are untimely based on the Federal Rules of Civil Procedure (Motion at p. 4). Rule 37(c)(1) of the Federal Rules of Civil Procedure relates to the failure to disclose information as required by Rule 26(a) (Initial Disclosures) and Rule 26(e)(1) (Supplemental Disclosures). Therefore, Rule 37(c)(1) "in no way relates to [declarations and] affidavits." *Meequaye Kanyi v. United States*, No. 99 CV 5851(ILG), 2001 WL 1590513 at *5 (E.D.N.Y. Nov. 7, 2001).

Furthermore, Facebook Defendants have no valid argument because they "cannot establish a violation of Rules 26(e)(1) or (e)(2)." *Encore Entertainment, LLC v. Kiddesigns, Inc.*, No. 3:03 1129, 2005 WL 2249897 at *9 (M.D. Tenn. Sept. 14, 2005). First, Rule 26 only requires minimal information regarding the identity of parties and the location of documents. Fed. R. Civ. P. 26(a)(1)(A-E). Second, Rule 26 specifically allows a party to supplement its disclosures at any point during the course of discovery. Because discovery is still open, Plaintiff's submissions should not be stricken on the basis that they were not timely filed. *Montefiore Medical Center v. American Protection Insurance Co.*, 226 F.2d 470, 474 (S.D.N.Y. 2002) (declining to strike affidavit as being untimely while discovery was still open).

### 2. *ConnectU Did not Delay in Filing the Declarations*

In light of the First Circuit's *Pramco* decision, the Court ordered the parties to develop discovery regarding the issue of the citizenship of Divya K. Narendra and Defendant Mark E. Zuckerberg. Facebook Defendants made Mr. Zuckerberg available for deposition June 8, 2004. ConnectU filed its supplemental brief, which included the Declarations, just two business days after completing this deposition. Considering how thoroughly the *Pramco* decision affected the diversity issues in this case, the parties would have been remiss if they failed to brief this Court regarding those ramifications.

### 3. *The Declarations Contain Only the Personal Knowledge of the Declarants*

Facebook Defendants do not specify which declarant does not have personal knowledge of paragraphs 2 and 4 of the Declarations. Similarly, they fail to specify which facts are not based on personal knowledge. Facebook Defendants' rudimentary chart does not provide these important details. In fact, each declarant provided only factual evidence within his personal knowledge. For example, during Mr. Nardenra's deposition, he testified that he and the Winklevoss brothers discussed Mr. Narendra's position at Credit Suisse and its likely effect on his ability to contribute to ConnectU. (Esquenet Decl., ¶ __, Ex. 1, pp. 149-153) Each declarant therefore had personal knowledge of the circumstances relating to Mr. Narendra's membership in ConnectU.

### C. The Declarations Do Not Violate The Parol Evidence Rule

### 1. *The Parol Evidence Rule Does Not Apply to Prior Agreements*

The parol evidence rule is not applicable under these circumstances. The August 2005 Operating Agreement, which governs ConnectU LLC and the prior oral agreement between Divya Narendra, Tyler Winklevoss, and Cameron Winklevoss are two wholly separate agreements. The Operating Agreement did not exist on September 2, 2004, and therefore is

4

irrelevant to the state of facts on that date. The Court is only concerned with, and must evaluate only the status of, the arrangement between Narendra and the Winklevoss brothers on the date the Complaint was filed. Thus, the Operating Agreement cannot inform the Court's opinion of the Members of ConnectU on September 2, 2004. Rather, the Court must look to the oral agreement that was in place between the founders of ConnectU on September 2, 2004. Since no one disputes that this was purely an oral agreement, separate from the later-executed Operating Agreement, the Court may and should consider parol evidence to determine the terms of that earlier agreement. *See Scott-Douglas Corp. v. Greyhound Corp.*, 304 A.2d 309, 315 (Del. Super. 1973) (use of parol evidence is permissible to prove a separate agreement). The testimony in the Declarations is directly relevant to the terms of the earlier oral agreement between Narendra and the Winklevoss brothers.

The specious nature of Facebook Defendants' argument is best illustrated by examining its reverse. Had there not been diversity on September 2, 2004 because an oral agreement had made Mr. Narendra a ConnectU LLC Member on that date (and assuming *arguendo* that Mr. Zuckerberg was a New York citizen on that date)[1], a later-executed, retroactive agreement stripping Mr. Narendra of Membership in ConnectU LLC as of September 2, 2004 would not have saved diversity. Just as a contract cannot reach back to *create* diversity where none existed, one cannot reach back and *destroy* diversity by retroactive application.

    2.    *Third Parties Cannot Rely on the Parol Evidence Rule*

Even if the Court determines that the Declarations constitute parol evidence regarding the terms and contents of the August 5, 2005 ConnectU LLC Operating Agreement, the parol

---

[1] Plaintiff does not concede that Mr. Zuckerberg was a citizen of the State of New York on September 2, 2004. It simply assumes so in this hypothetical to illustrate the inapplicability of the ConnectU LLC Operating Agreement to the diversity issue.

5

evidence rule cannot be invoked by a third party seeking to rely on an agreement in which it does not have privity. *Shackelford v. Latchum*, 52 F. Supp. 205, 207 (D. Del. 1943) (citations omitted). The parol evidence rule bars a party to an agreement from attempting to change or explain the terms of the agreement through parol evidence in order to disadvantage another party to the agreement. *See* Restatement (Second) of Contracts § 213 (1981). It does not permit third parties to challenge the interpretation of a contract agreed-upon by the parties to that contract. *Shackelford* at 207. Thus, Facebook Defendants, as non-parties to the Operating Agreement, cannot argue that Mr. Narendra and the Winklevoss brothers are precluded from explaining the terms of the ConnectU LLC Operating Agreement or its predecessor oral agreement.

## III. CONCLUSION

For the reasons set forth herein, ConnectU respectfully requests that the Court deny Facebook Defendants' Motion To Strike Plaintiff's Supplemental Declarations of Divya Narendra and Tyler and Cameron Winklevoss in Support of Plaintiff's Supplemental Brief.

Respectfully submitted,

DATED: July 5, 2006

/s/ Margaret A. Esquenet_____
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Plaintiff and Counterclaim Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 5, 2006.

/s/ Margaret A. Esquenet
Margaret A. Esquenet

7