IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Additional Counterdefendants. | |

**THE FACEBOOK DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

**I.     INTRODUCTION**

ConnectU seeks contempt premised on a motion to compel that was denied by the Court. As with the motion to compel, ConnectU's current motion should be denied.

On March 31, 2006, the Court issued an order on ConnectU's Motion to Compel responses to various interrogatories that ConnectU propounded to the Facebook Defendants.[1] The present motion relates to only one such interrogatory — Interrogatory No. 16 — which asked for the "monetary value" of Facebook, Inc.[2] The Court's order regarding this interrogatory *denied ConnectU's motion to compel on the grounds that "monetary value" was vague.* The Court also authorized ConnectU to "seek financial documents to determine the present value of thefacebook, Inc. and thefacebook.com website." The Court ordered nothing more. Since March 31, 2006, ConnecU has not propounded any discovery related to the topics authorized by the Court.

ConnectU's motion is premised on the incorrect assumption that the Facebook Defendants were ordered to produce documents. The Facebook Defendants were not ordered to respond to Interrogatory No. 16, nor were they ordered to perform any other act in connection therewith. ConnectU insists, however, that the Facebook Defendants have violated the March 31 Order by refusing to produce documents in response to Interrogatory No. 16. ConnectU is wrong. The Court's March 31 Order relative to Interrogatory No. 16 required no further action on the Facebook Defendants' part. As a result, the Facebook Defendants could not have been in violation of an order requiring it to do nothing. A finding of contempt is unwarranted.

---

[1] The term "Facebook Defendants," as used herein, refers to all defendants except individual defendant Eduardo Saverin.

[2] In its motion, ConnectU describes in great detail the Facebook Defendants' responses to Interrogatory No. 9 and various document requests. Those items cannot serve as the basis of the motion for contempt as they were not the subject of this Court's March 31, 2006 order. Indeed, these requests are part of separate motions to compel and for protective order, which are

-1-

**II.     BACKGROUND**

On April 7, 2005, ConnectU served its first set of interrogatories, which included 18 separate interrogatories and additional subparts. *Declaration of Monte Cooper in Support of Facebook Defendants' Opposition to Motion for Contempt* ("*Cooper Decl.*"), Ex. A. Interrogatory No. 16, the subject of ConnectU's motion for contempt, reads:

> Identify and describe in detail the monetary value of Thefacebook, Inc. and the thefacebook.com website.

The Facebook Defendants responded on May 31, 2005. *Id.*, Ex. B. In their response, the Facebook Defendants objected on numerous grounds, including that the term "monetary value" is vague and ambiguous. *Id.* The Facebook Defendants also referred ConnectU, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, to documents (Bates numbered FACE002127-29 and TFB000002-51) produced in response to ConnectU's first request for production of documents. *Id.*

The parties met and conferred but were unable to narrow all of the issues. *Id.*, ¶ 4. As a result, ConnectU filed a motion to compel further responses on August 30, 2005. Docket No. 52. The Court heard argument of counsel on March 3, 2006. During the hearing, the Court asked if "monetary value" was "market value … what the company could be sold for?" Docket No. 151, I-50:13-14. ConnectU repeated the Court's question but went further to say that the Facebook Defendants "can qualify whatever value they provide. I assume they will define it. They've said it could mean all different kinds of things and I've said fine, tell us what they are and tell us how you define them." *Id.*, I-50:15-19, On March 31, 2006, the Court issued its Order on ConnectU's Motion to Compel further responses to interrogatories, in which it granted-in-part and denied-in-part ConnectU's motion. Docket No. 164. The Court agreed with the Facebook

---

currently pending.

Defendants that the term "monetary value" is vague and ambiguous and denied ConnectU's motion to compel a further response to Interrogatory No. 16. Docket No. 164, pg. 4. The Court did authorize ConnectU, however, to "seek financial documents to determine the present value of thefacebook, Inc. and thefacebook.com website." *Id*.

Following the Court's order, on April 25, 2006, ConnectU wrote to counsel for Facebook demanding that Facebook produce documents responsive to several document requests, which were served prior to the Court's order. *Cooper Decl.*, Ex. C. All but two of the document requests identified by Plaintiff are the subject of a currently pending motion to compel and cross-motion for protective order. Docket Nos. 43, 68. Neither of these motions has been decided. Facebook responded to ConnectU's inquiry by stating that the March 31 Order did not provide ConnectU unbridled access to documents via letter demands and, at a minimum, ConnectU must explain how the documents sought by such letter(s) relate to "present value." *Id.*, Ex. D. Plaintiff refused to do so.

Despite the existing motions described above, the Facebook Defendants provided information related to the value of Facebook, Inc. and agreed it could be used in this case. For example, on April 25, 2006, Mark Zuckerberg, Facebook founder and CEO, was deposed in the related California action (*Facebook v. ConnectU LLC, et al*, Case No. 1-05-CV-047381, Superior Court of California) and testified to the details of a recent valuation of the company. *Id.*, Ex. E, 247:12-25. On May 9, 2006, the Facebook Defendants produced, in this case, documentation to support that valuation, including term sheets and the company's balance and profit and loss sheets. *Id.*, Ex. F. Plaintiff has done nothing to identify any further information it needs that it currently does not have.

Despite these facts, on June 9, 2006, ConnectU filed the present Motion for Contempt.

-3-

### III. THE FACEBOOK DEFENDANTS DID NOT VIOLATE THE COURT'S ORDER

#### A. Plaintiff's Motion is Unripe.

Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure provides for the imposition of sanctions, including a finding of contempt, only where a party "fails to obey an order to provide or permit discovery … ." This Court's March 31, 2006, Order reads, in pertinent part,:

> Interrogatory #16 - The Court is unsure of what the term "monetary value" means in this context and is unfamiliar with any use of such a term in business valuation practice. Accordingly, the objection contained in the third sentence of the response is SUSTAINED. The objections contained in the first two sentences are OVERRULED. The motion to compel this interrogatory is DENIED without prejudice. The plaintiffs may seek financial documents to determine the present value of thefacebook, Inc. and thefacebook.com website.

Docket No. 164, pg. 4. By this Order, the Court denied ConnectU's motion to compel a further response to Interrogatory No. 16. As a result, the Court did not order the Facebook Defendants to provide or permit discovery. Rather, it allowed Plaintiff to seek information through document requests should it choose to do so. As there was nothing in the Order for the Facebook Defendants to violate, sanctions are not warranted.

ConnectU appears to argue that its previously served document requests satisfy the requests authorized by the Court. The Facebook Defendants disagree. Motions to compel and for protective order are currently pending on the outstanding document requests. As to those requests, therefore, a motion for contempt is unripe. Before contempt could even be evaluated, those other motions must be resolved on their merits, and document productions, if ordered, must occur.

#### B. ConnectU Has Not Shown By Clear and Convincing Evidence that the Facebook Defendants Violated an Unambiguous Order

"A motion for contempt will be granted only if the complainant can offer clear and

-4-

convincing evidence that a lucid and unambiguous [ ] order has been violated." *Porrata v. Gonzalez-Rivera*, 958 F.2d 6, 8 (1st Cir. 1992) *citing Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991). "One may not be held in contempt for violating a court order unless the order clearly and unambiguously describes the kind of conduct that is required or forbidden." *United States v. Saccoccia*, 342 F. Supp. 2d 25, 32 (D.R.I. 2004) *citing NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990). The Order, which denied ConnectU's motion to compel a further response, clearly and unambiguously requires nothing of the Facebook Defendants. Instead, the Order simply authorizes ConnectU to seek financial documents to determine the value of thefacebook, Inc. and thefacebook.com website.

ConnectU argues that the Facebook Defendants' position that the Order only permits ConnectU to seek documents without actually requiring any production by the Facebook Defendants renders the Order a "nullity," ignores the fact that *the Court denied ConnectU's Motion to Compel a further response*. Accordingly, ConnectU has not established that the Facebook Defendants violated the March 31 Order.

### IV.   CONCLUSION

Because the March 31, 2006 Order denies ConnectU's Motion to Compel a further response to Interrogatory No. 16 and does not require anything of the Facebook Defendants, the Facebook Defendants cannot be found to have violated the Order. As a result, ConnectU's Motion for Contempt must be denied.

| | |
|---|---|
| Dated: July 10, 2006. | Respectfully submitted, |

                          /s/ Monte M.F. Cooper /s/

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Robert D. Nagel*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
rnagel@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:      (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.

* Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 10, 2006.

Dated:  July 10, 2006.                    Respectfully submitted,

                                          /s/ Monte M.F. Cooper /s/
                                               Monte M.F. Cooper