# EXHIBIT A

414446.0003 pldgs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

### PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendants (collectively, "Plaintiff") hereby serve this First Set of Interrogatories on Defendants and Counterclaim Plaintiffs (collectively, "Defendants") and request that Defendants respond by serving upon Plaintiff's counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., 901 New York Avenue, NW, Washington, DC

**Interrogatory No. 16**

Identify and describe in detail the monetary value of Thefacebook, Inc. and the thefacebook.com website.

**Interrogatory No. 17**

Identify each person who has furnished information or otherwise assisted in the preparation of an answer to one or more of these interrogatories and the answer or answers for which each such person provided such information or other assistance.

**Interrogatory No. 18**

Describe in detail the factual basis for each of Defendants' affirmative defenses.

Dated: April 7, 2005

Respectfully submitted,

*/s/ Jonathan M. Gelchinsky*

Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com

John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, L.L.P.
901 New York Aveue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC

10

## CERTIFICATE OF SERVICE

I, Jonathan M. Gelchinsky, hereby certify that on April 7, 2005, a true and correct copy of the foregoing PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES was served by the indicated means to the persons at the addresses listed:

| | |
|---|---|
| Daniel K. Hampton, Esq.<br>Gordon P. Katz, Esq.<br>HOLLAND & KNIGHT, LLP<br>10 St. James Avenue<br>Boston, MA 02116 | ☐ Via First Class Mail<br>☒ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Robert B. Hawk, Esq.<br>HELLER EHRMAN, LLP<br>275 Middlefield Road<br>Menlo Park, CA 94025 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ Via Overnight Courier<br>☐ Via Facsimile |

_____
Jonathan M. Gelchinsky

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway, Suite 700
Cambridge, MA 02142
Telephone: (617) 452-1600

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>                            Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>                            Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>                            Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>                            Counterdefendants. | CIVIL ACTION No.: 1:04-cv-11923 (DPW) |

**DEFENDANTS AND COUNTERCLAIMANTS' RESPONSES TO PLAINTIFF AND COUNTERDEFENDANTS' FIRST SET OF INTERROGATORIES**

      Defendants and counterclaimants Mark Zuckerberg and TheFacebook, Inc., and Defendants Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes (collectively "Defendants") respond to the First Set of Interrogatories of Plaintiff and Counterclaimant Defendant ConnectU LLC and additional Counterclaim Defendants

CONFIDENTIAL

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants refer Plaintiff to the financial statement records produced by Defendants in response to Plaintiff And Counterclaim Defendants' First Request For The Production Of Documents And Things.

## INTERROGATORY NO. 16

Identify and describe in detail the monetary value of Thefacebook, Inc. and the thefacebook.com website.

## RESPONSE TO INTERROGATORY NO. 16

Defendants object that this Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory to the extent that it calls for Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Defendants further object to this Interrogatory in that the term "monetary value" is vague and ambiguous. Without waiving the general objections above and subject to the objections stated herein, Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants refer Plaintiff to the financial statement records produced by Defendants in response to Plaintiff And Counterclaim Defendants' First Request For The Production Of Documents And Things.

CONFIDENTIAL

defenses, including the defense that one or more of Plaintiff's common law claims are pre-empted by federal law, that Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law, and that Plaintiff's in whole or in part as to one or more of the individual defendants because the acts complained of were taken in their capacity as employees, agents, or servants of TheFacebook, Inc., are predominately legal in nature. Defendants reserve the right to supplement as discovery continues.

DATED: May 31, 2005    MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.

AS TO OBJECTIONS

By their attorneys,

Gordon P. Katz (BBO# 261080)
Daniel K. Hampton (BBO# 634195)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Robert B. Hawk (*of counsel*)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7197

## Verification

I, Mark Zuckerberg, declare and state:

I have read DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, served herewith, and to the best of my present knowledge and belief, based in whole or in part upon information provided to me by others, this response is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___May 30___, 2005 in Palo Alto, California.

_____
Mark Zuckerberg

## CERTIFICATE OF SERVICE

I, Daniel K. Hampton, hereby certify that on this 31st day of May, 2005, I served a copy of the within document on the following counsel of record, via facsimile transmission and confirmation copy via first class mail:

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001; and

Jonathan M. Gelchinsky, Esq.
Finnegan, Henderson, Farabow, Garrett &
Dunner, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142

Daniel K. Hampton

# 2856366_v4

# EXHIBIT C



901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

John F. Hornick
202.408.4076
john.hornick@finnegan.com

April 25, 2006

Monte Cooper, Esq.                           **VIA FACSIMILE**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Robert B. Hawk, Esq.
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025-3506

      ConnectU LLC v. Mark Zuckerberg, et al., and THE FACEBOOK, INC.
      Civil Action No. 1:04-cv-11923 (DPW)

Dear Monte and Robert:

      Regarding ConnectU's Interrogatory No. 16, Judge Collings' March 31, 2006 Order states that "[t]he plaintiffs may seek financial documents to determine the present value of TheFacebook, Inc. and thefacebook.com website." Such documents are within the scope of ConnectU's production requests identified below, and possibly others as well.

No. 71 (investors, investments, offers to purchase)
No. 90 (fixed costs)
No. 91 (variable costs)
No. 92 (overhead)
No. 93 (revenue)
No. 94 (gross profit)
No. 95 (net profit)
No. 96 (tax returns)
No. 97 (financial statements)
No. 98 (bank accounts)
No. 99 (tangible and intangible assets)
No. 100 (debt)
No. 101 (value of Facebook, Inc.)
No. 106 (budgets, forecasts, and projections)
No. 171 (value, estimated by or for each investor; and financial, revenue, profit or loss, and cash flow projections)

Case 1:04-cv-11923-DPW    Document 207-2    Filed 07/10/2006    Page 14 of 20

Monte Cooper, Esq.
Robert B. Hawk, Esq.
April 25, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

In March and April of this year, the media reported that Facebook, Inc. and/or facebook.com were on the market for $2 Billion, and that Viacom or some other entity offered to purchase Facebook, Inc. and/or facebook.com for $750 Million (see, e.g., http://money.cnn.com/2006/03/28/technology/pluggedin_fortune/index.htm). Just last week, the media reported that Facebook, Inc. and/or facebook.com have been valued at $550 Million and that Greylock Partners, Meritech Capital Partners, and Peter Thiel are investing $25 Million in Facebook, Inc. and/or facebook.com (see, e.g., http://www.marketwatch.com/News/Story/Story.aspx?guid=%7BEAB41A61-A391-48CE-A20C-5254A5842493%7D&siteid=google and http://www.smh.com.au/news/Business/News-Corp-to-buy-into-job-search-engine/2006/04/19/1145344134351.html). Such facts, and any related documents, are directly relevant to establishing the "present value of TheFacebook, Inc. and thefacebook.com website". Please produce immediately all documents related to these facts, and all current documents covered by the requests identified above. Examples of such documents are as follows (the existence of which are reflected in documents produced by Accel):

1. valuations of Facebook, Inc. and/or facebook.com prepared by or for investors or by Facebook, Inc. and/or facebook.com, including without limitation reports of consultants, experts, advisors, or appraisers that relate to the present value of Facebook, Inc. and/or facebook.com, in the possession, custody, or control of Facebook, Inc. and/or facebook.com or Saverin;

2. documents related to such investors' due diligence in the possession, custody, or control of Facebook, Inc. and/or facebook.com or Saverin;

3. the following Facebook, Inc. and/or facebook.com documents (from fourth quarter 2005 and 2006 to date):

    a. profit and loss statements

    b. balance sheets (audited and/or unaudited)

    c. cash flow statements

    d. income and/or financial statements

    e. budgets

    f. business plans

    g. statements of stockholder equity

1093126_1

Monte Cooper, Esq.
Robert B. Hawk, Esq.
April 25, 2006
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

4. any agreements related to such facts, such as:

    a. stock purchase agreements

    b. transaction agreements

    c. investors rights agreements

    d. right of first refusal and co-sale agreements

    e. voting rights agreements

5. terms sheets summarizing the principal terms of any financing of TheFacebook, Inc. during 2006.

Absent Facebook Defendants' and Saverin's agreement to produce such documents, ConnectU will be forced to file a motion for contempt. Please provide a response to this letter by Thursday, April 27, 2006. Also, we wish to include a discussion of Facebook Defendants' and Saverin's production of such documents in the meet and confer requested by Facebook Defendants and scheduled for April 28, 2006.

Sincerely,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
John F. Hornick

JFH/sjb

cc: Daniel K. Hampton, Esq. (via facsimile)
    Steven M. Bauer, Esq.    (via facsimile)
    Neel I. Chatterjee, Esq.  (via facsimile)
    G. Hopkins Guy, III, Esq. (via facsimile)
    Gordon P. Katz, Esq.     (via facsimile)
    Jeremy P. Oczek, Esq.    (via facsimile)
    Bhanu K. Sadasivan, Esq. (via facsimile)
    Joshua H. Walker, Esq.   (via facsimile)

1093126_1

# EXHIBIT D



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

April 26, 2006

Monte Cooper
(650) 614-7375
mcooper@orrick.com

*VIA FACSIMILE AND U.S. MAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:   <u>ConnectU v. Zuckerberg, et. al.</u>

Dear John:

The Facebook Defendants are in receipt of your letter of April 25, 2006 related to Magistrate Judge Collings' denial of ConnectU's motion to compel a further response to Interrogatory No. 16.

You incorrectly contend that the Court's ruling requires the Facebook Defendants to turn over substantial documentation alleged to be subject to several prior Requests for Production. The Requests you cite are the subject of pending Motions to Compel and Cross-Motions for a Protective Order and were not referenced in the Court's ruling. The Court's ruling related solely to Interrogatory Responses, rather than document production.

TheFacebook Defendants do not believe the Court's statement that "the plaintiffs may seek financial documents to determine the present value of the facebook, Inc. and the facebook.com website" translates into receiving unlimited discovery via letter demands. Moreover, ConnectU first must identify how a particular document relates to "present value" before it can demand unbridled access to such information. ConnectU has not done so. By way of example, you cite voting rights agreements as being somehow relevant to present value, without any explanation why.

The Facebook Defendants will produce any documents that the Court orders produced as a result of the pending Motions to Compel. However, until such a ruling(s), coupled with a specific identification how documents relate to determining present value, the Facebook Defendants do not agree they are under obligation to respond to the demands set forth in your April 25, 2006 correspondence. On the other hand, the Facebook Defendants have no objection to discussing this issue in conjunction with the meet and confer scheduled for April 28, 2006, as you request.

Please let me know if you need any further information.

US_WEST:260008879.1



ORRICK

John F. Hornick, Esq.
April 26, 2006

Very truly yours,

Monte Cooper

cc: Margaret A. Esquenet, Esq. (via email)
    Troy E. Grabow, Esq. (via email)
    Kenneth Curtis, Esq. (via email)
    Pat Hart , Esq. (via email)
    Robert B. Hawk, Esq. (via email)
    Daniel K. Hampton, Esq. (via email)
    Steve M. Bauer, Esq. (via email)

# EXHIBIT E
# To The Declaration of Monte Cooper

# (FILED UNDER SEAL)

# EXHIBIT F
# To The Declaration of Monte Cooper

# (FILED UNDER SEAL)