1   Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
    Stanford Research Park
3   700 Hansen Way
    Palo Alto, California 94304
4   Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666
5

6   Attorneys for Defendants
    Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
    and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                      CASE NO. 105 CV 047381

14              Plaintiff,                  **RESPONSE AND OBJECTIONS OF
                                            DEFENDANT DIVYA NARENDRA TO**
15          v.                              **PLAINTIFFS FIRST SET OF SPECIAL
                                            INTERROGATORIES (NOS 1-23)**
16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:**        **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**         **Defendant DIVYA NARENDRA**

3  **SET NO.:**                  **ONE (1)**

4

5      TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6      The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                          **GENERAL OBJECTIONS**

9      1.  Responding party objects to each interrogatory and to the definitions and instructions to

10  the extent they seek to impose obligations that are broader than or inconsistent with the California

11  Rules of Civil Procedure and applicable Local Rules or court orders.

12      2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13  the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14  work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15  law.  Responding party does not intend to produce such privileged or protected documents or

16  information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17  Responding party expressly reserves the right to object to the introduction at trial or any other use of

18  such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19  interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20  party to produce a privilege log for documents or information falling within the attorney-client

21  privilege or work-product doctrine, if such documents or information were created after the date that

22  this lawsuit was filed.

23      3.  Responding party objects to each interrogatory and all other definitions and instructions

24  to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25  discoverable information, or fail to describe the information sought with the required reasonable

26  particularity.

27      4.  Responding party objects to each interrogatory and all definitions and instructions to the

28  extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

Doc. No. 432976                    1      RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
                                           OF REQUESTS FOR ADMISSION

1  of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

2  the litigation, and the importance of the proposed discovery in resolving the issues.

3      5.  Responding party objects to each interrogatory and all other definitions and instructions

4  to the extent they seek information that is confidential financial, proprietary, trade secret or other

5  confidential or competitively sensitive business information relating to Responding party or any

6  third party.  Responding party reserves the right to object that certain information is so confidential

7  and sensitive that it will not be produced even pursuant to a protective order.

8      6.  Responding party objects to each interrogatory and all definitions and instructions to the

9  extent they seek information not in Responding Party's custody or control.

10     7.  Responding party objects to the interrogatory and all other definitions and instructions to

11  the extent they seek information that is beyond the scope of this litigation, is not relevant, or that

12  falls outside the parameters of discoverable information under the California Code of Civil

13  Procedure.

14     8.  Responding party has not yet completed its investigation, collection of information,

15  discovery, and analysis relating to this action.  The following response is based on information

16  known and available to Responding party at this time.  Responding party reserves the right to

17  modify, change, or supplement its response and to produce additional evidence at trial.

18     9.  Responding party's agreement to furnish information in response to Plaintiff's

19  interrogatories shall not be deemed as an admission regarding the relevance of the requested

20  information, nor is it intended to waive any right to object the admissibility of such at trial.

21     10. Responding party objects to producing at this time documents unrelated to the issue of

22  personal jurisdiction over the individual Defendants.

23

24                          **OBJECTIONS TO DEFINITIONS**

25     1.      Responding party objects to all definitions to the extent they impose burdens on

26  responding different or greater than those provided in the California Code of Civil Procedure.

27     2.      Responding party objects to all definitions to the extent that they are burdensome,

28  oppressive and unnecessary.

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

3.    Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.    Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.    Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6.    Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and  burdensome.

7.    Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## OBJECTIONS TO INSTRUCTIONS

1.    Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2.    Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3.    Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4.    Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1

**RESPONSES AND SPECIFIC OBJECTIONS**

2      1.      Subject to the general objections and the objections to the definitions and instructions

3    incorporated herein, Responding party answers as follows.  This interrogatory is vague and

4    overbroad.  It is compound, complex and effectively represents at least five separate interrogatories.

5    This interrogatory calls for responding party to provide information regarding communications

6    others have had, separate and apart from Responding party himself.  As such, this interrogatory is

7    overly burdensome and oppressive.  This interrogatory also calls for Responding party to speculate

8    as to the location, residence and/or domicile of persons or entities with whom Responding party has

9    communicated.  This interrogatory would further require an unreasonable search taking an undue

10   amount of time to locate any communications occurring with individuals or entities in California.

11   This interrogatory also calls for information regarding the "Winklevoss Companies", as identified in

12   the definition section.  As such, this interrogatory seeks information that is irrelevant and not

13   calculated to lead to the discovery of admissible evidence concerning personal jurisdiction, and

14   Responding party possesses no such information.  Responding party has no current recollection of

15   any significant personal or business communications with entities or individuals known to have been

16   located in California.

17      2.      Subject to the general objections and the objections to the definitions and instructions

18   incorporated herein, Responding party answers as follows.  Identifying users residing or domiciled

19   in California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

20   whether a any person resides or is domiciled in California.  With respect to students, it is Facebook,

21   Inc.'s position that students are citizens of their home state.  Responding party has no way of

22   determining a student's home state.  Responding party does not personally have such information.

23      3.      Subject to the general objections and the objections to the definitions and instructions

24   incorporated herein, Responding party answers as follows.  Identifying persons residing or domiciled

25   in California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

26   whether a any person resides or is domiciled in California.  With respect to students, it is Facebook,

27   Inc.'s position that students are citizens of their home state.  Responding party has no way of

28   determining a student's home state.  This interrogatory also calls for information regarding the

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1  "Winklevoss Companies", as identified in the definition section.  As such, this interrogatory seeks

2  information that is irrelevant and not calculated to lead to the discovery of admissible evidence

3  concerning personal jurisdiction, and Responding party possesses no such information.  Responding

4  party has no personal accounts receivable.

5      4.      Subject to the general objections and the objections to the definitions and instructions

6  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

7  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

8  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

9  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

10  information.  Responding party attended an internship in California during the course of his college

11  studies.

12      5.      Subject to the general objections and the objections to the definitions and instructions

13  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

14  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

15  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

16  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

17  information.  Responding party does not own any property in California.

18      6.      Subject to the general objections and the objections to the definitions and instructions

19  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

20  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

21  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

22  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

23  information.  Responding party is not a party to any such contract or agreement.

24      7.      Subject to the general objections and the objections to the definitions and instructions

25  incorporated herein, Responding party answers as follows.  Responding party did not access

26  www.facebook.com in his personal capacity.  To the extent there are records reflecting such access

27  by Responding party in his capacity with ConnectU L.L.C., Responding party is informed and

28

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1   believes that subject to objections, ConnectU's responses to either Plaintiff's first set of

2   interrogatories, or First Request for Production of Documents may identify any such access.

3         8.      Subject to the general objections and the objections to the definitions and instructions

4   incorporated herein, Responding party answers as follows. Identifying persons currently or formerly

5   residing, domiciled, or located in California is overly burdensome. Responding party cannot

6   determine with accuracy, or at all, whether any person currently resides (or resided) or is (or was)

7   domiciled or located in California. With respect to students, it is Facebook, Inc.'s position that

8   students are citizens of their home state. Responding party has no way of determining a student's

9   home state. Responding party had no contact with any registrants of Facebook in his personal

10  capacity. To the extent there are records reflecting such contacts by Responding party in his

11  capacity with ConnectU L.L.C., Responding party is informed and believes that subject to

12  objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First Request for

13  Production of Documents may identify any such contacts.

14        9.      Subject to the general objections and the objections to the definitions and instructions

15  incorporated herein, Responding party answers as follows. This interrogatory also calls for

16  information regarding the "Winklevoss Companies", as identified in the definition section. As such,

17  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

18  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

19  information. Responding party does not own any licenses or registrations regarding the ability to do

20  business in California.

21        10.     Subject to the general objections and the objections to the definitions and instructions

22  incorporated herein, Responding party answers as follows: Responding party objects to the term

23  "located" as vague and ambiguous. Subject to such objection, Responding party responds as

24  follows: Fall 2004.

25        11.     Subject to the general objections and the objections to the definitions and instructions

26  incorporated herein, Responding party answers as follows. This interrogatory is vague, overbroad,

27  and ambiguous. Responding party objects to this interrogatory as irrelevant and not likely to lead to

28

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1   the discovery of admissible evidence regarding personal jurisdiction.  Information regarding

2   ConnectU.com can be located by visiting www.connectU.com.

3        12.    Subject to the general objections and the objections to the definitions and instructions

4   incorporated herein, Responding party answers as follows.  Responding party objects to this

5   interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

6   evidence regarding personal jurisdiction.

7        13.    Subject to the general objections and the objections to the definitions and instructions

8   incorporated herein, Responding party answers as follows.  This interrogatory is vague and

9   overbroad.  It is compound, complex, and effectively represents at least eight separate

10  interrogatories.  Responding party is informed and believes that subject to objections, ConnectU's

11  responses to either Plaintiff's First Set of Interrogatories, or First Request for Production of

12  Documents may include information about ConnectU L.L.C. and how it was formed and maintained.

13  To the extent such documents and/or responses include or involve Responding party, he incorporates

14  such by this reference.

15       14.    Subject to the general objections and the objections to the definitions and instructions

16  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

17  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

18  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

19  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

20  information.  This interrogatory is vague and overbroad.  It is compound, complex, and effectively

21  represents at least six separate interrogatories.  Responding party is informed and believes that

22  subject to objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First

23  Request for Production of Documents may include information about ConnectU L.L.C. and its

24  directors, officers and employees, to the extent is has them.  To the extent such documents and/or

25  responses include or involve Responding party, he incorporates such by this reference.

26       15.    Subject to the general objections and the objections to the definitions and instructions

27  incorporated herein, Responding party answers as follows.  Identifying and persons residing in

28  California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

7

1  whether any person resides in California. With respect to students, it is Facebook, Inc.'s position

2  that students are citizens of their home state. Responding party has no way of determining a

3  student's home state. This interrogatory also calls for information regarding the "Winklevoss

4  Companies", as identified in the definition section. As such, this interrogatory seeks information

5  that is irrelevant and not calculated to lead to the discovery of admissible evidence concerning

6  personal jurisdiction, and Responding party possesses no such information. Responding party took

7  no action regarding advertising, promoting and/or marketing of ConnectU. To the extent any such

8  activities occurred and involved Responding party, they were taken in Responding party's capacity

9  with ConnectU L.L.C. Responding party is informed and believes that subject to objections,

10 ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First Request for Production

11 of Documents may include information about ConnectU L.L.C. To the extent such responses or

12 documents concern Responding Party and ConnectU L.L.C.'s advertising, promoting and/or

13 marketing, Responding party incorporates such by this reference.

14     16.    Subject to the general objections and the objections to the definitions and instructions

15 incorporated herein, Responding party answers as follows. Identifying businesses currently or

16 formerly licensed, located, based, or incorporated in California, or with facilities in California, is

17 overly burdensome. Responding party cannot determine with accuracy, or at all, whether a business

18 is or was licensed, located, based, and/or incorporated in California, or has or had facilities there.

19 This interrogatory also calls for information regarding the "Winklevoss Companies", as identified in

20 the definition section. As such, this interrogatory seeks information that is irrelevant and not

21 calculated to lead to the discovery of admissible evidence concerning personal jurisdiction, and

22 Responding party possesses no such information. Subject to such objections, Responding party

23 answers as follows: None.

24     17.    Subject to the general objections and the objections to the definitions and instructions

25 incorporated herein, Responding party answers as follows. This contention interrogatory calls for a

26 legal conclusion. Some of the reasons why defending this lawsuit in California would be

27 burdensome include: none of the witnesses involving ConnectU's activities are located in

28 California. Instead, most if not all such witnesses are located on the east coast of the United States.

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1  As such, they are outside the subpoena power of California, making discovery nearly impossible and
2  quite expensive. All documents related to this action also are located on the east coast. In addition,
3  the cost of having to come to California is substantial.

4      18.    Subject to the general objections and the objections to the definitions and instructions
5  incorporated herein, Responding party answers as follows. This interrogatory also calls for
6  information regarding the "Winklevoss Companies", as identified in the definition section. As such,
7  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of
8  admissible evidence concerning personal jurisdiction, and Responding party possesses no such
9  information. This interrogatory is irrelevant and not calculated to lead to the discovery of admissible
10 evidence regarding personal jurisdiction. Responding party is informed and believes that subject to
11 objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First Request for
12 Production of Documents may include information about ConnectU L.L.C.

13     19.    Subject to the general objections and the objections to the definitions and instructions
14 incorporated herein, Responding party answers as follows. This interrogatory also calls for
15 information regarding the "Winklevoss Companies", as identified in the definition section. As such,
16 this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of
17 admissible evidence concerning personal jurisdiction, and Responding party possesses no such
18 information. This interrogatory is irrelevant and not calculated to lead to the discovery of admissible
19 evidence regarding personal jurisdiction. Responding party is informed and believes that subject to
20 objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First Request for
21 Production of Documents may include information about ConnectU L.L.C's offices and
22 server/equipment location.

23     20.    Subject to the general objections and the objections to the definitions and instructions
24 incorporated herein, Responding party answers as follows. This interrogatory is irrelevant and not
25 calculated to lead to the discovery of admissible evidence regarding personal jurisdiction.
26 Notwithstanding this fact, Responding party answers as follows: none.

27     21.    Subject to the general objections and the objections to the definitions and instructions
28 incorporated herein, Responding party answers as follows. This interrogatory is irrelevant and not

9    RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

1    calculated to lead to the discovery of admissible evidence regarding personal jurisdiction.

2    Notwithstanding this fact, Responding party answers as follows:  none.

3         22.     See response to Interrogatory No. 1.

4         23.     Subject to the general objections and the objections to the definitions and instructions

5    incorporated herein, Responding party answers as follows.   This interrogatory is vague, ambiguous

6    and unintelligible.  Responding party understands "actions" to mean filing a lawsuit.  Responding

7    party understands that ConnectU has filed one such lawsuit in the District of Massachusetts, entitled

8    ConnectU LLC v. Mark Zuckerberg et al.

9         ///

10        ///

11        ///

12        ///

13        ///

14        ///

15        ///

16        ///

17        ///

18        ///

19        ///

20        ///

21        ///

22        ///

23        ///

24        ///

25        ///

26        ///

27        ///

28        ///

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

# VERIFICATION

1    Divya Narendra, states as follows:

2    I am one of the Defendants in the foregoing action.  I have read the foregoing

3

4  Response and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23) and

5  know the contents thereof.  The matters stated herein are true of my knowledge except as to

6  the matters stated herein on information and belief, and as to those matters, I believe them to

7  be true.

8    I declare under penalty of perjury that the foregoing is true and correct.

9    Executed at New York, NY, this 3 day of December , 2005.

10

11

12    Divya Narendra

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CU_DNarendra_verification_special_rogs__set_one_[1].DOC

[Title]
Case No. [Text]