**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>          Defendants.<br><br>MARK ZUCKERBERG and FACEBOOK, INC.,<br><br>          Counterclaimants,<br><br>     v.<br><br>CONNECTU LLC,<br><br>          Counterdefendant,<br><br>     and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>          Additional Counterdefendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |

**PLAINTIFF'S REPLY TO THE FACEBOOK DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

**I.     INTRODUCTION**

    Facebook Defendants' Opposition to Plaintiff ConnectU's Motion for Contempt boils down to one ridiculous argument: whereas the Court's Order stated that ConnectU could seek documents, it created no corresponding duty for Facebook Defendants to produce any documents.  Facebook Defendants' irrational interpretation of the Court's Order highlights their continuing disrespect for these proceedings and exposes their war-of-attrition strategy.  Facebook Defendants must be held in contempt and pay all fees and costs associated with their frivolous refusal to produce all documents relating to Facebook, Inc.'s and facebook.com's present value.

## II.  DISCUSSION

### A.  ConnectU Propounded Appropriate Discovery

Facebook Defendants' contention that the March 31, 2006 Order merely restated ConnectU's right to propound discovery under Federal Rules of Civil Procedure implies that the Order is entirely superfluous.  Under the Rules, ConnectU always had the right to seek this information, and in fact sought it via numerous and varied discovery requests identified in the opening brief.  *See* Dkt. 176, p. 4-5; 8-9.  The Order therefore clearly obligates Facebook Defendants to produce documents responsive to ConnectU's requests regarding Facebook, Inc.'s and facebook.com's (collectively, "Facebook, Inc.")  present value.

As detailed in ConnectU's Motion (Dkt. 176, p. 3-9), instead of unnecessarily propounding new requests (at an additional cost to all parties), ConnectU relied on Interrogatory No. 16 and identified other, earlier requests that seek information regarding present value.[1]  Facebook Defendants' claim that these old requests are the subjects of other pending motions and cannot be the same document requests authorized by the Order.  Opposition at p. 4.  Facebook Defendants' Opposition fails to mention, however, that in their original Response to ConnectU's Interrogatory No. 16, they indicated that they did not need to provide a written answer to the Interrogatory because, *inter alia*, they would produce responsive documents pursuant to Fed. R. Civ. P. 33(d) (allowing a party to respond to an interrogatory with relevant business records).  *See* Response to Interrogatory 16, Dkt. 177, Ex. 4.  As recognized by this Court, a party cannot assert Rule 33(d) <u>and</u> refuse to produce the referenced documents.  *Blake Associates v. Omni Spectra*, 118 F.R.D. 283, 290 (D. Mass. 1988), as Facebook Defendants have

---

[1] Had ConnectU propounded new production requests, Facebook Defendants would no doubt have objected and refused to produce on the grounds that ConnectU had already served more than two sets of document requests and that the requests were similar or identical to previous requests.

done.  Facebook Defendants' argument also ignores the fact that the Court's Order obviously overrides their oppositions to pending motions to compel to the extent Facebook Defendants are withholding documents related to the present value of the company or the website.

> **B.    Facebook Defendants Must Produce Documents Regarding Facebook, Inc.'s Present Value**

Facebook Defendants agree that a finding of contempt is appropriate where (1) the party had notice that it was bound by the order; (2) the order was clear and unambiguous; (3) the party had the ability to comply; and (4) the order was violated.  *United States v. Saccoccia,* 433 F.3d 19, 27 (1st Cir. 2005).   Facebook Defendants concede that they were aware of the March 31, 2006 Order, agree that the Order was not ambiguous, and do not dispute that they have possession, custody, and/or control of documents concerning the present value of Facebook, Inc.  They argue, however, that the Order, though not ambiguous, does not place any obligations on Facebook Defendants.[2]  As detailed above, Facebook Defendants' position mocks the Order; clearly, Facebook Defendants are obligated to produce the documents ConnectU was authorized by the Order to seek.   By refusing to produce documents (which no one disputes exist) Facebook Defendants violated this Court's March 31, 2006 Order.

The universe of relevant documents sought by the discovery requests identified in ConnectU's motion has grown since the motion was filed.  Advertising and marketing company Interpublic recently agreed to invest $10 million into Facebook, Inc., which gives it a present value of at least $2 billion.  *See* Declaration of Margaret A. Esquenet, ¶¶ 2-4, Exs. 1-3.  ConnectU's discovery requests covered by this motion seek documents relating to this valuation,

---

[2] It appears that Facebook Defendants have abandoned their position that the Order is ambiguous because it does not define the phrase "present value."

as well as the Facebook, Inc. and facebook.com valuations related to the other investments and offers identified in the opening brief on this Motion. (Dkt. 176, p. 8-9)

### C.  Facebook Defendants' Willful Obstruction Must Be Sanctioned

Facebook Defendants continuously refuse to participate in the discovery process in any meaningful way, even refusing to comply with an unambiguous Court Order.  The financial documents at issue would be protected by the Stipulated Protective Order (if appropriately marked) and are unlikely to affect the merits of the case, yet Facebook Defendants guard them as if they were the keys to the kingdom.  ConnectU believes that other evidence and documents (subject to other motions before this Court) likely contain smoking-gun proof of Facebook Defendants' liability.  By refusing to cooperate, and violating Court orders on such tangential matters like damages, Facebook Defendants show that they cannot be trusted in connection with other discovery issues.  If the Court vigorously enforces its power over the March 31, 2006 Order, perhaps Facebook Defendants will choose to abide by the rules.  Indeed, in their Opposition, Facebook Defendants do not contest that sanctions are proper if Facebook Defendants are found to be in violation of the Order.

## III.  CONCLUSION

For the reasons detailed in the Motion and above, ConnectU urges the Court to grant the Motion for Contempt, again Order Facebook Defendants to produce documents concerning Facebook, Inc.'s present value, and Order Facebook Defendants to pay ConnectU's fees and costs associated with this Motion.

Respectfully submitted,

DATED: July 14, 2006　　　　　　　　　　　　/s/ Margaret A. Esquenet
　　　　　　　　　　　　　　　　　　　　　　Lawrence R. Robins (BBO# 632610)
　　　　　　　　　　　　　　　　　　　　　　Jonathan M. Gelchinsky (BBO# 656282)
　　　　　　　　　　　　　　　　　　　　　　FINNEGAN, HENDERSON, FARABOW,
　　　　　　　　　　　　　　　　　　　　　　GARRETT & DUNNER, L.L.P.
　　　　　　　　　　　　　　　　　　　　　　55 Cambridge Parkway
　　　　　　　　　　　　　　　　　　　　　　Cambridge, MA  02142
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (617) 452-1600
　　　　　　　　　　　　　　　　　　　　　　Facsimile:   (617) 452-1666
　　　　　　　　　　　　　　　　　　　　　　larry.robins@finnegan.com
　　　　　　　　　　　　　　　　　　　　　　jon.gelchinsky@finnegan.com

　　　　　　　　　　　　　　　　　　　　　　John F. Hornick (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Margaret A. Esquenet (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Meredith H. Schoenfeld (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　FINNEGAN, HENDERSON, FARABOW,
　　　　　　　　　　　　　　　　　　　　　　GARRETT & DUNNER, L.L.P.
　　　　　　　　　　　　　　　　　　　　　　901 New York Avenue N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, DC  20001
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 408-4000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:   (202) 408-4400

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Counterclaim
　　　　　　　　　　　　　　　　　　　　　　Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 14, 2006.

　　　　　　　　　　　　　　　　　　　　　　/s/ Margaret A. Esquenet
　　　　　　　　　　　　　　　　　　　　　　Margaret A. Esquenet

1