# EXHIBIT E

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>Defendants. | CASE NO. 105 CV 047381<br><br>**RESPONSE AND OBJECTIONS OF DEFENDANT CAMERON WINKLEVOSS TO PLAINTIFFS FIRST SET OF SPECIAL INTERROGATORIES (NOS. 1-23)** |

1  **PROPOUNDING PARTY:**        **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**         **Defendant CAMERON WINKLEVOSS**

3  **SET NO.:**                  **ONE (1)**

4

5          TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6          The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                          **GENERAL OBJECTIONS**

9          1.  Responding party objects to each interrogatory and to the definitions and instructions to

10  the extent they seek to impose obligations that are broader than or inconsistent with the California

11  Rules of Civil Procedure and applicable Local Rules or court orders.

12          2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13  the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14  work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15  law.  Responding party does not intend to produce such privileged or protected documents or

16  information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17  Responding party expressly reserves the right to object to the introduction at trial or any other use of

18  such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19  interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20  party to produce a privilege log for documents or information falling within the attorney-client

21  privilege or work-product doctrine, if such documents or information were created after the date that

22  this lawsuit was filed.

23          3.  Responding party objects to each interrogatory and all other definitions and instructions

24  to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25  discoverable information, or fail to describe the information sought with the required reasonable

26  particularity.

27          4.  Responding party objects to each interrogatory and all definitions and instructions to the

28  extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO
FIRST SET OF SPECIAL INTERROGATORIES

1  the discovery of admissible evidence regarding personal jurisdiction.  Information regarding

2  ConnectU.com can be located by visiting www.connectU.com.

3      12.    Subject to the general objections and the objections to the definitions and instructions

4  incorporated herein, Responding party answers as follows.  Responding party objects to this

5  interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

6  evidence regarding personal jurisdiction.

7      13.    Subject to the general objections and the objections to the definitions and instructions

8  incorporated herein, Responding party answers as follows.  This interrogatory is vague and

9  overbroad.  It is compound, complex, and effectively represents at least eight separate

10  interrogatories.  Responding party is informed and believes that subject to objections, ConnectU's

11  responses to either Plaintiff's First Set of Interrogatories, or First Request for Production of

12  Documents may include information about ConnectU L.L.C. and how it was formed and maintained.

13  To the extent such documents and/or responses include or involve Responding party, he incorporates

14  such by this reference.

15      14.    Subject to the general objections and the objections to the definitions and instructions

16  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

17  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

18  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

19  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

20  information.  This interrogatory is vague and overbroad.  It is compound, complex, and effectively

21  represents at least six separate interrogatories.  Responding party is informed and believes that

22  subject to objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First

23  Request for Production of Documents may include information about ConnectU L.L.C. and its

24  directors, officers and employees, to the extent is has them.  To the extent such documents and/or

25  responses include or involve Responding party, he incorporates such by this reference.

26      15.    Subject to the general objections and the objections to the definitions and instructions

27  incorporated herein, Responding party answers as follows.  Identifying and persons residing in

28  California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

1

# VERIFICATION

2      Cameron Winklevoss, states as follows:

3      I am one of the Defendants in the foregoing action.  I have read the foregoing

4 Response and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23) and

5 know the contents thereof.  The matters stated herein are true of my knowledge except as to

6 the matters stated herein on information and belief, and as to those matters, I believe them to

7 be true.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed at Greenwich, CT, this ___/___ day of _____, 2005.

10

11                           _____

12                           Cameron Winklevoss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[Title]
Case No. [Text]

1   Scott R. Mosko (State Bar No. 106070)
     FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
     Stanford Research Park
3   700 Hansen Way
     Palo Alto, California  94304
4   Telephone:   (650) 849-6600
     Facsimile:   (650) 849-6666
5

6   Attorneys for Defendants
     Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
     and Divya Narendra

8

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF SANTA CLARA

12

13   THE FACEBOOK, INC.                  CASE NO. 105 CV 047381

14            Plaintiff,           **RESPONSE AND OBJECTIONS OF**
                               **DEFENDANT DIVYA NARENDRA TO**
15         v.                **PLAINTIFFS FIRST SET OF SPECIAL**
                               **INTERROGATORIES (NOS 1-23)**
16   CONNECTU LLC, CAMERON WINKLEVOSS,
     TYLER WINKLEVOSS, HOWARD
17   WINKLEVOSS, DIVYA NARENDRA, AND
     DOES 1-25,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:**        **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**         **Defendant DIVYA NARENDRA**

3  **SET NO.:**                  **ONE (1)**

4

5      TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6      The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                          **GENERAL OBJECTIONS**

9      1.   Responding party objects to each interrogatory and to the definitions and instructions to

10 the extent they seek to impose obligations that are broader than or inconsistent with the California

11 Rules of Civil Procedure and applicable Local Rules or court orders.

12     2.   Responding party objects to each interrogatory, and to the definitions and instructions to

13 the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14 work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15 law.  Responding party does not intend to produce such privileged or protected documents or

16 information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17 Responding party expressly reserves the right to object to the introduction at trial or any other use of

18 such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19 interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20 party to produce a privilege log for documents or information falling within the attorney-client

21 privilege or work-product doctrine, if such documents or information were created after the date that

22 this lawsuit was filed.

23     3.   Responding party objects to each interrogatory and all other definitions and instructions

24 to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25 discoverable information, or fail to describe the information sought with the required reasonable

26 particularity.

27     4.   Responding party objects to each interrogatory and all definitions and instructions to the

28 extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

Doc. No. 432976                                            1                RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
                                                                                         OF REQUESTS FOR ADMISSION

1  the discovery of admissible evidence regarding personal jurisdiction. Information regarding

2  ConnectU.com can be located by visiting www.connectU.com.

3      12.    Subject to the general objections and the objections to the definitions and instructions

4  incorporated herein, Responding party answers as follows. Responding party objects to this

5  interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

6  evidence regarding personal jurisdiction.

7      13.    Subject to the general objections and the objections to the definitions and instructions

8  incorporated herein, Responding party answers as follows. This interrogatory is vague and

9  overbroad. It is compound, complex, and effectively represents at least eight separate

10 interrogatories. Responding party is informed and believes that subject to objections, ConnectU's

11 responses to either Plaintiff's First Set of Interrogatories, or First Request for Production of

12 Documents may include information about ConnectU L.L.C. and how it was formed and maintained.

13 To the extent such documents and/or responses include or involve Responding party, he incorporates

14 such by this reference.

15     14.    Subject to the general objections and the objections to the definitions and instructions

16 incorporated herein, Responding party answers as follows. This interrogatory also calls for

17 information regarding the "Winklevoss Companies", as identified in the definition section. As such,

18 this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

19 admissible evidence concerning personal jurisdiction, and Responding party possesses no such

20 information. This interrogatory is vague and overbroad. It is compound, complex, and effectively

21 represents at least six separate interrogatories. Responding party is informed and believes that

22 subject to objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First

23 Request for Production of Documents may include information about ConnectU L.L.C. and its

24 directors, officers and employees, to the extent is has them. To the extent such documents and/or

25 responses include or involve Responding party, he incorporates such by this reference.

26     15.    Subject to the general objections and the objections to the definitions and instructions

27 incorporated herein, Responding party answers as follows. Identifying and persons residing in

28 California is overly burdensome. Responding party cannot determine with accuracy, or at all,

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FIRST SET
OF SPECIAL INTERROGATORIES

**VERIFICATION**

Divya Narendra, states as follows:

I am one of the Defendants in the foregoing action. I have read the foregoing Response and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23) and know the contents thereof. The matters stated herein are true of my knowledge except as to the matters stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, NY, this 3 day of December , 2005.

_____
Divya Narendra

CU_DNarendra_verification_special_rogs__set_one_[1].DOC

[Title]
Case No. [Text]

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  700 Hansen Way
   Palo Alto, California 94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                              COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                        CASE NO. 105 CV 047381

14                    Plaintiff,              **RESPONSE AND OBJECTIONS TO**
                                              **PLAINTIFFS FIRST SET OF**
15            v.                              **INTERROGATORIES (NOS. 1-23) OF**
                                              **DEFENDANT HOWARD**
16  CONNECTU LLC, CAMERON WINKLEVOSS,         **WINKLEVOSS**
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                      Defendants.
19

20

21

22

23

24

25

26

27

28

Doc. No. 432986

1  **PROPOUNDING PARTY:**          **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**          **Defendant HOWARD WINKLEVOSS**

3  **SET NO.:**                   **ONE (1)**

4

5      TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6      The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                    **GENERAL OBJECTIONS**

9      1.  Responding party objects to each interrogatory and to the definitions and instructions to

10 the extent they seek to impose obligations that are broader than or inconsistent with the California

11 Rules of Civil Procedure and applicable Local Rules or court orders.

12     2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13 the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14 work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15 law.  Responding party does not intend to produce such privileged or protected documents or

16 information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17 Responding party expressly reserves the right to object to the introduction at trial or any other use of

18 such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19 interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20 party to produce a privilege log for documents or information falling within the attorney-client

21 privilege or work-product doctrine, if such documents or information were created after the date that

22 this lawsuit was filed.

23     3.  Responding party objects to each interrogatory and all other definitions and instructions

24 to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25 discoverable information, or fail to describe the information sought with the required reasonable

26 particularity.

27     4.  Responding party objects to each interrogatory and all definitions and instructions to the

28 extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

---

Doc. No. 432986                                    1          RESPONSE OF DEFENDANT HOWARD WINKLEVOSS TO FIRST
                                                               SET OF REQUESTS FOR ADMISSION

1    "located" as vague and ambiguous.  Subject to such objection, Responding party responds as

2    follows:  Fall 2004.

3         11.    Subject to the general objections and the objections to the definitions and instructions

4    incorporated herein, Responding party answers as follows.  This interrogatory is vague, overbroad

5    and ambiguous.  Responding party has no knowledge as to what services are provided through the

6    ConnectU website.

7         12.    Subject to the general objections and the objections to the definitions and instructions

8    incorporated herein, Responding party answers as follows.  Responding party objects to this

9    interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

10   evidence regarding personal jurisdiction.

11        13.    Subject to the general objections and the objections to the definitions and instructions

12   incorporated herein, Responding party answers as follows.  This interrogatory is vague and

13   overbroad.  It is compound, complex, and effectively represents at least eight separate

14   interrogatories.  Responding party is informed and believes that subject to objections, ConnectU's

15   responses to either Plaintiff's First Set of Interrogatories, or First Request for Production of

16   Documents may include information about ConnectU L.L.C. and how it was formed and maintained.

17   To the extent such documents and/or responses include or involve Responding party, he incorporates

18   such by this reference.

19        14.    Subject to the general objections and the objections to the definitions and instructions

20   incorporated herein, Responding party answers as follows.  This interrogatory also calls for

21   information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

22   this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

23   admissible evidence concerning personal jurisdiction, and Responding party possesses no such

24   information.  This interrogatory is vague and overbroad.  It is compound, complex, and effectively

25   represents at least six separate interrogatories.  Responding party is informed and believes that

26   subject to objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First

27   Request for Production of Documents may include information about ConnectU L.L.C. and its

28

1  directors, officers and employees, to the extent is has them.  To the extent such documents and/or

2  responses include or involve Responding party, he incorporates such by this reference.

3       15.    Subject to the general objections and the objections to the definitions and instructions

4  incorporated herein, Responding party answers as follows.  Identifying and persons residing in

5  California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

6  whether any person resides in California.  With respect to students, it is Facebook, Inc.'s position

7  that students are citizens of their home state.  Responding party has no way of determining a

8  student's home state.  This interrogatory also calls for information regarding the "Winklevoss

9  Companies", as identified in the definition section.  As such, this interrogatory seeks information

10  that is irrelevant and not calculated to lead to the discovery of admissible evidence concerning

11  personal jurisdiction, and Responding party possesses no such information.  Responding party took

12  no action regarding advertising, promoting and/or marketing of ConnectU.

13       16.    Subject to the general objections and the objections to the definitions and instructions

14  incorporated herein, Responding party answers as follows.  Identifying businesses currently or

15  formerly licensed, located, based, or incorporated in California, or with facilities in California, is

16  overly burdensome.  Responding party cannot determine with accuracy, or at all, whether a business

17  is or was licensed, located, based, and/or incorporated in California, or has or had facilities there.

18  This interrogatory also calls for information regarding the "Winklevoss Companies", as identified in

19  the definition section.  As such, this interrogatory seeks information that is irrelevant and not

20  calculated to lead to the discovery of admissible evidence concerning personal jurisdiction, and

21  Responding party possesses no such information.  Subject to such objections, Responding party

22  answers as follows:  None.

23       17.    Subject to the general objections and the objections to the definitions and instructions

24  incorporated herein, Responding party answers as follows.  This contention interrogatory calls for a

25  legal conclusion.  Some of the reasons why defending this lawsuit in California would be

26  burdensome include:  none of the witnesses involving ConnectU's activities are located in

27  California.  Instead, most if not all such witnesses are located on the east coast of the United States.

28  As such, they are outside the subpoena power of California, making discovery nearly impossible and

8

# VERIFICATION

Howard Winklevoss, states as follows:

I am one of the Defendants in the foregoing action.  I have read the foregoing Response and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23) and know the contents thereof.  The matters stated herein are true of my knowledge except as to the matters stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Greenwich, CT this __2__ day of __December__, 2005.

_____
Howard Winklevoss

1  Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
    Stanford Research Park
3  700 Hansen Way
    Palo Alto, California  94304
4  Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666

6  Attorneys for Defendants
    Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
    and Divya Narendra

10    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11    COUNTY OF SANTA CLARA

13  THE FACEBOOK, INC.

    CASE NO. 105 CV 047381

14    Plaintiff,

    RESPONSE OF DEFENDANT TYLER
    WINKLEVOSS TO PLAINTIFFS
15    v.
    FIRST SET OF SPECIAL
    INTERROGATORIES (NOS. 1-23)
16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,

    Defendants.

1  **PROPOUNDING PARTY:**        **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**         **Defendant TYLER WINKLEVOSS**

3  **SET NO.:**                  **ONE (1)**

4

5      TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6      The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                          **GENERAL OBJECTIONS**

9      1.  Responding party objects to each interrogatory and to the definitions and instructions to

10  the extent they seek to impose obligations that are broader than or inconsistent with the California

11  Rules of Civil Procedure and applicable Local Rules or court orders.

12      2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13  the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14  work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15  law.  Responding party does not intend to produce such privileged or protected documents or

16  information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17  Responding party expressly reserves the right to object to the introduction at trial or any other use of

18  such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19  interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20  party to produce a privilege log for documents or information falling within the attorney-client

21  privilege or work-product doctrine, if such documents or information were created after the date that

22  this lawsuit was filed.

23      3.  Responding party objects to each interrogatory and all other definitions and instructions

24  to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25  discoverable information, or fail to describe the information sought with the required reasonable

26  particularity.

27      4.  Responding party objects to each interrogatory and all definitions and instructions to the

28  extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

Doc. No. 432975                    1        RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FIRST
                                             SET OF REQUESTS FOR ADMISSION

1  the discovery of admissible evidence regarding personal jurisdiction.  Information regarding

2  ConnectU.com can be located by visiting www.connectU.com.

3       12.     Subject to the general objections and the objections to the definitions and instructions

4  incorporated herein, Responding party answers as follows.  Responding party objects to this

5  interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

6  evidence regarding personal jurisdiction.

7       13.     Subject to the general objections and the objections to the definitions and instructions

8  incorporated herein, Responding party answers as follows.  This interrogatory is vague and

9  overbroad.  It is compound, complex, and effectively represents at least eight separate

10  interrogatories.  Responding party is informed and believes that subject to objections, ConnectU's

11  responses to either Plaintiff's First Set of Interrogatories, or First Request for Production of

12  Documents may include information about ConnectU L.L.C. and how it was formed and maintained.

13  To the extent such documents and/or responses include or involve Responding party, he incorporates

14  such by this reference.

15       14.     Subject to the general objections and the objections to the definitions and instructions

16  incorporated herein, Responding party answers as follows.  This interrogatory also calls for

17  information regarding the "Winklevoss Companies", as identified in the definition section.  As such,

18  this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

19  admissible evidence concerning personal jurisdiction, and Responding party possesses no such

20  information.  This interrogatory is vague and overbroad.  It is compound, complex, and effectively

21  represents at least six separate interrogatories.  Responding party is informed and believes that

22  subject to objections, ConnectU's responses to either Plaintiff's First Set of Interrogatories, or First

23  Request for Production of Documents may include information about ConnectU L.L.C. and its

24  directors, officers and employees, to the extent is has them.  To the extent such documents and/or

25  responses include or involve Responding party, he incorporates such by this reference.

26       15.     Subject to the general objections and the objections to the definitions and instructions

27  incorporated herein, Responding party answers as follows.  Identifying and persons residing in

28  California is overly burdensome.  Responding party cannot determine with accuracy, or at all,

RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FIRST
SET OF SPECIAL INTERROGATORIES

# VERIFICATION

1

2      Tyler Winklevoss, states as follows:

3      I am one of the Defendants in the foregoing action.  I have read the foregoing

4  Response and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23) and

5  know the contents thereof.  The matters stated herein are true of my knowledge except as to

6  the matters stated herein on information and belief, and as to those matters, I believe them to

7  be true.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed at Greenwich, CT this __1__ day of ___December___, 2005.

10

11                                          _____

12                                          Tyler Winklevoss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[Title]
Case No. [Text]

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  700 Hansen Way
   Palo Alto, California  94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                    CASE NO. 105 CV 047381

14            Plaintiff,                  **RESPONSE OF DEFENDANT
                                          CONNECTU LLC TO PLAINTIFFS
15        v.                              FIRST SET OF SPECIAL
                                          INTERROGATORIES (1-23)**
16  CONNECTU LLC, CAMERON WINKLEVOSS,
   TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
   DOES 1-25,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:**          **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**           **Defendant CONNECTU LLC**

3  **SET NO.:**                    **ONE (1)**

4

5       TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6       The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                           **GENERAL OBJECTIONS**

9       1.  Responding party objects to each interrogatory and to the definitions and instructions to

10  the extent they seek to impose obligations that are broader than or inconsistent with the California

11  Code of Civil Procedure and applicable Local Rules or court orders.

12      2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13  the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14  work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15  law.  Responding party does not intend to produce such privileged or protected documents or

16  information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17  Responding party expressly reserves the right to object to the introduction at trial or any other use of

18  such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19  interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20  party to produce a privilege log for documents or information falling within the attorney-client

21  privilege or work-product doctrine, if such documents or information were created after the date that

22  this lawsuit was filed.

23      3.  Responding party objects to each interrogatory and all other definitions and instructions

24  to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25  discoverable information, or fail to describe the information sought with the required reasonable

26  particularity.

27      4.  Responding party objects to each interrogatory and all definitions and instructions to the

28  extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

RESPONSE OF DEFENDANT CONNECTU LLC TO FIRST SET OF
                                             SPECIAL INTERROGATORIES

1  interrogatory as overly burdensome, irrelevant, and not likely to lead to the discovery of admissible

2  evidence regarding personal jurisdiction.

3      13.    Subject to the general objections and the objections to the definitions and instructions

4  incorporated herein, Responding party answers as follows. This interrogatory is vague and

5  overbroad. It is compound, complex and effectively represents at least eight separate interrogatories.

6  To the extent ConnectU has not already produced documents about its formation and maintenance,

7  all such non-privileged documents will be produced.

8      14.    Subject to the general objections and the objections to the definitions and instructions

9  incorporated herein, Responding party answers as follows. This interrogatory also calls for

10 information regarding the "Winklevoss Companies", as identified in the definition section. As such,

11 this interrogatory seeks information that is irrelevant and not calculated to lead to the discovery of

12 admissible evidence concerning personal jurisdiction, and Responding party possesses no such

13 information. This interrogatory is vague and overbroad. It is compound, complex and effectively

14 represents at least six separate interrogatories. To the extent ConnectU has not already produced

15 documents regarding its directors, officers, agents, and employees, all such non-privileged

16 documents will be produced.

17     15.    Subject to the general objections and the objections to the definitions and instructions

18 incorporated herein, Responding party answers as follows. Identifying and persons residing in

19 California is overly burdensome. Responding party cannot determine with accuracy, or at all,

20 whether any person resides in California. With respect to students, it is Facebook, Inc.'s position

21 that students are citizens of their home state. Responding party has no way of determining a

22 student's home state. This interrogatory also calls for information regarding the "Winklevoss

23 Companies", as identified in the definition section. As such, this interrogatory seeks information

24 that is irrelevant and not calculated to lead to the discovery of admissible evidence concerning

25 personal jurisdiction, and Responding party possesses no such information. To the extent ConnectU

26 has not already produced documents regarding its advertising, promotional and marketing activities,

27 all such non-privileged documents will be produced.

28

RESPONSE OF DEFENDANT CONNECTU LLC TO FIRST SET OF
SPECIAL INTERROGATORIES

# VERIFICATION

Cameron Winklevoss, states as follows:

I, Cameron Winklevoss, declare under penalty of perjury that the following statements are true and correct.

I am Co-founder of ConnectU, a Connecticut corporation, and as such officer, I make this verification for and on its behalf.

I have read the foregoing Responses and Objections to Plaintiffs First Set of Special Interrogatories (Nos. 1-23)  and am informed and believe that the matters stated therein are true and correct.

Executed at Greenwich, Connecticut, this _1_ day of _December_ , _2005_ .

_____

Cameron Winklevoss