# EXHIBIT H

1 | Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
2 |   GARRETT & DUNNER, L.L.P.
Stanford Research Park
3 | 3300 Hillview Avenue
Palo Alto, California 94304
4 | Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666
5 |
6 | Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
7 | Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra
8 |
9 |
10 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA
11 |                          COUNTY OF SANTA CLARA
12 |
13 | THE FACEBOOK, INC.                          CASE NO. 105 CV 047381
14 |              Plaintiff,                     **AMENDED RESPONSE OF
                                                DEFENDANT TYLER WINKLEVOSS**
15 |       v.                                    **TO PLAINTIFF'S FIRST SET OF
                                                SPECIAL INTERROGATORIES (1-23)**
16 | CONNECTU LLC, CAMERON WINKLEVOSS,
TYLER WINKLEVOSS, HOWARD
17 | WINKLEVOSS, DIVYA NARENDRA, AND
DOES 1-25,
18 |
              Defendants.
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1    **PROPOUNDING PARTY:**          **Plaintiff THEFACEBOOK, INC.**

2    **RESPONDING PARTY:**           **Defendant TYLER WINKLEVOSS**

3    **SET NO.:**                    **ONE (1)**

4

5        TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6        The above-named party hereby responds, pursuant to California Code of Civil Procedure

7    Section 2030.210(a), to the First Set of Special Interrogatories as follows:

8                                **GENERAL OBJECTIONS**

9        1.  Responding party objects to each interrogatory and to the definitions and instructions to

10   the extent they seek to impose obligations that are broader than or inconsistent with the California

11   Code of Civil Procedure and applicable Local Rules or court orders.

12       2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13   the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14   work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15   law.  Responding party does not intend to produce such privileged or protected documents or

16   information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17   Responding party expressly reserves the right to object to the introduction at trial or any other use of

18   such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19   interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20   party to produce a privilege log for documents or information falling within the attorney-client

21   privilege or work-product doctrine, if such documents or information were created after the date that

22   this lawsuit was filed.

23       3.  Responding party objects to each interrogatory and all other definitions and instructions

24   to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25   discoverable information, or fail to describe the information sought with the required reasonable

26   particularity.

27       4.  Responding party objects to each interrogatory and all definitions and instructions to the

28   extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

1

1  of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

2  the litigation, and the importance of the proposed discovery in resolving the issues.

3      5.   Responding party objects to each interrogatory and all other definitions and instructions

4  to the extent they seek information that is confidential financial, proprietary, trade secret or other

5  confidential or competitively sensitive business information relating to Responding party or any

6  third party.  Responding party reserves the right to object that certain information is so confidential

7  and sensitive that it will not be produced even pursuant to a protective order.

8      6.   Responding party objects to each interrogatory and all definitions and instructions to the

9  extent they seek information not in Responding Party's custody or control.

10     7.   Responding party objects to the interrogatory and all other definitions and instructions to

11  the extent they seek information that is beyond the scope of this litigation, is not relevant, or that

12  falls outside the parameters of discoverable information under the California Code of Civil

13  Procedure.

14     8.   Responding party has not yet completed its investigation, collection of information,

15  discovery, and analysis relating to this action.  The following response is based on information

16  known and available to Responding party at this time.  Responding party reserves the right to

17  modify, change, or supplement its response and to produce additional evidence at trial.

18     9.   Responding party's agreement to furnish information in response to Plaintiff's

19  interrogatories shall not be deemed as an admission regarding the relevance of the requested

20  information, nor is it intended to waive any right to object the admissibility of such at trial.

21     10. Responding party objects to producing at this time documents unrelated to the issue of

22  personal jurisdiction over the individual Defendants.

23                    **OBJECTIONS TO DEFINITIONS**

24     1.     Responding party objects to all definitions to the extent they impose burdens on

25  responding different or greater than those provided in the California Code of Civil Procedure.

26     2.     Responding party objects to all definitions to the extent that they are burdensome,

27  oppressive and unnecessary.

28

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

3.      Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.      Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.      Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6.      Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and  burdensome.

7.      Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## **OBJECTIONS TO INSTRUCTIONS**

1.      Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2.      Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3.      Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4.      Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

1

## RESPONSES AND SPECIFIC OBJECTIONS

2

## INTERROGATORY NO. 7:

3          Responding Party incorporates its initial response and objections herein to this amended

4   response.  In addition, Responding Party responds as follows:  On different occasions, Responding

5   Party logged onto facebook.com.  Responding Party was provided with log-in information for

6   facebook.com and understood that the person who provided this log-in information authorized

7   Responding Party to use this log-in information to access and use the information provided on

8   facebook.com.  Responding Party does not recall the specific log-in information used at this time.

9   Responding Party does not recall the number of times he accessed facebook.com.  The purpose of

10  some of these occasions was to see what information was available on the site.  Responding Party

11  communicated with Cameron Winklevoss and Divya Narendra regarding the information accessed

12  on facebook.com.  Responding Party has no specific recollection of the details of these

13  communications with Cameron Winklevoss or Divya Narendra.  Responding Party does not recall

14  whether he had specific discussions with Winston Williams, but was aware that Mr. Williams was

15  involved with activities in which information on facebook.com would be used.

16

17  ## INTERROGATORY NO. 8:

18          Responding Party incorporates his initial response and objections herein to this amended

19  response.  In addition, Responding Party responds as follows:  E-mails to various e-mail addresses

20  found on facebook.com were sent to invite these recipients to join connectu.  Responding Party is

21  aware that invitations were sent to some students and alumni at certain California schools

22  ("California School Recipients").  Responding Party does not know if these California School

23  Recipients were "residing or domiciled in California" at the time these e-mails were sent.

24  Responding Party does not recall whether he had any specific involvement in e-mails sent to

25  California School Recipients.  Responding Party was generally aware that Winston Williams was

26  involved in setting up an automated process for sending invitations to various e-mail addressees

27  found on facebook.com.

28

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

**INTERROGATORY NO. 11:**

Responding Party incorporates his initial response and objections herein to this amended response. In addition, Responding Party responds as follows: connectu.com is a free networking website for college students, faculty, and alumni. ConnectU provides a platform to connect users at colleges and universities. Users can interact in order to share information, discuss classes, plan events, purchase items, and network. The connectu.com website provides an interface where users have a personal profile where they can upload photographs and provide information about themselves such as hobbies, sports, political views, music, ethnic background, and general interests, so that others can search for people having those characteristics. Services include a chat feature, discussion groups, as well as an address book.

**INTERROGATORY NO. 14:**

Responding Party incorporates his initial response and objections herein to this amended response. In addition, Responding Party responds as follows: Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra, as set forth in the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335. These persons have all been Members since ConnectU was formed. Cameron Winklevoss, Howard Winklevoss, and Maria Antonelli are Managers of ConnectU and together form the Board of Managers. They have been Managers since ConnectU was formed. Tyler Winklevoss is a successor Manager of ConnectU as set forth at section 8.1(c)(2) of the Operating Agreement at bates number C011311. He has been successor Manager since ConnectU was formed. Members and Managers of ConnectU have the duties, job descriptions, authorities, and responsibilities set forth in the Operating Agreement. For example, as set forth at section 8.1(a), each of the Managers "shall have the exclusive right, power and authority to manage the Business, assets, operation and affairs of the Company, with all rights and powers and the full power necessary, desirable or convenience to administer and operate the same for Company purposes, to incur, perform, satisfy and compromise all manner of obligations on behalf of the Company, and to make all decisions and do all things necessary or desirable in

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

1  connection therewith." In addition to the other duties set forth in the Operating Agreement,

2  'Cameron Winklevoss' and Tyler Winklevoss' duties include overseeing the operation of the

3  connectu.com website, including communicating development activities on the site.

4  **INTERROGATORY NO. 15:**

5        Responding Party incorporates his initial response and objections herein to this amended

6  response. In addition, Responding Party responds as follows: ConnectU has not conducted any

7  advertising, promotions and marketing activities specifically directed at California residents.

8  ConnectU has responded to one individual who may have been a resident of California about

9  advertising opportunities on the connectu.com site. This email to an individual having a .edu email

10  address associated with a California-based university was produced at C010664. Responding Party

11  is aware of specific marketing or advertising activities including the creation of an amazon gift

12  certificate program, a program allowing advertisers to purchase adspace, participation in google

13  adwords, and participation in Applestore's linkshare program.

14      ///

15      ///

16      ///

17      ///

18      ///

19      ///

20      ///

21      ///

22      ///

23      ///

24      ///

25      ///

26      ///

27      ///

28      ///

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

**VERIFICATION**

I, Tyler Winklevoss am a defendant in the above titled action. I have read the amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the _3_ day of March 2006.

_Tyler Winklevoss_
Tyler Winklevoss

1    Scott R. Mosko (State Bar No. 106070)
     FINNEGAN, HENDERSON, FARABOW,
2       GARRETT & DUNNER, L.L.P.
     Stanford Research Park
3    3300 Hillview Avenue
     Palo Alto, California 94304
4    Telephone:    (650) 849-6600
     Facsimile:    (650) 849-6666
5

6    Attorneys for Defendants
     Connectu LLC, Cameron Winklevoss,
7    Tyler Winklevoss, Howard Winklevoss,
     and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SANTA CLARA

12

13   THE FACEBOOK, INC.                    CASE NO. 105 CV 047381

14              Plaintiff,                 **SECOND AMENDED RESPONSE OF
                                           DEFENDANT CONNECTU LLC TO
15        v.                               PLAINTIFFS FIRST SET OF SPECIAL
                                           INTERROGATORIES (1-23)**
16   CONNECTU LLC, CAMERON WINKLEVOSS,
     TYLER WINKLEVOSS, HOWARD
17   WINKLEVOSS, DIVYA NARENDRA, AND
     DOES 1-25,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

                                   SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
                                   LLC TO FIRST SET OF SPECIAL INTERROGATORIES

1  **PROPOUNDING PARTY:**          **Plaintiff THEFACEBOOK, INC.**

2  **RESPONDING PARTY:**          **Defendant CONNECTU LLC**

3  **SET NO.:**                            **ONE (1)**

4

5      TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6      The above-named party hereby responds, pursuant to California Code of Civil Procedure

7  Section 2030.210(a), to the first set of interrogatories as follows:

8                                    **GENERAL OBJECTIONS**

9      1.  Responding party objects to each interrogatory and to the definitions and instructions to

10  the extent they seek to impose obligations that are broader than or inconsistent with the California

11  Code of Civil Procedure and applicable Local Rules or court orders.

12      2.  Responding party objects to each interrogatory, and to the definitions and instructions to

13  the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14  work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15  law.  Responding party does not intend to produce such privileged or protected documents or

16  information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17  Responding party expressly reserves the right to object to the introduction at trial or any other use of

18  such information that may be inadvertently disclosed.  In addition, Responding party objects to the

19  interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20  party to produce a privilege log for documents or information falling within the attorney-client

21  privilege or work-product doctrine, if such documents or information were created after the date that

22  this lawsuit was filed.

23      3.  Responding party objects to each interrogatory and all other definitions and instructions

24  to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25  discoverable information, or fail to describe the information sought with the required reasonable

26  particularity.

27      4.  Responding party objects to each interrogatory and all definitions and instructions to the

28  extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
LLC TO FIRST SET OF SPECIAL INTERROGATORIES

1    of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

2    the litigation, and the importance of the proposed discovery in resolving the issues.

3        5.   Responding party objects to each interrogatory and all other definitions and instructions

4    to the extent they seek information that is confidential financial, proprietary, trade secret or other

5    confidential or competitively sensitive business information relating to Responding party or any

6    third party.  Responding party reserves the right to object that certain information is so confidential

7    and sensitive that it will not be produced even pursuant to a protective order.

8        6.   Responding party objects to each interrogatory and all definitions and instructions to the

9    extent they seek information not in Responding Party's custody or control.

10        7.   Responding party objects to the interrogatory and all other definitions and instructions to

11    the extent they seek information that is beyond the scope of this litigation, is not relevant, or that

12    falls outside the parameters of discoverable information under the California Code of Civil

13    Procedure.

14        8.   Responding party has not yet completed its investigation, collection of information,

15    discovery, and analysis relating to this action.  The following response is based on information

16    known and available to Responding party at this time.  Responding party reserves the right to

17    modify, change, or supplement its response and to produce additional evidence at trial.

18        9.   Responding party's agreement to furnish information in response to Plaintiff's

19    interrogatories shall not be deemed as an admission regarding the relevance of the requested

20    information, nor is it intended to waive any right to object the admissibility of such at trial.

21        10. Responding party objects to producing at this time documents unrelated to the issue of

22    personal jurisdiction over the individual Defendants.

23

24                    **OBJECTIONS TO DEFINITIONS**

25        1.      Responding party objects to all definitions to the extent they impose burdens on

26    responding different or greater than those provided in the California Code of Civil Procedure.

27        2.      Responding party objects to all definitions to the extent that they are burdensome,

28    oppressive and unnecessary.

3.      Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory.  When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.      Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad.  When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.      Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible.  When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6.      Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and  burdensome.

7.      Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible.  When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## **OBJECTIONS TO INSTRUCTIONS**

1.      Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2.      Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3.      Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4.      Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
LLC TO FIRST SET OF SPECIAL INTERROGATORIES

**RESPONSES AND SPECIFIC OBJECTIONS**

1.     ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: ConnectU affirms that a reasonable inquiry has been made in effort to respond to this Interrogatory. ConnectU has produced copies of communications its members have had with individuals or entities ConnectU reasonably believes might have been located in California at the time of the communication. Copies of these communications were produced as CUCA000001 - CUCA000227. ConnectU also identifies the following documents from the Massachusetts case document production as communications its members have had with individuals or entities that could be residents of or located in California: C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-34; C006722-25; C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27; C007129-30; C007137; C007375-78; C007393-94; C007403; C007488-89;C008544-45; C008676-77; C008872-73; C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25; C009168-69; C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26; C010368-70; C010639; C010643; C010662; C010664; C010667; C010710-11. With respect to e-mail communications, ConnectU has produced copies of all such communications in its possession which include the recipient or sender's address, telephone number and/or extension referencing California. ConnectU does not represent or understand however that any recipient or sender of an e-mail communication referenced above is or was a California resident at the time such communication occurred. ConnectU has no way of knowing the actual residence of these senders or recipients.

11.     ConnectU incorporates its initial response and objections and its first amended response herein to this second amended response. In addition, ConnectU responds as follows: connectu.com is a free networking website for college students, faculty, and alumni. ConnectU provides a platform to connect users at colleges and universities. Users can interact in order to share information, discuss classes, plan events, purchase items, and network. The connectu.com website provides an interface where users have a personal profile where they can upload photographs and provide information about themselves such as hobbies, sports, political views, music, ethnic

1  background, and general interests, so that others can search for people having those characteristics.

2  Services include a chat feature, discussion groups, as well as an address book.

3      14.    ConnectU incorporates its initial response and objections and its first amended

4  response herein to this second amended response. In addition, ConnectU responds as follows:

5  Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and

6  Divya Narendra, as set forth in the Limited Liability Company Operating Agreement recited in the

7  Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335.

8  These persons have all been Members since ConnectU was formed. Cameron Winklevoss, Howard

9  Winklevoss, and Maria Antonelli are Managers of ConnectU and together form the Board of

10  Managers. They have been Managers since ConnectU was formed. Tyler Winklevoss is a successor

11  Manager of ConnectU as set forth at section 8.1(c)(2) of the Operating Agreement at bates number

12  C011311. He has been successor Manager since ConnectU was formed. Members and Managers of

13  ConnectU have the duties, job descriptions, authorities, and responsibilities set forth in the Operating

14  Agreement. For example, as set forth at section 8.1(a), each of the Managers "shall have the

15  exclusive right, power and authority to manage the Business, assets, operation and affairs of the

16  Company, with all rights and powers and the full power necessary, desirable or convenience to

17  administer and operate the same for Company purposes, to incur, perform, satisfy and compromise

18  all manner of obligations on behalf of the Company, and to make all decisions and do all things

19  necessary or desirable in connection therewith." In addition to the other duties set forth in the

20  Operating Agreement, Cameron Winklevoss' and Tyler Winklevoss' duties include overseeing the

21  operation of the connectu.com website, including communicating development activities on the site.

22      15.    ConnectU incorporates its initial response and objections and its first amended

23  response herein to this second amended response. In addition, ConnectU responds as follows:

24  ConnectU has not conducted any advertising, promotions and marketing activities specifically

25  directed at California residents. ConnectU has responded to an individual who may have been a

26  resident of California about advertising opportunities on the connectu.com site. This email to an

27  individual having a .edu email address associated with a California-based university was produced at

28  C010664. Specific marketing or advertising activities include the creation of an amazon gift

SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
LLC TO FIRST SET OF SPECIAL INTERROGATORIES

1  certificate program, a program allowing advertisers to purchase adspace, participation in google

2  adwords, and participation in Applestore's linkshare program.

3       18.    ConnectU incorporates its initial response and objections and its first amended

4  response herein to this second amended response.  In addition, ConnectU responds as follows:

5  Cameron Winklevoss and Tyler Winklevoss contributed approximately $10,000 to ConnectU in

6  combination.  Howard Winklevoss contributed approximately $300,000 to $400,000 to ConnectU.

7  Divya Narendra contributed approximately $10,000 to ConnectU.  As set forth in Schedule A of the

8  Limited Liability Company Operating Agreement of ConnectU, LLC - bates numbers C011285

9  through 011335, the following individuals own Equity Units in ConnectU:  Cameron Winklevoss

10  (47); Tyler Winklevoss (47); Howard Winklevoss (1); and Divya Narendra (5).  As set forth in

11  Schedule A of the Limited Liability Company Operating Agreement of ConnectU, LLC - bates

12  numbers C011285 through 011335, the Percentage Interest of ownership of ConnectU is as follows:

13  Cameron Winklevoss (47%); Tyler Winklevoss (47%); Howard Winklevoss (1%); and Divya

14  Narendra (5%).

15       19.    ConnectU incorporates its initial response and objections and its first amended

16  response herein to this second amended response.  In addition, ConnectU responds as follows:  the

17  principal office of ConnectU is at 500 W. Putnam Ave, Greenwich, CT 06830.  ConnectU rents

18  servers that are co-located by Pacific Northwest Software.  ConnectU does not know the address of

19  the co-location facility.  There are no other offices, facilities or equipment locations.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU
LLC TO FIRST SET OF SPECIAL INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Cameron Winklevoss am a member of ConnectU LLC, defendant in the above titled action. I have read the second amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the 5 day of March 2006.

Cameron Winklevoss

1   Scott R. Mosko (State Bar No. 106070)
     FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
     Stanford Research Park
3   3300 Hillview Boulevard
     Palo Alto, California 94304
4   Telephone:   (650) 849-6600
     Facsimile:    (650) 849-6666
5

6   Attorneys for Defendants
     Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
     and Divya Narendra
8

9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF SANTA CLARA

12

13   THE FACEBOOK, INC.                CASE NO. 105 CV 047381

14          Plaintiff,             **DECLARATION OF CONNECTU LLC**

15          v.

16   CONNECTU LLC, CAMERON WINKLEVOSS,
     TYLER WINKLEVOSS, HOWARD
17   WINKLEVOSS, DIVYA NARENDRA, AND
     DOES 1-25,
18

19          Defendants.

20

21

22

23

24

25

26

27

28

                    1                     DECLARATION OF CONNECTU LLC)

1    I, Cameron Winklevoss am a member of and currently on the Board of Managers of

2  ConnectU LLC.  I make this declaration in response to the Court's Order, dated February 17, 2006.

3    On behalf of ConnectU, I was responsible for reviewing and drafting the responses to

4  Plaintiff The FaceBook Inc.'s First Set of Requests for Production of Documents ("Discovery").  I

5  am the ConnectU representative regarding this Discovery.  I have made a diligent search and

6  reasonable inquiry for the purpose of locating documents responsive to this Discovery and have

7  forwarded such documents to my counsel.  My specific responses to the Requests are as follows:

8    1.    Regarding Request No. 1, after a diligent search, no such documents exist.

9    2.    Regarding Request No. 2, I understand that discovery requests concerning

10  ConnectU users has been denied.

11    3.    Regarding Request No. 3, after a diligent search, no such documents exist.

12    4.    Regarding Request No. 4, after a diligent search, no such documents exist.

13    5.    Regarding Request No. 5, after a diligent search, no such documents exist.

14    6.    Regarding Request No. 6, after a diligent search all documents regarding the

15  organizational structure of ConnectU were previously produced in the Massachusetts litigation.

16  Their production numbers are: C002825-31; C004101; C004562-67; C006789-90; C006818;

17  C008043; C009718; C011104; C011105; C011106; C011107; C011108; C011109; C011110;

18  C011111; C011112; C011113; C011114; C011115; C011116; C011117; C011144-89; C011190-

19  236; C011237-84; C011285-335; C011336; and C011337.  There are no documents that relate to

20  both the Winklevoss Companies and ConnectU.

21    7.    Regarding Request No. 7, after a diligent search all corporate records

22  concerning ConnectU were previously produced in the Massachusetts litigation.  Their production

23  numbers are:  C002825-31; C004101; C004562-67; C006789-90; C006818; C008043; C009718;

24  C011104; C011105; C011106; C011107; C011108; C011109; C011110; C011111; C011112;

25  C011113; C011114; C011115; C011116; C011117; C011144-89; C011190-236; C011237-84;

26  C011285-335; C011336; and C011337.  There are no documents that relate to both the Winklevoss

27  Companies and ConnectU.

28

2

1           8.     Regarding Request No. 8, after a diligent search there are no financial reports,

2    profit/loss statements or loan documents concerning ConnectU. There are no documents that relate

3    to both the Winklevoss Companies and ConnectU.

4           9.     Regarding Request No. 9, after a diligent search all documents regarding the

5    communications between ConnectU and companies or persons in California, ConnectU states that it

6    cannot confirm whether any such communications occurred. In the Massachusetts litigation,

7    ConnectU produced copies of many communications, mostly in the form of e-mails that reflected a

8    recipient or sender who identified a California address and/or telephone number. Their production

9    numbers are: C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-

10   34; C006722-25; C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27;

11   C007129-30; C007137; C007375-78; C007393-94; C007403; C007488-89;C008544-45; C008676-

12   77; C008872-73; C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25;

13   C009168-69; C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26;

14   C010368-70; C010639; C010643; C010662; C010664; C010667; and C010710-11. In this

15   litigation, ConnectU has produced copies of all remaining communications that reflected a recipient

16   or sender who identified a California address and/or telephone number. Their production numbers

17   are CUCA00001 - CACU000227.

18         10.    Regarding Request No. 10, I understand that discovery requests concerning

19   ConnectU users has been denied.

20         11.    Regarding Request No. 11, after a diligent search, ConnectU does not have

21   any account receivable due from a California resident.

22         12.    Regarding Request No. 12, after a diligent search, ConnectU does not have

23   any personal or real property in California.

24         13.    Regarding Request No. 13, after a diligent search, ConnectU does not have

25   any contracts in which California law governs.

26         14.    Regarding Request No. 14, while the word "access" is vague and uncertain,

27   after a diligent search, ConnectU has produced in the Massachusetts litigation all known documents

28   it believes are responsive to this request. The production numbers of these documents are:

DECLARATION OF CONNECTU LLC

1   C003282; C004043; C004225; C004235; C004243; C006535-36; C006537; C006538-40; C006711-

2   12; C008023; C008531; C008657; C008658; C008669; C008670; C008673; C008674; C008675;

3   C008691; C008810; C008811-19; C008835; C008848; C008954; C008957; C008959; C008962;

4   C008963; C008964-65; C009611-12; C010359; C010360-63; C010364; C010365; C010446;

5   C010447; C010448; C011005; C011038; C011039-40; C011093; and C011097.

6         15.    Regarding Request No. 15, after a diligent search, ConnectU hereby produces

7   documents that are bate stamped CUCA00228 - CUCA02960.

8         16.    Regarding Request No. 16, after a diligent search, ConnectU does not have

9   any licenses or registrations regarding the ability to do business in California.

10        17.    Regarding Request No. 17, I understand that discovery requests concerning

11   ConnectU users has been denied.

12        18.    Regarding Request No. 18, after a diligent search, all formation records of

13   ConnectU were previously produced in the Massachusetts litigation. Their production numbers are:

14   C002825-31; C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104;

15   C011105; C011106; C011107; C011108; C011109; C011110; C011111; C011112; C011113;

16   C011114; C011115; C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335;

17   C011336; and C011337.

18        19.    Regarding Request No. 19, after a diligent search, all documents concerning

19   ConnectU's directors, officers, employees and agents as their activities concerned ConnectU were

20   previously produced in the Massachusetts litigation. Their production numbers are: C002825-31;

21   C004101; C004562-67; C006789-90; C006818; C008043; C009718; C011104; C011105; C011106;

22   C011107; C011108; C011109; C011110; C011111; C011112; C011113; C011114; C011115;

23   C011116; C011117; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and

24   C011337.

25        20.    Regarding Request No. 20, after a diligent search, ConnectU produced copies

26   of many documents that might reflect marketing activities in California. Their production numbers

27   are: C003883-84; C004515-16; C006973; C007137; C007403; C008544; C008948-51; C009011-

28   25;C009168-69; C009389; C010368-70; C010639; C010662; and C010664. In this litigation,

4

1   ConnectU has produced copies of all remaining communications that might reflect marketing

2   activities in California.  Their production numbers are CUCA00001 - CACU000227.

3          21.    Regarding Request No. 21, after a diligent search for all documents regarding

4   California people or entities with whom ConnectU had a relationship, ConnectU states that it cannot

5   confirm whether any such relationship existed.  In the Massachusetts litigation, ConnectU produced

6   copies of many communications, mostly in the form of e-mails that reflected a recipient or sender

7   who identified a California address and/or telephone number.  Their production numbers are:

8   C003883-84; C004511; C004515-16; C006379; C006488; C006493-532; C006633-34; C006722-25;

9   C006733-35; C006741-46; C006750; C006782-84; C006973; C007123-27; C007129-30; C007137;

10  C007375-78; C007393-94;  C007403; C007488-89;C008544-45; C008676-77; C008872-73;

11  C008948-51; C008990-92; C008996-98; C009000-02; C009007-09; C009011-25; C009168-69;

12  C009386; C009389-90; C009395-96; C009403-08; C009613; C010181; C010325-26; C010368-70;

13  C010639; C010643; C010662; C010664; C010667; and C010710-11.  In this litigation, ConnectU

14  has produced copies of all remaining communications that reflected a recipient or sender who

15  identified a California address and/or telephone number.  Their production numbers are

16  CUCA00001 - CACU000227.

17         22.    Regarding Request No. 22, after a diligent search, all documents concerning

18  the ownership and investments in and of ConnectU were produced in the Massachusetts litigation.

19  Their production numbers are:  C002858-59; C004101; C006773; C006789-90; C008548; C009661;

20  C009662; C010168-69; C010173; C010174-75; C010246; C010291-92; C010296; C010308;

21  C010314; C011144-89; C011190-236; C011237-84; C011285-335; C011336; and C011337.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct and that this declaration was executed on the __3__ day of March, 2006.

3

4                                    _____
                                      Cameron Winklevoss

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Scott R. Mosko (State Bar No. 106070)
     FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
     Stanford Research Park
3   3300 Hillview Avenue
     Palo Alto, California  94304
4   Telephone:   (650) 849-6600
     Facsimile:   (650) 849-6666

5

6   Attorneys for Defendants
     Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
     and Divya Narendra

8

9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF SANTA CLARA

12

13   THE FACEBOOK, INC.               CASE NO. 105 CV 047381

14          Plaintiff,           **AMENDED RESPONSE OF**
                          **DEFENDANT CAMERON**
15         v.                   **WINKLEVOSS TO PLAINTIFF'S**
                          **FIRST SET OF SPECIAL**
16   CONNECTU LLC, CAMERON WINKLEVOSS,   **INTERROGATORIES (1-23)**
     TYLER WINKLEVOSS, HOWARD
17   WINKLEVOSS, DIVYA NARENDRA, AND
     DOES 1-25,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTY:**    **Plaintiff THEFACEBOOK, INC.**

**RESPONDING PARTY:**    **Defendant CAMERON WINKLEVOSS**

**SET NO.:**    **ONE (1)**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure

Section 2030.210(a), to the First Set of Special Interrogatories as follows:

## **GENERAL OBJECTIONS**

1.  Responding party objects to each interrogatory and to the definitions and instructions to
the extent they seek to impose obligations that are broader than or inconsistent with the California
Code of Civil Procedure and applicable Local Rules or court orders.

2.  Responding party objects to each interrogatory, and to the definitions and instructions to
the extent they seek the disclosure of information protected by the attorney-client privilege, attorney
work-product doctrine, or any other applicable privilege or protection, as provided by any applicable
law.  Responding party does not intend to produce such privileged or protected documents or
information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.
Responding party expressly reserves the right to object to the introduction at trial or any other use of
such information that may be inadvertently disclosed.  In addition, Responding party objects to the
interrogatories and all definitions and instructions to the extent they seek and/or require Responding
party to produce a privilege log for documents or information falling within the attorney-client
privilege or work-product doctrine, if such documents or information were created after the date that
this lawsuit was filed.

3.  Responding party objects to each interrogatory and all other definitions and instructions
to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of
discoverable information, or fail to describe the information sought with the required reasonable
particularity.

4.  Responding party objects to each interrogatory and all definitions and instructions to the
extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

AMENDED RESPONSES OF DEFENDANT CAMERON
WINKLEVOSSTO FIRST SET OF SPECIAL INTERROGATORIES

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

5. Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party. Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

6. Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

7. Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

8. Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. The following response is based on information known and available to Responding party at this time. Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial.

9. Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

10. Responding party objects to producing at this time documents unrelated to the issue of personal jurisdiction over the individual Defendants.

## OBJECTIONS TO DEFINITIONS

1. Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the California Code of Civil Procedure.

2. Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

AMENDED RESPONSES OF DEFENDANT CAMERON
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

1        3.      Responding party objects to the definition of "ConnectU" as overly oppressive,

2  burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the

3  word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the

4  limited liability company entitled ConnectU L.L.C.

5        4.      Responding party objects to the definition of "Harvardconnection", as vague,

6  uncertain and overbroad. When the word Harvardconnection is used in an interrogatory,

7  Responding party shall assume it means only the unincorporated entity once called

8  "Harvardconnection".

9        5.      Responding party objects to the definition of "Facebook" as vague, uncertain,

10  overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding

11  party shall assume it means only the entity identified in the complaint.

12        6.      Responding party objects to the definition of "Winklevoss Companies" as vague,

13  overbroad, oppressive, and  burdensome.

14        7.      Responding party objects to the phrase "Pacific Northwest Software" as uncertain,

15  overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an

16  interrogatory, Responding party will assume it means an entity providing certain software.

17                    **OBJECTIONS TO INSTRUCTIONS**

18      1.      Responding party objects to Instruction No. 1 as beyond the scope of the California

19  Code of Civil Procedure.

20      2.      Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex

21  and creating subpart interrogatories.

22      3.      Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and

23  creating subpart interrogatories.

24      4.      Responding party objects to Instruction No. 10 as compound, complex, and creating

25  subpart interrogatories.

26

27

28

AMENDED RESPONSES OF DEFENDANT CAMERON
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

1

**<u>RESPONSES AND SPECIFIC OBJECTIONS</u>**

2 **<u>INTERROGATORY NO. 7:</u>**

3        Responding Party incorporates his initial response and objections herein to this amended

4 response. In addition, Responding Party responds as follows: On different occasions, Responding

5 Party logged onto facebook.com. Responding Party's friends, including Mark Hall and Alexander

6 Chastain Chapman provided Responding Party with their log-in information for facebook.com and

7 authorized Responding Party to use this log-in information to access and use the information

8 provided on facebook.com. Responding Party does not recall the number of times he accessed

9 facebook.com. The purpose of some of these occasions was to see what information was available

10 on the site. Responding Party communicated with Tyler Winklevoss, Divya Narendra and Winston

11 Williams regarding some of the information on facebook.com. Responding Party has no specific

12 recollection of the details of these communications with Tyler Winklevoss or Divya Narendra.

13 Responding Party recalls general discussions with Winston Williams regarding how some of the

14 information on facebook.com could be used.

15

16 **<u>INTERROGATORY NO. 8:</u>**

17        Responding Party incorporates his initial response and objections herein to this amended

18 response. In addition, Responding Party responds as follows: E-mails to various e-mail addresses

19 found on facebook.com were sent to invite these recipients to join connectu. Responding Party was

20 responsible for the activity that resulted in such invitations to some students and alumni at certain

21 California schools ("California School Recipients"). Responding Party does not know if these

22 California School Recipients were "residing or domiciled in California" at the time these e-mails

23 were sent. Responding Party recalls general discussions with Winston Williams regarding an

24 automated process for sending invitations to various e-mail addressees found on facebook.com.

25

26 **<u>INTERROGATORY NO. 11:</u>**

27        Responding Party incorporates his initial response and objections herein to this amended

28 response. In addition, Responding Party responds as follows: connectu.com is a free networking

4

1   website for college students, faculty, and alumni. ConnectU provides a platform to connect users at

2   colleges and universities. Users can interact in order to share information, discuss classes, plan

3   events, purchase items, and network. The connectu.com website provides an interface where users

4   have a personal profile where they can upload photographs and provide information about

5   themselves such as hobbies, sports, political views, music, ethnic background, and general interests,

6   so that others can search for people having those characteristics. Services include a chat feature,

7   discussion groups, as well as an address book.

8

9   **INTERROGATORY NO. 14:**

10        Responding Party incorporates his initial response and objections herein to this amended

11   response. In addition, Responding Party responds as follows: Members of ConnectU include

12   Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra, as set forth in

13   the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating

14   Agreement") and found at bates numbers C011285 through C011335. These persons have all been

15   Members since ConnectU was formed. Cameron Winklevoss, Howard Winklevoss, and Maria

16   Antonelli are Managers of ConnectU and together form the Board of Managers. They have been

17   Managers since ConnectU was formed. Tyler Winklevoss is a successor Manager of ConnectU as

18   set forth at section 8.1(c)(2) of the Operating Agreement at bates number C011311. He has been

19   successor Manager since ConnectU was formed. Members and Managers of ConnectU have the

20   duties, job descriptions, authorities, and responsibilities set forth in the Operating Agreement. For

21   example, as set forth at section 8.1(a), each of the Managers "shall have the exclusive right, power

22   and authority to manage the Business, assets, operation and affairs of the Company, with all rights

23   and powers and the full power necessary, desirable or convenience to administer and operate the

24   same for Company purposes, to incur, perform, satisfy and compromise all manner of obligations on

25   behalf of the Company, and to make all decisions and do all things necessary or desirable in

26   connection therewith." In addition to the other duties set forth in the Operating Agreement,

27   'Cameron Winklevoss' and Tyler Winklevoss' duties include overseeing the operation of the

28   connectu.com website, including communicating development activities on the site.

AMENDED RESPONSES OF DEFENDANT CAMERON
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

**INTERROGATORY NO. 15:**

Responding Party incorporates his initial response and objections herein to this amended response.  In addition, Responding Party responds as follows:  ConnectU has not conducted any advertising, promotions and marketing activities specifically directed at California residents. ConnectU has responded to one individual who may have been a resident of California about advertising opportunities on the connectu.com site.  This email to an individual having a .edu email address associated with a California-based university was produced at C010664.  Responding Party was involved in specific marketing or advertising activities including the creation of an amazon gift certificate program, a program allowing advertisers to purchase adspace, participation in google adwords, and participation in Applestore's linkshare program.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

AMENDED RESPONSES OF DEFENDANT CAMERON
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

1

VERIFICATION

2    I, Cameron Winklevoss am a defendant in the above titled action. I have read the

3  amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these

4  responses are true and correct to the best of my knowledge. I declare under penalty of perjury that

5  the foregoing is true and correct and that this verification was executed on the ___3___ day of March

6  2006.

7

8    
    Cameron Winklevoss

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California  94304
4  Telephone:     (650) 849-6600
   Facsimile:     (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                          CASE NO. 105 CV 047381

14               Plaintiff,                     **AMENDED RESPONSE OF
                                                DEFENDANT HOWARD
15          v.                                  WINKLEVOSS TO PLAINTIFF'S
                                                FIRST SET OF SPECIAL
16  CONNECTU LLC, CAMERON WINKLEVOSS,           INTERROGATORIES (1-23)**
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                 Defendants.
19

20

21

22

23

24

25

26

27

28

1   **PROPOUNDING PARTY:**     **Plaintiff THEFACEBOOK, INC.**

2   **RESPONDING PARTY:**     **Defendant HOWARD WINKLEVOSS**

3   **SET NO.:**     **ONE (1)**

4

5     TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6     The above-named party hereby responds, pursuant to California Code of Civil Procedure

7   Section 2030.210(a), to the First Set of Special Interrogatories as follows:

8                              **GENERAL OBJECTIONS**

9     1. Responding party objects to each interrogatory and to the definitions and instructions to

10   the extent they seek to impose obligations that are broader than or inconsistent with the California

11   Code of Civil Procedure and applicable Local Rules or court orders.

12     2. Responding party objects to each interrogatory, and to the definitions and instructions to

13   the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

14   work-product doctrine, or any other applicable privilege or protection, as provided by any applicable

15   law. Responding party does not intend to produce such privileged or protected documents or

16   information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege.

17   Responding party expressly reserves the right to object to the introduction at trial or any other use of

18   such information that may be inadvertently disclosed. In addition, Responding party objects to the

19   interrogatories and all definitions and instructions to the extent they seek and/or require Responding

20   party to produce a privilege log for documents or information falling within the attorney-client

21   privilege or work-product doctrine, if such documents or information were created after the date that

22   this lawsuit was filed.

23     3. Responding party objects to each interrogatory and all other definitions and instructions

24   to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

25   discoverable information, or fail to describe the information sought with the required reasonable

26   particularity.

27     4. Responding party objects to each interrogatory and all definitions and instructions to the

28   extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

AMENDED RESPONSES OF DEFENDANT HOWARD
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

5.   Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party.  Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

6.   Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

7.   Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

8.   Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action.  The following response is based on information known and available to Responding party at this time.  Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial.

9.   Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

10. Responding party objects to producing at this time documents unrelated to the issue of personal jurisdiction over the individual Defendants.

## OBJECTIONS TO DEFINITIONS

1.     Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the California Code of Civil Procedure.

2.     Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

AMENDED RESPONSES OF DEFENDANT HOWARD
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

3.      Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.      Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.      Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6.      Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and  burdensome.

7.      Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## OBJECTIONS TO INSTRUCTIONS

1.      Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2.      Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3.      Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4.      Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

AMENDED RESPONSES OF DEFENDANT HOWARD
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES

**RESPONSES AND SPECIFIC OBJECTIONS**

**INTERROGATORY NO. 14:**

Responding Party incorporates his initial response and objections herein to this amended response.  In addition, Responding Party responds as follows:  Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra, as set forth in the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335.  These persons have all been Members since ConnectU was formed.  Cameron Winklevoss, Howard Winklevoss, and Maria Antonelli are Managers of ConnectU and together form the Board of Managers.  They have been Managers since ConnectU was formed.  Tyler Winklevoss is a successor Manager of ConnectU as set forth at section 8.1(c)(2) of the Operating Agreement at bates number C011311.  He has been successor Manager since ConnectU was formed.  Members and Managers of ConnectU have the duties, job descriptions, authorities, and responsibilities set forth in the Operating Agreement.  For example, as set forth at section 8.1(a), each of the Managers "shall have the exclusive right, power and authority to manage the Business, assets, operation and affairs of the Company, with all rights and powers and the full power necessary, desirable or convenience to administer and operate the same for Company purposes, to incur, perform, satisfy and compromise all manner of obligations on behalf of the Company, and to make all decisions and do all things necessary or desirable in connection therewith."  In addition to the other duties set forth in the Operating Agreement, 'Cameron Winklevoss' and 'Tyler Winklevoss' duties include overseeing the operation of the connectu.com website, including communicating development activities on the site.

///

///

///

///

///

///

///

AMENDED RESPONSES OF DEFENDANT HOWARD
WINKLEVOSS TO FIRST SET OF SPECIAL INTERROGATORIES



**VERIFICATION**

.I, Howard Winklevoss am a defendant in the above titled action. I have read the amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the _3_ day of March 2006.

Howard Winklevoss