# EXHIBIT Y

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC. | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 1-05-CV-047381 |
| CONNECTU LLC, et.al., | ) |
| Defendants | ) ORDER AFTER HEARING |

Plaintiff's discovery motions and Defendants' request for monetary sanctions were heard on February 17, 2006, the Honorable James P. Kleinberg presiding. Monte Cooper, Esq. and Robert Nagel, Esq. appeared for Plaintiff and Scott R. Mosko, Esq. appeared for Defendants. Having reviewed and considered the papers on file and argument of counsel, and being fully advised, attached Exhibit A is the Order of the Court.

Dated: February 17, 2006

Honorable James P. Kleinberg
Judge of the Superior Court

-1-

1. Plaintiff's TheFaceBook, Inc.'s Motion For Order Allowing The Filing of Motion Under Seal is DENIED as moot; the Court has been advised the parties have agreed upon a stipulated protective order to be submitted and filed with the Court.

2. Plaintiff's Motion To Compel Supplemental Responses To First Set Of Special Interrogatories, GRANTED in part, as follows:

    a. <u>Special Interrogatory No. 1</u> GRANTED in part. Defendant ConnectU LLC shall comply with CCP §2031.230 and provide a declaration stating that a diligent search and reasonable inquiry was made in an effort to comply with the demand, and that it was unable to comply because the particular item never existed, has been destroyed, lost, misplaced, stolen, or has never been, or is no longer in its possession, custody, or control. The statement shall set forth the name and address of any natural person or organization known or believed by it to have possession, custody or control of the document. To the extent not otherwise granted, the motion is DENIED and DENIED as to the individual Defendants.

    b. <u>Special Interrogatory Nos. 2-6, 9, 13, 16</u> DENIED.

    c. <u>Special Interrogatory Nos. 7 and 8</u> DENIED as to Defendants ConnectU LLC and Howard Winklevoss, but GRANTED as to Defendants Tyler Winklevoss, Cameron Winklevoss, and Divya Narendra.

    d. <u>Special Interrogatory No. 11</u> GRANTED as to Defendant ConnectU LLC and as to Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

    e. <u>Special Interrogatory No. 12</u> DENIED without prejudice.

    f. <u>Special Interrogatory No. 14</u> GRANTED in part. Defendants shall respond as to ConnectU LLC, only. The request as to Winklevoss Companies is DENIED.

    g. <u>Special Interrogatory No. 15</u> As to Defendant ConnectU LLC GRANTED, but only concerning Defendant ConnectU LLC's advertising and marketing activities; As to Howard Winklevoss, DENIED as he has already responded; as to Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra GRANTED, but only as to Defendant ConnectU LLC's advertising and marketing activities.

      h.      <u>Special Interrogatory Nos. 18 and 19</u> GRANTED as to ConnectU LLC and DENIED as to the individual Defendants.

3.    Plaintiff's Motion To Compel Supplemental Responses To Request For Production, Set One, Nos. 1-23, GRANTED in part as follows:.

      a.      Defendants shall produce any documents remaining in their possession that they have agreed to locate.

      b.      Defendants shall provide a declaration stating that a diligent search and reasonable inquiry was made in an effort to comply with the request, and that either (1) all documents have been produced, (2) they were unable to comply because the particular item never existed, has been destroyed, lost, misplaced, stolen, or has never been, or is no longer in its possession, custody, or control.  The statement shall set forth the name and address of any natural person or organization known or believed to have possession, custody or control of the documents.

      c.      Documents as they correspond to the request numbers and should be produced in an organized manner and labeled to correspond with the categories in the demand, or shall be produced as they are kept in the usual course of business.  In the alternative, if Defendants wish to refer to documents previously produced, they must identify the document, the date, the author, the recipient, the subject, and the Bates number as it corresponds to the categories in the demand.

      d.      Defendants' objections concerning Winklevoss Companies are sustained except as to documents between Defendant ConnectU LLC and Winklevoss Companies, namely, Request For Production Nos. 1, 6, 7, 8, 9, 11, 12, 13, 16, 19, 20, 21, and 22.

4.    Defendant shall prepare a log as to any documents withheld on the basis of a claimed privilege.  The log shall permit a determination of whether each withheld document is privileged.  The privilege log shall contain a log number, discovery reference, Bates or exhibit number, document description, identity and position, author, recipients, privilege claimed, and present location.

5.    All further responses to Plaintiff's discovery shall be served and produced within 20 calendar days of order.

6.    Defendants' request for monetary sanctions DENIED.

# EXHIBIT A

| | |
|---|---|
| IN THE SUPERIOR COURT OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA |  (ENDORSED) FILED<br>FEB 17 2006<br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY _____, DEPUTY |
| Plaintiff: THE FACEBOOK, INC. | |
| Defendant: CONNECTU LLC, ET AL | |
| PROOF OF SERVICE OF: ORDER AFTER HEARING HEARD FEBRUARY 17, 2006 | Case Number 105CV047381 |

CLERK'S CERTIFICATE OF SERVICE:   I certify that I am not a party to this case and that a true copy of this document was served as follows:

[ ]     By personal service on the parties and on the date shown below.

[X]     By first class mail, postage prepaid, addressed as shown below and mailed on the date shown below.

**DATED:     February 17, 2006**            Kiri Torre, Chief Executive Officer/Clerk

BY _____, Deputy

---

ROBERT NAGEL, ESQ.              SCOTT MOSKO, ESQ.
1000 MARSH RD.                  700 HANSEN WAY
MENLO PARK, CA. 94025           PALO ALTO, CA. 94304

Proof of service
Clerk's Certificate of Service