**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>        Defendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and FACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>    v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>    and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO SUBSTITUTE PARTY PLAINTIFF</u>**

    Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, Plaintiff moves this Court to substitute ConnectU, Inc. in place of ConnectU LLC as party Plaintiff, and as a Counterdefendant.

    ConnectU LLC, a Delaware limited liability company, merged into ConnectU, Inc., a Connecticut corporation, effective May 23, 2006. By virtue of the merger, ConnectU, Inc. is the surviving entity, and all assets, rights, and liabilities of ConnectU LLC have been merged into ConnectU, Inc. True and correct copies of the merger documents are attached to the Declaration

1

of Meredith H. Schoenfeld as Exhibit 1.  ConnectU, Inc. is registered to do business in the Commonwealth of Massachusetts.  *See* Declaration of Meredith H. Schoenfeld, Ex. 2.

Fed. R. Civ. P. 25 (c) permits the substitution of parties when there is a transfer of interest.  *Feener Business Schools, Inc. v. Speedwriting Publ'g Co.*, 249 F. 2d 609, 612 (1st Cir. 1957) (Rule 25 substitution of plaintiff proper in the case of transfer of assets and interests pursuant to a corporate merger); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966).

In this case, there has been a clear transfer of interest and ConnectU, Inc. is the successor to ConnectU LLC.  The substantive rights of the parties to this litigation are not altered by the substitution of ConnectU, Inc. for ConnectU LLC, and therefore the substitution is not prejudicial in any way.  *Feener Business Schools,* 249 F.2d at 612 (finding no abuse of discretion and no prejudice in granting a motion to substitute the party plaintiff).

Facebook Defendants are expected to argue in opposition to this motion that it is somehow inconsistent with the arguments made in their July 27, 2006 Opposition to Plaintiff's Memorandum of Law (Dkt. 255).  In that brief, Facebook Defendants argued that ConnectU LLC failed to register to do business in Massachusetts and should have done so to be able to maintain this action, that Mass. Gen. Laws Ann. ch. 156D does not apply, that ConnectU, Inc.'s registration to do business in Massachusetts does not cure ConnectU LLC's failure to register, and that such failure can be cured under Mass. Gen. Law. Ann. ch. 156C only by reviving ConnectU LLC and registering it to do business in Massachusetts (*id*. at 16-17).[1]  In addition to the fact that Facebook Defendants cite no law to support their arguments regarding chapter 156C

---

[1] Nothing in the law Facebook Defendants cite require ConnectU LLC to be revived and then register to do business in Massachusetts.  *Smyth v. Marshall Field*, 40 Mass. App. Ct. 625 (Mass. App. Ct. 1996), is inapposite because the cancelled partnership there had no successor.  However, ConnectU Inc. will take this step if the Court so rules.

and 156D, the substitution of ConnectU, Inc. for ConnectU LLC moots Facebook Defendants' arguments. Whatever may or may not have been true about ConnectU LLC's ability to cure, and regardless of the applicability of chapters 156C and 156D to ConnectU LLC's situation, ConnectU LLC need do nothing more to cure if ConnectU, Inc., which is registered to do business in Massachusetts, substitutes for it. Facebook Defendants' other arguments in support of their motion to dismiss are unaffected by this motion. ConnectU, Inc. takes such arguments, which relate to the state of facts on September 2, 2004, as it finds them. In other words, substitution is also without prejudice to the *proceedings*. *See Feener Business Schools*, 249 F.2d at 611-12.

ConnectU, Inc. consents to be substituted for ConnectU LLC as a Counterdefendant.

Plaintiff had planned to await the outcome of Facebook Defendants' pending motion to dismiss before substituting ConnectU, Inc. If the motion to dismiss were to be denied, ConnectU LLC would have moved to substitute as part of a motion to amend the First Amended Complaint, as described in its supplemental brief in opposition to the motion to dismiss (Dkt. 187 at § IV.B) and its brief filed July 13, 2006 at the Court's request (Dkt. 212 at 19). If the motion to dismiss were to be granted, ConnectU Inc. would refile the Complaint, in place of ConnectU LLC. However, to simplify the issues this Court must consider in connection with the motion to dismiss, Plaintiff decided to file this motion to substitute at this time.

Accordingly, Plaintiff respectfully requests that this motion to substitute be granted, and that the caption of this proceeding be amended going forward to reflect ConnectU, Inc. as Plaintiff and a Counterdefendant in this case.

Respectfully submitted,

DATED: August 15, 2006

/s/ John F. Hornick
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:   (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Plaintiff and Counterclaim Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 15, 2006.

/s/ John F. Hornick
John F. Hornick