IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Additional Counterdefendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO SUBSTITUTE PARTY PLAINTIFF**

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and the Facebook, Inc. ("the Facebook Defendants")[1] oppose Plaintiff's motion to substitute ConnectU, Inc. as party Plaintiff for ConnectU LLC for two inter-related reasons.

First, the Defendants in this action all have jointly filed a Motion to Dismiss the Complaint based on, among other matters, a lack of subject matter jurisdiction. That Motion has been referred to Magistrate Judge Collings for the purpose of issuing a Report and Recommendation, and the Court already has conducted one evidentiary hearing on the matter on June 22, 2006, and scheduled another to occur on September 26, 2006.

On August 24, 2006, the Court issued a "Second Memorandum and Procedural Order" (Docket No. 230) in which it specifically concluded that at the time the original diversity jurisdiction complaint was filed, Defendant Mark Zuckerberg was a citizen of the State of New York, as was Divya Narendra. This is significant, because Mr. Narendra has been alleged by the Defendants to have been a member of ConnectU LLC as of September 2, 2004. As the Court noted in the Second Memorandum and Procedural Order, "if Divya Narendra was a member of ConnectU on the date this lawsuit was filed, there was no diversity of citizenship and the action must be dismissed." *See* Second Memorandum and Procedural Order at 6. Consequently, the Court may lack subject matter jurisdiction even to entertain Plaintiff's Motion to Substitute Party Plaintiff, and the motion therefore should be denied as premature until the Court rules on the fundamental matter of its jurisdiction.[2]

---

[1] Defendant Eduardo Saverin is represented by separate counsel in this matter. The generic term "Defendants" as used herein refers to all Defendants, including Mr. Saverin. The phrase "the Facebook Defendants" is used herein to refer to all Defendants *except* Mr. Saverin.

[2] Notably, Plaintiff admits that filing its motion at this time is premature. *See* Docket No. 228, pg. 3.

Second, pursuant to the Court's August 24, 2006, "Second Memorandum and Procedural Order," ConnectU LLC's motion to substitute ConnectU, Inc. as Party Plaintiff also is moot in light of the Court's preliminary rulings on the Motion to Dismiss. Specifically, the Court specifically concluded in the Second Memorandum and Procedural Order that it will "pretermit" until after an evidentiary hearing currently scheduled for September 26, 2006 its resolution the issue of whether "because ConnectU was not registered to do business in Massachusetts it cannot maintain an action in the Commonwealth and, further, [whether] because the limited liability no longer exists since it was merged into ConnectU, Inc., the failure to register cannot be cured." *See* Second Memorandum and Procedural Order at 5-6 & 16. This change of corporate entity status is precisely the basis upon which ConnectU seeks pursuant to Rule 25(c), F.R.C.P., to substitute the party plaintiff. However, because the Court already has specifically ruled that the underlying factual and legal issues upon which ConnectU bases its motion to substitute the party plaintiff do not permit the Court to take action pursuant to Rule 25(c) at this time, the motion is now moot and must await at least the entry of the Report and Recommendation.

For the foregoing reasons, the Facebook Defendants respectfully request that the Court deny Plaintiff's Motion to Substitute Party Plaintiff.

///

///

US_WEST:260080718.2

Dated:  August 29, 2006

Respectfully submitted,

/s/ Monte M.F. Cooper /s/
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Robert D. Nagel*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
rnagel@orrick.com
tsutton@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.

* Admitted Pro Hac Vice

-3-

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2006.

Dated:  August 29, 2006.            Respectfully submitted,

                                              /s/ Monte M.F. Cooper /s/
                                                  Name of Attorney

US_WEST:260080718.2