**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC, <br><br>    Plaintiff, <br><br>  v. <br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC., <br><br>    Defendants. | Civil Action No. 1:04-cv-11923 (DPW) <br><br> District Judge Douglas P. Woodlock <br><br> Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and FACEBOOK, INC., <br><br>    Counterclaimants, <br><br>  v. <br><br>CONNECTU LLC, <br><br>    Counterdefendant, <br><br>  and <br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, <br><br>    Additional Counterdefendants. | |

**PLAINTIFF'S REPLY TO FACEBOOK DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PLAINTIFF**

  For the reasons stated in Plaintiff's motion, which Facebook Defendants did not address, ConnectU, Inc. should be substituted for ConnectU LLC at this time. Plaintiff's Motion to Substitute should be granted because it moots Facebook Defendants' arguments regarding ConnectU LLC's registration to do business in Massachusetts and does not affect their motion to dismiss. As explained in Plaintiff's motion, the substitution of ConnectU, Inc. for ConnectU LLC as plaintiff will streamline this litigation by simplifying the issues the Court must consider.

  Facebook Defendants' characterize Plaintiff's statement that it had planned to await the outcome of Defendants' pending motion to dismiss before substituting ConnectU, Inc. (Dkt. 228

1

at 3) as an admission that filing the motion at his time is "premature." (Dkt. 231 at fn. 2). To the contrary, the Court's decision to pretermit the issue of ConnectU's recent registration (Dkt. 230 at 16) makes Plaintiff's Motion to Substitute timely because granting the motion would dispose of this issue. Contrary to Facebook Defendants' argument (Dkt. 231 at 2), Plaintiff's motion and the Court's pretermission moot the ConnectU LLC Massachusetts registration issue, not the other way round. While Defendants still cite no law that would require ConnectU LLC to be revived and then registered, substitution of ConnectU, Inc. would fully resolve the registration issue. ConnectU, Inc. is registered to do business in the Commonwealth of Massachusetts[1] and can unquestionably maintain this lawsuit. Dkt. 229, Ex. 2.

Facebook Defendants' argument that the Court may lack jurisdiction to decide this motion is belied by the U.S. Supreme Court case they cited in their opposition to Plaintiff's request for leave to file a supplemental brief in opposition to the motion to dismiss, namely, *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (see Dkt. 192 at 10). In that case, the U.S. Supreme Court upheld Rule 11 sanctions imposed by the district court, as well as the courts' ability to apply the Federal Rules of Civil Procedure, even though it was later determined that the district court lacked subject matter jurisdiction over the case. Just as that district court could issue Rule 11 sanctions before the ultimate dismissal, so this Court can grant the motion to substitute. The absurdity of Facebook Defendants' argument can be seen in carrying it to its logical conclusion: if the Court cannot decide this motion, then any orders issued by the Court to date are meaningless. Thus, Facebook Defendants' argument should be rejected.

---

[1] The registration has now been approved by the Commonwealth of Massachusetts, as indicated by the Massachusetts-approved Foreign Corporation Certificate of Registration submitted to the Court on July 25, 2006 in connection with the motion to dismiss (Dkt. 222) and with this motion (Dkt. 229, Ex. 2).

For the reasons set forth in the motion to substitute and in this reply, Plaintiff respectfully requests that the motion be granted, and that the caption of this proceeding be amended going forward to reflect ConnectU, Inc. as Plaintiff and a Counterdefendant in this case.

Respectfully submitted,

DATED: September 5, 2006

/s/ John F. Hornick
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA  02142
Telephone:  (617) 452-1600
Facsimile:   (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, DC  20001
Telephone:  (202) 408-4000

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 5, 2006.

/s/ John F. Hornick  _____
John F. Hornick