UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 2004-11923 DPW |
| ) | |
| MARK ZUCKERBERG, EDUARDO ) | |
| SAVERIN, DUSTIN MOSKOWITZ, ) | |
| ANDREW MCCOLLUM, CHRISTOPHER ) | |
| HUGHES, THE FACEBOOK, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MARK ZUCKERBERG, THE FACEBOOK, INC. ) | |
| ) | |
| Plaintiff-in-Counterclaim, ) | |
| v. ) | |
| ) | |
| CONNECTU LLC, ) | |
| ) | |
| Defendant-in-Counterclaim, ) | |
| ) | |
| and ) | |
| ) | |
| CAMERON WINKLEVOSS, TYLER ) | |
| WINKLEVOSS, DIVYA NARENDRA, ) | |
| ) | |
| Additional Defendants- ) | |
| in-Counterclaim. ) | |

MOTION TO QUASH DEPOSITION SUBPOENAS
DUCES TECUM SERVED ON NON-PARTIES, JOHN TAVES
AND PACIFIC NORTHWEST SOFTWARE

Non-parties, Pacific Northwest Software, a Washington State corporation, headquartered

in Redmond, Washington, and John Taves, the president of Pacific Northwest Software and a

resident of Redmond Washington, hereby move this Honorable Court, pursuant to Fed.R.Civ.P.

26(c) and 45(c) for an order quashing the deposition subpoenas duces tecum served on them by

the defendants or in the alternative a Protective Order limiting the scope of the documents requested.  (Copies of the subpoenas are attached hereto as Exhibit A).

As grounds therefore, Pacific Northwest Software and John Taves were each served with a deposition subpoena duces tecum.  The subject subpoenas duces tecum were dated September 26, 2006, and issued by the United States District Court for the Western District of Washington, commanding Pacific Northwest Software and John Taves to produce those documents identified on the Schedule A's attached to each subpoena.  Discovery was to be completed by December 15, 2005 pursuant to the Scheduling Order of March 29, 2005.  Both of the subpoenas were not timely issued or served, are beyond the scope of discovery permitted pursuant to this Court's August 24, 2006 Second Memorandum and Procedural Order (the "August 24, 2006 Order"), are overbroad, will impose an undue burden and expense on the non-parties, seek documents concerning Pacific Northwest Software's relationship with, among other entities, plaintiff Connectu LLC, which relationship did not begin until December 2004, three months following the filing of this litigation and otherwise seeks documents containing trade secrets, confidential, commercial or otherwise proprietary financial and business information.  (See Affidavit of John Taves attached as Exhibit B.)  Pacific Northwest Software offers custom software and web development for companies and it provided development services to Connectu LLC beginning in late December 2004.  (Exhibit B.)

The defendants' issuance and service of these subpoenas appear to be untimely as "any requests for document on the issue [of Divya Narendra's membership in Connectu LLC] must be served **on or before the close of business on Friday, September 1, 2006**."[1]  Even assuming the subpoenas were timely served, which is denied, the documents requested exceed the limited area of inquiry allowed by this Court.  The documents sought by the defendants in these subpoenas

---

[1] August 24, 2004 Second Memorandum and Procedural Order (p. 17).

2

include, among others, communications between Pacific Northwest Software and the plaintiff, as well as billing records for work it performed on behalf of plaintiff and others.  These requests are not restricted to "Divya Narendra's membership in Connectu LLC at the time the original complaint was filed" as the August 24, 2006 Order makes clear was the only discovery permitted.  Many of the documents which may reference Connectu also include confidential, proprietary information regarding some of Pacific Northwest Software's other clients, which Pacific Northwest Software has treated confidentially, and have important consequences for Pacific Northwest Software's past and future marketing and business strategies and financial information.  (Exhibit B).  Pacific Northwest Software and John Taves have responded by way of records custodian affidavits (attached as Exhibit C) that after searching the files and back-up server, they have no documents responsive to requests 1, 2 and 4 of the subpoenas.  This leaves requests 3, 5, 6 and 7 to be addressed by this Court.

      Fed. R. Civ. P. 45(c)(3)(B) permits a Court to quash a subpoena seeking confidential commercial information, trade secrets and/or subjects a person to undue burden or expense.  This Court, pursuant to Fed.R.Civ.P. 26(c)(1) and (7) may enter an order that justice requires to protect a non-party, including:  "(1) that disclosure not be had… [and] (7) that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way."  Rule 45(c)(1) also requires "the attorney responsible for the issuance and service of a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to that subpoena."  In this case, counsel for the defendants have issued a subpoena beyond the discovery deadline seeking documents that exceed the August 24, 2006 Order.

      The defendants have not indicated any substantial need for the requested documents, especially in light of the potentially dispositive motion filed by the defendants, as well as the

August 24, 2006 Order which limited discovery to the issue of Divya Narendra's membership in Connectu LLC at the time the complaint was filed. If the only discovery permitted in this case is on the above topic, the defendants failed to properly narrow the scope of their untimely subpoenas.

By establishing, through the attached Affidavit of John Taves that the documents sought by defendants concern confidential, sensitive and proprietary information, the disclosure of which may cause it harm, Pacific Northwest Software and John Taves have shifted the burden to defendants to show they have a substantial need for the documents. R&D Business Systems v. Xerox Corporation, 152 F.R.D. 195, 196 (D. Colo. 1993). The Court must "balance the need for the disclosure against the injury" that may result from the production of the documents. Id. at 197. This is especially important when the documents are sought from a non-party. "Courts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure." Echostar Communications Corp. v. The News Corporation Limited, 180 F.R.D. 391, 394 (D. Colo. 1998). The potential hardship to Pacific Northwest Software in having to divulge these documents is an important factor to be considered in determining whether to quash the subpoena.

Pacific Northwest Software and John Taves assert that the defendants do not have a "substantial need" for the documents and/or that the subpoenaed documents are cumulative and/or not relevant to the limited issue currently before the Court. The defendants should be required to establish a sufficient basis that their subpoenas were timely and that the documents requested are relevant and necessary to the issue of Divya Narendra's membership in Connectu LLC that is before this Court. See Compaq Corporation Corp. v. Packard Bell Electronics, 163 F.R.D. 329, 335 (1995). The potential for harm to befall Pacific Northwest Software and John

4

Taves in having to produce these documents outweighs the defendants' claimed need for the records.

Pacific Northwest Software and John Taves have established a need for protecting their records from disclosure. This Court should, in weighing all of the factors, either quash the subpoena or issue a Protective Order permitting Pacific Northwest Software and John Taves to withhold the documents requested in paragraphs 3, 5, 6 and 7 of the subpoena and preclude the defendants from deposing them on those topic areas.

Pursuant to Local Rule 7.1, prior to filing this motion, counsel for Pacific Northwest Software and John Taves conferred in good faith with counsel for the defendants in an effort to resolve the dispute.

WHEREFORE, Pacific Northwest Software and John Taves request that this Honorable Court enter an Order quashing the deposition subpoenas duces tecum or, in the alternative, issue a Protective Order limiting any production of documents to paragraphs 1, 2 and 4 of the subpoenas and permitting Pacific Northwest Software and John Taves to withhold those documents responsive to paragraphs 3, 5, 6 and 7 of the subpoenas.

**PACIFIC NORTHWEST SOFTWARE AND JOHN TAVES REQUEST A HEARING ON THIS MOTION.**

        Respectfully submitted,
PACIFIC NORTHWEST SOFTWARE and
JOHN TAVES,
By their attorneys,


     /s/ Michael P. Giunta
Michael P. Giunta (BBO No. 543768)
Kevin G. Kenneally (BBO No. 550050)
Donovan Hatem LLP
Two Seaport Lane
Boston, MA  02210
Tel. (617) 406-4500

Dated:  October 19, 2006

01041645

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by facsimile and first-class mail, postage prepaid, to those indicated as non-registered participants on October 19, 2006.

                                                                /s/ Michael P. Giunta
                                                                Michael P. Giunta

01041645