# <u>EXHIBIT A</u>

A (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### WESTERN  DISTRICT OF  WASHINGTON

CONNECTU LLC

V.

FACEBOOK, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:04-CV-11923
USDC District of Massachusetts

TO: Pacific Northwest Software
2310 177th Place NE
Redmond WA 98052

[ ]   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 18, 2006, 9:00 a.m. |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 11, 2006, 9:00 a.m. |

[ ]   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Theresa A. Sutton,  Counsel for Defendants Facebook, Zuckerberg, Moskovitz, McCollum, and Hughes   (Tel. 650.614.7400)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

2002 © Attack and LegalNet  Inc.

US LEGAL SUPPORT

PAGE  05/25

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN,<br>DUSTIN MOSKOVITZ, ANDREW MCCOLLUM,<br>CHRISTOPHER HUGHES, and FACEBOOK,<br>INC.,<br><br>   Defendants.<br><br>MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>   Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>   Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER<br>WINKLEVOSS, and DIVYA NARENDRA,<br><br>   Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923<br>(DPW) |

## AMENDED NOTICE OF SUBPOENA TO PACIFIC NORTHWEST SOFTWARE

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure Defendant and Counterclaimant Facebook, Inc. will take, by oral

examination, the deposition of Pacific Northwest Software, which will commence on

October 18, 2006, at 9:00 A.M. at the law offices of Orrick, Herrington & Sutcliffe LLP,

719 Second Avenue, Seattle, Washington, or at a time and place agreed upon by counsel. The

deposition will continue from day to day until completed. The testimony of Pacific Northwest

-1-

NOTICE OF SUBPOENA TO PACIFIC NORTHWEST SOFTWARE

2006  10:06    819-878-9851    US LEGAL SUPPORT    PAGE  27/26

Software will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Pacific Northwest Software shall designate one or more officers, directors, agents, employees or other persons who have knowledge of and will to testify on behalf of Pacific Northwest Software with respect to the subjects specified in Attachment B.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Facebook will request that Pacific Northwest Software produce the documents identified in Attachment A to the subpoena for inspection and copying on October 11, 2006, at the address listed in the subpoena. A true and correct copy of the subpoena is attached.

Dated: September 26, 2006

_____
Theresa A. Sutton (*Admitted Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899

Attorneys for Mark Zuckerberg,
Dustin Moskovitz, Andrew McCollum,
Christopher Hughes, and Facebook, Inc.

OHS West:260097067.1

## Attachment A

1. All communications that refer to, relate to, or reflect the organization or membership of ConnectU LLC as of September 2, 2004, including all communications with any party representing ConnectU LLC or www.connectu.com which reflects worked performed for ConnectU LLC or the responsibilities of that party to ConnectU LLC.

2. All communications that refer to Divya Narendra (including as a recipient of any such communication) and that summarize, describe, refer or relate to ConnectU LLC, www.connectu.com, or HarvardConnection.

3. All communications between you and HarvardConnection; iMare, LLC; ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss; Howard Winklevoss; and/or Marie Antonelli.

4. All communications that summarize, describe or refer to the formation and membership of ConnectU LLC or Harvard Connection.

5. All handwritten notes, billing records, emails, electronic communications, or the like, which refer or relate to ConnectU LLC, www.connectu.com, www.facebook.com, and/or TheFacebook.

6. All billing or similar records for worked performed for, on behalf of, or by, Harvard Connection, ConnectU LLC, and/or www.connectu.com, including the dates of such work.

7. All communications that summarize the role of Winklevoss Consultants, Inc, Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such communications also concern Harvard Connection, ConnectU LLC or www.connectu.com.

2006  10:05    818-879-9851    US LEGAL SUPPORT    PAGE  09/25

## Attachment B

### Topics for Deposition

1. The creation of, authenticity of, location of, attempt to identify, and efforts to locate and produce all documents identified in Attachment A of this subpoena *duces tecum*.

2. Communications regarding the organization or membership of ConnectU LLC as of September 2, 2004, including all communications with any party representing ConnectU LLC or www.connectu.com which reflects worked performed for ConnectU LLC or the responsibilities of that party to ConnectU LLC.

3. Communications regarding Divya Narendra and ConnectU LLC, www.connectu.com, or HarvardConnection.

4. Communications between you and HarvardConnection; iMarc, LLC; ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss; Howard Winklevoss; and/or Maria Antonelli.

5. Communications regarding the formation and membership of ConnectU LLC or Harvard Connection.

6. Corporate (including, without limitation, notes, billing, or financial) records that refer to ConnectU LLC, www.connectu.com, www.facebook.com, TheFacebook, and/or Harvard Connection.

7. Your relationship with, including any work you performed for ConnectU LLC, www.connectu.com, and Harvard Connection.

8. Communications regarding Winklevoss Consultants, Inc, Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such communications also concern Harvard Connection, ConnectU LLC or www.connectu.com.

# U.S. LEGAL SUPPORT
4232-1 Las Virgenes Road, Suite 100, Calabasas, California 91302
PHONE: (818) 878-9227  FAX:(818) 878-9951

00362462-06

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connectu

D.O.B.:        S.S.N.:        LOCATION: Pacific Northwest Software

I being the duly authorized custodian of records and having the authority to certify the records, declare the following:

### 1. DESCRIPTION OF RECORDS PRODUCED:   (Must select at least one)

_____ Medical  _____ Billing  _____ Radiological  _____ Insurance  _____ Employment

_____ Payroll  _____ Academic  _____ Other _____

The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.

### 2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:

_____ Medical  _____ Billing  _____ WCAB Recs  _____ Insurance  _____ Physical Therapy  _____ Sign-in sheets

_____ Employment  _____ Pathology reports/materials  _____ Prescription/Pharmacy  _____ Photographs

_____ Videotapes  _____ Paramedic/Ambulance  _____ Psychiatric  _____ Payroll  _____ Academic  _____ Xrays

_____ Radiological  _____ Other/Explanation _____

### 3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:   (Must select at least one)

_____ Data/Computer Generated  _____ Typed/Hand Written Notes  _____ Summary  _____ Radiological

_____ Audio/Video  _____ Pathological  _____ Other _____

### 4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:   (Must select at least one)

_____ The produced records is a true copy of all the records described in the Deposition Subpoena, Subpoena Duces Tecum or Authorization.

_____ Pursuant to Evidence Code Section 1560(e), the original records described in the Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the Attorney's representative for copying at the witness' place of business.

_____ The following records were omitted or could not be produced at this time for the following reason:

### 5. CERTIFICATION OF NO RECORDS:   (Must Select at least one)

_____ A thorough search of our files, carried out under my direction revealed no documents, records or other material called for in the Subpoena or Authorization.

_____ Existing records not within the time limitation set forth in the request.

_____ All records have been destroyed in accordance with our document retention policy.

_____ Other explanation:

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS, declare that the foregoing is true and correct.

Date: _____  City _____  California.

Custodian Signature ▷  Print name _____  Signed _____

---

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**

I, the undersigned, declare that I made true copies of all of the original records that were given to me by the Custodian of Records at the above named location. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  At _____  California

Print name _____  Signed _____

18:86    819-876-8861    US LEGAL SUPPORT    PAGE  13/26

v. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### WESTERN  DISTRICT OF  WASHINGTON

CONNECTU LLC

V.

FACEBOOK, INC., ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:04-CV-11923
USDC District of Massachusetts

T(): John Taves
1514 233rd Place, NE #1
Sammamish, Washington  98074

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 18, 2006, 1:00 p.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, WA | October 11, 2006, 9:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | September 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Theresa A. Sutton,  Counsel for Defendants Facebook, Zuckerberg, Moskovitz, McCollum, and Hughes    (Tel: 650.614.7400)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number

2002 © American  LegalNet, Inc.

US LEGAL SUPPORT

eral Rules of Civil Procedure, Parts C & D:

TION OF PERSONS SUBJECT TO SUBPOENAS.

party or an attorney responsible for the issuance and service of a ... shall take reasonable steps to avoid imposing undue burden or expense ... person subject to that subpoena. The court on behalf of which the subpoena ... issued shall enforce this duty and impose upon the party or attorney in breach ... this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

18:06    818-878-9851                US LEGAL SUPPORT              PAGE 23/25

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | |
| Plaintiffs, | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC., | |
| Defendants. | |
| MARK ZUCKERBERG, and FACEBOOK, INC., | |
| Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
| Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | |
| Additional Counterdefendants. | |

NOTICE OF SUBPOENA TO JOHN TAVES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure Defendant and Counterclaimant Facebook, Inc. will take, by oral

examination, the deposition of John Taves, which will commence on October 18, 2006, at 1:00

P.M. at the law offices of Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Seattle,

Washington, or at a time and place agreed upon by counsel. The deposition will continue from

-1-

NOTICE OF SUBPOENA TO JOHN TAVES

OHS West:260097035.1

day to day until completed. The testimony of Mr. Taves will be recorded by video, as well as stenographic means including the instant visual display of testimony. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Facebook will request that Mr. Taves produce the documents identified in Attachment A to the subpoena for inspection and copying at the same date, time and address listed in the subpoena. A true and correct copy of the subpoena is attached.

Dated:  September 26, 2006

Theresa A. Sutton (*Admitted Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:   (617) 526-9600
Facsimile:    (617) 526-9899

Attorneys for Mark Zuckerberg,
Dustin Moskovitz, Andrew McCollum,
Christopher Hughes, and Facebook, Inc.

NOTICE OF SUBPOENA TO JOHN TAVES

OHS West:260097835.1

10:36    818-878-9851              US LEGAL SUPPORT                        PAGE  25/26

## Attachment A

1.  All communications that refer to, relate to, or reflect the organization or
    membership of ConnectU LLC as of September 2, 2004, including all
    communications with any party representing ConnectU LLC or
    www.connectu.com which reflects worked performed for ConnectU LLC or the
    responsibilities of that party to ConnectU LLC.

2.  All communications that refer to Divya Narendra (including as a recipient of any
    such communication) and that summarize, describe, refer or relate to ConnectU
    LLC, www.connectu.com, or HarvardConnection.

3.  All communications between you and HarvardConnection; iMarc, LLC;
    ConnectU, LLC; ConnectU, Inc.; Cameron Winklevoss; Tyler Winklevoss;
    Howard Winklevoss; and/or Maria Antonelli.

4.  All communications that summarize, describe or refer to the formation and
    membership of ConnectU LLC or Harvard Connection.

5.  All handwritten notes, billing records, emails, electronic communications, or the
    like, which refer or relate to ConnectU LLC, www.connectu.com,
    www.facebook.com, and/or TheFacebook.

6.  All billing or similar records for worked performed for, on behalf of, or by,
    Harvard Connection, ConnectU LLC, and/or www.connectu.com, including the
    dates of such work.

7.  All communications that summarize the role of Winklevoss Consultants, Inc.
    Winklevoss Technologies, LLC or Winklevoss LLC, to the extent that such
    communications also concern Harvard Connection, ConnectU LLC or
    www.connectu.com.

10:05    818-878-9851          US LEGAL SUPPORT                    PAGE 20/20

# LEGAL SUPPORT
1 Las Virgenes Road, Suite 100, Calabasas, California 91302
ONE: (818) 878-9227  FAX:(818) 878-9851

00362462-04

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON: Connectu

D.O.B.:          S.S.N.:          LOCATION: John Taves

I being the duly authorized custodian of records and having the authority to certify the records,
declare the following:

**1. DESCRIPTION OF RECORDS PRODUCED:**   (Must select at least one)

___Medical    ___Billing    ___Radiological    ___Insurance    ___Employment

___Payroll    ___Academic    ___Other_____

The records were prepared by the personnel of the business in the ordinary course of business at
or near the time of the act, condition, or event.

**2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:**

___Medical    ___Billing    ___WCAB Recs    ___Insurance    ___Physical Therapy    ___Sign-in sheets

___Employment    ___Pathology reports/materials    ___Prescription/Pharmacy    ___Photographs

___Videotapes    ___Paramedic/Ambulance    ___Psychiatric    ___Payroll    ___Academic    ___Xrays

___Radiological    ___Other/Explanation_____

**3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:**   (Must select at least one)

___Data/Computer Generated    ___Typed/Hand Written Notes    ___Summary    ___Radiological

___Audio/Video    ___Pathological    ___Other_____

**4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:**   (Must select at least one)

___The produced records is a true copy of all the records described in the Deposition Subpoena,
Subpoena Duces Tecum or Authorization.

___Pursuant to Evidence Code Section 1560(e), the original records described in the
Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the
Attorney's representative for copying at the witness' place of business.

___The following records were omitted or could not be produced at this time for the following reason:
_____

**5. CERTIFICATION OF NO RECORDS:**   (Must Select at least one)

___A thorough search of our files, carried out under my direction revealed no documents,
records or other material called for in the Subpoena or Authorization.

___Existing records not within the time limitation set forth in the request.

___All records have been destroyed in accordance with our document retention policy.

___Other explanation:_____

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS,
declare that the foregoing is true and correct.

Date:_____  City_____  California.

Custodian
Signature  →    Print name_____    Signed_____

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**

I, the undersigned, declare that I made true copies of all of the original records that were given to me
by the Custodian of Records at the above named location. I declare under penalty of perjury that the
foregoing is true and correct.

Executed on_____  At_____  California

Print name_____    Signed_____

# U.S. LEGAL SUPPORT

Reference Number# 00362462-06

**DUE: 10/11/06**

| | | | |
|---|---|---|---|
| [X] **Calabasas**<br>4232-4 Las Virgenes Road<br>Calabasas, CA 91302<br>Phone: 818-878-3005<br>Fax: 818-878-9851 | [ ] **Pasadena**<br>127 N. Madison Ave., Suite 104<br>Pasadena, CA 91101<br>Phone: 626-397-9590<br>Fax: 626-397-9696 | [ ] **Santa Monica**<br>3231 Ocean Park, Suite 106<br>Santa Monica, CA 90405<br>Phone: 310-396-6414<br>Fax: 310-396-1764 | [ ] **Sacramento**<br>1550 Harbor Blvd., Suite 207<br>West Sacramento, CA 95691<br>Phone: 916-372-2250<br>Fax: 916-372-2077 |
| [ ] **San Diego**<br>1761 Hotel Circle South, Suite 230<br>San Diego, CA 92108<br>Phone: 619-295-3650<br>Fax: 619-295-3694 | [ ] **Inland Empire**<br>1420 E. Cooley Drive, Suite 102<br>Colton, CA 92324<br>Phone: 909-872-0787<br>Fax: 909-872-0882 | [ ] **Orange County**<br>1748 W. Katella Ave., Suite 209<br>Orange, CA 92867<br>Phone: 714-532-1900<br>Fax: 714-532-1011 | [ ] **San Francisco**<br>144 South Spring Ave.<br>So. San Francisco, CA 94080<br>Phone: 650-873-9191<br>Fax: 650-873-8081 |

## NOTICE TO PARTIES BEING SUBPOENAED

**TO THE CUSTODIAN OF RECORDS OF:**
    Pacific Northwest Software
    2210 177th Place NE
    Redmond, WA. 98052

**RECORDS REGARDING:**
    Connectu
    DOB:
    SSN:

**RECORDS SOUGHT:**
    Obtain all documents and records, including all communications that refer
    to, relate to, or reflect the organization or membership of ConnectU LLC,
    Divya Narendra, etc. SEE ATTACHMENT A AND B FOR DETAILS.
    1) Remember to sign the enclosed Declaration of Custodian of Records form.
    2) Please include our reference number, 00362462-06, on all correspondence.

You may satisfy the provisions of this subpoena by complying with any one of the following instructions:

1) Allow U.S. LEGAL SUPPORT to photocopy the requested records.

2) Appear at the scheduled time and place, bringing with you the originals of all of the records described in the subpoena.

3) Mail your response to our attention, taking the following steps:

   a. Copy the requested records (or duplicate the requested items or materials), if no such records or materials, go to step c.
   b. **Contact U.S. LEGAL SUPPORT prior to sending the records if there are any additional fees for producing the records or materials.**
   c. Complete the declaration form (the last page in the subpoena packet sent to you) to indicate the records and/or items being sent, or to indicate that you have none of the records and/or items requested if they do not exist.
   d. Mail records to the field office whose address is checked off at the top of this notice. Please make sure to include our reference number (found in the upper right hand corner of this notice) on all correspondence you send.

WHEN THE AFOREMENTIONED RECORDS ARE AVAILABLE TO BE COPIED, PLEASE CONTACT THE OFFICE INDICATED ABOVE.

IF YOU HAVE ANY QUESTIONS REGARDING THE ATTACHED SUBPOENA OR HOW TO RESPOND, PLEASE FEEL FREE TO GIVE US A CALL.

Reference Number# 00362462-06    DUE: 10/11/06

005  10:05   915-670-9051   US LEGAL SUPPORT   PAGE  01/28

§ 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2003 © Association Legalinet, Inc.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOWITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, THE FACEBOOK, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 2004-11923 DPW |
| MARK ZUCKERBERG, THE FACEBOOK, INC. <br><br> Plaintiff-in-Counterclaim, <br><br> v. <br><br> CONNECTU LLC, <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, <br><br> Additional Defendants-in-Counterclaim. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## AFFIDAVIT OF JOHN TAVES IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM

I, John Taves, hereby declare and state the following under oath:

1.  I am the principal owner, director and officer of Pacific Northwest Software, Inc. ("PNWS"). I am an authorized records custodian of Pacific Northwest Software, Inc. I make this declaration based upon personal knowledge.

2.  I was served with a subpoena duces tecum by Facebook for the production of documents relating to my former customer, ConnectU, LLC in *ConnectU v. Facebook, Inc., et al.*, Cause Number 1:04-CV-11923, USDC District of Massachusetts on or about September 28, 2006. *See* Exhibit A.

3.  PNWS offers custom software and web development for companies. PNWS performed development services for ConnectU, LLC from December 2004 through June 2006.

4.  I executed records custodian affidavits as to requests 1, 2 and 4 of the subpoena duces tecum. After searching the files and back-up server for PNWS, no responsive documents were located. *See* Exhibit C.

5.  PNWS did not start working for ConnectU until late December 2004.

6.  The communications that Facebook seeks in the subpoena duces tecum include all communications that PNWS had with ConnectU, without any date restriction. There are over 500 documents that were pulled from the server that may include communications involving ConnectU. These communications involve confidential, proprietary matters. The requests are overbroad in that they also seek documents that while they reference ConnectU, also include confidential, proprietary information regarding some of PNWS's other clients. These documents include materials that would disclose PNWS marketing strategies, business strategies and other financial and business information. Such information would need to be redacted prior to disclosure.

7. Facebook also seeks billing records and invoices regarding ConnectU. Payment was handled through wire transfers and would include the disclosure of confidential financial information of both ConnectU and PNWS.

The foregoing declaration is made and signed under the penalties of perjury of the laws of the state of Massachusetts, and signed at Redmond, Washington, on October 19, 2006.

John Taves

# EXHIBIT  C

16:26    818-878-9851    US LEGAL SUPPORT    PAGE 25/28

## LEGAL SUPPORT

1 Las Virgenes Road, Suite 100, Calabasas, California 91302
NE: (818) 878-9227  FAX:(818) 878-9851                    00362462-04

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON: Connachu
D.O.B.:            S.S.N.:            LOCATION: John Tave
I being the duly authorized custodian of records and having the authority to certify the records,
declare the following:

**1. DESCRIPTION OF RECORDS PRODUCED:** (Must select at least one)

___ Medical  ___ Billing  ___ Radiological  ___ Insurance  ___ Employment

___ Payroll  ___ Academic  ___ Other

The records were prepared by the personnel of the business in the ordinary course of business at
or near the time of the act, condition, or event.

**2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:**

___ Medical  ___ Billing  ___ WCAB Recs  ___ Insurance  ___ Physical Therapy  ___ Sign-in sheets

___ Employment  ___ Pathology reports/materials  ___ Prescription/Pharmacy  ___ Photographs

___ Videotapes  ___ Paramedic/Ambulance  ___ Psychiatric  ___ Payroll  ___ Xrays

___ Radiological  _X_ Other/Explanation  records relating to Requests 1, 2 and 4 on Attachment A

**3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:** (Must select at least one)

___ Data/Computer Generated  ___ Typed/Hand Written Notes  ___ Summary  ___ Radiological

___ Audio/Video  ___ Pathological  ___ Other

**4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:** (Must select at least one)

___ The produced records is a true copy of all the records described in the Deposition Subpoena,
Subpoena Duces Tecum or Authorization.

___ Pursuant to Evidence Code Section 1560(e), the original records described in the
Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the
Attorney's representative for copying at the witness' place of business.

_X_ The following records were omitted or could not be produced at this time for the following reason:
Records relating to Requests 3, 5, 6 and 7 - see separate objection; a motion for protective

**5. CERTIFICATION OF NO RECORDS:** (Must Select at least one)    order will be filed

_X_ A thorough search of our files, carried out under my direction revealed no documents,
records or other material called for in the Subpoena or Authorization. (Relating to Requests 1, 2 and 4)

___ Existing records not within the time limitation set forth in the request.

___ All records have been destroyed in accordance with our document retention policy

___ Other explanation: _____

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS,
declare that the foregoing is true and correct.

Date: 10/17/06    City: Redmond    Washington XXXXXXX

Custodian Signature ———>  Print name: JOHN TAVE  Signed: [signature]

---

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**
I, the undersigned, declare that I made true copies of all of the original records that were given to me
by the Custodian of Records at the above named location. I declare under penalty of perjury that the
foregoing is true and correct.

Executed on _____  At _____  California

Print name _____  Signed _____

2006  10:06    810-070-9951    US LEGAL SUPPORT    PAGE  16/25

## .S. LEGAL SUPPORT
4232-1 Las Virgenes Road, Suite 100, Calabasas, California 91302
PHONE: (818) 878-9227 FAX:(818) 878-9951

00362462-08

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON:  Connectu
D.O.B.:            S.S.N.:        LOCATION: Pacific Northwest Software
I being the duly authorized custodian of records and having the authority to certify the records,
declare the following:

### 1. DESCRIPTION OF RECORDS PRODUCED:  (Must select at least one)

___ Medical   ___ Billing   ___ Radiological   ___ Insurance   ___ Employment

___ Payroll   ___ Academic   ___ Other

The records were prepared by the personnel of the business in the ordinary course of business at
or near the time of the act, condition, or event.

### 2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:

___ Medical   ___ Billing   ___ WCAB Recs   ___ Insurance   ___ Physical Therapy   ___ Sign-in sheets

___ Employment   ___ Pathology reports/materials   ___ Prescription/Pharmacy   ___ Photographs

___ Videotapes   ___ Paramedic/Ambulance   ___ Psychiatric   ___ Payroll   ___ Academic   ___ Xrays

___ Radiological   _X_ Other/Explanation  records relating to Requests 1, 2 and 4 on Attachment A

### 3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:   (Must select at least one)

___ Data/Computer Generated   ___ Typed/Hand Written Notes   ___ Summary   ___ Radiological

___ Audio/Video   ___ Pathological   ___ Other

### 4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:   (Must select at least one)

___ The produced records is a true copy of all the records described in the Deposition Subpoena,
Subpoena Duces Tecum or Authorization.

___ Pursuant to Evidence Code Section 1560(e), the original records described in the
Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the
Attorney's representative for copying at the witness' place of business.

_X_ The following records were omitted or could not be produced at this time for the following reason:
Records relating to Requests 3, 5, 6 and 7 - see separate objection; a motion for protective
order will be filed

### 5. CERTIFICATION OF NO RECORDS:   (Must select at least one)

_X_ A thorough search of our files, carried out under my direction revealed no documents,
records or other material called for in the Subpoena or Authorization. (Relating to Requests 1, 2 and 4)

___ Existing records not within the time limitation set forth in the request.

___ All records have been destroyed in accordance with our document retention policy.

___ Other explanation:

Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS,
declare that the foregoing is true and correct.

Date:  10/17/06        City:  Redmond        Washington XXXXXX

Custodian
Signature ➤

Print name  JOHN TAVES        Signed _____

---

(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER
I, the undersigned, declare that I made true copies of all of the original records that were given to me
by the Custodian of Records at the above named location. I declare under penalty of perjury that the
foregoing is true and correct.

Executed on _____    At _____    California

Print name _____    Signed _____