**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>      Defendants. | CIVIL NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' PRE-HEARING STATEMENT
REGARDING GENERAL PARTNERSHIP LAW, CONVERSION TO A
LIMITED LIABILITY COMPANY, AND DETERMINATION OF MEMBERSHIP**

I.  **INTRODUCTION**

The Facebook Defendants respectfully submit this Pre-Hearing Statement of Law to assist the Court on the matter of whether Divya Narendra was a member of ConnectU LLC as of September 2, 2004, and in particular, on the following: 1) general partnership law 2) conversion to a limited liability company, and 3) determination of membership

As Mr. Narendra never ended his affiliation with Tyler and Cameron Winklevoss and always expected a proportional share of his contribution to ConnectU (formerly known as Harvard Connection), he was a member of ConnectU LLC at the time of filing of this lawsuit. Under the laws of Massachusetts, HarvardConnection.com started as a general partnership. The existing partnership was converted to a limited liability company ("LLC"). The principals of the partnership received membership interests in ConnectU LLC in exchange for an assignment of all rights, title, and interests each had vested in the partnership.

Under the Delaware LLC Act and recent Delaware case law, Mr. Narendra was a member of ConnectU LLC at its formation. In Delaware, substance over form is the proper guide to determine membership. Mr. Narendra had a proportional share of the partnership before it became an LLC. Mr. Narendra participated by contributing time and money to the ConnectU business. Mr. Narendra is identified as a Member of ConnectU LLC in the records of the company as reflected in the backdated operating agreement effective April 6, 2004, and ConnectU LLC's 2004 tax returns. Moreover, where a comprehensive, unambiguous operating agreement exists to define membership, a certificate of formation is immaterial to the determination of membership. Indeed, Delaware courts have held that the certificate of formation is of little evidentiary weight to determine membership. *See, e.g., In Re Grupo Dos Chiles, LLC,* 2006 Del. Ch. Lexis 54, *12 (Del. Ch. Mar. 10, 2006) (attached as Exhibit A).

## II.  GENERAL PARTNERSHIP LAW AND STATUTES ON THE CONVERSION TO A LIMITED LIABILITY COMPANY

### A.  General Partnership Formation

Mr. Narendra, Cameron Winklevoss and Tyler Winklevoss formed a partnership under Massachusetts law. Under Massachusetts common law (which follows the Uniform Partnership Act), a partnership is defined as a voluntary association, which need not be written, of two or more persons who jointly own and carry on a business for profit. *M.G.L. c. 108A, § 6; Commonwealth v. Campbell,* 415 Mass. 697, 699 (Mass. 1993). Under the Uniform Partnership Act, a partnership is *presumed* to exist if the persons agree to share proportionally the business' profits or losses. In this case, Mr. Narendra, Cameron Winklevoss and Tyler Winklevoss formed HarvardConnection, later known as ConnectU, to attempt to found a business for profit and own it jointly.

### B.  Partnership Dissolution

No evidence exists that the partnership between Mr. Narendra, Cameron Winklevoss, or Tyler Winklevoss was dissolved before the LCC was formed. Pursuant to Massachusetts General Law ch. 108A, § 31, a partner may "dissolve" a partnership at any time by express will of the partner. *Meehan v Shaughnessy,* 404 Mass. 419 (1989). "Dissolution" means a change in the relation of the partners caused by one partner ceasing to be associated in conducting the business of the firm. *State Street Trust Co. v Hall,* 311 Mass. 299 (1942). Although there is no formal notice of dissolution, actions of a partner are a sufficient expression of will to dissolve the partnership under § 31. *Infusaid Corp. v. Intermedics Infusaid, Inc.,* 739 F.2d 661, 668 (1st Cir. 1984). In this case, Mr. Narendra always stayed involved in the venture pursued by him, Tyler Winklevoss and Cameron Winklevoss. There is no evidence of any action being taken by any of the three principals to dissolve the partnership.

The sole issue they dealt with was the partners felt Mr. Narendra's contribution would be less than the two Winklevoss brothers. This reduced role did not terminate him as a partner, but rather reduced the percentage of his membership/partnership interest.

### C. Partnership Conversion to a Limited Liability Company

A partnership can be converted to an LLC by any of the following means: (1) the partners contributing their partnership interests to the LLC in exchange for LLC membership interests and subsequently liquidating the partnership; (2) the partnership transferring its assets to the LLC in exchange for LLC membership interests and distributing of LLC membership interests to its partners; (3) liquidating the partnership and having the partners contribute the assets of the partnership to the LLC in exchange for membership interests; or (4) in a state such as Delaware with a "formless" conversion statute, by filing a certificate of conversion. *Thomas A. Humphreys, Limited Liability Companies & Limited Liability Partnerships,* §503[2][a].

If ConnectU's premise that it had all the rights necessary to pursue its claims at the time of filing is accepted as true, Narendra continued as a partner in the partnership up until the time the LLC was formed, and his interest automatically converted into a membership interest in exchange for his transferring his rights in the partnership. ConnectU's operating agreement memorializes the parties' intent that the general partnership assets would be transferred for membership interests in the LLC in paragraph 13.5:

> Each member hereby acknowledges and represents that to the extent he contributed to the concept, design, development, execution, and/ or operation of the website that was originally known as Harvard Connection, and/ or…ConnectU.com, either before or after the incorporation of the Company, it is each Members intent that all rights, title, and interest …shall be exclusively owned by the Company…[E]ach Member, on his own behalf and on behalf of the unincorporated proprietorship known as Harvard Connection and the unincorporated proprietorship known as ConnectU, hereby irrevocably transfers, assigns, and releases, and quitclaims to the Company, nunc pro tunc to the date of incorporation of the Company, all right, title, and interest in and to…Intellectual Property covering ideas, designs, computer programs…and other contributions

-3-

made by each Member to the website that was originally to be known as Harvard Connection, and to the website that became known as ConnectU.com….

### D.    Statutes Regarding Conversion to a Limited Liability Company

Although ConnectU has not identified any certificate of conversion, Delaware and Massachusetts statutes on the conversion of a general partnership to a limited liability company (when a certificate of conversion is filed) are also instructive on the matter of whether Mr. Narendra was a member of ConnectU LLC.  Delaware and Massachusetts law confirms that only the entity type changes upon conversion, but nothing else about the character of the entity changes.

#### 1.    Delaware Statute on Conversion to Limited Liability Company: 6 Del. Chapter § 18-214

In a "formless" conversion, the successor limited liability company is a continuation of the prior entity for all purposes under Delaware law and nothing else changes.  In pertinent part, Chapter 6 of the Delaware Code § 18-214, subsection (g) provides that:

> When another entity has been converted to a limited liability company pursuant to this section, for all purposes of the laws of the State of Delaware, the limited liability company shall be *deemed to be the same entity* as the converting other entity and the conversion shall constitute a continuation of the existence of the converting other entity in the form of a domestic limited liability company.

*6 Del. C. § 18-214(g)* (emphasis added).

#### 2.    Massachusetts Statute on Conversion to Limited Liability Company: Mass. General Law Chap. 156C § 69

Like the Delaware statute, under the Massachusetts conversion statute, a general partnership that has been converted to a limited liability company shall be deemed for all purposes the same entity that existed before the conversion.  Pursuant to Massachusetts General Law 156C § 69 subsection (g):

> [w]hen a conversion becomes effective under this section, for all purposes of the laws of the commonwealth, all of the rights, privileges and powers of the other

business entity that has converted and all property, real, personal and mixed, and all debts due to such other entity, as well as all other things and causes of action belonging to such other entity, shall be vested in the domestic limited liability company and shall thereafter be the property of the domestic limited liability company as they were of such other entity...[A]ll debts, liabilities and duties of such other entity shall then attach to the domestic limited liability company and may be enforced against it to the same extent as if the debts, liabilities and duties had been incurred or contracted by it.

### III. LEGAL AUTHORITY REGARDING DETERMINATION OF MEMBERSHIP TO A LIMITED LIABILITY COMPANY

#### A. Delaware Limited Liability Company Act, Ch. 6, Section 18-301

Mr. Narendra was a member of ConnectU LLC at the time of filing as a matter of law because of his statements in the operating agreement. In order to form a limited liability company, one or more authorized persons must execute a Certificate of Formation which is filed with the Delaware Secretary of State. *6 Del. C. § 18-201.* A limited liability company agreement may be entered into either before, after or at the time of the filing of a certificate of formation and, *whether entered …after* or at the time of such filing, *may be made effective as of the formation of the limited liability company ...as provided in the limited liability company agreement. 6 Del. C. § 18-201(d)* (emphasis added).

As Mr. Narendra backdated the agreement to the date of formation of ConnectU LLC, he should be bound to that statement for jurisdictional purposes as well.

#### B. The Course of Dealing Amongst the Parties is Equally Important to the Determination of Membership in a Delaware Limited Liability Company

The course of dealing and underlying facts, as will be presented at the October 24, 2006 hearing, also show that Mr. Narendra was a member. Determination of membership status to a limited liability company is based upon the underlying facts and course of dealing among the parties. *In Re Grupo Dos Chiles, LLC,* 2006 Del. Ch. Lexis 54, *7 (Del. Ch. Mar. 10, 2006)

(attached as Exhibit A). The Court must examine the issue of membership based on the formalities in light of the facts and evidence of the parties' intentions. *Id.*

A certificate of formation filed pursuant to the Delaware LLC Act "is a relatively brief and formal document that is the first statutory step in creating the LLC as a separate entity." *Id.* at *8; *see also*, *Elf Atochem N. Am., Inc. v. Jaffari*, 727 A.2d 286, 288 (Del. 1999). The Delaware LLC Act contemplates that the certificate does not contain a comprehensive agreement among the parties and is immaterial to the determination of membership where a comprehensive operating agreement accurately reflects the true intentions of the parties. *Id.* at *8-9. Therefore, the terms of an inclusive operating agreement provide the standards by which a member is admitted. *Id.* at *8-9. See also *Radding v. Freedom Choice Mortg., LLC*, 76 Conn. App. 366 (Conn. App. Ct. 2003). In relevant part, the *Radding* court held that:

> The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. . . . The words used by the parties must be accorded their common meaning and usage where they can be sensibly applied to the subject matter of the contract. . . . The construction of a contract cannot be varied because of inconvenience to the parties. . . . The intent expressed by the parties must be given effect.

*Id.* at 370-71.

The Court may look to documentary evidence beyond the operating agreement to determine a party's intent to be a member of an LLC. *In Re Grupo Dos Chiles, LLC,* 2006 Del. Ch. Lexis 54, *10. Loan documents, credit applications, agreements, and other communications with third parties identifying the parties as "owners," "managers" or "members" is dispositive of the true intent of the parties regarding the issue of membership status in an LLC. *Id.* at *10-12. Under the clear weight of the evidence presented by the comprehensive operating agreement and other documentary evidence, the *Grupo* court held that the later executed operating agreement

-6-

superseded the earlier filed certificate of formation -- finding the "managing partners" who were parties to the agreement "members" at all times relevant to the action. *Id.* at *12.

## IV. CONCLUSION

ConnectU LLC's assertion that Divya Narendra was not a member as of the filing of the lawsuit -- September 2, 2004 -- goes against the clear weight of the evidence in this case and is an attempt to manufacture jurisdiction where none existed. Accordingly, this case should be dismissed for lack of subject matter jurisdiction in a diversity case.

Dated: October 23, 2006.                        Respectfully submitted,

                                                /s/ Jeremy P. Oczek /s/
                                                G. Hopkins Guy, III*
                                                I. Neel Chatterjee*
                                                Monte M.F. Cooper*
                                                Robert D. Nagel*
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                1000 Marsh Road
                                                Menlo Park, CA  94025
                                                Telephone:  (650) 614-7400
                                                Facsimile:   (650) 614-7401
                                                hopguy@orrick.com
                                                nchatterjee@orrick.com
                                                mcooper@orrick.com
                                                rnagel@orrick.com

                                                Steve M. Bauer
                                                Jeremy P. Oczek
                                                PROSKAUER ROSE, LLP
                                                One International Plaza, 14th Floor
                                                Boston, MA 02110-2600
                                                Telephone:    (617) 526-9600
                                                Facsimile:     (617) 526-9899
                                                sbauer@proskauer.com
                                                joczek@proskauer.com

                                                ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.

                                                * Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

     I hereby certify that this documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 23, 2006.

Dated: October 23, 2006.                     Respectfully submitted,

                                                         /s/ Jeremy P. Oczek /s/
                                                           Jeremy P. Oczek