IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' OPPOSITION TO MOTION TO STRIKE ADMISSIONS**

I.  **INTRODUCTION**

ConnectU LLC seeks exclusion certain responses to Requests for Admission made by Divya Narendra, in *Facebook, Inc. v. ConnectU, LLC*, Case No. 1:05-CV-047381 (California Superior Court).  Mr. Narendra's responses to the Facebook Defendants' Requests for Admission are admissible for several reasons:

- Mr. Narendra's statement in response to Facebook's RFAs that he was a member of ConnectU is not an admission, but is instead a response entitled to evidentiary consideration;

- Counsel for ConnectU waived its right to object to the admissibility of this evidence when he opened the door during re-direct at the hearing;

- Mr. Narendra's statement is a prior inconsistent statement under Rule 613; and

- Mr. Narendra's statements are admissible as evidence relevant to Mr. Narendra's credibility in this action.

For these reasons, ConnectU's motion must be denied.

II.  **ARGUMENT**

The Court has requested guidance as to the meaning of the "for any other purpose" language set forth in Rule 36(b) of the Federal Rules of Civil Procedure and Section 2033.410 of the California Code of Civil Procedure.  This language does not serve as a total proscription on admissibility.  Rather, it merely requires that the Court not bind a party to this statement.

A.  **The Phrases "For Any Other Purpose" and "In Any Manner Against That Party In Any Other Proceeding" Apply Only to Unqualified *Admissions* Made in Response to a Request for Admission**

Mr. Narendra's statement that he was a member is not an admission responsive to any of Facebook's Requests for Admission, and it is, therefore, admissible.  Mr. Narendra was never asked to admit he was a member.  Rather, he volunteered this information gratuitously.  In doing so, he *denied* he was acting in his individual capacity.

-1-

Section 2033.410 of the California Code of Civil Procedure reads, in relevant part,:

> … any admission made by a party under this section is binding only on that party and is made for the purpose of the pending action only. [The admission] is not an admission by that party for any other purpose, and [the admission] shall not be used in any manner against that party in any other proceeding.

Cal. Code Civ. Proc. § 2033.410(b) (bracketed language added]. Section 2033.410(b)'s proscription applies only to the use and binding effect of an unqualified admission made in response to RFAs. *Shepard & Morgan v. Lee & Daniel, Inc.*, 31 Cal.3d 256, 259 (2006) (section 2033.410 "restricts the use of *admissions*, as emphasized, to 'the pending action'") (emphasis added); *see also Coca-Cola Bottling Co. v. Coca-Cola Co.*, 988 F.2d 414, 425-26 (3d Cir. 1993) (holding that responses to requests for admissions submitted under Rule 36 in an earlier case about scope of contract with bottlers was properly considered by the court as evidence in a subsequent case when limited to specific syrups mentioned in those admissions, hence were only evidence that contracts covered artificially sweetened syrup not mentioned in them.) The part of Mr. Narendra's responses at issue here was not an admission at all; Mr. Narendra's statement that he acted as a member was added to explain his denial that he acted in his individual capacity when performing the acts admitted. Section 2033 contains no proscription against use of denials in separate matters. *See, e.g., Roberts v. Calhoun*, 2003 Cal. App. Unpub. LEXIS 5507.[1]

Facebook's Requests for Admissions propounded in the California action sought a series of admissions relating to Mr. Narendra's unauthorized access to Facebook's website and user information. *Declaration of I. Neel Chatterjee in Support of Facebook Defendants' Opposition to Motion to Strike Admissions* ("*Chatterjee Decl.*"), Ex. A. For example, Facebook's RFA No. 2 asked Mr. Narendra to:

---

[1] Although *Roberts* is unpublished and may not be cited as precedent, it is the only California opinion to address this issue and is, therefore, instructive.

> Admit that YOU have accessed THE FACEBOOK website for the purpose of acquiring email addresses previously registered with THEFACEBOOK.

*Id.*, 3:15-16. This RFA (and many others like it) sought no information whatsoever related to Mr. Narendra's membership in ConnectU LLC. But, in order to evade the California court's jurisdiction over him, Mr. Narendra denied his individual role in the unlawful behavior by claiming to have acted on behalf of ConnectU LLC at the time he accessed Facebook's website (which occurred in the Spring and early Summer of 2004). *Id.*, Ex. B. Specifically, in response to RFA No. 2 (and many others like it) Mr. Narendra wrote:

> Responding party admits visiting FACEBOOK's website but only in his capacity as a member of ConnectU. Regarding the remainder of the Request [for Admission], see ConnectU's Response to Request [for Admission] No. 2.

*Id.*, 1:11-13 (bracketed language added). The only part of his response that is an admission in response to the RFA is that he visited the website. The remaining information (*i.e.*, that he visited "only in his capacity as a member of ConnectU LLC") is an unequivocal denial that he acted in his individual capacity. Consequently, Mr. Narendra's sworn statement that he was a member of ConnectU LLC is not an admission for purposes of Rule 36(b) and Section 2033.410, and its admission would not violate the "for any other purpose" or "in any manner against that party in any other proceeding" provisions therein. Mr. Narendra's RFA responses, therefore, should be admitted in this proceeding.

    **B.**    **Mr. Narendra's Statements Are Admissible Evidentiary Admissions**

Mr. Narendra's assertion in the current litigation that he was not a member of ConnectU LLC during the relevant time period directly contradicts his sworn statements in the California action. Statements made in response to RFAs by Mr. Narendra in California are admissible evidence and should be taken into consideration by the Court in determining the appropriateness

of diversity jurisdiction in the present case. *Trull v. Volkswagen of America*, 187 F.3d 88, 99 (1st Cir. 1999) (factual statements made by a party opponent in a separate proceeding are admissible if they are inconsistent to a factual position taken by the same party in a later case); se*e Fidelity & Deposit Co. of Md. v. Hudson United Bank*, 653 F.2d 766, 777 (3d Cir. 1981). ConnectU seeks to avoid this inconsistency by incorrectly arguing that Federal Rule of Civil Procedure 36(b) precludes the use of the judicial admission. ConnectU's reading of the law is incorrect.

In the present case, Mr. Narendra's statements from the California action are admissible as evidentiary admissions, more specifically as statements against interest. *See Trull*, 187 F.3d at 99. The admission of the statements as evidentiary admissions differs from their use as judicial admissions in the California proceedings. In the California action, the statements will be considered binding on the parties involved. *See Fidelity & Deposit Co. of Maryland*, 653 F.2d 766, 777 (3rd Cir. 1981). For purposes of the hearing before this Court, the admissions cannot be considered judicial admissions because a judicial admission binds only in the litigation in which it is made. *Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 F. Supp. 2d 1355, 1361 (S.D.Ga. 2000). Instead, like pleadings, a Rule 36 "judicial admission" can be admitted as an "evidentiary admission" in this proceeding. *See Kohler v. Hindman*, 80 F.3d 1181, 1185 (7th Cir. 1996) (stating that a statement made in an answer to a request for admissions in one case may be used as evidence in another). As evidentiary admissions, either party may present evidence to support or refute the conclusions drawn from Mr. Narendra's earlier statements. *See Keller v. U.S.*, 58 F.3d 1194, 1199 (7th Cir. 1995).

C.     **Mr. Narendra's Sworn Statements Are Admissible Under Rule 613**

A witness' credibility may be attacked by evidence showing the witness made a prior statement inconsistent with his or her present testimony. *See* Fed. R. Civ. P 613; *United States v. Buffalo*, 358 F.3d 519, 522 (8th Cir. 2004). A prior statement is inconsistent if it was different

-4-

from the testimony of the witness whom it sought to contradict. *United States v. Barile*, 286 F.3d 749, 755 (4th Cir. 2002). When offered for impeachment under Rule 613(b), the inconsistent statement serves only to show the discrepancy (thus calling the declarant's credibility into question) and "not to demonstrate which of the two is true." *Udemba v. Nicoli*, 237 F.3d 8, 18 (1st Cir. 2001). Mr. Narendra's responses to RFAs in the California action are prior sworn statements (as California requires sworn verifications with requests for admission), inconsistent with Mr. Narendra's current position on his status as a member on September 2, 2004.[2] As a result, the admissions are probative of Mr. Narendra's credibility and should be considered by the Court.

### D. ConnectU Waived its Objections to the Admissibility of This Evidence

ConnectU waived any objections to the admissibility of Mr. Narendra's responses it may have asserted under Federal Rule 36(b) and/or California's Code of Civil Procedure Section 2033.410. The restriction under these rules precluding the use of "admissions" in other proceedings is with regard to responses; there is no restriction on the use of the Requests for Admission. The Facebook Defendants' cross examination of Mr. Narendra was limited to Mr. Narendra's recollection of Facebook's Requests, not Mr. Narendra's responses. In fact, counsel for the Facebook Defendants did not question Mr. Narendra on cross-examination about his specific responses to the Requests for Admission. Instead, on redirect examination, ConnectU's counsel opened the door to the admissibility of Mr. Narendra's responses to the RFAs by inquiring into their preparation and Mr. Narendra's verification of them. At that point, ConnectU's objections to the admissibility of Mr. Narendra's responses were waived. And, counsel for the Facebook Defendants' appropriately followed up on ConnectU's inquiry.

---

[2] Pursuant to Cal. Evid. Code § 1235, Mr. Narendra's interrogatory responses also are prior inconsistent statements for use as impeachment.

*Macaulay v. Anas*, 321 F.3d 45, 54 (1st Cir. 2003) (Cross-examiners must be given reasonable latitude to delve into areas related to a witness's direct examination); *Willco Kuwait (Trading) S.A.K. v. De Savary*, 843 F.2d 618, 625 (1st Cir. 1988) ("The opponent whose questions call in advance for obviously inadmissible evidence has thereby waived objection to the answer, and he cannot object if the other party subsequently makes use of the very evidence that he has elicited.")

### E.   The Cases Cited by ConnectU Are Inapposite

ConnectU's cited authority is not on point and is, therefore, irrelevant to the issue before the Court.  First, and foremost, the statement at issue in these proceedings is not an admission by any definition.  Not one of the cases cited by ConnectU supports the notion that a denial may not be used purposes in another proceeding.   They only suggest that the admissions cannot be accepted as binding admissions.  The *Shepard & Morgan* court, noting that no other opinion has construed Cal. Code Civ. Proc. Section 2033.410, found that the "section specifically restricts the use of *admissions*, as emphasized, to 'the pending action,'" *Shepard & Morgan*, 31 Cal.3d at 259 (emphasis added).  The court also noted that there were other reasons for not permitting the use of the subject admissions in a separate action.  Those reasons are not present here.  The *Shepard* court found that where a defendant had served an *unqualified* admission, it seemed

> unfair and improper to hold that [the defendant's] response to *plaintiff* should bar further litigation against [a third party].   By its very terms, [the defendant's] response only admits to plaintiff its *contention* regarding causation.   The response should not be construed as admitting any underlying fact common to both the complaint and cross-complaint.

*Id.*, at 260 (emphasis in original).  The court went on to say that "no compelling reason exists for requiring [the defendant] to elect at its peril, and before trial, among possible alternative theories of causation." *Id.*  This case is very different factually.  First, and perhaps most importantly,

-6-

Mr. Narendra's responses were qualified — in essence, they were part admission, part denial. The *Shepard* court (relying on the express statutory language) determined only that use of *admissions* are precluded from use in a separate action. Second, the *Shepard* plaintiff sought to use the admission against a third party. There is no similar fact in this case. Third, Mr. Narendra made sworn, factual statements common to both matters. In this case, it would be unfair and improper to forbid the admission of the facts in Mr. Narendra's sworn statement.

*Smith v. Super. Ct.*, 110 Cal. App. 3d 422 (1980) also is inapplicable. The *Smith* court noted that, generally, admissions made in response to RFAs may not be used in a separate action, but acknowledged that the underlying facts in the admissions would constitute admissible evidence. *Id.*, at 425. The court found persuasive the petitioner's argument that "the compelled disclosure could serve as a 'link in a chain' of evidence tending to establish guilt of a criminal offense." The same logic applies here. Mr. Narendra declared under penalty of perjury that he was a member of ConnectU LLC at the relevant times. Given the plethora of evidence that corroborates this fact, the idea that further supporting evidence should be ignored because it is part of a discovery response, should be rejected. The fact that Mr. Narendra acted in his capacity as a member of ConnectU LLC at the relevant times tends to establish that he also was a member at the time the original complaint was filed in this action.

Plaintiff's reliance on *Kolar, Inc. v. United States*, 650 F.2d 256 (Ct. Cl. 1981) also is incorrect. In *Kolar*, the court found that, based on Rule 36(b), admissions in the District Court were not *binding* in the Court of Claims. *Id.*, at 263. The court went on to say that the admissions did not support the proponent's argument nor did they disclose any significant admissions of fact contrary to the position taken by the defendant in *Kolar*. *Id.* Unlike *Kolar*, the statements at issue here wholly support the Facebook Defendants' argument that

OHS West:260116131.2

Mr. Narendra was a member of ConnectU at all relevant times, and they disclose significant factual assertions contrary to the position taken by Mr. Narendra in this action.  Moreover, the Facebook Defendants are not asking the Court to make these sworn statements binding on ConnectU in this matter, but rather seek to introduce them solely to provide a complete record of the evidence relating to Mr. Narendra's credibility.

### III.    CONCLUSION

For the foregoing reasons, ConnectU's Motion to Strike Admissions should be denied.

Dated:  October 27, 2006.               Respectfully submitted,

                                        /s/ I. Neel Chatterjee /s/
                                        ─────────────────────────────
                                        G. Hopkins Guy, III*
                                        I. Neel Chatterjee*
                                        Monte M.F. Cooper*
                                        Theresa A. Sutton*
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        1000 Marsh Road
                                        Menlo Park, CA  94025
                                        Telephone:  (650) 614-7400
                                        Facsimile:  (650) 614-7401

                                        Steve M. Bauer
                                        Jeremy P. Oczek
                                        PROSKAUER ROSE, LLP
                                        One International Plaza, 14th Floor
                                        Boston, MA 02110-2600
                                        Telephone:    (617) 526-9600
                                        Facsimile:    (617) 526-9899

                                        ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.

                                        * Admitted Pro Hac Vice

-8-

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 27, 2006.

Dated:  October 27, 2006.                        Respectfully submitted,

                                                                     /s/ I. Neel Chatterjee /s/
                                                                         I. Neel Chatterjee