# EXHIBIT A

1  G. HOPKINS GUY, III (STATE BAR NO. 124811)
   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2  MONTE COOPER (STATE BAR NO. 196746)
   JOSHUA H. WALKER (STATE BAR NO. 224940)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Plaintiff
   THEFACEBOOK, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10

11 THEFACEBOOK, INC.,                    CASE NO.  1:05-CV-047381

12            Plaintiff,               **THE FACEBOOK, INC.'S FIRST SET
                                       OF REQUESTS FOR ADMISSION
13      v.                             DIRECTED TO DEFENDANT DIVYA
                                       NARENDRA (C.C.P. § 2033)**
14 CONNECTU LLC, CAMERON
   WINKLEVOSS, TYLER WINKLEVOSS,
15 HOWARD WINKLEVOSS, DIVYA
   NARENDRA, AND DOES 1-25,
16
            Defendants.
17

18

19
       **PROPOUNDING PARTY**: DIVYA NARENDRA
20
       **RESPONDING PARTY**:    CONNECTU LLC,
21
       **SET NO**:              ONE
22

23
            YOU ARE HEREBY REQUESTED, pursuant to Code of Civil Procedure section
24
   2033, to answer the following requests for admission separately and fully, in writing, and under
25
   penalty of perjury, within thirty (30) days after service.
26
                    **DEFINITIONS AND INSTRUCTIONS**
27
       1.      "IDENTIFY," when used with respect to a natural person, means state the name,
28

1    current telephone number and current home or business address of the person(s).  If current

2    information is not available, please provide the last available information regarding the person(s).

3        2.    "IDENTIFY," when used with respect to any other person, means state the name,

4    place and date of incorporation or organization, principal place of business, and the identity of all

5    natural persons having knowledge of the matter with respect to which it is named in an answer to

6    an interrogatory.

7        3.    "PERSON", "PERSONS" mean both natural persons and legal entities, including,

8    without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships,

9    associations, and governmental bodies or agencies.  Unless noted otherwise, references to any

10   person, entity or party herein include its, his, or her agents, attorneys, employees, employers,

11   officers, directors, or others acting on or purporting to act on behalf of said person, entity, or

12   party.

13       4.    "THEFACEBOOK" means, without limitation, TheFacebook, Inc. its past and

14   present parents, subsidiaries, affiliates, predecessors and successors, divisions, officers, directors,

15   trustees, employees, staff members, attorneys, representatives, consultants, agents and all persons

16   acting or purporting to act on its behalf.

17       5.    "YOU", "YOUR", and/or "CONNECTU," mean defendant DIVYA NARENDRA,

18   ConnectU LLC, its directors, officers, parents, subsidiaries, predecessors, successors, assigns,

19   agents, servants, employees, investigators, attorneys, and all other persons and entities

20   representing it or acting on its behalf, or purporting to act on its behalf, including Tyler

21   Winklevoss, Howard Winklevoss, Cameron Winklevoss, Pacific Northwest Software, and/or

22   Winston Williams.  It is acknowledged that the issue of whether HARVARD CONNECTION is a

23   predecessor in interest to CONNECTU may be disputed.  To the extent that an interrogatory

24   requests information on "CONNECTU" "YOU", "YOUR", YOU must respond with specific

25   information relating to ConnectU LLC first and all PERSONS listed above other than

26   HARVARDCONNECTION.  To the extent that YOU contend that any requested information

27   Relates to HARVARDCONNECTION directly (e.g., a contention that a trade secret belonged to

28   HARVARDCONNECTION) YOU must separately detail your response vis-à-vis

- 2 -

1  HARVARDCONNECTION.

2      6.    "HARVARDCONNECTION" means a project to develop a website for Harvard

3  University students and alumni, which made use of the term "HARVARDCONNECTION", and

4  any individual, group, or association conducting or proposing work to develop such website.

5      7.    If you object to any of the requests for admission herein on privilege grounds, state

6  the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so

7  that the Court can adjudicate the validity of the claim.

8      8.    Each answer should be preceded by a reiteration of the full request for admission

9  to which it responds.

10  **REQUESTS FOR ADMISSION**

11  **REQUEST FOR ADMISSION No. 1:**

12      Admit that YOU have an individual member ID account that is used to accessed

13  THEFACEBOOK's website.

14  **REQUEST FOR ADMISSION No. 2:**

15      Admit that YOU have accessed THEFACEBOOK website for the purpose of

16  acquiring email addresses previously registered with THEFACEBOOK.

17  **REQUEST FOR ADMISSION No. 3:**

18      Admit that YOU have accessed THEFACEBOOK website for the purpose of

19  identifying all colleges and universities that are included in the online directory maintained by

20  THEFACEBOOK.

21  **REQUEST FOR ADMISSION No. 4:**

22      Admit that YOU have accessed THEFACEBOOK website for the purpose of

23  identifying visible website features offered by THEFACEBOOK.

24  **REQUEST FOR ADMISSION No. 5:**

25      Admit that YOU have accessed THEFACEBOOK website for the purpose of

26  identifying what functions are permitted by THEFACEBOOK website software.

27  **REQUEST FOR ADMISSION No. 6:**

28      Admit that you have accessed THEFACEBOOK website by deliberately

- 3 -

1  circumventing what YOU knew were security features intended to limit access to

2  THEFACEBOOK website.

3  **REQUEST FOR ADMISSION No. 7:**

4      Admit that YOU accessed THEFACEBOOK's website using more than one

5  FACEBOOK individual member ID account.

6  **REQUEST FOR ADMISSION No. 8:**

7      Admit that you used the e-mail addresses of THEFACEBOOK members obtained

8  by accessing THEFACEBOOK website in order to solicit memberships to CONNECTU.

9  **REQUEST FOR ADMISSION No. 9:**

10     Admit that YOU distributed e-mails to members of THEFACEBOOK for the

11  purpose of soliciting them for the CONNECTU site.

12  **REQUEST FOR ADMISSION No. 10:**

13     Admit that YOU downloaded data from THEFACEBOOK's website that you

14  incorporated into CONNECTU's own website.

15  **REQUEST FOR ADMISSION No. 11:**

16     Admit that CONNECTU's website traffic increased as a result of the solicitations

17  YOU made to the email accounts YOU obtained from THEFACEBOOK's website.

18  **REQUEST FOR ADMISSION No. 12:**

19     Admit that YOU employed or retained Pacific Northwest Software for the purpose

20  of retrieving and/or gathering information from THEFACEBOOK's website.

21  **REQUEST FOR ADMISSION No. 13:**

22     Admit that YOU employed or retained Winston Williams for the purpose of

23  retrieving and/or gathering information from THEFACEBOOK's website.

24  **REQUEST FOR ADMISSION No. 14:**

25     Admit that revenue generated by CONNECTU increased after YOU used the

26  email addressed YOU obtained from THEFACEBOOK's website to solicit membership to

27  CONNECTU.

28  **REQUEST FOR ADMISSION No. 15:**

- 4 -

1        Admit that YOU accessed THEFACEBOOK's website, in order to identify

2    features that might improve CONNECTU's business.

3    **REQUEST FOR ADMISSION No. 16:**

4        Admit that at all times prior to June 27, 2005 when YOU accessed

5    THEFACEBOOK's website, it included a section called "Terms of Use."

6    **REQUEST FOR ADMISSION No. 17:**

7        Admit that at all times prior to June 27, 2005 when YOU accessed

8    THEFACEBOOK's website, the "Terms of Use" for THEFACEBOOK website stated "By using

9    the Facebook web site (the 'Web site') you signify that you have read, understand and agree to be

10   bound by these Terms of Use (this 'Agreement')."

11   **REQUEST FOR ADMISSION No. 18:**

12       Admit that at all times prior to June 27, 2005 when YOU accessed

13   THEFACEBOOK's website YOU agreed to be bound by THEFACEBOOK's "Terms of Use."

14   **REQUEST FOR ADMISSION No. 19:**

15       Admit that at all times prior to June 27, 2005 when YOU accessed

16   THEFACEBOOK's website, the "Terms of Use" for THEFACEBOOK website stated as follows:

17       The Web site is for the personal use of individual Members only

18   and may not be used in connection with any commercial endeavors.
    Organizations, companies, and/or businesses may not become

19   Members and should not use the Service or the Web site for any
    purpose. Illegal and/or unauthorized uses of the Web site, including

20   collecting email addresses or other contact information of members
    by electronic or other means for the purpose of sending unsolicited

21   email and unauthorized framing of or linking to the Web site will
    be investigated, and appropriate legal action will be taken,

22   including without limitation, civil, criminal, and injunctive redress.

23   **REQUEST FOR ADMISSION No. 20:**

24       Admit that at all times prior to June 27, 2005 when YOU accessed

25   THEFACEBOOK's website, the "Terms of Use" for THEFACEBOOK website stated as follows:

26       You may not engage in advertising to, or solicitation of, other
    Members to buy or sell any products or services through the

27   Service. You may not transmit any chain letters or junk email to
    other members. Although Thefacebook cannot monitor the conduct

28   of its members off the Web site, it is also a violation of these rules

- 5 -

1

to use any information obtained from the Service in order to harass, abuse, or harm another person, or in order to advertise to, solicit, or sell to any member without their prior consent.

2

3

## REQUEST FOR ADMISSION No. 21:

4

Admit that at all times prior to June 27, 2005 when YOU accessed

5

THEFACEBOOK's website, the "Terms of Use" for THEFACEBOOK website stated as follows:

6

Thefacebook owns and retains all proprietary rights in the Web site and the Service. The Web site contains the copyrighted material, trademarks, and other proprietary information of Thefacebook, and its licensors. Except for that information which is in the public domain or for which you have been given written permission, you may not copy, modify, publish, transmit, distribute, perform, display, or sell any such proprietary information.

7

8

9

10

## REQUEST FOR ADMISSION No. 22:

11

Admit that YOU use a data-import program called "Social Butterfly."

12

## REQUEST FOR ADMISSION No. 23:

13

Admit that the Social Butterfly software shortens the registration process for users

14

who want to switch to CONNECTU from other social networking sites by allowing new users to

15

import profile information and friends lists from THEFACEBOOK.

16

## REQUEST FOR ADMISSION No. 24:

17

Admit that YOU used the email accounts YOU obtained from THEFACEBOOK

18

website in conjunction with Social Butterfly.

19

## REQUEST FOR ADMISSION No. 25:

20

Admit that when YOU used email accounts that YOU obtained from

21

THEFACEBOOK website to support Social Butterfly, YOU breached THEFACEBOOK's Terms

22

of Use.

23

24

25

26

27

28

-6-

1  DATED:  September 26, 2005

2

3                                                    _____
                                                              Monte Cooper
4                                                         Attorneys for Plaintiff
                                                         THEFACEBOOK, INC.
5

6    DOCSSV1:427541.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

1  G. HOPKINS GUY, III (STATE BAR NO. 124811)
   I. N. CHATTERJEE (STATE BAR NO. 173985)
2  MONTE COOPER (STATE BAR NO. 196746)
   JOSHUA H. WALKER (STATE BAR NO. 224940)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   650-614-7400
5  Facsimile:   650-614-7401

6  Attorneys for Plaintiff
   THE FACEBOOK, INC.
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  THEFACEBOOK, INC.,                    CASE NO.  1:05-CV-047381

12            Plaintiff,                  **PROOF OF SERVICE VIA**
                                          **FACSIMILE AND U.S. MAIL**
13       v.

14  CONNECTU LLC, CAMERON
    WINKLEVOSS, TYLER WINKLEVOSS,
15  HOWARD WINKLEVOSS, DIVYA
    NARENDRA, AND DOES 1-25,
16
            Defendants.
17

18

19       I am more than eighteen years old and not a party to this action.  My place of employment

20  and business address is 1000 Marsh Road, Menlo Park, CA 94025.

21       On September 26, 2005, I delivered to the below listed individuals the following

22  documents:

23       1.      **Form Interrogatories to ConnectU LLC, Set One;**

24       2.      **The Facebook, Inc.'s First Set of Requests for Admission Directed to**
                 **Defendant ConnectU LLC;**
25

26       3.      **Form Interrogatories to Howard Winklevoss, Set One;**

27       4.      **The Facebook, Inc.'s First Set of Requests for Admission Directed to**
                 **Defendant Howard Winklevoss;**
28

DOCSSV1:427568.1

5.     **Form Interrogatories to Tyler Winklevoss, Set One;**

6.     **The Facebook, Inc.'s First Set of Requests for Admission Directed to Defendant Tyler Winklevoss;**

7.     **Form Interrogatories to Cameron Winklevoss, Set One;**

8.     **The Facebook, Inc.'s First Set of Requests for Admission Directed to Defendant Cameron Winklevoss;**

9.     **Form Interrogatories to Divya Narendra, Set One;**

10.     **The Facebook, Inc.'s First Set of Requests for Admission Directed to Defendant Divya Narendra.**

| | |
|---|---|
| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on September 26, 2005. |
| ☒ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on September 26, 2005. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**Troy E. Grabow, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
Telephone: (202) 408-4391
**Facsimile: (202) 408-4400**

Scott Mosko, Esq.
**Lily Lim, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
700 Hansen Way
Palo Alto, California 94304-1016
Telephone: (650) 849-6600
**Facsimile: (650) 849-6666**

**ATTORNEYS FOR DEFENDANTS CONNECTU, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, and DIVYA NARENDRA**

Executed on September 26, 2005, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_Karen N. Mudurian_
Karen N. Mudurian

PROOF OF SERVICE VIA FAX AND MAIL