IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG and<br>FACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>  and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO STRIKE ADMISSIONS**

1

The federal rule governing Requests for Admission was designed to reduce the burden of litigation by eliminating undisputed facts and narrowing the issues for trial. Fed. R. Civ. P. 36 advisory committee's notes on the 1970 amendments. Fed. R. Civ. P. 36(b) encourages admissions, and thus reduces the burden of litigation, by stating that "[a]ny admission . . . is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding." *See* 4A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 36.08 at 36-82 (2d ed. 1995). The California rule contains a substantively identical prohibition.[1] There is no indication in either rule that this prohibition does not apply to denials as well, or to permutations of admissions and denials. Denials could also be "used against the party" in another action. If the prohibition were limited to admissions *per se*, any other response would carry much bigger risks and the policy behind the rules would fail. Therefore, any proper response to Requests for Admission is of no effect in any other action and cannot be used in any other action for any purpose. Accordingly, statements properly made by Divya Narendra as part of responses to Requests for Admission in the California case are not admissible in this action and may not be used in this action for any purpose.

## I.     As Admissions, Divya Narendra's Responses Should Be Stricken

Admissions have no life outside the action in which they are made. *Parker v. Hennepin County Dist. Court, Fourth Judicial Dist.*, 285 N.W.2d. 81, 83 (Minn. 1979). Facebook Defendants argue that because Divya Narendra's sworn statements are not admissions, then their

---

[1] California Code of Civil Procedure § 2033.410 provides as follows: "any admission made by a party under this section is binding only on that party and is made for the purpose of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding."

use in the present case "would not violate the 'for any other purpose' or 'in any manner against that party in any other proceeding' provisions within Fed. R. Civ. P. 36(b)." (Dkt. 253 at 3.) However, Facebook Defendants have cited no cases so limiting the phrases "for any purpose" or "in any manner against that party in any other proceeding." Facebook Defendants also concede both that "[i]n the California action, the statements will be considered binding on the parties involved" (Dkt. 253 at 4) and that if the statements are admissions, Fed. R. Civ. P. 36(b) would be violated if they were to be admitted into evidence in the present action (Dkt. 253 at 3).

Thus, the issue is whether a response to a Requests for Admission contains any information that could reasonably be viewed as an admission, not whether the information is directly responsive to the request. In fact, both rules refer to "any admission," not to an admission directly responsive to the request. If the response contains an admission, as do Mr. Narendra's responses, then the rule clearly applies.

For these reasons, the answer to question (2) posed by the Court in its November 1, 2006 Order is that Mr. Narendra's entire responses are admissions, and therefore subject to the prohibition of the rules.

## II.   Divya Narendra's Responses Are Within the Ambit of Rule 36

Facebook Defendants argue that "Mr. Narendra's statement that he was a member is not an admission responsive to any of Facebook's Requests for Admission." (Dkt. 253 at 1.) This argument belies the facts. Divya Narendra's statements were direct responses to Facebook's Requests for Admission. He did not "volunteer [the information about his membership] gratuitously" (Dkt. 253 at 1), but instead properly qualified his admissions.

There are times when an answer cannot be a succinct yes or no, and when a qualification of the response is necessary. 4A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 36.11 at [5] (2d ed. 1995). Moreover, Rule 36(a) requires that "the answer shall specifically

3

deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter" and that "the party shall specify so much of it as is true and qualify or deny the remainder."[2] Generally, qualification is permitted if the statement, although containing some truth, "standing alone out of context of the whole truth . . . . convey[s] unwarranted and unfair inferences." *Flanders v. Claydon*, 115 F.R.D. 70, 72 (D. Mass. 1987). Such was the case here. An admission without explanation would not have told the whole story. Divya Narendra's response gave the context of the whole truth, was not gratuitous, and constitutes a proper response under the plain language of the rule.

Certainly Mr. Narendra's responses were not denials, as implied by Facebook Defendants. (Dkt. 253 at 2.) A denial must be clear and unambiguous, and the request must be specifically denied. *Panara v. Hertz Penske Truck Leasing, Inc.*, 122 F.R.D. 14, 17 (E.D. Pa. 1988).

However, even if the responses are technically denials rather than admissions (or a combination of the two), no known case law suggests that denials are treated differently from admissions with respect to the California and federal prohibitions against using admissions in other cases or for other purposes. The only reasonable reading of the prohibition contained in California § 2033.410 and Fed. R. Civ. P. 36(b) is that any response to a Requests for Admission is subject to the prohibition, regardless of whether it is an admission, denial, or some combination thereof. An example illustrates this point. Suppose, the issuing party drafts a Requests for Admission in such a way that he intentionally seeks a denial, not an admission. For example: Admit the sun rises in the west. The fact that the issuing party intentionally seeks a denial rather than an admission should not take the request and the response outside the

---

[2] California Code of Civil Procedure § 2033.220(b) contains essentially the same language.

4

prohibition against using the response in other actions or for other purposes because, under the right facts, a denial can have the same effect as an admission. For example: Admit that you were damaged by the accident. The use of such a denial should be limited to the action in which it is made for the same reasons that an admission should be limited to actions in which they are made.

*Roberts v. Calhoun*, on which Defendants rely, does not address using a denial in a separate action (Dkt. 253 at 2), and instead states that "[a] matter admitted in response to an RFA is 'conclusively established against the party making the admission' unless by noticed motion the party obtains leave of court to withdraw or amend the response…We note that [California] Code of Civil Procedure section 2033 does not contain a similar provision regarding matters that have been denied." H023321, 2003 Cal. App. Unpub. LEXIS 5507 at *73-*74 (Cal. App. June 3, 2003). Thus, *Roberts* did not address the issue at hand.

Because the admissions in *Shepard & Morgan v. Lee & Daniel, Inc.* (cited by Facebook Defendants in their Opposition, Dkt. 253 at 2, 6) were unqualified admissions, the court did not opine on whether the use of a qualified admission or denial is restricted. 31 Cal. 3d 256, 259 (Cal. 2006). It would impermissibly broaden the decision in *Shepard & Morgan* to interpret it as restricting only the use of "an unqualified admission made in response to RFAs," as suggested by Facebook Defendants. (Dkt. 253 at 2.) Similarly, in *Coca-Cola Bottling Co. v. Coca-Cola Co.* (cited by Facebook Defendants in the Opposition, Dkt. 253 at 2), the nature of the response to the Requests for Admission was never discussed and the court never discussed whether the use of a qualified admission or denial is restricted. 988 F.2d 414, 425-426 (3d Cir. 1993).

For these reasons, the answer to question (1) posed in the Court's November 1, 2006 Order is that the use of the complete response to a Requests for Admission may not be used in other proceedings if the information could have the effect of an admission.

### III. Federal Rule of Evidence 613 Is Not Applicable

To be admissible as impeaching evidence, a prior statement must in fact be inconsistent with the testimony of the witness. *United States v. Hale,* 422 U.S. 171 (1975). Fed. R. Evid. 613 applies when two statements are "irreconcilably at odds." *United States v. Winchenbach*, 197 F.3d 548, 558 (1st Cir. 1999). Here, Divya Narendra has explained his statements numerous times, in both deposition testimony and during the October 24-25, 2006 hearing. When Mr. Narendra responded to the Requests for Admission in the California action, he was in fact a Member of ConnectU LLC under the terms of the August 5, 2005 Operating Agreement. Therefore, his response to the Requests for Admission are not irreconcilably at odds with the fact that he was not a Member of ConnectU LLC on September 2, 2004.

The Court should not interpret the Federal Rules of Evidence in any way that creates a conflict between the Federal Rules of Evidence and the Federal Rules of Civil Procedure. *See* Fed. R. Evid. 705, advisory committee's notes to the 1993 amendment, which stated Fed. R. Evid 705 was revised to avoid any conflict with the Federal Rules of Civil Procedure. Specifically, both the California Code of Civil Procedure § 2033.410 and Fed. R. Civ. P. 36(b) state that the admission cannot be used "for any other purpose." Moreover, Fed. R. Civ. P. 36(a) begins with the statement "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only . . ." Thus allowing Facebook Defendants to assert Fed. R. Evid. 613 in an effort to use Divya Narendra's responses in the California case in

this case impermissibly pits the Federal Rules of Evidence versus the Federal Rules of Civil Procedure.

### IV. ConnectU Never Waived Its Objection

Facebook Defendants claim that they did not question Divya Narendra "about his specific responses to the Requests for Admission" and instead questioned him on "his recollection of Facebook's Requests." (Dkt. 253 at 5). If this argument is true for Facebook Defendants, then it is also true for ConnectU. Similar to Facebook Defendants, ConnectU simply asked Divya Narendra if he remembered being asked during cross examination about his admissions in the California case. ConnectU never questioned Divya Narendra on the substance of his responses to the Requests for Admission.

### V. The Cases Cited By Facebook Defendants Do Not Relate To Requests for Admission

None of the cases cited by Facebook Defendants in their Opposition is relevant because none of them addresses the usage of Requests for Admission in separate actions. Fed. R. Civ. P. 36(b) and California Code of Civil Procedure § 2033.410 both address only admissions made in response to Requests for Admission. Therefore, only case law relating to Requests for Admission is pertinent.

Facebook Defendants rely on *Trull v. Volkswagen of America*, 187 F.3d 88 (1st Cir. 1999), an opinion that was superseded by 320 F.3d 1 (1st Cir. 2002), and subsequently withdrawn by order of the court on January 28, 2003. In the original opinion, the Court stated that it was not an abuse of discretion to allow a diagram used at a previous trial to be admitted as evidence in a different action . 187 F.3d at 99.

*Fidelity & Deposit Co. of Md. v. Hudson United Bank* is similarly inapplicable, as the court found that an interrogatory answer was properly admitted as evidence. 653 F.2d 766, 777 (3rd Cir. 1981). However, the California and federal rules relating to interrogatory answers do

not contain restrictions against using them in other actions, as do the rules relating to admissions. In fact, Requests for Admission are not even discovery devices in California. *Hillman v. Stults*, 263 Cal. App. 2d. 848, 885 (Cal. App. 1968).

Facebook Defendants mischaracterize *Kohler v. Hindman* as "stating that a statement made in an answer to a Requests for Admission in one case may be used as evidence in another." (Dkt. 253 at 4.) In reality, *Kohler* found that a statement made in a deposition was certainly "an admission, but it is not a judicial admission." 80 F.3d 1181, 1185 (7th Cir. 1996). The court went on to distinguish that "[w]hen a party in a lawsuit makes an admission in its pleadings or in its answer to a Requests for Admission, it makes a judicial admission that can determine the outcome of <u>that</u> lawsuit" (emphasis added). *Id.* It then held that "a statement made in one lawsuit cannot be a judicial admission in another." *Id.*

A summary judgment response brief was the source of the admission in *Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 F. Supp. 2d 1355, 1360 (S.D. Ga. 2000). In *Keller v. US*, the "admissions" were merely statements in the record. 58 F.3d 1194, 1199 (7th Cir. 1995).

Thus, Facebook Defendants have not cited a single case to support their argument that Divya Narendra's responses to Requests for Admission in the California case are admissible in the present case as "evidentiary admissions." (Dkt. 253 at 3.) The rules prohibit such use because they prohibit use for any purpose.

## VI.    Conclusion

Admitting into evidence in this action the responses made by Divya Narendra to Facebook's Requests for Admission in a separate action in California would violate the plain meaning and nature of Fed. R. Civ. P. 36(b) and California Code of Civil Procedure § 2033.410. Accordingly, Plaintiff respectfully requests that the motion to strike be granted.

                                    Respectfully submitted,

DATED:  November 15, 2006                  /s/ John F. Hornick
                                                  John F. Hornick (*pro hac vice*)
                                                  Email:  john.hornick@finnegan.com
                                                  Margaret A. Esquenet (*pro hac vice*)
                                                  Email:  margaret.esquenet@finnegan.com
                                                  Meredith H. Schoenfeld (*pro hac vice*)
                                                  Email:  meredith.schoenfeld@finnegan.com
                                                  FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, L.L.P.
                                                  901 New York Avenue N.W.
                                                  Washington, DC  20001
                                                  Telephone:  (202) 408-4000

                                                  Daniel P. Tighe (BBO# 556583)
                                                  Email:  dtighe@gtmllp.com
                                                  Scott McConchie (BBO# 634127)
                                                  Email:  smcconchie@gtmllp.com
                                                  GREISINGER, TIGHE, and MAFFEI, L.L.P.
                                                  Boston, MA  02110
                                                  Telephone:  (617) 452-9900
                                                  Facsimile:  (617) 452-0900

                                                  Attorneys for Plaintiff and Counterclaim Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 15, 2006.

/s/ John F. Hornick
John F. Hornick