# United States District Court
# District of Massachusetts

CONNECTU LLC,
    Plaintiff,

       V.                            CIVIL ACTION NO. 2004-11923-DPW

MARK ZUCKERBERG,
EDUARDO SAVERIN,
DUSTIN MOSKOVITZ,
ANDREW MCCOLLUM,
CHRISTOPHER HUGHES,
THEFACEBOOK, INC.,
    Defendants.

_____

MARK ZUCKERBERG,
THEFACEBOOK, INC.,
    Plaintiff-in-Counterclaim,

       V.

CONNECTU LLC,
    Defendant-in-Counterclaim,
CAMERON WINKLEVOSS,
TYLER WINKLEVOSS,
DIVYA NARENDRA,
    Additional Defendants-in-Counterclaim.

## *MEMORANDUM AND*

# *ORDER ON PLAINTIFF'S MOTION*
# *TO STRIKE ADMISSIONS (#244)*

COLLINGS, U.S.M.J.

## *I. Introduction*

The Court has held an evidentiary hearing on the issue of whether Divya Narendra ("Narendra") was a member of ConnectU LLC on the date the Complaint in this case was filed, September 2, 2004. This issue is important because the citizenship of the plaintiff limited liability company "is determined by the citizenship of all of its members." *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1 Cir., 2006). The parties have stipulated to the fact that Narendra was a citizen of the state of New York on September 2, 2004. (#219 at 12) The Court has found that Mark Zuckerberg was a citizen of the state of New York on September 2, 2004.[1] Thus, if Narendra was a member of ConnectU LLC on September 2, 2004, there was no diversity of citizenship on that date and the action must be dismissed.

At the evidentiary hearing on the issue of whether Narendra was a

---

[1]

The factual and legal basis supporting this conclusion shall be detailed in the Report and Recommendation that will ultimately issue.

member of the LLC on September 2, 2004, the defendants sought to introduce evidence respecting responses he gave to requests for admission in a lawsuit between the parties which is actively being litigated in a state court in California.[2]   Plaintiff takes the position that under California law, whatever Narendra answered in response to requests for admission in that case are inadmissible for any purpose in any other litigation.  Defendants disagree, arguing that the qualifying language, which they claim is not responsive to the requests, is admissible and able to be introduced in other litigation.

## II.  Discussion

There is no question but that the evidence of Narendra's responses to the requests for admission are relevant evidence.  Narendra was requested to admit in various requests (Exh.# 75, Requests ## 2-7, 15-21) that he had "accessed THEFACEBOOK website" for various purposes.  In response to each of Requests # 2 through # 7, Narendra wrote: "Responding party admits visiting FACEBOOK'S website but only in his capacity as a member of ConnectU...".  (Exh. 75A, Responses ## 2-7, 15-21)  The responses are relevant  to the issue

---

[2]

       *The Facebook, Inc. v. ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra, John Does 1-25,* Case no. 1:05-CV-047381, Superior Court of the State of California, County of Santa Clara.

before the Court in the instant litigation because other evidence establishes that he accessed the website at times during which he now contends he was not a member of ConnectU LLC.

However, the California Code of Civil Procedure ("the Code") places restrictions on the use which may be made in other litigation of admissions made in civil cases in its courts. A review of the pertinent portions of the Code is in order.

Section 2033.010 (2005) of the Code provides that parties can seek discovery by way of "...a written request that any other party to the action admit...the truth of specified matters of fact...". Section 2033.210(a) (2005) requires that the responding party "...respond in writing under oath separately to each request" and subsection (b) requires that the responding party "...answer the substance of the requested admission, or set forth an objection to the particular request." Section 2033.220 (b)(1)(2006) provides that:

> (b) Each answer shall:
>
> (1) Admit so much of the matter involved in the request as is true, either as expressed in the request itself or as reasonably and clearly qualified by the responding party.

Section 2022.220(b)(1) plainly allows a responding party in his or her

"answer" to "qualify" an answer so long as the answer is "reasonably and clearly" qualified. Thus, Narendra, in adding the phrase "but only in his capacity as a member of ConnectU" to his admission that he visited the website was availing himself of the ability, permitted under the Code, to "qualify" his answer in a reasonable and clear manner. When a responding party does so, the result is an "admission" albeit qualified. The qualification is part of his "admission."

The permitted use of "admissions" made in the California state courts is governed by § 2033.410(b) (2005) which provides, in pertinent part:

> (b)     ...[A]ny admission made by a party under this section is binding only on that party and is made for the purpose of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding.

If, as the Court has ruled, a qualification made in accordance with § 2033.220(b)(1) is part of the "admission", it follows that § 2033.410(b), by its plain terms, prohibits the use of the statement of qualification in "any other proceeding" "for any other purpose." Thus, the defendants may not use Narendra's responses to the requests for admissions in the California state case in the instant proceeding. The Court does not agree with the defendants that

§ 2033.410(b) applies only to unqualified admissions.[3]

### III. Conclusion and Order

Accordingly, it is ORDERED that Plaintiff's Motion to Strike Admissions (#245) be, and the same hereby is, ALLOWED.[4]  Exhibit ## 72A, 72B, 73A, 74A and 75A shall not be admitted into evidence, and any testimony as to any responses made to the requests for admission in the case in the California state court shall be stricken.

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

November 28, 2006.

---

[3]

  The Court finds that the cases defendants cite in support of the proposition that § 2033.410(b) applies only to unqualified admissions, i.e., *Shepard & Morgan v. Lee & Daniel, Inc.,* 31 Cal.3d 256, 259 (1982) and *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.,* 988 F.2d 414, 425-26 (3 Cir.), *cert. denied,* 510 U.S. 908 (1993) do not, in fact, support the proposition.  On the contrary, the cases do not speak to the issue at all.

[4]

  The Court does not find that counsel for ConnectU waived his right to object to the admissibility of the responses to the requests for admissions in the California state case by his re-direct examination of Narendra.