# United States District Court
# District of Massachusetts

CONNECTU LLC,
    Plaintiff,

    V.                            CIVIL ACTION NO. 2004-11923-DPW

MARK ZUCKERBERG,
EDUARDO SAVERIN,
DUSTIN MOSKOVITZ,
ANDREW MCCOLLUM,
CHRISTOPHER HUGHES,
THEFACEBOOK, INC.,
    Defendants.

---

MARK ZUCKERBERG,
THEFACEBOOK, INC.,
    Plaintiff-in-Counterclaim,

    V.

CONNECTU LLC,
    Defendant-in-Counterclaim,
CAMERON WINKLEVOSS,
TYLER WINKLEVOSS,
DIVYA NARENDA,
    Additional Defendants-in-Counterclaim.

# *PROCEDURAL ORDER*

COLLINGS, U.S.M.J.

It has come to the Court's attention that there is a gap in the transcript of the October 24, 2006 hearing at p. 204, line 21.[1] The explanation for the gap is that when the recess was over and Court resumed, the Clerk pushed the button to resume recording but evidently did not push the button for a long enough period and the recording did not start right away. The Clerk in very short order realized what had happened and pushed the button for the required length of time, and the recording resumed with Mr. Chatterjee cross-examining the witness at p. 204, line 24.

The Court does not recall that that much happened during the time when the recorder was off. Exhibit 40 was introduced as soon as the recess ended,[2] and there may have been a few wrap up questions by Mr. Hornick and then Mr.

---

[1] The transcript was filed with the Clerk on November 22, 2006.

[2] Exhibit 40 was offered at p. 195, line 8. The Court indicated at lines 16-17 that it would be marked for identification but the Court would allow cross-examination before it would be admitted. The Court at p. 204, lines 19-20 instructed counsel to try to work out during the recess any issues as to whether Exhibit 40 would be admitted. The discussion at p. 213, lines 15-25, makes clear that by that time, Exhibit 40 had been admitted and the only remaining issue was Exhibit 41. The inference that Exhibit 40 was introduced directly after the recess ended and Court resumed is strong, especially since other records reveal that Exhibit 40 was introduced on that date and there is no other reference to it being officially admitted in the transcript.

Chatterjee's cross-examination began.

However, if counsel wish to check their notes and attempt a reconstruction of the record for that short period, they should advise the Court, and the Court will proceed in accordance the procedures set forth in *United States v. Brand*, 80 F.3d 560, 562, (1 Cir., 1996), *cert. denied sub nom Aponte-Velasquez v. United States,* 519 U.S. 1077 (1997).

The Court does note that on the primary ground upon which the Court resolved the motion to dismiss, i.e., that under Delaware statutory law and cases interpreting that law, the LLC had no members on the date the complaint was filed, testimony relating to Exhibit 40 was immaterial.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

March 12, 2007.