EXHIBIT 3



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER I. GENERAL PROVISIONS
     Subchapter I. General Provisions

    § 18-101 Definitions.

       **§ 18-101 Definitions.**

As used in this chapter unless the context otherwise requires:

    (1) "Bankruptcy" means an event that causes a person to cease to be a member as provided
    in § 18-304 of this title.

    (2) "Certificate of formation" means the certificate referred to in § 18-201 of
    this title, and the certificate as amended.

    (3) "Contribution" means any cash, property, services rendered or a promissory note
    or other obligation to contribute cash or property or to perform services, which
    a person contributes to a **limited liability company** in the person's capacity as a
    member.

    (4) "Foreign **limited liability company**" means a **limited liability company** formed
    under the laws of any state or under the laws of any foreign country or other foreign
    jurisdiction and denominated as such under the laws of such state or foreign country
    or other foreign jurisdiction.

    (5) "Knowledge" means a person's actual knowledge of a fact, rather than the person's
    constructive knowledge of the fact.

    (6) "**Limited liability company**" and "domestic **limited liability company**" means a
    **limited liability company** formed under the laws of the State of Delaware and having
    1 or more members.

    (7) "**Limited liability company** agreement" means any agreement (whether referred to
    as a **limited liability company** agreement, operating agreement or otherwise), written
    or oral, of the member or members as to the affairs of a **limited liability company**
    and the conduct of its business. A **limited liability company** is not required to execute
    its **limited liability company** agreement. A **limited liability company** is bound by
    its **limited liability company** agreement whether or not the **limited liability company**
    executes the **limited liability company** agreement. A **limited liability company**
    agreement of a **limited liability company** having only 1 member shall not be unenforceable
    by reason of there being only 1 person who is a party to the **limited liability company**
    agreement. A **limited liability company** agreement may provide rights to any person,
    including a person who is not a party to the **limited liability company** agreement,
    to the extent set forth therein. A written **limited liability company** agreement or
    another written agreement or writing:

       a. May provide that a person shall be admitted as a member of a **limited liability
       company**, or shall become an assignee of a **limited liability company** interest or
       other rights or powers of a member to the extent assigned, and shall become bound

       © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

by the **limited liability company** agreement:

    1. If such person (or a representative authorized by such person orally, in writing or by other action such as payment for a **limited liability company** interest) executes the **limited liability company** agreement or any other writing evidencing the intent of such person to become a member or assignee; or

    2. Without such execution, if such person (or a representative authorized by such person orally, in writing or by other action such as payment for a **limited liability company** interest) complies with the conditions for becoming a member or assignee as set forth in the **limited liability company** agreement or any other writing; and

b. Shall not be unenforceable by reason of its not having been signed by a person being admitted as a member or becoming an assignee as provided in subparagraph a. of this paragraph, or by reason of its having been signed by a representative as provided in this chapter.

(8) "**Limited liability company** interest" means a member's share of the profits and losses of a **limited liability company** and a member's right to receive distributions of the **limited liability company's** assets.

(9) "Liquidating trustee" means a person carrying out the winding up of a **limited liability company**.

(10) "Manager" means a person who is named as a manager of a **limited liability company** in, or designated as a manager of a **limited liability company** pursuant to, a **limited liability company** agreement or similar instrument under which the **limited liability company** is formed.

(11) "Member" means a person who has been admitted to a **limited liability company** as a member as provided in § 18-301 of this title or, in the case of a foreign **limited liability company**, in accordance with the laws of the state or foreign country or other foreign jurisdiction under which the foreign **limited liability company** is organized.

(12) "Person" means a natural person, partnership (whether general or limited), trust, estate, association, corporation, custodian, nominee or any other individual or entity in its own or any representative capacity, in each case, whether domestic or foreign, and a **limited liability company** or foreign **limited liability company**.

(13) "Personal representative" means, as to a natural person, the executor, administrator, guardian, conservator or other legal representative thereof and, as to a person other than a natural person, the legal representative or successor thereof.

(14) "State" means the District of Columbia or the Commonwealth of Puerto Rico or any state, territory, possession or other jurisdiction of the United States other than the State of Delaware.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 1; 70 Del. Laws, c. 75, § § 1-3; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 77, § § 1, 2; 71 Del. Laws, c. 341, § 1; 72 Del. Laws, c. 129, § 1; 73 Del. Laws, c. 83, § 1; 73 Del. Laws, c. 295, § § 1, 2; 74 Del. Laws, c. 275, § 1.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1, 1998."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-101                                                           Page 3
 6 Del.C. § 18-101

1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000."
This section became effective on Aug. 1, 1999.

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1,
2001."

Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1,
2002."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August
1, 2004."

**Effect of amendments.** -- 73 Del. Laws, c. 295, in the introductory language of  (7), inserted
"(whether referred to as a **limited liability company** agreement, operating agreement or
otherwise)" in the first sentence and inserted the present second and third sentences.

74 Del. Laws, c. 275, inserted the fourth sentence in (7).

**Parties' freedom of contract.** -- Both the Delaware **Limited Liability Company** Act, Del.
Code Ann. tit. 6, § § 18-101 to 18-1109, and the Delaware Revised Uniform Limited Partnership
Act, Del. Code Ann. tit. 6, § § 17-101 to 17-1111, are designed to give maximum effect
to the parties' freedom of contract. Cantor Fitzgerald, L.P. v. Cantor,  -- A.2d -- (Del.
Ch. Mar. 13, 2000), appeal dismissed, 755 A.2d 387 (Del. 2000).

**"Limited liability companies".** -- **Limited liability companies** are hybrid entities that
combine desirable characteristics of corporations, limited partnerships, and general
partnerships. Great Lakes Chem. Corp. v. Monsanto Co.,  96 F. Supp. 2d 376 (D. Del. 2000).

**Limited liability companies** are entitled to partnership status for federal income tax
purposes under certain circumstances, which permits **limited liability companies** members
to avoid double taxation. Great Lakes Chem. Corp. v. Monsanto Co., 96 F. Supp. 2d 376
(D. Del. 2000).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

rights reserved.

DE ST TI 6 § 18-101

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
     Subchapter I. General Provisions

   § 18-102  Name set forth in certificate.

     **§ 18-102  Name set forth in certificate.**

The name of each **limited liability company** as set forth in its certificate of formation:

   (1) Shall contain the words "**Limited Liability Company**" or the abbreviation  "L.L.C."
   or the designation "LLC";

   (2) May contain the name of a member or manager;

   (3) Must be such as to distinguish it upon the records in the office of the Secretary
   of State from the name on such records of any corporation, partnership, limited
   partnership, statutory trust or **limited liability company** reserved, registered, formed
   or organized under the laws of the State of Delaware or qualified to do business
   or registered as a foreign corporation, foreign limited partnership, foreign statutory
   trust, foreign partnership, or foreign **limited liability company** in the State of
   Delaware; provided however, that a **limited liability company** may register under any
   name which is not such as to distinguish it upon the records in the office of the
   Secretary of State from the name on such records of any domestic or foreign corporation,
   partnership, limited partnership, statutory trust or **limited liability company**
   reserved, registered, formed or organized under the laws of the State of Delaware
   with the written consent of the other corporation, partnership, limited partnership,
   statutory trust or **limited liability company**, which written consent shall be filed
   with the Secretary of State; and

   (4) May contain the following words: "Company," "Association," "Club,"  "Foundation,"
   "Fund," "Institute," "Society," "Union," "Syndicate," "Limited" or "Trust" (or
   abbreviations of like import).

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 2; 70 Del. Laws, c. 75, § 4; 72
Del. Laws, c. 389, § 1; 73 Del. Laws, c. 83, § 2; 73 Del. Laws, c. 329, § 25.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become
effective August 1, 2000."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1,
2001."

Section 74 of 73 Del. Laws, c. 329, provides: "The effective date of this act shall be
Sept. 1, 2002."

              ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-102                                                    Page 2
 6 Del.C. § 18-102

**Effect of amendments.** -- 73 Del. Laws, c. 329, substituted "statutory trust" for "business
trust" throughout (3).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

rights reserved.

DE ST TI 6 § 18-102

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

    § 18-103  Reservation of name.

       **§ 18-103  Reservation of name.**

(a) The exclusive right to the use of a name may be reserved by:

    (1) Any person intending to organize a **limited liability company** under this chapter
    and to adopt that name;

    (2) Any domestic **limited liability company** or any foreign **limited liability company**
    registered in the State of Delaware which, in either case, proposes to change its
    name;

    (3) Any foreign **limited liability company** intending to register in the State of Delaware
    and adopt that name; and

    (4) Any person intending to organize a foreign **limited liability company** and intending
    to have it register in the State of Delaware and adopt that name.

(b) The reservation of a specified name shall be made by filing with the Secretary of
State an application, executed by the applicant, specifying the name to be reserved and
the name and address of the applicant.  If the Secretary of State finds that the name
is available for use by a domestic or foreign **limited liability company**, the Secretary
shall reserve the name for the exclusive use of the applicant for a period of 120 days.
Once having so reserved a name, the same applicant may again reserve the same name for
successive 120-day periods.  The right to the exclusive use of a reserved name may be
transferred to any other person by filing in the office of the Secretary of State a notice
of the transfer, executed by the applicant for whom the name was reserved, specifying
the name to be transferred and the name and address of the transferee. The reservation
of a specified name may be cancelled by filing with the Secretary of State a notice of
cancellation, executed by the applicant or transferee, specifying the name reservation
to be cancelled and the name and address of the applicant or transferee. Unless the Secretary
of State finds that any application, notice of transfer, or notice of cancellation filed
with the Secretary of State as required by this subsection does not conform to law, upon
receipt of all filing fees required by law the Secretary shall prepare and return to the
person who filed such instrument a copy of the filed instrument with a notation thereon
of the action taken by the Secretary of State.

(c) A fee as set forth in § 18-1105(a)(1) of this title shall be paid at the time of
the initial reservation of any name, at the time of the renewal of any such reservation
and at the time of the filing of a notice of the transfer or cancellation of any such
reservation.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 3; 70 Del. Laws, c. 186, § 1.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-103                                                      Page 2
 6 Del.C. § 18-103


        Delaware Code Annotated.  Copyright [©] 2004 by the State of Delaware.  All


                                rights reserved.

DE ST TI 6 § 18-103

END OF DOCUMENT

        [©] 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
    Subchapter I. General Provisions

   § 18-104 Registered office; registered agent.

      **§ 18-104 Registered office; registered agent.**

(a) Each **limited liability company** shall have and maintain in the State of Delaware:

    (1) A registered office, which may but need not be a place of its business in the
    State of Delaware; and

    (2) A registered agent for service of process on the **limited liability company**, which
    agent may be either an individual resident of the State of Delaware whose business
    office is identical with the **limited liability company's** registered office, or a
    domestic corporation, or a domestic limited partnership, or a domestic **limited
    liability company**, or a domestic statutory trust, or a foreign corporation, or a
    foreign limited partnership, or a foreign **limited liability company** authorized to
    do business in the State of Delaware having a business office identical with such
    registered office, which is generally open during normal business hours to accept
    service of process and otherwise perform the functions of a registered agent, or
    the **limited liability company** itself.

(b) A registered agent may change the address of the registered office of the **limited
liability company**(ies) for which it is registered agent to another address in the State
of Delaware by paying a fee as set forth in § 18-1105(a)(2) of this title and filing
with the Secretary of State a certificate, executed by such registered agent, setting
forth the address at which such registered agent has maintained the registered office
for each of the **limited liability companies** for which it is a registered agent, and further
certifying to the new address to which each such registered office will be changed on
a given day, and at which new address such registered agent will thereafter maintain the
registered office for each of the **limited liability companies** for which it is a registered
agent. Upon the filing of such certificate, the Secretary of State shall furnish to the
registered agent a certified copy of the same under the Secretary's hand and seal of office,
and thereafter, or until further change of address, as authorized by law, the registered
office in the State of Delaware of each of the **limited liability companies** for which the
agent is a registered agent shall be located at the new address of the registered agent
thereof as given in the certificate. In the event of a change of name of any person acting
as a registered agent of a **limited liability company**, such registered agent shall file
with the Secretary of State a certificate executed by such registered agent setting forth
the new name of such registered agent, the name of such registered agent before it was
changed, and the address at which such registered agent has maintained the registered
office for each of the **limited liability companies** for which it is a registered agent,
and shall pay a fee as set forth in § 18-1105(a)(2) of this title. Upon the filing of
such certificate, the Secretary of State shall furnish to the registered agent a certified
copy of the certificate under his or her hand and seal of office. A change of name of
any person acting as a registered agent of a **limited liability company** as a result of
a merger or consolidation of the registered agent with or into another person which succeeds

DE ST TI 6 § 18-104                                                          Page 2
 6 Del.C. § 18-104

to its assets and liabilities by operation of law shall be deemed a change of name for purposes of this section. Filing a certificate under this section shall be deemed to be an amendment of the certificate of formation of each **limited liability company** affected thereby, and each such **limited liability company** shall not be required to take any further action with respect thereto to amend its certificate of formation under § 18-202 of this title. Any registered agent filing a certificate under this section shall promptly, upon such filing, deliver a copy of any such certificate to each **limited liability company** affected thereby.

(c) The registered agent of 1 or more **limited liability companies** may resign and appoint a successor registered agent by paying a fee as set forth in § 18- 1105(a)(2) of this title and filing a certificate with the Secretary of State stating that it resigns and the name and address of the successor registered agent. There shall be attached to such certificate a statement of each affected **limited liability company** ratifying and approving such change of registered agent. Upon such filing, the successor registered agent shall become the registered agent of such **limited liability companies** as have ratified and approved such substitution, and the successor registered agent's address, as stated in such certificate, shall become the address of each such **limited liability company's** registered office in the State of Delaware. The Secretary of State shall then issue a certificate that the successor registered agent has become the registered agent of the **limited liability companies** so ratifying and approving such change and setting out the names of such **limited liability companies**. Filing of such certificate of resignation shall be deemed to be an amendment of the certificate of formation of each **limited liability company** affected thereby, and each such **limited liability company** shall not be required to take any further action with respect thereto to amend its certificate of formation under § 18-202 of this title.

(d) The registered agent of 1 or more **limited liability companies** may resign without appointing a successor registered agent by paying a fee as set forth in § 18-1105(a)(2) of this title and filing a certificate of resignation with the Secretary of State, but such resignation shall not become effective until 30 days after the certificate is filed. The certificate shall contain a statement that written notice of resignation was given to each affected **limited liability company** at least 30 days prior to the filing of the certificate by mailing or delivering such notice to the **limited liability company** at its address last known to the registered agent and shall set forth the date of such notice. After receipt of the notice of the resignation of its registered agent, the **limited liability company** for which such registered agent was acting shall obtain and designate a new registered agent, to take the place of the registered agent so resigning. If such **limited liability company** fails to obtain and designate a new registered agent as aforesaid prior to the expiration of the period of 30 days after the filing by the registered agent of the certificate of resignation, the certificate of formation of such **limited liability company** shall be deemed to be canceled. After the resignation of the registered agent shall have become effective as provided in this section and if no new registered agent shall have been obtained and designated in the time and manner aforesaid, service of legal process against each **limited liability company** for which the resigned registered agent had been acting shall thereafter be upon the Secretary of State in accordance with § 18-105 of this title.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 77, § § 3, 4; 73 Del. Laws, c. 83, § 3; 73 Del. Laws, c. 329, § 26.)


NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1, 2001."

Section 74 of 73 Del. Laws, c. 329, provides: "The effective date of this act shall be Sept. 1, 2002."

**Effect of amendments.** -- 73 Del. Laws, c. 329, substituted "statutory trust" for "business trust" in (a)(2).


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-104                                                      Page 3
  6 Del.C. § 18-104


        Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 § 18-104

END OF DOCUMENT

      © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

  § 18-105  Service of process on domestic **limited liability companies**.

    **§ 18-105  Service of process on domestic limited liability companies.**

(a) Service of legal process upon any domestic **limited liability company** shall be made
by delivering a copy personally to any manager of the **limited liability company** in the
State of Delaware or the registered agent of the **limited liability company** in the State
of Delaware, or by leaving it at the dwelling house or usual place of abode in the State
of Delaware of any such manager or registered agent (if the registered agent be an individual),
or at the registered office or other place of business of the **limited liability company**
in the State of Delaware.  If the registered agent be a corporation, service of process
upon it as such may be made by serving, in the State of Delaware, a copy thereof on the
president, vice-president, secretary, assistant secretary or any director of the corporate
registered agent.  Service by copy left at the dwelling house or usual place of abode
of a manager or registered agent, or at the registered office or other place of business
of the **limited liability company** in the State of Delaware, to be effective, must be delivered
thereat at least 6 days before the return date of the process, and in the presence of
an adult person, and the officer serving the process shall distinctly state the manner
of service in the officer's return thereto. Process returnable forthwith must be delivered
personally to the manager or registered agent.

(b) In case the officer whose duty it is to serve legal process cannot by due diligence
serve the process in any manner provided for by subsection (a) of this section, it shall
be lawful to serve the process against the **limited liability company** upon the Secretary
of State, and such service shall be as effectual for all intents and purposes as if made
in any of the ways provided for in subsection (a) of this section.  In the event that
service is effected through the Secretary of State in accordance with this subsection,
the Secretary of State shall forthwith notify the **limited liability company** by letter,
certified mail, return receipt requested, directed to the **limited liability company** at
its address as it appears on the records relating to such **limited liability company** on
file with the Secretary of State or, if no such address appears, at its last registered
office. Such letter shall enclose a copy of the process and any other papers served on
the Secretary of State pursuant to this subsection. It shall be the duty of the plaintiff
in the event of such service to serve process and any other papers in duplicate, to notify
the Secretary of State that service is being effected pursuant to this subsection, and
to pay the Secretary of State the sum of $50 for the use of the State of Delaware, which
sum shall be taxed as part of the costs in the proceeding if the plaintiff shall prevail
therein.  The Secretary of State shall maintain an alphabetical record of any such service
setting forth the name of the plaintiff and defendant, the title, docket number and nature
of the proceeding in which process has been served upon the Secretary, the fact that service
has been effected pursuant to this subsection, the return date thereof, and the day and
hour when the service was made.  The Secretary of State shall not be required to retain
such information for a period longer than 5 years from the Secretary's receipt of the
service of process.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1.)

                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-105                                                    Page 2
 6 Del.C. §  18-105


          Delaware Code Annotated.  Copyright <sup>©</sup>  2004 by the State of Delaware.  All

                         rights reserved.

DE ST TI 6 § 18-105

END OF DOCUMENT



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

    § 18-106  Nature of business permitted; powers.

      **§ 18-106  Nature of business permitted; powers.**

(a) A **limited liability company** may carry on any lawful business, purpose or activity, whether or not for profit, with the exception of the business of granting policies of insurance, or assuming insurance risks or banking as defined in § 126 of Title 8.

(b) A **limited liability company** shall possess and may exercise all the powers and privileges granted by this chapter or by any other law or by its **limited liability company** agreement, together with any powers incidental thereto, including such powers and privileges as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the **limited liability company.**

(c) Notwithstanding any provision of this chapter to the contrary, without limiting the general powers enumerated in subsection (b) of this section, a **limited liability company** shall, subject to such standards and restrictions, if any, as are set forth in its **limited liability company** agreement, have the power and authority to make contracts of guaranty and suretyship and enter into interest rate, basis, currency, hedge or other swap agreements or cap, floor, put, call, option, exchange or collar agreements, derivative agreements, or other agreements similar to any of the foregoing.

(68 Del. Laws, c. 434, § 1; 71 Del. Laws, c. 77, § 5; 72 Del. Laws, c. 129, § 2; 73 Del. Laws, c. 295, § 3.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August 1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000." This section became effective on Aug. 1, 1999.

Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1, 2002."

**Effect of amendments.** -- 73 Del. Laws, c. 295, added (c).

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

                              rights reserved.

        ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
DE ST TI 6 §  18-106                                                    Page 2
 6 Del.C. §  18-106


DE ST TI 6 §  18-106

END OF DOCUMENT
```

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

    § 18-107  Business transactions of member or manager with the **limited liability company**.

      **§  18-107  Business transactions of member or manager with the limited liability
      company.**

Except as provided in a **limited liability company** agreement, a member or manager may lend
money to, borrow money from, act as a surety, guarantor or endorser for, guarantee or
assume 1 or more obligations of, provide collateral for, and transact other business with,
a **limited liability company** and, subject to other applicable law, has the same rights
and obligations with respect to any such matter as a person who is not a member or manager.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 4.)

NOTES, REFERENCES, AND ANNOTATIONS

**Breach of ficuciary duty.** -- Noteholder's claim (Count I) that a limited liability housing
real estate partnership (LLP) and its general partner (GP) breached their fiducuiary duties
by not contesting the alleged sham transaction sale of LLP properties in 1998 (and
nondisclosure of factors involving it) was barred by laches (based on a similar three-year
statute of limitations period) that accrued in 1998; nondisclosure claim related to final
sale of properties (Counts II-IV), payment of note (Count V) and receiver appointment
(Count VI) claims survived. Bren v. Capital Realty Group Senior Hous., Inc.,  -- A.2d
-- (Del. Ch. Feb. 27, 2004).

As applied to the fiduciary duty owed to noteholders of a limited liability partnership
(LLP) by the LLP and its general partner, the equity court restated the test for materiality
that: (1) an omitted fact is material if there is a substantial likelihood that a reasonable
shareholder would consider it important in deciding how to vote; (2) non-disclosure claims
must provide some basis for a court to infer that the alleged omissions are material;
(3) that a fiduciary is obligated to act with complete candor when seeking noteholder
action while insolvent (disclosing all facts material to the action); and, (4) with respect
to a fiduciary's responsibility to disclose, the amount of money to be received in a
distribution to a noteholder is important to the decision of a reasonable noteholder.
Bren v. Capital Realty Group Senior Hous., Inc., -- A.2d -- (Del. Ch. Feb. 27, 2004).

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                            rights reserved.

END OF DOCUMENT

      © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 6 Del.C. §  18-107

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

  § 18-108  Indemnification.

### § 18-108  Indemnification.

Subject to such standards and restrictions, if any, as are set forth in its **limited liability company** agreement, a **limited liability company** may, and shall have the power to, indemnify and hold harmless any member or manager or other person from and against any and all claims and demands whatsoever.

(68 Del. Laws, c. 434, § 1.)

NOTES, REFERENCES, AND ANNOTATIONS

**Extent of indemnification.** -- This section is verbatim 6 Del. C. § 17-108 of the Delaware Revised Uniform Limited Partnership Act (DRULPA); both DRULPA and this act allow the contracting parties to determine the extent of indemnification in their agreements, and in granting the advances on claims of indemnification in a limited partnership setting, that courts should interpret language so as to achieve (where possible) the beneficial purposes that indemnification can afford. Morgan v. Grace, -- A.2d -- (Del. Ch. Oct. 29, 2003).

**Advancement distinguished.** -- This section clearly provides broad authority for the contracting parties to include both indemnification and advancement in their agreement; the advancement of legal fees does not ipso facto mean that the defendant companies will have to indemnify the plaintiffs, because indemnification rights and rights to advancement of possibly indemnifiable expenses are legally quite distinct types of legal right. Morgan v. Grace, -- A.2d -- (Del. Ch. Oct. 29, 2003).

Members of two **limited liability companies** (LLC) were granted summary judgment as to their claim for advancement of legal fees from LLC One under LLC One's operating agreement; the members' summary judgment motion was denied as to their claim for advancement under LLC Two's operating agreement as it provided only for indemnification. Morgan v. Grace, -- A.2d -- (Del. Ch. Oct. 29, 2003).

Although (unlike the Delaware General Corporation Law in 8 Del. C. § 145(e)) the **Limited Liability Company** Act (LLCA) is entirely mute on the subject of advancement, 6 Del. C. § 18-108 of the LLCA gives broad authority to members of LLCs to set the terms for indemnification in their operating agreements; given that the broad freedom of members of LLCs to define their obligations inter sese by contract is germane to the formation and interpretation of LLC agreements, persons forming LLCs clearly have the authority to require a written undertaking as a condition to advancement. Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Holding Co. LLC, -- A.2d -- (Del. Ch. Mar. 10, 2004).

Governing statutory scheme for **limited liability companies**, including 8 Del. C. § 145 and 6 Del. C. § 18-108, does not support the implication that any party receiving an advancement would be obligated to execute a written undertaking to repay; therefore, because

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-108                                                    Page 2
 6 Del.C. §  18-108

the operating agreement of a **limited liability company** was silent on the issue of a written
undertaking, the court would not read such a requirement into the contract. Senior Tour
Players 207 Mgmt. Co. LLC v. Golftown 207 Holding Co. LLC,  -- A.2d -- (Del. Ch. Mar.
10, 2004).

**Right to advancement of legal fees.** -- **Limited Liability Company** Act grants **limited liability
companies** broad authority to provide for indemnification by contract in their operating
agreements; hence, former managers of a **limited liability company** were entitled to
advancement of legal fees in current manager's action for breach of contract and breach
of fiduciary duties according to the provision in the company's operating agreement. Senior
Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Holding Co. LLC,  853 A.2d 124 (Del. Ch.
2004).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


rights reserved.

DE ST TI 6 §  18-108

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
      Subchapter I. General Provisions

    § 18-109  Service of process on managers and liquidating trustees.

### § 18-109  Service of process on managers and liquidating trustees.

(a) A manager or a liquidating trustee of a **limited liability company** may be served with
process in the manner prescribed in this section in all civil actions or proceedings brought
in the State of Delaware involving or relating to the business of the **limited liability
company** or a violation by the manager or the liquidating trustee of a duty to the **limited
liability company**, or any member of the **limited liability company**, whether or not the
manager or the liquidating trustee is a manager or a liquidating trustee at the time suit
is commenced.  A manager's or a liquidating trustee's serving as such constitutes such
person's consent to the appointment of the registered agent of the **limited liability company**
(or, if there is none, the Secretary of State) as such person's agent upon whom service
of process may be made as provided in this section.   Such service as a manager or a liquidating
trustee shall signify the consent of such manager or liquidating trustee that any process
when so served shall be of the same legal force and validity as if served upon such manager
or liquidating trustee within the State of Delaware and such appointment of the registered
agent (or, if there is none, the Secretary of State) shall be irrevocable. As used in
this subsection (a) and in subsections (b), (c) and (d) of this section, the term "manager"
refers (i) to a person who is a manager as defined in § 18-101(10) of this title and
(ii) to a person, whether or not a member of a **limited liability company**, who, although
not a manager as defined in § 18-101(10) of this title, participates materially in the
management of the **limited liability company**; provided however, that the power to elect
or otherwise select or to participate in the election or selection of a person to be a
manager as defined in § 18-101(10) of this title shall not, by itself, constitute
participation in the management of the **limited liability company**.

(b) Service of process shall be effected by serving the registered agent (or, if there
is none, the Secretary of State) with 1 copy of such process in the manner provided by
law for service of writs of summons.  In the event service is made under this subsection
upon the Secretary of State, the plaintiff shall pay to the Secretary of State the sum
of $50 for the use of the State of Delaware, which sum shall be taxed as part of the costs
of the proceeding if the plaintiff shall prevail therein. In addition, the Prothonotary
or the Register in Chancery of the court in which the civil action or proceeding is pending
shall, within 7 days of such service, deposit in the United States mails, by registered
mail, postage prepaid, true and attested copies of the process, together with a statement
that service is being made pursuant to this section, addressed to such manager or liquidating
trustee at the registered office of the **limited liability company** and at the manager's
or liquidating trustee's address last known to the party desiring to make such service.

(c) In any action in which any such manager or liquidating trustee has been served with
process as hereinabove provided, the time in which a defendant shall be required to appear
and file a responsive pleading shall be computed from the date of mailing by the Prothonotary
or the Register in Chancery as provided in subsection (b) of this section; however, the
court in which such action has been commenced may order such continuance or continuances
as may be necessary to afford such manager or liquidating trustee reasonable opportunity

     © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-109                                                          Page 2
 6 Del.C. § 18-109

to defend the action.

(d) In a written **limited liability company** agreement or other writing, a manager or member may consent to be subject to the nonexclusive jurisdiction of the courts of, or arbitration in, a specified jurisdiction, or the exclusive jurisdiction of the courts of the State of Delaware, or the exclusivity of arbitration in a specified jurisdiction or the State of Delaware, and to be served with legal process in the manner prescribed in such **limited liability company** agreement or other writing. Except by agreeing to arbitrate any arbitrable matter in a specified jurisdiction or in the State of Delaware, a member who is not a manager may not waive its right to maintain a legal action or proceeding in the courts of the State of Delaware with respect to matters relating to the organization or internal affairs of a **limited liability company**.

(e) Nothing herein contained limits or affects the right to serve process in any other manner now or hereafter provided by law. This section is an extension of and not a limitation upon the right otherwise existing of service of legal process upon nonresidents.

(f) The Court of Chancery and the Superior Court may make all necessary rules respecting the form of process, the manner of issuance and return thereof and such other rules which may be necessary to implement this section and are not inconsistent with this section.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 77, § 6; 72 Del. Laws, c. 129, § 3; 72 Del. Laws, c. 389, § § 2, 3.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August 1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000." This section becomes effective on Jan. 1, 2000.

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

**This section, like § 3114 of Title 10, is a consent statute,** providing that when a nonresident accepts a position as a manager of a Delaware **limited liability company** the nonresident consents that service upon his statutory agent will amount to in personam jurisdiction over him for any claims covered by the statute. Assist Stock Mgt. L.L.C. v. Rosheim, 753 A.2d 974 (Del. Ch. 2000).

**Personal jurisdiction.** -- Because the members of a **limited liability company** never participated materially in the management of the company, they were not subject to service under the implied consent statute; a manager, who was actively involved in negotiations relating to the sale of the company, could reasonably have anticipated being subject to Delaware jurisdiction and was, therefore, subject to service under the implied consent statute. Palmer v. Moffat, -- A.2d -- (Del. Super. Ct. Oct. 10, 2001).

Where plaintiffs relied solely on Delaware's long-arm statute, 10 Del. C. § 3104, to support a claim of personal jurisdiction over a non-resident defendant, and there were only two acts committed in Delaware that had any relevance to the instant litigation, which were the acts of forming each company as **limited liability companies** in Delaware, and there was no indication whatsoever that defendant had any role in the founding or formation of either, the Delaware court lacked personal jurisdiction over defendant; another defendant was a founder, large unit holder, and top officer that had been voted off as a manager of both companies, and 6 Del. C. § § 18-110(a) and subsection (a) of this section provided a basis for the exercise of personal jurisdiction over that defendant, where minimum contacts were shown. Cornerstone Techs., LLC v. Conrad, -- A.2d -- (Del. Ch. Mar. 31, 2003).

Delaware Code Annotated. Copyright © 2004 by the State of Delaware. All

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
DE ST TI 6 §  18-109                                                   Page 3
 6 Del.C. §  18-109
```

                          rights reserved.

```
DE ST TI 6 §  18-109

END OF DOCUMENT
```

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**
DELAWARE CODE ANNOTATED


Delaware Code Annotated <u>Currentness</u>
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
    Subchapter I. General Provisions

    § 18-110  Contested matters relating to managers; contested votes.

       **§ 18-110  Contested matters relating to managers; contested votes.**

(a) Upon application of any member or manager, the Court of Chancery may hear and determine
the validity of any admission, election, appointment, removal or resignation of a manager
of a **limited liability company**, and the right of any person to become or continue to be
a manager of a **limited liability company**, and, in case the right to serve as a manager
is claimed by more than 1 person, may determine the person or persons entitled to serve
as managers; and to that end make such order or decree in any such case as may be just
and proper, with power to enforce the production of any books, papers and records of the
**limited liability company** relating to the issue. In any such application, the **limited
liability company** shall be named as a party and service of copies of the application upon
the registered agent of the **limited liability company** shall be deemed to be service upon
the **limited liability company** and upon the person or persons whose right to serve as a
manager is contested and upon the person or persons, if any, claiming to be a manager
or claiming the right to be a manager; and the registered agent shall forward immediately
a copy of the application to the **limited liability company** and to the person or persons
whose right to serve as a manager is contested and to the person or persons, if any, claiming
to be a manager or the right to be a manager, in a postpaid, sealed, registered letter
addressed to such **limited liability company** and such person or persons at their post-office
addresses last known to the registered agent or furnished to the registered agent by
the applicant member or manager.  The Court may make such order respecting further or
other notice of such application as it deems proper under these circumstances.

(b) Upon application of any member or manager, the Court of Chancery may hear and determine
the result of any vote of members or managers upon matters as to which the members or
managers of the **limited liability company**, or any class or group of members or managers,
have the right to vote pursuant to the **limited liability company** agreement or other agreement
or this  chapter (other than the admission, election, appointment, removal or resignation
of managers). In any such application, the **limited liability company** shall be named as
a party and service of the application upon the registered agent of the **limited liability
company** shall be deemed to be service upon the **limited liability company**, and no other
party need be joined in order for the Court to adjudicate the result of the vote.  The
Court may make such order respecting further or other notice of such application as it
deems proper under these circumstances.

(c) Nothing herein contained limits or affects the right to serve process in any other
manner now or hereafter provided by law. This section is an extension of and not a limitation
upon the right otherwise existing of service of legal process upon nonresidents.

(69 Del. Laws, c. 260, § 5; 71 Del. Laws, c. 77, § 7.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become

DE ST TI 6 §  18-110                                                                    Page 2
 6 Del.C. §  18-110


effective Aug. 1, 1997."

**Personal jurisdiction.** -- Where plaintiffs relied solely on Delaware's long-arm statute,
10 Del. C. §  3104, to support a claim of personal jurisdiction over a non-resident defendant,
and there were only 2 acts committed in Delaware that had any relevance to the instant
litigation, which were the acts of forming each company as **limited liability companies**
in Delaware, and there was no indication whatsoever that defendant had any role in the
founding or formation of either, the Delaware court lacked personal jurisdiction over
defendant; another defendant was a founder, large unit holder, and top officer that had
been voted off as a manager of both companies, and under subsection (a) of this section
and 6 Del. C. §  18-109(a) provided a basis for the exercise of personal jurisdiction
over that defendant, where minimum contacts were shown. Cornerstone Techs., LLC v. Conrad,
-- A.2d -- (Del. Ch. Mar. 31, 2003).


     Delaware Code Annotated.  Copyright $^{©}$  2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 §  18-110

END OF DOCUMENT

          $^{©}$  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER I. GENERAL PROVISIONS
     Subchapter I. General Provisions

   § 18-111  Interpretation and enforcement of **limited liability company** agreement.

      **§  18-111  Interpretation and enforcement of limited liability company** agreement.

Any action to interpret, apply or enforce the provisions of a **limited liability  company**
agreement, or the duties, obligations or liabilities of a **limited liability company** to
the members or managers of the **limited liability company**, or the duties, obligations or
liabilities among members or managers and of members or managers to the **limited liability
company**, or the rights or powers of, or restrictions on, the **limited liability company**,
members or managers, may be brought in the Court of Chancery.

(69 Del. Laws, c. 260, § 6.)


   Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                         rights reserved.

DE ST TI 6 § 18-111

END OF DOCUMENT

         © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
   Subchapter II. Formation; Certificate of Formation

   § 18-201  Certificate of formation.

### § 18-201  Certificate of formation.

(a) In order to form a **limited liability company**, 1 or more authorized persons must execute a certificate of formation. The certificate of formation shall be filed in the office of the Secretary of State and set forth:

   (1) The name of the **limited liability company**;

   (2) The address of the registered office and the name and address of the registered agent for service of process required to be maintained by § 18-104 of this title; and

   (3) Any other matters the members determine to include therein.

(b) A **limited liability company** is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State or at any later date or time specified in the certificate of formation if, in either case, there has been substantial compliance with the requirements of this section. A **limited liability company** formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the **limited liability company's** certificate of formation.

(c) The filing of the certificate of formation in the office of the Secretary of State shall make it unnecessary to file any other documents under Chapter 31 of this title.

(d) A **limited liability company** agreement may be entered into either before, after or at the time of the filing of a certificate of formation and, whether entered into before, after or at the time of such filing, may be made effective as of the formation of the **limited liability company** or at such other time or date as provided in the **limited liability company** agreement.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 7; 70 Del. Laws, c. 75, § 5.)

   Delaware Code Annotated. Copyright © 2004 by the State of Delaware. All

                        rights reserved.

DE ST TI 6 § 18-201

END OF DOCUMENT

       © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 6 Del.C. § 18-201

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
     Subchapter II. Formation; Certificate of Formation

      § 18-202  Amendment to certificate of formation.

        **§ 18-202  Amendment to certificate of formation.**

(a) A certificate of formation is amended by filing a certificate of amendment thereto
in the office of the Secretary of State. The certificate of amendment shall set forth:

    (1) The name of the **limited liability company**; and

    (2) The amendment to the certificate of formation.

(b) A manager or, if there is no manager, then any member who becomes aware that any statement
in a certificate of formation was false when made, or that any matter described has changed
making the certificate of formation false in any material respect, shall promptly amend
the certificate of formation.

(c) A certificate of formation may be amended at any time for any other proper purpose.

(d) Unless otherwise provided in this chapter or unless a later effective date or time
(which shall be a date or time certain) is provided for in the certificate of amendment,
a certificate of amendment shall be effective at the time of its filing with the Secretary
of State.

(68 Del. Laws, c. 434, § 1.)


      Delaware Code Annotated.  Copyright ©  2004 by the State of Delaware.  All


                          rights reserved.

DE ST TI 6 § 18-202

END OF DOCUMENT


        ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
     Subchapter II. Formation; Certificate of Formation

    § 18-203  Cancellation of certificate.

     **§ 18-203  Cancellation of certificate.**

A certificate of formation shall be cancelled upon the dissolution and the completion of winding up of a **limited liability company**, or as provided in § 18-104(d) or § 18-1108 of this chapter, or upon the filing of a certificate of merger or consolidation if the **limited liability company** is not the surviving or resulting entity in a merger or consolidation or upon the filing of a certificate of transfer, or upon the filing of a certificate of conversion to a non-Delaware entity. A certificate of cancellation shall be filed in the office of the Secretary of State to accomplish the cancellation of a certificate of formation upon the dissolution and the completion of winding up of a **limited liability company** and shall set forth:

    (1) The name of the **limited liability company**;

    (2) The date of filing of its certificate of formation;

    (3) The future effective date or time (which shall be a date or time certain) of cancellation if it is not to be effective upon the filing of the certificate; and

    (4) Any other information the person filing the certificate of cancellation determines.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 75, § 6; 71 Del. Laws, c. 77, § 8; 71 Del. Laws, c. 341, § 2; 72 Del. Laws, c. 389, § § 4-6; 73 Del. Laws, c. 295, § 4; 74 Del. Laws, c. 85, § 1.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1, 1998."

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1, 2002."

Section 17 of 74 Del. Laws, c. 85, provides: "This act shall become effective on August 1, 2003."

**Effect of amendments.** -- 73 Del. Laws, c. 295, deleted former (3) and redesignated the remaining subdivisions accordingly.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 §  18-203                                                          Page 2
 6 Del.C. §  18-203


74 Del. Laws, c. 85, inserted "or upon the filing of a certificate of transfer, or upon
the filing of a certificate of conversion to a non-Delaware entity" at the end of the
first sentence in the introductory paragraph.

     Delaware Code Annotated.  Copyright [©] 2004 by the State of Delaware.  All


                         rights reserved.
DE ST TI 6 §  18-203

END OF DOCUMENT

      [©]  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
　Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
　　Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
　　　Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
　　　　Subchapter II. Formation; Certificate of Formation

　　§ 18-204　Execution.

　　　　**§ 18-204　Execution.**

(a) Each certificate required by this subchapter to be filed in the office of the Secretary
of State shall be executed by 1 or more authorized persons.

(b) Unless otherwise provided in a **limited liability company** agreement, any person may
sign any certificate or amendment thereof or enter into a **limited liability company** agreement
or amendment thereof by an agent, including an attorney-in-fact. An authorization, including
a power of attorney, to sign any certificate or amendment thereof or to enter into a **limited
liability company** agreement or amendment thereof need not be in writing, need not be sworn
to, verified or acknowledged, and need not be filed in the office of the Secretary of
State, but if in writing, must be retained by the **limited liability company**.

(c) The execution of a certificate by an authorized person constitutes an oath or affirmation,
under the penalties of perjury in the third degree, that, to the best of the authorized
person's knowledge and belief, the facts stated therein are true.

(68 Del. Laws, c. 434, § 1.)

　　Delaware Code Annotated.　Copyright © 2004 by the State of Delaware.　All


rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated <u>Currentness</u>
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
 Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
    Subchapter II. Formation; Certificate of Formation

    § 18-205  Execution, amendment or cancellation by judicial order.

        **§ 18-205  Execution, amendment or cancellation by judicial order.**

(a) If a person required to execute a certificate required by this subchapter fails or
refuses to do so, any other person who is adversely affected by the failure or refusal
may petition the Court of Chancery to direct the execution of the certificate. If the
Court finds that the execution of the certificate is proper and that any person so designated
has failed or refused to execute the certificate, it shall order the Secretary of State
to record an appropriate certificate.

(b) If a person required to execute a **limited liability company** agreement or amendment
thereof fails or refuses to do so, any other person who is adversely affected by the failure
or refusal may petition the Court of Chancery to direct the execution of the **limited liability
company** agreement or amendment thereof. If the Court finds that the **limited liability
company** agreement or amendment thereof should be executed and that any person required
to execute the **limited liability company** agreement or amendment thereof has failed or
refused to do so, it shall enter an order granting appropriate relief.

(68 Del. Laws, c. 434, § 1.)

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                                rights reserved.

DE ST TI 6 § 18-205

END OF DOCUMENT

        © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

§ 18-206 Filing.

### § 18-206 Filing.

(a) The signed copy of the certificate of formation and of any certificates of amendment, correction, amendment of a certificate with a future effective date or time, termination of a certificate with a future effective date or time or cancellation (or of any judicial decree of amendment or cancellation), and of any certificate of merger or consolidation, any restated certificate, any corrected certificate, any certificate of conversion to **limited liability company**, any certificate of conversion to a non-Delaware entity, any certificate of transfer, any certificate of transfer and continuance, any certificate of **limited liability company** domestication, and of any certificate of revival shall be delivered to the Secretary of State. A person who executes a certificate as an agent or fiduciary need not exhibit evidence of that person's authority as a prerequisite to filing. Any signature on any certificate authorized to be filed with the Secretary of State under any provision of this chapter may be a facsimile, a conformed signature or an electronically transmitted signature. Upon delivery of any certificate, the Secretary of State shall record the date and time of its delivery. Unless the Secretary of State finds that any certificate does not conform to law, upon receipt of all filing fees required by law the Secretary of State shall:

    (1) Certify that the certificate of formation, the certificate of amendment, the certificate of correction, the certificate of amendment of a certificate with a future effective date or time, the certificate of termination of a certificate with a future effective date or time, the certificate of cancellation (or of any judicial decree of amendment or cancellation), the certificate of merger or consolidation, the restated certificate, the corrected certificate, the certificate of conversion to **limited liability company**, the certificate of conversion to a non-Delaware entity, the certificate of transfer, the certificate of transfer and continuance, the certificate of **limited liability company** domestication or the certificate of revival has been filed in the Secretary of State's office by endorsing upon the signed certificate the word "Filed," and the date and time of the filing. This endorsement is conclusive of the date and time of its filing in the absence of actual fraud. Except as provided in subdivision (a)(5) or (a)(6) of this section, such date and time of filing of a certificate shall be the date and time of delivery of the certificate;

    (2) File and index the endorsed certificate;

    (3) Prepare and return to the person who filed it or that person's representative a copy of the signed certificate, similarly endorsed, and shall certify such copy as a true copy of the signed certificate; and

    (4) Cause to be entered such information from the certificate as the Secretary of State deems appropriate into the Delaware Corporation Information System or any system which is a successor thereto in the office of the Secretary of State, and such information and a copy of such certificate shall be permanently maintained as a public record

                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

on a suitable medium. The Secretary of State is authorized to grant direct access
to such system to registered agents subject to the execution of an operating agreement
between the Secretary of State and such registered agent. Any registered agent granted
such access shall demonstrate the existence of policies to ensure that information
entered into the system accurately reflects the content of certificates in the
possession of the registered agent at the time of entry.

(5) Upon request made upon or prior to delivery, the Secretary of State may, to the
extent deemed practicable, establish as the date and time of filing of a certificate
a date and time after its delivery. If the Secretary of State refuses to file any
certificate due to an error, omission or other imperfection, the Secretary of State
may hold such certificate in suspension, and in such event, upon delivery of a replacement
certificate in proper form for filing and tender of the required fees within 5 business
days after notice of such suspension is given to the filer, the Secretary of State
shall establish as the date and time of filing of such certificate the date and time
that would have been the date and time of filing of the rejected certificate had
it been accepted for filing. The Secretary of State shall not issue a certificate
of good standing with respect to any **limited liability company** with a certificate
held in suspension pursuant to this subsection. The Secretary of State may establish
as the date and time of filing of a certificate the date and time at which information
from such certificate is entered pursuant to subdivision (a)(4) of this section if
such certificate is delivered on the same date and within 4 hours after such information
is entered.

(6) If:

    a. Together with the actual delivery of a certificate and tender of the required
    fees, there is delivered to the Secretary of State a separate affidavit (which
    in its heading shall be designated as an affidavit of extraordinary condition)
    attesting, on the basis of personal knowledge of the affiant or a reliable source
    of knowledge identified in the affidavit, that an earlier effort to deliver such
    certificate and tender such fees was made in good faith, specifying the nature,
    date and time of such good faith effort and requesting that the Secretary of State
    establish such date and time as the date and time of filing of such certificate;
    or

    b. Upon the actual delivery of a certificate and tender of the required fees,
    the Secretary of State in his or her discretion provides a written waiver of the
    requirement for such an affidavit stating that it appears to the Secretary of
    State that an earlier effort to deliver such certificate and tender such fees
    was made in good faith and specifying the date and time of such effort; and

    c. The Secretary of State determines that an extraordinary condition existed at
    such date and time, that such earlier effort was unsuccessful as a result of the
    existence of such extraordinary condition, and that such actual delivery and tender
    were made within a reasonable period (not to exceed 2 business days) after the
    cessation of such extraordinary condition, then the Secretary of State may establish
    such date and time as the date and time of filing of such certificate. No fee
    shall be paid to the Secretary of State for receiving an affidavit of extraordinary
    condition. For purposes of this subsection, an extraordinary condition means:
    any emergency resulting from an attack on, invasion or occupation by foreign military
    forces of, or disaster, catastrophe, war or other armed conflict, revolution or
    insurrection or rioting or civil commotion in, the United States or a locality
    in which the Secretary of State conducts its business or in which the good faith
    effort to deliver the certificate and tender the required fees is made, or the
    immediate threat of any of the foregoing; or any malfunction or outage of the
    electrical or telephone service to the Secretary of State's office, or weather
    or other condition in or about a locality in which the Secretary of State conducts
    its business, as a result of which the Secretary of State's office is not open
    for the purpose of the filing of certificates under this chapter or such filing
    cannot be effected without extraordinary effort. The Secretary of State may require
    such proof as it deems necessary to make the determination required under this
    subparagraph of subdivision (a)(6), and any such determination shall be conclusive

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

in the absence of actual fraud. If the Secretary of State establishes the date and time of filing of a certificate pursuant to this subsection, the date and time of delivery of the affidavit of extraordinary condition or the date and time of the Secretary of State's written waiver of such affidavit shall be endorsed on such affidavit or waiver and such affidavit or waiver, so endorsed, shall be attached to the filed certificate to which it relates. Such filed certificate shall be effective as of the date and time established as the date and time of filing by the Secretary of State pursuant to this subsection, except as to those persons who are substantially and adversely affected by such establishment and, as to those persons, the certificate shall be effective from the date and time endorsed on the affidavit of extraordinary condition or written waiver attached thereto.

(b) Upon the filing of a certificate of amendment (or judicial decree of amendment), certificate of correction, corrected certificate or restated certificate in the office of the Secretary of State, or upon the future effective date or time of a certificate of amendment (or judicial decree thereof) or restated certificate, as provided for therein, the certificate of formation shall be amended, corrected or restated as set forth therein. Upon the filing of a certificate of cancellation (or a judicial decree thereof), or a certificate of merger or consolidation which acts as a certificate of cancellation or a certificate of transfer, or a certificate of conversion to a non-Delaware entity, or upon the future effective date or time of a certificate of cancellation (or a judicial decree thereof) or of a certificate of merger or consolidation which acts as a certificate of cancellation or a certificate of transfer, or a certificate of conversion to a non-Delaware entity, as provided for therein, or as specified in § 18-104(d) of this title, the certificate of formation is cancelled. Upon the filing of a certificate of **limited liability company** domestication or upon the future effective date or time of a certificate of **limited liability company** domestication, the entity filing the certificate of **limited liability company** domestication is domesticated as a **limited liability company** with the effect provided in § 18-212 of this title. Upon the filing of a certificate of conversion to **limited liability company** or upon the future effective date or time of a certificate of conversion to **limited liability company**, the entity filing the certificate of conversion to **limited liability company** is converted to a **limited liability company** with the effect provided in § 18-214 of this title. Upon the filing of a certificate of revival, the **limited liability company** is revived with the effect provided in § 18-1109 of this title. Upon the filing of a certificate of transfer and continuance, or upon the future effective date or time of a certificate of transfer and continuance, as provided for therein, the **limited liability company** filing the certificate of transfer and continuance shall continue to exist as a **limited liability company** of the State of Delaware with the effect provided in § 18-213 of this title.

(c) If any certificate filed in accordance with this chapter provides for a future effective date or time and if, prior to such future effective date or time set forth in such certificate, the transaction is terminated or its terms are amended to change the future effective date or time or any other matter described in such certificate so as to make such certificate false or inaccurate in any respect, such certificate shall, prior to the future effective date or time set forth in such certificate, be terminated or amended by the filing of a certificate of termination or certificate of amendment of such certificate, executed in accordance with § 18-204 of this title, which shall identify the certificate which has been terminated or amended and shall state that the certificate has been terminated or the manner in which it has been amended. Upon the filing of a certificate of amendment of a certificate with a future effective date or time, the certificate identified in such certificate of amendment is amended. Upon the filing of a certificate of termination of a certificate with a future effective date or time, the certificate identified in such certificate of termination is terminated.

(d) A fee as set forth in § 18-1105(a)(3) of this title shall be paid at the time of the filing of a certificate of formation, a certificate of amendment, a certificate of correction, a certificate of amendment of a certificate with a future effective date or time, a certificate of termination of a certificate with a future effective date or time, a certificate of cancellation, a certificate of merger or consolidation, a restated certificate, a corrected certificate, a certificate of conversion to **limited liability company**, a certificate of conversion to a non-Delaware entity, a certificate of transfer, a certificate of transfer and continuance, a certificate of **limited liability company**

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

domestication or a certificate of revival.

(e) The Secretary of State, acting as agent, shall collect and deposit in a separate account established exclusively for that purpose, a courthouse municipality fee with respect to each filed instrument and shall thereafter monthly remit funds from such account to the treasuries of the municipalities designated in § 301 of Title 10. Said fees shall be for the purposes of defraying certain costs incurred by such municipalities in hosting the primary locations for the Delaware Courts. The fee to such municipalities shall be $20 for each instrument filed with the Secretary of State in accordance with this section. The municipality to receive the fee shall be the municipality designated in § 301 of Title 10 in the county in which the **limited liability company's** registered office in this State is, or is to be, located, except that a fee shall not be charged for a document filed in accordance with Subchapter IX of this chapter.

(f) A fee as set forth in § 18-1105(a)(4) of this title shall be paid for a certified copy of any paper on file as provided for by this chapter, and a fee as set forth in § 18-1105(a)(5) of this title shall be paid for each page copied.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § § 8-11; 70 Del. Laws, c. 75, § § 7-15; 70 Del. Laws, c. 186, § 1; 70 Del. Laws, c. 360, § § 1-4; 71 Del. Laws, c. 77, § § 9-12; 73 Del. Laws, c. 83, § § 4-10; 73 Del. Laws, c. 295, § 5; 74 Del. Laws, c. 85, § § 2-10; 74 Del. Laws, c. 119, § 1.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1, 2001."

Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1, 2002."

Section 17 of 74 Del. Laws, c. 85, provides: "This act shall become effective on August 1, 2003."

Section 3 of 74 Del. Laws, c. 119, provides: "This act shall take effect on August 1, 2003."

**Effect of amendments.** -- 73 Del. Laws, c. 295, added (a)(4).

74 Del. Laws, c. 85, in the first sentence of (a), deleted "original" following "The," inserted "any certificate of conversion to a non-Delaware entity" and added the present fourth sentence; in the first sentence of (a)(1), inserted "the certificate of conversion to a non-Delaware entity," substituted "signed" for "original," substituted "time" for "hour" and added the last sentence; in (a)(3), deleted "original" preceding "signed" in two places and substituted "certificate" for "instrument" in two places; in the first sentence of (a)(4), substituted "Cause to be entered" for "Enter", inserted "and a copy of such certificate" and added "on a suitable medium" to the end, rewrote the second sentence and added the last sentence; added (a)(5) and (6); inserted "or a certificate of conversion to a non-Delaware entity" two places in the second sentence of (b); and inserted "a certificate of conversion to a non-Delaware entity" in (d).

74 Del. Laws, c. 119, added present (e) and redesignated former (e) as (f).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

rights reserved.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-206                                                                    Page 5
 6 Del.C. § 18-206


END OF DOCUMENT

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated <u>Currentness</u>
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
    Subchapter II. Formation; Certificate of Formation

    § 18-207  Notice.

         **§ 18-207  Notice.**

The fact that a certificate of formation is on file in the office of the Secretary of
State is notice that the entity formed in connection with the filing of the certificate
of formation is a **limited liability company** formed under the laws of the State of Delaware
and is notice of all other facts set forth therein which are required to be set forth
in a certificate of formation by §  18-201(a)(1) and (2) of this title and which are permitted
to be set forth in a certificate of formation by §  18-215(b) of this title.

(68 Del. Laws, c. 434, §  1; 70 Del. Laws, c. 360, §  5.)

      Delaware Code Annotated.  Copyright <sup>©</sup> 2004 by the State of Delaware.  All


                                rights reserved.

END OF DOCUMENT

        <sup>©</sup> 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



DELAWARE CODE ANNOTATED


Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
     Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

   § 18-208  Restated certificate.

           **§ 18-208  Restated certificate.**

(a) A **limited liability company** may, whenever desired, integrate into a single instrument
all of the provisions of its certificate of formation which are then in effect and operative
as a result of there having theretofore been filed with the Secretary of State 1 or more
certificates or other instruments pursuant to any of the sections referred to in this
subchapter, and it may at the same time also further amend its certificate of formation
by adopting a restated certificate of formation.

(b) If a restated certificate of formation merely restates and integrates but does not
further amend the initial certificate of formation, as theretofore amended or supplemented
by any instrument that was executed and filed pursuant to any of the sections in this
subchapter, it shall be specifically designated in its heading as a "Restated Certificate
of Formation" together with such other words as the **limited liability company** may deem
appropriate and shall be executed by an authorized person and filed as provided in § 18-206
of this title in the office of the Secretary of State. If a restated certificate restates
and integrates and also further amends in any respect the certificate of formation, as
theretofore amended or supplemented, it shall be specifically designated in its heading
as an "Amended and Restated Certificate of Formation" together with such other words as
the **limited liability company** may deem appropriate and shall be executed by at least 1
authorized person, and filed as provided in § 18-206 of this title in the office of the
Secretary of State.

(c) A restated certificate of formation shall state, either in its heading or in an
introductory paragraph, the **limited liability company's** present name, and, if it has been
changed, the name under which it was originally filed, and the date of filing of its original
certificate of formation with the Secretary of State, and the future effective date or
time (which shall be a date or time certain) of the restated certificate if it is not
to be effective upon the filing of the restated certificate. A restated certificate shall
also state that it was duly executed and is being filed in accordance with this section.
If a restated certificate only restates and integrates and does not further amend a **limited
liability company's** certificate of formation as theretofore amended or supplemented and
there is no discrepancy between those provisions and the restated certificate, it shall
state that fact as well.

(d) Upon the filing of a restated certificate of formation with the Secretary of State,
or upon the future effective date or time of a restated certificate of formation as provided
for therein, the initial certificate of formation, as theretofore amended or supplemented,
shall be superseded; thenceforth, the restated certificate of formation, including any
further amendment or changes made thereby, shall be the certificate of formation of the
**limited liability company**, but the original effective date of formation shall remain
unchanged.

(e) Any amendment or change effected in connection with the restatement and integration
of the certificate of formation shall be subject to any other provision of this chapter,

        © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-208                                                      Page 2
 6 Del.C. § 18-208

not inconsistent with this section, which would apply if a separate certificate of amendment
were filed to effect such amendment or change.

(68 Del. Laws, c. 434, § 1.)


      Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 § 18-208

END OF DOCUMENT

      © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
     Subchapter II. Formation; Certificate of Formation

   § 18-209  Merger and consolidation.

      **§ 18-209  Merger and consolidation.**

(a) As used in this section, "other business entity" means a corporation, a statutory
trust, or a business trust or association, a real estate investment trust, a common-law
trust, or any other unincorporated business, including a partnership (whether general
(including a limited liability partnership) or limited (including a limited liability
limited partnership)), and a foreign **limited liability company**, but excluding a domestic
**limited liability company**.

(b) Pursuant to an agreement of merger or consolidation, 1 or more domestic **limited liability
companies** may merge or consolidate with or into 1 or more domestic **limited liability companies**
or 1 or more other business entities formed or organized under the laws of the State of
Delaware or any other state or the United States or any foreign country or other foreign
jurisdiction, or any combination thereof, with such domestic **limited liability companies**
or other business entity as the agreement shall provide being the surviving or resulting
domestic **limited liability companies** or other business entity. Unless otherwise provided
in the **limited liability company** agreement, a merger or consolidation shall be approved
by each domestic **limited liability company** which is to merge or consolidate by the members
or, if there is more than one class or group of members, then by each class or group of
members, in either case, by members who own more than 50 percent of the then current percentage
or other interest in the profits of the domestic **limited liability company** owned by all
of the members or by the members in each class or group, as appropriate. In connection
with a merger or consolidation hereunder, rights or securities of, or interests in, a
domestic **limited liability company** or other business entity which is a constituent party
to the merger or consolidation may be exchanged for or converted into cash, property,
rights or securities of, or interests in, the surviving or resulting domestic **limited
liability company** or other business entity or, in addition to or in lieu thereof, may
be exchanged for or converted into cash, property, rights or securities of, or interests
in, a domestic **limited liability company** or other business entity which is not the surviving
or resulting **limited liability company** or other business entity in the merger or
consolidation or may be cancelled. Notwithstanding prior approval, an agreement of merger
or consolidation may be terminated or amended pursuant to a provision for such termination
or amendment contained in the agreement of merger or consolidation.

(c) If a domestic **limited liability company** is merging or consolidating under this section,
the domestic **limited liability company** or other business entity surviving or resulting
in or from the merger or consolidation shall file a certificate of merger or consolidation
executed by 1 or more authorized persons on behalf of the domestic **limited liability company**
when it is the surviving or resulting entity in the office of the Secretary of State.
The certificate of merger or consolidation shall state:

     (1) The name and jurisdiction of formation or organization of each of the domestic
     **limited liability companies** and other business entities which is to merge or

       ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-209                                                    Page 2
6 Del.C. § 18-209

consolidate;

(2) That an agreement of merger or consolidation has been approved and executed by each of the domestic **limited liability companies** and other business entities which is to merge or consolidate;

(3) The name of the surviving or resulting domestic **limited liability company** or other business entity;

(4) In the case of a merger in which a domestic **limited liability company** is the surviving entity, such amendments, if any, to the certificate of formation of the surviving domestic **limited liability company** to change its name as are desired to be effected by the merger;

(5) The future effective date or time (which shall be a date or time certain) of the merger or consolidation if it is not to be effective upon the filing of the certificate of merger or consolidation;

(6) That the agreement of merger or consolidation is on file at a place of business of the surviving or resulting domestic **limited liability company** or other business entity, and shall state the address thereof;

(7) That a copy of the agreement of merger or consolidation will be furnished by the surviving or resulting domestic **limited liability company** or other business entity, on request and without cost, to any member of any domestic **limited liability company** or any person holding an interest in any other business entity which is to merge or consolidate; and

(8) If the surviving or resulting entity is not a domestic **limited liability company**, or a corporation or limited partnership organized under the laws of the State of Delaware, or a statutory trust organized under Chapter 38 of Title 12, a statement that such surviving or resulting other business entity agrees that it may be served with process in the State of Delaware in any action, suit or proceeding for the enforcement of any obligation of any domestic **limited liability company** which is to merge or consolidate, irrevocably appointing the Secretary of State as its agent to accept service of process in any such action, suit or proceeding and specifying the address to which a copy of such process shall be mailed to it by the Secretary of State. In the event of service hereunder upon the Secretary of State, the procedures set forth in § 18-911(c) of this title shall be applicable, except that the plaintiff in any such action, suit or proceeding shall furnish the Secretary of State with the address specified in the certificate of merger or consolidation provided for in this section and any other address which the plaintiff may elect to furnish, together with copies of such process as required by the Secretary of State, and the Secretary of State shall notify such surviving or resulting other business entity at all such addresses furnished by the plaintiff in accordance with the procedures set forth in § 18-911(c) of this title.

(d) Unless a future effective date or time is provided in a certificate of merger or consolidation, in which event a merger or consolidation shall be effective at any such future effective date or time, a merger or consolidation shall be effective upon the filing in the office of the Secretary of State of a certificate of merger or consolidation.

(e) A certificate of merger or consolidation shall act as a certificate of cancellation for a domestic **limited liability company** which is not the surviving or resulting entity in the merger or consolidation. A certificate of merger that sets forth any amendment in accordance with subsection (c)(4) of this section shall be deemed to be an amendment to the certificate of formation of the **limited liability company**, and the **limited liability company** shall not be required to take any further action to amend its certificate of formation under § 18-202 of this title with respect to such amendments set forth in the certificate of merger. Whenever this section requires the filing of a certificate of merger or consolidation, such requirement shall be deemed satisfied by the filing of an agreement of merger or consolidation containing the information required by this section to be set forth in the certificate of merger or consolidation.

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(f) An agreement of merger or consolidation approved in accordance with subsection (b) of this section may:

(1) Effect any amendment to the **limited liability company** agreement; or

(2) Effect the adoption of a new **limited liability company** agreement, for a **limited liability company** if it is the surviving or resulting **limited liability company** in the merger or consolidation.

Any amendment to a **limited liability company** agreement or adoption of a new **limited liability company** agreement made pursuant to the foregoing sentence shall be effective at the effective time or date of the merger or consolidation. The provisions of this subsection shall not be construed to limit the accomplishment of a merger or of any of the matters referred to herein by any other means provided for in a **limited liability company** agreement or other agreement or as otherwise permitted by law, including that the **limited liability company** agreement of any constituent **limited liability company** to the merger or consolidation (including a **limited liability company** formed for the purpose of consummating a merger or consolidation) shall be the **limited liability company** agreement of the surviving or resulting **limited liability company**.

(g) When any merger or consolidation shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of each of the domestic **limited liability companies** and other business entities that have merged or consolidated, and all property, real, personal and mixed, and all debts due to any of said domestic **limited liability companies** and other business entities, as well as all other things and causes of action belonging to each of such domestic **limited liability companies** and other business entities, shall be vested in the surviving or resulting domestic **limited liability company** or other business entity, and shall thereafter be the property of the surviving or resulting domestic **limited liability company** or other business entity as they were of each of the domestic **limited liability companies** and other business entities that have merged or consolidated, and the title to any real property vested by deed or otherwise, under the laws of the State of Delaware, in any of such domestic **limited liability companies** and other business entities, shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of any of said domestic **limited liability companies** and other business entities shall be preserved unimpaired, and all debts, liabilities and duties of each of the said domestic **limited liability companies** and other business entities that have merged or consolidated shall thenceforth attach to the surviving or resulting domestic **limited liability company** or other business entity, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. Unless otherwise agreed, a merger or consolidation of a domestic **limited liability company**, including a domestic **limited liability company** which is not the surviving or resulting entity in the merger or consolidation, shall not require such domestic **limited liability company** to wind up its affairs under §  18-803 of this title or pay its liabilities and distribute its assets under §  18-804 of this title.

(68 Del. Laws, c. 434, §  1; 69 Del. Laws, c. 260, §  §  12, 13; 70 Del. Laws, c. 75, §  §  16, 17; 71 Del. Laws, c. 341, §  §  3-7; 72 Del. Laws, c. 389, §  7; 73 Del. Laws, c. 83, §  11; 73 Del. Laws, c. 329, §  §  27, 28; 74 Del. Laws, c. 275, §  §  2-4.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1, 1998."

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1, 2001."

Section 74 of 73 Del. Laws, c. 329, provides: "The effective date of this act shall be Sept. 1, 2002."

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-209                                                    Page 4
 6 Del.C. § 18-209


Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August
1, 2004."

**Effect of amendments.** -- 73 Del. Laws, c. 329, inserted "a statutory trust" in  (a); and
substituted "statutory trust" for "business trust" in the first sentence in (c)(7).

74 Del. Laws, c. 275, redesignated former (c)(4) through (7) as present (c)(5) through
(8) and inserted present (c)(4); added "or may be cancelled" at the end of the third sentence
in (b); and added the second sentence in (e).

**Date of merger.** -- Nothing in this section limits its applicability to merging entities
that were formed after the statute was enacted; accordingly, the relevant time for applying
the statute is the date of the merger, not the earlier date on which the partnership was
formed. Cole v. Kershaw,  -- A.2d -- (Del. Ch. Aug. 15, 2000).


    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                             rights reserved.

DE ST TI 6 § 18-209

END OF DOCUMENT

        © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

    § 18-210  Contractual appraisal rights.

        **§  18-210  Contractual appraisal rights.**

A **limited liability company** agreement or an agreement of merger or consolidation may provide that contractual appraisal rights with respect to a **limited liability company** interest or another interest in a **limited liability  company** shall be available for any class or group of members or **limited liability company** interests in connection with any amendment of a **limited liability company** agreement, any merger or consolidation in which the **limited liability company** is a constituent party to the merger or consolidation, any conversion of the **limited liability company** to another business form, any transfer to or domestication in any jurisdiction by the **limited liability company**, or the sale of all or substantially all of the **limited liability company's** assets. The Court of Chancery shall have jurisdiction to hear and determine any matter relating to any such appraisal rights.

(69 Del. Laws, c. 260, §  14; 73 Del. Laws, c. 295, §  6.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1, 2002."

**Effect of amendments.** -- 73 Del. Laws, c. 295, inserted "any conversion of the **limited liability company** to another business form, any transfer to or domestication in any jurisdiction by the **limited liability company**" in the first sentence.

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                          rights reserved.

DE ST TI 6 § 18-210

END OF DOCUMENT

        © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
     Subchapter II. Formation; Certificate of Formation

    § 18-211  Certificate of correction.

### § 18-211  Certificate of correction.

(a) Whenever any certificate authorized to be filed with the office of the Secretary of State under any provision of this chapter has been so filed and is an inaccurate record of the action therein referred to, or was defectively or erroneously executed, such certificate may be corrected by filing with the office of the Secretary of State a certificate of correction of such certificate. The certificate of correction shall specify the inaccuracy or defect to be corrected, shall set forth the portion of the certificate in corrected form, and shall be executed and filed as required by this chapter. The certificate of correction shall be effective as of the date the original certificate was filed, except as to those persons who are substantially and adversely affected by the correction, and as to those persons the certificate of correction shall be effective from the filing date.

(b) In lieu of filing a certificate of correction, a certificate may be corrected by filing with the Secretary of State a corrected certificate which shall be executed and filed as if the corrected certificate were the certificate being corrected, and a fee equal to the fee payable to the Secretary of State if the certificate being corrected were then being filed shall be paid and collected by the Secretary of State for the use of the State of Delaware in connection with the filing of the corrected certificate. The corrected certificate shall be specifically designated as such in its heading, shall specify the inaccuracy or defect to be corrected and shall set forth the entire certificate in corrected form. A certificate corrected in accordance with this section shall be effective as of the date the original certificate was filed, except as to those persons who are substantially and adversely affected by the correction and as to those persons the certificate as corrected shall be effective from the filing date.

(69 Del. Laws, c. 260, § 15; 71 Del. Laws, c. 77, § 13.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

                          rights reserved.

END OF DOCUMENT

      © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 6 Del.C. § 18-211

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
   Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
    Subchapter II. Formation; Certificate of Formation

§ 18-212  Domestication of non-United States entities.

### § 18-212  Domestication of non-United States entities.

(a) As used in this section, "non-United States entity" means a foreign **limited liability company** (other than one formed under the laws of a state) or a corporation, a business trust or association, a real estate investment trust, a common-law trust or any other unincorporated business, including a partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)) formed, incorporated, created or that otherwise came into being under the laws of any foreign country or other foreign jurisdiction (other than any state).

(b) Any non-United States entity may become domesticated as a **limited liability company** in the State of Delaware by complying with subsection (g) of this section and filing in the office of the Secretary of State in accordance with § 18-206 of this title:

(1) A certificate of **limited liability company** domestication that has been executed by 1 or more authorized persons in accordance with § 18-204 of this title; and

(2) A certificate of formation that complies with § 18-201 of this title and has been executed by 1 or more authorized persons in accordance with § 18-204 of this title.

(c) The certificate of **limited liability company** domestication shall state:

(1) The date on which and jurisdiction where the non-United States entity was first formed, incorporated, created or otherwise came into being;

(2) The name of the non-United States entity immediately prior to the filing of the certificate of **limited liability company** domestication;

(3) The name of the **limited liability company** as set forth in the certificate of formation filed in accordance with subsection (b) of this section;

(4) The future effective date or time (which shall be a date or time certain) of the domestication as a **limited liability company** if it is not to be effective upon the filing of the certificate of **limited liability company** domestication and the certificate of formation; and

(5) The jurisdiction that constituted the seat, siege social, or principal place of business or central administration of the non-United States entity, or any other equivalent thereto under applicable law, immediately prior to the filing of the certificate of **limited liability company** domestication.

(d) Upon the filing in the office of the Secretary of State of the certificate of **limited**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

liability company domestication and the certificate of formation or upon the future effective date or time of the certificate of limited liability company domestication and the certificate of formation, the non-United States entity shall be domesticated as a limited liability company in the State of Delaware and the limited liability company shall thereafter be subject to all of the provisions of this chapter, except that notwithstanding § 18-201 of this title, the existence of the limited liability company shall be deemed to have commenced on the date the non-United States entity commenced its existence in the jurisdiction in which the non-United States entity was first formed, incorporated, created or otherwise came into being.

(e) The domestication of any non-United States entity as a limited liability company in the State of Delaware shall not be deemed to affect any obligations or liabilities of the non-United States entity incurred prior to its domestication as a limited liability company in the State of Delaware, or the personal liability of any person therefor.

(f) The filing of a certificate of limited liability company domestication shall not affect the choice of law applicable to the non-United States entity, except that from the effective date or time of the domestication, the law of the State of Delaware, including the provisions of this chapter, shall apply to the non-United States entity to the same extent as if the non-United States entity had been formed as a limited liability company on that date.

(g) Prior to filing a certificate of limited liability company domestication with the Office of the Secretary of State, the domestication shall be approved in the manner provided for by the document, instrument, agreement or other writing, as the case may be, governing the internal affairs of the non-United States entity and the conduct of its business or by applicable non-Delaware law, as appropriate, and a limited liability company agreement shall be approved by the same authorization required to approve the domestication.

(h) When any domestication shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the non-United States entity that has been domesticated, and all property, real, personal and mixed, and all debts due to such non-United States entity, as well as all other things and causes of action belonging to such non-United States entity, shall remain vested in the domestic limited liability company to which such non-United States entity has been domesticated and shall be the property of such domestic limited liability company, and the title to any real property vested by deed or otherwise in such non-United States entity shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of such non-United States entity shall be preserved unimpaired, and all debts, liabilities and duties of the non-United States entity that has been domesticated shall remain attached to the domestic limited liability company to which such non-United States entity has been domesticated, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as a domestic limited liability company. The rights, privileges, powers and interests in property of the non-United States entity, as well as the debts, liabilities and duties of the non-United States entity, shall not be deemed, as a consequence of the domestication, to have been transferred to the domestic limited liability company to which such non-United States entity has domesticated for any purpose of the laws of the State of Delaware.

(i) When a non-United States entity has become domesticated as a limited liability company pursuant to this section, the limited liability company shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the domesticating non-United States entity. Unless otherwise agreed, or as required under applicable non-Delaware law, the domesticating non-United States entity shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the domestication shall not be deemed to constitute a dissolution of such non-United States entity and shall constitute a continuation of the existence of the domesticating non-United States entity in the form of a domestic limited liability company. If, following domestication, a non-United States entity that has become domesticated as a limited liability company continues its existence in the foreign country or other foreign jurisdiction in which it was existing immediately prior to domestication, the limited liability company and such non-United States entity shall, for all purposes of the laws of the State of Delaware, constitute a single entity formed, incorporated, created or otherwise having come into being, as applicable, and existing under the laws of the State of Delaware and the laws of such foreign country

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-212                                                          Page 3
 6 Del.C. § 18-212

or other foreign jurisdiction.

(j) In connection with a domestication hereunder, rights or securities of, or interests in, the non-United States entity that is to be domesticated as a domestic **limited liability company** may be exchanged for or converted into cash, property, rights or securities of, or interests in, such domestic **limited liability company** or, in addition to or in lieu thereof, may be exchanged for or converted into cash, property, rights or securities of, or interests in, another domestic **limited liability company** or other entity or may be cancelled.

(70 Del. Laws, c. 360, § 6; 71 Del. Laws, c. 77, § 14; 72 Del. Laws, c. 129, § 4; 72 Del. Laws, c. 389, §§ 8, 9; 73 Del. Laws, c. 83, § 12; 74 Del. Laws, c. 275, § 5.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August 1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000." This section became effective on August 1, 1999. This section became effective on Aug. 1, 1999.

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1, 2001."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August 1, 2004."

**Effect of amendments.** -- 74 Del. Laws, c. 275, added "or may be cancelled" to the end of (j).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


rights reserved.

DE ST TI 6 § 18-212

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
 Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
 Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
 Subchapter II. Formation; Certificate of Formation

§ 18-213  Transfer or continuance of domestic **limited liability companies**.

**§ 18-213  Transfer or continuance of domestic limited liability companies.**

(a) Upon compliance with this section, any **limited liability company** may transfer to or domesticate in any jurisdiction, other than any state, and, in connection therewith, may elect to continue its existence as a **limited liability company** in the State of Delaware.

(b) Unless otherwise provided in a **limited liability company** agreement, a transfer or domestication or continuance described in subsection (a) of this section shall be approved in writing by all of the managers and all of the members. If all of the managers and all of the members of the **limited liability company** or such other vote as may be stated in a **limited liability company** agreement shall approve the transfer or domestication described in subsection (a) of this section, a certificate of transfer if the **limited liability company's** existence as a **limited liability company** of the State of Delaware is to cease, or a certificate of transfer and continuance if the **limited liability company's** existence as a **limited liability company** in the State of Delaware is to continue, executed in accordance with § 18-204 of this title, shall be filed in the office of the Secretary of State in accordance with § 18-206 of this title. The certificate of transfer or the certificate of transfer and continuance shall state:

   (1) The name of the **limited liability company** and, if it has been changed, the name under which its certificate of formation was originally filed;

   (2) The date of the filing of its original certificate of formation with the Secretary of State;

   (3) The jurisdiction to which the **limited liability company** shall be transferred or in which it shall be domesticated;

   (4) The future effective date or time (which shall be a date or time certain) of the transfer or domestication to the jurisdiction specified in subsection (b)(3) of this section if it is not to be effective upon the filing of the certificate of transfer or the certificate of transfer and continuance;

   (5) That the transfer or domestication or continuance of the **limited liability company** has been approved in accordance with this section;

   (6) In the case of a certificate of transfer, (i) that the existence of the **limited liability company** as a **limited liability company** of the State of Delaware shall cease when the certificate of transfer becomes effective, and (ii) the agreement of the **limited liability company** that it may be served with process in the State of Delaware in any action, suit or proceeding for enforcement of any obligation of the **limited liability company** arising while it was a **limited liability company** of the State of Delaware, and that it irrevocably appoints the Secretary of State as its agent to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

accept service of process in any such action, suit or proceeding;

(7) The address to which a copy of the process referred to in subsection (b)(6) of this section shall be mailed to it by the Secretary of State. In the event of service hereunder upon the Secretary of State, the procedures set forth in § 18-911(c) of this title shall be applicable, except that the plaintiff in any such action, suit or proceeding shall furnish the Secretary of State with the address specified in this subsection and any other address that the plaintiff may elect to furnish, together with copies of such process as required by the Secretary of State, and the Secretary of State shall notify the **limited liability company** that has transferred or domesticated out of the State of Delaware at all such addresses furnished by the plaintiff in accordance with the procedures set forth in § 18-911(c) of this title; and

(8) In the case of a certificate of transfer and continuance, that the **limited liability company** will continue to exist as a **limited liability company** of the State of Delaware after the certificate of transfer and continuance becomes effective.

(c) Upon the filing in the office of the Secretary of State of the certificate of transfer or upon the future effective date or time of the certificate of transfer and payment to the Secretary of State of all fees prescribed in this chapter, the Secretary of State shall certify that the **limited liability company** has filed all documents and paid all fees required by this chapter, and thereupon the **limited liability company** shall cease to exist as a **limited liability company** of the State of Delaware. Such certificate of the Secretary of State shall be prima facie evidence of the transfer or domestication by such **limited liability company** out of the State of Delaware.

(d) The transfer or domestication of a **limited liability company** out of the State of Delaware in accordance with this section and the resulting cessation of its existence as a **limited liability company** of the State of Delaware pursuant to a certificate of transfer shall not be deemed to affect any obligations or liabilities of the **limited liability company** incurred prior to such transfer or domestication or the personal liability of any person incurred prior to such transfer or domestication, nor shall it be deemed to affect the choice of law applicable to the **limited liability company** with respect to matters arising prior to such transfer or domestication. Unless otherwise agreed, the transfer or domestication of a **limited liability company** out of the State of Delaware in accordance with this section shall not require such **limited liability company** to wind up its affairs under § 18-803 of this title or pay its liabilities and distribute its assets under § 18-804 of this title.

(e) If a **limited liability company** files a certificate of transfer and continuance, after the time the certificate of transfer and continuance becomes effective, the **limited liability company** shall continue to exist as a **limited liability company** of the State of Delaware, and the laws of the State of Delaware, including this chapter, shall apply to the **limited liability company** to the same extent as prior to such time. So long as a **limited liability company** continues to exist as a **limited liability company** of the State of Delaware following the filing of a certificate of transfer and continuance, the continuing domestic **limited liability company** and the entity formed, incorporated, created or that otherwise came into being as a consequence of the transfer of the **limited liability company** to, or its domestication in, a foreign country or other foreign jurisdiction shall, for all purposes of the laws of the State of Delaware, constitute a single entity formed, incorporated, created or otherwise having come into being, as applicable, and existing under the laws of the State and the laws of such foreign country or other foreign jurisdiction.

(f) In connection with a transfer or domestication of a domestic **limited liability company** to or in another jurisdiction pursuant to subsection (a) of this section, rights or securities of, or interests in, such **limited liability company** may be exchanged for or converted into cash, property, rights or securities of, or interests in, the business form in which the **limited liability company** will exist in such other jurisdiction as a consequence of the transfer or domestication or, in addition to or in lieu thereof, may be exchanged for or converted into cash, property, rights or securities of, or interests in, another business form or may be cancelled.

(g) When a **limited liability company** has transferred or domesticated out of the State of Delaware pursuant to this section, the transferred or domesticated business form shall,

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-213                                                           Page 3
 6 Del.C. § 18-213

for all purposes of the laws of the State of Delaware, be deemed to be the same entity
as the **limited liability company**. When any transfer or domestication of a **limited liability
company** out of the State of Delaware shall have become effective under this section, for
all purposes of the laws of the State of Delaware, all of the rights, privileges and powers
of the **limited liability company** that has transferred or domesticated, and all property,
real, personal and mixed, and all debts due to such **limited liability company**, as well
as all other things and causes of action belonging to such **limited liability company**,
shall remain vested in the transferred or domesticated business form and shall be the
property of such transferred or domesticated business form, and the title to any real
property vested by deed or otherwise in such **limited liability company** shall not revert
or be in any way impaired by reason of this chapter; but all rights of creditors and all
liens upon any property of such **limited liability company** shall be preserved unimpaired,
and all debts, liabilities and duties of the **limited liability company** that has transferred
or domesticated shall remain attached to the transferred or domesticated business form,
and may be enforced against it to the same extent as if said debts, liabilities and duties
had originally been incurred or contracted by it in its capacity as the transferred or
domesticated business form. The rights, privileges, powers and interests in property of
the **limited liability company** that has transferred or domesticated, as well as the debts,
liabilities and duties of such **limited liability company**, shall not be deemed, as a
consequence of the transfer or domestication out of the State of Delaware, to have been
transferred to the transferred or domesticated business form for any purpose of the laws
of the State of Delaware.

(70 Del. Laws, c. 360, § 7; 71 Del. Laws, c. 77, § 15; 71 Del. Laws, c. 341, § 8; 72
Del. Laws, c. 129, § 5; 72 Del. Laws, c. 389, § 10; 73 Del. Laws, c. 83, § 13; 74 Del.
Laws, c. 85, § 11; 74 Del. Laws, c. 275, § § 6, 7.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become
effective Aug. 1, 1997."

Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1,
1998."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August
1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000."

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August
1, 2000."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1,
2001."

Section 17 of 74 Del. Laws, c. 85, provides: "This act shall become effective August 1,
2003."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August
1, 2004."

**Effect of amendments.** -- 74 Del. Laws, c. 85, deleted "that permits the transfer to or
domestication in such jurisdiction of a **limited liability company**" following "other than
any state" in (a).

74 Del. Laws, c. 275, added "or may be cancelled" to the end of (f); and added (g).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


rights reserved.

DE ST TI 6 § 18-213

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-213
 6 Del.C. § 18-213


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

     § 18-214  Conversion of certain entities to a **limited liability company**.

        **§ 18-214  Conversion of certain entities to a limited liability company**.

(a) As used in this section, the term "other entity" means a corporation, statutory trust,
business trust or association, a real estate investment trust, a common-law trust or any
other unincorporated business, including a partnership (whether general (including a
limited liability partnership) or limited (including a limited liability limited
partnership)) or a foreign **limited liability company**.

(b) Any other entity may convert to a domestic **limited liability company** by complying
with subsection (h) of this section and filing in the office of the Secretary of State
in accordance with § 18-206 of this title:

     (1) A certificate of conversion to **limited liability company** that has been executed
     by 1 or more authorized persons in accordance with § 18-204 of this title; and

     (2) A certificate of formation that complies with § 18-201 of this title and has
     been executed by 1 or more authorized persons in accordance with § 18-204 of this
     title.

(c) The certificate of conversion to **limited liability company** shall state:

     (1) The date on which and jurisdiction where the other entity was first created,
     incorporated, formed or otherwise came into being and, if it has changed, its
     jurisdiction immediately prior to its conversion to a domestic **limited liability
     company**;

     (2) The name of the other entity immediately prior to the filing of the certificate
     of conversion to **limited liability company**;

     (3) The name of the **limited liability company** as set forth in its certificate of
     formation filed in accordance with subsection (b) of this section; and

     (4) The future effective date or time (which shall be a date or time certain) of
     the conversion to a **limited liability company** if it is not to be effective upon the
     filing of the certificate of conversion to **limited liability company** and the certificate
     of formation.

(d) Upon the filing in the office of the Secretary of State of the certificate of conversion
to **limited liability company** and the certificate of formation or upon the future effective
date or time of the certificate of conversion to **limited liability company** and the certificate
of formation, the other entity shall be converted into a domestic **limited liability company**
and the **limited liability company** shall thereafter be subject to all of the provisions
of this chapter, except that notwithstanding § 18-201 of this title, the existence of
the **limited liability company** shall be deemed to have commenced on the date the other

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

entity commenced its existence in the jurisdiction in which the other entity was first
created, formed, incorporated or otherwise came into being.

(e) The conversion of any other entity into a domestic **limited liability company** shall
not be deemed to affect any obligations or liabilities of the other entity incurred prior
to its conversion to a domestic **limited liability company** or the personal liability of
any person incurred prior to such conversion.

(f) When any conversion shall have become effective under this section, for all purposes
of the laws of the State of Delaware, all of the rights, privileges and powers of the
other entity that has converted, and all property, real, personal and mixed, and all debts
due to such other entity, as well as all other things and causes of action belonging to
such other entity, shall remain vested in the domestic **limited liability company** to which
such other entity has converted and shall be the property of such domestic **limited liability
company**, and the title to any real property vested by deed or otherwise in such other
entity shall not revert or be in any way impaired by reason of this chapter; but all rights
of creditors and all liens upon any property of such other entity shall be preserved unimpaired,
and all debts, liabilities and duties of the other entity that has converted shall remain
attached to the domestic **limited liability company** to which such other entity has converted,
and may be enforced against it to the same extent as if said debts, liabilities and duties
had originally been incurred or contracted by it in its capacity as a domestic **limited
liability company**. The rights, privileges, powers and interests in property of the other
entity, as well as the debts, liabilities and duties of the other entity, shall not be
deemed, as a consequence of the conversion, to have been transferred to the domestic **limited
liability company** to which such other entity has converted for any purpose of the laws
of the State of Delaware.

(g) Unless otherwise agreed, or as required under applicable non-Delaware law, the converting
other entity shall not be required to wind up its affairs or pay its liabilities and distribute
its assets, and the conversion shall not be deemed to constitute a dissolution of such
other entity and shall constitute a continuation of the existence of the converting other
entity in the form of a domestic **limited liability company**. When an other entity has been
converted to a **limited liability company** pursuant to this section, the **limited liability
company** shall, for all purposes of the laws of the State of Delaware, be deemed to be
the same entity as the converting other entity.

(h) Prior to filing a certificate of conversion to **limited liability company** with the
office of the Secretary of State, the conversion shall be approved in the manner provided
for by the document, instrument, agreement or other writing, as the case may be, governing
the internal affairs of the other entity and the conduct of its business or by applicable
law, as appropriate and a **limited liability company** agreement shall be approved by the
same authorization required to approve the conversion.

(i) In connection with a conversion hereunder, rights or securities of or interests in
the other entity which is to be converted to a domestic **limited liability company** may
be exchanged for or converted into cash, property, or rights or securities of or interests
in such domestic **limited liability company** or, in addition to or in lieu thereof, may
be exchanged for or converted into cash, property, or rights or securities of or interests
in another domestic **limited liability company** or other entity or may be cancelled.

(j) The provisions of this section shall not be construed to limit the accomplishment
of a change in the law governing, or the domicile of, an other entity to the State of
Delaware by any other means provided for in a **limited liability company** agreement or other
agreement or as otherwise permitted by law, including by the amendment of a **limited liability
company** agreement or other agreement.

(70 Del. Laws, c. 360, § 8; 71 Del. Laws, c. 77, § § 16-18; 72 Del. Laws, c. 129, §
§ 6-8; 72 Del. Laws, c. 389, § § 11-13; 73 Del. Laws, c. 329, § 29; 74 Del. Laws, c.
275, § 8.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become
effective Aug. 1, 1997."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-214                                                    Page 3
 6 Del.C. § 18-214


Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August 1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000." This section became effective on Aug. 1, 1999.

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 74 of 73 Del. Laws, c. 329, provides: "The effective date of this act shall be Sept. 1, 2002."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August 1, 2004."

**Effect of amendments.** -- 73 Del. Laws, c. 329, inserted "statutory trust" in (a).

74 Del. Laws, c. 275, added "or may be cancelled" to the end of (i).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


rights reserved.

DE ST TI 6 § 18-214

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

    § 18-215  Series of members, managers or **limited liability company** interests.

        **§ 18-215  Series of members, managers or limited liability company** interests.

(a) A **limited liability company** agreement may establish or provide for the establishment
of 1 or more designated series of members, managers or **limited liability company** interests
having separate rights, powers or duties with respect to specified property or obligations
of the **limited liability company** or profits and losses associated with specified property
or obligations, and any such series may have a separate business purpose or investment
objective.

(b) Notwithstanding anything to the contrary set forth in this chapter or under other
applicable law, in the event that a **limited liability company** agreement establishes or
provides for the establishment of 1 or more series, and if separate and distinct records
are maintained for any such series and the assets associated with any such series are
held in such separate and distinct records (directly or indirectly, including through
a nominee or otherwise) and accounted for in such separate and distinct records separately
from the other assets of the **limited liability company**, or any other series thereof, and
if the **limited liability company** agreement so provides, and if notice of the limitation
on liabilities of a series as referenced in this subsection is set forth in the certificate
of formation of the **limited liability company**, then the debts, liabilities, obligations
and expenses incurred, contracted for or otherwise existing with respect to a particular
series shall be enforceable against the assets of such series only, and not against the
assets of the **limited liability company** generally or any other series thereof, and, unless
otherwise provided in the **limited liability company** agreement, none of the debts,
liabilities, obligations and expenses incurred, contracted for or otherwise existing with
respect to the **limited liability company** generally or any other series thereof shall be
enforceable against the assets of such series. Notice in a certificate of formation of the
limitation on liabilities of a series as referenced in this subsection shall be sufficient
for all purposes of this subsection whether or not the **limited liability company** has
established any series when such notice is included in the certificate of formation, and
there shall be no requirement that any specific series of the **limited liability company**
be referenced in such notice. The fact that a certificate of formation that contains the
foregoing notice of the limitation on liabilities of a series is on file in the office
of the Secretary of State shall constitute notice of such limitation on liabilities of
a series.

(c) Notwithstanding § 18-303(a) of this title, under a **limited liability company** agreement
or under another agreement, a member or manager may agree to be obligated personally for
any or all of the debts, obligations and liabilities of one or more series.

(d) A **limited liability company** agreement may provide for classes or groups of members
or managers associated with a series having such relative rights, powers and duties as
the **limited liability company** agreement may provide, and may make provision for the future
creation in the manner provided in the **limited liability company** agreement of additional
classes or groups of members or managers associated with the series having such relative

                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

rights, powers and duties as may from time to time be established, including rights, powers and duties senior to existing classes and groups of members or managers associated with the series. A **limited liability company** agreement may provide for the taking of an action, including the amendment of the **limited liability company** agreement, without the vote or approval of any member or manager or class or group of members or managers, including an action to create under the provisions of the **limited liability company** agreement a class or group of the series of **limited liability company** interests that was not previously outstanding. A **limited liability company** agreement may provide that any member or class or group of members associated with a series shall have no voting rights.

(e) A **limited liability company** agreement may grant to all or certain identified members or managers or a specified class or group of the members or managers associated with a series the right to vote separately or with all or any class or group of the members or managers associated with the series, on any matter. Voting by members or managers associated with a series may be on a per capita, number, financial interest, class, group or any other basis.

(f) Unless otherwise provided in a **limited liability company** agreement, the management of a series shall be vested in the members associated with such series in proportion to the then current percentage or other interest of members in the profits of the series owned by all of the members associated with such series, the decision of members owning more than 50 percent of the said percentage or other interest in the profits controlling; provided, however, that if a **limited liability company** agreement provides for the management of the series, in whole or in part, by a manager, the management of the series, to the extent so provided, shall be vested in the manager who shall be chosen in the manner provided in the **limited liability company** agreement. The manager of the series shall also hold the offices and have the responsibilities accorded to the manager as set forth in a **limited liability company** agreement. A series may have more than 1 manager. Subject to § 18-602 of this title, a manager shall cease to be a manager with respect to a series as provided in a **limited liability company** agreement. Except as otherwise provided in a **limited liability company** agreement, any event under this chapter or in a **limited liability company** agreement that causes a manager to cease to be a manager with respect to a series shall not, in itself, cause such manager to cease to be a manager of the **limited liability company** or with respect to any other series thereof.

(g) Notwithstanding § 18-606 of this title, but subject to subsections (h) and (k) of this section, and unless otherwise provided in a **limited liability company** agreement, at the time a member associated with a series that has been established in accordance with subsection (b) of this section becomes entitled to receive a distribution with respect to such series, the member has the status of, and is entitled to all remedies available to, a creditor of the series, with respect to the distribution. A **limited liability company** agreement may provide for the establishment of a record date with respect to allocations and distributions with respect to a series.

(h) Notwithstanding § 18-607(a) of this title, a **limited liability company** may make a distribution with respect to a series that has been established in accordance with subsection (b) of this section. A **limited liability company** shall not make a distribution with respect to a series that has been established in accordance with subsection (b) of this section to a member to the extent that at the time of the distribution, after giving effect to the distribution, all liabilities of such series, other than liabilities to members on account of their **limited liability company** interests with respect to such series and liabilities for which the recourse of creditors is limited to specified property of such series, exceed the fair value of the assets associated with such series, except that the fair value of property of the series that is subject to a liability for which the recourse of creditors is limited shall be included in the assets associated with such series only to the extent that the fair value of that property exceeds that liability. For purposes of the immediately preceding sentence, the term "distribution" shall not include amounts constituting reasonable compensation for present or past services or reasonable payments made in the ordinary course of business pursuant to a bona fide retirement plan or other benefits program. A member who receives a distribution in violation of this subsection, and who knew at the time of the distribution that the distribution violated this subsection, shall be liable to a series for the amount of the distribution. A member who receives a distribution in violation of this subsection, and who did not know at the time of the distribution that the distribution violated this subsection, shall not be liable for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

amount of the distribution. Subject to §  18-607(c) of this title, which shall apply to
any distribution made with respect to a series under this subsection, this subsection
shall not affect any obligation or liability of a member under an agreement or other applicable
law for the amount of a distribution.

(i) Unless otherwise provided in the **limited liability company** agreement, a member shall
cease to be associated with a series and to have the power to exercise any rights or powers
of a member with respect to such series upon the assignment of all of the member's **limited
liability company** interest with respect to such series. Except as otherwise provided in
a **limited liability company** agreement, any event under this chapter or a **limited liability
company** agreement that causes a member to cease to be associated with a series shall not,
in itself, cause such member to cease to be associated with any other series or terminate
the continued membership of a member in the **limited liability company** or cause the termination
of the series, regardless of whether such member was the last remaining member associated
with such series.

(j) Subject to §  18-801 of this title, except to the extent otherwise provided in the
**limited liability company** agreement, a series may be terminated and its affairs wound
up without causing the dissolution of the **limited liability company**. The termination
of a series established in accordance with subsection (b) of this section shall not affect
the limitation on liabilities of such series provided by subsection (b) of this section.
A series is terminated and its affairs shall be wound up upon the dissolution of the **limited
liability company** under §  18-801 of this title or otherwise upon the first to occur of
the following:

    (1) At the time specified in the **limited liability company** agreement;

    (2) Upon the happening of events specified in the **limited liability company** agreement;

    (3) Unless otherwise provided in the **limited liability company** agreement, upon the
    affirmative vote or written consent of the members of the **limited liability company**
    associated with such series or, if there is more than 1 class or group of members
    associated with such series, then by each class or group of members associated with
    such series, in either case, by members associated with such series who own more
    than two-thirds of the then-current percentage or other interest in the profits of
    the series of the **limited liability company** owned by all of the members associated
    with such series or by the members in each class or group of such series, as appropriate;
    or

    (4) The termination of such series under subsection (l) of this section.

(k) Notwithstanding §  18-803(a) of this title, unless otherwise provided in the **limited
liability company** agreement, a manager associated with a series who has not wrongfully
terminated the series or, if none, the members associated with the series or a person
approved by the members associated with the series or, if there is more than 1 class or
group of members associated with the series, then by each class or group of members associated
with the series, in either case, by members who own more than 50 percent of the then current
percentage or other interest in the profits of the series owned by all of the members
associated with the series or by the members in each class or group associated with the
series, as appropriate, may wind up the affairs of the series; but, if the series has
been established in accordance with subsection (b) of this section, the Court of Chancery,
upon cause shown, may wind up the affairs of the series upon application of any member
associated with the series, the member's personal representative or assignee, and in
connection therewith, may appoint a liquidating trustee. The persons winding up the affairs
of a series may, in the name of the **limited liability company** and for and on behalf of
the **limited liability company** and such series, take all actions with respect to the series
as are permitted under §  18-803(b) of this title. The persons winding up the affairs
of a series shall provide for the claims and obligations of the series and distribute
the assets of the series as provided in §  18-804 of this title, which section shall apply
to the winding up and distribution of assets of a series. Actions taken in accordance
with this subsection shall not affect the liability of members and shall not impose liability
on a liquidating trustee.

(l) On application by or for a member or manager associated with a series established

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-215                                                    Page 4
 6 Del.C. § 18-215

in accordance with subsection (b) of this section, the Court of Chancery may decree termination of such series whenever it is not reasonably practicable to carry on the business of the series in conformity with a **limited liability company** agreement.

(m) If a foreign **limited liability company** that is registering to do business in the State of Delaware in accordance with § 18-902 of this title is governed by a **limited liability company** agreement that establishes or provides for the establishment of designated series of members, managers or **limited liability company** interests having separate rights, powers or duties with respect to specified property or obligations of the foreign **limited liability company** or profits and losses associated with specified property or obligations, that fact shall be so stated on the application for registration as a foreign **limited liability company**. In addition, the foreign **limited liability company** shall state on such application whether the debts, liabilities and obligations incurred, contracted for or otherwise existing with respect to a particular series, if any, shall be enforceable against the assets of such series only, and not against the assets of the foreign **limited liability company** generally or any other series thereof, and, unless otherwise provided in the **limited liability company** agreement, none of the debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to the foreign **limited liability company** generally or any other series thereof shall be enforceable against the assets of such series.

(70 Del. Laws, c. 360, § 9; 70 Del. Laws, c. 186, § 1; 71 Del. Laws, c. 77, § § 19-23; 71 Del. Laws, c. 341, § § 9, 10; 72 Del. Laws, c. 389, § § 14-18; 74 Del. Laws, c. 85, § § 12, 13; 74 Del. Laws, c. 275, § 9.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1, 1998."

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 17 of 74 Del. Laws, c. 85, provides: "This act shall become effective on August 1, 2003."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August 1, 2004."

**Effect of amendments.** -- 74 Del. Laws, c. 85, in (a), inserted "1 or more" and deleted "to the extent provided in the **limited liability company** agreement" following "obligations, and"; in in the first sentence of (b), substituted "establishes or provides for the establishment of" for "creates," inserted "if" following "if the **limited liability company** agreement so provides, and," substituted "debts, liabilities, obligations and expenses incurred" for "debts, liabilities and obligations incurred"  and inserted the present second sentence.

74 Del. Laws, c. 275, in (b), inserted "in such separate and distinct records" twice in the first sentence.


Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


rights reserved.

DE ST TI 6 § 18-215

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**
DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER II. FORMATION; CERTIFICATE OF FORMATION
      Subchapter II. Formation; Certificate of Formation

§ 18-216 Approval of conversion of a **limited liability company**.

### § 18-216  Approval of conversion of a limited liability company.

(a) Upon compliance with this section, a domestic **limited liability company** may convert to a corporation, statutory trust, business trust or association, a real estate investment trust, a common-law trust or any other unincorporated business, including a partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)) or a foreign **limited liability company**.

(b) If the **limited liability company** agreement specifies the manner of authorizing a conversion of the **limited liability company**, the conversion shall be authorized as specified in the **limited liability company** agreement. If the **limited liability company** agreement does not specify the manner of authorizing a conversion of the **limited liability company** and does not prohibit a conversion of the **limited liability company**, the conversion shall be authorized in the same manner as is specified in the **limited liability company** agreement for authorizing a merger or consolidation that involves the **limited liability company** as a constituent party to the merger or consolidation. If the **limited liability company** agreement does not specify the manner of authorizing a conversion of the **limited liability company** or a merger or consolidation that involves the **limited liability company** as a constituent party and does not prohibit a conversion of the **limited liability company**, the conversion shall be authorized by the approval by the members or, if there is more than 1 class or group of members, then by each class or group of members, in either case, by members who own more than 50 percent of the then current percentage or other interest in the profits of the domestic **limited liability company** owned by all of the members or by the members in each class or group, as appropriate.

(c) Unless otherwise agreed, the conversion of a domestic **limited liability company** to another business form pursuant to this section shall not require such **limited liability company** to wind up its affairs under § 18-803 of this title or pay its liabilities and distribute its assets under § 18-804 of this title.

(d) In connection with a conversion of a domestic **limited liability company** to another business form pursuant to this section, rights or securities of or interests in the domestic **limited liability company** which is to be converted may be exchanged for or converted into cash, property, rights or securities of or interests in the business form into which the domestic **limited liability company** is being converted or, in addition to or in lieu thereof, may be exchanged for or converted into cash, property, rights or securities of or interests in another business form or may be cancelled.

(e) If a **limited liability company** shall convert in accordance with this section to another business form organized, formed or created under the laws of a jurisdiction other than the State of Delaware, a certificate of conversion to non-Delaware entity executed in accordance with § 18-204 of this title, shall be filed in the office of the Secretary of State in accordance with § 18-206 of this title. The certificate of conversion to non-Delaware entity shall state:

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(1) The name of the **limited liability company** and, if it has been changed, the name under which its certificate of formation was originally filed;

(2) The date of filing of its original certificate of formation with the Secretary of State;

(3) The jurisdiction in which the business form, to which the **limited liability company** shall be converted, is organized, formed or created;

(4) The future effective date or time (which shall be a date or time certain) of the conversion if it is not to be effective upon the filing of the certificate of conversion to non-Delaware entity;

(5) That the conversion has been approved in accordance with this section;

(6) The agreement of the **limited liability company** that it may be served with process in the State of Delaware in any action, suit or proceeding for enforcement of any obligation of the **limited liability company** arising while it was a **limited liability company** of the State of Delaware, and that it irrevocably appoints the Secretary of State as its agent to accept service of process in any such action, suit or proceeding;

(7) The address to which a copy of the process referred to in paragraph (6) of this subsection shall be mailed to it by the Secretary of State. In the event of service hereunder upon the Secretary of State, the procedures set forth in § 18-911(c) of this title shall be applicable, except that the plaintiff in any such action, suit or proceeding shall furnish the Secretary of State with the address specified in this subdivision and any other address that the plaintiff may elect to furnish, together with copies of such process as required by the Secretary of State, and the Secretary of State shall notify the **limited liability company** that has converted out of the State of Delaware at all such addresses furnished by the plaintiff in accordance with the procedures set forth in § 18-911(c) of this title.

(f) Upon the filing in the office of the Secretary of State of the certificate of conversion to non-Delaware entity or upon the future effective date or time of the certificate of conversion to non-Delaware entity and payment to the Secretary of State of all fees prescribed in this chapter, the Secretary of State shall certify that the **limited liability company** has filed all documents and paid all fees required by this chapter, and thereupon the **limited liability company** shall cease to exist as a **limited liability company** of the State of Delaware. Such certificate of the Secretary of State shall be prima facie evidence of the conversion by such **limited liability company** out of the State of Delaware.

(g) The conversion of a **limited liability company** out of the State of Delaware in accordance with this section and the resulting cessation of its existence as a **limited liability company** of the State of Delaware pursuant to a certificate of conversion to non-Delaware entity shall not be deemed to affect any obligations or liabilities of the **limited liability company** incurred prior to such conversion or the personal liability of any person incurred prior to such conversion, nor shall it be deemed to affect the choice of law applicable to the **limited liability company** with respect to matters arising prior to such conversion.

(h) When a **limited liability company** has been converted to another business form pursuant to this section, the other business form shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the **limited liability company**. When any conversion shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the **limited liability company** that has converted, and all property, real, personal and mixed, and all debts due to such **limited liability company**, as well as all other things and causes of action belonging to such **limited liability company**, shall remain vested in the other business form to which such **limited liability company** has converted and shall be the property of such other business form, and the title to any real property vested by deed or otherwise in such **limited liability company** shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of such **limited liability company** shall be preserved unimpaired, and all debts, liabilities and duties

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the **limited liability company** that has converted shall remain attached to the other business form to which such **limited liability company** has converted, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as such other business form. The rights, privileges, powers and interest in property of the **limited liability company** that has converted, as well as the debts, liabilities and duties of such **limited liability company**, shall not be deemed, as a consequence of the conversion, to have been transferred to the other business form to which such **limited liability company** has converted for any purpose of the laws of the State of Delaware.

(70 Del. Laws, c. 360, § 10; 72 Del. Laws, c. 129, § 9; 72 Del. Laws, c. 389, § § 19, 20; 73 Del. Laws, c. 329, § 30; 74 Del. Laws, c. 85, § 14; 74 Del. Laws, c. 275, § § 11.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August 1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000." This section became effective on Aug. 1, 1999.

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August 1, 2000."

Section 74 of 73 Del. Laws, c. 329, provides: "The effective date of this act shall be Sept. 1, 2002."

Section 17 of 74 Del. Laws, c. 85, provides: "This act shall become effective on August 1, 2003."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August 1, 2004."

**Effect of amendments.** -- 73 Del. Laws, c. 329, substituted "statutory trust" for "business trust" in the first sentence.

74 Del. Laws, c. 85, rewrote the section.

74 Del. Laws, c. 275, added "or may be cancelled" to the end of (d); and added (h).

Delaware Code Annotated. Copyright © 2004 by the State of Delaware. All

rights reserved.

DE ST TI 6 § 18-216

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**c**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER III. MEMBERS
      Subchapter III. Members

   § 18-301  Admission of members.

      **§ 18-301  Admission of members.**

(a) In connection with the formation of a **limited liability company**, a person is admitted
as a member of the **limited liability company** upon the later to occur of:

   (1) The formation of the **limited liability company**; or

   (2) The time provided in and upon compliance with the **limited liability company** agreement
   or, if the **limited liability company** agreement does not so provide, when the person's
   admission is reflected in the records of the **limited liability company**.

(b) After the formation of a **limited liability company**, a person is admitted as a member
of the **limited liability company**:

   (1) In the case of a person who is not an assignee of a **limited liability company**
   interest, including a person acquiring a **limited liability company** interest directly
   from the **limited liability company** and a person to be admitted as a member of the
   **limited liability company** without acquiring a **limited liability company** interest
   in the **limited liability company** at the time provided in and upon compliance with
   the **limited liability company** agreement or, if the **limited liability company** agreement
   does not so provide, upon the consent of all members and when the person's admission
   is reflected in the records of the **limited liability company**;

   (2) In the case of an assignee of a **limited liability company** interest, as provided
   in § 18-704(a) of this title and at the time provided in and upon compliance with
   the **limited liability company** agreement or, if the **limited liability company** agreement
   does not so provide, when any such person's permitted admission is reflected in the
   records of the **limited liability company**; or

   (3) Unless otherwise provided in an agreement of merger or consolidation, in the
   case of a person acquiring a **limited liability company** interest in a surviving or
   resulting **limited liability company** pursuant to a merger or consolidation approved
   in accordance with § 18-209(b) of this title, at the time provided in and upon compliance
   with the **limited liability company** agreement of the surviving or resulting **limited
   liability company**.

(c) In connection with the domestication of a non-United States entity (as defined in
§ 18-212 of this title) as a **limited liability company** in the State of Delaware in accordance
with § 18-212 of this title or the conversion of an other entity (as defined in § 18-214
of this title) to a domestic **limited liability company** in accordance with § 18-214 of
this title, a person is admitted as a member of the **limited liability company** at the time

DE ST TI 6 § 18-301                                                        Page 2
 6 Del.C. § 18-301

provided in and upon compliance with the **limited liability company** agreement.

(d) A person may be admitted to a **limited liability company** as a member of the **limited liability company** and may receive a **limited liability company** interest in the **limited liability company** without making a contribution or being obligated to make a contribution to the **limited liability company**. Unless otherwise provided in a **limited liability company** agreement, a person may be admitted to a **limited liability company** as a member of the **limited liability company** without acquiring a **limited liability company** interest in the **limited liability company**. Unless otherwise provided in a **limited liability company** agreement, a person may be admitted as the sole member of a **limited liability company** without making a contribution or being obligated to make a contribution to the **limited liability company** or without acquiring a **limited liability company** interest in the **limited liability company**.

(e) Unless otherwise provided in a **limited liability company** agreement or another agreement, a member shall have no preemptive right to subscribe to any additional issue of **limited liability company** interests or another interest in a **limited liability company**.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § § 16-21; 70 Del. Laws, c. 75, § 18; 71 Del. Laws, c. 77, § § 24, 25; 73 Del. Laws, c. 295, § 7.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become effective Aug. 1, 1997."

Section 12 of 73 Del. Laws, c. 295, provides "This act shall become effective August 1, 2002."

**Effect of amendments.** -- 73 Del. Laws, c. 295, added (e).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

rights reserved.

DE ST TI 6 § 18-301

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER III. MEMBERS
      Subchapter III. Members

  § 18-302  Classes and voting.

      **§ 18-302  Classes and voting.**

(a) A **limited liability company** agreement may provide for classes or groups of members
having such relative rights, powers and duties as the **limited liability company** agreement
may provide, and may make provision for the future creation in the manner provided in
the **limited liability company** agreement of additional classes or groups of members having
such relative rights, powers and duties as may from time to time be established, including
rights, powers and duties senior to existing classes and groups of members.  A **limited
liability company** agreement may provide for the taking of an action, including the amendment
of the **limited liability company** agreement, without the vote or approval of any member
or class or group of members, including an action to create under the provisions of the
**limited liability company** agreement a class or group of **limited liability company** interests
that was not previously outstanding. A **limited liability company** agreement may provide
that any member or class or group of members shall have no voting rights.

(b) A **limited liability company** agreement may grant to all or certain identified members
or a specified class or group of the members the right to vote separately or with all
or any class or group of the members or managers, on any matter. Voting by members may
be on a per capita, number, financial interest, class, group or any other basis.

(c) A **limited liability company** agreement may set forth provisions relating to notice
of the time, place or purpose of any meeting at which any matter is to be voted on by
any members, waiver of any such notice, action by consent without a meeting, the establishment
of a record date, quorum requirements, voting in person or by proxy, or any other matter
with respect to the exercise of any such right to vote.

(d) Unless otherwise provided in a **limited liability company** agreement, on any matter
that is to be voted on, consented to or approved by members, the members may take such
action without a meeting, without prior notice and without a vote if a consent or consents
in writing, setting forth the action so taken, shall be signed by the members having not
less than the minimum number of votes that would be necessary to authorize or take such
action at a meeting at which all members entitled to vote thereon were present and voted.
Unless otherwise provided in a **limited liability company** agreement, on any matter that
is to be voted on by members, the members may vote in person or by proxy, and such proxy
may be granted in writing, by means of electronic transmission or as otherwise permitted
by applicable law. Unless otherwise provided in a **limited liability company** agreement,
a consent transmitted by electronic transmission by a member or by a person or persons
authorized to act for a member shall be deemed to be written and signed for purposes of
this subsection. For purposes of this subsection, the term "electronic transmission" means
any form of communication not directly involving the physical transmission of paper that
creates a record that may be retained, retrieved and reviewed by a recipient thereof and
that may be directly reproduced in paper form by such a recipient through an automated
process.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-302                                                    Page 2
 6 Del.C. § 18-302

(e) If a **limited liability company** agreement provides for the manner in which it may be
amended, including by requiring the approval of a person who is not a party to the **limited
liability company** agreement or the satisfaction of conditions, it may be amended only
in that manner or as otherwise permitted by law (provided that the approval of any person
may be waived by such person and that any such conditions may be waived by all persons
for whose benefit such conditions were intended).

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 360, § 11; 71 Del. Laws, c. 77, § 26; 71
Del. Laws, c. 341, § 11; 72 Del. Laws, c. 129, § 10; 72 Del. Laws, c. 389, § 21; 73
Del. Laws, c. 83, § 14; 74 Del. Laws, c. 275, § 12.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 35 of 71 Del. Laws, c. 77, provides: "This act shall become
effective Aug. 1, 1997."

Section 19 of 71 Del. Laws, c. 341, provides: "This act shall become effective Aug. 1,
1998."

Section 19 of 72 Del. Laws, c. 129, provides: "This act shall become effective August
1, 1999, except for Section 3 of this act, which shall become effective January 1, 2000."
This section became effective on Aug. 1, 1999.

Section 27 of 72 Del. Laws, c. 389, provides: "This act shall become effective August
1, 2000."

Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1,
2001."

Section 15 of 74 Del. Laws, c. 275, provides: "This act shall become effective August
1, 2004."

**Effect of amendments.** -- 74 Del. Laws, c. 275, added (e).

**Alternative voting arrangements.** -- In a lender's suit seeking to call the borrower's
members' reserve capital obligations to the lender regarding a defaulted loan, the members
could consent to an amendment of the **limited liability company** (LLC) agreement in a manner
other than affirmative vote at a meeting or by written consent, because the LLC agreement
provided for alternative methods of consent. Chase Manhattan Bank v. Iridium Afr. Corp.,
-- F. Supp. 2d -- (D. Del. Feb. 13, 2004).

Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All

rights reserved.

DE ST TI 6 § 18-302

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER III. MEMBERS
      Subchapter III. Members

    § 18-303  Liability to 3rd parties.

        **§ 18-303  Liability to 3rd parties.**

(a) Except as otherwise provided by this chapter, the debts, obligations and liabilities of a **limited liability company**, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the **limited liability company**, and no member or manager of a **limited liability company** shall be obligated personally for any such debt, obligation or liability of the **limited liability company** solely by reason of being a member or acting as a manager of the **limited liability company**.

(b) Notwithstanding the provisions of subsection (a) of this section, under a **limited liability company** agreement or under another agreement, a member or manager may agree to be obligated personally for any or all of the debts, obligations and liabilities of the **limited liability company**.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 22.)

NOTES, REFERENCES, AND ANNOTATIONS

**No protection under federal securities laws.** -- In comparison with limited partnerships, the **Limited Liability Company** Act permits a member in a **limited liability company** to be an active participant in management and still to retain limited liability; thus, there is no statutory basis, as with limited partnerships, to presume that **limited liability company** members are passive investors entitled to protection under the federal securities laws. Great Lakes Chem. Corp. v. Monsanto Co., 96 F. Supp. 2d 376 (D. Del. 2000).

    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 § 18-303

END OF DOCUMENT

          © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
    Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER III. MEMBERS
      Subchapter III. Members

   § 18-304  Events of bankruptcy.

       **§ 18-304  Events of bankruptcy.**

A person ceases to be a member of a **limited liability company** upon the happening of any
of the following events:

    (1) Unless otherwise provided in a **limited liability company** agreement, or with the
    written consent of all members, a member:

       a. Makes an assignment for the benefit of creditors;

       b. Files a voluntary petition in bankruptcy;

       c. Is adjudged a bankrupt or insolvent, or has entered against the member an order
       for relief, in any bankruptcy or insolvency proceeding;

       d. Files a petition or answer seeking for the member any reorganization, arrangement,
       composition, readjustment, liquidation, dissolution or similar relief under any
       statute, law or regulation;

       e. Files an answer or other pleading admitting or failing to contest the material
       allegations of a petition filed against the member in any proceeding of this nature;

       f. Seeks, consents to or acquiesces in the appointment of a trustee, receiver
       or liquidator of the member or of all or any substantial part of the member's
       properties; or

    (2) Unless otherwise provided in a **limited liability company** agreement, or with the
    written consent of all members, 120 days after the commencement of any proceeding
    against the member seeking reorganization, arrangement, composition, readjustment,
    liquidation, dissolution or similar relief under any statute, law or regulation,
    if the proceeding has not been dismissed, or if within 90 days after the appointment
    without the member's consent or acquiescence of a trustee, receiver or liquidator
    of the member or of all or any substantial part of the member's properties, the
    appointment is not vacated or stayed, or within 90 days after the expiration of any
    such stay, the appointment is not vacated.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1.)

   Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


       © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
DE ST TI 6 §  18-304                                                    Page 2
 6 Del.C. §  18-304
```

rights reserved.

```
DE ST TI 6 §  18-304
```

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**
DELAWARE CODE ANNOTATED


Delaware Code Annotated Currentness
 TITLE 6. COMMERCE AND TRADE
  Title 6. Commerce and Trade
 SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
 CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
     Chapter 18. **Limited Liability Company** Act
 SUBCHAPTER III. MEMBERS
       Subchapter III. Members

     § 18-305  Access to and confidentiality of information; records.

         **§ 18-305  Access to and confidentiality of information; records.**

(a) Each member of a **limited liability company** has the right, subject to such reasonable
standards (including standards governing what information and documents are to be furnished
at what time and location and at whose expense) as may be set forth in a **limited liability
company** agreement or otherwise established by the manager or, if there is no manager,
then by the members, to obtain from the **limited liability company** from time to time upon
reasonable demand for any purpose reasonably related to the member's interest as a member
of the **limited liability company**:

     (1) True and full information regarding the status of the business and financial
     condition of the **limited liability company**;

     (2) Promptly after becoming available, a copy of the **limited liability company's**
     federal, state and local income tax returns for each year;

     (3) A current list of the name and last known business, residence or mailing address
     of each member and manager;

     (4) A copy of any written **limited liability company** agreement and certificate of
     formation and all amendments thereto, together with executed copies of any written
     powers of attorney pursuant to which the **limited liability company** agreement and
     any certificate and all amendments thereto have been executed;


     (5) True and full information regarding the amount of cash and a description and
     statement of the agreed value of any other property or services contributed by each
     member and which each member has agreed to contribute in the future, and the date
     on which each became a member; and

     (6) Other information regarding the affairs of the **limited liability company** as is
     just and reasonable.

(b) Each manager shall have the right to examine all of the information described in
subsection (a) of this section for a purpose reasonably related to the position of manager.

(c) The manager of a **limited liability company** shall have the right to keep confidential
from the members, for such period of time as the manager deems reasonable, any information
which the manager reasonably believes to be in the nature of trade secrets or other information
the disclosure of which the manager in good faith believes is not in the best interest
of the **limited liability company** or could damage the **limited liability company** or its
business or which the **limited liability company** is required by law or by agreement with
a 3rd party to keep confidential.

                © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-305                                                        Page 2
6 Del.C. § 18-305

(d) A **limited liability company** may maintain its records in other than a written form if such form is capable of conversion into written form within a reasonable time.

(e) Any demand by a member under this section shall be in writing and shall state the purpose of such demand.

(f) Any action to enforce any right arising under this section shall be brought in the Court of Chancery. If the **limited liability company** refuses to permit a member to obtain or a manager to examine the information described in subsection (a)(3) of this section or does not reply to the demand that has been made within 5 business days after the demand has been made, the demanding member or manager may apply to the Court of Chancery for an order to compel such disclosure. The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking such information is entitled to the information sought. The Court of Chancery may summarily order the **limited liability company** to permit the demanding member to obtain or manager to examine the information described in subsection (a)(3) of this section and to make copies or abstracts therefrom, or the Court of Chancery may summarily order the **limited liability company** to furnish to the demanding member or manager the information described in subsection (a)(3) of this section on the condition that the demanding member or manager first pay to the **limited liability company** the reasonable cost of obtaining and furnishing such information and on such other conditions as the Court of Chancery deems appropriate. When a demanding member seeks to obtain or a manager seeks to examine the information described in subsection (a)(3) of this section, the demanding member or manager shall first establish (1) that the demanding member or manager has complied with the provisions of this section respecting the form and manner of making demand for obtaining or examining of such information, and (2) that the information the demanding member or manager seeks is reasonably related to the member's interest as a member or the manager's position as a manager, as the case may be. The Court of Chancery may, in its discretion, prescribe any limitations or conditions with reference to the obtaining or examining of information, or award such other or further relief as the Court of Chancery may deem just and proper. The Court of Chancery may order books, documents and records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought within the State of Delaware and kept in the State of Delaware upon such terms and conditions as the order may prescribe.

(g) The rights of a member or manager to obtain information as provided in this section may be restricted in an original **limited liability company** agreement or in any subsequent amendment approved or adopted by all of the members and in compliance with any applicable requirements of the **limited liability company** agreement. The provisions of this subsection shall not be construed to limit the ability to impose restrictions on the rights of a member or manager to obtain information by any other means permitted under this section.

(68 Del. Laws, c. 434, § 1; 70 Del. Laws, c. 186, § 1; 70 Del. Laws, c. 360, § 12; 73 Del. Laws, c. 83, § 15.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become effective August 1, 2001."

**Inspection rights of limited liability company** members. -- **Limited liability company** (LLC) agreement providing members with the right to inspect the LLC records was found to include a list of the LLC members and the tax returns of the LLC, but did not include the right to inspect the records of funds owned by the LLC, as the funds were separate entities; each fund was operated separately, and each fund had a significant shareholder other than the LLC. Arbor Place, L.P. v. Encore Opportunity Fund, LLC, -- A.2d -- (Del. Ch. Jan. 29, 2002).

**Proper purposes for inspection shown.** -- Inspection of financial records was ordered, as a member of a **limited liability company** needed only to show preponderance of credible evidence that wrongdoing may have occurred, not that the member's specific interest was adversely affected; investigating possible mismanagement and valuing the member's interest were proper purposes for seeking inspection of books and records. Somerville S Trust v. USV Partners, LLC, -- A.2d -- (Del. Ch. Aug. 2, 2002).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

DE ST TI 6 § 18-305                                                                        Page 3
  6 Del.C. § 18-305


        Delaware Code Annotated.  Copyright <sup>©</sup>  2004 by the State of Delaware.  All


                            rights reserved.

DE ST TI 6 § 18-305

END OF DOCUMENT

        ©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated Currentness
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
  Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER III. MEMBERS
      Subchapter III. Members

   § 18-306  Remedies for breach of **limited liability company** agreement by member.

       **§ 18-306  Remedies for breach of limited liability company** agreement by member.

A **limited liability company** agreement may provide that:


    (1) A member who fails to perform in accordance with, or to comply with the terms
    and conditions of, the **limited liability company** agreement shall be subject to specified
    penalties or specified consequences; and

    (2) At the time or upon the happening of events specified in the **limited liability
    company** agreement, a member shall be subject to specified penalties or specified
    consequences.

Such specified penalties or specified consequences may include and take the form of any
penalty or consequence set forth in § 18-502(c) of this title.

(68 Del. Laws, c. 434, § 1; 73 Del. Laws, c. 83, § 16.)

NOTES, REFERENCES, AND ANNOTATIONS

**Revisor's note.** -- Section 20 of 73 Del. Laws, c. 83, provides: "This act shall become
effective August 1, 2001."


    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 § 18-306

END OF DOCUMENT

                    © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**C**

DELAWARE CODE ANNOTATED

Delaware Code Annotated <u>Currentness</u>
TITLE 6. COMMERCE AND TRADE
 Title 6. Commerce and Trade
SUBTITLE II. OTHER LAWS RELATING TO COMMERCE AND TRADE
   Subtitle II. Other Laws Relating to Commerce and Trade (Refs & Annos)
CHAPTER 18. **LIMITED LIABILITY COMPANY** ACT
    Chapter 18. **Limited Liability Company** Act
SUBCHAPTER IV. MANAGERS
      Subchapter IV. Managers

   § 18-401  Admission of managers.

        **§ 18-401  Admission of managers.**

A person may be named or designated as a manager of the **limited liability company** as provided
in § 18-101(10) of this title.

(68 Del. Laws, c. 434, § 1; 69 Del. Laws, c. 260, § 23.)


    Delaware Code Annotated.  Copyright © 2004 by the State of Delaware.  All


                              rights reserved.

DE ST TI 6 § 18-401

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



2004 Delaware Laws Ch. 275 (H.B. 411)
**(Publication page references are not available for this document.)**


                        **DELAWARE 2004 SESSION LAWS**
              **SECOND REGULAR SESSION OF THE 142ND GENERAL ASSEMBLY**

                  Copr. © West Group 2004. All rights reserved.




              Additions and deletions are not identified in this document.

                                    Ch. 275
                                  H.B. No. 411
              CORPORATIONS--LIMITED LIABILITY COMPANY ACT--GENERAL AMENDMENTS


     AN ACT TO AMEND CHAPTER 18, TITLE 6 OF THE DELAWARE CODE RELATING TO THE CREATION, REGULATION,
OPERATION AND DISSOLUTION OF DOMESTIC LIMITED LIABILITY COMPANIES AND THE REGISTRATION
AND REGULATION OF FOREIGN LIMITED LIABILITY COMPANIES.

     BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE (Two-thirds of
              all members elected to each house thereof concurring therein):

     Section 1. Amend § 18-101(7), Chapter 18, Title 6 of the Delaware Code by adding after
the end of the fourth sentence thereof the following new sentence:

                            << DE ST TI 6 § 18-101 >>

     "A limited liability company agreement may provide rights to any person, including a
person who is not a party to the limited liability company agreement, to the extent set
forth therein.".

                            << DE ST TI 6 § 18-209 >>

     Section 2. Amend § 18-209(b), Chapter 18, Title 6 of the Delaware Code by inserting
"or may be cancelled" immediately before the "." at the end of the third sentence thereof.

     Section 3. Amend § 18-209(c), Chapter 18, Title 6 of the Delaware Code by re-designating
paragraphs (4), (5), (6), and (7) thereof as paragraphs (5), (6), (7), and (8) respectively,
and by inserting a new paragraph (4) thereof immediately prior to the newly designated
paragraph (5) thereof to read as follows:

                            << DE ST TI 6 § 18-209 >>

     "(4) In the case of a merger in which a domestic limited liability company is the surviving
entity, such amendments, if any, to the certificate of formation of the surviving domestic
limited liability company to change its name as are desired to be effected by the merger;".

     Section 4. Amend § 18-209(e), Chapter 18, Title 6 of the Delaware Code by inserting
the following sentence immediately after the first sentence thereof:

                            << DE ST TI 6 § 18-209 >>

     "A certificate of merger that sets forth any amendment in accordance with Subsection
(c)(4) of this Section shall be deemed to be an amendment to the certificate of formation
of the limited liability company, and the limited liability company shall not be required
to take any further action to amend its certificate of formation under § 18-202 of this

                 Copr. © West 2006 No Claim to Orig. Govt. Works

DE LEGIS 275 (2004)                                                      Page 2
2004 Delaware Laws Ch. 275 (H.B. 411)
**(Publication page references are not available for this document.)**

Title with respect to such amendments set forth in the certificate of merger.".

<< DE ST TI 6 § 18-212 >>

  Section 5. Amend § 18-212(j), Chapter 18, Title 6 of the Delaware Code by inserting
"or may be cancelled" immediately before the "." at the end thereof.

<< DE ST TI 6 § 18-213 >>

  Section 6. Amend § 18-213(f), Chapter 18, Title 6 of the Delaware Code by inserting
"or may be cancelled" immediately before the "." at the end thereof.

  Section 7. Amend § 18-213, Chapter 18, Title 6 of the Delaware Code by adding at the
end thereof a new Subsection (g) thereto to read as follows:

<< DE ST TI 6 § 18-213 >>

  "(g) When a limited liability company has transferred or domesticated out of the State
of Delaware pursuant to this Section, the transferred or domesticated business form shall,
for all purposes of the laws of the State of Delaware, be deemed to be the same entity
as the limited liability company.  When any transfer or domestication of a limited liability
company out of the State of Delaware shall have become effective under this Section, for
all purposes of the laws of the State of Delaware, all of the rights, privileges and powers
of the limited liability company that has transferred or domesticated, and all property,
real, personal and mixed, and all debts due to such limited liability company, as well
as all other things and causes of action belonging to such limited liability company,
shall remain vested in the transferred or domesticated business form and shall be the
property of such transferred or domesticated business form, and the title to any real
property vested by deed or otherwise in such limited liability company shall not revert
or be in any way impaired by reason of this Chapter;  but all rights of creditors and
all liens upon any property of such limited liability company shall be preserved unimpaired,
and all debts, liabilities and duties of the limited liability company that has transferred
or domesticated shall remain attached to the transferred or domesticated business form,
and may be enforced against it to the same extent as if said debts, liabilities and duties
had originally been incurred or contracted by it in its capacity as the transferred or
domesticated business form.  The rights, privileges, powers and interests in property
of the limited liability company that has transferred or domesticated, as well as the
debts, liabilities and duties of such limited liability company, shall not be deemed,
as a consequence of the transfer or domestication out of the State of Delaware, to have
been transferred to the transferred or domesticated business form for any purpose of the
laws of the State of Delaware.".

<< DE ST TI 6 § 18-214 >>

  Section 8. Amend § 18-214(i), Chapter 18, Title 6 of the Delaware Code by inserting
"or may be cancelled" immediately before the "." at the end thereof.

<< DE ST TI 6 § 18-215 >>

  Section 9. Amend § 18-215(b), Chapter 18, Title 6 of the Delaware Code by inserting
"in such separate and distinct records" immediately after "any such series are held" and
by inserting "in such separate and distinct records" immediately after "and accounted
for" in the first sentence thereof.

<< DE ST TI 6 § 18-216 >>

  Section 10. Amend § 18-216(d), Chapter 18, Title 6 of the Delaware Code by inserting
"or may be cancelled" immediately before the "." at the end thereof.

  Section 11. Amend § 18-216, Chapter 18, Title 6 of the Delaware Code by adding at the
end thereof a new Subsection (h) thereto to read as follows:

<< DE ST TI 6 § 18-216 >>

Copr. © West 2006 No Claim to Orig. Govt. Works

DE LEGIS 275 (2004)                                                      Page 3
 2004 Delaware Laws Ch. 275 (H.B. 411)
 **(Publication page references are not available for this document.)**

   "(h) When a limited liability company has been converted to another business form pursuant to this Section the other business form shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the limited liability company.  When any conversion shall have become effective under this Section for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the limited liability company that has converted, and all property, real, personal and mixed, and all debts due to such limited liability company, as well as all other things and causes of action belonging to such limited liability company, shall remain vested in the other business form to which such limited liability company hasconverted and shall be the property of such other business form, and the title to any real property vested deed or otherwise in such limited liability company shall not revert or be in any way impaired by reason of this Chapter; but all rights of creditors and all liens upon any property of such limited liability company shall be preserved unimpaired, and all debts, liabilities and duties of the limited liability company that has converted shall remain attached to the other business form to which such limited liability company has converted, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as such other business form.  The rights, privileges, powers and interest in property of the limited liability company that has converted, as well as the debts, liabilities and duties of such limited liability company, shall not be deemed, as a consequence of theconversion, to have been transferred to the other business form to which such limited liability company has converted for any purpose of the laws of the State of Delaware.".

   Section 12. Amend § 18-302, Chapter 18, Title 6 of the Delaware Code by adding at the end thereof a new Subsection (e) thereto to read as follows:

<< DE ST TI 6 § 18-302 >>

   "(e) If a limited liability company agreement provides for the manner in which it may be amended, including by requiring the approval of a person who is not a party to the limited liability company agreement or the satisfaction of conditions, it may be amended only in that manner or as otherwise permitted by law (provided that the approval of any person may be waived by such person and that any such conditions may be waived by all persons for whose benefit such conditions were intended).".

   Section 13. Amend § 18-1101(c), Chapter 18, Title 6 of the Delaware Code by deleting said subsection in its entirety and substituting in lieu thereof the following:

<< DE ST TI 6 § 18-1101 >>

   "(c) To the extent that, at law or in equity, a member or manager or other person has duties (including fiduciary duties) to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement, the member's or manager's or other person's duties may be expanded or restricted or eliminated by provisions in the limited liability company agreement;  provided that the limited liability company agreement may not eliminate the implied contractual covenant of good faith and fair dealing.".

   Section 14. Amend § 18-1101, Chapter 18, Title 6 of the Delaware Code by re-designating subsections (d) and (e) thereof as subsections (f) and (g) respectively, and by inserting new subsections (d) and (e) thereto immediately prior to the newly designated subsection (f) thereof to read as follows:

<< DE ST TI 6 § 18-1101 >>

   "(d) Unless otherwise provided in a limited liability company agreement, a member or manager or other person shall not be liable to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement for breach of fiduciary duty for the member's or manager's or other person's good faith reliance on the provisions of the limited liability company agreement.

Copr. ©  West 2006 No Claim to Orig. Govt. Works

DE LEGIS 275 (2004)                                                      Page 4
 2004 Delaware Laws Ch. 275 (H.B. 411)
**(Publication page references are not available for this document.)**

  (e) A limited liability company agreement may provide for the limitation or elimination
of any and all liabilities for breach of contract and breach of duties (including fiduciary
duties) of a member, manager or other person to a limited liability company or to another
member or manager or to another person that is a party to or is otherwise bound by a limited
liability company agreement;  provided that a limited liability company agreement may
not limit or eliminate liability for any act or omission that constitutes a bad faith
violation of the implied contractual covenant of good faith and fair dealing.".

  Section 15. This Act shall become effective August 1, 2004.

Approved June 24, 2004.

DE LEGIS 275 (2004)

END OF DOCUMENT

Copr. © West 2006 No Claim to Orig. Govt. Works