# EXHIBIT 42

42

Jan-12-05 15:54 From-FIRST UNION CMG 2036183902 T-361 P 02/04 F-051

SIGNATURE CARD - The words I, me and my which also mean we, us and our, if more than one customer, mean the person(s) signing this agreement. It is agreed that Wachovia will recognize the signatures below in the payment of funds or the transaction of other business for the account(s). I/We agree to the terms and conditions of the Wachovia Deposit Agreement for this account(s) and authorize Wachovia to establish my/our account(s). I/We hereby acknowledge receipt of a Deposit Agreement, schedule of fees and Rate Disclosure, if applicable. Refer to Right of Survivorship provisions for NC and VA accounts.

☐ If checked, I/we request a Wachovia Banking Card for access to the indicated accounts. I/We agree to the terms and conditions of the Wachovia Card Agreement. Bank Use Only: ☒ NEW ☐ SUPERSEDES ALL SIGNATURE CARDS ON FILE

SUBSTITUTE FORM W-9 CERTIFICATION - Under penalties of perjury, I certify that:
(1) The number shown on this form is my correct Social Security Number or employer identification number (or I have applied for and I am waiting for a new number to be issued to me) and
(2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding
(3) I am a U.S. person (including a U.S. resident alien)
CERTIFICATION INSTRUCTIONS - You must cross out item (2) above if you were notified by the IRS that you are currently subject to backup withholding because of underreporting of interest or dividends on your tax return.

The signatures subscribed below are the duly authorized and genuine signatures which you will recognize and honor in payment of funds or the transaction of other business relating to our account.
The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| | | | |
|---|---|---|---|
| Signature [signature] | Title MEMBER | Signature [signature] | Title MANAGER |
| Printed Name CAMERON WINKLEVOSS | Date 1-13-04 | Printed Name MALIA ANTONUCCI | Date 1-13-04 |
| Signature [signature] | Title MEMBER | Signature | Title |
| Printed Name TYLER WINKLEVOSS | Date 1-13-04 | Printed Name | Date |
| Signature [signature] | Title MANAGER | Signature | Title |
| Printed Name HOWARD WINKLEVOSS | Date 1-13-04 | Printed Name | Date |

REDACTED

COMPLETE THE APPROPRIATE W-8 FOREIGN CERTIFICATION FORM IF YOU ARE CLAIMING FOREIGN EXEMPTION STATUS.

| Org. | Loc. | Branch | Visit No. | Sold By | Referred By |
|---|---|---|---|---|---|
| | | | | | |

Product Type / Account Number
1 Business ckg
2
3
4

Name/Address
CONNECTU LLC
c/o Winklevoss Consultants Inc.
500 West Putnam Avenue
Greenwich CT 06830

Tax ID No. of First Name 20-1641218 Date of Birth

PAYABLE ON DEATH (POD) ACCOUNT
(SIGNATURE REQUIRED FOR NC ACCOUNTS ONLY)
I understand that by establishing a trust account under the provisions of North Carolina General Statute 53-146.2 that:
1. During my lifetime I may withdraw the money in the account, and
2. By written direction to Wachovia I may change the beneficiary, and
3. Upon my death the money remaining in the account will belong to the beneficiary and the money will not be inherited by my heirs or be controlled by my will.
I designate
(Print name of beneficiary as beneficiary to receive the balance of my account at my death.
(SEAL)
(Signature of Account Owner)

POWER OF ATTORNEY (POA) ACCOUNT
(SIGNATURE REQUIRED FOR NC ACCOUNTS ONLY)
I understand that by establishing a personal agency account under the provisions of North Carolina General Statute 53-146.3 that the agent named in the account may:
1. Sign checks drawn on the account, and
2. Make deposits into the account.
I also understand that upon my death the money remaining in the account will be controlled by my will or inherited by my heirs.
I ________ (write in "do" or "do not") elect to have my agent continue to act in my behalf in regard to my account after my incapacity or mental incompetency in the future.
(Signature of Agent)
(Print Agent's Name)
(SEAL)
Signature of Account Owner)

RIGHT OF SURVIVORSHIP (ONLY NC ACCOUNTS):
We understand that by establishing a joint account under the provisions of
☐ North Carolina General Statute 53-146.1 that:
1. Wachovia may pay the money in the account to, or on the order of, any person named in the account unless we have agreed with the bank that withdrawals require more than one signature; and
2. Upon the death of one joint owner the money remaining in the account will belong to the surviving joint owners and will not pass by inheritance to the heirs of the deceased joint owner or be controlled by the deceased joint owner's will.
We DO elect to create the Right of Survivorship in this account.
Signature
Signature

RIGHT OF SURVIVORSHIP (ONLY VA ACCOUNTS):
If you wish to establish a joint account under Virginia Law, please check one of the following and sign.
☐ JOINT ACCOUNT WITH SURVIVORSHIP - On the death of a party to the account, the deceased party's ownership in the account passes to the surviving party or parties to the account.
☐ JOINT ACCOUNT - NO SURVIVORSHIP - On the death of a party to the account, the deceased party's ownership in the account passes as a part of the party's estate under the party's will, trust, or by intestacy.
Signature
Signature

0000 562295 (Rev 01 50/pkg)

PART 1 SIGNATURE CARD - DOCUMENT STORAGE SEND TO NC 0539

CONFIDENTIAL

C011425

WACHOVIA

## Certified Resolution for Depository Authorization - Limited Liability Company

________ (Org. No.) REDACTED (Account Number)

I, the undersigned, hereby certify to Wachovia Bank, Na (complete bank name) hereinafter termed the "Bank") that I am CAMERON WINKLEVOSS, MEMBER (Manager, Member, Authorized Person, etc.) of Connectu (Full Name of Limited Liability Corporation), a limited liability company (hereafter "LLC") duly organized and existing under the laws of the State of Delaware; that the following is a true copy of Resolutions duly adopted by each of the managers, members or authorized persons of said LLC on APRIL 6, 2004 (Date); and that such Resolutions are in full force and effect, have not been amended or rescinded, and that there is no provision in the Articles of Organization or Operating Agreement of said LLC limiting the power of the managers, members or authorized persons of said LLC to pass the following Resolutions, which are in full conformity with the provisions of said Articles of Organization and Operating Agreement:

(1) RESOLVED, that the Bank is herewith designated as an authorized depository of this LLC and that one or more checking, savings, and/or other deposit accounts be opened and maintained with said Bank; that ☐, (only if checked here), any two - otherwise, each of the present holders of the following or positions of this LLC and his (their) successors in office or position, to wit:

MEMBER MANAGER

(Here, insert Title(s) of the authorized persons or position-holders of the LLC, for example: President, General Manager, Member, etc.):

____________________

is/are authorized on behalf of this LLC, and in its name: To sign checks, drafts, instruments, bills of exchange, acceptances and/or other orders for the payment of money from said LLC account(s); to endorse checks, instruments, bills, drafts, certificates of deposit, bonds, and/or other instruments, evidences of indebtedness and orders payable to, owned or held by this LLC; to accept drafts, acceptances, instruments and/or other evidences of indebtedness payable at or through said Bank; to waive presentment, demand, protest and notice of protest or dishonor of any check(s), instrument(s), draft(s), acceptance(s) or other evidences of indebtedness made, drawn or endorsed by this LLC; and otherwise to deal with said Bank in connection with the foregoing activities.

RESOLVED FURTHER, that in the opening and maintaining of the above corporate accounts and all transactions in connection therewith shall be governed by the provisions of the agreements contained on the Depositor's Agreement pertaining to such account(s), as amended from time to time by the Bank, and by such rules and regulations as the Bank shall, from time to time, promulgate and establish. This LLC is also authorized to purchase Certificates of Deposit, bonds, notes and other such savings instruments from the Bank. Further, this LLC is herewith authorized to obtain other related services from the Bank, such as the rental of Safe Deposit Boxes from the Bank, obtaining of the "Night Depository" services, and the like. The rendering of such services by the Bank shall be governed by night depository agreement(s), safe deposit box lease agreement, or any other agreement(s) contained on the Depositor's Agreement or signature cards pertaining to any such services offered to this LLC by the Bank, as amended from time to time. Each of the above identified or described officers or representatives of the LLC is herewith authorized to sign and execute such signature cards, applications and forms as the Bank shall deem appropriate, from time to time, in connection with the opening and maintaining of such account(s) and/or obtaining of such additional related services. Each is also authorized on behalf of this LLC, and in its name to execute applications for the issuance of any such savings instrument in the name of this LLC.

FURTHER, the foregoing authority shall not be limited to the above-identified or described manager, member, authorized person or other representatives of this LLC but shall extend to such additional or different individual(s) as are named as being so authorized in any letter, form or other written notice by any manager, member, authorized person or other representative of this LLC identified or described above; and

(2) RESOLVED FURTHER, that the Bank be and it hereby is authorized to honor, receive, certify or pay all checks, drafts and other evidences of indebtedness enumerated or described in the foregoing Resolution bearing or purporting to bear the facsimile signature of any person or persons authorized to sign, when the signature resembles the facsimile signature designated regardless of who affixed the actual or purported facsimile signature thereon, or by what means the facsimile signature thereon may have been affixed thereto, if such facsimile signature resembles the facsimile specimen from time to time filed with the Bank.

(RESOLUTIONS CONTINUED ON REVERSE SIDE)

 Send to: Document Storage (NC 8538)

CONFIDENTIAL

C011426

Jan-12-05 15:55 From-FIRST UNION CMG 2036183802 T-381 P 04/04 F-051

ADDITIONAL RESOLUTIONS
(Continued from reverse side hereof)

I, finally, certify that the following are the persons who now are managers or hold the memberships, authorizations and/or positions referred to in the first RESOLUTION above and that their bonafide signatures are set forth below:

| (Name) | (Title) | (Signature) |
|---|---|---|
| X Cameron Winklevoss | X Member | X [signature] |
| Tyler Winklevoss | Member | [signature] |
| Howard Winklevoss | Manager | [signature] |
| Maria [illegible] | Manager | [signature] |

IN WITNESS WHEREOF, I have hereunto subscribed my name and seal, this 13th day of January, year 2004.

[signature] (SEAL) Y
(Manager/Member/Authorized Person)

(3) RESOLVED FURTHER, that the Bank be and hereby is authorized to honor, receive, certify, or pay all of the instruments or evidences of indebtedness, checks, drafts, and other items enumerated or described in the foregoing Resolutions, even though drawn or endorsed to bearer or to the order of any individual, or any manager, member, authorized person, position-holder or employee signing the same or tendered by him for cashing, or for payment of the individual obligation(s) of such manager, member, authorized person, position-holder or employee, or for deposit to his personal account; and said Bank shall not be expected, required or under any obligation to inquire as to the circumstances of the issuance or use of any document or item signed or endorsed in accordance with the foregoing Resolutions, or the application or disposition of such document(s) or item(s) or the proceeds thereof; and

(4) RESOLVED FURTHER, that the present holders of the offices and/or positions of this LLC, and their (or his) successors in office or position, designated in paragraph 1. of the foregoing Resolutions be, and they (or he) hereby are (or is) authorized on behalf of, in the name of and for the account of this LLC upon such terms and conditions as such representative(s) may deem desirable, to negotiate, enter into and perform contractual agreements with Bank, for the provision of cash management and related services, including if applicable, borrowing or guarantee arrangements, and further to enter into such other business transactions related to said cash management services of any nature or kind with said Bank as such representative(s) may deem appropriate or desirable. Without affecting the generality of any other Resolution, the foregoing authorization shall not be limited to the designated holders of the offices and/or positions, but may be extended to such additional individuals who are specified by name and title as employees of this LLC as being so authorized according to the terms and provisions set forth in any letter, form or other written notice signed by any officer or representative of this LLC identified in paragraph 1. of the foregoing Resolutions, and delivered to the Bank for the purposes therein expressed; and

(5) RESOLVED FURTHER, that the manager, member or authorized person of this LLC, shall furnish said Bank a certified copy of these Resolutions and the Bank is hereby authorized to deal with the above named or described managers, members authorized persons, position-holders and/or employees under the authority of these Resolutions, unless and until it shall be expressly notified in writing to the contrary by this LLC; and

(6) RESOLVED FURTHER, that the LLC a manager, member or authorized person of this LLC shall, from time to time hereafter, as changes in the personnel of said management, memberships, authorizations or positions of this LLC named or described in the foregoing Resolutions are made, immediately certify such changes to said Bank. Said bank shall be fully protected in relying upon such certifications of a manager, member or authorized person, and shall be indemnified and saved harmless from any claims, demands, expenses, losses and/or damages resulting from, or growing out of, honoring the signature of any manager(s), member(s), authorized person(s) or position-holder(s) so certified, or refusing to honor any signature not so certified which is not described or stated in the foregoing Resolutions; and

(7) RESOLVED FURTHER, that the manager, member or authorized person of this LLC is authorized and directed to certify to said Bank that the foregoing Resolutions were duly adopted and that the provisions thereof are in full conformity with the Articles of Organization and Operating Agreement of this LLC; and

(8) RESOLVED FURTHER, that all transactions by any manager(s), member(s), authorized person(s), or Position-holder(s) of this LLC, on its behalf and in its name with the Bank prior to the delivery of a certified copy of the foregoing Resolutions, are, in all respects, hereby ratified, confirmed, and adopted, nunc pro tunc.

CONFIDENTIAL