**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>                    Defendants.<br>MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>                    Counterclaimants,<br><br>    v.<br><br>CONNECTU LLC,<br><br>                    Counterdefendant,<br><br>    and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

**CONNECTU'S OBJECTIONS TO CLERK'S AUTHORITY TO TAX COSTS, AND
OPPOSITION TO TAXATION OF COSTS**

**I.    28 U.S.C. § 1919 Is Controlling**

THE CLERK HAS NO AUTHORITY TO TAX COSTS IN THIS SITUATION, WHICH IS COVERED EXCLUSIVELY BY 28 U.S.C. § 1919, NOT FED. R. CIV. P. 54(d)(1). *Ericsson GE Mobile Comm. v. Motorola Comm. & Elecs.*, 179 F.R.D. 328, 330 (N.D. Ala. 1998). Any such taxation must be vacated. *Id.*

The Bill of Costs identifies 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) in the "Notice" section (Dkt. 291 at pg. 2). However, neither of those authorities is applicable in this situation. Rule 54(d)(1) provides in pertinent part: "**Except when express provision therefor is made either in a statute of the United States** or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party…" (emphasis added). 28 U.S.C. § 1919 expressly controls the taxation of costs upon dismissal for lack of jurisdiction. It provides as follows:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Section 1919 on the one hand, and § 1920 and Rule 54(d) on the other, are mutually exclusive. Because this case was dismissed for lack of jurisdiction, § 1919 controls. *Ericsson GE Mobile*, 179 F.R.D. at 330. Section "1919 elbows aside both § 1920 and Rule 54(d)(1). . . Why is § 1919 controlling? Simply because this case was dismissed for lack of jurisdiction. Section 1919 was expressly and specifically designed to cover such a situation. " *Id* at 330-31.

Even if Fed. R. Civ. P. 54(d)(1) applied here, which it does not, Defendants are not "prevailing parties" under that rule. There are no prevailing parties in a case dismissed for lack of subject matter jurisdiction. *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (also, 28 U.S.C. § 1919 governs such cases). Moreover, the U.S. Supreme Court has squarely ruled that for a party to be a prevailing party under Rule 54(d)(1), there must be a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 605 (2001). There is no such material alteration here. This case was refiled about two and a half hours after it was dismissed, in the same Court, and has been assigned to the same judge (Civ. No. 1:07-cv-10593 (DPW)). The Court ordered that the new case pick up where this case left off and proceed promptly to trial (March 28, 2007

2

electronic Order). On April 11, 2007, ConnectU filed in the new case its "Notice of Motions filed by Plaintiff ConnectU Requiring Resolution," to carry over discovery motions and related items, like the Stipulated Protective Order, from this case to the new case. The only difference in the dispute between the parties and their legal relationship today, as compared to the day before this case was dismissed, is the docket number on the pleadings. *See Miles*, 320 F.3d at 989.

This distinction is important because while Rule 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." , § 1919 instead states that the court "may order the payment of just costs" when a jurisdictional dismissal occurs. It has also been noted that unlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party. *Miles,* 320 F.3d at 988 n.2 (9th Cir. 2003); *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998).

**II.     It Would Not Be Just To Award Costs In This Case**

Defendants have offered no justification whatsoever for their Bill of Costs. This alone should preclude them from receiving any costs. *Larkin v. McCann*, 368 F. Supp. 1352, 1354 (E. D. Wis. 1974) (denying costs where plaintiff failed to present any argument or authorities showing his entitlement thereto).

Moreover, it would not be just to award costs to Defendants. As stated in Section I, *supra*, the Court has discretion to tax costs under 28 U.S.C. § 1919. *Larkin,* 368 F. Supp. at 1352. There is no presumption that costs should be awarded. *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27 (E.D. Wisc. 1996). "Absent exigent circumstances, it does not serve justice to tax costs of discovery subsequent to dismissal for lack of subject matter jurisdiction." *Id.* at 28, citing *Signorile v. Quaker Oats Co.*, 499 F.2d 142, 145 (7th Cir. 1974).

Under 28 U.S.C. § 1919, the totality of the circumstances should be considered. *Ericsson*, 179 F.R.D. at 334. As the *Ericsson* court observed:

> This leaves only one question to be decided: What, if any, are defendants' "just costs" to be taxed by the court against EGE in this highly unique case?
>
> The word "justice" is an elongation of the word "just." "Justice" and "fairness" have a close kinship. Thus, the sole question before the court in this case can be restated simply as "What is fair here?" In convoluted fashion, the question can be framed as "Would 'justice' be served by taxing all of two defendants' very sizeable litigation costs against a plaintiff simply because the trial court was found never to have had jurisdiction in the first place, even though plaintiff won a pyrrhic victory on the merits, and even though the ultimate, appellate-ordered dismissal was necessarily 'without prejudice' so that plaintiff can still file suit in a court of competent jurisdiction, where all parties would be able to use all of the discovery materials obtained during their abortive expedition through federal court, including an interlocutory trip to the Supreme Court of Alabama for answers to important certified questions?"

*Id.* at 331.

Here, awarding costs would not be just because the first action was dismissed without prejudice, the new action is the continuation of this action, all parties can use all discovery materials from this case in the new case, *id*. at 331, ConnectU's claims were and are far from frivolous, *id.* at 334, Defendants have made no showing of hardship or prejudice, *Edward W. Gillen Co.*, 166 F.R.D. at 28, and there is no evidence of culpable delay, *id*. Additionally, an award of costs under § 1919 is inappropriate where parties to a case are in active litigation. *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1342 (10th Cir. 1998); *Tankship Int'l, LLC, v. El Paso Merchant Energy-Petroleum Co.*, Civil No. 3:04cv753 (JBA), 2006 U.S. Dist. LEXIS 60467, *3 (D. Conn. July 25, 2006).

In this case, the March 2, 2007 Report & Recommendation that led to dismissal was based entirely on *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006), which was decided long after this case was filed. Costs should not be awarded where a post-filing change in the law leads to a jurisdictional dismissal. *Larkin*, 368 F. Supp. 1352. The

issues surrounding subject matter jurisdiction were complex, as evidenced by the 21 briefs submitted by the parties and the two Court-ordered hearings. Plaintiff had plausible grounds for asserting diversity jurisdiction and acted in a reasonable manner. *Hygienics Direct Co. v. Medline Indus.*, 33 Fed. Appx. 621, 626 (3d Cir. 2002) (finding that because Hygienics had "plausible grounds for asserting the existence of federal jurisdiction" and did not act in a "vexatious or frivolous" manner, the award of costs would not be "just"); *Bollig v. Christian Cmty. Homes & Servs.*, 02-C-532-C, 2003 U.S. Dist. LEXIS 24715, *11 (W.D. Wis. Oct. 7, 2003) (award of costs under § 1919 only appropriate if there is no justification for plaintiffs' pursuit of their case). For all of the reasons stated above, it would not be just to award costs in this case.

### III.    Defendants' Costs Will Carry Over and/or Are Too Vague to Assess

Defendants' Bill of Costs is divided into the following seven categories:

1.    "Fees of the Clerk": These fees are for pro hac vice admissions. Such admissions should carry over to the new case, as in *Arrow International v. Spire Biomedical Inc.*, 443 F.Supp. 2d 182 (D.Mass. 2006)(Woodlock, Douglas).

2.    "Fees for Service of Summons and Subpoena": Ten of the entries do not specify the witness who was "personally served," so ConnectU cannot assess these costs. In any event, any discovery conducted by Defendants in this case can be used in the new case, so none of these costs has been wasted.

3.    "Fees of the Court Reporter": Again, eighteen of the entries do not specify the witness and therefore cannot be assessed. ConnectU also cannot assess the four entries for "Subpoena Telephone" and the two entries for "Subpoena Travel Expenses, Local." But again, all discovery can be carried over to the new case, so none of these costs has been wasted.

5

4.  "Fees and Disbursements for Printing and Imaging of Electronic Data":  All documents copied for this case can be used in the new case.

5.  "Fees for Exemplification":  Such documents can also be used in the new case.

6.  "Docket Fees":  These are Pacer service fees.  They presumably allowed Facebook, Inc.'s local counsel to access Pacer.  Such fees were not wasted.  Any work or information developed in this case can be used in the new case.

7.  "Other costs":  These costs, which are for unspecified "data base searches," unexplained "miscellaneous," and unspecified "outside services," are not identified with sufficient particularity that ConnectU can assess them.  In any event, any work Defendants did for this case can be used in the new case.

### IV.    ConnectU Will Object To The Specific Costs Sought Upon Their Entry

Because of Defendants' mistaken belief that Rule 54(d)(1) controls, and the one-day notice period of that rule, ConnectU has had very little time to prepare this response.  Should the Court be inclined to award costs under 28 U.S.C. § 1919, ConnectU requests the opportunity to prepare more detailed objections to such costs, and further requests the Court to order that Defendants be required to provide more detail before ConnectU is required to do so.  Alternatively, if the Clerk taxes costs under Rule 54(d)(1), ConnectU will object within five days after entry, as provided by Fed. R. Civ. P. 54(d)(1).

Dated: April 12, 2007                                    Respectfully submitted,


                                                 /s/ Daniel P. Tighe
                                               Daniel P. Tighe (BBO# 556583)
                                               Scott McConchie (BBO# 634127)
                                               GRIESINGER, TIGHE, & MAFFEI, L.L.P.
                                               Boston, MA 02110
                                               Telephone: (617) 603-0918
                                               Facsimile:  (617) 542-0900
                                               dtighe@gtmllp.com
                                               smcconchie@gtmllp.com

                                               Of Counsel:
                                               John F. Hornick
                                               Margaret A. Esquenet
                                               Meredith H. Schoenfeld
                                               FINNEGAN, HENDERSON, FARABOW,
                                                    GARRETT & DUNNER, L.L.P.
                                               901 New York Avenue, N.W.
                                               Washington, D.C. 20001
                                               Tel: (202) 408-4000
                                               Fax: (202) 408-4400

                                               Attorneys for Plaintiff
                                               ConnectU LLC


## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2007.

                                               /s/ Daniel P. Tighe
                                               Daniel P. Tighe (BBO# 556583)