IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>        Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>        Additional Counterdefendants. | |

**CORRECTED DEFENDANTS' RESPONSE TO CONNECTU'S OBJECTIONS TO CLERK'S AUTHORITY TO TAX COSTS, AND OPPOSITION TO TAXATION OF COSTS**

**I.     INTRODUCTION**

Despite Plaintiff ConnectU's repeated promise to refile this case if the Court dismissed it, ConnectU spent nearly 18 months fighting Defendants' Motion to Dismiss while insisting on pursuing all other discovery.  As a result, the Defendants were forced to incur extraordinary costs associated with hundreds of pages of briefing, two evidentiary hearings lasting several days, 10 days of depositions and hundreds of pages of documents, and dozens of exhibits.  All of this cost could have been avoided had ConnectU done what it promised and refiled when it first said it could.

After all of the expense had been incurred, Magistrate Judge Collings issued a Report and Recommendation finding that ConnectU failed to meet its burden showing that diversity jurisdiction existed in this matter.  The Court adopted the Report and Recommendation and entered and Order of Dismissal on March 28, 2007.  As a result, and in accordance with 28 U.S.C. § 1919, Defendants seek reimbursement of the costs permitted by statute.

Defendants' costs are just and reasonable, as evidenced by the several hundred pages of background filed with its Bill of Costs.  Defendants respectfully request that this Court order costs against ConnectU accordingly.

**II.    ARGUMENT**

   **A.    Defendants Do Not Dispute that 28 U.S.C. §1919 Is Controlling.**

Based on the Court's March 28 Order of Dismissal, Defendants filed, on April 11, 2007, a Bill of Costs, an Itemization of Costs in Support of Defendants' Bill of Costs, and a Declaration of I. Neel Chatterjee with over 400 pages of detailed documentation in support thereof pursuant to 28 U.S.C. §1919. Docket Nos. 291 and 292.

ConnectU objects to the contents of the "Notice" on Defendants' Bill of Costs. *ConnectU's Objections to Clerk's Authority to Tax Costs, and Opposition to Taxation of Costs,*

2.  The form Defendants used, "Form AO 133 (Rev 8/06) Bill of Costs," can be found on the U.S. Courts' website (http://www.uscourts.gov/forms/uscforms.cfm). For the Clerk's convenience, Defendants used this form and completed the requisite information specific to its costs. The references to 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d) in the "Notice" section are pre-printed. Regardless of the form used, the parties agree that costs are available to Defendants pursuant to 28 U.S.C. §1919, and, as a result, ConnectU's objection to the preprinted "Notice" should be rejected.

Defendants' Bill of Costs was structured pursuant to the standards enumerated in 28 U.S.C. §1920. Although §1919 and §1920 are mutually exclusive, the standards applied under §1920 are helpful in determining "just costs" under §1919. *Calcitrate*, 139 F.3d at 1339; *Ericsson GE Mobile Comm. v. Motorola Comm. & Elecs.*, 179 F.R.D. 328, (N.D. Ala. 1998). Defendants used the accepted standards provided by §1920 to calculate its costs.

Although ConnectU does not raise the issue in its Objections, the Itemization of Costs and the Declaration of Neel Chatterjee inadvertently referred to 28 U.S.C. §1920 *et seq*. instead of §1919, *et seq*. Upon discovering its mistake, Defendants immediately filed an errata to correct its typographical error. *See Errata Re: Defendants' Bill of Costs; Corrected Itemization of Costs in Supp. of Defs.' Bill of Costs; and Corrected Decl. of I. Neel Chatterjee in Supp. of Defs.' Bill of Costs*. Docket No. 294-296.

As ConnectU's objections demonstrate, it is well aware of the statutory basis for Defendants' Bill of Costs. Accordingly, its objections to any reference to 28 U.S.C. § 1920 should be rejected.

**B.    The Costs that Defendants Seek are Just**

    **1.    Defendants Have A Statutory Basis to Seek Costs Pursuant to 28 U.S.C. §1919**

Despite ConnectU's arguments to the contrary, Defendants are statutorily permitted to seek costs "[w]henever any action or suit is dismissed in any district court …for want of jurisdiction." 28 U.S.C. § 1919. This is exactly what occurred here. Courts addressing this issue have routinely awarded costs following dismissal for lack of diversity jurisdiction. *See e.g., Calcitrate v. Farmland Indus., Inc.*, 139 F.3d 1336 (10th Cir. 1998) ("In so far as the costs award is found below on remand to pertain to costs that were directed to obtaining the dismissal for lack of diversity jurisdiction, the judge in his discretion may award those costs..."); *Tankship In'l, LLC v. El Paso Merchant Energy-Petroleum Co.*, 2006 U.S. Dist. Lexis 60467, *4 (2006) ("Defendant…may recover only the portion of the costs...that were directed to obtaining the dismissal of the action for lack of ...jurisdiction." *citing Calcitrate*, 139 F.3d at 1342)); *Bollig v. Christian Cmty. Homes & Servs.*, 2003 U.S. Dist. LEXIS 24715, *11 (D. Wis. 2003)("[A]n award of costs under § 1919 is appropriate if there is no justification for plaintiffs' pursuit of their case."). Defendants have the statutory right to seek its costs related to the dismissal of ConnectU's case.

ConnectU's citation to *Larkin v. McCann*, 368 F. Supp. 1352 (E.D. Wis. 1974) is inapplicable. In *Larkin*, plaintiff moved for a declaratory judgment, permanent injunction, and for costs. The court denied the plaintiff's request for cost because, plaintiff failed to provide any authority whatsoever in his moving papers. It is apparent from the court's discussion that plaintiff neglected to cite <u>any</u> authority because the court could only speculate on the applicability of Fed. R. Civ. P. 54(d) or 28 U.S.C. §1919 to plaintiff's request for costs. Ultimately, it held that since plaintiff did not provide any indication whatsoever, it denied costs

on that basis. *Id.* at 1354.

### 2. ConnectU's Arguments that Defendants' Cost Are Not Just are Unsupported by Authority

ConnectU argues that costs under §1919 are inappropriate where parties to the case are in active litigation. ConnectU misstates the law. In fact, the cases cited by ConnectU provide that despite the parties' involvement in active litigation, just costs for the dismissed case may be sought if they relate to the subject matter jurisdiction disputes. See *Calcitrate, Inc.*, 139 F.3d 1336, 1342; *Tankship In'l, LLC,* 2006 U.S. Dist. Lexis 60467, *4. Because Defendants' costs are all related to litigating the issue of subject matter jurisdiction, this Court may grant such costs.

ConnectU also argues that costs should not be awarded where a post-filing change lead to jurisdictional dismissal. ConnectU provides no legitimate authority on this point. ConnectU's sole authority for this proposition, *Larkin,* 368 F. Supp. 1352, denies costs because plaintiff failed to identify any authority showing his entitlement to such costs and not because of a "post filing change leading to jurisdictional dismissal" as ConnectU contends.

ConnectU also argues that Defendants made no showing of hardship or prejudice to support a justification to seek costs. The law requires no such showing. Nevertheless, the Court need look no further than to Defendants' Bill of Costs to find the substantial prejudice Defendants have suffered. Defendants have incurred over $238,000 in litigation costs solely related to the motion to dismiss. Throughout the litigation, ConnectU repeatedly asserted that it could and would re-file a complaint if the case were dismissed. After numerous briefings, depositions and discovery related to jurisdictional issues, two evidentiary hearings, and the dismissal of their action, ConnectU re-filed within two hours of the matter being dismissed. ConnectU was in the best position to prevent the prejudice of the extraordinary costs incurred by

the parties.

    **C.    Defendants Costs Will Not Carry Over**

ConnectU argues that Defendants should not be entitled to its costs because, the activity resulting in the costs (such as discovery) can be "carried over" into the new litigation. On the contrary, all of the costs Defendants seek relate to this Court's exercise of jurisdiction over the Defendants in the "old case." Specifically, Defendants incurred costs related to two evidentiary hearings — one related to citizenship and the other to membership. Neither of these hearings would have occurred but for the lack of diversity jurisdiction in this matter. In order to prepare for these hearings, Defendants deposed at least 10 witnesses, including ConnectU's accountant (who prepared the taxes indicating that Mr. Narendra was a member of ConnectU), an office manager of a separate business entity (who provided documentation and assistance to the accountant), and Mr. Narendra's parents (who communicated with the accountant and the IRS about Mr. Narendra's status in ConnectU, LLC). None of these depositions would have been necessary if Defendants were not forced to demonstrate that ConnectU could not meet its burden to show diversity existed. These events will not, under any circumstance, occur in the new case.

Furthermore, ConnectU, Inc., is a new plaintiff, and diversity jurisdiction involving a corporation is determined under a different standard from that of an LLC (such as the previous plaintiff, ConnectU, LLC). As such, the costs associated with the evidentiary hearings and depositions should not carry over to the new case. For these reasons, Defendants' copying costs, which also are included in Defendants' Bill of Costs, are contemplated by 28 U.S.C. § 1919. The costs associated with the Court's conclusion that this matter be dismissed should not carry over into new litigation. Indeed, ConnectU provides no authority for the proposition that such a "carry over" is appropriate or that the statute contemplates such a conclusion.

ConnectU's request in this regard must be rejected.

### D. Defendants Provided Ample Evidence to Assess the Validity of Their Costs

ConnectU argues that the costs sought are too vague to assess and asks the Court to order Defendants "to provide more detail." Defendants provided a Bill of Costs, supported by a Corrected Itemization of Costs that includes information on the invoice entry, number and date, the payment source and the costs for each category. Defendants also provided over 400 pages of detailed documentation substantiating the costs sought. With all due respect, how much more detail does ConnectU need? Defendants believe that it has provided sufficient documentation to substantiate its Bill of Costs pursuant to 28 U.S.C. §1919 for anyone, including ConnecU, to make a proper assessment as to the validity of the costs.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order ConnectU to pay Defendants' just costs pursuant to 28 U.S.C. §1919.

OHS West:260213949.1

Dated:  April 13, 2007 Respectfully submitted,

       /s/ Theresa A. Sutton /s/
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Theresa A. Sutton*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:      (617) 526-9899

ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and FACEBOOK, INC.

* Admitted Pro Hac Vice

-8-

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 13, 2007.

Dated:  April 13, 2007.                              Respectfully submitted,

                                                                       /s/ Theresa A. Sutton
                                                                           Name of Attorney

OHS West:260213949.1