**From:** Cooper, Monte [mailto:mcooper@orrick.com]
**Sent:** Friday, April 06, 2007 6:35 PM
**To:** Mosko, Scott
**Cc:** Chatterjee, I. Neel; Guy, Hopkins; Sutton, Theresa A.; Greer, Yvonne; Bose, Subroto
**Subject:** RE: Conference Today

Scott:

I do not have sufficient time to address all of the reasons I believe your own characterization set forth below is in error. However, recognizing that you have made requests for authority and/or support for the statements in my earlier email, I provide the following responses to each of your points as a courtesy:

(1) The seminal case on the effect of existing Court Orders in removed actions is *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974). Under that case and its progeny, Orders entered in state court actions, including denials of demurrers, are law of the case and generally continue in force after removal. It is sufficient to note that ConnectU did not even inform the Court anywhere in its Motion to Dismiss of the earlier denial of its demurrer aimed at the Penal Code Section 502(c) and the misappropriation claims, or attempt to explain why the earlier denial should not remain law of the case. You state that "case law supports the motion to dismiss"; to the extent you are referring to case law permitting the denial of the demurrer to be re-heard, your own logic is applicable that "[y]our failure to cite any case law proves the inaccuracy of [the] statement." I would therefore now challenge you to provide your own un-expressed authority.

(2) There is a wealth of authority that discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of facts is necessary. *See, e.g., Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Emag Solutions LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006). Indeed, as Judge Hamilton recently ruled, it is not even required that plaintiff provide a *prima facie* case of personal jurisdiction before it can obtain jurisdictional discovery. *Emag Solutions LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2. Moreover, it has been held to be an abuse of discretion to deny to deny jurisdictional discovery where allegations of discovery exist. *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 1415, 425 (D.C. Cir. 1992).

(3) I did not "overlook" that the parties are now in Federal Court, and as Neel already has

pointed out sarcasm advances nothing in the meet-and-confer process. The point of my third issue was to underscore one way that ConnectU has deliberately tried to slow the discovery process -- and which we believe should be remedied immediately by Magistrate Judge Seeborg holding an early CMC and permitting discovery to proceed again under the applicable rules. Moreover, all discovery orders entered by courts enforcing the subpoenas and/or Judge Manoukian remain in force for the same reason as set out in point one. Either way, though, the real issue is that there is no reason to wait to June to resume the discovery process that already was well under way in California -- especially since ConnectU already has answered the complaint.

(4) The continuances of the original and October CMCs were specifically at ConnectU's request, because in each instance you cited deaths in the family. Facebook requested a trial setting conference at least three times, and Judge Murphy expressed that the April 25 CMC would address that issue. ConnectU objected every time to the trial setting conference, and removed before Judge Murphy could act on the latest request. The other continuances you reference occurred first so that jurisdictional discovery that ConnectU sought to avoid could be completed, and then at least twice due to admitted scheduling issues -- including once by Judge Elfving's own action. I do not view our concern re unwarranted delay as "sour grapes." Again, our current purpose is simply to call to Magistrate Judge Seeborg's earliest attention that when the State court proceedings are viewed in context, it is clear the case can and should immediately be set for trial.

(5) Neel already has pointed out the fallacy of your argument that you have no knowledge or "involvement" in the Massachusetts case. It is apparent from John Hornick's familiarity with the present action, and your own characterization of the pleadings in your email, that all attorneys at Finnegan are quite familiar with each case. I would note, however, that you do not deny that the accuracy of the statements made in open court by Divya Narendra relating to his failure to read any of the discovery requests notwithstanding signing them under penalty of perjury, relying instead on answers that you provided. At a minimum Facebook may act on those facts and others to seek to have the parties dismissed in the state action added as Defendants to this action again, inasmuch as it is clear their prior California testimony is heavily tainted by misconduct.

---

**From:** Mosko, Scott [mailto:scott.mosko@finnegan.com]
**Sent:** Friday, April 06, 2007 3:25 PM
**To:** Cooper, Monte
**Subject:** RE: Conference Today

Monte,

Your interpretation is quite inaccurate. While I am pressed for time, and cannot fully respond to your list, I would be happy to explain to you in detail why your conclusions are illogical are wrong at some convenient time. Simply however, here are just a few reasons why you are wrong: 1: Case law supports the motion to dismiss; 2: Your failure to cite any case law proves the inaccuracy of your statement. If you have law, send it to me; 3: The subpoenas and other matters issued in the state court were objectionable, and the various third parties so objected. Now that we are in federal court, the Federal Rules of Civil Procedure govern. You apparently overlooked this; 4: Most of the continuances of the CMCs in the state court were as a result of Facebook's activities or requests. Moreover, if the court did not believe continuances were warranted, I suspect it would not have granted them. This beef sounds like sour grapes to me because the strategy you employed did not work; 5: I have no involvement with the Boston case and have no comment, other than the entire motion to dismiss process seems to be much ado about nothing. As I understand it, that case is now on track, after the court denied Facebook's request to dismiss with prejudice.

Scott R. Mosko

Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California  94304-1203
PH: 650-849-6672
FAX: 650-849-6666
EMAIL: scott.mosko@finnegan.com

---

**From:** Cooper, Monte [mailto:mcooper@orrick.com]
**Sent:** Friday, April 06, 2007 2:28 PM
**To:** Mosko, Scott
**Cc:** Sutton, Theresa A.; Greer, Yvonne; Bose, Subroto; Chatterjee, I. Neel; Guy, Hopkins
**Subject:** RE: Conference Today

Scott:

Neel is not available this afternoon.  However, I can advise you of several reasons Facebook believes that ConenctU's actions are deliberately dilatory and warrant the relief previously described by me.  To wit:

(1) ConnectU has already answered the original complaint alleging violations of Penal Code 502(c) and common law misappropriation, having unsuccessfully demurred on both counts.  Nonetheless, without ever advising Magistrate Judge Seeborg that Judge Elfving denied identical relief on June 2, 2006 (resulting in ConnectU filing its existing Answer), ConnectU now has moved pursuant to Rule 12(b)(6) to dismiss both claims again.

(2) Pacific Northwest Software's and Winston Williams' position that they will not permit jurisdictional discovery even though they have submitted Declarations is contrary to established law, and clearly designed solely to delay the matter by forcing unnecessary motion practice.

(3) At the time the action was removed by ConnectU, there were several depositions of witnesses pending, not to mention motions to compel and written discovery.  That was, of course, because ConnectU had answered and the Court had previously refused to stay the matter.  However, as a result of removal, many of the witnesses which also are represented by Finnegan have refused to proceed with the scheduled depositions or respond to the subpoenas, on the ostensible basis that removal stayed all discovery until the motions are resolved.  ConnectU also has not agreed to follow through with its promises to produce discovery it had warranted was forthcoming prior to removal, and has even complained where witnesses have indicated they want to voluntarily comply with the earlier subpoenas.

(4) ConnectU moved to continue CMCs in the State Court at least three times not counting the latest vacating of the CMC due to removal, unsuccessfully moved to stay the proceedings, and opposed every attempt to set a trial setting conference.  Moreover, it has unreasonably claimed only you can appear at any deposition or hearing, and repeatedly has used that excuse to put off deposition dates and hearing dates, notwithstanding that several other Finnegan attorneys have made appearances in the Boston action and as counsel for third party witnesses in the present action.

(5) Perhaps most disturbing, in the Boston action the ConnectU founders and Howard Winklevoss attempted to recant every position they previously had taken re membership in the State Court action beginning 10 days after Judge Elfving entered his June 2, 2006 Order, in a failed attempt to manufacture diversity jurisdiction. As part of that effort, Divya Narendra ultimately responded to John Hornick's own

questioning by admitting that he never even read the Form Interrogatories that he supposedly answered under oath and were integral to plaintiff's jurisdictional discovery in this action, and instead relied on your answers instead. This left even the Judge incredulous. *See* 10/25/06 Hearing Tr. at 79:21-80:21.

These are just some of the actions and incidents to which Neel is referring, and wholly support Facebook's proposed relief of expediting the proceedings.